UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHAO CHEN, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE GEO GROUP, INC., a Florida corporation,<br><br>Defendant. | No.<br><br>CLASS ACTION COMPLAINT FOR DAMAGES |

## I.  NATURE OF ACTION

1.1.   Plaintiff brings this class action on behalf of all civil immigration detainees who performed work for The GEO Group, Inc. ("GEO") at its Northwest Detention Center ("NWDC") in Tacoma, Washington at any time during the three years prior to the filing of this complaint and thereafter.

1.2.   Plaintiff seeks to recover wages under the Washington Minimum Wage Act ("MWA"), RCW 49.46, *et seq.*, as well as other damages allowable under state law, for the wages that GEO denied him and the class he represents.

## II. JURISDICTION AND VENUE

2.1. This Court has jurisdiction of Plaintiff's claims pursuant to 28 U.S.C. § 1332(d). The class that Plaintiff proposes to represent includes more than 100 members, one or more members of the putative class are citizens of a foreign state or a different State than Defendant, and the amount in controversy in the matter exceeds the sum of $5,000,000.

2.2. Venue is proper in this district because all or a substantial part of the relevant acts and omissions alleged herein took place in Pierce County in the Western District of Washington.

## III. PARTIES

3.1. Plaintiff Chao Chen resides in Renton, Washington, and was detained at NWDC in Tacoma, Washington, from October 2014 until February 2016. Mr. Chen is a citizen of the People's Republic of China, but has been a lawful permanent resident of the United States since the 1980s.

3.2. Defendant GEO is a for-profit corporation incorporated under the laws of Florida and transacting business in Pierce County, Washington. GEO is an employer under the MWA.

## IV. FACTUAL ALLEGATIONS

4.1. GEO is a for-profit corporation providing correctional, detention, and community reentry services. GEO's 2016 revenues were over $2 billion, and its stock is publicly traded on the New York Stock Exchange.

4.2. Since 2005, GEO has owned and operated NWDC, which is a 1,500 bed immigration detention facility in Tacoma, Washington.

4.3. GEO contracts with the U.S. Immigration and Customs Enforcement ("ICE") for the detention of adult civil detainees, who are awaiting resolution of various immigration matters. GEO's contract with ICE requires GEO to comply with state and local laws.

4.4. Rather than hire from the local workforce, GEO relies upon captive detainee workers to clean, maintain, and operate NWDC.

4.5. GEO's NWDC Detainee Handbook describes detainee work assignments as including kitchen and laundry work, as well as recreation/library/barber and janitorial services. The Handbook refers to these various tasks as "work" and a "job," and references "wages earned" by detainee "workers."

4.6. The detainee workers are "employees," and GEO is an "employer" under Washington's minimum wage laws. GEO employed and continues to employ the detainee workers by engaging, suffering, or permitting them to work on its behalf.

4.7. For all of the labor they perform, GEO pays each detainee worker only $1 per day, regardless of the number of hours they worked.

4.8. In some cases, GEO does not pay detainee workers at all, compensating them instead with more and better food than the facility's standard fare.

4.9. GEO does not pay and has not paid detainee workers the state minimum wage for the hours they worked at NWDC.

4.10. Plaintiff has performed work for GEO at NWDC and has not been paid the state minimum wage for the work he has performed.

4.11. The current hourly minimum wage in Washington is $11 per hour.

4.12. GEO's pay policies violate Washington minimum wage laws.

## V. CLASS ALLEGATIONS

5.1. Plaintiff seeks to represent all civil immigration detainees who perform or have performed work for GEO at NWDC at any time during the three years prior to the filing of this complaint and thereafter.

5.2. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(a) and (b)(3).

5.3. Pursuant to Rule 23(a)(1), the class as described is so numerous it is impracticable to join all of the class members as named Plaintiffs.

5.4. Pursuant to Rule 23(a)(2), there are common questions of law and fact including, but not limited to, whether (a) GEO is an "employer" under the MWA, (b) the detainee workers are "employees" under the MWA, and (c) whether GEO violated the MWA by failing to pay detainee workers the statutory minimum wage.

5.5. Pursuant to Rule 23(a)(3), the named Plaintiff's claims are typical of the claims of all class members and of GEO's anticipated defenses to their claims.

5.6. The named Plaintiff will fairly and adequately protect the interests of the class as required by Rule 23(a)(4).

5.7. Pursuant to Rule 23(b)(3), class certification is appropriate here because questions of law or fact common to members of the class predominate over any questions affecting only individual members and because a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## VI. LEGAL CLAIM

### VIOLATION OF THE WASHINGTON MINIMUM WAGE ACT

6.1. Plaintiff and the proposed class members are "employees" under

RCW 49.46.010(3).

6.2. Defendant is an "employer" within the meaning of RCW 49.46.010(4).

6.3. Defendant's practice of paying subminimum wages to Plaintiff and the proposed class members violates RCW 49.46.020.

6.4. Plaintiff and the proposed class have been harmed by Defendant's practice of paying subminimum wages, and they are entitled to damages in amounts to be proven at trial.

## VII. RELIEF REQUESTED

In light of the above, Plaintiff prays that the Court grant him the following relief:

1. Certify this case as a class action;

2. Damages for lost wages in amounts to be proven at trial;

3. Attorneys' fees and costs pursuant to RCW 49.46.090 and RCW 49.48.030;

4. Prejudgment interest; and

5. Such other relief as is just and proper.

DATED this 26th day of September, 2017.

SCHROETER GOLDMARK & BENDER

s/ *Jamal N. Whitehead*

Adam J. Berger, WSBA #20714
Lindsay L. Halm, WSBA #37141
Jamal N. Whitehead, WSBA #39818
810 Third Avenue, Suite 500
Seattle, WA 98104
Tel: (206) 622-8000
Fax: (206) 682-2305
berger@sgb-law.com
halm@sgb-law.com
whitehead@sgb-law.com

THE LAW OFFICE OF R. ANDREW FREE

*/s Andrew Free*

Andrew Free (*Pro Hac Vice application to be filed*)
PO Box 90568
Nashville, TN 37209
Tel: (844) 321-3221
Fax: (615) 829-8959
andrew@immigrantcivilrights.com

SUNBIRD LAW, PLLC

*/s Devin T. Theriot-Orr*

Devin T. Theriot-Orr, WSBA # 33995
1001 Fourth Avenue, Suite 3200
Seattle, WA  98154-1003
Tel: (206) 962-5052
Fax: (206) 681-9663
devin@sunbird.law

*Attorneys for Plaintiff*