1
2
3
4
5
6
7

The Honorable Robert J. Bryan

8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

11
12
13
14
15
16

CHAO CHEN, individually and on behalf
of all those similarly situated,

                          Plaintiff,

                    v.

THE GEO GROUP, INC.,

                          Defendant.

Case No: 3:17-cv-05769-RJB

**GEO'S ANSWER**

17
18
19
20
21
22
23
24
25

THE GEO GROUP, INC.,

                    Counterplaintiff,

                    v.

CHAO CHEN, individually and on behalf
of all those similarly situated,

                    Counterdefendants.

Case No: 3:17-cv-05769-RJB

**GEO'S COUNTERCLAIMS**

26
27
28

CHAO CHEN V.  GEO GROUP
ECF CASE NO. 3:17-cv-05769-RJB
GEO'S ANSWER AND COUNTERCLAIMS

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

The GEO Group, Inc. ("GEO") answers the Class Action Complaint for Damages (the "Complaint," Doc. 1) as follows:

1.1     Paragraph 1.1 of the Complaint states plaintiff's understanding of the nature of the action rather than alleging any facts to admit or deny.  Paragraph 1.1 is denied to the extent Paragraph 1.1 alleges any facts.  Civil immigration detainees who participate in the Voluntary Work Program are not employed by GEO, and they have no basis to claim minimum wage payments individually or as a class.

1.2     Paragraph 1.2 states plaintiff's understanding of the nature of the action rather than alleging any facts to admit or deny.  Paragraph 1.2 is denied to the extent Paragraph 1.2 alleges any facts.  Washington's Minimum Wage Act ("MWA") does not establish an employment relationship between detainees and GEO.  Voluntary Work Program participants choose self-care tasks like meal preparation, basic housekeeping chores, and grooming that eliminate idle time while in detention.  The Voluntary Work Program operates in the secured environment of the detention facility, which is administered pursuant to federal detention standards.  Competitive employment opportunities covered by the Minimum Wage Act serve no purpose in this environment and conflict with federal immigration and detention policies.  Washington excludes its own detainees from the definition of "employee" under the MWA.  Federal immigration detainees similarly have no right to claim competitive wages while detained at government expense.

2.1     Paragraph 2.1 alleges that federal court has diversity jurisdiction over this case based on allegations of plaintiff's and GEO's citizenship.  However, GEO has no basis to affirm or deny the factual averments regarding jurisdiction under the Class Action Fairness Act, 28 U.S.C. §

CHAO CHEN V. GEO GROUP
ECF CASE NO. 3:17-cv-05769-RJB
GEO'S ANSWER AND COUNTERCLAIMS - 1

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

1332(d), and therefore denies them.

2.2      Paragraph 2.2 is admitted to the extent that if the Court has jurisdiction, venue is proper in Tacoma.  Any remaining factual averments of paragraph 2.2 are denied.

3.1      Paragraph 3.1 is admitted with regard to the fact that ICE detained Chao Chen at the NWDC for a period of time.  GEO is without sufficient information to admit or deny Mr. Chen's residence in Renton, WA, his foreign citizenship, or any of the other facts pled in paragraph 3.1 of his complaint.  All facts not expressly admitted are denied.

3.2      Paragraph 3.2 is admitted to the extent that GEO is a corporation with a principal place of business in Florida and that it transacts business in Tacoma, Pierce County, Washington.  GEO denies that it is an employer under the MWA with respect to detainees housed at NWDC.  All other facts not expressly admitted are denied.

4.1      Paragraph 4.1 is admitted in so far as GEO is a publicly traded corporation that is listed on the New York Stock Exchange that provides correctional, detention, and other services for profit.  All other facts not expressly admitted are denied.

4.2      Paragraph 4.2 is admitted in that GEO operates the NWDC in Tacoma, Washington subject to federal controls.  GEO operates the NWDC to enable ICE to meet its immigration processing needs to include approximately 1,500 beds.  All other facts not expressly admitted are denied.

4.3      Paragraph 4.3 is admitted in that ICE contracts with GEO to operate the NWDC where immigrants who are undocumented—the majority of whom have criminal histories—await deportation or other resolution of their immigration status.  The contract obligates GEO to comply with applicable laws.  All other facts not expressly admitted are denied.

CHAO CHEN V. GEO GROUP
ECF CASE NO. 3:17-cv-05769-RJB
GEO'S ANSWER AND COUNTERCLAIMS - 2

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

4.4     Paragraph 4.4 is denied.

4.5     Paragraph 4.5 is admitted to the extent the detainee handbook speaks for itself. Paragraph 4.5 is otherwise denied.

4.6     Paragraph 4.6 is denied.

4.7     Paragraph 4.7 is admitted in that detainees who choose to participate in the federally mandated Voluntary Work Program receive a $1 allowance for each day of participation regardless of tasks performed, work accomplished, or duration of participation.   The $1 allowance per detainee is paid by GEO to detainees, but GEO is reimbursed for the payments from federal funds.  Paragraph 4.7 is otherwise denied.

4.8     Paragraph 4.8 is denied.

4.9     Paragraph 4.9 is admitted in that detainees who participate in the Voluntary Work Program are not employed by GEO, and GEO does not compensate any detainee as if the detainee were employed by GEO and/or entitled to a minimum wage.  Paragraph 4.9 is otherwise denied.

4.10    Paragraph 4.10 is admitted in that plaintiff was not employed by GEO and was not compensated by GEO as if he had been employed.  Plaintiff was a convicted felon released from Washington's Department of Corrections within ten years of his participation in the Voluntary Work Program.  He did not qualify for employment with GEO.  He did not qualify to participate in any Voluntary Work Program activities except those limited activities related to upkeep within his high security unit.   Paragraph 4.10 is denied in that neither plaintiff nor putative class members "performed work for GEO at NWDC," and is otherwise denied.

4.11    Paragraph 4.11 is admitted to the extent that the 2017 state rate for work covered by the

CHAO CHEN V. GEO GROUP
ECF CASE NO. 3:17-cv-05769-RJB
GEO'S ANSWER AND COUNTERCLAIMS - 3

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

1   MWA was $11.00 per hour.  Paragraph 4.11 is otherwise denied.

2   4.12   Paragraph 4.12 is denied.

3
    5.1   Paragraph 5.1 is denied to the extent it makes any factual averments.
4
    5.2   Paragraph 5.2 is denied.
5
6   5.3   Paragraph 5.3 is denied.

7   5.4   Paragraph 5.4 is denied.

8   5.5   Paragraph 5.5 is denied.
9
    5.6   Paragraph 5.6 is denied.
10
11  5.7   Paragraph 5.7 is denied.

12  6.1   Paragraph 6.1 is denied.

13  6.2   Paragraph 6.2 is denied.

14
    6.3   Paragraph 6.3 is denied.
15
16  6.4   Paragraph 6.4 is denied.

17  7.0   To the extent plaintiff's prayer for relief avers any facts, the prayer for relief is denied in

18  its entirety.

19                          <u>AFFIRMATIVE DEFENSES</u>
20
21  8.1   Plaintiff has failed to state a claim for which relief may be granted.

22  8.2   Plaintiff seeks relief barred by the statute of limitations.

23  8.3   Plaintiff's claim is pre-empted by federal law.

24
    8.4   Plaintiff has unreasonably delayed in requesting relief, and his lack of diligence and
25
26  activity in stating or making a legal claim—to the prejudice of GEO—means his claim is barred

27  by the affirmative defense of laches.

28  CHAO CHEN V. GEO GROUP                          III BRANCHES LAW, PLLC
    ECF CASE NO. 3:17-cv-05769-RJB                         Joan K. Mell
    GEO'S ANSWER AND COUNTERCLAIMS - 4             1019 Regents Blvd. Ste. 204
                                                           Fircrest, WA 98466
                                                           253-566-2510 ph
                                                       joan@3brancheslaw.com

8.5     Plaintiff waived his claims when he (and/or putative class members) freely elected to participate in the Voluntary Work Program.

8.6     Plaintiff has failed to join parties that should be joined under Federal Rule of Civil Procedure 19, including the Department of Homeland Security and ICE.

8.7     Plaintiff's requested relief violates the law, and is otherwise impossible to attain in conformance with the law. Neither plaintiff nor putative class members have a legal right to work at minimum wage rates because none has sought approval from ICE for employment with GEO, and none are qualified to work for GEO under ICE's contract terms.

8.8     Plaintiff's claim is not ripe.

8.9     Plaintiff's claim is not justiciable.

8.10    Plaintiff has unclean hands.

8.11    Plaintiff failed to exhaust administrative remedies before filing suit.

8.12    Class certification is improper because plaintiff cannot prove that certification is warranted.

8.13    Plaintiff is not entitled to attorney's fees or costs.

8.14    GEO is entitled to an offset from any award to plaintiff and/or putative class members of payment for unpaid minimum wages, for costs incurred in caring for the plaintiffs who participated in the Voluntary Work Program and for the costs of operating the Voluntary Work Program.

GEO requests that plaintiffs take nothing by way of their Complaint and that judgment be entered in favor of GEO.

## COUNTERCLAIMS

CHAO CHEN V. GEO GROUP
ECF CASE NO. 3:17-cv-05769-RJB
GEO'S ANSWER AND COUNTERCLAIMS - 5

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

JURISDICTION

9.1     The court has jurisdiction over the parties and subject matter of these proceedings to the extent it has jurisdiction over plaintiff's claim.

9.2     Jurisdiction is grounded in diversity pursuant to 28 § U.S.C. 1332.   Counterplaintiff resides at its principal place of business in Boca Raton, FL.   Counterdefendant is Chao Chen, who alleges that he is a resident of the State of Washington.   The amount in controversy on the counter claims exceeds $75,000.00.

PARTIES

(Counterclaimant)

10.1    GEO is a corporation with a principal place of business in Boca Raton, FL.   GEO is responsible for operating the NWDC for the exclusive use and benefit of ICE, under terms set out in the contracts between GEO and ICE, applicable regulations and detention facility standards, and the laws of the United States.

10.2    GEO is the defendant named in plaintiff's complaint.

(Counterdefendant)

10.3    Plaintiff Chao Chen is the counterdefendant.   He was formerly detained at NWDC, and during that time received material support in the form of food, clothes, lodging, medicine, medical services, and other services provided by GEO and paid for by the federal government through ICE's contract with GEO.

10.4    Prior to his detention at NWDC, plaintiff was convicted of felony assault against a former girlfriend.   As a result of this conviction, plaintiff was incarcerated in a facility operated by Washington's Department of Corrections.

CHAO CHEN V. GEO GROUP
ECF CASE NO. 3:17-cv-05769-RJB
GEO'S ANSWER AND COUNTERCLAIMS - 6

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

10.5    Plaintiff did not a earn minimum wage for tasks he performed while incarcerated. Further, any monies he did earn while incarcerated with Washington's Department of Corrections included deductions or withholding for legal financial obligations and other offsets authorized under state law.   These authorized withholdings offset some of the costs of his incarceration.

10.6    Plaintiff was released from the Department of Corrections and transferred to the NWDC where he was detained and classified as high risk.   While at NWDC, plaintiff was subject to a final order of removal—owing to his violent crimes—which revoked his status as a permanent legal resident.

CAUSES OF ACTION

Unjust Enrichment

11.1    As required by its contract with ICE, GEO operates the Voluntary Work Program at NWDC, which is intended to offset the cost of detention to taxpayers and to reduce detainees' idle time.   The Voluntary Work Program does not, and is not intended to, create an employer/employee relationship between GEO and detainees housed at NWDC.

11.2    Because the program is purely voluntary, detainees are not required to participate.

11.3    Further, because the program is intended to promote institutional maintenance and reduce detainee idleness, it includes none of the traditional performance metrics of a standard job. Consequently, GEO does not require detainees to file job applications, accept any such applications from non-detainees, or require detainees to prove their work eligibility as required by federal law.   Similarly, GEO does not evaluate or rate detainee performance, or discipline or fire detainees for slow performance.   GEO has no capacity to deny a detainee participation in the

CHAO CHEN V. GEO GROUP
ECF CASE NO. 3:17-cv-05769-RJB
GEO'S ANSWER AND COUNTERCLAIMS - 7

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

1  program at-will.

2  11.4   Also as required by its contract with ICE, GEO provides basic necessities to all detainees

3  housed at NWDC, which necessities include food, shelter, clothing, bedding, recreation, and

4

5  entertainment.  Detainees do not pay GEO or the federal government for these services.

6  11.5   Plaintiff—like all putative class members—was not required by GEO to participate in the

7  Voluntary Work Program.

8  11.6   Plaintiff—similar to all putative class members—was detained by ICE in the NWDC at

9

10 all times relevant to this counterclaim and participated in the Voluntary Work Program.  Such

11 participation was purely voluntary:   GEO did not coerce plaintiff—or any putative class

12 member—to participate.

13 11.7   Plaintiff—similar to all putative class members—did not file a formal job application, did

14 not compete with non-detainees for participation in the Voluntary Work Program, and did not

15

16 file papers showing his work eligibility as required for employment under federal law.  Indeed,

17 plaintiff could not have filed any such papers because he—similar to all putative class

18 members—was not eligible to work at the time he was detained at NWDC.

19 11.8   Plaintiff's performance in the Voluntary Work Program was not evaluated.  Owing to his

20

21 conviction for violent crimes, plaintiff was not eligible to perform any tasks outside his housing

22 unit.  Plaintiff never participated in the Voluntary Work Program in excess of eight hours per

23 day, nor did he participate forty hours per week.  In fact, Plaintiff's participation in the Voluntary

24 Work Program was of short duration—under three hours a day—when he chose to participate.

25

26 Plaintiff's work performance and efficiency were not evaluated or tracked, and plaintiff was in

27 no danger of losing his job for underperformance.

28

CHAO CHEN V. GEO GROUP                                    III BRANCHES LAW, PLLC
ECF CASE NO. 3:17-cv-05769-RJB                                     Joan K. Mell
GEO'S ANSWER AND COUNTERCLAIMS - 8                        1019 Regents Blvd. Ste. 204
                                                            Fircrest, WA 98466
                                                            253-566-2510 ph
                                                            joan@3brancheslaw.com

11.9    Plaintiff's participation—similar to all putative class members' participation—in the Voluntary Work Program was temporary and dependent upon his continued detention.  He could not participate after his detention ceased.

11.10   During his detention at NWDC, plaintiff—similar to all putative class members— understood that he was not employed by GEO.  Plaintiff chose to participate in the Voluntary Work Program even though he knew he would receive no more than $1.00 per day regardless of the level of his participation.  Plaintiff had, and could have had, no reasonable expectation that he was entitled to $11.00 per hour for the tasks he performed.

11.11   Plaintiff—similar to all putative class members—also did not pay GEO or the federal government for the food, shelter, clothing, bedding, recreation, or entertainment provided.

11.12   Plaintiff and any putative class members would unjustly benefit from the receipt of wage payments under the MWA at rates in excess of $1.00 for participation in the Voluntary Work Program if plaintiff—and any putative class members—were not required to offset such payments with the costs and expenses associated with their care while detained.  GEO incurred costs and expenses caring for plaintiff and other detainees in excess of $11.00 per hour for all the tasks performed or time spent by plaintiff or putative class members when participating in the Voluntary Work Program.  By contrast, GEO's actual employees—who were paid $11.00 per hour or more—resided outside the NWDC and did not receive the goods and services provided to NWDC detainees at no cost.

11.13   The amount GEO is paid by ICE under the contract is fixed by the terms of the contract and cannot be modified without ICE's approval.  Therefore, any requirement that GEO pay detainees in excess of what GEO was reimbursed by ICE under the relevant contracts at the time

CHAO CHEN V. GEO GROUP
ECF CASE NO. 3:17-cv-05769-RJB
GEO'S ANSWER AND COUNTERCLAIMS - 9

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

the minimum wage was allegedly due creates an unjust enrichment of plaintiff and/or putative class members.  Such a payment would effectively increase GEO's burden for complying with its current contracts by unilaterally adding an entirely new service to that contract:  employment of detainees at minimum wages even though employees' living expenses are already being paid by GEO out of its contract payments from ICE.

11.14   In the event plaintiff and/or any class members prevail on their theory that the MWA applies to detention programs like the Voluntary Work Program at the NWDC, GEO is equitably entitled to recover its costs and expenses associated with operating the Voluntary Work Program and caring for plaintiff and any putative class member.

<u>Declaratory Relief – 28 U.S.C. § 2201</u>

12.1     At all times relevant to these proceedings, GEO operated a Voluntary Work Program at the NWDC as required by its contract with ICE.  That Voluntary Work Program was, and is, subject to federal detention standards.

12.2     The Voluntary Work Program at the NWDC is critical to the safe and secure operations of the facility. Specifically, the Voluntary Work Program reduces idle time for detainees and promotes institutional efficiency, just as similar programs in Washington's own facilities do.

12.3     Pursuant to an express authorization from Congress that ICE may authorize allowances to immigration detainees for work performed while detained, ICE authorized an allowance of $1.00 per day for each Voluntary Work Program participant and reimbursed GEO at that rate under its contract.

12.4     ICE must authorize any increase in the reimbursement rate of $1.00 per day as expressed in the ICE/GEO contract for the NWDC.   Without an ICE approved increase in the

CHAO CHEN V. GEO GROUP
ECF CASE NO. 3:17-cv-05769-RJB
GEO'S ANSWER AND COUNTERCLAIMS - 10

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

1   reimbursement rate, GEO may not pay detainees in excess of $1.00 per day for participation in
2   the Voluntary Work Program at the NWDC.

3   12.5    ICE also prohibits GEO from employing any detainees.   ICE must clear any GEO
4   employee via a background check performed by ICE.   ICE also requires GEO to immediately
5
6   suspend any employee found to have a history of arrests.

7   12.6    Plaintiff and any putative class members were participants in the Voluntary Work
8   Program at the NWDC.
9
10  12.7    Plaintiff and any putative class members were not authorized by ICE or the
11  administrative courts to work for GEO.

12  12.8    Plaintiff initiated this lawsuit, claiming the MWA applies to him and a putative class,
13  when it does not.  This matter presents an actual controversy that can be finally resolved by the
14
15  court.

16  12.9    GEO has incurred attorney's fees and other costs defending against the application of the
17  MWA to ICE detainees.

18  12.10   Detainees at the NWDC are in federal custody and housed at a facility operated under a
19
20  contract with a federal agency, ICE.  The Federal Labor Standards Act ("FLSA") is a federal law
21  that provides minimum wage protections in certain employment relationships.

22  12.11    Ample judicial authority holds that federal immigration detainees are not employed and
23  are not "employees" under the FLSA for minimum wages purposes, because detainees perform
24
25  work for institutional maintenance, not compensation.  Detainees participating in the Voluntary
26  Work Program do not participate in commerce and do not depend on a wage job for basic
27  necessities, because those basic necessities, such as food, clothing, shelter and medical care are

28
CHAO CHEN V. GEO GROUP                                    III BRANCHES LAW, PLLC
ECF CASE NO. 3:17-cv-05769-RJB                                   Joan K. Mell
GEO'S ANSWER AND COUNTERCLAIMS - 11                        1019 Regents Blvd. Ste. 204
                                                               Fircrest, WA 98466
                                                               253-566-2510 ph
                                                             joan@3brancheslaw.com

1  provided to them at taxpayer expense.

2  12.12    The Court should declare that there is no employment relationship between GEO and

3  detainees who participate in the Voluntary Work Program.   Further, plaintiff is not an

4  "employee," and GEO is not an "employer" with respect to Voluntary Work Program

5  participation, and therefore the FLSA's and MWA's minimum wage protections do not apply to

6  plaintiff or any putative class member.   The FLSA is persuasive authority in interpreting the

7  MWA, and therefore this matter presents an actual controversy that can be finally resolved by the

8  court.

9

10       GEO prays for the following affirmative relief:

11

12  1.    For an order enjoining plaintiffs from claiming the MWA applies to them;

13  2.    For an order declaring the MWA inapplicable to ICE detainees at the NWDC;

14  3.    For an order declaring the FLSA inapplicable to ICE detainees at the NWDC;

15

16  4.    For a declaration that GEO has no employment relationship with any detainees who

17        participate in the Voluntary Work Program, including no relationship that requires

18        payment of a minimum wage;

19

20  5.    For an order awarding GEO all costs and expenses incurred in providing for plaintiff

21        and/or other putative class members care, including, but not limited to, meals,

22        clothing, toiletries, room and board;

23

24  6.    For an award of attorney's fee and costs;

25  7.    For other and further relief as the court deems just and equitable.

26

27

28  CHAO CHEN V. GEO GROUP                                    III BRANCHES LAW, PLLC
    ECF CASE NO. 3:17-cv-05769-RJB                                    Joan K. Mell
    GEO'S ANSWER AND COUNTERCLAIMS - 12                    1019 Regents Blvd. Ste. 204
                                                                Fircrest, WA 98466
                                                                 253-566-2510 ph
                                                              joan@3brancheslaw.com

| | |
|---|---|
| 1 | Dated:     December 20, 2017 |
| 2 | |

**III BRANCHES LAW, PLLC**

By: _____
Joan K. Mell, WSBA #21319
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 (p)
281-664-4643 (f)
joan@3brancheslaw.com

**NORTON ROSE FULBRIGHT US LLP**
Charles A. Deacon
300 Convent St.
San Antonio, Texas 78205
Telephone: (210) 270-7133
Facsimile:  (210) 270-7205
charlie.deacon@nortonrosefulbright.com

**NORTON ROSE FULBRIGHT US LLP**
Mark Emery
799 9th Street NW, Suite 1000
Washington, DC  20001-4501
Telephone: (202) 662-0210
Facsimile: (202) 662-4643
mark.emery@nortonrosefulbright.com

**ATTORNEYS FOR DEFENDANT AND COUNTERCLAIMANT THE GEO GROUP, INC.**

CHAO CHEN V. GEO GROUP
ECF CASE NO. 3:17-cv-05769-RJB
GEO'S ANSWER AND COUNTERCLAIMS - 13

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

**CERTIFICATE OF SERVICE**

I, Joseph Fonseca, hereby certify as follows:

I am over the age of 18, a resident of Pierce County, and not a party to the above action. On December 20, 2017, I electronically filed the above GEO'S Answer and Counterclaims, with the Clerk of the Court using the CM/ECF system and served via Email to the following:

| | |
|---|---|
| Schroeter, Goldmark & Bender | The Law Office of R. Andrew Free |
| Adam J. Berger, WSBA No. 20714 | Andrew Free |
| Lindsay L. Halm, wSBA No. 37141 | P.O. Box 90568 |
| Jamal N. Whitehead, WSBA No. 39818 | Nashville, TN 37209 |
| 810 Third Avenue, Suite 500 | andrew@immigrationcivilrights.com |
| Seattle, WA 98104 | |
| berger@sgb-law.com | |
| halm@sgb-law.com | |
| whitehead@sgb-law.com | |
| | |
| Sunbird Law, PLLC | Norton Rose Fulbright US LLP |
| Devin Theriot-Orr | Charles A. Deacon (Pro Hac Vice) |
| 1001 Fourth Avenue, Suite 3200 | 300 Convent St. |
| Seattle, WA 98154 | San Antonio, TX 78205 |
| devin@sunbird.law | charlie.deacon@nortonrosefulbright.com |

Norton Rose Fulbright US LLP
Mark Emery (Pro Hac Vice)
799 9th St. NW, Suite 1000
Washington, DC 20001-4501
(202)-662-0210
mark.emery@nortonrosefulbright.com

I certify under penalty of perjury under the laws of the State of Washington that the above information is true and correct.

DATED this 20th day of December, 2017 at Fircrest, Washington.

Joseph Fonseca, Paralegal

CHAO CHEN V. GEO GROUP
ECF CASE NO. 3:17-cv-05769-RJB
GEO'S ANSWER AND COUNTERCLAIMS - 14

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com