The Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHAO CHEN, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE GEO GROUP, INC., a Florida corporation,<br><br>Defendant. | No. 17-cv-05769-RJB<br><br>JOINT STATUS REPORT AND DISCOVERY PLAN |

Plaintiff Chao Chen and Defendant The GEO Group, Inc., by and through their undersigned counsel of record, submit this Joint Status Report pursuant to the Court's Order dated September 28, 2017. Dkt. No. 4.

1. Nature and Complexity of the Case.

Plaintiff's Statement of the Case:  This is a putative class action arising out of Defendant's failure to pay civil immigration detainees who perform work for Defendant the minimum wage under Washington law. Plaintiff seeks to certify a class under Fed. R. Civ. P. 23 to recover wages under the Washington Minimum Wage Act ("MWA"), RCW 49.46, et seq., as well as other damages allowable

under state law, for the wages that Defendant denied him and the class he represents. Defendant filed a motion to dismiss, which was denied. GEO answered the complaint on December 20, 2017. GEO's counterclaim against Plaintiff Chen constitutes unlawful retaliation under Washington's Minimum Wage Act and forms the basis of a separate claim against the corporation that will be timely added to this litigation. The legal and factual issues in dispute are of moderate complexity given the multi-factor test for employment status under the MWA, the size of the putative class, the transient nature of some of the potential class members, the interplay between state and federal law and actors, and related discovery issues.

GEO's Statement of the Case:

Chao Chen a former Department of Homeland Security – Immigration and Custom's Enforcement detainee at the North West Detention Center claims Washington's Minimum Wage Act should apply to him for the hours he and the class he claims should be certified participated in the Voluntary Work Program. GEO denies his claims asserting jurisdictional and multiple other defenses raised in GEO's Answer and Counterclaims to include federal preemption that are incorporated by reference into this JSR. The court issued an early ruling on GEO's motion to dismiss the complaint that advises "the conflict/obstacle preemption issues may become ripe at summary judgment." The United States is a required party that must be joined. Plaintiff may not certify any class as the requirements for class certification do not exist. GEO seeks an order dismissing the complaint in its entirety. GEO further counterclaims against plaintiff and any

putative class members for declaratory relief to the effect that detainees have no minimum wage entitlements under either the Fair Labor Standards Act or Washington's Minimum Wage Act just like Washington's detainees have no such entitlements. Additionally, GEO asserts an unjust enrichment counterclaim for offsets to any wages claimed to be owed for the costs of caring for the detainees and for operating the Voluntary Work Program.

2. <u>Proposed Deadline for Joining Additional Parties</u>. From Plaintiff's perspective, no additional defendants will be joined. Plaintiff relies upon the fact that GEO has filed an Answer and Counter-Claim without naming ICE as a party to demonstrate the corporation itself does not believe the federal agency to be indispensable. Because this case is being pursued as a class action, the deadline for joinder of additional plaintiffs and absent class members will depend on whether and when a class is certified. If a class is not certified, Plaintiff requests a deadline of 30 days before the discovery cutoff to join or add additional plaintiffs. From GEO's perspective plaintiff must join the United States because it is a required party, and further anticipates early on a motion to dismiss because plaintiff refuses to join the United States. The court should not certify any class. A joinder deadline thirty days prior to the discovery cutoff is acceptable to GEO.

3. <u>Magistrate Judge</u>. No.

4. <u>Proposed Discovery Plan.</u>

   (A)   <u>Initial Disclosure</u>. Initial disclosures were exchanged pursuant to Fed. R. Civ. P 26(a)(1) and the Court's initial scheduling order on December 20, 2017. Counsel for the parties held a Rule 26(f) status

conference on December 13, 2017.

(B) <u>Subjects, timing, and potential phasing of discovery</u>. The parties anticipate conducting discovery regarding all matters raised in the pleadings, including written discovery requests and depositions. Plaintiff anticipates that the principal topics for discovery will include the following: (a) the work performed, hours worked, and payments made to Plaintiff and putative class members during the proposed class period; (b) the control exercised over class member labor by Defendant, and other elements of the test for employee status under the MWA; (c) damages to which Plaintiff and putative class members would be entitled if liability is established; and (d) whether the MWA conflicts with federal immigration law or frustrates federal immigration purposes and objectives. Plaintiff does not anticipate the need to phase discovery, but GEO has reserved the right to seek a phasing order as the litigation progresses. GEO may seek to limit duplication of depositions by plaintiff Chen and Washington State in the corollary case of ECF 3:17-cv-05806-RJB.  GEO anticipates discovery applicable to all defenses pled and the counterclaims asserted.  GEO expects to discover plaintiff's immigration file to show that plaintiff or any putative class member may not work legally, plaintiff's corrections file and any putative class members' criminal history records to show plaintiff and putative class members were not eligible to work for GEO, plaintiff's tax returns and other records that

are inconsistent with plaintiff's or putative class members' claims to have a working relationship with GEO, e-mails and other digital data regarding the motivations for filing this lawsuit that are in conflict with any expectation of a working relationship with GEO, and documentation regarding the costs of the compensation plaintiff received. The parties agree that the discovery cut-off should be 90 days before trial, but that the expert disclosure deadline be at least 60 days before the discovery cutoff, with the deadline for rebuttal expert disclosures following 30 days thereafter.

(C) <u>Electronically stored information</u>. Plaintiff intends to seek discovery of electronically stored information, including detainee headcount and location information, surveillance footage, payroll records, detainee commissary records, emails, and other potentially relevant electronically stored information. The parties will conduct ESI discovery in accordance with the Court's model ESI agreement, as modified, to the extent necessary.

(D) <u>Privilege issues</u>. Currently, the parties dispute whether pricing information contained within Defendant's contract with U.S. Immigration and Customs Enforcement ("ICE") should be made available as part of the public record for this case. The Court has previously stated that this issue is not yet ripe, but Plaintiff anticipates this issue will result in motions practice. GEO anticipates varied privilege issues grounded in privacy and the fact that ICE controls the

information, including detainee files. GEO will demonstrate it has varied contractual limitations that will require court intervention to resolve if ICE is not made a party to this litigation. The parties do not anticipate any other privilege issues at this time but will address any as they arise. The parties generally agree, however, to redact privileged information from discovery and produce a privilege log covering any information redacted or withheld under claim of privilege. Issues of privilege may be further addressed by way of a stipulated confidentiality agreement and/or protective order between the parties.

(E) <u>Proposed limitations on Discovery</u>. GEO has *Touhy* issues that necessitate ICE involvement prior to disclosure of information specific to detainees. Plaintiff will argue *Touhy* does not apply to allow GEO to unilaterally limit production of discoverable information. *See Menocal v. GEO Group, Inc.*, No. 14-cv-02887-JLK, 2017 WL 4334000 (D. Colo. Jun. 6, 2017) (denying GEO's motion for protective order based on Touhy, granting Plaintiffs' Motion to Compel, and imposing sanctions on GEO). The parties do not currently seek any discovery limits beyond those imposed by the Local and Federal Rules.

(F) <u>Discovery orders</u>. GEO contends it will require entry of a protective order and the involvement of ICE to comply with discovery.

5. The parties' views, proposals, and agreements on all items set forth in Local Civil Rule 26(f)(1):

(A) <u>Prompt Case Resolution</u>. Plaintiff agrees to work in good faith towards

this goal. Given the implication of plaintiff's claims of first impression that conflict with federal standards and the ICE contract, GEO believes that amicable resolution short of trial is not possible.

 (B) <u>Alternative Dispute Resolution</u>. Plaintiff believes that mediation should be conducted in accordance with LCR 39.1, and held 30 days before the dispositive motion deadline. GEO asserts that plaintiff presents a case of first impression that conflicts with federal labor standards and the ICE contract, which precludes any possibility of alternative dispute resolution.

 (C) <u>Related Cases</u>. *Washington v. The GEO Group, Inc.,* No. 17-cv-05806-RJB (W.D. Wash.); *Menocal v. The GEO Group, Inc.*, No. 14-cv-02887-JLK; *Novoa v. The GEO Group, Inc.,* No. 17-cv-02514 (C.D. Cal.); *Figgs v. The GEO Group, Inc.*, No. 33C01-1712-CT-0000052 (Henry Cty. Cir. Ct., Ind.)

 (D) <u>Discovery Management</u>. The parties agree to cooperate in good faith during discovery, to use best efforts to comply with discovery requests, and to act reasonably in propounding discovery.

 (E) <u>Anticipated Discovery Sought</u>. The parties anticipate the need for written discovery, depositions, and other discovery, as described more fully above in Section 4(B) above.

 (F) <u>Phasing Motions on Potentially Dispositive Issues</u>. Plaintiff believes that class certification will be the early focus of discovery and motions practice, and that dispositive motions will follow soon thereafter.

>       Defendant reserves the right to seek a phasing motion of some kind in the future.
>
> (G) <u>Preservation of Discoverable Information</u>. The parties have discussed the need to preserve any potentially discoverable information and have agreed to preserve it. Counsel have informed their respective clients that related discoverable information must be preserved.
>
> (H) <u>Privilege Issues</u>. The parties will work cooperatively in conducting discovery and resolving issues of privilege before seeking court intervention.
>
> (I) <u>Model Protocol for Discovery of ESI</u>. The parties will adhere to the Model Protocol, as modified, to the extent necessary.
>
> (J) <u>Alternatives to Model Protocol</u>. None.

6. <u>The date by which discovery can be completed</u>. The parties propose that the discovery cut-off in this case be 90 days before trial, but that the expert disclosure deadline be 60 days before the discovery cutoff, with rebuttal expert disclosures following 30 days thereafter.

7. <u>Bifurcation</u>. No.

8. <u>Pretrial Statements and Pretrial Orders</u>. At this time, the parties believe the pretrial statements and pretrial order called for by Local Civil Rules 16(e), (h), (i), and (l), and 16.1 should be required. These pretrial requirements may, however, be modified to address efficiently the key information that should be disclosed before trial.

9. <u>Other suggestions for simplifying the case</u>. None.

10. <u>The date the case will be ready for trial</u>. Plaintiff proposes a trial date in

January 2019. Defendant will not be ready for trial until April 2019.

11. <u>Whether the trial will be jury or non-jury trial</u>. Defendant has requested a jury trial.

12. <u>Number of trial days</u>. Three weeks.

13. <u>Names, addresses, and telephone numbers of all trial counsel</u>.

Plaintiff's Counsel:

    Adam J. Berger
    Lindsay L. Halm
    Jamal N. Whitehead
    Schroeter Goldmark & Bender
    810 Third Ave, Ste. 500
    Seattle, WA 98104
    Tel: (206) 622-8000
    berger@sgb-law.com
    halm@sgb-law.com
    whitehead@sgb-law

    R. Andrew Free
    Law Office of R. Andrew Free
    PO Box 90568
    Nashville, TN 37209
    Tel: (844) 321-3221
    Fax: (615) 829-8959
    andrew@immigrantcivilrights.com

    Devin T. Theriot-Orr
    Sunbird Law, PLLC
    1001 4th Avenue, Suite 3200
    Seattle, WA 98154
    Tel: (206) 962-5052
    Fax: (206) 681-9663
    devin@sunbird.law

Defense Counsel:

    Joan K. Mell
    III Branches Law, PLLC
    1019 Regents Blvd. Ste. 204
    Fircrest, WA 98466
    Tel: (253) 566-2510

Fax: (281) 664-4643
joan@3brancheslaw.com

Charles A. Deacon
NORTON ROSE FULBRIGHT US LLP
300 Convent St.
San Antonio, Texas 78205
Tel: (210) 270-7133
Fax: (210) 270-7205
charlie.deacon@nortonrosefulbright.com

Mark Emery
NORTON ROSE FULBRIGHT US LLP
799 9th Street NW, Suite 1000
Washington, DC 20001-4501
Tel: (202) 662-0210
Fax: (202) 662-4643
mark.emery@nortonrosefulbright.com

14. <u>The dates on which trial counsel may have complications to be considered in setting a trial date.</u>

<u>Plaintiff's Counsel</u>: Counsel presently has no scheduled conflicts..

<u>Defense Counsel</u>: Counsel is presently scheduled to be in trial on the following dates:

- April 29, 2019.

15. <u>Service</u>. Defendant waived service of the summons and complaint. Dkt. No. 18.

16. <u>Scheduling Conference</u>. No.

17. <u>Filing Dates for Corporate Disclosure Statements</u>. GEO filed its corporate disclosure statement on 12/19/17.

18. <u>Electronic Service.</u> Counsel for the parties agree to accept service by electronic means, provided that documents other than those filed with the court, will be deemed served on the next business day if received after 5:00 p.m.

DATED this 28th day of December, 2017.

| | |
|---|---|
| SCHROETER GOLDMARK & BENDER | III BRANCHES LAW, PLLC |
| *s/ Jamal N. Whitehead*<br>Adam J. Berger, WSBA #20714<br>Lindsay L. Halm, WSBA #37141<br>Jamal N. Whitehead, WSBA #39818<br>810 Third Avenue, Suite 500<br>Seattle, WA 98104<br>Tel: (206) 622-8000<br>berger@sgb-law.com<br>halm@sgb-law.com<br>whitehead@sgb-law.com | *s/ Joan K. Mell*<br>Joan K. Mell<br>1019 Regents Blvd. Ste. 204<br>Fircrest, WA 98466<br>Tel: (253) 566-2510<br>Fax: (281) 664-4643<br>joan@3brancheslaw.com |
| *s/ R. Andrew Free*<br>R. Andrew Free (*Pro Hac Vice*)<br>THE LAW OFFICE OF R. ANDREW FREE<br>PO Box 90568<br>Nashville, TN 37209<br>Tel: (844) 321-3221<br>Fax: (615) 829-8959<br>andrew@immigrantcivilrights.com | Charles A. Deacon<br>NORTON ROSE FULBRIGHT US LLP<br>300 Convent St.<br>San Antonio, Texas 78205<br>Tel: (210) 270-7133<br>Fax: (210) 270-7205<br>charlie.deacon@nortonrosefulbright.com |
| Devin T. Theriot-Orr, WSBA # 33995<br>SUNBIRD LAW, PLLC<br>1001 Fourth Avenue, Suite 3200<br>Seattle, WA 98154-1003<br>Tel: (206) 962-5052<br>Fax: (206) 681-9663<br>devin@sunbird.law | Mark Emery<br>NORTON ROSE FULBRIGHT US LLP<br>799 9th Street NW, Suite 1000<br>Washington, DC 20001-4501<br>Tel: (202) 662-0210<br>Fax: (202) 662-4643<br>mark.emery@nortonrosefulbright.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |