The Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHAO CHEN, individually and on behalf of all those similarly situated,

Plaintiff,

v.

THE GEO GROUP, INC., a Florida corporation,

Defendant.

No. 17-cv-05769-RJB

PLAINTIFF'S MOTION TO DISMISS OR STRIKE DEFENDANT'S COUNTERCLAIMS AND AFFIRMATIVE DEFENSES

Note on Motion Calendar: February 2, 2018

Oral Argument Requested

## I.   INTRODUCTION

Defendant misapprehends the meaning of the timeworn adage that "the best defense is a good offense" by asserting two counterclaims and a host of affirmative defenses in response to Plaintiff's lawsuit. These counterclaims and affirmative defenses are not well pleaded and should be dismissed or stricken for the reasons discussed below.

## II.   STATEMENT OF FACTS

Plaintiff Chao Chen filed a complaint seeking money damages, individually and on behalf of others similarly situated, against Defendant The GEO Group, Inc. ("GEO" or "Defendant") for its failure to pay civil immigration detainees the Washington State minimum wage for work performed at the Northwest Detention Center ("NWDC"). Dkt. No.

1 ("Compl."). GEO moved to dismiss the complaint under Rule 12(b)(6) for failure to state a claim, but this Court denied its motion—in its entirety—in an order dated December 6, 2017. Dkt. No. 28. Now, GEO asserts two counterclaims and a number of affirmative defenses in response to Mr. Chen's complaint. Dkt. No. 33 ("Countercl."). The factual allegations made in GEO's counterclaims are discussed in the context of the argument below.[1]

### III.   ARGUMENT

### A.   STANDARD OF REVIEW.

Rule 12(b)(6) provides the vehicle for dismissal of a complaint, or in this case, a counterclaim, for failure to state a claim upon which relief can be granted. *Seismic Reservoir 2020, Inc. v. Paulsson,* 785 F.3d 330, 335 (9th Cir. 2015). When deciding a Rule 12(b)(6) motion, courts assume the truth of the facts asserted in the counterclaim and draw all reasonable inferences from those facts in favor of the counterclaim-plaintiff. *See Keniston v. Roberts*, 717 F.2d 1295, 1298 (9th Cir. 1983). A court is not required, however, to accept "conclusory statements" made by the counterclaim-plaintiff as true, nor do "legal conclusion[s] couched as factual allegation[s]" merit such deference. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, "a [counterclaim] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the [counterclaim-]plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

[1] GEO's counterclaims are rife with factual misstatements, which Plaintiff disputes and will address as the litigation progresses. However, resolution of these factual disputes is unnecessary for adjudication of the present motion, which assumes for these purposes the truth of all the factual allegations in GEO's counterclaims.

[counterclaim-]defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). If the counterclaim-plaintiff has not "nudged [its] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

Similarly, courts may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" under Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). While motions to strike are generally disfavored, they have been used by numerous courts to dismiss counterclaims "where they are either the 'mirror image' of claims in the complaint or redundant of affirmative defenses." *Openwave Messaging, Inc. v. Open-Xchange, Inc.*, No. 16-cv-00253-WHO, 2016 WL 6393503, at *10 (N.D. Cal. Oct. 28, 2016) (quotations omitted); *Fluke Elecs. Corp. v. CorDEX Instruments, Inc.*, C12-2082JLR, 2013 WL 2468846, at *3 (W.D. Wash. June 7, 2013) ("[A] court should strike a counterclaim for declaratory judgment when "it is clear that there is a complete identity of factual and legal issues between the complaint and the counterclaim.").

**B.    GEO FAILS TO STATE A CLAIM FOR UNJUST ENRICHMENT.**

GEO contracts with the U.S. Immigration and Customs Enforcement Agency ("ICE") to operate the NWDC. Countercl. at ¶¶ 4.3, 10.1, 10.3, 11.4. "**[A]s required by its contract with ICE**, GEO provides basic necessities to all detainees housed at NWDC, … includ[ing] food, shelter, clothing, bedding, recreation, and entertainment" (referred to hereafter as

PLTF.'S MOT. TO DISMISS OR STRIKE DEF.'S
COUNTERCL. & AFF. DEFENSES (17-cv-
05769-RJB ) – 3

SCHROETER GOLDMARK & BENDER
810 Third Avenue ● Suite 500 ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

"basic necessities"). *Id*. at ¶ 11.4 (emphasis added).[2] GEO is paid "by the federal government through ICE's contract with GEO" to provide this basic level of care to the civil immigration detainees housed at NWDC. *Id*. at ¶¶ 10.3, 11.4, 11.13. Under these circumstances, GEO cannot state a claim for unjust enrichment against Mr. Chen as a third-party beneficiary of GEO's contract with ICE, under which ICE has already paid GEO a fixed price to provide Mr. Chen and other detainees the basic necessities for which GEO now seeks restitution.

Unjust enrichment occurs only "when one retains money or benefits which in justice and equity belong to another." *Bailie Commc'ns, Ltd. v. Trend Bus. Sys., Inc.*, 810 P.2d 12, 18 (Wash. Ct. App. 1991). "The three elements of an unjust enrichment claim are: 1) a benefit conferred upon the defendant by the plaintiff; 2) an appreciation or knowledge by the defendant of the benefit; and 3) the acceptance or retention by the defendant of the benefit *under such circumstances as to make it inequitable* for the defendant to retain the benefit without the payment of its value." *Becker Family Builders Co-Plaintiffs Grp. v. F.D.I.C.*, 09-cv-5477-RJB, 2010 WL 3720284, at *5 (W.D. Wash. Sept. 17, 2010) (emphasis added) (citing Young *v. Young*, 164 Wash.2d 477, 484, 191 P.3d 1258 (2008)).

Courts often look to the guiding principles of the Restatement of Restitution to decide what is equitable under the circumstances. *See, e.g., Synergy Greentech Corp. v. Magna Force, Inc.,* 15-cv-5292-BHS, 2016 WL 3906908, at *2 (W.D. Wash. July 19, 2016) (citing the Restatement of Restitution as persuasive authority for analyzing unjust enrichment claim); *Lynch v. Deaconess Med. Ctr.*, 776 P.2d 681, 683 (Wash. 1989) (same). Most

---

[2] Whether GEO in fact provides these basic necessities is a disputed allegation. As this lawsuit continues, Mr. Chen will show that many detainees rely upon their earnings from the $1 per day work program to supplement the food, personal hygiene items, medical supplies, and other "necessities" furnished by GEO.

applicable here is the restatement dealing with restitution from the beneficiary of a contract with a third party:

> A person who has conferred a benefit upon another as the performance of a contract with a third person is not entitled to restitution from the other merely because of the failure of performance by the third person.

Restatement (First) of Restitution § 110 (1937). A later edition of the Restatement illustrates this principle thusly:

> [W]hen A confers a benefit on B as the performance of A's contract with C, C's failure to render the performance promised to A does not necessarily mean that B has been enriched at A's expense; nor does it mean that any enrichment of B is necessarily unjust.

Restatement (Third) of Restitution and Unjust Enrichment § 25, *comment b* (2011).[3] This is to avoid a "forced exchange" in which the conferring party seeks restitution for a benefit voluntarily given to a recipient that had no opportunity to refuse the benefit. *Id.; see id.* at §§ 2(3)-(4), and *comments d* and *e*. Moreover, "[l]iability in restitution will not subject the defendant to an obligation from which it was understood by the parties that the defendant would be free." *Id.* at § 25(2)(c).

Here, under no set of facts can GEO satisfy the tripartite elements of unjust enrichment. First, while GEO has provided Mr. Chen and others with a benefit—basic necessities during detainment—this fact standing alone is not sufficient to warrant restitution. *Lynch*, 776 P.2d at 683 ("[T]he mere fact that a person benefits another is not sufficient to require the other to make restitution." (citing Restatement (First) of Restitution § 1 *Comment*

---

[3] Of course, there is no allegation here that ICE failed to perform on its contract with GEO. If, as the Restatement provides, Mr. Chen would not have been unjustly enriched at GEO's expense even if ICE failed to pay GEO, it is all the more clear there is no unjust enrichment where GEO has already been paid.

*a.* (1937)); *see* Restatement (Third) of Restitution and Unjust Enrichment § 2(1)   (2011) ("The fact that a recipient has obtained a benefit without paying for it does not of itself establish that the recipient has been unjustly enriched.").

Second, Mr. Chen was involuntarily detained and the "benefits" at issue were thrust upon him with neither right of refusal nor say concerning the type or quality of the food, shelter, clothing, bedding, recreation, and entertainment for which GEO now seeks restitution. Forcing Mr. Chen to pay for the value of the basic necessities provided to him during his involuntary detention would be an inequitable forced exchange.

Third, it is not inequitable for Mr. Chen to retain the value of the basic necessities because GEO provided them freely as part of its independent contractual obligation to ICE to provide such necessities to Mr. Chen and other detainees at NWDC. Unlike the scenarios described in the Restatement in which the party conferring a benefit upon another as part of its contractual obligation to a third party who fails to uphold its end of the bargain, ICE has paid GEO handsomely for furnishing immigration detainees with basic necessities. Importantly, GEO does not allege that it entered the contract with ICE by fraud, nor that it rendered basic necessities to Mr. Chen by mistake, nor that it entered the contract with ICE expecting remuneration of any kind from the detainees. Thus, in balancing the equities, GEO cannot state a claim for restitution of the basic necessities provided to Mr. Chen and other civil immigration detainees.

Perhaps for this reason, GEO attempts to link its unjust enrichment claim to Mr. Chen's claim for compensation under the Washington Minimum Wage Act, but this claim falters on its own factual assertions. GEO asserts it was required to operate the Voluntary Work Program by its contract with ICE. Countercl. at ¶11.1. GEO also asserts that detainee

PLTF.'S MOT. TO DISMISS OR STRIKE DEF.'S
COUNTERCL. & AFF. DEFENSES (17-cv-
05769-RJB ) – 6

SCHROETER GOLDMARK & BENDER
810 Third Avenue ● Suite 500 ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

participation in the Voluntary Work Program was voluntary. *Id*. at ¶¶11.5-11.6. Therefore, for the reasons stated above, Mr. Chen and other detainees were not unjustly enriched by GEO's "costs and expenses associated with operating the Voluntary Work Program." *Id*. at ¶11.14. Rather, it was paid by ICE to operate the program. And there could be no *quid pro quo* between a detainee's participation in the program and GEO's provision of basic necessities to the detainee given the alleged voluntary nature of the program. Mr. Chen and other detainees were entitled to receive basic necessities by virtue of GEO's contract with ICE and their involuntary detention in the NWDC. Their participation in the Voluntary Work Program did not change this fact or mean they were unjustly enriched by the costs and expenses incurred by GEO in "caring" for Mr. Chen and other detainees. *Id*. at ¶11.14.

GEO's unjust enrichment counterclaim fails for yet another reason. Under longstanding principles of equity, a party cannot use the doctrine of unjust enrichment to recover losses incurred as part of an illegal transaction. *See, e.g., Evan v. Luster*, 928 P.2d 455, 458 (Wash. Ct. App.1996); *Tanedo v. East Baton Rouge Parish School Bd.*, No. SA CV-10-01172-JAK, 2011 WL 5447959 at *5-6 (C.D. Cal. Oct. 4, 2012). GEO's unjust enrichment counterclaim hinges on the premise that if this Court awards Mr. Chen damages for unpaid minimum wages, he will receive more than the company anticipated having to pay him when it contracted with ICE to provide detention services at the NWDC. According to the zero-sum logic of the counterclaim, paying Mr. Chen and the putative class minimum wage means GEO will be damaged by pocketing less far less than it anticipated in profits from its ICE contract in the Tideflats. To help GEO recoup the difference created by a court order forcing it to comply with the MWA, GEO claims, Mr. Chen and the class must pay the corporation.

Equitable principles foreclose this line of reasoning. GEO's unjust enrichment counterclaim rests on the losses that flow from the corporation's own policy of violating the Minimum Wage Act, i.e., of illegality. The potential losses GEO faces from being forced to comply with the law are the results of remedying the company's illegal actions. And because Washington law will not allow equitable claims for recovery by a party who has engaged in illegal activity, *see Morelli v. Ehsan,* 756 P.2d 129, 132 (Wash. 1988), GEO may not sue either Mr. Chen or the putative class members for these losses. Consequently, GEO's unjust enrichment counterclaim must be dismissed.

## C.   GEO'S DECLARATORY JUDGMENT COUNTERCLAIMS SHOULD BE DISMISSED OR STRICKEN.

GEO also states a counterclaim for declaratory relief under the Declaratory Judgment Act, seeking the following:

1. For an order enjoining plaintiffs [sic] from claiming the MWA [Washington Minimum Wage Act] applies to them [sic];
2. For an order declaring the MWA inapplicable to ICE detainees at the NWDC;
3. For an order declaring the FLSA [Fair Labor Standards Act] inapplicable to ICE detainees at the NWDC;
4. For a declaration that GEO has no employment relationship with any detainees who participate in the Voluntary Work Program, including no relationship that requires payment of a minimum wage.

Countercl. at p. 12.

As explained below, the first two requests for relief should be stricken under Rule 12(f) as they mirror Mr. Chen's claim. The final two requests should be dismissed under Rule 12(b)(1) because this Court lacks jurisdiction to render an advisory opinion, as neither party claims that the FLSA (or any other federal wage statute) applies.

1

### 1. GEO's declaratory judgment counterclaims should be stricken per Rule 12(f) because they are redundant.

GEO's first two declaratory judgment counterclaims mirror Mr. Chen's claim and should be stricken under Rule 12(f). This Court recently addressed the subject of mirrored counterclaims in a FLSA case, holding that the defendant's counterclaims should be stricken where the declaratory judgment counterclaims mirrored the claims brought by the plaintiff. *Perez v. Guardian Roofing*, No. 3:15-cv-05623-RJB, 2016 WL 898545, at *2 (W.D. Wash. Mar. 9, 2016). In striking the counterclaims in *Perez*, this Court found that they "d[id] not serve any useful purpose." *Id.*, at *2.

Here, GEO's first two requests for declaratory relief mirror the relief requested by Mr. Chen. For example, the complaint avers that "detainee workers are 'employees,' and GEO is an 'employer' under Washington's minimum wage laws" and that "GEO's pay policies violate Washington minimum wage laws." Compl. at ¶¶ 4.6, 4.12. Mr. Chen's complaint includes a cause of action for violating the Washington Minimum Wage Act, which will necessarily require the Court to determine whether Mr. Chen and the putative class members are "employees" and whether GEO is an "employer." Thus, resolving the complaint's MWA claim will necessarily resolve the legal issues presented by GEO's requests for declaratory relief concerning the MWA. As in *Perez*, GEO's counterclaims are duplicative, likely to confuse the trier of fact, and will ultimately distract from the underlying merits of the case. *Perez*, 2016 WL 898545, at *3.

### 2. GEO's remaining requests for declaratory relief should be dismissed for lack of jurisdiction as they seek an advisory opinion.

The Declaratory Judgment Act is expressly limited "to cases 'of actual controversy'" and does not reach the remaining aspects of declaratory relief sought by GEO. *Golden v.*

PLTF.'S MOT. TO DISMISS OR STRIKE DEF.'S
COUNTERCL. & AFF. DEFENSES (17-cv-
05769-RJB ) – 9

SCHROETER GOLDMARK & BENDER
810 Third Avenue ● Suite 500 ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

*Zwickler*, 394 U.S. 103, 110 (1969) (quoting 28 U.S.C. § 2201(a)); *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937) ("It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts."). "Unless an actual controversy exists, the District Court is without power to grant declaratory relief." *Garcia v. Brownell*, 236 F.2d 356, 357-358 (9th Cir. 1956); *see Sellers v. Regents of Univ. of Cal.*, 432 F.2d 493, 500 (9th Cir. 1970) ("[D]eclaratory relief cannot be granted where the alleged controversy is hypothetical."). The Declaratory Judgment Act should not be used "where a ruling is sought that would reach far beyond the particular case." *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 243 (1952).

Here, the parties do not seek to enforce the FLSA or any other federal minimum wage laws. Thus, GEO's counterclaims seek to expand the lawsuit to encompass issues that are not in dispute between the parties and constitute a request for an advisory opinion in the absence of any bona fide controversy between the parties. The Declaratory Judgment Act requires more than such speculation to provide jurisdiction.

**D.   THE MAJORITY OF GEO'S AFFIRMATIVE DEFENSES SHOULD BE STRICKEN.**

Ten of GEO's 14 affirmative defenses should be stricken because they are insufficient, impertinent, or immaterial. Fed. R. Civ. P. 12(f). Specifically, Mr. Chen moves to strike affirmative defenses:

| | |
|---|---|
| 8.1 (failure to state a claim) | 8.9 (justiciability) |
| 8.2 (statute of limitations) | 8.10 (unclean hands) |
| 8.4 (laches) | 8.11(exhaustion of administrative remedies) |
| 8.5 (waiver) | 8.12 (impropriety of class certification) |
| 8.8 (ripeness) | 8.13 (attorneys' fees) |

PLTF.'S MOT. TO DISMISS OR STRIKE DEF.'S
COUNTERCL. & AFF. DEFENSES (17-cv-
05769-RJB ) – 10

Countercl. at pp. 4-5.

An insufficient defense is one that "fails to give the plaintiff fair notice of the nature of the defense." *Bushbeck v. Chicago Title Ins. Co.*, No. 08-0755-JLR, 2010 WL 11442904 at *1 (W.D. Wash. Aug. 26, 2010) (citing *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979)). To satisfy Rule 8(b)'s notice pleading requirement, the defendant must provide a "short and plain" statement to give the opposing party fair notice of the grounds on which its defense rests. *Weiss-Jenkins IV, LLC v. Utrecht Mfg. Corp.*, No. C14-0954-RSL, 2015 WL 5330765 at *3 (W.D. Wash. Sept. 14, 2015) (citing *Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010)). To strike an affirmative defense as insufficient, some courts hold plaintiffs must show "there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *See Palmason v. Weyerhaeuser Co.*, No. C11-695-RSL, 2013 WL 392705 *1 (W.D. Wash. Jan. 31, 2013) (quoting *Cal. Dep't. of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1032 (C.D. Cal. 2002)).

"Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by* 510 U.S. 517 (1994). "A defense which demonstrates the plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). An "immaterial" defense is one that "has no essential or important relationship to the claim for relief or the defenses being pleaded." *In re Washington Mutual, Inc. Sec. Derivative & ERISA Litig.*, No. 08-md-1919-MJP, 2011 WL 1158387, at *3 (W.D. Wash. Mar. 25, 2011).

1

### 1. Affirmative Defense 8.1 (Failure to State a Claim).

Failure to state a claim is not an affirmative defense. *Zivkovic*, 302 F.3d at 1088. While the Court can of course consider this defense—indeed, it has, Dkt. No. 28—for the purpose of clarity, this defense should be stricken and not treated as an affirmative defense.

### 2. Affirmative Defense 8.2 (Statute of Limitations).

This defense should be stricken as insufficient and immaterial because GEO has offered no facts indicating it could prevail on this defense as a matter of law. To the contrary, GEO's admissions foreclose a statute of limitations defense. Dkt. No. 33 ("Answer") at ¶ 3.1. The statute of limitations governing Mr. Chen's Washington Minimum Wage Act claim is three years. *Seattle Prof'l Eng'g Emp. Ass'n v. Boeing Co.*, 991 P.2d 1126, 1133 (Wash. 2000). Mr. Chen pleaded, and GEO admitted, that he was detained at the NWDC from October 2014 until February 2016. Compl. at ¶ 3.1. He seeks to certify a class of "all civil immigration detainees who perform or have performed work for GEO at NWDC at any time during the **three years** prior to the filing of this complaint and thereafter." Compl. at ¶5.1 (emphasis added). Mr. Chen filed this action on September 26, 2017—less than three years after his detention, and thus, his first possible day of unpaid wages, accrued. Thus, under no set of circumstances could GEO prevail on its statute of limitations claim as a matter of law and fact. It should accordingly be stricken.

### 3. Affirmative Defense 8.4 (Laches).

GEO's laches defense should be stricken as insufficient and immaterial because GEO pleads no facts that would give Plaintiff fair notice of the basis of the defense. A laches defense requires the defendant to prove (1) a plaintiff's awareness of the facts underlying the action; (2) the plaintiff's unreasonable delay; and (3) material prejudice to the defendant.

1   *Newport Yacht Basin Ass'n of Condo. Owners v. Supreme NW, Inc.*, 277 P.3d 18, 30-31

2   (Wash. Ct. App. 2012). GEO's factual assertions point in the opposite direction. *See*

3   Countercl. at ¶ 11.10 (alleging Mr. Chen lacked a reasonable expectation of payments under

4   the Act by GEO). Moreover, GEO offers no factual information sufficient to give Mr. Chen

5   fair notice about the basis of its claim that he unreasonably delayed bringing this action, or

6   *how* the corporation has been materially prejudiced by the delay.

7

8          Even if GEO has adequately notice-pleaded its laches defense, the Court should

9   nonetheless strike it as immaterial. As in FLSA actions, "equitable defenses of waiver,

10  estoppel[], laches, and unclean hands[] are not appropriate defenses" to MWA claims. *Ballon*

11  *v. Seok AM No. 1 Corp.*, No. C09-05483-JRC, 2009 WL 4884340 *5 (W.D. Wash. Dec. 9,

12  2009) (citing *Adler v. Federal Republic of Nigeria*, 219 F.3d 869, 877 (9th Cir. 2000)).[4]

13

14                   **4.       Affirmative Defense 8.5 (Waiver).**

15         GEO's waiver defense should likewise be stricken as insufficient as a matter of law.

16  RCW 49.46.090(1) expressly precludes any defense based on an agreement between an

17  employer and employee that would waive the employee's right to receive full compensation

18  under the Act. Thus, even if GEO had properly pleaded that Mr. Chen waived his right to

19  minimum wage as a factual matter, the Washington Minimum Wage Act forecloses this

20  defense as a legal matter.

21

22                   **5.       Affirmative Defense 8.8 (Ripeness).**

23         GEO's ripeness defense should be stricken as insufficient because the pleadings

24  contain no indication—much less fair notice—of how Mr. Chen's claims for payment are

---

25  [4] For the sake of brevity, Mr. Chen incorporates his challenge to GEO's use of equitable
26  defenses against his MWA claims into his motion to strike Affirmative Defenses 8.4 and
    8.10 as well.

PLTF.'S MOT. TO DISMISS OR STRIKE DEF.'S
COUNTERCL. & AFF. DEFENSES (17-cv-
05769-RJB ) – 13

SCHROETER  GOLDMARK  &  BENDER
810 Third Avenue ● Suite 500 ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

unripe. GEO admits that it has not paid Mr. Chen the minimum wage and denies liability for doing so. Countercl. at ¶¶ 4.7, 4.12. There is nothing in its pleading from which the Court could conclude as a matter of law that judicial review of the dispute is premature as a constitutional or prudential matter. *See Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 808 (2003). GEO's admissions reveal the parties' dispute in this case is neither abstract nor premature for judicial resolution. Accordingly, GEO's ripeness defense should be stricken.

**6.      Affirmative Defense 8.9 (Justiciability).**

GEO's justiciability defense should be stricken as insufficient because the corporation provides no basis on which such a defense could succeed. GEO offers no indication as to which branch of the justiciability doctrine it contends precludes a judgment against it if Mr. Chen proves all elements of his claims, much less sufficient notice of any basis upon which this defense could prevail. As such, Plaintiff should not be required to engage in time-consuming and costly discovery in an attempt to fill this void.

**7.      Affirmative Defense 8.10 (Unclean Hands).**

GEO's unclean hands defense to Mr. Chen's MWA claim should be stricken because the corporation offers nothing to afford him fair notice of the basis of this defense.

**8.      Affirmative Defense 8.11 (Exhaustion of Administrative Remedies).**

Affirmative defense 8.11 fails because no administrative remedy exists for Mr. Chen to exhaust prior to seeking a judgment from this Court, nor has GEO alleged the existence of such a remedy.

1

2

**9.**     **Affirmative Defenses 8.12 (Class Certification) and 8.13 (Attorney's Fees).**

3

Finally, affirmative defenses 8.12 and 8.13 should be stricken as a housekeeping

4

matter because they are not affirmative defenses. Each defense effectively contends Mr.

5

Chen has not met his burden of proof. Accordingly, they should be stricken as affirmative

6

defenses to minimize confusion and streamline the pleadings. *Zivkovic*, 302 F.3d at 1088.

7

**V.     CONCLUSION**

8

For the foregoing reasons, Plaintiff respectfully requests that the Court dismiss

9

Defendant's counterclaims and certain of its affirmative defenses.

10

DATED this 10th day of January, 2018.

11

12

SCHROETER GOLDMARK & BENDER

13

*s/Jamal Whitehead*

14

Adam J. Berger, WSBA #20714
Lindsay L. Halm, WSBA #37141

15

Jamal N. Whitehead, WSBA #39818
810 Third Avenue, Suite 500

16

Seattle, WA 98104
Tel: (206) 622-8000

17

Fax: (206) 682-2305
berger@sgb-law.com

18

halm@sgb-law.com
whitehead@sgb-law.com

19

20

THE LAW OFFICE OF R. ANDREW FREE

21

*s/ Andrew Free*

22

Andrew Free (*Pro Hac Vice application to be filed*)
P.O. Box 90568

23

Nashville, TN 37209
Tel: (844) 321-3221

24

Fax: (615) 829-8959
andrew@immigrantcivilrights.com

25

26

PLTF.'S MOT. TO DISMISS OR STRIKE DEF.'S
COUNTERCL. & AFF. DEFENSES (17-cv-
05769-RJB ) – 15

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

SUNBIRD LAW, PLLC
*s/ Devin T. Theriot-Orr*

Devin T. Theriot-Orr, WSBA # 33995
1001 Fourth Avenue, Suite 3200
Seattle, WA  98154-1003
Tel: (206) 962-5052
Fax: (206) 681-9663
devin@sunbird.law

*Attorneys for Plaintiff*

PLTF.'S MOT. TO DISMISS OR STRIKE DEF.'S
COUNTERCL. & AFF. DEFENSES (17-cv-
05769-RJB ) – 16

**CERTIFICATE OF SERVICE**

I hereby certify that on January 10, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

SUNBIRD LAW, PLLC
Devin T. Theriot-Orr, WSBA # 33995
1001 Fourth Avenue, Suite 3200
Seattle, WA  98154-1003
Tel: (206) 962-5052
devin@sunbird.law

Counsel for Plaintiff

THE LAW OFFICE OF R. ANDREW FREE
Andrew Free
Admitted *Pro  Hac Vice*
PO Box 90568
Nashville, TN 37209
Tel: (844) 321-3221
andrew@immigrantcivilrights.com

Counsel for Plaintiff

Joan K. Mell
III Branches Law, PLLC
1019 Regents Boulevard, Suite 204
Fircrest, WA 98466
Tel: (253) 566-2510
joan@3ebrancheslaw.com

Attorney for Defendant

Mark Emery
Norton Rose Fulbright US LLP
799 9th Street, Suite 1000
Washington, D.C.  20001
Mark.emery@nortonrosefulbright.com

Attorney for Defendant

Charles A. Deacon
Norton Rose Fulbright US LLP
300 Covent St.
San Antonio, TX 78205
Charles.deacon@nortonrosefulbright.com

Attorney for Defendant

DATED at Seattle, Washington this 10th day of January, 2018.

s/ Jamal Whitehead
Jamal N. Whitehead, WSBA #39818

PLTF.'S MOT. TO DISMISS OR STRIKE DEF.'S
COUNTERCL.  &  AFF.  DEFENSES  (17-cv-
05769-RJB ) – 17

SCHROETER GOLDMARK & BENDER
810 Third Avenue • Suite 500 • Seattle, WA  98104
Phone (206) 622-8000 • Fax (206) 682-2305