The Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHAO CHEN, individually and on behalf of all those similarly situated,

Plaintiff,

v.

THE GEO GROUP, INC., a Florida corporation,

Defendant.

No. 3:17-cv-05769-RJB

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO DISMISS OR STRIKE DEFENDANT'S COUNTERCLAIMS AND AFFIRMATIVE DEFENSES

PLTF.'S REPLY IN SUPPORT OF MOT. TO DISMISS DEF.'S COUNTERCL. & AFFIRM. DEFENSES (17-cv-05769-RJB)

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

## I. INTRODUCTION

Defendant The GEO Group, Inc. ("GEO") spends most of its response to Plaintiff's Motion to Dismiss or Strike rearguing its own failed motion to dismiss and asserting that it was not and cannot be considered an employer of Plaintiff Chao Chen or the putative class. Regardless of the merits of these arguments, they are simply irrelevant to the issues raised by Plaintiff's motion which seeks to streamline this case by eliminating patently deficient counterclaims and redundant, immaterial, and insufficient affirmative defenses. To the limited extent that GEO's response actually addresses the issues raised by Plaintiff's motion, the briefing does not rebut the reasons set forth for dismissal under Rules 12(b)(1), (6) and 12(f) and in some instances affirmatively supports the arguments made by Plaintiff.

## II. DISCUSSION

### A. Standard of Review.

GEO begins by misconstruing Plaintiff's argument. Plaintiff separately set forth the standards for reviewing the motion to dismiss GEO's counterclaims under Rule 12(b)(1) and (6) and the motion to strike affirmative defenses under Rule 12(f). Plaintiff never argued that the *Iqbal/Twombly* standard applies to his motion to strike. GEO's lengthy diatribe to the contrary is emblematic of either its confusion about the points raised by Plaintiff's motion or its deliberate efforts to confuse the issue rather than addressing those points on their merits.

### B. GEO's Unjust Enrichment Counterclaim Fails To State A Plausible Claim Upon Which Relief Can Be Granted.

GEO's response to Plaintiff's motion to dismiss its unjust enrichment counterclaim is notable for its complete failure to address the elements of unjust enrichment under Washington law as well as its failure to deny or refute the core aspect of Plaintiff's argument:

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

that GEO is not entitled to any restitution from Mr. Chen for housing and other expenses because the company has already been fully paid by Immigration and Customs Enforcement for providing those services during the involuntary detentions of Mr. Chen and all other putative class members. *See* Pl. Mot. at 3-6 (citing, *inter alia*, Restatement (Third) of Restitution and Unjust Enrichment § 25 (2011)).

The two cases cited by GEO are not to the contrary.[1] In *Mann v. Fredericktown Assoc. Ltd. P'Ship*, the court allowed an unjust enrichment counterclaim based on the plaintiff's alleged breach of her lease agreement with the defendants, not because of her alleged employment relationship with defendants. Civ. No. WDQ-14-2971, 20-15 WL 4878661, *8 (D. Md. 2015). As the court was careful to point out,

> … Defendants have not alleged that they are entitled to—nor are they seeking to—offset the reasonable cost of the Plaintiff's housing from her wages. Rather, the Defendants seek damages under the terms of the lease…. Although the FLSA bars an employer from deducting unreasonable and inadequately documented housing costs, nothing in the FLSA suggests that the Defendants are not entitled to collect rent from someone who is both a tenant and paid employee.

[1] GEO cites inapposite case law on this score without a hint of irony, as it is plainly aware of authority from Washington courts demonstrating the untenable nature of its unjust enrichment counterclaim. In its motion to dismiss the State of Washington's unjust enrichment claim in the related case, GEO cited *Lynch v. Deaconess Med. Ctr.*, 776 P.2d 681 (Wash. 1989), for the proposition that "voluntary work cannot support a claim for unjust enrichment." Dkt. No. 18 at p. 17; *see* Dkt. No. 10 at p. 29. In *Lynch*, the plaintiff sought restitution from a defendant that benefited greatly from work the plaintiff was contractually bound to perform for another. 776 P.2d at 682. In affirming the dismissal of the plaintiff's case, the Washington Supreme Court held that the "receipt of an incidental benefit … does not create an implied contract between the parties, nor does it impose the obligation of restitution upon the recipient" when the benefit conferred is part of the conferring party's independent legal obligation to another. *Id.* at 683. Like the plaintiff in *Lynch*, GEO had an independent contractual obligation with ICE to provide basic necessities to Mr. Chen and the other detainees. The fact that Mr. Chen received the benefit—as intended—does not established an implied contract between him and GEO, such that GEO would be entitled to restitution from Mr. Chen. To hold otherwise, would allow GEO to recover twice for the value of the necessities provided, which would be an inequitable result.

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

*Id*. Here, there was never any agreement or other understanding between Mr. Chen and GEO, voluntary or otherwise, regarding his payment of housing or other costs to GEO. That agreement was between ICE and GEO and Mr. Chen was a mere involuntary participant in the whole arrangement.

*Reyes v. LaFarga* is even further afield. There was no claim for unjust enrichment in that case. Rather, defendants only argued that they should be allowed to offset any potential wages owed to the plaintiff under the FLSA by the housing, food, and other non-wage compensation provided by defendants to plaintiff over the years. No. CV-11-1998-PHX-SMM, 2013 WL 12097452, *2-3 (D. Ariz. 2013). The court denied plaintiff's motion for summary judgment on that affirmative defense because 29 U.S.C. § 203(m) expressly includes such non-wage items as board and lodging in the FLSA's definition of wages. *Id*. at 3.[2]

The present case is distinguishable from *Reyes* in two respects. First, unlike the FLSA, the definition of wage in RCW 49.46.010(7) does not include room and board but "means compensation … payable in legal tender of the United States or checks on banks convertible into cash on demand at full face value." Although an employer and employee may agree in advance to deductions "for a lawful purpose for the benefit of the employee," the employer cannot "derive any financial profit or benefit" from those deductions. WAC 296-126-028(2),(3). Thus, this exception provides no comfort to GEO here, because it would profit from repayment of expenses by detainees where it has already been paid by ICE.

[2] The *Reyes* court mistakenly cites to 29 U.S.C. § 603(m).

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

Second, *Reyes* involved only the affirmative defense of offset. Here, Mr. Chen has not sought to strike or dismiss GEO's affirmative defense of offset, even though he believes it is meritless. He only seeks to dismiss GEO's unjust enrichment counterclaim, leaving the offset defense to another day. Because GEO fails to explain how it could plausibly satisfy any of the elements of unjust enrichment, its counterclaim must be dismissed.

**C. GEO Fails To Show How Its Counterclaims For Declaratory Relief Do Not State Improper Mirror Claims Or Impermissible Requests For Advisory Opinions.**

**1. The Court should strike the Declaratory Judgment claims under the MWA.**

GEO's Declaratory Judgment counterclaim under the MWA is precisely the type of "mirror-image" counterclaim that should be stricken because it serves no useful purpose. GEO provides only two arguments in response. First, GEO claims that if class certification is denied, GEO would remain "open to copycat suits filed by other detainees at NWDC with claims no more viable than Chen's own." Dkt. No. 38 ("Opp.") at 17-18. But in such a case, the existence of a Declaratory Judgment Act ("DJA") counterclaim would still only bind the parties to the lawsuit: Mr. Chen and GEO. It would have no precedential impact and would not bind other parties not before the Court. *Mass. Delivery Ass'n v. Coakley*, 671 F.3d 33, 48 (1st Cir. 2012) ("The Act does not contain any provisions indicating that declaratory judgments are authoritative vis-à-vis nonparties to the litigation.").

To the extent that GEO is seeking a Declaratory Judgment "that the MWA does not apply to *detainees*" generally, Opp. at 18 (emphasis added), this is beyond the power of the DJA itself, as it only provides the power to bind "part[ies]" to the litigation. 28 U.S.C. § 2201(a). GEO could, of course, stipulate to class certification, and then any

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

resulting judgment (in favor or against) the claims of the class would be binding on detainees generally. But GEO cannot have it both ways and seek to defeat class certification while simultaneously seeking to limit its liability on future suits from would be class members.

GEO's second argument is that Mr. Chen has not provided any reason to strike the claims on efficiency grounds. Opp. at 18. But this is not the basis for Mr. Chen's request to strike. GEO does not contest Mr. Chen's principal assertion that resolving the complaint's MWA claim will necessarily resolve the legal issues presented in GEO's DJA counterclaim. GEO does not address *Perez v. Guardian Roofing*, No. 3:15-cv-05623-RJB, 2016 WL 898545, at *2 (W.D. Wash. Mar. 9, 2016), nor does it provide an iota of contrary authority or argument. Notably, GEO does not respond to Mr. Chen's assertion that the inclusion of these counterclaims will result in jury confusion and distract from the merits of the case. *Compare* Dkt. No. 37 ("Mot.") at 9, *with* Opp. at 17-18.

The Court should accordingly strike the DJA counterclaims.

**2. The Court should dismiss the Declaratory Judgment counterclaim under the FLSA for lack of jurisdiction.**

GEO seeks a Declaratory Judgment that the Fair Labor Standards Act does not apply to the Voluntary Work Program ("VWP") at the NWDC. Yet GEO admits that the claim is based upon nothing more than speculation that Mr. Chen could, at some future point, "try to replead his case under federal law if its [sic] claim under the MWA fails." Opp. at 19. This is exactly the sort of hypothetical set of facts that cannot support subject matter jurisdiction. To be clear: no one has asserted a FLSA claim in this case. GEO's attempt to manufacture a controversy that does not exist cannot be sufficient to support Article III jurisdiction. *Sellers*

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

*v. Regents of Univ. of Cal.*, 432 F.2d 493, 500 (9th Cir. 1970) ("declaratory relief cannot be granted where the alleged controversy is hypothetical.").

GEO's response illustrates that a ruling regarding the FLSA would be nothing more than a prohibited advisory opinion. Opp. at 19 (citing to "obvious threat" that Mr. Chen "may try to replead his case" under FLSA as a sufficient basis for Article III jurisdiction). This is precisely what is prohibited in the DJA context. *See Sellers*, 432 F.2d at 500 ("Appellants here are in no present danger … we can find no cause or controversy of sufficient immediacy or definiteness").

Finally, GEO claims that the mere fact that GEO, as a party, has raised the FLSA in a counterclaim is sufficient to provide this federal court with jurisdiction over the claim. A party cannot manufacture jurisdiction merely by pleading it. Indeed, in every case where a party has unsuccessfully attempted to use the DJA to seek an advisory opinion, it has been a *party* to the litigation. GEO's argument ignores the legal authority cited in Mr. Chen's motion, in which courts have dismissed DJA claims for lack of jurisdiction because the underlying dispute was hypothetical. *See* Doc. 37, at 9-10 (collecting cases). Once again, GEO does not respond to the legal authority or arguments raised by Mr. Chen. The Court should accordingly dismiss the FLSA counterclaims for lack of jurisdiction.

**D. The Majority Of GEO's Affirmative Defenses Should Be Stricken.**

**1. Affirmative Defense 8.1 (Failure to State a Claim).**

In his motion, Plaintiff noted simply that failure to state a claim is not an affirmative defense. Rather than addressing the binding Ninth Circuit authority provided for this proposition, *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002), GEO chose

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

to relitigate its failed motion to dismiss. Because GEO offers no authority for treating its 12(b)(6) claim as an affirmative defense, Plaintiff's motion to strike should be granted.

**2. Affirmative Defense 8.2 (Statute of Limitations).**

GEO's attempt to shoe-horn entitlement to employment authorization into a statute of limitations inquiry is misplaced. The company admits that all work performed by Mr. Chen and members of the putative class occurred within the three-year statutory limitations period. Opp. at 9. The terms of Plaintiff's proposed class definition limit the class to the work performed within the statutory period. Dkt. No. 1, Compl. ¶ 5.1.

GEO's statute of limitations argument is not actually an argument about the timeliness of the claims, but rather, a rehashed version of its flawed merits argument. As a threshold matter, GEO is incorrect that the absence of federal work authorization bars a claim for damages arising from unpaid wages under the MWA. *See, e.g.*, *Bailon v. Seok AM No. 1 Corp.*, C09-05483JRC, 2009 WL 4884340, at *2 (W.D. Wash. Dec. 9, 2009) (dismissing defendants' counterclaim alleging plaintiffs' claims under FLSA and the MWA were barred because of plaintiffs' immigration status); *Sandoval v. Rizzuti Farms, Ltd.*, CV-07-3076-EFS, 2009 WL 2058145 at *2 (E.D. Wash. July 15, 2009) (immigration status is irrelevant to claims for wages owed under Washington state wage laws); s*ee also Flores v. Albertsons, Inc*., No. CV0100515AHM(SHX), 2002 WL 1163623, *5 (C.D. Cal. April 9, 2002) (immigration status irrelevant to FLSA claim). But even if this settled issue were unsettled, it relates to the merits of Plaintiff's claim, rather than the claim's timeliness. Accordingly, the Court should strike GEO's statute of limitations defense.

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

**3. Affirmative Defense 8.4 (Laches).**

GEO's laches defense should be stricken based on the authority the company itself provides. In support of the proposition that "[l]aches may bar a statutorily timely filed claim," GEO cites exclusively to "*Petrella v. Metro-Goldwin-Mayer, Inc.*, 134 S. Ct. 1962, [sic] (2014)." Opp. at 10, n.37. But the Supreme Court in *Petrella* reached the opposite conclusion. 134 S. Ct. at 1972-74. Reversing the decision of the Ninth Circuit, the Court reaffirmed the longstanding principle, recognized since at least 1935, that "laches within the term of the statute of limitations is no defense [to an action] at law." *Id.* at 1973 (quoting *Merck & Co. v. Reynolds*, 559 U.S. 633, 652 (2010); and *United States v. Mack*, 295 U.S. 480, 489 (1935)) (quotation marks and brackets in original); *see id.* at 1973-74 ("Application of the equitable defense of laches to an action at law would be novel indeed.") (quoting *County of Oneida v. Oneida Indian Nation of New York*, 470 U.S. 226, 244, n. 16 (1985)). Any lingering doubt that laches cannot be applied to bar a timely-filed statutory claim after *Petrella* should be extinguished by the Supreme Court's application of that decision in *SCA Hygeine Prod. Aktiebolag v. First Quality Baby Prod., LLC*, 137 S. Ct. 954, 960-964 (2017) (holding *Petrella's* reasoning applies to bar laches defenses under the Patent Act).

GEO's sole authority for bringing a laches defense to Plaintiff's timely-filed statutory claim forecloses such a defense. Burdening Plaintiff in discovery with a theory so manifestly and fatally flawed as a matter of law would create substantial prejudice. It is precisely this sort of baseless defense that Rule 12(f) is designed to eliminate. GEO's laches defense should consequently be stricken.

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

**4. Affirmative Defense 8.5 (Waiver).**

GEO makes the incredible argument that a putative employer can avoid the plain restrictions of RCW 49.46.090(1) by asserting that an individual who provides labor can waive the employment relationship altogether, even if they cannot waive the right to be paid at minimum wage for their labor. On its face, this argument is preposterous. It is also contrary to Washington caselaw holding that workers misclassified as independent contractors can bring MWA cases even where they have signed contracts agreeing with their denomination as independent contractors (*i.e.*, where they have arguably "waived" the employer/employee relationship). *See Anfinson v. FedEx Ground Package Sys., Inc.*, 244 P.3d 32, 44 (Wash. Ct. App. 2010) (holding that subjective intent of worker and employer is irrelevant to employees status under the MWA), *aff'd*, 281 P.3d 289 (Wash. 2012). GEO's citation to the MWA definition excluding volunteers is also plainly inapposite, because the statute encompasses only those "engaged in the activities of an educational, charitable, religious, state or local governmental body or agency, or nonprofit organization where the employer-employee relationship does not in fact exist or where the services are rendered to such organizations gratuitously." RCW 49.46.010(3)(d). GEO fits in none of these categories. Its waiver defense should be stricken.

**5. Affirmative Defenses 8.8 (Ripeness) and 8.9 (Justiciability).**

GEO's ripeness and justiciability defenses should be stricken. As a conceptual matter, GEO's ripeness and justiciability defenses are more properly understood as subject-matter jurisdictional challenges, rather than affirmative defenses. *See Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 808 (2003); *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

Cir. 1989) *cert. denied* 493 U.S. 993 (1989) ("Like other challenges to a court's subject matter jurisdiction, motions raising ripeness issues are treated as brought under Rule 12(b)(1) even if improperly identified by the moving party as brought under Rule 12(b)(6)."). Because they are jurisdictional challenges, rather than affirmative defenses, they should be stricken. *Zivkovic*, 302 F.3d at 1088.

Even construed as affirmative defenses, GEO's ripeness and standing defenses should be stricken as insufficient. *Palmason v. Weyerhaeuser Co.*, No. C11-695-RSL, 2013 WL 392705 *1 (W.D. Wash. Jan. 31, 2013). Both parties agree that Mr. Chen has performed work for GEO without receiving the minimum wage. GEO maintains Mr. Chen is not entitled to the minimum wage for a host of reasons. As to ripeness and standing, GEO contends Mr. Chen's failure to seek work authorization means he cannot have an employment relationship or receive a minimum wage. Opp. at 12-13. This contention is incorrect as a matter of black-letter labor law: workers are entitled to minimum wages for work performed regardless of whether such work was performed without employment authorization. *See Bailon*, 2009 WL 4884340, at *2; *Sandoval*, 2009 WL 2058145.

GEO may seek to effectively overturn this authority by requiring employment authorization in order for an employment relationship to exist under the Minimum Wage Act. That would be an uphill battle insomuch as employment authorization is not a factor in the existing multi-factor test set forth by the Washington Supreme Court. *See Anfinson*, 281 P.3d at 299-300 (establishing multi-factorial test to determine employment relationship). Regardless, it is a battle that is both an actual controversy and one Mr. Chen has standing to bring. GEO's ripeness and justiciability defenses should consequently be stricken.

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

**6. Affirmative Defense 8.10 (Unclean Hands)**

As in the case of laches and waiver, GEO's equitable defense of unclean hands should be stricken because these equitable defenses do not apply at law to the MWA—a comprehensive remedial statutory scheme. *Bailon*, 2009 WL 4884340 at *5. Nonetheless, GEO has made its intention clear in its response to use this legally unavailable defense to cast baseless, hyperbolic aspersions against Mr. Chen, his family, and his counsel. Opp. at 14-15. The unfounded, bare allegations of GEO's counsel are not included in its Answer or Counterclaim. As such Plaintiff's contention that the corporation has not adequately notice pleaded this defense remains. The unclean hands defense should thus be stricken.

**7. Affirmative Defense 8.11 (Exhaustion of Remedies).**

GEO cites to no provision of the MWA or any other state statute that requires an individual to make a wage complaint or otherwise pursue any remedies through the Department of Labor and Industries before bringing suit for back wages under the MWA. Nor does any such statute exist. Rather, the MWA specifically empowers any worker to bring suit directly under the MWA. *See* RCW 49.46.090(1).[3] GEO's citation to RCW 49.46.040 is consistent with its pattern of inapposite references throughout its brief. That provision empowers L&I to "investigate and gather data regarding the wages, hours, and other conditions and practices of employment in any industry" and seek the assistance of federal agencies in carrying out its duties, but it nowhere establishes or requires a private litigant to seek the help of the agency before suing in his own right. *See* RCW 49.46.040.

[3] RCW 49.46.090(2) allows, but does not require, a worker to assign his claim to L&I for prosecution.

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

Similarly, GEO's contention that the Prison Litigation Reform Act ("PLRA") applies to civil immigration detainees is without basis in law or fact. Opp. at 13 n. 47. Civil immigration detainees are not "prisoners" within the meaning of the PLRA—even if GEO prefers to treat them as such. *Agyeman v. INS*, 296 F.3d 871, 887 (9th Cir. 2002); *see LaFontant v. INS*, 135 F.3d 158, 165 (D.C. Cir. 1998); *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997); *see also Andrews v. King*, 398 F.3d 1113, 1122 (9th Cir. 2005) ("a civil detainee is not a "prisoner" within the meaning of the PLRA."); *Page v. Torrey*, 201 F.3d 1136 (9th Cir. 2000) (holding civilly committed detainee not subject to PLRA's exhaustion requirement).[4]

**8. Affirmative Defenses 8.12 (Class Certification) and 8.13 (Attorneys' Fees).**

GEO has waived and abandoned any argument that class certification and attorney's fees are properly presented as affirmative defenses by failing to contest Plaintiff's motion. *See e.g., AFMS LLC v. United Parcel Serv. Co.*, 105 F. Supp. 3d 1061, 1068-69 (C.D. Cal. 2015) (quoting *Samica Enters. LLC v. Mail Boxes Etc., Inc.*, 460 Fed. App'x 664, 666 (9th Cir. 2011) ("Arguments not raised in opposition to summary judgment . . . are waived.") (alteration in original)).

DATED this 2nd day of February, 2018.

SCHROETER GOLDMARK & BENDER

*s/Jamal Whitehead*
Adam J. Berger, WSBA #20714

[4] GEO fails to cite, much less present any good-faith argument for overturning, the controlling adverse authority on this point. GEO similarly fails to note that its contract expressly contemplates civil—not criminal—detention.

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

Lindsay L. Halm, WSBA #37141
Jamal N. Whitehead, WSBA #39818
810 Third Avenue, Suite 500
Seattle, WA 98104
Tel: (206) 622-8000
Fax: (206) 682-2305
berger@sgb-law.com
halm@sgb-law.com
whitehead@sgb-law.com

THE LAW OFFICE OF R. ANDREW FREE
*s/ Andrew Free*

Andrew Free (*Pro Hac Vice*)
P.O. Box 90568
Nashville, TN 37209
Tel: (844) 321-3221
Fax: (615) 829-8959
andrew@immigrantcivilrights.com

SUNBIRD LAW, PLLC
*s/ Devin T. Theriot-Orr*

Devin T. Theriot-Orr, WSBA # 33995
1001 Fourth Avenue, Suite 3200
Seattle, WA 98154-1003
Tel: (206) 962-5052
Fax: (206) 681-9663
devin@sunbird.law

*Attorneys for Plaintiff*

PLTF.'S REPLY IN SUPPORT OF MOT. TO DISMISS DEF.'S COUNTERCL. & AFFIRM. DEFENSES (17-cv-05769-RJB) – 13

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

**CERTIFICATE OF SERVICE**

I hereby certify that on February 2, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

SUNBIRD LAW, PLLC
Devin T. Theriot-Orr, WSBA # 33995
1001 Fourth Avenue, Suite 3200
Seattle, WA 98154-1003
Tel: (206) 962-5052
devin@sunbird.law

*Counsel for Plaintiff*

THE LAW OFFICE OF R. ANDREW FREE
Andrew Free
Admitted *Pro Hac Vice*
PO Box 90568
Nashville, TN 37209
Tel: (844) 321-3221
andrew@immigrantcivilrights.com

*Counsel for Plaintiff*

Joan K. Mell
III Branches Law, PLLC
1019 Regents Boulevard, Suite 204
Fircrest, WA 98466
Tel: (253) 566-2510
joan@3ebrancheslaw.com

*Attorney for Defendant*

Mark Emery
Norton Rose Fulbright US LLP
799 9th Street, Suite 1000
Washington, D.C. 20001
Mark.emery@nortonrosefulbright.com

*Attorney for Defendant*

Charles A. Deacon
Norton Rose Fulbright US LLP
300 Covent St.
San Antonio, TX 78205
Charles.deacon@nortonrosefulbright.com

*Attorney for Defendant*

DATED at Seattle, Washington this 2nd day of February, 2018.

*s/ Rosie McKinlay-Mench*
Rosie McKinlay-Mench
Legal Assistant
Schroeter Goldmark & Bender
810 Third Avenue, Suite 500
Seattle, WA 98104
206-622-8000
206-682-2305 (fax)

PLTF.'S REPLY IN SUPPORT OF MOT. TO DISMISS DEF.'S COUNTERCL. & AFFIRM. DEFENSES (17-cv-05769-RJB) – 14

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305