# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| CHAO CHEN, individually and on behalf of those similarly situated,<br><br>                Plaintiff,<br>   v.<br><br>THE GEO GROUP, INC., a Florida corporation,<br><br>                Defendant. | CASE NO. 3:17-5769-RJB<br><br>ORDER ON PLAINTIFF'S MOTION TO DISMISS OR STRIKE DEFENDANT'S COUNTERCLAIMS AND AFFIRMATIVE DEFENSES |

THIS MATTER comes before the Court upon Plaintiff Chao Chen's Motion to Dismiss or Strike Defendant's Counterclaims and Affirmative Defenses. Dkt. 37. The Court has considered the motion, Defendant The Geo Group, Inc.'s Response, Plaintiff's Reply, Defendant's Answer, and the remainder of the file herein. Dkts. 33, 37, 38, 39.

This case arises out of the allegation that Defendant failed to compensate Plaintiff and a proposed class of immigration detainees commensurate with the Washington Minimum Wage Act. *See* Dkt. 1. Defendant's Answer alleges two counterclaims, both of which Plaintiff seeks to

strike under Fed. R. Civ. P. 12(f) or dismiss under Fed. R. Civ. P. 12(b)(6). *See* Dkt. 33 at ¶¶8.1-8.14, 11.1-12.12. Defendant's Answer raises fourteen affirmative defenses, all but four of which Plaintiff seeks to strike. *See id.* at 33 at ¶¶8.1-8.14.

Facts alleged in the Answer and procedural history are introduced below only where relevant to discussion of each counterclaim and affirmative defense.

<u>I. COUNTERCLAIMS</u> (Dkt. 33 at ¶¶11.1-12.12)

**A. Standard for relief.**

Plaintiff seeks dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the claim is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555. The complaint (or counterclaim) must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 547.

Plaintiff also moves to strike under Fed. R. Civ. P. 12(f). Rule 12(f) is designed to help "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970,

1  973 (9th Cir. 2010) (citation omitted). Under Rule 12(f), courts may "strike from a pleading an

2  insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R.

3  Civ. P. 12(f). Motions to strike are disfavored, because they "may be used as delaying tactics and

4  because of the strong policy favoring resolution on the merits." *Barnes v. AT&T Pension Ben.*

5  *Plan-Nonbargained Program*, 718 F.Supp.2d 1167 (N.D.Cal.2010), citing to *Stanbury Law Firm*

6  *v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir.2000).

**B. Unjust enrichment (Dkt. 33 at ¶¶11.1-11.14)**

Defendant's counterclaim for Unjust Enrichment alleges that, as required by ICE, GEO operates the Voluntary Work Program, which is not intended to, and does not, create an employer/employee relationship between GEO and detainees, whose participation is voluntary. Dkt. 33 at ¶11.1. The program is intended to promote institutional maintenance and reduce detainee idleness, it is alleged, with no traditional, standard, performance metrics used to measure job performance. *Id*. at ¶11.3. The counterclaim further alleges that if Plaintiff prevails in a Washington Minimum Age Act claim for lost wages, Defendant is entitled to recover "its costs and expenses associated with operating the Voluntary Work Program and caring for plaintiff and any putative class member." *Id*. at ¶11.14.

The Answer separately alleges an affirmative defense for offset of any costs incurred in caring for Plaintiff and costs associated with operating the Voluntary Work Program. Dkt. 33 at ¶8.14. Plaintiff does not seek to strike or dismiss the offset affirmative defense. Dkt. 39 at 5.

Plaintiff argues that Defendant is not entitled to any restitution from Plaintiff for housing and other expenses, because Defendant has already been fully paid by ICE for those services. Dkt. 39 at 3. Although Defendant may have conferred a benefit on Plaintiff, e.g., by providing food and lodging, Plaintiff was involuntarily detained and had no input over his conditions. Dkt.

37 at 6. Under circumstances where ICE paid Defendant for Plaintiff's and other detainees' living expenses, Plaintiff opines, it is not inequitable for Plaintiff to retain the value of his basic necessities. *Id*. Finally, Plaintiff contends, Defendant cannot recover losses incurred because of its illegal failure to observe State wage laws. *Id*. at 7, 8.

Defendant responds by again addressing the merits of whether Plaintiff is an "employee" under the Washington Minimum Wage Act. Dkt. 38 at 26, 27. Defendant argues further that "[c]ourts" have allowed "contingent unjust enrichment counterclaims in minimum wage actions." *Id*. Defendant cites to two nonbinding opinions, *Reyes v. LaFarga*, 2013 WL 12097452 (D.Ariz. 2013) and *Mann v. Fredricktown Assoc. Limited Partnership*, 2015 WL 4878661 (D.Md. 2015).

"Unjust enrichment of a person occurs when he has and retains money or benefits which in justice and equity belong to another." *Bailie Commc'ns, Ltd. v. Trend Bus. Sys., Inc.*, 61 Wn. App. 151, 159 (1991). A claim for unjust enrichment has three elements: (1) the defendant [or counter-defendant] receives a benefit, (2) the received benefit is at the plaintiff's [or counter-plaintiff's] expense, and (3) the circumstances make it unjust for the defendant [or counter-defendant] to retain the benefit without payment. *Young v. Young*, 164 Wn. 2d 477, 484-85 (2008).

The first element is satisfied by the allegation that Defendant conferred on Plaintiff the benefit of food, lodging, and other necessities and amenities. The second element is satisfied under the theory that if Plaintiff receives an award for lost wages from Defendant, Plaintiff has received both the benefit conferred *and* the award for lost wages, both at Defendant's expense. The third element is satisfied under the theory that such compensation would unfairly increase Defendant's burden to comply with ICE contract obligations.

Plaintiff's argument, that Defendant cannot recover restitution from Plaintiff because it has already been fully paid by ICE, is relevant to the second and third elements, but not on a motion to dismiss for failure to state a claim. The Court does not here reach the merits of whether Defendant should be precluded from recovery because of its own illegal conduct. That is an equitable argument better reached at trial.

As a practical matter, the counterclaim overlaps substantially with Affirmative Defense 8.14 (offset). The counterclaim for Unjust Enrichment may be flawed, but the issue raised by Plaintiff is whether Defendant has stated a claim upon which relief can be granted. Defendant has done so.

Plaintiff's motion to dismiss the counterclaim for Unjust Enrichment for failure to state a claim should be denied.

**C. Declaratory Relief under 28 U.S.C. §2201 (Dkt. 33 at ¶¶12.1-12.12)**

The final paragraph of the counterclaim for Declaratory Relief states:

> The Court should declare that there is no employment relationship between GEO and detainees who participate in the Voluntary Work Program. Further, plaintiff is not an "employee," and GEO is not an "employer" with respect to Voluntary Work Program participation, and therefore the FLSA's and MWA's minimum wage protections do not apply to plaintiff or any putative class member.

Dkt. 33 at ¶12.12. Immediately following that paragraph, with no separate heading, the Answer reads:

> GEO prays for the following affirmative relief:
>
> 1. For an order enjoining plaintiffs from claiming the MWA applies to them;
>
> 2. For an order declaring the MWA inapplicable to ICE detainees at the NWDC;
>
> 3. For an order declaring the FLSA inapplicable to ICE detainees at the NWDC;

ORDER ON PLAINTIFF'S MOTION TO DISMISS OR STRIKE DEFENDANT'S COUNTERCLAIMS AND AFFIRMATIVE DEFENSES - 5

4. For a declaration that GEO has no employment relationship with any detainees who participate in the Voluntary Work Program, including no relationship that requires payment of a minimum wage[.]

. . .

Dkt. 33 at 13.

These counterclaims for declaratory and injunctive relief go to the heart of Defendant's view of Plaintiff's claims. The determination of what relief, if any, should be granted to either party is a long way off and should not be decided now.

The Court notes that both the prayer for affirmative relief and ¶12.12 seek declaratory relief for an order on the applicability of the FLSA. Plaintiff has explicitly brought this case only under the Washington Minimum Wage Act, not its federal counterpart. Therefore, requests for declaratory relief regarding the FLSA should be stricken. Whether the FLSA has some evidentiary value here remains an open question.

Plaintiff's motion to strike the counterclaims for declaratory and injunctive relief should be denied without prejudice, except relief requested under the FLSA, which should be stricken.

Defendant also seeks leave to amend its counterclaim. Dkt. 38 at 10. Defendant may move for leave to amend pursuant to Fed. R. Civ. P. 15 if it chooses.

## II. AFFIRMATIVE DEFENSES (Dkt. 33 at ¶¶8.1-8.14)

**A. Striking certain affirmative defenses under Fed. R. Civ. P. 12(f).**

Federal Rule of Civil Procedure 12(f) reads as follows: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Plaintiff moves under Rule 12(f) to strike the following affirmative defenses: 8.1 (failure to state a claim), 8.2 (statute of limitations), 8.4 (laches), 8.5 (waiver), 8.8 (ripeness), 8.9

(justiciability), 8.10 (unclean hands), 8.11 (exhaustion of administrative remedies), 8.12 (impropriety of class certification), 8.13 (attorney's fees/costs). Dkt. 37.

### *8.1 Plaintiff has failed to state a claim for which relief may be granted.*

Plaintiff argues that failure to state a claim is not an affirmative defense. Dkt. 37 at 12, citing to *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). Plaintiff further contends that while the Court can consider this defense, it has already done so when addressing Defendant's Motion to Dismiss (Dkt. 28), and the defense should also be stricken "for the purpose of clarity[.]" *Id*.

Defendant acknowledges that the Court denied its Motion to Dismiss, but argues that the denial "does not cure the fundamental defects in Mr. Chen's claim, nor does it prevent GEO from seeking appropriate relief . . . based on those defects [where] the Court identified dismissal arguments as premature[.]" Dkt. 38 at 10. The remainder of Defendant's argument relitigates the merits of its prior motion. *See id.* at 10-14.

Whether failure to state a claim can be raised as an affirmative defense need not be resolved, *but see Zivkovic*, 302 F.3d at 1088, because in this case, the affirmative defense of failure to state a claim is redundant. The Court squarely reached the merits of whether the Complaint fails to state a claim in the Order on The Geo Group, Inc.'s Motion to Dismiss Class Action Complaint for Damages. Dkt. 28 at 13-15. *See* Dkt. 8 at 23-29. The "premature" comment referred to a decision about whether dismissal was warranted on preemption grounds, not for failure to state a claim. Dkt. 28 at 12 ("conflict preemption argument is premature").

Plaintiff's motion to strike Affirmative Defense 8.1 should be granted and the defense stricken as redundant.

### *8.2 Plaintiff seeks relief barred by the statute of limitations.*

1    The Complaint alleges that Plaintiff was detained at the Northwest Detention Center from
2    October 2014 until February 2016, a timeframe that falls within three years of the filing of the
3    Complaint, on September 26, 2017. Dkt. ¶1 at 3.1. The Complaint seeks damages for lost wages
4    for work performed by Mr. Chen, as well as "all civil immigration detainees who . . . have
5    performed work for GEO at NWDC at any time during the three years prior to the filing of this
6    complaint and thereafter." *Id*. at 5.1. Both parties assume a three-year statute of limitations
7    applies.

Plaintiff argues that Defendant has offered no facts indicating it could prevail on this defense, where Defendant's Answer acknowledges the timeframe of Plaintiff's detention and the case was filed less than three years later. Dkt. 37 at 12. Further, Plaintiff contends, the Complaint seeks to certify only a class of detainees "who perform or have performed . . . at any time during the three years prior to the filing of this complaint." *Id*. *See* Dkt. 1 at ¶1.1.

Defendant argues that the affirmative defense of statute of limitations is proper because it sufficiently puts Plaintiff on notice, and striking the affirmative defense now prematurely results in a decision on its merits. Dkt. 38 at 15. Per Defendant, although the Complaint limits the proposed class to detainees who worked within the three years prior to the case, the Complaint does not limit the scope of recovery of the proposed class from recovery outside the statutory period. *Id*. This would allow recovery for, for example, unpaid wages from 2013 (outside the statutory period) for a plaintiff-detainee who worked in 2017 (within the statutory period). *See id*.

Plaintiff counters this argument by explaining his interpretation of the Complaint: the proposed class is limited "to the work performed within the statutory period." Dkt. 39 at 8, citing to Dkt. 1 at ¶5.1. Given Plaintiff's interpretation of his own claim, it is unlikely that the statute of

limitations will be implicated. Nevertheless, naming the defense now is not redundant or insufficient, and protects the defendant, should any claim outside the limitations period appear as the case develops.

Plaintiff's motion to strike Affirmative Defense 8.2 should be denied without prejudice.

***8.4 Plaintiff has unreasonably delayed in requesting relief, and his lack of diligence and activity in stating or making a legal claim—to the prejudice of GEO—means his claim is barred by the affirmative defense of laches.***

Plaintiff argues that the affirmative defense of laches should be stricken because Defendant has pleaded no set of facts that would give Plaintiff fair notice of an intended basis for the defense suggesting an unreasonable, prejudicial delay. Dkt. 37 at 12. Further, Plaintiff argues, the doctrine of laches cannot be applied to bar a claim that is timely-filed under the relevant statutory period. Dkt. 39 at 9, citing *SCA Hygiene Prod. Aktiebolag v. First Quality Baby Prod. LLC*, 137 S.Ct. 954, 960 (2017).

Defendant argues that, upon information and belief, Plaintiff knew or should have known the basis for the minimum wage violations at the time he was detained, during 2014-2016, yet he failed to file this case then, which has caused Defendant prejudice. Dkt. 38 at 16. Plaintiff also, again, argues the merits of whether the Washington Minimum Age Act applies. *Id*. at 17.

In *SCA Hygiene*, 137 S.Ct. at 960, the Supreme Court of the United States rejected the rationale relied on by Defendant, invoking the maxim that "[l]aches is a gap-filling doctrine, and where there is a statute of limitations, there is no gap to fill." *Id*. That Court rejected the application of laches to a case filed within the Patent Act's statute of limitations, reasoning that when Congress has spoken to give a patent owner a certain time period to file a claim, allowing courts to shorten that time on equitable grounds "would give judges a 'legislation-overriding' role that is beyond the Judiciary's power." *Id*. at 960. The Ninth Circuit has recently extended

ORDER ON PLAINTIFF'S MOTION TO DISMISS OR STRIKE DEFENDANT'S COUNTERCLAIMS AND AFFIRMATIVE DEFENSES - 9

the logic of *SCA Hygiene* to habeas actions, subject to a different statute of limitations. *Grant v. Swarthout*, 862 F.3d 914, 919-20 (9th Cir. 2017).

This Court sees no reason to depart from *SCA Hygiene*. Its logic applies with equal force to the risk of shortening the three year statutory period in this case. The Complaint seeks relief for lost wages only within the statutory period. *See* Dkt. 1 at ¶1.1. Addressing the merits of a laches affirmative defense could shorten the statutory period for the case to be filed, an outcome that would place the Court in the role of legislator. Laches is an insufficient defense.

Plaintiff's motion to strike Affirmative Defense 8.4 should be granted and the defense stricken.

### *8.5 Plaintiff waived his claims when he (and/or putative class members) freely elected to participate in the Voluntary Work Program.*

Plaintiff argues that Defendant is statutorily precluded from bringing a waiver defense under Washington law, which prohibits any agreement between employers and employees to pay employees below minimum wage. Dkt. 37 at 13, citing RCW 49.60.090(1). It follows, Plaintiff continues, that Plaintiff could not have waived his minimum wage protections even if he wanted to. *Id*.

Defendant argues that, by virtue of participating in the Voluntary Work Program, Plaintiff was not an "employee" for Washington State Minimum Wage Act purposes and not subject to, and thus waived, its protections. Dkt. 38 at 17, 18. Defendant maintains that Plaintiff participated in a voluntary program and received an allowance or stipend, electing not to complete the "requisite paperwork" to be treated like an ICE employee. *Id*.

The parties' arguments boil down to the issue of whether the Washington Minimum Wage Act applies. Defendant's argument repeats its attack on the issue of whether Plaintiff could be an "employee." Dkt. 28 at 13, 14. RCW 49.60.090(1) provides: "Any agreement between

such employee and the employer allowing the employee to receive less than what is due under this chapter shall be no defense to such action." Under the assumption that Plaintiff is an employee, Washington law precludes Plaintiff from waiving his right to the prevailing minimum wage. Alternatively, under the assumption that Plaintiff was not an employee, *see* Dkt. 28 at 14, ln. 11, 12, Plaintiff would not be entitled to lost wages under the Washington Minimum Wage Act, and waiver would be a nonissue. Under either scenario, the merits of waiver by Plaintiff would not be reached. The affirmative defense of waiver is therefore an insufficient defense.

Plaintiff's motion to strike Affirmative Defense 8.5 should be granted and the defense stricken.

*8.8 Plaintiff's claim is not ripe **AND** 8.9 Plaintiff's claim is not justiciable.*

Defendant's standing argument predominately overlaps with its exhaustion argument. *See 8.11 below*.

Defendant also argues that Plaintiff lacks standing because he was not a lawful permanent resident when detained and was ineligible to work and to bring a lost wages claim. Dkt. 38 at 20.

Plaintiff argues that he was, in fact, entitled to minimum wage protections regardless of whether work was performed with employment authorization, because the Washington Minimum Wage Act applies to any "employee" as defined by state law. Dkt. 39 at 11. Plaintiff also argues that, as a threshold matter, ripeness is a subject-matter jurisdictional challenge under Fed. R. Civ. P. 12(b)(1), not an affirmative defense. *Id.*

The Court's subject-matter jurisdiction cannot be waived. Fed. R. Civ. P. 12(h)(3). As a practical matter, whether the ripeness and justiciability affirmative defenses are stricken is

inconsequential to the merits of whether the Court has jurisdiction. The defenses are not insufficient or redundant, and need not be stricken.

Plaintiff's motion to strike Affirmative Defenses 8.8 and 8.9 should be denied without prejudice.

### *8.10 Plaintiff has unclean hands.*

Defendant's theory is that Plaintiff has unclean hands, by filing this case under suspect circumstances, where he may have been motivated by political reasons, coercion, or undue influences. Dkt. 38 at 20. Defendant points to Plaintiff's apparent political influence and the coordination of this lawsuit with another filed by the Washington State Attorney General. *Id*.

Plaintiff contends that Defendant has done nothing more than cast baseless, hyperbolic aspersions against Plaintiff, none of which are found in the Answer itself, so the Affirmative Defense, as alleged, is insufficient. Dkt. 39 at 12. Further, according to Plaintiff, the equitable defense of unclean hands does not apply to the Washington Minimum Wage Act. Dkt. 39 at 12.

Plaintiff overstates what an affirmative defense must contain. Unlike the complaint, which must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 12(a)(2), an Answer need only give notice of the defense "in short and plain terms." Fed. R. Civ. P. 12(b)(1)(A). The rule gives examples of properly-termed affirmative defenses, "including: accord and satisfaction; arbitration and award; assumption of risk; contributory negligence; duress; estoppel[.]" Fed. R. Civ. P. 12(c)(1). As alleged by Defendant in this case, the Affirmative Defense is sufficient for Fed. R. Civ. P. 12(b)(1)(A) purposes.

Plaintiff's second argument, that the unclean hands doctrine does not apply to the Washington Minimum Wage Act, relies only on persuasive authority. Plaintiff cites to *Bailon v.*

*Seok AM No. 1 Corp.*, 2009 WL 4884340, at *5 (W.D. Wash. 2009), a case from this district. *Bailon* is of minimal assistance, because it rejected the affirmative defense of unclean hands summarily and as to a "FLSA/MWA" claim. *See id*. at *2 and *5. Defendant has articulated a cognizable theory that provides Plaintiff with notice, and the defense is neither insufficient nor redundant.

Plaintiff's motion to strike Affirmative Defense 8.10 should be denied without prejudice.

### *8.11 Exhaustion of administrative remedies.*

According to Defendant, Washington law recognizes the "principle in [the Washington Minimum Wage Act]" that administrative remedies must be pursued prior to court intervention. Dkt. 38 at 18, citing to RCW 49.46.040(2). Defendant also argues that Plaintiff should have, but failed to, exhaust federal administrative remedies, on two grounds: so that he could legally work for ICE with an approved I-765 work permit, and because he was a detainee and thus subject to administrative grievance procedures of the Prison Litigation Reform Act (PLRA). *Id*.

Defendant has not made any showing that the Washington Minimum Wage Act requires exhaustion of administrative remedies, where Defendant cites only to RCW 49.46.040(2). The subsection states: "With the consent and cooperation of federal agencies charged with the administration of federal labor laws, the Washington State Department of Labor and Industries director <u>may</u> . . . utilize the services of federal agencies and their employees[.]" RCW 49.46.040(2) (emphasis added). The statute simply authorizes Washington L&I to partner with federal counterparts and does not speak to a required administrative remedy.

Regarding federal administrative remedies, Defendant's arguments fare no better. First, the issue of whether Plaintiff exhausted administrative remedies for an I-765 work permit is not determinative of whether Plaintiff was an "employee" for Washington Minimum Wage Act

purposes. Under Washington law, courts decide whether a person is an "employee" by applying the economic-dependence test. *Anfinson v. FedEx Ground Package Sys., Inc.*, 174 Wn.2d 851, 871 (2012). To this Court's knowledge—and Plaintiff has not provided authority to the contrary—applying this test does not necessarily implicate consideration of federal administrative remedies. Second, as Plaintiff correctly notes, "an alien detained by [ICE, formerly known as] INS[,] pending deportation is not a "prisoner" within the meaning of the PLRA," *Agyeman v. I.N.S.*, 296 F.3d 871, 886 (9th Cir. 2002).

There is no showing as a matter of law that, under either state or federal law, Plaintiff needed to exhaust administrative remedies precedent to bringing a Washington Minimum Wage Act claim. The defense is insufficient. Plaintiff's motion to strike Affirmative Defense 8.11 should be granted and the defense stricken.

> *8.12. Class certification is improper because plaintiff [**sic**] cannot prove that certification is warranted* <u>**AND**</u> *8.13. Plaintiff is not entitled to attorney's fees or costs.*

Plaintiff argues that Affirmative Defenses 8.12 and 8.13 are not, in fact, affirmative defenses. Dkt. 37 at 15. Plaintiff maintains that striking them will minimize confusion and streamline the pleadings. *Id*.

Defendant has not opposed Plaintiff's motion to strike on these grounds and appears to have abandoned Affirmative Defenses 8.12 and 8.13. *See* Dkt. 38.

The Court agrees with Plaintiff. Notwithstanding Defendant's right to oppose motions for class certification, and for attorney's fees or costs, these defenses are not truly defenses and are therefore insufficient. Plaintiff's motion to strike Affirmative Defenses 8.12 and 8.13 should be granted and the defenses stricken.

**B. Other affirmative defenses not the subject of Plaintiff's motion.**

Plaintiff did not move to strike Affirmative Defenses 8.3 (preemption), 8.6 (joinder of DHS/ICE), 8.7 (no legal right to work), and 8.14 (offset). This Order makes no finding about them.

* * *

THEREFORE Plaintiff's Motion to Dismiss or Strike Defendant's Counterclaims and Affirmative Defenses (Dkt. 37) is GRANTED IN PART and DENIED IN PART as follows:

<u>Counterclaims:</u>

    (1) Unjust Enrichment. The motion to dismiss for failure to state a claim is DENIED.

    (2) Counterclaims for declaratory and injunctive relief. The motion to strike is DENIED WITHOUT PREJUDICE, except relief requested under the FLSA, which is stricken.

<u>Affirmative Defenses:</u>

    (1) The motion is GRANTED as to Affirmative Defenses 8.1 (failure to state a claim), 8.4 (laches), 8.5 (waiver), 8.11 (exhaustion of administrative remedies), 8.12 (impropriety of class certification), 8.13 (attorney's fees/costs), which are HEREBY STRICKEN.

    (2) The motion is DENIED WITHOUT PREJUDICE as to Affirmative Defenses 8.2 (statute of limitations), 8.8 (ripeness), 8.9 (justiciability), 8.10 (unclean hands).

    (3) The Court makes no finding as to Affirmative Defenses 8.3 (preemption), 8.6 (joinder of DHS/ICE), 8.7 (no legal right to work), and 8.14 (offset).

IT IS SO ORDERED.

1  The Clerk is directed to send uncertified copies of this Order to all counsel of record and
2  to any party appearing *pro se* at said party's last known address.
3  Dated this 28th day of February, 2018.

*[signature]*

ROBERT J. BRYAN
United States District Judge