UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHAO CHEN, individually and on behalf of all those similarly situated,

Plaintiff,

v.

THE GEO GROUP, INC., a Florida corporation,

Defendant.

No. 3:17-cv-05769-RJB

PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIMS

Plaintiff Chao Chen answers Defendant The GEO Group Inc.'s Counterclaims (Doc. 33) as follows:

**JURISDICTION**

9.1     Plaintiff admits that this Court has subject matter and personal jurisdiction over this action.

9.2     Plaintiff lacks knowledge sufficient to form a belief regarding the residence of GEO. Plaintiff admits that he is a resident of the State of Washington. Plaintiff admits that the amount in controversy exceeds $75,000.

PLTF.'S REPLY IN SUPPORT OF MOT. TO DISMISS DEF.'S COUNTERCL. & AFFIRM. DEFENSES (17-cv-05769-RJB)

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

# PARTIES

10.1 Plaintiff lacks knowledge sufficient to form a belief regarding the residence and principal place of business of GEO. Plaintiff admits that GEO operates NWDC under contract with ICE. Except as expressly admitted, the allegations in this paragraph are denied.

10.2 Admit.

10.3 Plaintiff admits that he was detained at NWDC, and that GEO contracted with ICE to provide Plaintiff and other detainees with food, clothing, medicine, and medical services during their detention. Plaintiff admits that GEO was paid by ICE for providing these goods and services.

10.4 Admit. Plaintiff notes that he was convicted in 2002 and received a full and unconditional pardon from Governor Jay Inslee on December 20, 2016.

10.5 Plaintiff admits that, in accordance with Washington state law which expressly exempts state prison facilities from the Washington Minimum Wage Act, he did not receive minimum wage for work performed while in the custody of the Washington State Department of Corrections. Plaintiff admits that the money he was paid included deductions, withholding for legal financial obligations and other offsets to the best of his recollection.

10.6 Plaintiff admits that he was placed in removal proceedings on or around April 26, 2010 due to his convictions. Plaintiff received a final order of removal on August 25, 2010, which terminated his lawful residence status. After completing his sentence in 2014, Plaintiff admits that he was transferred to NWDC where he was classified as high risk. Plaintiff's removal proceedings were reopened and his status was restored to that of a lawful permanent resident on August 2, 2017. Except as expressly admitted, Plaintiff denies the remaining allegations.

PLTF.'S ANSWER TO
COUNTERCLAIMS
(17-cv-05769-RJB) – 1

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

# CAUSES OF ACTION

## Unjust Enrichment

11.1 Plaintiff lacks knowledge sufficient to form a belief regarding the allegations in this paragraph and they are therefore denied.

11.2 Plaintiff admits that participation in the Voluntary Work Program is not mandatory, but notes that he and other detainees relied on income from the VWP to purchase necessities such as food, clothing and medicine, and that he and other detainees were unable to purchase these necessities absent participation in the VWP.

11.3 To the best of Plaintiff's recollection, he filed a KITE with ICE requesting to work in the VWP. Plaintiff lacks knowledge sufficient to form a belief regarding the remaining allegations in this paragraph and they are therefore denied.

11.4 Plaintiff admits that he was provided some food, some clothing, shelter and bedding while detained at NWDC and that he did not pay anyone for the meals provided by the facility, some of the clothing, shelter or bedding. Plaintiff denies that he was provided with recreation and entertainment, other than a small recreation yard, a radio with headphones, and three televisions within the unit shared by everyone in the pod. Plaintiff notes that one of the televisions was dedicated exclusively to Spanish-language programming. Plaintiff notes that both food and clothing were available for purchase at the commissary and that individuals frequently were required to purchase both food and clothing to meet their basic needs. Except as expressly admitted, the paragraph is denied.

11.5 Plaintiff admits that not all detainees participated in the VWP and that GEO did not mandate participation, but notes that he and other detainees participated in part

PLTF.'S ANSWER TO
COUNTERCLAIMS
(17-cv-05769-RJB) – 2

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

because they required the income from the VWP to purchase necessities such as food and clothing. Except as expressly admitted, the paragraph is denied.

11.6 Plaintiff admits that and all putative class members were detained in the NWDC at all times relevant to this case. Plaintiff also admits that he was not required to participate in the Voluntary Work Program, but notes that he and other detainees relied on income from the VWP to purchase necessities such as food and clothing. Plaintiff admits further that GEO did not physically coerce plaintiff to participate in the Voluntary Work Program, but notes that he and other detainees participated in the program to gain income to purchase necessities such as food, clothing and medicine. The remainder of the paragraph is denied.

11.7 Plaintiff admits that he did not file a formal job application for participation in the Voluntary Work Program. Plaintiff further admits that he did not file an application for employment authorization while he was detained at NWDC and that he was not eligible to work under 8 C.F.R. § 274a.12 between August 25, 2010 and August 2, 2017. The remainder of the paragraph is denied.

11.8 Plaintiff admits that he personally did not perform more than eight hours of work per day nor forty hours per week in the Voluntary Work Program. Plaintiff admits that he did not work more than three hours per day in the Voluntary Work Program. Plaintiff lacks knowledge sufficient to form a belief regarding the remaining allegations in this paragraph and they are therefore denied. Plaintiff lacks knowledge sufficient to form a belief regarding the exact number of hours worked by other class members on a daily or weekly basis but believes that there were some detainees who worked more than three hours per day.

PLTF.'S ANSWER TO
COUNTERCLAIMS
(17-cv-05769-RJB) – 3

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

11.9   Plaintiff admits that his participation in the Voluntary Work Program was temporary and dependent on his continued detention and that he could not participate after he was released. The remainder of the paragraph is denied.

11.10   Denied.

11.11   Plaintiff purchased food, clothing and medicine from the commissary during his detention. Plaintiff denies that he was provided recreation or entertainment, other than a small recreation yard, a radio with headphones, and three televisions within the unit shared by everyone in the pod. Plaintiff notes that one of the televisions was dedicated exclusively to Spanish-language programming. Plaintiff admits that he did not otherwise make payments to third parties for food, shelter, bedding, recreation, or entertainment while he was detained. The remainder of the paragraph is denied.

11.12   Plaintiff lacks knowledge sufficient to form a belief regarding the allegations in the last sentence of paragraph 11.12 and they are therefore denied. The remainder of the paragraph is denied.

11.13   Plaintiff lacks knowledge sufficient to form a belief regarding the allegations in this paragraph and they are therefore denied.

11.14   Denied.

### Declaratory Relief

12.1   Plaintiff admits that GEO operated the Voluntary Work Program. Plaintiff lacks knowledge sufficient to form a belief regarding the remaining allegations in this paragraph and they are therefore denied.

12.2   Plaintiff lacks knowledge sufficient to form a belief regarding the allegations in this paragraph and they are therefore denied.

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

12.3 Plaintiff lacks knowledge sufficient to form a belief regarding the allegations in this paragraph and they are therefore denied.

12.4 Plaintiff lacks knowledge sufficient to form a belief regarding the allegations in this paragraph and they are therefore denied.

12.5 Plaintiff lacks knowledge sufficient to form a belief regarding the allegations in this paragraph and they are therefore denied.

12.6 Admitted.

12.7 Plaintiff admits that he was not work authorized between August 25, 2010 and August 2, 2017 under 8 C.F.R. § 274a.12. Plaintiff lacks knowledge sufficient to form a belief regarding the remaining allegations in this paragraph and they are therefore denied.

12.8 Admit that Plaintiff filed this lawsuit and that it presents an actual controversy. Otherwise, denied.

12.9 Plaintiff lacks knowledge sufficient to form a belief regarding the allegations in this paragraph and they are therefore denied.

12.10 Plaintiff admits that detainees at NWDC are in federal custody and housed at a facility operated under contract with ICE. The remaining allegations contain a legal conclusion to which no response is required.

12.11 This paragraph contains legal conclusions to which no response is required. Plaintiff denies that all detainees' basic necessities were met. Plaintiff denies that participants in the Voluntary Work Program do not participate in commerce to the extent that, absent their participation in the VWP, GEO would be required to hire workers from the general population to do the work presently performed by detainees. Except as expressly admitted, the allegations in this paragraph are denied.

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

12.12   This paragraph calls for a legal conclusion to which no response is required. To the extent any response is required, Plaintiff denies.

### Prayer for Relief

To the extent Defendant's prayer for relief contains any facts, Plaintiff denies.

PLTF.'S ANSWER TO
COUNTERCLAIMS
(17-cv-05769-RJB) – 6

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

DATED this 14th day of March, 2018.

SCHROETER GOLDMARK & BENDER

*s/Jamal Whitehead*
Adam J. Berger, WSBA #20714
Lindsay L. Halm, WSBA #37141
Jamal N. Whitehead, WSBA #39818
810 Third Avenue, Suite 500
Seattle, WA 98104
Tel: (206) 622-8000
Fax: (206) 682-2305
berger@sgb-law.com
halm@sgb-law.com
whitehead@sgb-law.com

THE LAW OFFICE OF R. ANDREW FREE
*s/ Andrew Free*
Andrew Free (*Pro Hac Vice*)
P.O. Box 90568
Nashville, TN 37209
Tel: (844) 321-3221
Fax: (615) 829-8959
andrew@immigrantcivilrights.com

SUNBIRD LAW, PLLC
*s/ Devin T. Theriot-Orr*
Devin T. Theriot-Orr, WSBA # 33995
1001 Fourth Avenue, Suite 3200
Seattle, WA 98154-1003
Tel: (206) 962-5052
Fax: (206) 681-9663
devin@sunbird.law

*Attorneys for Plaintiff*

PLTF.'S ANSWER TO
COUNTERCLAIMS
(17-cv-05769-RJB) – 7

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

# CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| SUNBIRD LAW, PLLC<br>Devin T. Theriot-Orr, WSBA # 33995<br>1001 Fourth Avenue, Suite 3200<br>Seattle, WA 98154-1003<br>Tel: (206) 962-5052<br>devin@sunbird.law<br><br>Counsel for Plaintiff | THE LAW OFFICE OF R. ANDREW FREE<br>Andrew Free<br>Admitted *Pro Hac Vice*<br>PO Box 90568<br>Nashville, TN 37209<br>Tel: (844) 321-3221<br>andrew@immigrantcivilrights.com<br><br>Counsel for Plaintiff |
| Joan K. Mell<br>III Branches Law, PLLC<br>1019 Regents Boulevard, Suite 204<br>Fircrest, WA 98466<br>Tel: (253) 566-2510<br>joan@3ebrancheslaw.com<br><br>Attorney for Defendant | Mark Emery<br>Norton Rose Fulbright US LLP<br>799 9th Street, Suite 1000<br>Washington, D.C. 20001<br>Mark.emery@nortonrosefulbright.com<br><br>Attorney for Defendant |
| | Charles A. Deacon<br>Norton Rose Fulbright US LLP<br>300 Covent St.<br>San Antonio, TX 78205<br>Charles.deacon@nortonrosefulbright.com<br><br>Attorney for Defendant |

DATED at Seattle, Washington this 14th day of March, 2018.

s/ Devin T. Theriot-Orr
Devin T. Theriot-Orr, WSBA #33995

PLTF.'S ANSWER TO
COUNTERCLAIMS
(17-cv-05769-RJB) – 8

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305