# EXHIBIT 4

The Honorable Robert J. Bryan

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| CHAO CHEN, individually and on behalf of all those similarly situated,<br><br>               Plaintiff,<br><br>   v.<br><br>THE GEO GROUP, INC., a Florida corporation<br><br>               Defendant. | No. 17-cv-05769-RJB<br><br>**DEFENDANT THE GEO GROUP, INC.'S RESPONSES TO PLAINTIFF CHAO CHEN'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION** |

**THE GEO GROUP, INC'S RESPONSES TO PLAINTIFF'S FIRST**
**INTERROGATORIES AND REQUESTS FOR PRODUCTION**

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and the Local Rules of the U.S. District Court for the Western District of Washington (the "Local Rules"), Defendant The GEO Group, Inc. ("GEO") hereby responds and objects to Plaintiff's First Interrogatories and Requests for Production.

<u>**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**</u>

GEO objects to Plaintiff's definition of "<u>class members</u>" in paragraph 1.b. as inapplicable. There has been no class certification in this case and, therefore, no "class" exists. GEO will only respond to Plaintiff's First Interrogatories and Requests for Production to the extent that it concerns the sole named Plaintiff in this case, Chao Chen.

CHAO CHEN v. THE GEO GROUP, INC.<br>ECF CASE NO. 17-CV-05769-RJB<br>DEFENDANT GEO GROUP, INC.'S RESPONSE TO<br>FIRST INTERROGATORIES AND REQUESTS FOR<br>PRODUCTION

III BRANCHES LAW, PLLC<br>Joan K. Mell<br>1019 Regents Blvd. Ste. 204<br>Fircrest, WA 98466<br>253-566-2510 ph<br>joan@3brancheslaw.com

1   GEO objects to Plaintiff's definition of "<u>class period</u>" in paragraph 1.c. as inapplicable.

2   There has been no class certification in this case and, therefore, no "class" exists.  GEO will only

3   respond to Plaintiff's First Interrogatories and Requests for Production to the extent that it

4   concerns the period during which the sole named Plaintiff in this case, Chao Chen, was at the

5   Northwest Detention Center ("NWDC").

6   GEO objects to Plaintiff's definition of "<u>Defendant</u>," "<u>You</u>," and "<u>Your</u>" in paragraph 1.e

7   as outside the scope of discovery as defined by Fed. R. Civ. P. 26(b)(1) to the extent that the

8   request seeks information relating to persons or entities that are separate and distinct from GEO

9   and whom GEO has no legal right to control.  GEO further objects to these definitions to the

10   extent that the request includes GEO attorneys and, therefore, improperly seeks information

11   protected by the attorney-client privilege, the work product doctrine, the common interest

12   privilege, and/or any other applicable privileges or immunities.

13   GEO objects to Plaintiff's definition of "<u>describe in detail</u>" in paragraph 1.f. as unduly

14   burdensome and not proportional to the needs of the case to the extent that it would require GEO

15   to describe "every aspect of every fact, circumstance, act, omission, or course of conduct" known

16   to it about any request made by the Plaintiff.  GEO will make a reasonable effort to answer

17   interrogatories with detail determined after a reasonable inquiry.  Likewise, GEO objects to

18   identifying "each person present or connected with, or who has knowledge of the matter inquired

19   about" as unduly burdensome, overly broad, and not proportional to the needs to the case.  GEO

20   will make a reasonable effort to identify persons with knowledge of the matter inquired about to

21   the extent such inquiry is proportional and relates to the claims and defenses in the case.  Finally,

22   GEO objects to this definition as inapplicable to requests for production, as GEO is under no

23   obligation to describe the documents that it produces.  Subject to and without waiving GEO's

24   objections, GEO will make a reasonable effort to describe the requested information to the extent

25   the requests are proportional and relate to the claims and defenses in this case.

26   GEO objects to Plaintiff's definition to "<u>document</u>" in paragraph 1.h. to the extent that it

27   would exceed the definition of "document" under the Federal Rules of Civil Procedure.  GEO

28   
CHAO CHEN v. THE GEO GROUP, INC.
ECF CASE NO. 17-CV-05769-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION.

- 2 -

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

Whitehead Decl., Ex. 4 - 2

defines "document" according to its definition in Fed. R. Civ. P. 34(a)(1)(A).  GEO further objects to the definition to the extent that it includes "documents in another's possession."  GEO will only produce documents of entities over which it has a legal right to control.

GEO objects to Plaintiff's definition of "ICE" (Immigrations and Customs Enforcement) in paragraph 1.i as overly broad.  GEO defines ICE only to include the agency of the United States Department of Homeland Security, ICE employees, and any other persons or entities reasonably known to be acting on behalf of or under the direction, authorization, or control of ICE.

GEO objects to Plaintiff's definitions of "Identify" included in paragraphs 1.j. through 1.l. as unduly burdensome because the level of detail requested may not be possible to provide where there is not documentary information upon which to rely or is not attainable following a reasonable inquiry.  Subject to and without waiving GEO's objections, GEO will make a reasonable effort to identify natural persons, entities, documents, or conversations in its responses to Plaintiff's First Interrogatories.

GEO objects to Plaintiff's definition of "refers to" and "relates to" as overly broad, unduly burdensome, and not proportional to the needs of the case as terms like "evidence" "bear upon," "undercut," and others listed are not synonymous with the terms "refers to" and "relates to." Instead, Plaintiff seeks to expand the defined terms beyond their standard American usage. Furthermore, terms used to define "refers to" and "relates to" are vague and ambiguous.  GEO will define the terms "refers to" and "relates to" according to their standard American usage and reasonably interpret them based on their context as used in Plaintiff's First Interrogatories and Requests for Production.

GEO objects to Plaintiff's definition of "Voluntary Work Program" to the extent the program involves monetary compensation.  Detainees at NWDC receive an allowance of $1 per day for work activity performed as part of the Voluntary Work Program.

GEO objects to Instruction 2 to the extent that Plaintiff seeks information and the production of documents outside of the possession, custody, or control of the named party, GEO,

CHAO CHEN v. THE GEO GROUP, INC.
ECF CASE NO. 17-CV-05769-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION.

- 3 -

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

Whitehead Decl., Ex. 4 - 3

1   and any entities GEO has the legal right to control.  GEO further objects to this instruction to the

2   extent that the request includes GEO attorneys and, therefore, improperly seeks information

3   protected by the attorney-client privilege, the work product doctrine, the common interest

4   privilege, and/or any other applicable privileges or immunities.

5       GEO objects to Instruction 3 to the extent that Plaintiff seeks production of documents

6   outside of the possession, custody, or control of any entity that GEO has the legal right to control.

7   GEO further objects to this instruction to the extent it requires disclosure of documents destroyed

8   or disposed of that would have been responsive to one of Chen's document requests.  GEO is

9   under no obligation to detail documents disposed in the regular course of business before the duty

10  to preserve attached in this case.  GEO has taken reasonable steps to preserve documents and

11  information in the conduct of litigation, as is required under applicable case law and Fed. R. Civ.

12  P. 37(e).

13      GEO objects to Instruction 4 to the extent that it imposes obligations beyond those

14  required by the Federal Rules of Civil Procedure.  GEO will respond with objections in

15  accordance with Fed. R. Civ. P. 33(b) and 34(b).  Likewise, GEO will assert any claims of

16  privilege in accordance with Fed. R. Civ. P. 26(b)(5).

17      GEO objects to Instruction 5 to the extent it imposes obligations beyond those required by

18  the Federal Rules of Civil Procedure.  GEO will assert any claims of privilege in accordance with

19  Fed. R. Civ. P. 26(b)(5).

20      GEO objects to Instruction 6 as it states a procedure for the production of documents,

21  including the labelling of documents, that is unduly burdensome and not required under the

22  Federal Rules of Civil Procedure.  Pursuant to Fed. R. Civ. P. 34(b)(2)(E), GEO will produce

23  documents as they are kept in the usual course of business, as they were ordinarily maintained or

24  in a reasonably useable format.

25      GEO objects to Instruction 7 that requires "the entire document must be produced, along

26  with any attachments, drafts, and 'non-identical' copies."  GEO objects as this may require the

27  production of information subject to privilege, privacy or security restrictions.  GEO reserves the

28

CHAO CHEN v. THE GEO GROUP, INC.
ECF CASE NO. 17-CV-05769-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION.

- 4 -

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

Whitehead Decl., Ex. 4 - 4

right to redact information that is confidential and not responsive as well as to redact for privilege.  GEO may also produce documents redacted, *inter alia*, to protect the privacy and safety of individuals identified in the documents, detainees, GEO staff, and others.

GEO objects to Instruction 8 as confusing and ambiguous.  Pursuant to Fed. R. Civ. P. 34(b)(2)(E), GEO will produce email and other electronically stored information in a reasonably useable format.  Specifically, GEO will produce electronically stored information as single page TIFF images with extracted text and a load file.  GEO will produce redacted documents with OCR text to protect the redacted information.

GEO objects to Instruction 10 as unduly burdensome.  Pursuant to Fed. R. Civ. P. 34(b)(2)(E), GEO will produce Excel spreadsheets in native form and is willing to meet and confer regarding the production format of other documents on an individual case by case basis.

GEO objects to Instruction 11 as unduly burdensome and not proportional to the needs of the case as GEO will respond and produce documents relating to the period during which Chao Chen was a detainee at the NWDC as that is the only period during which Chen sustained any alleged harm and Chen has no standing to seek redress on behalf of others at this time.  Without waiver of any rights or other objections, GEO will supplement any responses to Plaintiff's First Interrogatories and Requests for Production, should they be necessary, in accordance with Fed. R. Civ. P. 26(e).

CHAO CHEN v. THE GEO GROUP, INC.
ECF CASE NO. 17-CV-05769-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION.

- 5 -

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

Whitehead Decl., Ex. 4 - 5

## RESPONSE TO INTERROGATORIES AND REQUESTS FOR PRODUCTION

**INTERROGATORY NO. 1:**        **Please identify each person answering or supplying information used in answering these discovery requests.**

**ANSWER TO NO. 1:**        GEO objects to this Interrogatory on the grounds that it requests information protected by the attorney-client privilege, the work product doctrine, the common interest privilege, and/or any other applicable privileges or immunities.  Subject to and without waiving the forgoing objections, GEO states that: James Black, Warden Clark, Bruce Scott, Alisha Singleton, and Michael Heye supplied information used in answering these discovery requests.

**INTERROGATORY NO. 2:**        **Please state the number of detainees who participated in the Voluntary Work Program at NWDC during the class period.**

**ANSWER TO NO. 2:**        GEO objects to this Interrogatory on the grounds that a class has not been certified in this case and, as such, no class period has been set and Chen does not have standing at this time to seek redress of any alleged harm other than to himself.  Further, GEO is unable to provide an accurate number of detainees who participated in the Voluntary Work Program at NWDC during an undefined period of time.  Should a class be certified in this case at a later date, GEO is willing to meet and confer regarding additional information it will provide in response to this Interrogatory, subject to ICE approval and court orders.

**INTERROGATORY NO. 3:**        **Identify all class members as defined above. Your answer should also include the Alien Registration Number (a/k/a "A-Number") of each class member.**

**ANSWER TO NO. 3:**        GEO objects to this Interrogatory on the grounds that a class has not been certified in this case and, as such, there are no "class members."  GEO objects to producing Alien Registration Numbers ("A-Numbers") of detainees, as this information is private and Plaintiff already knows his own A-Number.  Should a class be certified in this case at a later date, GEO is willing to meet and confer regarding additional information it will provide in response to this Interrogatory, subject to ICE approval and court orders.

**INTERROGATORY NO. 4:**        **For each class member identified in response to Interrogatory No. 3, please describe in detail the following:**

CHAO CHEN v. THE GEO GROUP, INC.
ECF CASE NO. 17-CV-05769-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION.

- 6 -

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

Whitehead Decl., Ex. 4 - 6

a.   dates of detention at NWDC (i.e., start and end of detention, if
     applicable) for each class member;
b.   hours worked as part of the Voluntary Work Program for each week
     of the class period;
c.   compensation provided in each week during the class period, broken
     down by category of compensation.

**ANSWER TO NO. 4:**      GEO objects to this Interrogatory on the grounds that a class has

not been certified in this case and, as such, there are no "class members."  Finally, GEO objects to

the use of the phrase "category of compensation" as it is vague and ambiguous.  Subject to the

above stated objections, GEO produced Mr. Chen's Resident Account Summary as an initial

disclosure at GEO-CHEN 000769 – 781 that shows $1.00 per day payments for his participation

within his housing unit as he was not cleared to leave his unit because he had been convicted of

FIRST DEGREE ASSAULT, FOURTH DEGREE ASSAULT, SECOND DEGREE

UNLAWFUL FIREARM POSSESSION, AND FELONY HARASSMENT (GEO CHEN 000554

– INITIAL DISCLOSURES) making him a known risk of harm to others.  GEO put the $1.00 on

his account whether he performed a task in ten minutes, or an hour.  ICE is the custodian of

Mr. Chen's detention file and would be the appropriate agency to verify his actual dates of

detention.  In the records ICE provided to GEO there is a record indicating ICE had Mr. Chen

enter the facility on October 21, 2014 and ICE released him from the NWDC on March 1, 2016.

Production of this record would require ICE approval or an order from the court.  Should a class

be certified in this case at a later date, GEO is willing to meet and confer regarding additional

information it will provide in response to this Interrogatory subject to the direction of ICE and/or

court orders.

**REQUEST FOR PRODUCTION A:**      Please produce all documents that relate to your
answer to the preceding Interrogatory.

**RESPONSE:**      GEO objects to this Request as overly broad and unduly burdensome based

on Plaintiff's own definition of "relate to" that would lead to the production of documents with no

relationship whatsoever to the claims or defenses in the case.  For example, paperwork

concerning a detainee's release may be "related to" the detainee's dates of detention at NWDC,

CHAO CHEN v. THE GEO GROUP, INC.
ECF CASE NO. 17-CV-05769-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION.

- 7 -

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

Whitehead Decl., Ex. 4 - 7

but have no bearing on the claims or defenses in this case.  GEO also objects to this Request to the extent that it seeks that information protected by the attorney-client privilege, the work product doctrine, the common interest privilege, and/or any other applicable privileges or immunities.  Subject to and without waiving the above stated objections, GEO will conduct a reasonable search of documents on active electronic systems and reasonably accessible paper storage areas that GEO reasonably believes contain potentially relevant information within its possession, custody, and control, and produce, to the extent they exist and following entry of a reasonable protective order, relevant, responsive, non-privileged documents, sufficient to show Plaintiff's date of detention, hours worked as part of the Voluntary Work Program, and compensation provided to him.  Should a class be certified in this case at a later date, GEO is willing to meet and confer regarding additional information it will provide in response to this Request subject to ICE approval and court orders.  GEO will withhold documents subject to the above stated objections.

**INTERROGATORY NO. 5:** **Describe in detail your policies, practices, and procedures referring or relating to the Voluntary Work Program at NWDC. At a minimum, your answer should describe the following:**

        a.    **detainee eligibility requirement(s);**
        b.    **detainee sign up procedure(s);**
        c.    **minimum skill or experience requirement(s) for any work assignment, task, or other duty;**
        d.    **your selection process for eligible detainees;**
        e.    **how work assignments are made;**
        f.    **type(s) of work, tasks, or other duties assigned;**
        g.    **detainee compensation;**
        h.    **disciplinary process related to poor performance;**
        i.    **supervision of detainees.**

**ANSWER TO NO. 5:** GEO objects to this Interrogatory on the grounds that it is compound and comprises of nine different areas of inquiry, GEO will count this inquiry accordingly when determining whether Chen has exceeded the maximum allowable interrogatories as permitted under Fed. R. Civ. P. 33(a)(1).  GEO objects to this Interrogatory on the grounds that it requests information that is outside the scope of discovery and not relevant to the claims or defenses in this case.  For example, information about what cleaning supplies a

CHAO CHEN v. THE GEO GROUP, INC.
ECF CASE NO. 17-CV-05769-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION.

- 8 -

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

detainee uses on specific tasks might be "related to" the Voluntary Work Program, but it has no

bearing on the claims or defenses in this case.  Subject to and without waiving GEO's above

stated objections, GEO answers as follows:  A detainee would be eligible to participate in the

Voluntary Work Program if the detainee were detained at the NWDC and volunteered to

participate.  If a detainee presents a high security threat like Mr. Chen, then the detainee may be

limited to activities in the housing unit.  Mr. Chen participated in the program as a Pod Porter

who would assist with the Pod clean up between 11:30 p.m. and 1:30 a.m. in 2015. In 2014 he

selected clean-up activities during the day like cleaning the microwaves, sinks, and counters at

least once a day after lunch, sweep and mop the upper and lower tier floors, clean the walls,

tables, table legs, and bolts, clean cell doors, sliders and frames, and other similar type tasks.  Any

detainee who wants to participate sends a request to classification.  Classification clears the

detainee to participate and has the detainee sign a voluntary work program agreement form.  The

detainee chooses what the detainee wants to do and then starts participating in the program when

there is space for a new person.  GEO has policy No. 5.1.2, which ICE approves, that applies to

the NWDC and applied during the time Chen was detained there.  GEO also refers Plaintiff to

Section 5.8 of ICE's publicly available Performance-Based National Detention Standards, which

describe federally-established standards for the Voluntary Work Program.  In practice, the staff

and detainees carry out daily activities to make sure the secure side of the facility is picked up and

clean, people are well fed, well groomed, and physically active.  Should a class be certified in this

case at a later date, GEO is willing to meet and confer regarding additional information it will

provide in response to this Interrogatory subject to ICE approval and court orders.

**REQUEST FOR PRODUCTION B:**       **Please produce all documents that relate to your answer to the preceding Interrogatory.**

**RESPONSE:**        GEO objects to this Request as violating Fed. R. Civ. P. 26(b)(1) because it

asks for information that is outside the scope of discovery.  Specifically, the breadth of the

request would include documents that have no bearing on the claims or defenses in this case.  For

example, cleaning supply order forms may be "related to" tasks detainees perform as part of the

CHAO CHEN v. THE GEO GROUP, INC.
ECF CASE NO. 17-CV-05769-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION.

- 9 -

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

Voluntary Work Program, but they have no bearing on the claims or defenses in this case.  GEO also objects to this Request to the extent that it seeks that information protected by the attorney-client privilege, the work product doctrine, the common interest privilege, and/or any other applicable privileges or immunities.  Subject to and without waiving the above stated objections, GEO will conduct a reasonable search of documents on active electronic systems and reasonably accessible paper storage areas that GEO reasonably believes contain potentially relevant information within its possession, custody, and control, and produce relevant, responsive, non-privileged documents, to the extent they exist and subject to an appropriate protective order, sufficient to show the policies, practices, and procedures referring or relating to the Voluntary Work Program during the time Plaintiff was detained at NWDC.  Should a class be certified in this case at a later date, GEO is willing to meet and confer regarding additional information it will provide in response to this Request subject to the Court's defined class period and subject to ICE approval and court orders.  .  GEO will withhold documents subject to the above stated objections.

**REQUEST FOR PRODUCTION C:** **Please produce all documents that relate or refer to the Voluntary Work Program at NWDC, including, but not limited to, all internal emails, memoranda, or other documents discussing the Voluntary Work Program.**

**RESPONSE:** GEO objects to this Request as violating Fed. R. Civ. P. 26(b)(1) because it asks for information that is outside the scope of discovery.  Specifically, the breadth of the request would include documents that have no bearing on the claims or defenses in this case.  For example, emails that merely mention the term "Voluntary Work Program" or "VWP" as a program available at the NWDC may indeed "relate to" the Voluntary Work Program but have no bearing on the claims or defenses in this case.  Moreover, GEO objects to this Request on the grounds that it is unduly burdensome and not proportional to the needs of the case as it seeks any and all documents ever created that might relate or refer to the Voluntary Work Program at NWDC.  GEO also objects to this Request to the extent that it seeks that information protected by the attorney-client privilege, the work product doctrine, the common interest privilege, and/or any other applicable privileges or immunities.  Subject to and without waiving the above stated

CHAO CHEN v. THE GEO GROUP, INC.
ECF CASE NO. 17-CV-05769-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION.

- 10 -

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

Whitehead Decl., Ex. 4 - 10

objections, GEO will conduct a reasonable search of documents on active electronic systems and

reasonably accessible paper storage areas that GEO reasonably believes contain potentially

relevant information within its possession, custody, and control, and produce relevant, responsive,

non-privileged documents, to the extent they exist and subject to an appropriate protective order,

referring or relating to the Voluntary Work Program while the Plaintiff was detained at NWDC.

Should a class be certified in this case at a later date, GEO is willing to meet and confer regarding

additional information it will provide in response to this Request subject to the Court's defined

class period and subject to ICE approval and court orders..  GEO will withhold documents subject

to the above stated objections.

**INTERROGATORY NO. 6:**          **Please describe in detail the system or procedure you use(d) for tracking or recording work hours and work assignments performed by detainees participating in the Voluntary Work Program, and identify all documents use(d) for tracking or recording such hours and assignments (e.g., punched timecards, handwritten time sheets, or recording by a computerized time records). For all documents identified, please state the following:**

> **a.      The policies or procedures in effect for preserving the integrity of the documents;**
>
> **b.      The retention period(s) for such documents;**
>
> **c.      All persons having custody of such records.**

**ANSWER TO NO. 6:**          GEO objects to this Interrogatory on the grounds that it violates

Fed. R. Civ. P. 26(b)(1) because it seeks information outside of the scope of discovery and which

has no bearing on the claims and defenses in this case.  For example, the Interrogatory seeks

policies and procedures "for preserving the integrity of the documents."  Plaintiff has not

asserted, or is there any reason to believe, that the integrity of GEO-held documents is at issue.

GEO further objects to this Interrogatory as unduly burdensome and not proportional to the needs

of the case as it seeks to identify "all persons having custody of such records."  Subject to and

without waiving GEO's above stated objections, GEO answers as follows:  Any documents

specific to a detainee is placed in a detainee file, which is then transferred to ICE for retention.

ICE controls the retention of detainee files.  ICE has Mr. Chen's detention file and has provided it

to GEO, but has not authorized its release without a court order or further authorization.  Mr.

Chen's history of payments was produced in early disclosures and shows his payments dating

CHAO CHEN v. THE GEO GROUP, INC.
ECF CASE NO. 17-CV-05769-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION.

- 11 -

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

Whitehead Decl., Ex. 4 - 11

back to 10/22/14.  He has a Pod Porter Job Description in his detention file that references the requirements that he complete a "voluntary worker agreement form" and have a "memo" turned in before being placed on the pod porter list to be paid.  Mr. Chen selected Grave Cleaner duties that are described as assisting with clean-up after lights out between 2330 and 0130 (11:30 p.m. - 1:30 a.m.).

**REQUEST FOR PRODUCTION D:**        **Please produce all documents that relate to your answer to the preceding Interrogatory.**

**RESPONSE:**        GEO objects to this Request because it violates Fed. R. Civ. P. 26(b)(1) by seeking documents outside of the scope of discovery.  Specifically, as it seeks documents relating to the procedures for "preserving the integrity of the documents."  Such information is not relevant to the claims or defenses in this case.  Furthermore, GEO objects to this Request as not proportional because discovery of such information is of no importance to resolving the issues of the case and the burden of the proposed discovery outweighs its likely benefit.  Finally, GEO objects to this Request on the grounds that it requests information protected by the attorney-client privilege, the work product doctrine, the common interest privilege, and/or any other applicable privileges or immunities.  Subject to and without waiving the above stated objections, GEO will conduct a reasonable search of documents on active electronic systems and reasonably accessible paper storage areas that GEO reasonably believes contain potentially relevant information within its possession, custody, and control, and produce relevant, responsive, non-privileged documents, to the extent they exist and following entry of a reasonable protective order, documents sufficient to show the retention period and custodians for documents relevant to the claims and defenses in this case.  Should a class be certified in this case at a later date, GEO is willing to meet and confer regarding additional information it will provide in response to this Request subject to the Court's defined class period and subject to ICE approval and court orders.  GEO will withhold responsive documents subject to the above stated objections.

**INTERROGATORY NO. 7:**        **Please describe in detail how you determined the offset amount of $17.12 per hour described on page three of your Rule 26 Initial Disclosures dated December 20, 2017.**

CHAO CHEN v. THE GEO GROUP, INC.
ECF CASE NO. 17-CV-05769-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION.

- 12 -

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

Whitehead Decl., Ex. 4 - 12

**ANSWER TO NO. 7:**         GEO also objects to this Interrogatory to the extent that it seeks that

information protected by the attorney-client privilege, the work product doctrine, the common

interest privilege, and/or any other applicable privileges or immunities.  Subject to and without

waiving the above stated objections, GEO answers as follows: The formula is described on the

disclosure so this question is impossible to answer with any additional explanation.  The numbers

come from the budget and actual expenditures of the NWDC.  GEO will produce the spreadsheets

that total the expenditures.

**REQUEST FOR PRODUCTION E:**         **Please produce all documents that relate to your answer to the preceding Interrogatory.**

**RESPONSE:**         GEO objects to this Request on the grounds that it requests information

protected by the attorney-client privilege, the work product doctrine, the common interest

privilege, and/or any other applicable privileges or immunities. Subject to and without waiving

the above stated objections, GEO will conduct a reasonable search of documents on active

electronic systems and reasonably accessible paper storage areas that GEO reasonably believes

contain potentially relevant information within its possession, custody, and control, and produce

relevant, responsive, non-privileged documents, to the extent they exist and following entry of a

reasonable protective order, documents sufficient to show the total actual expenditures of the

NWDC during the time Chen was a detainee at the NWDC.  Should a class be certified in this

case at a later date, GEO is willing to meet and confer regarding additional information it will

provide in response to this Request subject to the Court's defined class period and subject to ICE

approval and court orders.  GEO will withhold documents subject to the above stated objections.

**REQUEST FOR PRODUCTION F:**         **Please produce copies of your financial statements or other documents reflecting both budgeted and actual expenditures on detainee room, clothing, food, laundry, utilities, and any other expenses for which you now seek an offset, from September 26, 2013, to the present.**

**RESPONSE:**         GEO objects to this Request to the extent that it seeks financial statements

or other documents reflecting "budgeted" expenditures that are not relevant to the claims or

defenses in this case.  GEO also objects to this Request on the grounds that it is unduly

burdensome, as it would require GEO to continuously supplement and produce additional

CHAO CHEN v. THE GEO GROUP, INC.
ECF CASE NO. 17-CV-05769-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION.

- 13 -

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

Whitehead Decl., Ex. 4 - 13

information without a defined end date.  Subject to and without waiving GEO's above stated objections, GEO will conduct a reasonable search of documents on active electronic systems and reasonably accessible paper storage areas that GEO reasonably believes contain potentially relevant information within its possession, custody, and control, and produce relevant, responsive, non-privileged documents, to the extent they exist and following entry of a reasonable protective order, sufficient to show actual expenditures on detainee room, clothing, food, laundry, utilities, and any other expenses for which GEO seeks an offset during the time period Chen was detained at the NWDC.  Should a class be certified in this case at a later date, GEO is willing to meet and confer regarding additional information it will provide in response to this Request subject to the Court's defined class period and subject to ICE approval and court orders.  GEO will withhold documents subject to the above stated objections.

**REQUEST FOR PRODUCTION G:**      **Please produce copies of your financial statements, both annually and quarterly, including by not limited to certified financials (i.e., income statement, cash flow, balance sheet) and disclosures to state and federal taxing authorities, from September 26, 2013, to present.**

**RESPONSE:**      GEO objects to this Request as outside of the scope of discovery, as it seeks documents that are not relevant to the claims or defenses in this case.  Furthermore, GEO objects to this Request as it is not proportionate to the needs of the case, as discovery of GEO's financial statements does nothing to resolve any issue in the case and any burden on GEO would outweigh the negligible benefit Plaintiff would receive from the information.  Finally, GEO objects to this Request on the grounds that it requests information protected by the attorney-client privilege, the work product doctrine, the common interest privilege, and/or any other applicable privileges or immunities.  GEO will not be producing documents in response to this Request and is withholding responsive documents subject to the above stated objections.

**INTERROGATORY NO. 8:**      **Please identify any and all detainees at NWDC from whom you have sought reimbursement for your costs or expenditures related to their detainment (e.g., room, clothing, food, laundry, utilities).**

**ANSWER TO NO. 8:**      GEO objects to this Interrogatory as beyond the scope of discovery to the extent that it seeks information relating to detainees other than the named Plaintiff, Chao

CHAO CHEN v. THE GEO GROUP, INC.
ECF CASE NO. 17-CV-05769-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION.

- 14 -

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

Whitehead Decl., Ex. 4 - 14

Chen.  GEO objects on the grounds that this Interrogatory is overly broad, as it is not limited by time or by class, never mind that such a class has yet to be certified.  Finally, GEO objects to this Interrogatory on the grounds that it requests information protected by the attorney-client privilege, the work product doctrine, the common interest privilege, and/or any other applicable privileges or immunities.  GEO answers the interrogatory as follows: No one.  GEO has not to date been forced to address offsets.

**INTERROGATORY NO. 9:**        **Please describe in detail any investments in equipment or materials you received from, or require of, detainees who participate in the Voluntary Work Program.**

**ANSWER TO NO. 9:**        GEO objects to this Interrogatory on the grounds that it is vague and ambiguous in that it seeks information regarding "any investments in equipment or materials" received from detainees participating in the Voluntary Work Program.  This interrogatory presumes that an independent contractor factor in an economic reality test would be applicable to detention, which is an erroneous legal conclusion.  Without waiving stated objections.  None.

**REQUEST FOR PRODUCTION H:**        **Please produce all documents that relate to your answer to the preceding Interrogatory.**

**RESPONSE**   GEO objects to this Request on the grounds that the preceding Interrogatory is vague and ambiguous in that it seeks information regarding "any investments in equipment or materials" received from detainees participating in the Voluntary Work Program.  As written, GEO believes there are no documents responsive to this request.

**INTERROGATORY NO. 10:**        **Please describe in detail all jobs, tasks, or other duties performed by detainees participating in the Voluntary Work Program at NWDC that are also performed by your employees or independent contractors, and identify all employees or independent contractors performing such jobs, tasks, or other duties.**

**ANSWER TO NO. 10:**        GEO objects to this Interrogatory as not relevant to the claims or defenses of this case to the extent that it seeks identification of specific employees or independent contractors.  Subject to and without waiving GEO's above stated objections, GEO answers as follows:  GEO employees and independent contractors do not participate in the Voluntary Work

CHAO CHEN v. THE GEO GROUP, INC.
ECF CASE NO. 17-CV-05769-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION.

- 15 -

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

Whitehead Decl., Ex. 4 - 15

Program.  To the extent responsive information reveals information about staffing, this information is confidential and may require ICE's approval to disclose.

**REQUEST FOR PRODUCTION I:**      **Please produce all documents that relate to your answer to the preceding Interrogatory.**

**RESPONSE:**      GEO objects to this Request as seeking information outside of the scope of discovery as information relating to the identity of non-detainees performing work outside of the Voluntary Work Program is not relevant to the claims and defenses of the case.  Furthermore, GEO objects on the grounds that producing the requested documents is unduly burdensome, overly broad, and not proportionate to the needs of the case as the burdens of additional discovery outweigh the negligible benefit Plaintiff will receive from the information.  Subject to and without waiving GEO's foregoing objections, GEO will conduct a reasonable search of documents on active electronic systems and reasonably accessible paper storage areas that GEO reasonably believes contain potentially relevant information within its possession, custody, and control, and produce relevant, responsive, non-privileged documents, to the extent they exist and subject to an appropriate protective order, sufficient to show the jobs, tasks, or other duties commonly held by other individuals at NWDC in addition to detainees involved in the Voluntary Work Program during the time Chen was detained at the NWDC.  To the extent responsive information reveals information about staffing, this information is confidential and may require ICE's approval to disclose.  Should a class be certified in this case at a later date, GEO is willing to meet and confer regarding additional information it will provide in response to this Request subject to the Court's defined class period and subject to ICE approval and court orders.  GEO will withhold documents subject to the above stated objections.

**REQUEST FOR PRODUCTION J:**      **Please produce a copy of the job descriptions of all employees and independent contractors identified in your response to Interrogatory No. 10.**

**RESPONSE:**      Subject to and without waiving GEO's above stated objections, GEO will conduct a reasonable search of documents on active electronic systems and reasonably accessible paper storage areas that GEO reasonably believes contain potentially relevant information within

CHAO CHEN v. THE GEO GROUP, INC.
ECF CASE NO. 17-CV-05769-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION.

- 16 -

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

Whitehead Decl., Ex. 4 - 16

1    its possession, custody, and control, and produce relevant, responsive, non-privileged documents,

2    to the extent they exist and subject to an appropriate protective order, of descriptions for jobs,

3    tasks, or other duties commonly performed by individuals at NWDC in addition to detainees in

4    the Voluntary Work Program during the time Chen was detained at the NWDC.  Should a class

5    be certified in this case at a later date, GEO is willing to meet and confer regarding additional

6    information it will provide in response to this Request subject to the Court's defined class period

7    and subject to ICE approval and court orders. To the extent responsive information reveals

8    information about staffing, this information is confidential and may require ICE's approval to

9    disclose.  GEO will withhold documents subject to the above stated objections.

10   **INTERROGATORY NO. 11:**        **Do you contend that detainees had an opportunity to**
     **work for other employers or entities during their detention at NWDC? If so, describe in**
11   **detail the factual basis for your contention.**

12   **ANSWER TO NO. 11:**        Subject to and without waiving GEO's above stated objections,

13   GEO answers as follows:  Yes.  Detainees who want to work in a real job may submit an

14   employment authorization (I-765 "EAD") request to ICE or to the administrative judge in the

15   detainee's removal proceedings for authorization to work in a position approved by ICE if

16   eligible.  GEO has no control over Mr. Chen's or any other person's detention or employment.

17   GEO may not employ any detainee.

18   **REQUEST FOR PRODUCTION K:**        **Please produce all documents that relate to your**
     **answer to the preceding Interrogatory.**
19
     **RESPONSE:**        Subject to and without waiving GEO's above stated objections, GEO will
20
     conduct a reasonable search of documents on active electronic systems and reasonably accessible
21
     paper storage areas that GEO reasonably believes contain potentially relevant information within
22
     its possession, custody, and control, and produce relevant, responsive, non-privileged documents,
23
     to the extent they exist and subject to an appropriate protective order, sufficient to show any
24
     detainee opportunities for work for other employers or entities during the time Chen was detained
25
     at the NWDC.  Should a class be certified in this case at a later date, GEO is willing to meet and
26
     confer regarding additional information it will provide in response to this Request subject to the
27

28   CHAO CHEN v. THE GEO GROUP, INC.
     ECF CASE NO. 17-CV-05769-RJB
     DEFENDANT GEO GROUP, INC.'S RESPONSE TO        - 17 -
     FIRST INTERROGATORIES AND REQUESTS FOR
     PRODUCTION.

     III BRANCHES LAW, PLLC
     Joan K. Mell
     1019 Regents Blvd. Ste. 204
     Fircrest, WA 98466
     253-566-2510 ph
     joan@3brancheslaw.com

Whitehead Decl., Ex. 4 - 17

Court's defined class period and subject to ICE approval and court orders.  GEO will withhold

documents subject to the above stated objections.  Please see the materials produced and

referenced on GEO's Motion to Dismiss.

**INTERROGATORY NO. 12:**      **Please identify all persons who supervised work performed by detainees participating in the Voluntary Work Program during the class period, including each person's job classification and the length of time in such position.**

**ANSWER TO NO. 12:**      GEO objects to this Interrogatory on the grounds that a class has

not been certified in this case and, as such, no class period has been set.  Even if the Interrogatory

were not otherwise objectionable, GEO would not be able to accurately "identify all persons who

supervised work performed by detainees participating in the Voluntary Work Program" at NWDC

during an undefined period of time.  In addition, GEO objects to this Interrogatory as it seeks

information about detainee supervision that is not relevant to the claims or defenses in this case,

which concern work performed as part of the Voluntary Work Program and makes no claim

regarding supervision of detainees.  Subject to and without waiving GEO's above stated

objections, GEO answers as follows: Bert Henderson is the Food Service Manager hired on

3/19/2007 (11 years of service).  Alisha Singleton hired 9/24/2011 (17 years of service), and

Michael Heye hired on 10/12/2004 (14 years of service), are classification officers who are

primarily involved with the program.  All detention officers would be responsible for overseeing

the participants carrying out tasks.  The identification of all detention officers, their job

descriptions and length of service is a disproportionate discovery request as the identified officers

are capable of describing the activities of the VWP.  Should a class be certified in this case at a

later date, GEO is willing to meet and confer regarding additional information it will provide in

response to this Request subject to the Court's defined class period and subject to ICE approval

and court orders.

**REQUEST FOR PRODUCTION L:**      **Please produce all documents describing the work, tasks, or other duties performed, or to be performed, by detainees participating in the Voluntary Work Program during the class period.**

**RESPONSE:**      GEO objects to this Request on the grounds that a class has not been

certified in this case and, as such, no class period has been set.  GEO objects to this Request as it

CHAO CHEN v. THE GEO GROUP, INC.
ECF CASE NO. 17-CV-05769-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION.

- 18 -

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

Whitehead Decl., Ex. 4 - 18

is overly broad, unduly burdensome and disproportionate as defined under Rule 26(b)(1), because it requests <u>all documents</u> describing the work tasks, when documents sufficient to show such information would be reasonable and proportionate to produce and provide Chen with the information he is seeking that is relevant to the claims and defenses in the case.  Subject to and without waiving GEO's above stated objections, GEO will conduct a reasonable search of documents on active electronic systems and reasonably accessible paper storage areas that GEO reasonably believes contain potentially relevant information within its possession, custody, and control, and following entry of a reasonable protective order, produce relevant, responsive, non-privileged documents, sufficient to show the work, tasks, or other duties the Plaintiff performed by participating in the Voluntary Work Program at NWDC.  Should a class be certified in this case at a later date, GEO is willing to meet and confer regarding additional information it will provide in response to this Request subject to the Court's defined class period and subject to ICE approval and court orders.  GEO will withhold documents subject to the above stated objections.

**REQUEST FOR PRODUCTION M:**    **Please produce all documents that relate or refer to your employee or independent contractor staffing plans or work schedules, or both, at NWDC during the class period. This includes, but is not limited to, documents related to daily, weekly, or monthly staffing plans or schedules, employee rosters and work assignments, and the units or areas to which each employee or independent contractor was assigned.**

**RESPONSE:**      GEO objects to this Request as overly broad, unduly burdensome, and disproportionate as it seeks information wholly unrelated the claims and defenses of this case. Not only does this Request not request documents related to the Voluntary Work Program at NWDC, it does not seek information related to NWDC detainees like the Plaintiff at all.  GEO also objects to this because the negligible benefit of this information to the Plaintiff is far outweighed by the security risks incurred by disclosing the information.  GEO further objects to this Request on the grounds that a class has not been certified in this case and, as such, no class period has been set.  GEO will not be producing documents in response to this Request and is withholding responsive documents subject to the above stated objections.

CHAO CHEN v. THE GEO GROUP, INC.
ECF CASE NO. 17-CV-05769-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION.

- 19 -

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

Whitehead Decl., Ex. 4 - 19

**INTERROGATORY NO. 13:**        Do you contend that Plaintiff's claims stated within the complaint are not "typical," as that term is used in Fed. R. Civ. P. 23(a)(3), of the putative class? If so, describe in detail the factual basis for your contention.

**ANSWER TO NO. 13:**        GEO objects to this Interrogatory on the grounds that it requests information protected by the attorney-client privilege, the work product doctrine, the common interest privilege, and/or any other applicable privileges or immunities.  GEO further objects to this Interrogatory on the grounds that a class has not been certified in this case as yet so it is impossible to determine whether Chen's claims are typical of any putative class that may be certified at a future date.  Should a class be certified in this case at a later date, GEO is willing to meet and confer regarding additional information it will provide in response to this Interrogatory subject to the Court's defined class period subject to ICE approval and court orders.

**REQUEST FOR PRODUCTION N:**        Please produce all documents that relate to your answer to the preceding Interrogatory.

**RESPONSE:**        GEO objects to this Request on the grounds that it requests information protected by the attorney-client privilege, the work product doctrine, the common interest privilege, and/or any other applicable privileges or immunities.  GEO further objects to this Request on the grounds that a class has not been certified in this case as yet so it is impossible to determine whether Chen's claims are typical of any putative class that may be certified at a future date.  GEO will not be producing any documents in response to this Request and is withholding documents subject to the above stated objections.  Should a class be certified in this case at a later date, GEO is willing to meet and confer regarding additional information it will provide in response to this Request subject to the Court's defined class period and subject to ICE approval and court orders.

**INTERROGATORY NO. 14:**        Do you contend that Plaintiff is not an "adequate" representative, as that term is used in Fed. R. Civ. P. 23(a)(4), of the proposed class? If so, describe in detail the factual basis for your contention.

**ANSWER TO NO. 14:**        GEO objects to this Interrogatory on the grounds that it requests information protected by the attorney-client privilege, the work product doctrine, the common interest privilege, and/or any other applicable privileges or immunities.  GEO further objects to

CHAO CHEN v. THE GEO GROUP, INC.
ECF CASE NO. 17-CV-05769-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION.

- 20 -

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

Whitehead Decl., Ex. 4 - 20

1   this Interrogatory on the grounds that a class has not been certified in this case as yet so it is

2   impossible to determine whether Chen would be an adequate representative of any putative class

3   that may be certified at a future date.  Should a class be certified in this case at a later date, GEO

4   is willing to meet and confer regarding additional information it will provide in response to this

5   Interrogatory subject to the Court's defined class period subject to ICE approval and court orders.

6   **REQUEST FOR PRODUCTION O:**        **Please produce all documents that relate to your answer to the preceding Interrogatory.**

7

8   **RESPONSE:**        GEO objects to this Request on the grounds that it requests information

9   protected by the attorney-client privilege, the work product doctrine, the common interest

10  privilege, and/or any other applicable privileges or immunities.  GEO further objects to this

11  Request on the grounds that a class has not been certified in this case as yet so it is impossible to

12  determine whether Chen would be an adequate representative of any putative class that may be

13  certified at a future date.  GEO is not producing documents in response to this Request and is

14  withholding documents subject to the above stated objections.  Should a class be certified in this

15  case at a later date, GEO is willing to meet and confer regarding additional information it will

16  provide in response to this Request subject to the Court's defined class period and subject to ICE

17  approval and court orders.

18  **INTERROGATORY NO. 15:**        **Do you contend that a conflict exists between Plaintiff and the class members with respect to recovery of additional compensation for detainees who participated in the Voluntary Work Program? If so, describe in detail the factual basis for your contention.**

19

20  **ANSWER TO NO. 15:**        GEO objects to this Interrogatory on the grounds that it requests

21  information protected by the attorney-client privilege, the work product doctrine, the common

22  interest privilege, and/or any other applicable privileges or immunities.  GEO further objects to

23  this Request on the grounds that a class has not been certified in this case as yet so it is impossible

24  to determine whether there would be a conflict between Chen and any putative class members of

25  a class that may be certified at a future date.  Should a class be certified in this case at a later date,

26  GEO is willing to meet and confer regarding additional information it will provide in response to

27

28  CHAO CHEN v. THE GEO GROUP, INC.
ECF CASE NO. 17-CV-05769-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION.

- 21 -

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

Whitehead Decl., Ex. 4 - 21

this Request subject to the Court's defined class period and subject to ICE approval and court orders.

**REQUEST FOR PRODUCTION P:**       **Please produce all documents that relate to your answer to the preceding Interrogatory.**

**RESPONSE:**       GEO objects to this Request on the grounds that it requests information protected by the attorney-client privilege, the work product doctrine, the common interest privilege, and/or any other applicable privileges or immunities.  GEO further objects to this Request on the grounds that a class has not been certified in this case as yet so it is impossible to determine whether there would be a conflict between Chen and any putative class members of a class that may be certified at a future date.  GEO will not be producing documents in response to this Request and is withholding documents subject to the above stated objections.  Should a class be certified in this case at a later date, GEO is willing to meet and confer regarding additional information it will provide in response to this Request subject to the Court's defined class period and subject to ICE approval and court orders.

**REQUEST FOR PRODUCTION Q:**       **Please produce all documents that relate or refer to comments or complaints by any detainee about the Voluntary Work Program, and any responses thereto.**

**RESPONSE:**       GEO objects to this Request on the grounds that it is unduly burdensome and outside of the scope of discovery, as it seeks "all documents that relate or refer to" comments by any detainee about the Voluntary Work Program.  Moreover, GEO objects to this Request as overly broad and unduly burdensome because it is unbounded by any time constraint that would be relevant to Chen's claims.  Subject to and without waiving GEO's above stated objections, GEO will conduct a reasonable search of documents on active electronic systems and reasonably accessible paper storage areas that GEO reasonably believes contain potentially relevant information within its possession, custody, and control, and following entry of a reasonable protective order, GEO will produce relevant, responsive, non-privileged documents that contain comments or complaints by any detainee at NWDC about the Voluntary Work Program during the time Chen was a detainee at the NWDC.  Should a class be certified in this case at a later date,

CHAO CHEN v. THE GEO GROUP, INC.
ECF CASE NO. 17-CV-05769-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION.

- 22 -

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

Whitehead Decl., Ex. 4 - 22

GEO is willing to meet and confer regarding additional information it will provide in response to this Request subject to the Court's defined class period and subject to ICE approval and court orders.  GEO is withholding documents subject to the above stated objections.

**REQUEST FOR PRODUCTION R:      Please produce any documents on which Plaintiff is named, including his complete personnel file, if any.**

**RESPONSE:**      GEO objects to this Request as it violates Fed. R. Civ. P. 26(b)(1) by requesting information that is outside the scope of discovery.  Specifically, the request asks for any document with Plaintiff's name on it, when the claims and defenses in this case relate solely to Plaintiff's participation in the Voluntary Work Program.  Subject to and without waiving GEO's above stated objections, GEO will produce Plaintiff's detainee file subject to ICE approval and or a court order.  GEO will also, after a reasonable search of documents on active electronic systems and reasonably accessible paper storage areas that GEO reasonably believes contain potentially relevant information within its possession, custody, and control, and following entry of a reasonable protective order, produce any relevant, responsive, non-privileged document containing Plaintiff's name regarding the Voluntary Work Program at NWDC.  GEO is withholding documents subject to the above stated objections.

**REQUEST FOR PRODUCTION S:      Please produce all write-ups or disciplinary records for any detainee stemming from participation in the Voluntary Work Program.**

**RESPONSE:**      GEO objects to this Request as violating Fed. R. Civ. P. 26(b)(1) as it asks for documents as outside the scope of discovery.  Specifically, the request asks for write-ups or disciplinary records for any detainee stemming from participation in the VWP, which bear no relation to the claims or defenses in this case.  Moreover, Chen presently has no standing to inquire into the write-ups or disciplinary action of other detainees.  Subject to and without waiving GEO's above stated objections, GEO will, after a reasonable search of documents on active electronic systems and reasonably accessible paper storage areas that GEO reasonably believes contain potentially relevant information within its possession, custody, and control, and following entry of a reasonable protective order, produce any relevant, responsive, non-privileged write-ups or disciplinary records (to the extent they exist) relating to Chen's participation in the

CHAO CHEN v. THE GEO GROUP, INC.
ECF CASE NO. 17-CV-05769-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION.

- 23 -

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

Whitehead Decl., Ex. 4 - 23

1    Voluntary Work Program.  GEO will be withholding documents subject to the above stated

2    objections.

3    **REQUEST FOR PRODUCTION T:        Please produce all documents containing or
     reflecting communications between you and ICE referring or relating to this lawsuit.**

4
     **RESPONSE:**            GEO objects to this Request on the grounds that it requests information

5
     protected by the attorney-client privilege, the work product doctrine, the common interest

6
     privilege, and/or any other applicable privileges or immunities.  Subject to and without waiving

7
     GEO's above stated objections, GEO will, after a reasonable search of documents on active

8
     electronic systems and reasonably accessible paper storage areas that GEO reasonably believes

9
     contain potentially relevant information within its possession, custody, and control, and following

10
     entry of a reasonable protective order, produce any relevant, responsive, non-privileged

11
     communications with ICE regarding this lawsuit.  GEO may be withholding privileged

12
     documents subject to the above stated objections.

13
     **REQUEST FOR PRODUCTION U:        Please produce all documents containing or
     reflecting communications between you and ICE regarding the Voluntary Work Program
     at NWDC.**

14

15
     **RESPONSE:**            GEO objects to this Request as it is overly broad and unduly burdensome

16
     to the extent that it requests all communications between GEO and ICE regarding the Voluntary

17
     Work Program, without limitations as to time or specific subject matter.  Furthermore, GEO

18
     objects to this Request as duplicative and cumulative of other, more specific Requests, such as

19
     Requests W and X.  Subject to and without waiving GEO's above stated objections, GEO will

20
     conduct a reasonable search of documents on active electronic systems and reasonably accessible

21
     paper storage areas that GEO reasonably believes contain potentially relevant information within

22
     its possession, custody, and control, and following entry of a reasonable protective order, produce

23
     relevant, responsive, non-privileged documents containing or reflecting communications between

24
     GEO and ICE regarding the Voluntary Work Program at NWDC during the time period Chen was

25
     a detainee at the NWDC.  Should a class be certified in this case at a later date, GEO is willing to

26
     meet and confer regarding additional information it will provide in response to this Request

27

28
CHAO CHEN v. THE GEO GROUP, INC.
ECF CASE NO. 17-CV-05769-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION.

- 24 -

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

Whitehead Decl., Ex. 4 - 24

subject to the Court's defined class period and subject to ICE approval and court orders.  GEO is

withholding documents subject to the above stated objections.

**REQUEST FOR PRODUCTION V:**       **Please produce all contracts and agreements, and any addenda thereto, between you and ICE related to NWDC.**

**RESPONSE:**       GEO objects to this Request as it is unbounded by time to the relevant time

period relating to Chen's detention at the NWDC.  Subject to and without waiving GEO's

definition and instructions objections, GEO will conduct a reasonable search of documents on

active electronic systems and reasonably accessible paper storage areas that GEO reasonably

believes contain potentially relevant information within its possession, custody, and control, and

produce relevant, responsive, non-privileged copies, to the extent they exist following entry of a

reasonable protective order, of all bids or contracts between The GEO Group, Inc. and

Immigration and Customs Enforcement ("ICE") regarding the Northwest Detention Center in

effect during the time Chen was a detainee at the NWDC.  Should a class be certified in this case

at a later date, GEO is willing to meet and confer regarding additional information it will provide

in response to this Request subject to the Court's defined class period and subject to ICE approval

and court orders.  GEO is withholding documents subject to the above stated objections.

**REQUEST FOR PRODUCTION W:**       **Please produce all proposals made by you to ICE, including any cover letters, submittal sheets, appendices, supplements, amendments, and addenda thereto, referring or relating to the contracts or agreements produced in response to the preceding Request for Production.**

**RESPONSE:**       GEO objects to this Request as seeking information outside of the scope of

discovery as the information sought is not relevant to the claims or defenses in this case.

Whatever proposals GEO made to ICE are irrelevant to the actual agreements between the two

entities and did not affect the programs available to Chen or the allowances provided by those

programs.   GEO is withholding documents subject to the above stated objections and ICE's

approval.

**REQUEST FOR PRODUCTION X:**       **Please provide all documents referring to requests for reimbursement you submitted to ICE, and any responses thereto, for operating the Volunteer Work Program at NWDC.**

CHAO CHEN v. THE GEO GROUP, INC.
ECF CASE NO. 17-CV-05769-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION.

- 25 -

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

Whitehead Decl., Ex. 4 - 25

**RESPONSE:**        GEO objects to this Request on the grounds that it requests information protected by the attorney-client privilege, the work product doctrine, the common interest privilege, and/or any other applicable privileges or immunities.  GEO objects to this Request as it is unbounded by time to the relevant time period relating to Chen's detention at the NWDC. Subject to and without waiving GEO's above stated objections, GEO will conduct a reasonable search of documents on active electronic systems and reasonably accessible paper storage areas that GEO reasonably believes contain potentially relevant information within its possession, custody, and control, and produce relevant, responsive, non-privileged documents, to the extent they exist and following entry of a reasonable protective order, referring to requests for reimbursement GEO submitted to ICE during the detention of Chen at the NWDC.  Should a class be certified in this case at a later date, GEO is willing to meet and confer regarding additional information it will provide in response to this Request subject to the Court's defined class period and subject to ICE approval and court orders.  GEO is withholding documents subject to the above stated objections.

**REQUEST FOR PRODUCTION Y:**        **Please produce all versions of the NWDC Handbook from September 26, 2013, to present.**

**RESPONSE:**        GEO objects to this Request as the time period extends outside the relevant time period relating to Chen's detention at the NWDC.  Subject to and without waiving GEO's above stated objections, GEO will conduct a reasonable search of documents on active electronic systems and reasonably accessible paper storage areas that GEO reasonably believes contain potentially relevant information within its possession, custody, and control, and produce relevant, responsive, non-privileged final copies, to the extent they exist and following entry of a reasonable protective order, of handbooks issued to detainees regarding the Northwest Detention Center during the time Chen was detained at the NWDC.  Should a class be certified in this case at a later date, GEO is willing to meet and confer regarding additional information it will provide in response to this Request subject to the Court's defined class period and subject to ICE approval and court orders.  GEO is withholding documents subject to the above stated objections.

CHAO CHEN v. THE GEO GROUP, INC.
ECF CASE NO. 17-CV-05769-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION.

- 26 -

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

Whitehead Decl., Ex. 4 - 26

**REQUEST FOR PRODUCTION Z:**     **Please produce all documents reflecting any and all payments made by you to detainees as part of the Voluntary Work Program during the class period.**

**RESPONSE:**          GEO objects to this Request on the grounds it is overly broad because a class has not been certified in this case and, as such, no class period has been set.  In addition, Chen does not have standing at this time to seek redress of any alleged harm other than to himself.  Subject to and without waiving GEO's above stated objections, GEO will conduct a reasonable search of documents on active electronic systems and reasonably accessible paper storage areas that GEO reasonably believes contain potentially relevant information within its possession, custody, and control, and produce relevant, responsive, non-privileged documents, to the extent they exist and subject to an appropriate protective order, sufficient to show payments made by GEO to Plaintiff as part of the Voluntary Work Program.  Should a class be certified in this case at a later date, GEO is willing to meet and confer regarding additional information it will provide in response to this Request subject to the Court's defined class period and subject to ICE approval and court orders.  GEO is withholding documents subject to the above stated objections.

**REQUEST FOR PRODUCTION AA:**     **Please produce all training and orientation documents used to train detainees participating in the Voluntary Work Program.**

**RESPONSE:**          GEO objects to this Request as it is overly broad because it is unbounded by time. Chen does not have standing at this time to seek redress of any alleged harm other than to himself.  Subject to and without waiving GEO's above stated objections, GEO will conduct a reasonable search of documents on active electronic systems and reasonably accessible paper storage areas that GEO reasonably believes contain potentially relevant information within its possession, custody, and control, and produce relevant, responsive, non-privileged final copies, to the extent they exist and following entry of a reasonable protective order, of training and orientation documents used to train Plaintiff at NWDC while participating in the Voluntary Work Program.  Should a class be certified in this case at a later date, GEO is willing to meet and confer regarding additional information it will provide in response to this Request subject to the Court's

CHAO CHEN v. THE GEO GROUP, INC.
ECF CASE NO. 17-CV-05769-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION.

- 27 -

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

Whitehead Decl., Ex. 4 - 27

defined class period and subject to ICE approval and court orders.  GEO is withholding

documents subject to the above stated objections.

**REQUEST FOR PRODUCTION AB:      Please produce an organizational chart sufficient to show your entire organization at NWDC during the class period.**

**RESPONSE:**          GEO objects to this Request as it requests information outside that which is

relevant to the claims and defenses in this case because it seeks information "during the class

period."  There is no class certified in this case and therefore Chen has no standing to seek redress

of any alleged harms other than to himself.  GEO objects to this Request on the grounds that it is

vague and ambiguous to the extent that it seeks information regarding "your entire organization at

NWDC."  Subject to and without waiving GEO's above stated objections, GEO will conduct a

reasonable search of documents on active electronic systems and reasonably accessible paper

storage areas that GEO reasonably believes contain potentially relevant information within its

possession, custody, and control, and produce relevant, responsive, non-privileged final copies, to

the extent they exist and following entry of a reasonable protective order, setting forth the

organizational structure of NWDC during the time Chen was a detainee at the NWDC.  Should a

class be certified in this case at a later date, GEO is willing to meet and confer regarding

additional information it will provide in response to this Request subject to the Court's defined

class period and subject to ICE approval and court orders.  GEO is withholding documents

subject to the above stated objections.

**REQUEST FOR PRODUCTION AC:      Please produce all documents identified in your Rule 26 Initial Disclosures.**

**RESPONSE:**          GEO will produce all documents identified in its Rule 26 Initial

Disclosures to the extent those documents have not already been produced and subject to an

appropriate protective order.

**INTERROGATORY NO. 16:      Please describe in detail what steps you have taken to preserve all relevant, or potentially relevant, electronically stored information, including but not limited to documents on any and all computer hard drives, servers, cloud based storage platform, and mobile devices concerning the claims alleged in the complaint.**

CHAO CHEN v. THE GEO GROUP, INC.
ECF CASE NO. 17-CV-05769-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION.

- 28 -

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

Whitehead Decl., Ex. 4 - 28

**ANSWER TO NO. 16:**      GEO objects to this Interrogatory as outside of the scope of

discovery as the information it seeks is not relevant to the claims or defenses in the case.

Plaintiffs are not entitled to inquire into GEO's discovery process absent good cause.  GEO has

complied with all of its obligations under the Federal Rules of Civil Procedure and has taken

appropriate measures to preserve information on relevant data sources.

**INTERROGATORY NO. 17:**      **With respect to each affirmative defense you asserted in
your Answer:**
        a.    **Describe in detail all facts upon which you base the affirmative
            defense,**
        b.    **Identify all persons who have knowledge of those facts,**
        c.    **Identify all documents that support your affirmative defense.**

**ANSWER TO NO. 17:**      GEO objects to this Interrogatory because it exceeds the number of

interrogatories (including discrete subparts) permitted under Fed. R. Civ. P. 33(a)(1).  GEO

further objects to this Request because it is compound and contains three discrete subparts that

exceed the number of interrogatories (including discrete subparts) permitted under Fed. R. Civ. P.

33(a)(1).  It further seeks GEO to provide Chen a dress rehearsal of its trial strategies. Should

Chen wish to revise Interrogatories 5 and 17 to focus on a specific piece of information in each,

GEO will reconsider answering this Interrogatory (and any other interrogatories up to the

prescribed 25).

**REQUEST FOR PRODUCTION AD:**      **Please produce a copy of all documents that
relate to your answer to the preceding Interrogatory.**

**RESPONSE:**      GEO objects to this Request on the grounds that it requests information

protected by the attorney-client privilege, the work product doctrine, the common interest

privilege, and/or any other applicable privileges or immunities.  Subject to and without waiving

GEO's above stated objections, GEO will conduct a reasonable search of documents on active

electronic systems and reasonably accessible paper storage areas that GEO reasonably believes

contain potentially relevant information within its possession, custody, and control, and produce

relevant, responsive, non-privileged final copies, to the extent they exist and following entry of a

CHAO CHEN v. THE GEO GROUP, INC.
ECF CASE NO. 17-CV-05769-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION.

- 29 -

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

Whitehead Decl., Ex. 4 - 29

1   reasonable protective order, relating to the affirmative defenses GEO is asserting.  GEO is

2   withholding documents subject to the above stated objections.

3   **REQUEST FOR PRODUCTION AE:       Please produce all documents containing,
    reflecting, or summarizing any statements taken by anyone acting directly or indirectly on**

4   **your behalf from any person concerning the allegations in the complaint.**

5   **RESPONSE:**            GEO objects to this Request as it requests information outside the scope of

6   discovery, because it seeks "any statements taken by anyone acting directly or indirectly on your

7   behalf from any person concerning the allegations in the complaint."  There is no class certified in

8   this case and therefore Chen has no standing to seek redress of any alleged harms other than to

9   himself.  GEO objects to this Request as overly broad and unduly burdensome as information

10  related to other detainees is outside the claims Chen is permitted to make at this time.  Moreover,

11  GEO objects to the request insofar as it seeks information created by persons outside the control

12  of GEO.  GEO objects to this Request on the grounds that it requests information protected by the

13  attorney-client privilege, the work product doctrine, the common interest privilege, and/or any

14  other applicable privileges or immunities.  Subject to and without waiving GEO's above stated

15  objections, GEO will conduct a reasonable search of documents on active electronic systems and

16  reasonably accessible paper storage areas that GEO reasonably believes contain potentially

17  relevant information within its possession, custody, and control, and produce relevant, responsive,

18  non-privileged final copies, to the extent they exist and following entry of a reasonable protective

19  order, reflecting or summarizing any statements relating to the alleged injury to Chen concerning

20  allegations made by Chen in the complaint taken by personnel within the legal control of GEO.

21  GEO is withholding documents subject to the above stated objections.  Should a class be certified

22  in this case at a later date, GEO is willing to meet and confer regarding additional information it

23  will provide in response to this Request subject to the Court's defined class period and subject to

24  ICE approval and court orders.  GEO is withholding documents subject to the above stated

25  objections.

26

27

28  CHAO CHEN v. THE GEO GROUP, INC.
    ECF CASE NO. 17-CV-05769-RJB
    DEFENDANT GEO GROUP, INC.'S RESPONSE TO
    FIRST INTERROGATORIES AND REQUESTS FOR
    PRODUCTION.                                              - 30 -

    III BRANCHES LAW, PLLC
    Joan K. Mell
    1019 Regents Blvd. Ste. 204
    Fircrest, WA 98466
    253-566-2510 ph
    joan@3brancheslaw.com

    Whitehead Decl., Ex. 4 - 30

1   Dated: March 2, 2018

2

3

4                                           **III BRANCHES LAW PLLC**

By _____
      Joan K. Mell, WSBA #21319
      1019 Regents Blvd. Ste. 204
      Fircrest, WA 98466
      253-566-2510 (P)
      281-664-4643 (F)
      joan@3brancheslaw.com

**NORTON ROSE FULBRIGHT US LLP**
Charles A. Deacon
300 Convent St.
San Antonio, Texas 78205
Telephone: (210) 270-7133
Facsimile: (210) 270-7205
charlie.deacon@nortonrosefulbright.com

**NORTON ROSE FULBRIGHT US LLP**
Mark Emery
799 9th Street NW, Suite 1000
Washington, DC 20001-4501
Telephone: (202) 662-0210
Facsimile: (202) 662-4643
mark.emery@nortonrosefulbright.com

**ATTORNEYS FOR DEFENDANT
THE GEO GROUP, INC.**

CHAO CHEN v. THE GEO GROUP, INC.
ECF CASE NO. 17-CV-05769-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION.

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

Whitehead Decl., Ex. 4 - 31

1

2

3

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

4   CHAO CHEN, individually and on behalf of all    No. 17-cv-05769-RJB
    those similarly situated,

5                          Plaintiff,    **DEFENDANT THE GEO GROUP,**
                                         **INC.'S RESPONSES TO**

6          v.                           **PLAINTIFF CHAO CHEN'S FIRST**
                                        **INTERROGATORIES AND**

7   THE GEO GROUP, INC.,                **REQUESTS FOR PRODUCTION**

8                          Defendant.

9

10

11                          **VERIFICATION**

12   My name is James Black.  I am capable of making this verification.  I have reviewed these

13   objections and answers to Plaintiff's interrogatories, and based on my personal knowledge and

14   information obtained from other persons, the facts stated herein are true and correct to the best of

15   my knowledge, information, and belief.  I declare under penalty of perjury that the foregoing is

16   true and correct.

17

18                          _____
                            Affiant

19

20

21

22

23

24

25

26

27

28   CHAO CHEN v. THE GEO GROUP, INC.                        III BRANCHES LAW, PLLC
     ECF CASE NO. 17-CV-05769-RJB                                   Joan K. Mell
     DEFENDANT GEO GROUP, INC.'S RESPONSE TO    - 32 -        1019 Regents Blvd. Ste. 204
     FIRST INTERROGATORIES AND REQUESTS FOR                        Fircrest, WA 98466
     PRODUCTION.                                                   253-566-2510 ph
                                                               joan@3brancheslaw.com

## CERTIFICATE OF SERVICE

I, Joseph Fonseca, hereby certify as follows:

I am over the age of 18, a resident of Pierce County, and not a party to the above action. On March 2, 2018, I electronically served the above GEO's Responses to Plaintiff Chao Chen's First Interrogatories and Requests For Production, via Email to the following:

Schroeter, Goldmark & Bender
Adam J. Berger, WSBA No. 20714
Lindsay L. Halm, wSBA No. 37141
Jamal N. Whitehead, WSBA No. 39818
810 Third Avenue, Suite 500
Seattle, WA 98104
berger@sgb-law.com
halm@sgb-law.com
whitehead@sgb-law.com

The Law Office of R. Andrew Free
Andrew Free
P.O. Box 90568
Nashville, TN 37209
andrew@immigrationcivilrights.com

Sunbird Law, PLLC
Devin Theriot-Orr
1001 Fourth Avenue, Suite 3200
Seattle, WA 98154
devin@sunbird.law

Norton Rose Fulbright US LLP
Charles A. Deacon (Pro Hac Vice)
300 Convent St.
San Antonio, TX 78205
charlie.deacon@nortonrosefulbright.com

Norton Rose Fulbright US LLP
Mark Emery (Pro Hac Vice)
799 9th St. NW, Suite 1000
Washington, DC 20001-4501
(202)-662-0210
mark.emery@nortonrosefulbright.com

I certify under penalty of perjury under the laws of the State of Washington that the above information is true and correct.

DATED this 2nd day of March, 2018 at Fircrest, Washington.

Joseph Fonseca, Paralegal

CHAO CHEN v. THE GEO GROUP, INC.
ECF CASE NO. 17-CV-05769-RJB
DEFENDANT GEO GROUP, INC.'S RESPONSE TO
FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION.

- 33 -

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com