1

The Honorable Robert J. Bryan

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    WESTERN DISTRICT OF WASHINGTON

10                              AT TACOMA

11   CHAO CHEN, individually and on behalf
     of all those similarly situated,            Case No: 3:17-cv-05769-RJB
12
                                                 **GEO'S MOTION FOR ORDER OF**
13                              Plaintiff,        **DISMISSAL BASED ON PLAINTIFF'S**
                                                 **FAILURE TO JOIN REQUIRED**
14                  v.                           **GOVERNMENT PARTIES**

15   THE GEO GROUP, INC.,                        NOTE ON MOTION CALENDAR:
                                                 April 20, 2018
16                              Defendant.
                                                 ORAL ARGUMENT REQUESTED
17

18

19

20

21

22

23

24

25

26

27

28   CHAO CHEN v. GEO GROUP                      III BRANCHES LAW, PLLC
     ECF CASE NO. 3:17-cv-05769-RJB                      Joan K. Mell
     GEO'S MOTION FOR ORDER OF DISMISSAL BASED ON PLAINTIFF'S   1019 Regents Blvd. Ste. 204
     FAILURE TO JOIN REQUIRED GOVERNMENT PARTIES         Fircrest, WA 98466
                                                         253-566-2510 ph
                                                         joan@3brancheslaw.com

# TABLE OF CONTENTS

Page

INTRODUCTION ........................................................................................................ 1

ARGUMENT ............................................................................................................... 2

I.     LEGAL STANDARDS ................................................................................. 2

II.    THE FEDERAL AGENCIES ARE REQUIRED DEFENDANTS ....................... 4

III.   THE FEDERAL AGENCIES CANNOT BE JOINED AS DEFENDANTS ......... 9

IV.    EQUITY AND GOOD CONSCIENCE REQUIRE THAT THIS CASE BE
       DISMISSED .......................................................................................... 10

CONCLUSION ........................................................................................................ 12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CHAO CHEN v. GEO GROUP
ECF CASE NO. 3:17-cv-05769-RJB
GEO'S MOTION FOR ORDER OF DISMISSAL BASED ON PLAINTIFF'S
FAILURE TO JOIN REQUIRED GOVERNMENT PARTIES - i

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

1

2

**TABLE OF AUTHORITIES**

3

**CASES:**

4

5

*Andrx Pharms., Inc v. Biovail Corp.,*
   276 F.3d 1368 (Fed. Cir. 2002)..................................................................12

6

7

*Boles v. Greenville Hous. Auth.,*
   468 F.2d 476 (6th Cir. 1972).................................................................3, 9

8

9

*Clarke v. United States,*
   107 F. Supp. 3d 238 (E.D.N.Y. 2015) ....................................................10

10

11

*Dawavendewa v. Salt River Proj. Agr. Imp. & Power Dist.,*
   276 F.3d 1150 (9th Cir. 2002)....................................................... *passim*

12

13

*Dep't of Army v. Blue Fox, Inc.,*
    525 U.S. 255 (1999)................................................................................10

14

15

*EEOC v. Peabody W. Coal Co.,*
   400 F.3d 774 (9th Cir. 2005)......................................................... *passim*

16

17

*FDIC v. Meyer,*
   510 U.S. 471 (1994)................................................................................10

18

*Hopper v. John Doe Myers Rec. Coach NW Det. Ctr.,*
   No. C05-5680, 2006 WL 2597915 (W.D. Wash. Sept. 8, 2006) ......................10

19

20

*Lopez v. Arraras,*
   606 F.2d 347 (1st Cir. 1979)....................................................................9

21

22

*McCowen v. Jamieson,*
   724 F.2d 1421 (9th Cir. 1984)...........................................................2, 6, 9

23

24

*Mudarri v. State,*
   147 Wn. App. 590, 196 P.3d 153 (2008) ..............................................5

25

26

*Oregon v. Ashcroft,*
   192 F. Supp. 2d 1077 (D. Or. 2002) .......................................................12

27

28

CHAO CHEN v. GEO GROUP
ECF CASE NO. 3:17-cv-05769-RJB
GEO'S MOTION FOR ORDER OF DISMISSAL BASED ON PLAINTIFF'S
FAILURE TO JOIN REQUIRED GOVERNMENT PARTIES - ii

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

*Palomera v. ICE,*
   No. 1:09-cv-0318, 2009 WL 973669 (N.D. Ga. Apr. 8, 2009)...........................................10

*Provident Tradesmens Bank & Trust Co. v. Patterson,*
   390 U.S. 102 (1968) ...........................................................................................................2

*Rangel v. United States,*
   No. CV-10-3096, 2010 WL 5018370 (E.D. Wash. Dec. 3, 2010)....................................10

*United States v. Mitchell,*
   445 U.S. 535 (1980) .......................................................................................................9, 10

*United States v. Sweeny,*
   418 F. Supp. 2d 492 (S.D.N.Y. 2006) .................................................................................3

*United States ex rel. Touhy v. Ragen,*
   340 U.S. 462 (1951) ............................................................................................................4

*Wilber v. Locke,*
   423 F.3d 1101 (9th Cir. 2005) ............................................................................................5

**STATUTES:**

5 U.S.C. § 301 ............................................................................................................................4

8 U.S.C. § 1103(a)(11) ...............................................................................................................1

8 U.S.C. § 1231 ..........................................................................................................................1

8 U.S.C. § 1555(d) .....................................................................................................................7

**REGULATIONS:**

6 C.F.R. §§ 5.41 *et seq.* ............................................................................................................4

8 C.F.R. § 236.6 .........................................................................................................................4

**RULES:**

Fed. R. Civ. P. 12(b)(7)..............................................................................................................1

Fed. R. Civ. P. 12(h)(2)..............................................................................................................1

CHAO CHEN v. GEO GROUP
ECF CASE NO. 3:17-cv-05769-RJB
GEO'S MOTION FOR ORDER OF DISMISSAL BASED ON PLAINTIFF'S
FAILURE TO JOIN REQUIRED GOVERNMENT PARTIES - iii

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

Fed. R. Civ. P. 19(a) ................................................................................1, 2, 4, 5

Fed. R. Civ. P. 19(b) ...............................................................................1, 2, 3, 10

**OTHER AUTHORITIES:**

7 Wright & Miller, Fed. Prac. & Proc. § 1609 ................................................................3

INS General Counsel, *The Applicability of Employer Sanctions to Alien Detainees Performing Work in INS Detention Facilitie*s, General Counsel Op. No. 92-8, 1992 WL 1369347 (Feb. 26, 1992) ........................................8, Appendix A

INS General Counsel, *Your CO 243-C Memorandum of November 15, 1991; DOD Request for Alien Labor*, General Counsel Op. No. 92-63, 1992 WL 1369402 (Nov. 13, 1992) ................................................................. 7, Appendix B

Performance Based National Detention Standards ("PBNDS"), § 5.8 ...................................7, 8

CHAO CHEN v. GEO GROUP
ECF CASE NO. 3:17-cv-05769-RJB
GEO'S MOTION FOR ORDER OF DISMISSAL BASED ON PLAINTIFF'S
FAILURE TO JOIN REQUIRED GOVERNMENT PARTIES - iv

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

**INTRODUCTION**

Plaintiff Chao Chen ("Chen") has brought this suit solely against The GEO Group, Inc. ("GEO"), leaving out the Department of Homeland Security and Immigration and Customs Enforcement ("ICE"), GEO's contracting partner at the Northwest Detention Center ("NWDC"). ICE, however, dictates the conditions of confinement for immigration processing purposes, such as GEO's staffing ratios and the challenged Voluntary Work Program ("VWP") that offers a dollar-per-day allowance.  GEO cannot unilaterally change the number of people it employs at NWDC, or the allowance offered to VWP participants; all such changes require ICE's consent.[1] Yet Chen asks the Court to order substantive changes at NWDC that impact facility operations— including use of government appropriations—without ICE's involvement.

Under Ninth Circuit precedents, ICE is required to be joined to this case.  However, Chen's claim for damages under the state's Minimum Wage Act ("MWA") restrict joinder because federal agencies have sovereign immunity against such a suit.  In equity and good conscience, the Court may not subject GEO to further proceedings without joining ICE.  Because it is not feasible to do so, the Court must dismiss the case under Fed. R. Civ. P. 19(b)—a consequence of a problem that Chen himself has created by trying to bypass the federal agencies that set the policies he is indirectly attacking.  Because no amendment could cure this problem, the Court should dismiss this case.[2]

---

[1] Although ICE is GEO's contractual counterparty, ICE is a division of the Department of Homeland Security ("DHS").  Because DHS is likely a required or indispensable party for the same reason that ICE is, GEO uses the term "ICE" to refer to both ICE and DHS, and requests an order that both ICE and DHS be named as parties. Additionally, relevant immigration laws also direct action by the U.S. Attorney General. *See* 8 U.S.C. §§ 1103(a)(11), 1231.  To the extent ICE may not act without the U.S. Attorney General, it too should be named.
[2] Although nonjoinder of an indispensable party may be brought as a motion to dismiss before a defendant even answer a complaint, *see* Fed. R. Civ. P. 12(b)(7), it may also be brought later, *see* Fed. R. Civ. P. 12(h)(2).  Further,

CHAO CHEN v. GEO GROUP
ECF CASE NO. 3:17-cv-05769-RJB
GEO'S MOTION FOR ORDER OF DISMISSAL BASED ON PLAINTIFF'S
FAILURE TO JOIN REQUIRED GOVERNMENT PARTIES - 1

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

1

**ARGUMENT**

2

**I.    LEGAL STANDARDS.**

3

4

Per Rule 19, a person subject to service of process and whose joinder will not deprive the

5

court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the

6

court cannot accord complete relief among existing parties; or (B) that person claims an interest

7

relating to the subject of the action and is so situated that disposing of the action in the person's

8

absence may: (i) as a practical matter impair or impede the person's ability to protect the interest;

9

or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or

10

otherwise inconsistent obligations because of the interest.[3]   If such a person is absent, the Court

11

12

must order the plaintiff to join the absent party.[4]

13

However, sometimes joinder is not feasible.   In that case, a court must determine

14

whether, in equity and good conscience, the action can proceed among the existing parties or

15

16

should be dismissed.[5]   The court considers, in a "practical" manner:[6] (1) the extent to which a

17

judgment rendered in the person's absence might prejudice that person or the existing parties;

18

(2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions

19

in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered

20

in the person's absence would be adequate; and (4) whether the plaintiff would have another

21

22

23

24

25

protection of an absentee party is sufficiently important that it can be raised at any stage or proceedings, or by the court *sua sponte*.  *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 111 (1968); *McCowen v. Jamieson*, 724 F.2d 1421, 1424 (9th Cir. 1984).

26

[3] Fed. R. Civ. P. 19(a)(1).
[4] Fed. R. Civ. P. 19(a)(2).

27

[5] Fed. R. Civ. P. 19(b).
[6] *See, e.g.*, *Dawavendewa v. Salt River Proj. Agr. Imp. & Power Dist.*, 276 F.3d 1150, 1154 (9th Cir. 2002).

28

CHAO CHEN v. GEO GROUP
ECF CASE NO. 3:17-cv-05769-RJB
GEO'S MOTION FOR ORDER OF DISMISSAL BASED ON PLAINTIFF'S
FAILURE TO JOIN REQUIRED GOVERNMENT PARTIES - 2

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

1    adequate remedy if the action were dismissed for nonjoinder.[7]

2    Rule 19 motions are determined under a burden-shifting approach. A movant must make

3    a *prima facie* showing that an absent party is required to be joined.[8] "Where an initial appraisal

4    of the facts reveals the possibility that an unjoined party is arguably indispensable, the burden

5    devolves upon the party whose interests are adverse to the unjoined party to negate the unjoined

6    party's indispensability to the satisfaction of the court."[9] If the nonmovant does not do so, the

7    court should either dismiss the case or order the plaintiff to amend its claim to join the absent

8
9    party, if possible.[10]

10   Here, ICE is a required party because the Court cannot even ascertain how to calculate

11   the requested relief without ICE's involvement.  ICE controls all the detainee files and sets GEO

12   staffing ratios.  Without ICE's consent, GEO will face inconsistent obligations if the Court

13   decides that detainees at NWDC participating in the VWP—a program GEO must administer

14   under ICE's own standards and the ICE-GEO contract—are deemed GEO's "employees."  GEO

15   will be simultaneously required to hire them and prohibited from doing so under the terms of its

16
17   contract with ICE (and federal law).  Although ICE is a required party, it cannot be joined

18   because Chen relies entirely on a state wage law that does not, and cannot not abrogate ICE's

19   sovereign immunity against damages.  Further, this case cannot proceed in equity and good

20
21   conscience without ICE as a party.  The core element of this case—whether aliens detained by

22   ICE are GEO's "employees" entitled to a minimum wage—does not permit any tailored remedy

23
24

25   ---

26   [7] Fed. R. Civ. P. 19(b)(1)-(4).
     [8] *Boles v. Greenville Hous. Auth.*, 468 F.2d 476, 478 (6th Cir. 1972); *United States v. Sweeny*, 418 F. Supp. 2d 492,
     499 (S.D.N.Y. 2006); *see also* 7 Wright & Miller, Fed. Prac. & Proc. § 1609.
27   [9] *Boles*, 468 F.2d at 478.
     [10] *See Id.*

28   CHAO CHEN v. GEO GROUP                                      III BRANCHES LAW, PLLC
     ECF CASE NO. 3:17-cv-05769-RJB                                    Joan K. Mell
     GEO'S MOTION FOR ORDER OF DISMISSAL BASED ON PLAINTIFF'S      1019 Regents Blvd. Ste. 204
     FAILURE TO JOIN REQUIRED GOVERNMENT PARTIES - 3                  Fircrest, WA 98466
                                                                      253-566-2510 ph
                                                                    joan@3brancheslaw.com

that avoids imposing inconsistent obligations upon GEO.  The Court cannot reform the ICE-GEO contract in ICE's absence.  The case should be dismissed.

## II.    THE FEDERAL AGENCIES ARE REQUIRED DEFENDANTS.

Rule 19 requires joinder of a non-party for several reasons.  First, an absent party may be required if complete relief is impossible among parties already joined to an action.[11]  Under Rule 19(a)(1)(A), a court will focus on whether a party's absence will undercut or invalidate the relief the court can grant to the parties already involved in the case.  Second, an absent party may be required if a judgment in that party's absence either damages the absent party's interest[12] or "leaves an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the [absent party's] interest."[13]

When a plaintiff sues one party to a contract over actions that relate to that contract, the absent contracting party is a required party.  In *Dawavendewa*, the plaintiff sought to enjoin hiring preferences by the defendant lessee that were allegedly illegal under federal law.[14]  The defendant lessee argued that a Native American tribe—the owner of the land and the defendant's lessor—was required to join the action because the hiring practices underlying the case were

---

[11] Fed. R. Civ. P. 19(a)(1)(A).

[12] Rule 19(a)(B)(i) applies when proceeding without a party would "as a practical matter impair or impede the person's ability to protect [its] interest."  As a practical matter, litigating this case against GEO alone is likely to raise significant practical difficulties because DHS and ICE controls detainee information under federal regulations: "No person, including . . . any privately operated detention facility, that houses, maintains, provides services to, or otherwise holds any detainee on behalf of [DHS] (whether by contract or otherwise), and no other person who by virtue of any official or contractual relationship with such person obtains information relating to any detainee, shall disclose or otherwise permit to be made public the name of, or other information relating to, such detainee. Such information shall be under the control of [DHS] and shall be subject to public disclosure only pursuant to the provisions of applicable federal laws, regulations and executive orders."  8 C.F.R. § 236.6.  Additionally, DHS has its own housekeeping regulations that require agency approval for disclosure of information. *See* 5 U.S.C. § 301; 6 C.F.R. §§ 5.41 *et seq*.; *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951).  Thus, proceeding without the appropriate federal agencies will put GEO in the position of having to produce information that is under the federal government's control and which GEO is statutorily prohibited from disclosing.

[13] Fed. R. Civ. P. 19(a)(1)(B).

[14] 276 F.3d at 1153.

CHAO CHEN v. GEO GROUP
ECF CASE NO. 3:17-cv-05769-RJB
GEO'S MOTION FOR ORDER OF DISMISSAL BASED ON PLAINTIFF'S
FAILURE TO JOIN REQUIRED GOVERNMENT PARTIES - 4

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

1   required by the defendant's lease with the tribe.[15]  The Ninth Circuit held that the court could not

2   accord complete relief without adding the tribe.[16]  The court reasoned that even if the plaintiff

3   won his claim against the defendant lessee, the non-party tribe would not be bound by that

4   judgment.[17]  Thus, the tribe would be free to simply terminate the defendant's lease and enter a

5   new lease with a new party that again required the hiring terms that the plaintiff claimed were

6   illegal.[18]  Because this would undercut the plaintiff's relief "even if victorious," the tribe was a

7   required party under Rule 19(a)(1)(A).[19]  The Ninth Circuit concluded that it was a "fundamental

8   principle" that "*a party to a contract is necessary, and if not susceptible to joinder,*

9   *indispensable to litigation seeking to decimate that contract*."[20]

10  A party is also likely to face inconsistent obligations when it is sued for actions it took in

11  performance of a contract, but its contractual counterparty is absent from the suit.  The Ninth

12  Circuit addressed this problem in *EEOC v. Peabody Western Coal Co.*,[21] which, like

13  *Dawavendewa*, involved a suit that focused on the enforceability of the terms of a lease.[22]  The

14  EEOC filed a suit against a coal company, claiming that the company engaged in preferential

15  hiring practices that violated federal law.[23]  But those practices were required under its lease with

16  the Native American nations ("Nation") that owned the land, and had also been approved by the

---

[15] *Id.*
[16] *Id.* at 1155-56.
[17] *Id.* at 1155.
[18] *Id.* at 1155-56.
[19] *Id.* at 1156.
[20] *Id.* at 1157 (emphasis added); *see also Wilber v. Locke*, 423 F.3d 1101, 1113 (9th Cir. 2005) (same) *abrogated on other grounds by Levin v. Commerce Energy, Inc.*, 560 U.S. 413 (2010); *Mudarri v. State*, 147 Wn. App. 590, 196 P.3d 153 (2008) (a direct or collateral attack on a contract requires joinder of both parties to the contract).
[21] 610 F.3d 1070 (9th Cir. 2010).
[22] *Id.* at 1074-5.
[23] *Id.* at 1075.

CHAO CHEN v. GEO GROUP                                          III BRANCHES LAW, PLLC
ECF CASE NO. 3:17-cv-05769-RJB                                          Joan K. Mell
GEO'S MOTION FOR ORDER OF DISMISSAL BASED ON PLAINTIFF'S          1019 Regents Blvd. Ste. 204
FAILURE TO JOIN REQUIRED GOVERNMENT PARTIES - 5                        Fircrest, WA 98466
                                                                        253-566-2510 ph
                                                                   joan@3brancheslaw.com

Department of the Interior ("DOI").[24]  The Nation was a required party to the action because a judgment against the coal company in the absence of the Nation would put the company "between the proverbial rock and a hard place—comply with the injunction prohibiting the hiring preference policy or comply with the lease requiring it."[25]

But the Ninth Circuit further held that the DOI was a required party to the case because (1) a decision in the EEOC's favor would subject the company to "pay damages for having engaged in conduct that was mandated by the [DOI]" for which it would not be able to seek indemnification in the DOI's absence, and (2) injunctive relief granted against the coal company would mean that the company would be required by a court order to disregard the lease provision but the DOI would be free to enforce it "upon pain of losing the leases."[26]  The DOI had a direct interest in the case even though it was not a signatory to the leases because a judgment against the coal company would either require the DOI to modify its lease-approval processes or to continue to enforce them and leave the coal company with conflicting obligations.[27]  Thus, the DOI was a required party under Rule 19.

The Ninth Circuit has also found a federal agency to be a required party when a plaintiff sues a defendant for conduct in accord with the absent agency's policies.  In *McCowen v. Jamieson*,[28] a state agency was sued to enjoin certain practices relating to its distribution of food stamps.[29]  Although federal regulations required the state agency to reissue food stamps within five days of a recipient's report that the stamps were lost, the state agency had been granted a

---

[24] *Id.* at 1074-75.
[25] *Id.* at 1078 (quoting *Peabody I*, 400 F.3d 774, 778; *Dawavendewa*, 276 F.3d at 1156).
[26] *Id.* at 1081.
[27] *Id.* at 1081-82.
[28] 724 F.2d 1421 (9th Cir. 1984).
[29] *Id.* at 1422.

CHAO CHEN v. GEO GROUP
ECF CASE NO. 3:17-cv-05769-RJB
GEO'S MOTION FOR ORDER OF DISMISSAL BASED ON PLAINTIFF'S
FAILURE TO JOIN REQUIRED GOVERNMENT PARTIES - 6

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

1  waiver by the United States Department of Agriculture to respond within fifteen days.[30]  The

2  district court enjoined the state agency to reissue the stamps within ten days, despite the

3  waiver.[31]  On appeal, the Ninth Circuit held that the federal agency was a required party because

4  the state agency had been merely "following the direction of the [federal agency] in applying a

5  modification of the administrative regulations."[32]  Because the "thrust of the action [wa]s against

6  the [federal] agency's interpretation of its own regulations, naming subordinates as defendants in

7  the action d[id] not negate the [federal agency's] indispensability."[33]  Further, the panel reached

8  this conclusion despite the agency's own lack of intervention—and, indeed, of any apparent

9  involvement in or response to the case at all.[34]

10     Here, ICE is a required party because the Court cannot afford complete relief to Chen

11  without joining ICE.  GEO is required by its ICE contract to administer the VWP, and the

12  reimbursement rate for the $1 daily allowance is specified by the contract.  The contract contains

13  a line item entitled "Detainee Volunteer Wages for the Detainee Work Program," and provides

14  that "[r]eimbursement for this line item will be at the actual cost of $1.00 per day per detainee.

15  Contractor shall not exceed the amount shown without prior approval by the Contracting Officer

16  …."[35]  Thus, ICE must consent to any adjustment to the $1 rate—unsurprisingly, since the

---

[30] *Id.* at 1422-23.

[31] *Id.* at 1423.

[32] *Id.* at 1424.

[33] *Id.*

[34] *Cf. Id.* at 1424-25 (dissenting judge arguing that agency was not a required party because it was not "knocking at the door" to join the suit).

[35] *See* ICE-GEO Contract, ECF 19 at 9, 82.  To the extent Chen alleges that the PBNDS is consistent with payment of a minimum wage to detainees, this is also a reason why ICE is a required party, because that allegation is facially inconsistent with ICE's own position on this very issue.  INS General Counsel, *Your CO 243-C Memorandum of November 15, 1991; DOD Request for Alien Labor*, General Counsel Op. No. 92-63, 1992 WL 1369402 (Nov. 13, 1992) (explaining that amount of payment to detainees derives from federal statute, 8 U.S.C. § 1555(d)) at Appendix B.

CHAO CHEN v. GEO GROUP
ECF CASE NO. 3:17-cv-05769-RJB
GEO'S MOTION FOR ORDER OF DISMISSAL BASED ON PLAINTIFF'S
FAILURE TO JOIN REQUIRED GOVERNMENT PARTIES - 7

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

1   allowance impacts governmental appropriations.[36]

2       Even if the Court were to declare detainees to be GEO's "employees" under

3   Washington's minimum wage law and order GEO to pay minimum wages, the order will not

4   bind ICE.   Consequently, ICE would be free to manage the facility itself or find another

5   contractor not subject to the Court's order to administer the VWP under the same terms in force

6   now, giving Chen no real relief but imposing tremendous prejudice on GEO.   This is like

7   *Dawavendewa*, in which an absent Native American tribe was deemed a required party because

8   it could cancel the defendant's lease and re-lease to another party on identical terms.[37]

9
10      ICE is also a required party because GEO will face inconsistent obligations if ICE is not

11  joined.   The INS (now ICE) general counsel has expressly opined that detainees in its own or in

12  contract facilities are ***not*** employees.[38]   Accordingly, GEO administers the VWP to detainees,

13  but does not employ them.[39]   Indeed, the ICE-GEO contract expressly distinguishes between

14  detainee activities and employment,[40] and GEO cannot hire detainees.[41]   ICE requires GEO to (1)

15  "perform pre-employment suitability checks for all employees and prospective employees;"[42] (2)

16  hire only people who are at least lawful permanent residents who have lived in the United States

17  for at least five years and who qualify through I-9 eligibility and the pre-employment suitability

18
19
20
21
22  [36] Genco No. 92-63, 1992 WL 1369402; 8 U.S.C. 1555(d).
    [37] 276 F.3d at 1155-56.
23  [38] INS General Counsel, *The Applicability of Employer Sanctions to Alien Detainees Performing Work in INS
    Detention Facilitie*s, General Counsel Op. No. 92-8, 1992 WL 1369347, at *1 (Feb. 26, 1992) (concluding that
24  detainees are not "employees" for work done in detention, because "[a] detainee performs work for institution
    maintenance, not compensation") at Appendix A.
25  [39] Performance Based National Detention Standards ("PBNDS"), §5.8 (describing VWP as "expected practice");
    ICE-GEO Contract, ECF 19 at 45, 82.
26  [40] *Id.* ("Detainees shall not be used to perform the responsibilities or duties of an employee of the Contractor.").
    ICE's contract with GEO requires it to regulate conduct between detainees and employees.  *Id.* at 62-63, 76.
27  [41] *See Id.* at 45, 47, 57, 62-66, 76.
    [42] *Id.* at 57.
28  CHAO CHEN v. GEO GROUP                                                III BRANCHES LAW, PLLC
    ECF CASE NO. 3:17-cv-05769-RJB                                              Joan K. Mell
    GEO'S MOTION FOR ORDER OF DISMISSAL BASED ON PLAINTIFF'S              1019 Regents Blvd. Ste. 204
    FAILURE TO JOIN REQUIRED GOVERNMENT PARTIES - 8                           Fircrest, WA 98466
                                                                               253-566-2510 ph
                                                                          joan@3brancheslaw.com

standards;[43] and (3) report and suspend any employee with a "record of arrests."[44]   These requirements exclude essentially all detainees from employment by GEO.

Deeming detainees to be GEO's "employees" would conflict with the plain terms of the contract.  It would also alter the reimbursement terms of the contract, and retroactively create "employees" of GEO that were never approved or made part of the operation of the facility.[45]  As the Ninth Circuit recognized in *Peabody*, such a result would put GEO "between the proverbial rock and a hard place" by forcing it to choose between complying with this Court's order and violating its contract with ICE, or complying with the contract and facing contempt proceedings instead.[46]  Further, ICE's interest in protecting its own policies counsels in favor of finding that it is a required party.[47]   In a forceful recent letter, eighteen members of Congress urged federal agencies to answer the kinds of unsustainable allegations that Chen makes here.[48]   Because complete relief cannot be accorded without ICE, and GEO will face inconsistent obligations, ICE is a required party under Rule 19.

## III.    THE FEDERAL AGENCIES CANNOT BE JOINED AS DEFENDANTS.

Federal agencies are immune from suit unless Congress has specifically authorized suits against them.  "It is elementary that the United States, as sovereign, is immune from suit save as

---

[43] *Id.* at 63.

[44] *Id.* at 64-65.

[45] For example, treating detainees as GEO's wage-earning employees would alter the staffing ratios at the facility, which must be approved by ICE.  ICE-GEO Contract, ECF 19 at 55-56.

[46] *See* 610 F.3d at 1082.

[47] *See McCowen*, 724 F.2d 1421; *see also Boles*, 468 F.2d at 479 (courts are "most hesitant to ... allow[] the policies and practices of [any] federal agency to be overhauled by the judiciary without at least affording the agency the opportunity to be heard in support of its present operation"); *Lopez v. Arraras*, 606 F.2d 347, 353 (1st Cir. 1979) (finding Housing and Urban Development ("HUD")  to be a required party when it had "not had a chance to explain the intricacies of its relationship with the [defendant] local housing authority and … [the court was] loath to resolve this controversy without affording HUD the occasion to fully present its position").

[48] *See* March 7, 2018 Letter to Attorney General, Secretary of Labor and Acting Director of DHS, Exhibit A.

CHAO CHEN v. GEO GROUP
ECF CASE NO. 3:17-cv-05769-RJB
GEO'S MOTION FOR ORDER OF DISMISSAL BASED ON PLAINTIFF'S
FAILURE TO JOIN REQUIRED GOVERNMENT PARTIES - 9

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

1  it consents to be sued, and the terms of its consent to be sued in any court define that court's

2  jurisdiction to entertain the suit."[49]   Thus, "[a]bsent a waiver, sovereign immunity shields the

3  Federal Government and its agencies from suit."[50]   Like any other federal agency, ICE is

4  protected by sovereign immunity apart from any express statutory waiver.[51]

5

6  ICE's sovereign immunity bars it from being joined to defend against Chen's claims

7  under the MWA.   Chen's claim for monetary relief is barred by sovereign immunity without an

8  express waiver.[52]   The MWA offers no route to abrogate ICE's sovereign immunity.   Indeed, a

9  **state** law cannot waive the **federal government's** sovereign immunity.   Thus, the federal

10  agencies cannot be joined as parties.

11

12  ## IV.   EQUITY AND GOOD CONSCIENCE REQUIRE THAT THIS CASE BE DISMISSED.

13

14  Under Rule 19(b), the Court considers several factors to determine if a case can proceed

15  without a required party:  (1) the extent of the prejudice to any party from proceeding without the

16  required party; (2) whether that prejudice could be lessened or avoided by tailoring relief or

17  taking other equivalent measures; (3) whether any judgment could be adequate without the

18  required party; and (4) whether the plaintiff has another remedy if the action were dismissed.[53]

19

20  These factors favor dismissing Chen's claim.   First, any judgment on the merits without

21  ICE's joinder would subject GEO to substantial prejudice.   In *Peabody*, the Ninth Circuit held

22

---

[49] *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (alterations omitted).
[50] *Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999) (quoting *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)).
[51] *See, e.g., Clarke v. United States*, 107 F. Supp. 3d 238 (E.D.N.Y. 2015) (sovereign immunity barred wrongful death claim against ICE); *Rangel v. United States*, No. CV-10-3096, 2010 WL 5018370 (E.D. Wash. Dec. 3, 2010) (sovereign immunity barred *Bivens* claim against ICE); *Palomera v. ICE*, No. 1:09-cv-0318, 2009 WL 973669, (N.D. Ga. Apr. 8, 2009) (sovereign immunity barred § 1983 suit, *Bivens* action, and state law claims against ICE); *Hopper v. John Doe Myers Rec. Coach NW Det. Ctr.*, No. C05-5680, 2006 WL 2597915 (W.D. Wash. Sept. 8, 2006) (ICE properly dismissed from suit for damages and injunctive relief on sovereign immunity grounds).
[52] *Mitchell*, 445 U.S. at 538.
[53] Fed. R. Civ. P. 19(b)(1).

CHAO CHEN v. GEO GROUP
ECF CASE NO. 3:17-cv-05769-RJB
GEO'S MOTION FOR ORDER OF DISMISSAL BASED ON PLAINTIFF'S
FAILURE TO JOIN REQUIRED GOVERNMENT PARTIES - 10

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Firerest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

that a plaintiff's money damages claim could not justly proceed without joining the federal agency because the defendant's liability was incurred only by following the agency's policies. The court explained that the defendant's "only sin, if indeed it was a sin, was to comply with [a contract provision] inserted in its lease at the insistence of the Secretary [of a federal agency]. It would be profoundly unfair for a court to award damages against [the defendant] while allowing [the defendant] no redress against the government."[54]

So too here: Chen seeks backpay that GEO was allegedly required to pay for VWP participation,[55] even though ICE's standards and the ICE-GEO contract requires GEO to administer the VWP, sets the $1.00 per day allowance amount, and prohibits GEO from hiring detainees. As in *Peabody*, GEO cannot justly be subjected to a money judgment without any recourse. And as Chen's claim patently cannot be amended to cure this defect—since federal labor law indisputably does not cover detainees—prejudice to GEO is indisputable: Chen cannot justly attack a federal immigration policy by attacking a federal contractor.

Second, that prejudice cannot be avoided by any tailored remedy. For Chen to be entitled to relief, this Court must first find that detainees at NWDC who participate in the VWP are GEO's employees. Such a finding is logically necessary to any award of wages. But as explained above, GEO's contract simultaneously requires it to offer the VWP and prohibits it from employing detainees, and specifically states that detainees may not perform the work of GEO employees. Further, ICE controls GEO staffing ratios by limiting post assignments. Logically, no finding in Chen's favor could be tailored to avoid these predicaments. If the Court

---

[54] *Peabody*, 610 F.3d at 1084.
[55] Complaint, ECF 1 at ¶¶ 6.1-6.4.

CHAO CHEN v. GEO GROUP
ECF CASE NO. 3:17-cv-05769-RJB
GEO'S MOTION FOR ORDER OF DISMISSAL BASED ON PLAINTIFF'S
FAILURE TO JOIN REQUIRED GOVERNMENT PARTIES - 11

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

finds for Chen, GEO would incur duties under the Court's order that conflict with its duties under its contract with ICE, and would continue to face additional suits alleging such liability.[56] And such a finding would sharply conflict with  the agency's own legal opinion that detainees are not the detention facility's employees.[57]

Third, Chen's own relief cannot be complete without an order that binds ICE.  An absent party's ability to continue the conduct of which the defendant is accused undercuts a plaintiff's relief.[58]  Even if Chen receives everything he seeks, ICE could nevertheless continue its VWP policies by running its own detention facility, or by switching contractors.  Thus, future members of Chen's putative class would need to seek the same relief again.

Fourth and finally, Chen likely has other opportunities to carry out its agenda.  As in *Peabody*, Chen—or another proper plaintiff—may be able to file an APA claim or declaratory action to challenge ICE's policy directly.[59]  But it is not equitable or in good conscience to allow him to pursue his claims against GEO alone, without joining the federal agency that sets the policies.[60]  If the required parties cannot be joined, Chen's claim should be dismissed.

## CONCLUSION

The Court should issue an order dismissing Chen's case because ICE is a required party that cannot feasibly be joined.

---

[56] *See Dawavendewa*, 276 F.3d at 1162 (holding both that relief could not be shaped to avoid prejudice to either the defendant or the absent contractual counterparty and that a damages award would not "resolve [the defendant's] potential liability to other plaintiffs...").
[57] *See* Genco Op. 92-8, 1992 WL 1369347, at *1.
[58] *See, e.g.*, *Dawavendewa*, 276 F.3d at 1155 (noting that the absent party could "still attempt to enforce the [offending] lease provision [or] attempt to terminate [the defendant's] rights").
[59] *See Peabody*,610 F.3d at 1085-87; *see also, e.g.*, *Andrx Pharms., Inc v. Biovail Corp.*, 276 F.3d 1368, 1378-39 (Fed. Cir. 2002); *Oregon v. Ashcroft*, 192 F. Supp. 2d 1077, 1087 (D. Or. 2002).
[60] *Dawavendewa*, 276 F.3d at 1162-63.

CHAO CHEN v. GEO GROUP
ECF CASE NO. 3:17-cv-05769-RJB
GEO'S MOTION FOR ORDER OF DISMISSAL BASED ON PLAINTIFF'S
FAILURE TO JOIN REQUIRED GOVERNMENT PARTIES - 12

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

1   Dated:      March 29, 2018                    **III BRANCHES LAW, PLLC**

2

3                                                 By:_____
                                                  Joan K. Mell, WSBA #21319
4                                                 1019 Regents Blvd. Ste. 204
                                                  Fircrest, WA 98466
5                                                 253-566-2510 (p)
                                                  281-664-4643 (f)
6                                                 joan@3brancheslaw.com

7                                                 **NORTON ROSE FULBRIGHT US LLP**
8                                                 Charles A. Deacon
                                                  300 Convent St.
9                                                 San Antonio, Texas 78205
                                                  Telephone: (210) 270-7133
10                                                Facsimile:  (210) 270-7205
                                                  charlie.deacon@nortonrosefulbright.com
11
                                                  **NORTON ROSE FULBRIGHT US LLP**
12                                                Mark Emery
                                                  799 9th Street NW, Suite 1000
13                                                Washington, DC  20001-4501
                                                  Telephone: (202) 662-0210
14                                                Facsimile: (202) 662-4643
                                                  mark.emery@nortonrosefulbright.com
15
16                                                **ATTORNEYS  FOR  DEFENDANT  THE
                                                  GEO GROUP, INC.**
17

18

19

20

21

22

23

24

25

26

27

28   CHAO CHEN v. GEO GROUP                                III BRANCHES LAW, PLLC
     ECF CASE NO. 3:17-cv-05769-RJB                              Joan K. Mell
     GEO'S MOTION FOR ORDER OF DISMISSAL BASED ON PLAINTIFF'S    1019 Regents Blvd. Ste. 204
     FAILURE TO JOIN REQUIRED GOVERNMENT PARTIES - 13            Fircrest, WA 98466
                                                                 253-566-2510 ph
                                                                 joan@3brancheslaw.com

**CERTIFICATE OF SERVICE**

I, Joseph Fonseca, hereby certify as follows:

I am over the age of 18, a resident of Pierce County, and not a party to the above action. On March 29, 2018.  I electronically filed the above GEO's Motion For Order of Dismissal Based on Plaintiff's Failure to Join Required Government Parties with the Clerk of the Court using the CM/ECF system and served via E-Mail to the following:

Schroeter, Goldmark & Bender
Adam J. Berger, WSBA No. 20714
Lindsay L. Halm, wSBA No. 37141
Jamal N. Whitehead, WSBA No. 39818
810 Third Avenue, Suite 500
Seattle, WA 98104
berger@sgb-law.com
halm@sgb-law.com
whitehead@sgb-law.com

The Law Office of R. Andrew Free
Andrew Free
P.O. Box 90568
Nashville, TN 37209
andrew@immigrationcivilrights.com

Sunbird Law, PLLC
Devin Theriot-Orr
1001 Fourth Avenue, Suite 3200
Seattle, WA 98154
devin@sunbird.law

Norton Rose Fulbright US LLP
Charles A. Deacon (Pro Hac Vice)
300 Convent St.
San Antonio, TX 78205
charlie.deacon@nortonrosefulbright.com

Norton Rose Fulbright US LLP
Mark Emery (Pro Hac Vice)
799 9th St. NW, Suite 1000
Washington, DC 20001-4501
(202)-662-0210
mark.emery@nortonrosefulbright.com

Norton Rose Fulbright US LLP
Andrea D'Ambra (Pro Hac Vice)
1301 Avenue of the Americas
New York, NY 10019
andrea.dambra@nortonrosefulbright.com

I certify under penalty of perjury under the laws of the State of Washington that the above information is true and correct.

DATED this 29th, day of March 2018 at Fircrest, Washington.

_____
Joseph Fonseca, Paralegal

CHAO CHEN v. GEO GROUP
ECF CASE NO. 3:17-cv-05769-RJB
GEO'S MOTION FOR ORDER OF DISMISSAL BASED ON PLAINTIFF'S
FAILURE TO JOIN REQUIRED GOVERNMENT PARTIES - 14

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

# Appendix A

**Applicability of Employer Sanctions to Alien Detainees**

Genco Op. No. 92-8 (INS), 1992 WL 1369347

U.S. Department of Justice

Immigration and Naturalization Service

General Counsel's Office

Legal Opinion: The Applicability of Employer Sanctions to Alien Detainees Performing Work in INS Detention Facilities

**G. H. Kleinknecht, Associate Commissioner, Enforcement**

February 26, 1992

## I. QUESTION PRESENTED

**\*1** Does work performed by alien detainees in a detention facility operated by or contracted through the Immigration and Naturalization Service (INS or the Service) subject the Service to the employer sanctions provisions of the Immigration and Nationality Act (the Act)?[1]

## II. SUMMARY CONCLUSION

No. Alien detainees who perform work for the INS while in INS custody in a contract or Service detention facility are not considered "employees" for purposes of employer sanctions.

## III. LEGAL ANALYSIS

Background. On April 22, 1988, the Office of General Counsel opined to the Field Advisory Committee that inmates who perform duties in federal and state penal institutions are not subject to the employer sanctions provisions as set forth in § 274A of the Act.[2] At that time the issue of work performed by alien detainees in INS operated or controlled detention facilities was not addressed. This supplemental memorandum is therefore provided.

Analysis. In 1988, we determined that inmates who perform duties pursuant to prison work programs and receive gratuity for so doing are not subject to employer sanctions provisions as set forth in § 274A of the Act because no employer/employee relationship is ever formed. Inmates may be required to participate in an institutional work program, and for that participation receive remuneration. Work performed is for the purpose of rehabilitation and institutional maintenance, not compensation. Therefore, an inmate who participates in a state or federal facility is not doing so "for wages or other remuneration" and is not therefore an "employee" as defined by 8 C.F.R. § 274a.1(f). Likewise, the facility does not engage an inmate's services "for wages or other remuneration" and cannot be an employer as defined by 8 C.F.R § 274a.1(g).

Similarly, an alien detained in an INS facility does not meet the definition of "employee", nor does the INS meet the definition of "employer." A detainee performs work for institution maintenance, not compensation. The allowance paid to a detainee for work performed is specifically provided for by 8 U.S.C. § 1555(d) and currently limited by Congress to $1 per day.[3] This payment does not constitute an appointment of the detainee to the position of a federal employee.[4] The allowance is not subject to the provisions of the Fair Labor Standards Act (FLSA).[5]

Further, the specific Congressional intent behind the passage of the employer sanctions provision of the Act was to deter illegal immigration by removing the lure of employment. Work performed by alien detainees is incident to their detention. Therefore, this is certainly not the type of employment to which Congress referred as creating a magnet for illegal aliens.

**\*2** Therefore, we conclude that the work performed by alien detainees in INS custody does not fall within the purview of the employer sanctions provisions.

/s/ GROVER JOSEPH REES III

General Counsel

**Attachment**

| Footnotes | |
|---|---|
| 1 | 8 U.S.C. 1324a. |
| 2 | Office of General Counsel Legal Opinion, entitled "Form I-9 Requirements: Inmates Employed Within Federal and State Institutions," dated April 27, 1988. |
| 3 | FY 1978 Appropriation Act, P. L. 95-86, 91 Stat. 426(August 2, 1977). |
| 4 | Alvarado-Guevara et al. v. INS, No. 90-1476, (Fed. Cir. Jan.6, 1992). Although this case is not citable as precedent, the Court held that detainees lacked proper appointment to be considered employees of the Service. |
| 5 | 29 U.S.C. §§ 201 et seq. |

Genco Op. No. 92-8 (INS), 1992 WL 1369347

| End of Document | © 2018 Thomson Reuters. No claim to original U.S. Government Works. |
|---|---|

# Appendix B

**CO-243 DOD Request for Alien Labor**

Genco Op. No. 92-63 (INS), 1992 WL 1369402

U.S. Department of Justice

Immigration and Naturalization Service

General Counsel's Office

Legal Opinion Your CO 243-C Memorandum of November 15, 1991; DOD Request for Alien Labor

**Joan C. Higgins, Assistant Commissioner, CODDP**

November 13, 1992

## I. QUESTION

**\*1** In the subject memorandum, you request a Legal Opinion concerning the following question:

> May aliens held in Service custody at the El Centro Service Processing Center perform general labor, under Service supervision, at the El Centro Naval Air Facility?

## II. SUMMARY CONCLUSION

These aliens may perform general labor at the Naval Air Facility, so long as performance of the labor is voluntary, the labor is not unduly hazardous, and the aliens remain in Service custody.

## III. ANALYSIS

This request originated with Captain Comer at the El Centro Naval Air Facility (NAF). Under Captain Comer's proposal, aliens in Service custody at the El Centro Service Processing Center (SPC) would be engaged in general labor in order to refurbish recreational and training facilities at the NAF. Memorandum from Nathan C. Davis, OIC, El Centro, to Kim Porter, Deputy ADDD&D, San Diego (October 17, 1991). The projects are similar to those at the SPC for which these aliens are commonly engaged. Id. The Service has access to the NAF facilities which the aliens will be refurbishing, and will compensate the aliens for their labor, as provided by 8 U.S.C. 1555(d). Id.

The law expressly provides the Service with authority to use appropriated funds to compensate aliens for labor performed while in Service custody. 8 U.S.C. 1555(d). The statute provides that the rate of pay is to be fixed in each fiscal year's appropriations act. Id. Congress set the rate at $1.00 per day in the 1978 and 1979 appropriations. Department of Justice Appropriations Act, 1979, Pub. L. No. 95-431, 92 Stat. 1021, 1027 (1978); Department of Justice Appropriations Act, 1978, Pub. L. No. 95-86, 91 Stat. 419, 426 (1977). It appears that Congress discontinued this practice for Fiscal Year 1980. Department of Justice Appropriations Act, 1980, Pub. L. No. 96-68, 93 Stat. 416, 420 (1979). For example, Congress set no compensation rate for labor performed during the FY 1992. Department of Justice Appropriations Act, 1992, Pub. L. No. 102-140, 105 Stat. 782, 791 (1991).

This failure to set the rate of compensation, however, does not abrogate Service authority to pay aliens for labor performed while in Service custody. The Department of Justice Appropriations Authorization Act, 1979, Pub. L. No. 96-132, 2 (10), 93 Stat. 1040, 1042 (1979), gives the Service authority comparable to the authority in 8 U.S.C. 1555(d). Unlike Section 1555(d), however, Section 2(10) does not require Congress to set the rate of compensation for each fiscal year. 93 Stat. at 1042. Congress has continued Section 2(10) in effect for fiscal year 1992. Pub. L. No. 102-140, 102(a), 105 Stat. at 791. Thus, the Service retains authority to expend appropriated funds to pay aliens for labor performed while in custody.

**\*2** We do not believe that the fact that the aliens will perform the labor at the NAF, rather than at the SPC, makes Captain Comer's proposal improper. As noted, the SPC has access to the facilities at the NAF which the projects will improve. The Service will share in the benefit of the aliens' labor. The aliens already perform similar types of labor at the SPC itself; they will remain at all times in Service custody. The labor, therefore, appears to be within the authority of 8 U.S.C. 1555(d) and of Section 2(10).

/s/ Paul W. Virtue for GROVER JOSEPH REES III
General Counsel

Genco Op. No. 92-63 (INS), 1992 WL 1369402

| End of Document | © 2018 Thomson Reuters. No claim to original U.S. Government Works. |
| --- | --- |