UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHAO CHEN,<br><br>                Plaintiff,<br><br>    v.<br><br>THE GEO GROUP INC.,<br><br>                Defendant. | CASE NO. 3:17-cv-05769-RJB<br><br>ORDER ON DEFENDANT THE GEO GROUP INC.'S MOTION FOR RELIEF FROM DEADLINE; ORDER SETTING DEADLINES AND ORAL ARGUMENT |

THIS MATTER comes before the Court on Defendant The GEO Group Inc.'s Motion for Relief from Deadline. Dkt. 54. The Court has considered the motion and the remainder of the file herein.

The Amended Case Schedule, issued January 5, 2018, set deadlines of March 25, 2018 and March 30, 2018, respectively, for the parties to file motions for class certification and motions to join parties. Dkt. 36. Plaintiff timely filed a Motion to Certify Class on March 23, 2018. Dkt. 44. Plaintiff's motion is noted for April 20, 2018. *Id. See* LCR 7(d). Defendant timely

ORDER ON DEFENDANT THE GEO GROUP INC.'S MOTION FOR RELIEF FROM DEADLINE; ORDER SETTING DEADLINES AND ORAL ARGUMENT - 1

filed a Motion to Dismiss Based on Plaintiff's Failure to Join Required Government Parties on March 29, 2018. Dkt. 51. Defendant's motion is also noted for April 20, 2018. *Id*.

The motion now considered, Defendant's Motion for Relief from Deadline, seeks relief from the April 13, 2018 deadline for Defendant's Response to Plaintiff's motion. Dkt. 54. Defendant has tentatively proposed deadlines of May 7, 2018 for its Response and May 11, 2018 for Plaintiff's Reply. Dkt. 55 at 3.

Case scheduling orders are only modified upon a showing of good cause with the judge's consent. W.D.Wash. LCR 16(b)(5); Fed. R. Civ. P. 16(b)(4). "Mere failure to complete discovery . . . does not constitute good cause." *Id*. The Rule 16 good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 608 (9th Cir.1992). Courts also consider the prejudice to the party opposing the continuance. *Id*. at 609.

In support of its motion, Defendant makes two primary arguments, neither persuasive. First, Defendant argues, more time is needed so that Defendant can depose the proposed class representative, Mr. Chao Chen. However, Plaintiff named Mr. Chen as the proposed class representative in the Complaint on September 26, 2017 and provided an initial round of discovery to Defendant on January 29, 2018, yet Defendant waited until March 13, 2018 to informally request Mr. Chen's deposition. Dkt. 57 at ¶¶2, 4. Defendant formally noticed the deposition for April 25, 2018, but has provided no persuasive explanation for the delay.

Second, Defendant argues, more time is needed so that Defendant can obtain discovery from a third party, Immigration and Customs Enforcement (ICE). According to Defendant, discovery from ICE should be sought after the Court has resolved the issue of whether ICE should be joined as a party. Dkt. 54 at 5, 8. While ICE as co-defendant might simplify discovery

for Defendant, nothing has prevented Defendant from seeking third party discovery. The Court set the class certification motion deadline on January 5, 2018, Dkt. 36, giving Defendant notice of the discovery timeframe at least since that date, but Defendant has served minimal, if any, discovery on ICE.

Defendant has not made a sufficient showing of diligence, the touchstone of good cause analysis under Rule 16. Defendant's motion should be denied.

Although Defendant has not met its burden to show good cause, courts are accorded broad discretion in managing the flow of litigation. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988). It appears to the Court that the pending Motion to Dismiss (Dkt. 51) should be resolved before considering class certification. A short delay in resolving class certification issues will not prejudice Plaintiff. Furthermore, if discovery provides further information on class certification, Defendant should have the opportunity to include that information in its response to the Motion for Class Certification.

THEREFORE, it is HEREBY ORDERED:

(1) Defendant The GEO Group Inc.'s Motion for Relief from Deadline (Dkt. 54) is DENIED.

(2) Plaintiff's Motion to Certify Class (Dkt. 44) is RENOTED to May 7, 2018. The parties shall observe the following deadlines:

Defendant's Response: Wednesday, May 2, 2018

Plaintiff's Reply: Monday, May 7, 2018

(3) Oral Argument is hereby set for **April 24, 2018, 9am (PST)**, Courtroom A, on Defendant The GEO Group Inc.'s Motion to Dismiss Based on Plaintiff's Failure to Join Required Government Parties (Dkt. 51), as well as the similar motion filed in the

companion case, *State of Washington v. The GEO Group, Inc..*, W.D.Wash. Cause No. 3:17-cv-05806-RJB (Dkt. 51).

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 13th day of April, 2018.

*[signature]*

ROBERT J. BRYAN
United States District Judge