UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHAO CHEN,<br><br>               Plaintiff,<br><br>   v.<br><br>THE GEO GROUP INC.,<br><br>               Defendant. | CASE NO. 3:17-cv-05769-RJB<br><br>ORDER ON DEFENDANT THE GEO GROUP INC.'S MOTION FOR ORDER OF DISMISSAL BASED ON PLAINTIFF'S FAILURE TO JOIN REQUIRED GOVERNMENT PARTIES |

      THIS MATTER comes before the Court on Defendant The GEO Group Inc.'s Motion for Order of Dismissal Based on Plaintiff's Failure to Join Required Government Parties. Dkt. 51. The Court has reviewed the motion, all documents filed in support and opposition, and the remainder of the file herein, and considered oral argument on April 24, 2018.

      Defendant seeks dismissal for Plaintiff Chao Chen's failure to join the Department of Homeland Security and an agency thereof, Immigration and Customs Enforcement (collectively, "ICE"). *See* Dkt. 51 at FN1. As discussed below, dismissal should be denied because ICE is

neither a necessary nor an indispensable party. The case can proceed in equity and good conscience.

## I. BACKGROUND

Defendant moves to dismiss for failure to join under Fed. R. Civ. P. 12(b)(7) following the initial pleadings, but before the completion of discovery. Failure to join may be raised at any stage. *McCowen v. Jamieson*, 724 F.2d 1421, 1424 (9th Cir. 1984); *CP Nat. Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 911-12 (9th Cir. 1991). *See* Fed. R. Civ. P. 12(h)(2). Facts recited are derived either from the Complaint or from a contract incorporated by the Complaint and relied upon by the parties. Dkts. 1, 19, 45-3.

GEO is a private corporation that has owned and operated the Northwest Detention Center (NWDC), a 1,500 bed detention facility, since 2005. Dkt. 1 at ¶¶4.1, 4.2. GEO operates the NWDC based on a contract with ICE ("the GEO-ICE Contract"). Dkts. 19, 45-3. GEO takes care of immigration detainees awaiting resolution of immigration matters and relies on detainees for a wide range of services under the Voluntary Work Program (VWP) required by the contract. *Id*. at ¶¶4.5. GEO compensates detainees at $1 per day. *Id*. at ¶4.7.

Plaintiff initiated this action under the theory that the GEO-ICE Contract at least allows for, if not requires, GEO to compensate detainees working in the VWP at least the minimum wage required by with the State Minimum Wage Act (MWA). Dkt. 1 at ¶¶4.10-4.12. In support of its theory, Plaintiff primarily relies on three terms of the GEO-Ice Contract: (1) GEO must compensate detainees participating in the VWP "*at least* $1 per day" under the "ICE/DHS Performance Base [*sic*] [National] Detention Standards" (PBNDS), expressly incorporated by the contract; (2) GEO must operate according to the "most current . . . constraints," including "applicable federal, state and local labor laws and codes"; and (3) where the contract conflicts

with "all applicable federal state and local laws and standards . . . the most stringent shall apply." Dkt. 19 at 46-48, 56; Dkt. 45-3 at 8.

Defendant rejects Plaintiff's theory and maintains that the GEO-ICE Contract prohibits GEO from acting as an 'employer' to detainees working in the VWP. In support of its theory, Defendant relies on the history, custom, and practice of the VWP and on an itemized "services/supplies" description for the "Detainee Volunteer Wages for the Volunteer Program" found in the GEO-ICE Contract. Dkt. 19 at 9. The description specifies that "[r]eimbursement for this line item will be at the actual cost of $1.00 per day per detainee" and that the "Contractor [GEO] shall not exceed the amount shown without prior approval" by ICE. *Id*. Defendant also relies on provisions of the contract describing background and clearance procedures and practices for hiring "employees," such as use of E-Verify and the prohibition of employing "illegal or undocumented aliens." *Id*. at 72-75. GEO argues that paying MWA rates to detainees working in the VWP would violate the GEO-ICE Contract.

Acknowledged by both parties are GEO-ICE Contract terms allowing GEO to request contract pricing modifications and obliging GEO to indemnify ICE against all claims arising out of GEO's operation of the NWDC. Dkt. 19 at 56, 105, 106, 367.

The Complaint requests the following relief: class certification, damages for lost wages, costs, fees, and interest. Dkt. 1 at 5. GEO is the sole defendant named. *Id*. at ¶3.2.

In the instant motion, Defendant seeks dismissal for Plaintiff's failure to join ICE.

## II. DISCUSSION

**A. Joinder under Rule 19.**

Joinder is governed by Fed. R. Civ. P. 19, a rule that imposes a three-step inquiry:

1. Is the absent party "necessary" under Rule 19(a)?

2. If so, is it feasible to order joinder of the absent party?

3. If joinder is not feasible, is the party "indispensable" under Rule 19(b) such that in "equity and good conscience" the suit can proceed short of dismissal?

*Salt River Project Agr. Imp. and Power Dist. v. Lee*, 672 F.3d 1176, 1179 (9th Cir. 2012). Rule 19 analysis is "a practical, fact-specific one, designed to avoid the harsh results of rigid application." *Dawavendewa v. Salt River Project Agr. Imp. and Power Dist.*, 276 F.3d 1150, 1155 (9th Cir. 2002).

1. <u>Is ICE a necessary party under Rule 19(a)?</u>

Rule 19(a)(1) provides:

(1) *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

a. *Fed. R. Civ. P. 19(a)(1)(A).*

The Court can accord complete relief among existing parties. *See* Fed. R. Civ. P. 19(a)(1)(A). All relief sought by Plaintiff can be obtained from GEO without ICE.

Defendant argues that complete relief cannot be obtained among existing parties because the day rate of $1 is fixed by ICE and cannot be adjusted without ICE's consent. Dkt. 51 at 12. To bolster its conclusion, Defendant cites two provisions of the GEO-ICE Contract, an opinion letter by the Department of Defense, and 8 U.S.C. § 1555(d). *Id.* at FN 35, 36. The first page of the contract cited, page eighty-two (82), simply incorporates the PBNDS. *See* Dkt. 19 at 9. The

second page of the contract cited, page nine (9), includes a clause that describes "reimbursement" of $114,975 for the "Detainee Volunteer Wages for the Detainee Work Program . . . at the actual cost of $1.00 per day per detainee," and GEO "shall not exceed the amount shown without prior approval" by ICE. *Id*. The clause can be interpreted in at least two ways: In Defendant's view, ICE's reimbursement rate is also limit on detainee rate of pay; in Plaintiff's view, ICE's reimbursement rate limits the amount reimbursed to GEO but does not limit the detainee rate of pay. Interpretation of this clause remains an open question.

Next, Defendant relies on a 1992 opinion letter issued by the General Counsel to the Department of Defense on the issue of whether "aliens may perform general labor at the Naval Air Facility, so long as performance is voluntary . . . not unduly hazardous, and the aliens remain in [DHS] custody." Dkt. 51 at FN 35, 36. *Your CO* 243-C Memorandum of November 15, 1991; DOD Request for Alien Labor, 1992 WL 1369402, at *2. How this opinion, which makes no mention of the MWA, should influence interpretation of the GEO-ICE Contract, remains an open question.

Finally, Defendant cites 8 U.S.C. § 1555(d), which provides that congressional appropriations for immigration service expenses "shall be available for payment of . . . (d) payment of allowances (at such a rate as may be specified from time to time in the appropriation Act involved) to aliens, while held in custody . . . for work performed[.]" *Id*. The Court previously commented that "although § 1555(d) is still in effect, Congress has not specified any rate for detainee work since fiscal year 1979." Dkt. 28 at 9.

The Court is reluctant to delve into contract interpretation prior to the completion of discovery, except to find that, at present, Defendant has not shown that there cannot be complete
ORDER ON DEFENDANT THE GEO GROUP INC.'S MOTION FOR ORDER OF DISMISSAL BASED ON PLAINTIFF'S FAILURE TO JOIN REQUIRED GOVERNMENT PARTIES - 5

relief among the parties, because its argument is premised on only one of multiple plausible interpretations of the GEO-ICE Contract.

Defendant analogizes this case to *Dawavendewa*, arguing that "[w]hen a plaintiff sues one party to a contract over actions that relate to that contract, the absent contracting party is a required party." Dkt. 51 at 9. In *Dawavendewa*, the Ninth Circuit concluded that complete relief could not be accorded to the plaintiff, "[e]ven if ultimately victorious," because judgment in plaintiff's favor would put the defendant "between the proverbial rock and a hard place—comply with the injunction prohibiting the hiring preference policy or comply with the [Navajo Nation] lease requiring it." *Dawavendewa*, 276 F.3d at 1155.

In this case, at least arguably, no such 'rock and a hard place' exists, because Plaintiff's theory points to the likelihood of harmony between GEO's contractual obligation and complying with the MWA. Under Plaintiff's theory, the plausibility of which the Court previously addressed, *see* Dkt. 28, whether detainees are "employees" is a fact-driven question informed by whether GEO acts like an "employer" under the MWA. For the same reason *Dawavendewa* can be distinguished, GEO's reliance on *E.E.O.C. v. Peabody Western Coal Co.*, 400 F.3d 774, 780 (9th Cir. 2005), fails. In this case, at least arguably, no such impossible predicament precludes complete relief among existing parties exists.

        b. *Fed. R. Civ. P. 19(a)(1)(B)(i) and (ii).*

ICE does not have a legally protected interest in this case. *See* Fed. R. Civ. P. 19(a)(1)(B)(i) and (ii).

At least as of March 7, 2018, when members of Congress sent a letter to ICE, ICE has had general knowledge of the litigation. Dkt. 52 at 5. Furthermore, by contract, GEO is apparently required to notify ICE of this case within five days of its filing. Dkt. 19 at 57. It is

undisputed that ICE has not appeared in this case, the related class action case, or any similar cases. ICE has not asserted any interest in the case. Defendant has speculated that an increase in detainee wages could result in a contract modification regarding reimbursement from ICE to GEO. That points only to a <u>potential</u> financial interest. However, "The interest must be more than a financial stake, and more than speculation about a future event." *Makah Indian Tribe v. Verity*, 910 F.2d 555, 559 (9th Cir. 1990).

Because ICE does not have an interest in the case, it is not a necessary party under either subsection (i) or (ii) of Fed. R. Civ. P. 19(a)(1)(B). However, assuming that ICE has an interest in the case, resolving the case does not necessarily impair or impede ICE's ability to protect its interest, under subsection (i), and does not leave GEO subject to inconsistent obligations, under subsection (ii).

Considering subsection (i), it appears that Defendant has not argued that the 'impair or impede' subsection applies. *See* Dkt. 51 at 9-14; Dkt. 56 at 9-13. Defendant made no mention of subsection (i) at oral argument. The Court observes that Plaintiff does not seek relief to set aside or modify the GEO-ICE Contract. Furthermore, if Plaintiff prevails, GEO could still comply with the GEO-ICE Contract, because any judgment would not invalidate or set aside the contract. *See Dawavendewa*, 276 F.3d at 1157; *Disabled Rights Action Committee v. Las Vegas Events, Inc.*, 375 F.3d 861, 881 (9th Cir. 2004).

Considering subsection (ii), whether ICE's absence leaves GEO subject to inconsistent obligations, Defendant's showing is insufficient. *See* Fed. R. Civ. P. 19(a)(1)(B)(ii). Defendant argues that two inconsistent obligations would result if Plaintiff prevails. Defendant first points to the outcome if GEO is required to compensate detainees at or above the State minimum wage, rather than at $1 per day. Dkt. 56 at 10. Such an outcome, in Defendant's view, does not reflect

the intent of the contractor and author of the contract, ICE, but if ICE's opinion is ambiguous, "ICE should be in the case to explain its view[.]" *Id*. at 10. A need for ICE's evidence does not make its joinder necessary.

Defendant also points to the outcome if GEO is declared an "employer" of detainee "employees." According to Defendant, such a declaration would conflict with terms of the GEO-ICE Contract, which requires GEO to perform pre-suitability employment checks and hire only lawful permanent residents and U.S. citizens and persons with the requisite (lack of) criminal arrests. Dkt. 56 at 10. If GEO is violating its contract with ICE, that appears to be beyond the issues raised by the Complaint.

Both outcomes described by Defendant presuppose that the MWA cannot be reconciled with other contractual and legal obligations, but as discussed above, Plaintiff's theory points to the likelihood of harmony. The Court need not belabor the point, particularly because this Order makes no final finding on the correct interpretation of the GEO-ICE Contract.

In sum, the Court finds that ICE is not a necessary party under Rule 19(a).

2. <u>Is it feasible to join ICE?</u>

Federal agencies are protected from suit, except where Congress has spoken. *Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999). According to Defendant, Congress has not waived the federal agency's sovereign immunity and ICE has not itself consented to be sued. Dkt. 51 at 14, 15. Plaintiff has not made any showing to the contrary, where it argues, by incorporating a footnote, only that "the doctrine of sovereign immunity would not preclude <u>GEO</u> from impleading DHS/ICE as a third party for purposes of declaratory and injunctive relief" when challenging a final agency action under the Administrative Procedure Act. Dkt. 62 at 3;

*State of Washington v. The GEO Group Inc.*, W.D.Wash. Cause No. 17-56580, Dkt. 53 at FN 8 (emphasis added). The footnote does not address the feasibility of joinder as to all claims here.

For purposes of this motion, the Court assumes that it is not feasible to join ICE.

3. <u>Is ICE an indispensable party under Rule 19(b)?</u>

ICE is not a necessary party, but to complete the analysis, the Court should assume that it is a necessary party and cannot feasibly be joined. Then the Court should consider whether ICE is an indispensable party. A party is "indispensable" for Rule 19(b) purposes if the action should proceed "in equity and good conscience," considering the following non-exhaustive factors:

- The extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

- The extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures;

- Whether a judgment rendered in the person's absence would be adequate; and

- Whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b); *White v. Univ. of California*, 765 F.3d 1010, 1027-28 (9th Cir.2014).

The first factor, prejudice, weighs heavily in favor of Plaintiff. ICE suffers no more prejudice as an absent party than if it participates. Plaintiff does not seek relief from ICE, and, assuming an outcome in favor of Plaintiff, the GEO-ICE Contract will remain intact. ICE is fully capable of protecting itself. The prejudice to Defendant is no more than if ICE participates.

The next factor, lessening prejudice with mitigating measures, favors neither party because there is no prejudice to ICE, and, as GEO acknowledges, there are no mitigating measures available. Dkt. 51 at 16.

The final two factors favor Plaintiff. Again, assuming Plaintiff's theory of the case prevails, Plaintiff will have obtained its remedy with the GEO-ICE Contract unchanged and

without prejudice to ICE. On the other hand, if the case were dismissed for the failure to join ICE, Plaintiff would be left without a legal remedy.

Equity and good conscience, in light of these four factors, weigh in favor of the case proceeding, rather than its dismissal. ICE is not an indispensable party under Rule 19(b).

**B. Conclusion.**

In summary, ICE is not a necessary or an indispensable party under Rule 19. Dismissal for non-joinder is not warranted. Defendant's motion should be denied.

This Order makes no finding as to whether Defendant could add ICE as a third party defendant.

* * *

THEREFORE, it is HEREBY ORDERED that The GEO Group Inc.'s Motion for Order of Dismissal Based on Plaintiff's Failure to Join Required Government Parties (Dkt. 51) is DENIED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 26th day of April, 2018.

ROBERT J. BRYAN
United States District Judge