THE HONORABLE ROBERT J. BRYAN

1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON AT TACOMA**

10
11
12
13
14
15
16
17
18
19

| | |
|---|---|
| CHAO CHEN, individually and on behalf of all those similarly situated,<br><br>                              Plaintiff,<br><br>v.<br><br>THE GEO GROUP, INC., a Florida corporation,<br><br>                              Defendant. | Case No.: 3:17-cv-05769-RJB<br><br>OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM DEADLINES<br><br>NOTED:  May 11, 2018 |

20      The GEO Group, Inc. ("GEO") opposes Plaintiff's Motion for Relief from Deadlines and

21
22   for Status Conference, ECF 73 ("Mot."). Plaintiff seeks not only relief from his deadline to

23   respond to GEO's pending Motion to Deny Class Certification, ECF 69, but also to turn back the

24   clock to allow him to substitute himself with another plaintiff and recycle his flawed class

25
26   certification motion sometime down the road. *See* Mot. 1.

27      Plaintiff's motion should be denied. First, Mr. Chen cannot show he has been diligent.

28   He could not have been surprised by any facts elicited during his deposition for the simple fact

29
30   that *he* was the deponent. GEO's questions were relevant to its theory of this case and were

31   plainly foreshadowed by its many filings to date. To the extent Mr. Chen was surprised by the

32
33   GEO'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM DEADLINE
     3:17-cv-05769-RJB                                1 of 1

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

questions, that surprise was due to his failure to disclose key information to his attorneys or his attorneys' failure to prepare him. And to the extent his counsel was surprised by his answers—or refusals to answer—that surprise was due to their failure to investigate their own client. That they had already discussed this claim with other potential representatives provides further evidence of their failure to act diligently.

Second, Mr. Chen's implosion during his deposition calls his counsel's adequacy into question. They chose Mr. Chen to be the face of this claim. In doing so, however, they exposed him to questions that could implicate criminal jeopardy. They have also exposed a substantial weakness in their class claim, which will still include Mr. Chen even if he steps back into the shadows now: they are asking this Court to find that GEO not only employed an illegal alien and convicted felon, but also a man who would not deny engaging in a litany of other criminal conduct that included sexually assaulting a child, all of which are disqualifiers for employment under federal law and the explicit terms of GEO's contract.

For these reasons, as more fully explained below, Mr. Chen's motion should be denied.

## BACKGROUND

Last fall, Plaintiff Chao Chen filed this suit, claiming that he and all other aliens detained at the Northwest Detention Center ("NWDC") qualify as GEO's "employees" under Washington law when they participate in the Voluntary Work Program ("VWP"), and that they are entitled to backpay because GEO does not pay them a minimum wage. Complaint, ECF 1. This Court denied GEO's motion to dismiss on express and field preemption grounds, but held that GEO's conflict-preemption argument could not be settled without factual development. *See* Order, ECF 28. The Court issued its scheduling order in December and amended it a few days later to include a deadline for class certification. Minute Orders, ECF 35 & 36. In compliance with the

GEO'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM DEADLINE
3:17-cv-05769-RJB                                                2 of 2

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

scheduling order, Mr. Chen moved to certify his putative class, and GEO moved to dismiss under Rule 19 for failure to join ICE, who is indispensable to this case. Pl's Mot for Class Cert., ECF 44; GEO's Mot. for Dismissal For Failure To Join Indispensable Party, ECF 51 ("Rule 19 Mot."). The Court denied GEO's motion, Order, ECF 67, and Mr. Chen has now moved to withdraw his motion for class certification, Pl.'s Notice to Withdraw, ECF 72.

GEO deposed Mr. Chen the day after oral argument on its Rule 19 motion. *See generally* GEO's Mot to Deny Class Cert., ECF 71, Exh. I ("Chen Depo."). Mr. Chen's testimony included a number of problematic admissions. First, Mr. Chen testified that he has been unemployed for almost his entire adult life. Chen Depo., 64, 104-07. Instead of working, he was a habitual gambler in the decade before violent felony convictions sent him to prison, and has continued his gambling since his release from ICE detention. *Id.* at 102, 104, 110-11, 189. He was also a methamphetamine user before his convictions. *Id.* at 107-08. His only current work income comes from part-time employment at his brother's coffee shop, which income he did not report last year. *Id.* at 27. He funds his current gambling partly through money his sister saved for him and partly from money his sister gives him. *See Id.* at 189-91.

Mr. Chen also receives public benefits. He receives food stamps, which his sister advised him how to get. *Id.* at 33, 83. He also receives public health benefits, which he got through the government office where his sister works. *Id.* at 32-33, 90-91. Mr. Chen has no disabilities that would prevent him from working, and claims that he works in order to "keep [himself] occupied." *Id.* at 83, 191.

Mr. Chen also invoked his Fifth Amendment right numerous times, in response to questions derived from GEO's research. *Id.* at 128-31, 134-35. He refused to deny (1) that he had ever hurt a minor, *Id.* at 127; (2) that he had ever sexually assaulted a minor, *Id.* at 128, 134-

GEO'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM DEADLINE
3:17-cv-05769-RJB                    3 of 3

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

35; (3) that he had ever assaulted anyone else, *Id.* at 128; (4) that he had ever threatened anyone other than his confirmed victims with a weapon, *Id.* at 129-30; (5) that he had ever fired a gun at anyone other than his confirmed victims, *Id.* at 130; and (6) that he had ever hit or assaulted any of his family members, *Id.* at 134.

These questions were relevant for at least three reasons.  First, any criminal conduct by Mr. Chen that could be prosecuted would affect his adequacy to serve as a class representative. *Id.* at 121.  Second, Mr. Chen's criminal past would undoubtedly affect whether he could have been employed by GEO without GEO violating the terms of its contract with ICE.  *Id.* at 121-22. GEO's contract requires background checks and other pre-employment suitability determinations for which Mr. Chen's past criminal conduct would be plainly relevant.  Third, any sexual assault crimes are specifically relevant to GEO because it is subject to federal regulations under the Prison Rape Elimination Act that subject it to strict hiring requirements.  *Id.* at 122-23.

The Court allowed the questions.  *Id.* at 126-27.  Soon after the deposition, Mr. Chen's counsel informed GEO that they were cancelling the scheduled depositions of Mr. Chen's family members and recommending that Mr. Chen and his family retain criminal defense counsel.  GEO filed its own pending motion to deny class certification, and Mr. Chen now seeks not only relief from his deadline to respond to that motion but also relief from the now-past joinder and class certification deadlines. *See generally*, Mot.

## LEGAL ARGUMENT

### A.    Legal Standard

When a party seeks relief from a deadline that has already passed, that party must show good cause.  Fed. R. Civ. P. 16(b)(4).  To do so, the movant must show that a deadline could not "reasonably be met despite the diligence of the party seeking the extension."  *Johnson v.*

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

*Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *see also Lamberth v. Clark Cty. Sch. Dist.*, 698 F. App'x 387, 389 (9th Cir. 2017).  If the movant was not diligent, the inquiry ends.  *Johnson*, 975 F.2d at 609; *see also Branch Banking & Trust Co. v. D.M.S.I., LLC*, 871 F.3d 751, 764-65 (9th Cir. 2017).  Prejudice to the nonmovant can "supply additional reasons to deny a motion." *Johnson*, 975 F.2d at 609.

A class representative is not diligent if he had knowledge of disqualifying information before the joinder deadline had passed.  For example, in *Wilson v. Frito-Lay North America, Inc.*, No. 12-cv-01586, 2017 WL 3478776 (N.D. Cal. Aug. 14, 2017), *appeal filed,* (Sept. 11, 2017), the district court denied a motion to add proper representative plaintiffs when the current class representatives admitted during their deposition that they could not establish at least one element of their class claim.  *Id.* at *2-3.  As the court explained, "[t]he deposition testimony of the named plaintiffs made it plain that [the defendant's allegedly misleading] labels played no part in their purchase decisions, and ***had Plaintiffs' counsel inquired of their clients before filing suit, they would have discovered that fact*.*" *Id.* at *3 (emphasis added).  And as another court has explained, when a party "knows or is in possession of the information that form[s] the basis of the later motion to amend at the outset of litigation, the party is presumptively not diligent." *Hildebrand v. Dentsply Int'l, Inc.*, 264 F.R.D. 192, 198 (E.D. Pa. 2010).  *See also, Osakan v. Apple Am. Grp.*, No. C 08-4722, 2010 WL 1838701, *3-4 (N.D. Cal. May 5, 2010) (denying motion to add proper class representatives when named plaintiff was on notice of his likely inadequacy from defendant's filings in the case).

Similarly, a party that had reason to add class representatives before a deadline but chose not to do so is not diligent.  Courts have denied a motion to add class representatives when the current representatives had notice of the defendant's positions and failed to prepare accordingly.

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

*Jankanish v. First Am. Title Ins. Co.*, No. C08-1147MJP, 2009 WL 1919117, at *2-3 (W.D. Wash. July 2, 2009).  In *Jankanish*, the class representatives sought to add class plaintiffs after the district court ruled that some of their claims were time-barred.  *Id.* at *1.  The plaintiffs were not diligent because they had "fail[ed] to prepare for the possibility that [the d]efendants might prevail on their motion to dismiss," even though the dismissal order was made only a few days before the joinder deadline.  *Id.* at *3.  *See also Mansourian v. Bd. of Regents*, No. CIV. S-03-2591, 2007 WL 841739 (E.D. Cal. Mar. 20, 2007) (plaintiffs not diligent when failing to timely join appropriate plaintiffs with knowledge that their own claims would become moot).

**B.      Mr. Chen and His Counsel Were Not Diligent**

Mr. Chen and his counsel cannot show diligence because the facts disclosed at his deposition were, by definition, known to him, and should have been known to his attorneys before they sued GEO.  Mr. Chen argues only that he acted "diligently" because he moved to modify the scheduling order "within days of his deposition." Mot. 4.  GEO discovered in a few hours at a deposition what Mr. Chen himself has known for years, and what his attorneys should have known long before filing a class action lawsuit in this Court.  Consider some of the facts revealed in deposition, which also would have been discussed in any real prospective GEO-employee hiring:

- Mr. Chen has never held a job for more than 11 months at any time in his life;

- Mr. Chen has no disabilities that prevent him from working but has nonetheless been unemployed for almost his entire life;

- Mr. Chen's sister works for the State agency through which he gets public benefits, and advised him how to get other public benefits;

- Mr. Chen was a habitual gambler for over a decade before his conviction and

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

incarceration and is a habitual gambler now;

- Mr. Chen gets money from his sister to fund his gambling—the same sister that helped him get public benefits;

- Mr. Chen has not reported any of his gambling or other income to any State benefits agency or, apparently, reported them on a tax return.

Mr. Chen would not deny:

- that he had ever hurt a minor,

- that he had ever sexually assaulted a minor,

- that he had ever assaulted his family,

- that he had ever assaulted anyone else,

- that he had ever fired a gun at anyone other than his known victims,

- or even that he had ever threatened anyone else with a weapon.

Instead, he invoked his Fifth Amendment right against self-incrimination in a criminal proceeding.

Mr. Chen's deposition testimony not only raises troubling questions, it also undercuts any claim that he has acted diligently in response to some surprising new information. *See Johnson*, 975 F.2d at 609-10 (prior notice undercut diligence); *see also Wilson*, 2017 WL 3478776, at *3; *Hildebrand*, 264 F.R.D. at 198-99.  Mr. Chen is still the only party to this case who knows the answers to all of the questions he declined to answer by invoking the Fifth Amendment.  Any surprise he had from GEO's questions can only be attributed to his lack of candor or his own counsel's failure to prepare him for his deposition.  *See Wilson*, 2017 WL 3478776, at *3 (finding no diligence when attorneys failed to ask relevant questions at appropriate times).

Further, GEO's questions should not have been surprising.  Mr. Chen variously refers to

GEO'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM DEADLINE
3:17-cv-05769-RJB                                          7 of 7

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

GEO's questions as "aggressive[] question[s]" about "matters from his past," Mot., 1, "repeated[] question[s]" about "other irrelevant subjects," Mot. 2, and "a difficult line of questioning that challenged his adequacy to serve as a class representative," Mot. 4.  But Mr. Chen cannot reasonably claim that any of GEO's questions were unexpected, since his employability is essential to his claim that he was an "employee" when he was detained at NWDC.  His answers are relevant to how he would fare as a class representative.  Chen Depo. at 126 ("The answer to this whole thing lies, in part, on your judge's view of the class representative and what that entails and what that person is responsible for.").  And Mr. Chen has been on notice from GEO's filings in this case that *GEO* considers his employability under both federal law and its contract to be a critical aspect of his claim.  Mot. to Dismiss, ECF 8, 11-16; Reply, ECF 16, 5-7; Answer, ECF 33, ¶¶ 4.10, 8.7, 12.4, 12.7, Rule 19 Mot., ECF 51, 8-9; Rule 19 Reply, ECF 64, 4-7.  Consequently, any claim that Mr. Chen was somehow surprised by GEO's questions relating to his criminal past are unreasonable.  *See Osakan*, 2010 WL 1838701, at *3-4.  And any claim that his lawyers were surprised by his answers arises from their own carelessness and lack of diligence regarding their client.  Carelessness and lack of diligence do not amount to "good cause" to amend a scheduling order.  *Johnson*, 975 F.2d at 609.

Any employer would ask hard questions when deciding whether to employ someone with a history of violent crime who had recently been released from prison.  But GEO's questions also address concerns identified in federal law and GEO's contract with ICE.  *See, e.g.*, Rule 19 Reply, ECF 64, 4-7.  Sexual assault allegations against an employee, in particular, are directly relevant to GEO's compliance with the Prison Rape Elimination Act.  Chen Depo. at 123; *see also* GEO's Mot to Deny Class Certification, ECF 69, at 24 (citing 28 C.F.R. § 115.17).  Finally, Mr. Chen cannot seriously argue that GEO's questions were both irrelevant ***and*** sufficient to

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

make him an inadequate plaintiff, *see* Mot. 4 (referring to a "difficult line of questioning that challenged [Plaintiff's] adequacy to serve as a class representative"); if they were irrelevant to Mr. Chen's adequacy as a class representative, then they gave him no reason to withdraw his motion for class certification.

More broadly, Mr. Chen fails to explain how he was "diligent" to proceed as the lone class representative, given his manifest inadequacy. He claims only that it was "not apparent to [his] counsel that the addition of one or two or more named plaintiffs would serve the interests of efficient and economical litigation of the case." Mot. 4; ECF 71, § 6. While Mr. Chen's attorneys' failures are addressed more fully below, proceeding with a single class representative was facially unwise, as Mr. Chen could have become unavailable for any number of common-sense reasons. *See Mansourian*, 2007 WL 841739 (class representatives not diligent when they aged out of their own class); *see also Osakan*, 2010 WL 1838701, at *4 ("The burden of preparing this case for trial is on Plaintiff."). Indeed, Mr. Chen's counsel now concede that they had already discussed the minimum wage claim with other possible representatives and elected not to join any of them prior to the Court's joinder deadline. ECF 71, § 5.

In sum, Mr. Chen cannot reasonably contend that he is entitled to relief from this Court's scheduling order. The deposition exposed no facts that Mr. Chen himself did not already know. Before filing and prosecuting his case, Mr. Chen's counsel failed to ensure that they had a plaintiff capable of serving as class representative, which includes failing to join additional plaintiffs. There is no good cause to extend the joinder or class certification deadlines.

## C.   Mr. Chen's Other Arguments Fail

Mr. Chen's counsel make two further arguments to try to avoid a mess of their own creation. First, they argue that this Court should dispense with its scheduling order and let them

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

continue with a new plaintiff because they will simply file another action if it does not.  Mot. 4-5.  Thus, they argue, holding them to the schedule that they have previously tried to enforce against GEO would be inefficient because they will just try again.  Were Mr. Chen or his counsel truly concerned with judicial efficiency, however, they would have ensured that Mr. Chen was suitable to bring this case or joined other plaintiffs before the joinder deadline passed.  Conversely, they should have litigated their class certification motion fully and then tried to substitute a class representative in the event this Court granted that motion.  Instead, Mr. Chen's lawyers are now essentially threatening the Court with an unlimited number of do-overs to correct their own mistakes.  This exposes the claim as the political move that it truly is.

Indeed, the deposition reveals not only that Mr. Chen's is an inadequate class representative, but that his **counsel** are too.  *See* Fed. R. Civ. P. 23(g) (requiring the court to consider "the work counsel has done in … investigating potential claims" and instructing that the court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interest of the class"); *see also Creative Montessori Learning Ctrs. v. Ashford Gear LLC*, 662 F.3d 913 (7th Cir. 2011) (class certification vacated when class counsel's decision to proceed with class representative that likely had no claim gave reason to doubt counsel's adequacy).  They chose to file this class action claiming that detainees are employees.  They chose when to file it.  They chose Mr. Chen as their sole class representative.  And they failed to ask straightforward questions—at any time during *or before* filing this claim—about Mr. Chen's past behavior affecting his suitability to act as a class representative.  During GEO's first exploration into the facts underlying their plaintiff's claim, their lone plaintiff was reduced to capitulation in a matter of hours.

This situation also shows recklessness with respect to the interests of their current and

GEO'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM DEADLINE
3:17-cv-05769-RJB                                                                    10 of 10

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

intended clients.  By failing to diligently investigate their own client, Mr. Chen's counsel have allowed information to "c[o]me to light" in a sworn deposition that "may or may not implicate criminal jeopardy."  ECF 71, Ex. 1 at 216 (statement of Mr. Chen's counsel).  Those problems stem directly from his counsel's failure to ask relevant questions.  Their recklessness may well leave Mr. Chen in a worse position than he was in before filing suit.  And by electing to proceed with a compromised plaintiff as the sole representative for their putative class, they have jeopardized the interests of their entire putative class, not just Mr. Chen himself.  Thus, even if they have vigorously sought to damage GEO, they have apparently given little thought to the best interests of their own client or his putative class.  Such concerns are not unknown in class action litigation.  Lawrence W. Schonbrun, *Why I Am Leaving... the Practice of Being a Plaintiff's Class Action Lawyer* (July 24, 2012) (https://www.huffingtonpost.com/lawrence-w-schonbrun/class-action-awsuits_b_1541017.html).

Mr. Chen's attorneys' argument that they can simply file another class claim ignores that class certification is not to be granted as a matter of course.  As the Supreme Court has explained, class actions are "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only."  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 334, 348 (2011) (quotation omitted).  It has further described class claims for damages as an "adventuresome innovation … framed for situations in which class-action treatment is not as clearly called for."  *Id.* at 362 (quotation omitted).  For Mr. Chen or his attorneys to claim that they can simply file an unlimited number of other claims in this Court until they find just the right class representative ignores that they have not shown that any class can properly be certified at all.  Such certification is improper ***at least*** for all the reasons GEO has articulated in its pending motion to deny class certification.  *See generally*, Mot. to Deny Class Cert., ECF 69.

GEO'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM DEADLINE
3:17-cv-05769-RJB                                    11 of 11

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

1

2

3

4    Second, Mr. Chen argues that GEO will not suffer any prejudice if his counsel are allowed to ignore past deadlines and replace Mr. Chen with a less-compromised plaintiff.  Mot.

5    5-6.  But allowing Mr. Chen to drop out of his own case and let someone else take the reins will,

6    at least, prolong discovery and require GEO to depose more class representatives, increasing the

7    time and expense of litigation.  And, as Mr. Chen himself previously argued, "adherence to the

8    order is very important to the settled expectations of the parties and the court."  Pl.'s Opp. to

9    GEO's Mot. for Relief from Deadline, ECF 56, at 4-5 (quotation omitted).

10   Further, the relief Mr. Chen seeks tends to show why GEO will, in fact, be prejudiced by

11   substituting a new plaintiff.  Mr. Chen does not seek to drop his claim against GEO, he seeks to

12   be only a beneficiary of someone else's continued litigation.  *See* Mot. 6, (noting that Mr. Chen

13   would like to "revert to a putative class member as opposed to a class representative").  But Mr.

14   Chen's position exposes the grave problem with his class claim: GEO plainly cannot have

15

16   employed him—as it never intended to do and never, in fact, did—without raising numerous

17   conflicts with federal law and with the terms of its contract with ICE.  Mr. Chen's claim does not

18   become less problematic merely because he would prefer to assert it by proxy.

19

20   GEO has litigated this claim for months against Mr. Chen, and it has a pending motion to

21   deny class certification for Mr. Chen's claim.  It will plainly be prejudiced by any order

22

23   replacing him with another plaintiff who likely carries similar baggage.

24

25                                          **CONCLUSION**

26   Plaintiff's Motion for Relief From Deadlines should be denied.

27   Dated this 9th day of May, 2018 at Tucson, Arizona.

28

29   III Branches Law, PLLC

30   _____

31   Joan K. Mell, WSBA #21319
     Attorney for The GEO Group, Inc.

32

33   GEO'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM DEADLINE
     3:17-cv-05769-RJB                                    12 of 12

**CERTIFICATE OF SERVICE**

I, Joseph Fonseca, hereby certify as follows:

I am over the age of 18, a resident of Pierce County, and not a party to the above action.

On May 9, 2018, I electronically filed the above GEO's Opposition to Plaintiff's Motion for

Relief from Deadline, with the Clerk of the Court using the CM/ECF system and served via

Email to the following:

Schroeter, Goldmark & Bender               The Law Office of R. Andrew Free
Adam J. Berger, WSBA No. 20714             Andrew Free
Lindsay L. Halm, wSBA No. 37141            P.O. Box 90568
Jamal N. Whitehead, WSBA No. 39818         Nashville, TN 37209
810 Third Avenue, Suite 500                andrew@immigrationcivilrights.com
Seattle, WA 98104
berger@sgb-law.com
halm@sgb-law.com
whitehead@sgb-law.com

Sunbird Law, PLLC                          Norton Rose Fulbright US LLP
Devin Theriot-Orr                          Charles A. Deacon (Pro Hac Vice)
1001 Fourth Avenue, Suite 3200             300 Convent St.
Seattle, WA 98154                          San Antonio, TX 78205
devin@sunbird.law                          charlie.deacon@nortonrosefulbright.com

Norton Rose Fulbright US LLP
Mark Emery (Pro Hac Vice)
799 9th St. NW, Suite 1000
Washington, DC 20001-4501
(202)-662-0210
mark.emery@nortonrosefulbright.com

I certify under penalty of perjury under the laws of the State of Washington that the

above information is true and correct.

DATED this 9th day of May, 2018 at Fircrest, Washington.

Joseph Fonseca, Paralegal

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph