1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

The Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHAO CHEN, individually and on behalf of
all those similarly situated,

Plaintiff,

v.

THE GEO GROUP, INC., a Florida
corporation,

Defendant.

No. 3:17-cv-05769-RJB

PLAINTIFF'S REPLY IN
SUPPORT OF MOTION FOR
RELIEF FROM DEADLINES
AND FOR STATUS
CONFERENCE

## I.    INTRODUCTION

Defendant The GEO Group, Inc. spends the lion's share of its opposition to Plaintiff

Chao Chen's motion impugning his character. But the only fact of any real consequence to

this action in evaluating Mr. Chen is that he participated in the Voluntary Work Program

("VWP") at the Northwest Detention Center ("NWDC" or the "Tideflats) where GEO paid

him less than the minimum wage *for work already performed*. Mr. Chen's personal

characteristics neither diminish the relief at stake—back wages under the Minimum Wage

Act—nor his fidelity to the putative class. Even so, GEO's allegations about Mr. Chen's

moral turpitude have succeeded in quelling his appetite for the instant litigation and he

wishes to withdraw as lead plaintiff so that other putative class members and potential class

representatives may step to the fore. Substituting other VWP participants as named plaintiffs in Mr. Chen's place will not change the contours of the class-wide allegations or even the class certification analysis, save for Rule 23(a)'s adequacy inquiry, given that so many detainees were subjected to GEO's uniform pay practices and policies on the Tideflats.

Accordingly, Mr. Chen appeals to the Court's inherent case scheduling powers and the interests of justice, and respectfully moves the Court for relief from the following deadlines and a status conference to establish new dates: (1) joinder, (2) class certification, and (3) adjudication of Defendant's recently filed Motion to Deny Class Certification.

## II.    LEGAL ARGUMENT

### A.    GEO Relies On Inapposite Case Law.

The case law cited by GEO in opposition is wholly inapposite. For example, GEO cites *Wilson v. Frito-Law N. Am., Inc.,* for the proposition that a class representative fails to act diligently where he has knowledge of disqualifying information but fails to move for substitution before the joinder deadline. Dkt. No. 75 ("Opp.") at p. 5. The *Wilson* court denied the plaintiff's request for substitution because he waited *two years* after his deposition at which it became apparent that his claims were not common and typical of the class and until after the court dismissed his claims on summary judgment before requesting substitution. 12-CV-01586-JST, 2017 WL 3478776, at *3-5 (N.D. Cal. Aug. 14, 2017). Under these circumstances, the court could not find that the plaintiff had acted diligently in requesting substitution despite acknowledging "it is generally true that courts permit substitution in the early stages of class action litigation…" *Id.* at *5.

GEO relies upon *Hildebrand* and *Jankanish* for similar propositions, but these cases are also factually dissimilar to the case at bar. Opp. at pp. 5-6. In *Hildebrand v. Dentsply*

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

*Intern., Inc.,* the plaintiffs lacked standing from the outset to maintain an action in their individual capacities, but waited until eight months after the joinder deadline and *after* the defendant's motion to dismiss before seeking substitution. 264 F.R.D. 192, 198-199 (E.D. Pa. 2010). In *Jankanish v. First Am. Title Ins. Co.,* the plaintiff sought leave to amend the complaint a month after the joinder deadline to add a new class representative in an attempt to revive claims the court had previously dismissed as time barred. C08-1147-MJP, 2009 WL 1919117, at *1 (W.D. Wash. July 2, 2009).

Here, unlike *Wilson* and *Hildebrand* in which the plaintiffs unreasonably delayed in requesting substitution while the defendant's plaintiff-specific motions were pending or had been granted, or *Jankanish* in which substitution would have revived expired claims, Mr. Chen sought relief from the court within days of concluding that his personal and familial interests overrode his ability to carry on as the named plaintiff in this action. Moreover, unlike those cases, Mr. Chen has *defeated* GEO's prior motions to dismiss, and there are no pending motions, claims, or defenses that hinge upon Mr. Chen continuing as the named plaintiff. The only arguable exception is GEO's Motion to Deny Class Certification, which it rushed to file after learning that Mr. Chen planned to withdraw his pending class certification motion. *Compare* Dkt. No. 74 ("Whitehead Decl.") at ¶ 4 ("On Friday, April 27, 2018, I initiated a conference call with [counsel for GEO] to inform them that Mr. Chen no longer wished to serve as class representative in this case.") *with* Dkt. No. 69 (Mot. to Deny Class. Cert., filed April 30, 2018). And even that motion focuses principally on rehashing GEO's conflict preemption and contractually based arguments that would be applicable to any class member, rather than on defenses that would be specific to Mr. Chen.

PLTF.'S REPLY IN SUPPORT OF MOT. FOR RELIEF FROM DEADLINE & STATUS CONF. (17-CV-05769-RJB) – 3

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

In light of these circumstances, Mr. Chen has acted diligently in seeking relief from the subject deadlines, thus satisfying the threshold question of Rule 16(b)(4).

**B.    GEO Will Suffer No Prejudice if Substitution is Permitted.**

GEO argues that it will be prejudiced if substitution of the named plaintiff is permitted because it would prolong discovery and because Mr. Chen would benefit unfairly from someone else's continued litigation. Opp. at p. 12. To start, conducting discovery on new named plaintiffs would add marginally to GEO's discovery burdens, but may be possible under the existing discovery deadline. Filing a separate action in the event that substitution is denied, however, would create greater hardship for GEO as it would presumably be forced to recreate and reproduce its earlier pleadings, motions, and discovery responses. In this way, substitution would in fact create less of a burden on the parties and the Court and streamline this litigation, allowing it to move forward more efficiently and effectively to resolution than a new action.

As for GEO's latter point, class actions inherently rely on the work of a few named plaintiffs to benefit the larger group. The fact that Mr. Chen would revert to an absent class member in this action would prejudice GEO no more than the existence of any other absent class member.

GEO also argues somewhat opaquely that Mr. Chen's presence exposes "the grave problem with his class claim" that GEO never could have employed him because of his background, Opp. at p. 12, but GEO is free to make this argument against the putative class even absent Mr. Chen.

In contrast to GEO's lack of prejudice, the absent class members who are dependent on this action to vindicate their rights would be left without a representative if substitution is

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

denied. Courts routinely allow plaintiffs an opportunity to substitute an adequate class representative to protect absent class members from this outcome, and to allow for the fair adjudication and basic management of class actions. *See, e.g., Phillips v. Ford Motor Co.*, 435 F.3d 785, 787 (7th Cir. 2005) ("Substitution of unnamed class members for named plaintiffs who fall out of the case because of settlement or other reasons is a common and normally an unexceptionable ('routine') feature of class action litigation … in the federal courts…"); *In re Motor Fuel Temperature Sales Practices Litig.*, 07-MD-1840-KHV, 2009 WL 3122501, at *1-3 (D. Kan. Sept. 24, 2009) (granting motion for leave to amend complaint to substitute new proposed class representatives when original plaintiff's stated that "other legal matters preclude him from fulfilling his responsibilities as the class representative…").

### C. Substitution Does Not Diminish the Adequacy of the Proposed Class Counsel.

As one circuit court noted in granting a motion to substitute, "the need to substitute new plaintiffs as class representatives does not frequently arise at convenient times, such as prior to the deadlines contemplated in Rules 15 and 16." *In re Motor Fuel Temperature Sales Practices Litig.*, 2009 WL 3122501, at *2. That is certainly the case here, as Plaintiff's counsel acknowledges that the timing of Mr. Chen's request is not ideal. But circumstances outside counsel's control—namely, Mr. Chen's decision not to continue—do not lessen the qualifications or competency of the law firms representing the putative class who, collectively, have been appointed class counsel in over 50 cases, including two other class actions against GEO. *See* Dkt. Nos. 45 (Whitehead Decl.), 46 (Theriot-Orr Decl.), and 47 (Free Decl.).

PLTF.'S REPLY IN SUPPORT OF MOT. FOR
RELIEF FROM DEADLINE & STATUS
CONF. (17-CV-05769-RJB) – 5

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

Moreover, filing this action with Mr. Chen as a named plaintiff despite his criminal background does not demonstrate a critical lapse in judgment on the part of the undersigned counsel as "[m]ost courts have rejected the contention that a proposed representative is inadequate because of prior unrelated unsavory, unethical, or even illegal conduct." 1 William B. Rubenstein, *Newberg on Class Actions* § 3:68 (5th ed.) (collecting cases). Rather, adequacy usually hinges on the absence of conflicts of interest with other class members, and the ability to vigorously prosecute the case. *Grays Harbor Adventist Christian Sch. v. Carrier Corp.*, 242 F.R.D. 568, 572 (W.D. Wash. 2007). Until his recent deposition, there was no reason to question either quality in the case of Mr. Chen.

### III.   CONCLUSION

For the reasons stated above and in his initial moving papers, Plaintiff respectfully requests relief from the following deadlines and a status conference to establish new dates: (1) joinder, (2) class certification, and (3) Defendant's recently filed Motion to Deny Class Certification.

DATED this 11th day of May, 2018.

SCHROETER GOLDMARK & BENDER

*s/ Jamal Whitehead*
Adam J. Berger, WSBA #20714
Lindsay L. Halm, WSBA #37141
Jamal N. Whitehead, WSBA #39818
810 Third Avenue, Suite 500
Seattle, WA 98104
Tel: (206) 622-8000
Fax: (206) 682-2305
berger@sgb-law.com
halm@sgb-law.com
whitehead@sgb-law.com

PLTF.'S REPLY IN SUPPORT OF MOT. FOR
RELIEF FROM DEADLINE & STATUS
CONF. (17-CV-05769-RJB) – 6

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

THE LAW OFFICE OF R. ANDREW FREE
R. Andrew Free (*Pro Hac Vice*)
P.O. Box 90568
Nashville, TN 37209
Tel: (844) 321-3221x1
Fax: (615) 829-8959
andrew@immigrantcivilrights.com

SUNBIRD LAW, PLLC
Devin T. Theriot-Orr, WSBA # 33995
1001 Fourth Avenue, Suite 3200
Seattle, WA  98154-1003
Tel: (206) 962-5052
Fax: (206) 681-9663
devin@sunbird.law

*Attorneys for Plaintiff*

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Devin T. Theriot-Orr, WSBA # 33995
SUNBIRD LAW, PLLC
1001 Fourth Avenue, Suite 3200
Seattle, WA 98154-1003
Tel: (206) 962-5052
devin@sunbird.law

*Attorney for Plaintiff*

R. Andrew Free
THE LAW OFFICE OF R. ANDREW FREE
Admitted *Pro Hac Vice*
PO Box 90568
Nashville, TN 37209
Tel: (844) 321-3221
andrew@immigrantcivilrights.com

*Attorney for Plaintiff*

Joan K. Mell
III BRANCHES LAW, PLLC
1019 Regents Boulevard, Suite 204
Fircrest, WA 98466
Tel: (253) 566-2510
joan@3brancheslaw.com

*Attorney for Defendant*

Mark Emery
NORTON ROSE FULBRIGHT US LLP
799 9th Street, Suite 1000
Washington, D.C. 20001
mark.emery@nortonrosefulbright.com

*Attorney for Defendant*

Andrea D'Ambra
NORTON ROSE FULBRIGHT US LLP
1301 Avenue of the Americas
New York, NY 10019
andrea.dambra@nortonrosefulbright.com

*Attorney for Defendant*

Charles A. Deacon
NORTON ROSE FULBRIGHT US LLP
300 Covent St.
San Antonio, TX 78205
charles.deacon@nortonrosefulbright.com

*Attorney for Defendant*

DATED at Seattle, Washington this 11th day of May, 2018.

*s/ Sheila Cronan*
_____
Sheila Cronan, Paralegal
Schroeter Goldmark & Bender
810 Third Avenue, Suite 500
Seattle, WA 98104
Tel: (206) 622-8000
Fax: (206) 682-2305
cronan@sgb-law.com

PLTF.'S REPLY IN SUPPORT OF MOT. FOR
RELIEF FROM DEADLINE & STATUS
CONF. (17-CV-05769-RJB) – 8

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305