UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHAO CHEN, | CASE NO. 3:17-cv-05769-RJB |
| Plaintiff, | ORDER ON PLAINTIFF'S MOTION FOR RELIEF FROM DEADLINES AND FOR STATUS CONFERENCE |
| v. | |
| THE GEO GROUP INC., | |
| Defendant. | |

THIS MATTER comes before the Court on Plaintiff's Motion for Relief From Deadlines and For Status Conference. Dkt. 73. The Court has considered Defendant's Response, Plaintiff's Reply, and the remainder of the file herein. Dkt. 75; Dkt. 76.

Plaintiff seeks relief from deadlines for class certification, joinder, and Defendant's Motion to Deny Class Certification. Dkt. 73 at 1. Plaintiff also requests a status conference to establish new dates. *Id*.

ORDER ON PLAINTIFF'S MOTION FOR RELIEF FROM DEADLINES AND FOR STATUS CONFERENCE - 1

The Amended Scheduling Order set out deadlines of March 25, 2018 and March 30, 2018 for class certification and joinder motions, respectively. Dkt. 36. Plaintiff timely filed his motion for class certification on March 23, 2015. Dkt. 44. The Court re-noted the motion to May 7, 2018 for consideration after reaching the merits of a motion to dismiss filed by Defendant. Dkt. 60. Defendant's motion to dismiss was denied on April 26, 2018. Dkt. 67. Defendant deposed Plaintiff Chao Chen, the proposed class representative, on April 25, 2018. At the deposition, Mr. Chen invoked his right to remain silent in response to questions about criminal conduct, inquired into under the theory that GEO could not "employ" Mr. Chen due to his unsuitable background.

Plaintiff's counsel represents that he notified opposing counsel on April 27, 2018 that, following his deposition, Mr. Chen decided it would not be in his best interest to continue as the proposed class representative. Dkt. 73 at 2. Defendant filed a Motion to Deny Class Certification on April 30, 2018, a decision that Defendant's counsel represents she made based on assurances by Plaintiff's counsel about the timing of his withdrawal of the motion for class certification. Dkt. 69 at 6. On May 1, 2018, Plaintiff withdrew the motion for class certification and filed this motion for relief. Dkt. 72; Dkt. 73. Plaintiff's Response to the motion for class certification was due by May 2, 2018. Dkt. 67 at 3.

District courts are accorded broad discretion in managing the flow of litigation. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Once a court has issued a scheduling order, it "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Whether a party has shown "good cause" primarily focuses on the diligence of the party seeking the amendment to the scheduling order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Scheduling orders should be modified when scheduling deadlines cannot be

ORDER ON PLAINTIFF'S MOTION FOR RELIEF FROM DEADLINES AND FOR STATUS CONFERENCE - 2

met despite a party's diligence or because of the development of matters not reasonably foreseen or anticipated at the time of the scheduling order. *Id.*

Applied here, Plaintiff has made a sufficient showing of diligence, and there is minimal prejudice to Defendant for deadlines to be extended as set out below. Plaintiff formally filed the motion for relief from deadlines on May 1, 2018, less than one week after Mr. Chen withdrew as the proposed class representative.

Defendant criticizes the competency of Plaintiff's counsel, arguing that Plaintiff knew or should have known of Mr. Chen's liabilities undermining his ability to be a class representative. Dkt. 75 at 5. Defendant's argument speculates, with no basis in the record. The broader procedural history of the case supports Plaintiff's counsel's diligence, and the Court lacks a record to the contrary.

The only prejudice Defendant points to is the delay of discovery and need for more depositions. Dkt. 75 at 12. Under the new deadlines, the delay will amount to approximately two months, which, viewed in the broader context of a typical class action case and in light of the time remaining for discovery, until November 5, 2018, is minimal prejudice. Dkt. 35. The Court is cognizant of the increase in costs to Defendant. To minimize costs, only a brief extension of deadlines should be granted. Plaintiff's counsel represents that he has already begun conversations with other prospective class representatives, so only minimal extensions are necessary to maintain the flow of litigation.

\* \* \*

THEREFORE, Plaintiff's Motion for Relief from Deadlines (Dkt. 73) is GRANTED IN PART. Deadlines are HEREBY RESET as follows:

- Motion for Joinder and/or Motion to Amend: Thurs. May 24, 2018

ORDER ON PLAINTIFF'S MOTION FOR RELIEF FROM DEADLINES AND FOR STATUS CONFERENCE - 3

- Motion for Class certification: Thurs. June 21, 2018
- Defendant's Motion to Deny Class Certification: Renoted to Fri. July 13, 2018

The deposition of any proposed class representative should occur prior to the filing of a motion for class certification by Plaintiff.

Plaintiff's motion is DENIED IN PART as to the request for a Status Conference.

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 15th day of May, 2018.

*[signature]*

ROBERT J. BRYAN
United States District Judge

ORDER ON PLAINTIFF'S MOTION FOR RELIEF FROM DEADLINES AND FOR STATUS CONFERENCE - 4