The Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHAO CHEN, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE GEO GROUP, INC., a Florida corporation,<br><br>Defendant. | No. 17-cv-05769-RJB<br><br>REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND CLASS ACTION COMPLAINT |

## I.   INTRODUCTION

The issue immediately before the Court is whether to grant plaintiff Chao Chen leave to amend his class action complaint, substituting new named plaintiffs for himself. Rather than answering the call of the question, defendant The GEO Group, Inc. ("Defendant" or "GEO") launches yet another broadside against the adequacy of the proposed class representatives, class counsel, and Plaintiff's theory of the case. These issues will be sorted out in due time, but the Court need not grapple with them in the context of the instant motion, as leave to amend should be freely given absent bad faith, dilatory motive, undue prejudice, or futility of the amendment—all of which are absent here.

REPLY IN SUPPORT OF PLTF.'S MOT. TO AM. CLASS ACTION COMPL. (17-CV-05769-RJB) – 1

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA  98104
Phone (206) 622-8000 • Fax (206) 682-2305

Accordingly, Plaintiff respectfully requests that the Court grant him leave to amend his complaint in the form attached to this filing. *See attached* Ex. 3 (Corrected Proposed First Amended Complaint); *see also attached* Ex. 4 (Redline Comparing Ex. 3 to Original Complaint).

## II.   STATEMENT OF FACTS

On May 15, 2018, the Court granted Plaintiff's motion for relief from deadlines, reviving the joinder/amendment deadline, and giving him seven business days (*i.e.*, until May 24) to move for joinder or to amend his Complaint. Dkt. No. 77 (Order on Mot. for Relief from Deadline). In so holding, the Court found that only "minimal prejudice" would result to GEO in the broader context of the litigation. *Id.* at 3. The Court's order also set a new deadline for Plaintiff's class certification motion of June 21 and renoted GEO's Motion to Deny Class Certification for July 13. *Id.* at 3-4.

Plaintiff moved to amend his complaint on May 24, initially proposing three new class representatives: Ugochukwu Goodluck Nwauzor, Fernando Aguirre-Urbina, and Fabiola Alicia Camorlinga Cruz. Dkt. No. 78-1. Plaintiff's motion included a copy of the proposed First Amended Complaint as Exhibit 1 and, pursuant to the Local Civil Rules, a "redline" comparing Exhibit 1 to the original complaint. Dkt. No. 78.

### A.   Ugochukwu Goodluck Nwauzor.

Mr. Nwauzor resides in Kent, Washington, and was detained at the Northwest Detention Center ("NWDC") from approximately February 2016 until January 2017. Dkt. No. 78-1. Mr. Nwauzor is a citizen of Nigeria, but was granted asylum by the United States in approximately January 2017. *Id.* Mr. Nwauzor's deposition is presently scheduled for June 19. *See* Dkt. No. 80 (Mell Decl.), Ex. C.

REPLY IN SUPPORT OF PLTF.'S
MOT. TO AM. CLASS ACTION
COMPL. (17-CV-05769-RJB) – 2

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

### B. Fernando Aguirre-Urbina.

Mr. Aguirre-Urbina is currently detained at NWDC and is a citizen of Mexico. Dkt. No. 78-1. Defendant initially insisted on deposing Mr. Aguirre-Urbina in Fircrest, Washington, despite the fact that he is currently detained at NWDC, but later relented and agreed to hold his deposition on June 11 at NWDC. Mell Decl., Ex. C.

GEO has recently insisted that Plaintiff withdraw Mr. Aguirre-Urbina "based on competency issues," Mell. Decl., Ex. D, and flooded the record with various documents purporting to detail Mr. Aguirre-Urbina's mental health travails. *See* Mell Decl. and Dkt. No. 81 (Suppl. Mell Decl.). Plaintiff does not intend to withdraw Mr. Aguirre-Urbina as a potential named plaintiff at this time, Mell Decl., Ex. D, and submits that he will demonstrate his competency during his videotaped deposition on June 11, and whether he is an adequate class represented will be determined by the Court on Plaintiff's motion for class certification.

### C. Fabiola Alicia Camorlinga Cruz.

Ms. Cruz is also a citizen of Mexico, but currently resides in Portland, Oregon. Dkt. No. 78-1. She was detained at NWDC from approximately June 2017 until February 2018. *Id.* GEO noted Ms. Cruz's deposition for June 6 in Fircrest, but she is required to obtain prior approval from the Oregon Department of Corrections before leaving Oregon. Mell Decl., Ex. C. Upon further consideration, however, Ms. Cruz decided not to pursue this action as a named party. Mell Decl., Ex. A. Plaintiff's counsel promptly informed GEO of this change, and forwarded a revised copy of the proposed amendment as well as a redline copy comparing the updated draft with the original Complaint. *Id.*; *see attached* Exhibits 3 and 4.

REPLY IN SUPPORT OF PLTF.'S MOT. TO AM. CLASS ACTION COMPL. (17-CV-05769-RJB) – 3

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

### III. LEGAL ARGUMENT

"A district court shall grant leave to amend freely when justice so requires," and "this policy is to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (internal quotation marks and citations omitted); *see also Sonoma Cty. Ass'n of Retired Employees v. Sonoma Cty.,* 708 F.3d 1109, 1117 (9th Cir. 2013). This liberal standard for permitting amendment "is especially important where the law is uncertain." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Ind.,* 786 F.3d 510, 20, 523 (7th Cir. 2015). "[W]hile leave to amend should not be granted automatically," the circumstances under which Rule 15(a) "permits denial of leave to amend are limited." *Ynclan v. Dep't of Air Force,* 943 F.2d 1388, 1391 (5th Cir. 1991).

"Courts may decline to grant leave to amend *only if there is strong evidence* of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma Cty.,* 708 F.3d at 1117 (emphasis added) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). "The consideration of prejudice to the opposing party carries the greatest weight." *Id.* (quoting *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)). Thus, the burden is on the party opposing the motion to convince the court that "justice" requires denial. *Senza-Gel Corp. v. Seiffhart,* 803 F.2d 661, 666 (9th Cir. 1986).

GEO has failed to put forth strong evidence establishing that leave to amend should be denied. First, GEO's claims of prejudice are virtually identical to the arguments it made in opposition to Plaintiff's motion seeking relief from the joinder/amendment deadline, which the Court previously rejected, finding that GEO will suffer only "minimal prejudice" when

REPLY IN SUPPORT OF PLTF.'S
MOT. TO AM. CLASS ACTION
COMPL. (17-CV-05769-RJB) – 4

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

"viewed in the broader context of a typical class action case." Dkt. No. 77 at 3; *cf. Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir. 1990) (prejudice must be substantial to justify denial of leave to amend); *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1158 (N.D. Cal. 2010) ("To overcome Rule 15(a)'s liberal policy with respect to the amendment of pleadings a showing of prejudice must be substantial."). The Court took steps to mitigate even this minimal level of prejudice by ordering Plaintiff to make his proposed amendment within seven business days, and that the depositions of the new named plaintiffs occur before they move for class certification. Both events have already or will soon occur, as Plaintiff timely moved for amendment pursuant to the Court's order and the parties have scheduled the depositions of Mr. Aguirre-Urbina and Mr. Nwauzor to occur in the next two weeks.

Second, GEO argues that Plaintiff did not act diligently in vetting Mr. Chen or the newly proposed plaintiffs, but even if this claim were true—*it is not*—diligence in vetting proposed class representatives is not a proper consideration on a Rule 15 motion. Moreover, GEO's argument that Plaintiff's motion to amend is untimely (*see* Opp. at 1:13, 7:17, 9:6) is bewildering against the backdrop of the Court's order granting Plaintiff leave to file such a motion and Plaintiff indisputably filing the motion within the time allotted. It is improper to revisit these settled issues on Plaintiff's Rule 15 motion.

Third, Plaintiff and his counsel have acted in good faith and certified under Rule 11 that the proposed amendment is not being presented for any improper purpose. The fact that Ms. Cruz withdrew her name from consideration *before* amendment was permitted does not upend or call into question her motives or counsels'; rather it speaks to a reasonable person's apprehension of having every aspect of her life scrutinized—however minute or irrelevant—

REPLY IN SUPPORT OF PLTF.'S
MOT. TO AM. CLASS ACTION
COMPL. (17-CV-05769-RJB) – 5

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

in the course of hard-fought, civil litigation. *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1065 (9th Cir. 2004) (recognizing the "chilling effect" discovery of immigration status "could have on the bringing of civil rights actions unacceptably burdens the public interest.").

Finally, contrary to GEO's claims, the proposed amendment is not futile. In assessing futility, courts apply the same standard governing Rule 12(b)(6) motions to dismiss: a proposed amendment is futile if it "does not plead enough to make out a plausible claim for relief." *HSBC Realty Credit Corp. (USA) v. O'Neil,* 745 F.3d 564, 578 (1st Cir. 2014). Here, Plaintiff proposes substituting two new plaintiffs in place of himself. The factual allegations, cause of action, and theory of recovery remain unchanged. As such, the Court has answered the question twice over whether Plaintiff has stated a plausible claim for relief by denying Defendant's previous motions to dismiss. Dkt. Nos. 29 and 67.

## IV.   CONCLUSION

For the reasons stated above and in his initial moving papers, Plaintiff respectfully requests leave to file an amended complaint in the form attached to this reply as Exhibit 3.

DATED this 8th day of June, 2018.

SCHROETER GOLDMARK & BENDER

*s/ Jamal N. Whitehead*
Adam J. Berger, WSBA #20714
Lindsay L. Halm, WSBA #37141
Jamal N. Whitehead, WSBA #39818
810 Third Avenue, Suite 500
Seattle, WA 98104
Tel: (206) 622-8000
Fax: (206) 682-2305
berger@sgb-law.com
halm@sgb-law.com
whitehead@sgb-law.com

REPLY IN SUPPORT OF PLTF.'S MOT. TO AM. CLASS ACTION COMPL. (17-CV-05769-RJB) – 6

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

THE LAW OFFICE OF R. ANDREW FREE
Andrew Free ((Admitted *Pro Hac Vice*))
PO Box 90568
Nashville, TN 37209
Tel: (844) 321-3221
Fax: (615) 829-8959
andrew@immigrantcivilrights.com

SUNBIRD LAW, PLLC
Devin T. Theriot-Orr, WSBA # 33995
1001 Fourth Avenue, Suite 3200
Seattle, WA  98154-1003
Tel: (206) 962-5052
Fax: (206) 681-9663
devin@sunbird.law

*Attorneys for Plaintiffs*

REPLY IN SUPPORT OF PLTF.'S
MOT. TO AM. CLASS ACTION
COMPL. (17-CV-05769-RJB) – 7

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Devin T. Theriot-Orr<br>SUNBIRD LAW, PLLC<br>1001 Fourth Avenue, Suite 3200<br>Seattle, WA 98154-1003<br>devin@sunbird.law<br><br>*Attorney for Plaintiff* | R. Andrew Free<br>THE LAW OFFICE OF R. ANDREW FREE<br>Admitted *Pro Hac Vice*<br>PO Box 9058<br>Nashville, TN 37209<br>andrew@immigrantcivilrights.com<br><br>*Attorney for Plaintiff* |
| Joan K. Mell<br>III BRANCHES LAW, PLLC<br>1019 Regents Boulevard, Suite 204<br>Fircrest, WA 98466<br>joan@3brancheslaw.com<br><br>*Attorney for Defendant* | Mark Emery<br>NORTON ROSE FULBRIGHT US LLP<br>799 9th Street, Suite 1000<br>Washington, D.C. 20001<br>mark.emery@nortonrosefulbright.com<br><br>*Attorney for Defendant* |
| Andrea D'Ambra<br>NORTON ROSE FULBRIGHT US LLP<br>1301 Avenue of the Americas<br>New York, NY 10019<br>andrea.dambra@nortonrosefulbright.com<br><br>*Attorney for Defendant* | Charles A. Deacon<br>NORTON ROSE FULBRIGHT US LLP<br>300 Covent St.<br>San Antonio, TX 78205<br>charles.deacon@nortonrosefulbright.com<br><br>*Attorney for Defendant* |

DATED at Seattle, Washington this 8th day of June, 2018.

　　　　　　　　　　　　　　　　　　*s/ Sheila Cronan*
　　　　　　　　　　　　　　　　　　Sheila Cronan, Paralegal
　　　　　　　　　　　　　　　　　　Schroeter Goldmark & Bender
　　　　　　　　　　　　　　　　　　810 Third Avenue, Suite 500
　　　　　　　　　　　　　　　　　　Seattle, WA 98104
　　　　　　　　　　　　　　　　　　Tel: (206) 622-8000
　　　　　　　　　　　　　　　　　　Fax: (206) 682-2305
　　　　　　　　　　　　　　　　　　cronan@sgb-law.com

REPLY IN SUPPORT OF PLTF.'S MOT. TO AM. CLASS ACTION COMPL. (17-CV-05769-RJB) – 8

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305