UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHAO CHEN, individually and on behalf of those similarly situated,<br><br>                      Plaintiff,<br>    v.<br><br>THE GEO GROUP, INC.,<br><br>                      Defendant. | CASE NO. 3:17-cv-05769-RJB<br><br>ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO AMEND CLASS ACTION COMPLAINT |

THIS MATTER comes before the Court on Plaintiff's Motion for Leave to Amend Class Action Complaint. Dkt. 78. The Court has considered the motion and the remainder of the file herein.

Plaintiff Chao Chen seeks leave to amend his class action complaint (Dkt. 1) to substitute three individuals as named plaintiffs and to withdraw Mr. Chen as a named plaintiff. Dkt. 78. The proposed First Amended Class Action Complaint for Damages (Dkt. 78-1) introduces as plaintiffs three individuals: Ugochukwu Goodluck Nwauzor, Fernando Aguirre-Urbina, and

Fabiola Alicia Camorlinga Cruz. The second version of the First Amended Class Action Complaint for Damages, filed in Plaintiff's Reply (Dkt. 82), drops Ms. Cruz as a named plaintiff. Dkt. 82-1. *See* Dkt. 80 at 7. For purposes of considering Plaintiff's motion, the Court will construe the second version (Dkt. 82-1) as the operative proposed complaint.

The proposed complaint adds two substantive paragraphs, which provide detail about the two proposed plaintiffs. About Mr. Nwauzor, the proposed complaint alleges that he resides in Kent, Washington, was detained at the Northwest Detention Center (NWDC) from approximately 2016 until January 2017, and is a Nigerian citizen granted asylum by the United States in January of 2017. Dkt. 82-1 at ¶3.1. About Mr. Aguirre-Urbina, the proposed complaint alleges that he has been detained since around September 2012 and is a citizen of Mexico. *Id.* at ¶3.2. Other than these two paragraphs, the proposed complaint is identical to the Complaint, except for minor, non-substantive changes, e.g,. modifying the Complaint to reflect a plural, rather than a singular, number of plaintiffs. *Compare* Dkt. 1 at ¶1.1, 1.2; Dkt. 82-1 at ¶1.1, 1.2.

Fed. R. Civ. P. 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." This is a policy to be applied with extreme liberality. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). Courts may consider numerous factors, including undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to opposing parties, harm to the movant if leave is not granted, and futility of the amendment. *Foman v. Davis*, 37 U.S. 178, 182 (1962); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Prejudice is the touchstone of the inquiry, wherein "[n]ot all of the factors merit equal weight." *Id*.

Defendant invokes prejudice, lack of diligence, bad faith, and futility.

1. *Prejudice.*

Defendant is prejudiced, Defendant argues, because the proposed plaintiffs cannot survive a motion for class certification and should not be permitted to be used as placeholders. Dkt. 79 at 8-10. This is an argument on the merits of class certification, which the Court has not reached. Whether the proposed plaintiffs can survive a motion for class certification remains unresolved. Dkt. 77 at 4. The Court may look askance at future efforts to amend the named plaintiffs, but presently, Plaintiff has made the threshold showing that the amendment is offered to reach the merits of this case.

Defendant also argues that it suffers prejudice from insufficient time to conduct discovery of the proposed plaintiffs. Dkt. 79 at 11. This argument lacks merit, because it was at Defendant's request, to mitigate prejudice to Defendant, that the Court ordered an abbreviated timeline. Dkt. 77 at 3.

Defendant has only articulated possible prejudice, which is conjecture. The Court finds only minimal prejudice to Defendant.

2. *Diligence.*

Defendant argues that Plaintiff has shown a lack of diligence by counsel's deficient preparation of Mr. Chao Chen's class representation. Dkt. 79 at 10, 11. Defendant also points to Plaintiff's withdrawal of proposed plaintiff Ms. Cruz based on travel limitations imposed by probation, and the fact that Plaintiff has proceeded with proposed plaintiff Aguirre-Urbina despite known mental health issues. *Id.*

On the record shown, Plaintiff's decisions are better characterized as tactical decisions. Plaintiff has adjusted his strategy based on clients' needs and input. Defendant has not shown a lack of diligence.

*3. Bad faith.*

According to Defendant, Plaintiff acts in bad faith, because counsel proposed, then withdrew, Ms. Cruz as a proposed plaintiff, and still proposes Mr. Aguirre-Urbina as a plaintiff, despite his known mental health issues. Dkt. 79 at 11.

Defendant has not shown bad faith. Plaintiff has not proceeded with the motion to amend as to Ms. Cruz after she decided to withdraw as a proposed plaintiff. Ms. Cruz' decision to withdraw is not within counsel's control. Mr. Aguirre-Urbina's mental health issues may—or may not—preclude his representation of the proposed class, depending on their severity, but that question should be resolved after his deposition and by the motion for class certification.

*4. Futility.*

Defendant argues that amending the Complaint is futile, because both proposed plaintiffs have "automatic disqualifiers that preclude GEO from hiring them" as 'employees,' given their undocumented statuses. Dkt. 79 at 11, 12. The futility argument is in part a rehash of the merits, and it assumes a certain interpretation of the GEO-ICE contract. *See* Dkts. 29 and 67. The proposed complaint alleges no more—and no less—plausible facts than the Complaint.

The balance of factors points to giving leave to amend. Plaintiff's motion should be granted.

* * *

THEREFORE, it is HEREBY ORDERED:

Plaintiff's Motion for Leave to Amend Class Action Complaint (Dkt. 78) is HEREBY GRANTED. Plaintiff Chao Chen may withdraw as a plaintiff. Plaintiff is given leave to file the First Amended Class Action Complaint for Damages (Dkt. 82-1), which shall henceforth be the operative complaint.

1. IT IS SO ORDERED.

2. The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 13th day of June, 2018.

*Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge