UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UGOCHUKWU GOODLUCK NWAUZOR, FERNANDO AGUIRRE-URBINA, individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br>v.<br><br>THE GEO GROUP, INC.,<br><br>Defendant. | Case No: 3-17-cv-05769-RJB<br><br>**GEO'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>JURY DEMAND |
| THE GEO GROUP, INC.,<br><br>Counterplaintiff,<br>v.<br><br>UGOCHUKWU GOODLUCK NWAUZOR, FERNANDO AGUIRRE-URBINA, individually and on behalf of all those similarly situated,<br><br>Counterdefendants.[1] | Case No: 3-17-cv-05769-RJB<br><br>**GEO'S COUNTERCLAIMS**<br><br>JURY DEMAND |

---

[1] Filed under a new caption per ECF Docket Nos. 83 and 84. GEO recognizes that there is a pending counterclaim against putative class member Chao Chen (ECF 33), which is not superseded by the instant answer and counterclaim.

NWAUZOR ET AL. v. GEO GROUP　　　　　　　　　　　　　　　　　III BRANCHES LAW, PLLC
ECF CASE NO. 3-17-cv-05769-RJB　　　　　　　　　　　　　　　　　　　　　Joan K. Mell
GEO'S ANSWER AND COUNTERCLAIMS　　　　　　　　　　　　1019 Regents Blvd. Ste. 204
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Fircrest, WA 98466
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　253-566-2510 ph
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　joan@3brancheslaw.com

The GEO Group, Inc. ("GEO") answers the First Amended Class Action Complaint for Damages (the "Complaint," Doc. 84) as follows:

1.1    Paragraph 1.1 of the Complaint states Plaintiffs' understanding of the nature of the action rather than alleging any facts to admit or deny.  Paragraph 1.1 is denied to the extent Paragraph 1.1 alleges any facts.  Civil immigration detainees who participate in the voluntary work program are not employed by GEO, and they have no basis to claim minimum wage payments individually or as a class.

1.2    Paragraph 1.2 states Plaintiffs' understanding of the nature of the action rather than averring any facts to admit or deny.  Paragraph 1.2 is denied to the extent Paragraph 1.2 alleges any facts.  Washington's Minimum Wage Act ("MWA") does not establish an employment relationship between detainees and GEO. Voluntary Work Program participants choose to perform self-care tasks like meal preparation, basic housekeeping chores, and grooming to eliminate idle time while in detention.  The Voluntary Work Program operates in the secured environment of the detention facility, which is administered pursuant to federal detention standards.  Competitive employment opportunities covered by the Minimum Wage Act serve no purpose in this environment and conflict with federal immigration and detention policies.  Washington excludes its own detainees from the definition of "employee" under the MWA.  Federal immigration detainees similarly have no right to claim competitive wages while detained at government expense.

2.1    Paragraph 2.1 alleges that his federal court has diversity jurisdiction over this case based on its allegations of Plaintiffs' and GEO's citizenship.  However, GEO has no basis to affirm or deny the factual averments regarding jurisdiction under the Class Action Fairness Act, 28 U.S.C.

NWAUZOR ET AL. v. GEO GROUP
ECF CASE NO. 3-17-cv-05769-RJB
GEO'S ANSWER AND COUNTERCLAIMS - 1

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

§ 1332(d), and therefore denies them. GEO denies that the Court has subject matter jurisdiction over this suit because GEO has immunity from suit.

2.2 Paragraph 2.2 is admitted to the extent that if the Court has jurisdiction, venue is proper in Tacoma. Any remaining factual averments of paragraph 2.2 are denied.

3.1 Paragraph 3.1 is admitted with regard to the fact that ICE detained Mr. Nwauzor at NWDC for a period of time. GEO is without sufficient information to admit or deny Mr. Nwauzor's residence in Kent, WA. Based on information and belief, he is of foreign citizenship, and has been granted asylum in the United States. All facts not expressly admitted are denied.

3.2 Paragraph 3.2 is admitted with regard to the fact that ICE detains Mr. Aguirre-Urbina at NWDC. GEO is without sufficient information to admit or deny Mr. Aguirre-Urbina's foreign citizenship or any other facts pled in paragraph 3.2 of his complaint. All facts not expressly admitted are denied.

3.3 Paragraph 3.3 is admitted to the extent that GEO is a corporation with a principal place of business in Florida and that it transacts business in Tacoma, Pierce County, Washington. GEO denies that it is an employer under the MWA with respect to detainees housed at NWDC. All other facts not expressly admitted are denied.

4.1 Paragraph 4.1 is admitted in so far as GEO is a publicly traded corporation that is listed on the New York Stock Exchange and that provides correctional, detention, and other services for profit. All other facts not expressly admitted are denied.

4.2 Paragraph 4.2 is admitted in that GEO operates NWDC in Tacoma, Washington subject to federal controls. GEO operates NWDC to enable ICE to meet its immigration processing

NWAUZOR ET AL. v. GEO GROUP
ECF CASE NO. 3-17-cv-05769-RJB
GEO'S ANSWER AND COUNTERCLAIMS - 2

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

needs to include approximately 1,500 beds. All other facts not expressly admitted are denied.

4.3     Paragraph 4.3 is admitted in that ICE contracts with GEO to operate NWDC where immigrants who are undocumented—the majority of whom have criminal histories—await deportation or other resolution of their immigration status. The contract obligates GEO to comply with applicable laws. All other facts not expressly admitted are denied.

4.4     Paragraph 4.4 is denied.

4.5     Paragraph 4.5 is admitted to the extent the detainee handbook speaks for itself. Paragraph 4.5 is otherwise denied.

4.6     Paragraph 4.6 is denied.

4.7     Paragraph 4.7 is admitted in that detainees who choose to participate in the federally-mandated Voluntary Work Program receive a $1 allowance for each day of participation regardless of tasks performed, work accomplished, or duration of participation. The $1 allowance per detainee is passed through from ICE to detainees by GEO into a detainee trust account. GEO does not advance the allowances to detainees. Paragraph 4.7 is otherwise denied.

4.8     Paragraph 4.8 is denied.

4.9     Paragraph 4.9 is admitted in that detainees who participate in the Voluntary Work Program are not employed by GEO, and GEO does not compensate any detainee as if the detainee were employed by GEO and/or entitled to a minimum wage. Paragraph 4.9 is otherwise denied.

4.10    Paragraph 4.10 admitted in that Plaintiffs were and are not employed by GEO and were and are not compensated by GEO at all. Paragraph 4.10 is specifically denied in that neither Plaintiffs nor putative class members "performed work for GEO at NWDC," and is otherwise

NWAUZOR ET AL. v. GEO GROUP
ECF CASE NO. 3-17-cv-05769-RJB
GEO'S ANSWER AND COUNTERCLAIMS - 3

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

denied.

4.11    Paragraph 4.11 is admitted to the extent that the 2018 state rate for work covered by the MWA is $11.50 per hour.  Paragraph 4.11 is otherwise denied.

4.12    Paragraph 4.12 is denied.

5.1    Paragraph 5.1 is denied to the extent it makes any factual averments.

5.2    Paragraph 5.2 is denied.

5.3    Paragraph 5.3 is denied.

5.4    Paragraph 5.4 is denied.

5.5    Paragraph 5.5 is denied.

5.6    Paragraph 5.6 is denied.

5.7    Paragraph 5.7 is denied.

6.1    Paragraph 6.1 is denied.

6.2    Paragraph 6.2 is denied.

6.3    Paragraph 6.3 is denied.

6.4    Paragraph 6.4 is denied.

7.0    To the extent Plaintiffs' prayer for relief avers any facts their prayer for relief is denied in its entirety.

## AFFIRMATIVE DEFENSES

8.1    GEO has immunity from this lawsuit.

8.2    Plaintiff seeks relief barred by the statute of limitations.

8.3    Plaintiffs' claim is pre-empted by federal law.

8.4    Plaintiff has failed to join parties that should be joined under Federal Rule of Civil

NWAUZOR ET AL. v. GEO GROUP
ECF CASE NO. 3-17-cv-05769-RJB
GEO'S ANSWER AND COUNTERCLAIMS - 4

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

Procedure 19, including the Department of Homeland Security and ICE and the U.S. Attorney General.

8.5   Plaintiffs' requested relief violates the law, and is otherwise impossible to attain in conformance with the law. Neither Plaintiffs nor putative class members have a legal right to work at minimum wage rates because none has sought approval from ICE for employment with GEO, and none are qualified to work for GEO under ICE's contract terms. Plaintiffs' participation in the Voluntary Work Program was voluntary.

8.6   Plaintiffs' claim is not ripe.

8.7   Plaintiffs' claim is not justiciable.

8.8   Plaintiffs have unclean hands.

8.9   GEO is entitled to an offset from any award to Plaintiffs and/or putative class members of payment for unpaid minimum wages, for costs incurred in caring for the Plaintiffs and other detainees who participated in the voluntary work program and for the costs of operating the voluntary work program.

GEO requests that Plaintiffs take nothing by way of their First Amended Complaint and that judgment be entered in favor of GEO.

## CONDITIONAL COUNTERCLAIMS

### JURISDICTION

9.1   To the extent this Court holds that it has subject matter jurisdiction despite GEO's derivative sovereign immunity, the Court will have jurisdiction over the parties and subject matter over this counterclaim. GEO asserts its counterclaim only in the event that the Court denies its motion to dismiss for lack of subject matter jurisdiction. GEO does not waive and

NWAUZOR ET AL. v. GEO GROUP
ECF CASE NO. 3-17-cv-05769-RJB
GEO'S ANSWER AND COUNTERCLAIMS - 5

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

expressly reserves its objection to subject matter jurisdiction with respect to Plaintiffs' claim.

9.2   To the extent GEO is subject to jurisdiction in this Court, jurisdiction over GEO's counterclaim is grounded in diversity pursuant to 28 § U.S.C. 1332.  Counterplaintiff resides at its principal place of business in Boca Raton, FL.  Counterdefendants are Ugochukwu Nwauzor and Fernando Aguirre-Urbina, who allege that they are a residents of the State of Washington. The amount in controversy on the counterclaims exceeds $75,000.00.

## PARTIES

### (Counterclaimant)

10.1   GEO is a corporation with a principal place of business in Boca Raton, FL.  GEO is responsible for operating NWDC for the exclusive use and benefit of ICE, under terms set out in the contracts between GEO and ICE, applicable regulations and detention facility standards, and the laws of the United States.

10.2   GEO is the defendant named in Plaintiffs' complaint.

### (Counterdefendants)

10.3  Plaintiff Ugochukwu Nwauzor is the first counterdefendant.  He was formerly detained at NWDC, and during that time received material support in the form of food, clothes, lodging, medicine, health care services, dental and mental health services, and other services provided by GEO and paid for by the federal government through ICE's contract with GEO.

10.4 Mr. Nwauzor entered America after leaving his native country, Nigeria.  Although he traveled throughout much of South and Central America, the United States was always his destination.  He entered the United States from Mexico, where he was interviewed by DHS personnel.  He had no visa or other means to properly enter the United States.  Because he sought

NWAUZOR ET AL. v. GEO GROUP
ECF CASE NO. 3-17-cv-05769-RJB
GEO'S ANSWER AND COUNTERCLAIMS - 6

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

asylum, he was placed in detention, and was eventually transferred to NWDC while his asylum application was processed. Mr. Nwauzor was granted asylum and has been released from ICE custody.

10.5 Plaintiff Fernando Aguirre-Urbina is the second counterdefendant. He is currently detained at NWDC because he is fighting his deportation. He receives material support in the form of food, clothes, lodging, medicine, health care services, dental and mental health services, and other services provided by GEO and paid for by the federal government through ICE's contract with GEO.

10.6 Before his detention at NWDC, Mr. Aguirre-Urbina pled guilty to criminal charges and spent time in jail. Those criminal charges involved distributing drugs. Mr. Aguirre-Urbina did not work while in jail.

10.7 While detained at NWDC, neither Mr. Nwauzor nor Mr. Aguirre-Urbina had work authorization.

10.8 Because Mr. Nwauzor and Mr. Aguirre-Urbina were in the custody of the federal government while at NWDC and participating in the VWP, Washington's Minimum Wage Act does not apply to them.

## CAUSES OF ACTION

### Unjust Enrichment/Offset

11.1 As required by its contract with ICE, GEO operates the Voluntary Work Program at NWDC, which is intended to offset the cost of detention to taxpayers and to reduce detainees' idle time. The Voluntary Work Program does not, and is not intended to, create an employer/employee relationship between GEO and detainees housed at NWDC.

NWAUZOR ET AL. v. GEO GROUP
ECF CASE NO. 3-17-cv-05769-RJB
GEO'S ANSWER AND COUNTERCLAIMS - 7

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

11.2    Because the program is purely voluntary, detainees are not required to participate.

11.3    Further, because the program is intended to promote institutional maintenance and reduce detainee idleness, it includes none of the traditional performance metrics of a standard job. Consequently, GEO does not do background checks or any of the normal vetting process that would be done before a new employee would be hired.  GEO does not require detainees to file job applications, accept any such applications from non-detainees, or require detainees to prove their work eligibility as required by federal law.  Similarly, GEO does not evaluate or rate detainee performance, or discipline or fire detainees for slow performance.  GEO has no capacity to prevent a detainee from participating in the program at-will.  GEO also lacks authority to determine what assignments may be given to particular detainees, because ICE reserves this function.

11.4    Also as required by its contract with ICE, GEO provides basic necessities to all detainees housed at NWDC, which necessities include food, shelter, utilities, clothing, bedding, recreation, entertainment, or medical, dental, optical or mental health services.  Detainees do not pay GEO or the federal government for these services.

11.5    Plaintiffs—like all putative class members—were and are not required by GEO to participate in the Voluntary Work Program.

11.6    At all times relevant to this counterclaim, Plaintiffs—similar to all putative class members—were and are detained by ICE in NWDC and participated in the Voluntary Work Program.  Such participation was and is purely voluntary: GEO did not coerce Plaintiffs—or any putative class member—to sign up or participate.

11.7    Plaintiffs—similar to all putative class members—did not file formal job applications, did

NWAUZOR ET AL. v. GEO GROUP
ECF CASE NO. 3-17-cv-05769-RJB
GEO'S ANSWER AND COUNTERCLAIMS - 8

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

not compete with non-detainees for participation in the Voluntary Work Program, and did not file papers showing their work eligibility as required for employment under federal law. Indeed, Plaintiffs could not have filed any such papers because neither—similar to all putative class members—were eligible to work while detained at NWDC.

11.8 Plaintiffs' performance in the Voluntary Work Program was not evaluated. Plaintiffs never participated in the Voluntary Work Program in excess of eight hours per day, nor did either participate forty hours per week. In fact, Plaintiffs' participation in the Voluntary Work Program was of short duration—usually under an hour or two a day—when they chose to participate. Plaintiffs' work performance and efficiency were not evaluated or tracked, and they were and are in no danger of being "fired" for underperformance.

11.9 Plaintiffs' participation—similar to all putative class members' participation—in NWDC's Voluntary Work Program was temporary and dependent upon their continued detention. Detainees cannot participate after detention ceases.

11.10 During their detention at NWDC, Plaintiffs—similar to all putative class members—understood and acknowledged the amount they would receive for participation. Each Plaintiff and all putative class members were provided with a National Detainee Handbook, issued to them by ICE, that specifically states that if they wanted to participate in the Voluntary Work Program, they could receive $1 per day for each day worked. Plaintiffs chose to participate in the Voluntary Work Program despite knowing they would receive no more than $1.00 per day regardless of their level of participation, and signing a form attesting to this understanding. Detainees signed an agreement stating "Compensation will be $1.00 per day." Plaintiffs had, and could have had, no reasonable expectation that they would be entitled to a minimum wage

NWAUZOR ET AL. v. GEO GROUP
ECF CASE NO. 3-17-cv-05769-RJB
GEO'S ANSWER AND COUNTERCLAIMS - 9

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

for the tasks they performed.

11.11 Plaintiffs—similar to all putative class members—paid neither GEO nor the federal government for the food, shelter, clothing, bedding, utilities, recreation, entertainment, or medical, optical, dental, or mental health services provided.

11.12 Plaintiffs and any putative class members would unjustly benefit from the receipt of wage payments under the MWA at rates in excess of $1.00 for participation in the Voluntary Work Program if Plaintiffs—and any putative class members—were not required to offset such payments with the costs and expenses associated with their care while detained. GEO incurred costs and expenses caring for Plaintiffs and other detainees in excess of $11.50 per hour for all the tasks performed or time spent by plaintiff when participating in the Voluntary Work Program. By contrast, GEO's actual employees—who were paid minimum wage or more—resided outside NWDC and did not receive the goods and services provided to NWDC detainees at no cost.

11.13 The amount GEO is paid by ICE under the contract is fixed by the terms of the contract and cannot be modified without ICE's approval. Therefore, any requirement that GEO advance detainees in excess of what GEO received from ICE to hold in trust under the relevant contracts at the time the minimum wage was allegedly due unjustly enriches Plaintiffs and/or putative class members. Such a payment would effectively increase GEO's burden for complying with its current contracts by unilaterally adding an entirely new service to that contract: employment of detainees at minimum wages even though employees' living expenses are already being paid by GEO out of its contract payments from ICE.

11.14 In the event Plaintiffs and/or any class members prevail on their theory that the MWA

NWAUZOR ET AL. v. GEO GROUP
ECF CASE NO. 3-17-cv-05769-RJB
GEO'S ANSWER AND COUNTERCLAIMS - 10

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

applies to detention programs like the voluntary work program at NWDC, GEO is equitably entitled to recover its costs and expenses associated with operating the Voluntary Work Program and caring for Plaintiffs and any putative class members.

### Declaratory Relief – 28 U.S.C. § 2201

12.1    At all times relevant to these proceedings, GEO operated a Voluntary Work Program at NWDC as required by its contract with ICE. That Voluntary Work Program was, and is, subject to federal detention standards.

12.2    The Voluntary Work Program at NWDC is critical to the safe and secure operations of the facility. Specifically, the Voluntary Work Program reduces idle time for detainees and promotes institutional efficiency, just as similar programs do in Washington's own facilities.

12.3    Pursuant to an express authorization from Congress that ICE may authorize allowances to immigration detainees for work performed while detained, ICE authorized an allowance of $1.00 per day for each Voluntary Work Program participant and reimbursed GEO at that rate under its contract.

12.4    ICE must authorize any increase in the reimbursement rate of $1.00 per day as expressed in the ICE/GEO contract for NWDC. Without an ICE-approved increase in the reimbursement rate, GEO may not pay detainees in excess of $1.00 per day for participation in the voluntary work program at NWDC.

12.5    ICE also prohibits GEO from employing any detainees. ICE must clear any GEO employee working at NWDC via a background check performed by ICE. ICE also requires GEO to immediately suspend any employee found to have a history of arrests.

12.6    Plaintiffs and any putative class members were participants in the Voluntary Work

NWAUZOR ET AL. v. GEO GROUP
ECF CASE NO. 3-17-cv-05769-RJB
GEO'S ANSWER AND COUNTERCLAIMS - 11

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

Program at NWDC.

12.7   Plaintiffs and any putative class members were not authorized by ICE or any administrative courts to work for GEO or anyone else in the United States.

12.8   Plaintiffs initiated this lawsuit, claiming the MWA applies to them and a putative class, when it does not. Because Mr. Nwauzor and Mr. Aguirre-Urbina were in the custody of the federal government while at NWDC and participating in the VWP, Washington's Minimum Wage Act does not apply to them. This matter presents an actual controversy that can be finally resolved by the court.

12.9   GEO has incurred attorney's fees and other costs defending against the application of the MWA to ICE detainees.

12.10   Detainees at NWDC are in federal custody and housed at a facility operated under a contract with a federal agency, ICE. The Federal Labor Standards Act ("FLSA") is a federal law that provides minimum wage protections for employment.

12.11   Ample judicial authority holds that federal immigration detainees are not employed and are not employees under the FLSA because they perform work for institutional maintenance, not compensation. Detainees participating in the Voluntary Work Program do not participate in commerce and do not depend on wages for basic necessities because those necessities—such as food, clothing, shelter, and medical care—are provided to them at taxpayer expense.

12.12   The Court should declare that there is no employment relationship between GEO and detainees who participate in the Voluntary Work Program. Plaintiffs are not "employees" and GEO is not an "employer" with respect to the Voluntary Work Program, and therefore the MWA's minimum wage protections—like the FLSA's minimum wage protections—do not

NWAUZOR ET AL. v. GEO GROUP
ECF CASE NO. 3-17-cv-05769-RJB
GEO'S ANSWER AND COUNTERCLAIMS - 12

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

apply to Plaintiffs or any putative class members.

GEO prays for the following affirmative relief:

1. Trial by jury.

2. For an order that Plaintiffs have failed to state a claim for which relief may be granted and/or an order and judgment that Plaintiffs are entitled to no relief.

3. For an order enjoining Plaintiffs from claiming the MWA applies to them;

4. For an order declaring the MWA and FLSA inapplicable to ICE detainees at NWDC;

5. For a declaration that GEO has no employment relationship with any detainees who participate in the Voluntary Work Program, including no relationship that requires payment of a minimum wage;

6. For an order awarding GEO all costs and expenses incurred in providing for Plaintiffs and/or other putative class members' care, including, but not limited to, meals, clothing, toiletries, and room and board;

7. For an award of attorney's fees and costs;

8. For other and further relief as the court deems just and equitable.

NWAUZOR ET AL. v. GEO GROUP
ECF CASE NO. 3-17-cv-05769-RJB
GEO'S ANSWER AND COUNTERCLAIMS - 13

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

Dated: June 27, 2018

**III BRANCHES LAW, PLLC**

By: /s/ Joan K. Mell
Joan K. Mell, WSBA #21319
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 (p)
281-664-4643 (f)
joan@3brancheslaw.com

**NORTON ROSE FULBRIGHT US LLP**
Charles A. Deacon
300 Convent St.
San Antonio, Texas 78205
Telephone: (210) 270-7133
Facsimile: (210) 270-7205
charlie.deacon@nortonrosefulbright.com

**NORTON ROSE FULBRIGHT US LLP**
Mark Emery
799 9th Street NW, Suite 1000
Washington, DC 20001-4501
Telephone: (202) 662-0210
Facsimile: (202) 662-4643
mark.emery@nortonrosefulbright.com

**ATTORNEYS FOR DEFENDANT THE GEO GROUP, INC.**

NWAUZOR ET AL. v. GEO GROUP
ECF CASE NO. 3-17-cv-05769-RJB
GEO'S ANSWER AND COUNTERCLAIMS - 14

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

# CERTIFICATE OF SERVICE

I, Mark Emery, hereby certify as follows:

I am over the age of 18, a resident of Washington, DC, and not a party to the above action. On June 27, 2018, I electronically filed the above GEO's Answer to Plaintiffs' First Amended Complaint and Counterclaims with the Clerk of the Court using the CM/ECF system and served via Email to the following:

| | |
|---|---|
| Schroeter, Goldmark & Bender<br>Adam J. Berger, WSBA No. 20714<br>Lindsay L. Halm, WSBA No. 37141<br>Jamal N. Whitehead, WSBA No. 39818<br>810 Third Avenue, Suite 500<br>Seattle, WA 98104<br>berger@sgb-law.com<br>halm@sgb-law.com<br>whitehead@sgb-law.com | The Law Office of R. Andrew Free<br>Andrew Free<br>P.O. Box 90568<br>Nashville, TN 37209<br>andrew@immigrationcivilrights.com |
| Sunbird Law, PLLC<br>Devin Theriot-Orr<br>1001 Fourth Avenue, Suite 3200<br>Seattle, WA 98154<br>devin@sunbird.law<br>Norton Rose Fulbright US LLP<br>Mark Emery (Pro Hac Vice)<br>799 9th St. NW, Suite 1000<br>Washington, DC 20001-4501<br>(202)-662-0210<br>mark.emery@nortonrosefulbright.com | Norton Rose Fulbright US LLP<br>Charles A. Deacon (Pro Hac Vice)<br>300 Convent St.<br>San Antonio, TX 78205<br>charlie.deacon@nortonrosefulbright.com<br>Norton Rose Fulbright, LLP<br>Andrea D'Ambra (Pro Hac Vice)<br>1301 Avenue of the Americas<br>New York, NY 10019<br>andrea.dambra@nortonrosefulbright.com |

I certify under penalty of perjury under the laws of Washington that the above information is true and correct.

DATED this 27th day of June, 2018 at Washington, DC.

    /s/ Mark Emery

NWAUZOR ET AL. v. GEO GROUP
ECF CASE NO. 3-17-cv-05769-RJB
GEO'S ANSWER AND COUNTERCLAIMS - 15

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com