The Honorable Judge Bryan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UGOCHUKWU GOODLUCK NWAUZOR and FERNANDO AGUIRRE-URBINA, individually and on behalf of all those similarly situated,<br><br>Plaintiff and counter-defendant,<br><br>v.<br><br>THE GEO GROUP, INC., a Florida corporation,<br><br>Defendant and counter-plaintiff. | Case No: 3:17-cv-05769-RJB<br><br>**REPLY IN SUPPORT OF GEO'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>NOTE ON MOTION CALENDAR:<br>July 20, 2018<br><br>ORAL ARGUMENT REQUESTED |

NWAUZOR et al. v. THE GEO GROUP, INC.
ECF CASE NO. 3-17-cv-05769
REPLY IN SUPPORT OF GEO'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii

ARGUMENT .......................................................................................................................... 1

I. THE COURT LACKS SUBJECT MATTER JURISDICTION ............................. 1

    A. GEO's *Yearsley* Defense Is Proper Under Rule 12(b)(1) ............................ 1

    B. GEO Is Immune From This Suit Under *Yearsley*. ....................................... 2

        1. Plaintiffs Fail To Show That GEO's Actions Are Unauthorized ............................................................................................ 5

        2. Plaintiffs Fail To Show That GEO's Authorization Was Invalid ................................................................................................ 8

II. GEO'S REMAINING ARGUMENTS DESERVE CONSIDERATION ............. 10

    A. GEO's Defenses Are Not Barred By Law Of The Case ............................ 10

    B. Plaintiffs' Claim Is Preempted ................................................................... 11

    C. Plaintiffs have Stated No Claim Under The MWA ................................... 11

    D. ICE Is Indispensable To This Case ............................................................ 12

CONCLUSION ..................................................................................................................... 12

NWAUZOR et al. v. THE GEO GROUP, INC.
ECF CASE NO. 3-17-cv-05769
REPLY IN SUPPORT OF GEO'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

i

# TABLE OF AUTHORITIES

Page(s)

**CASES:**

*Barnes v. Sea Hawaii Rafting, LLC*, 889 F.3d 517 (9th Cir. 2018) ..........................10

*Cabalce v. Thomas E. Blanchard & Assocs., Inc.*, 797 F.3d 720 (9th Cir. 2015) ......................7

*Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016) ..................................................3, 7, 8, 10

*Cunningham v. Gen. Dynamics Info. Tech.*, 888 F.3d 640 (4th Cir. 2018) ..........2, 3, 4, 5, 7, 10

*EEOC v. Peabody Western Coal Co.*, 610 F.3d 1070 (9th Cir. 2010) .......................................12

*Janis v. United States*, 2011 WL 4738315 (E.D. Cal. Oct. 6, 2011) ..........................................10

*Moses H. Cone Mem. 'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983) ..........................10

*Paradise Orchards Gen. P'ship v. Fearing*, 94 P.3d 372 (Wash. App. 2004) ...........................2

*Rezek v. City of Tustin*, 2014 WL 3347860 (C.D. Cal. July 3, 2014) ........................................11

*Salim v. Mitchell*, 268 F. Supp. 3d 1132 (E.D. Wash. 2017) ........................................................8

*Tam v. United States*, 905 F. Supp. 2d 1221 (W.D. Wash. 2012) ..........................................1, 2

**STATUTES:**

Dep't of Justice Appropriations Act, 1979, Pub. L. No. 95-431, 92 Stat 1021
    (Oct. 10, 1978) ......................................................................................................................9

Dep't of Justice Appropriations Act, 1980, Pub. L. No. 96-132, 93 Stat. 1040
    (Nov. 30, 1979) .................................................................................................................4, 9

6 U.S.C. § 251 .................................................................................................................................3

6 U.S.C. § 551 .................................................................................................................................3

8 U.S.C. § 1231 ...............................................................................................................................4

NWAUZOR et al. v. THE GEO GROUP, INC.
ECF CASE NO. 3-17-cv-05769
REPLY IN SUPPORT OF GEO'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

ii

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

8 U.S.C. § 1324a ....................................................................................................................11

8 U.S.C. § 1555 ..........................................................................................................4, 5, 9, 11

**REGULATIONS AND ADMINISTRATIVE MATERIALS:**

8 C.F.R. § 274a.14 ................................................................................................................11

8 C.F.R. § 1001.1 ..................................................................................................................11

**RULES:**

Fed. R. Civ. P. 12 ..................................................................................................................1, 2

Fed. R. Civ. P. 54 ...................................................................................................................11

**OTHER AUTHORITIES:**

DHS Management Directive 3120.2, *Employment of Non-Citizens* (Mar. 22, 2004) ....................................................................................................................................12

Exec. Order No. 11935, 41 Fed. Reg. 37,301 (Sept. 2, 1976) ....................................................12

Performance-Based Nat'l Detention Standards (2011).............................................3, 6, 7, 8, 10

*Reorganization Plan Modification For The Dep't Of Homeland Sec.*, H.R. Doc. No. 108-32 (2003) ..........................................................................................................3

NWAUZOR et al. v. THE GEO GROUP, INC.
ECF CASE NO. 3-17-cv-05769
REPLY IN SUPPORT OF GEO'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

iii

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

The GEO Group, Inc. ("GEO") offers this reply supporting its Motion to Dismiss Plaintiffs' First Amended Complaint ("Motion" or "Mot."). Plaintiffs have failed to explain why the Court has jurisdiction over this challenge to GEO's administration of the Voluntary Work Program ("VWP"), a program created and authorized by U.S. Immigration and Customs Enforcement ("ICE"). Plaintiffs also fail to oppose GEO's other grounds for dismissal.

## I. THE COURT LACKS SUBJECT MATTER JURISDICTION.

### A. GEO's *Yearsley* Defense Is Proper Under Rule 12(b)(1).

At the start of their Opposition ("Opp.") to GEO's Motion, Plaintiffs argue that this Court must treat GEO's motion to dismiss for derivative immunity as a motion for summary judgment. Opp., 5-7. Rule 12 requires a court to dismiss any case over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1), (h)(3). While a complaint may show on its face that subject matter jurisdiction is absent, a defendant may adduce facts to do the same. *See, e.g.*, *Tam v. United States*, 905 F. Supp. 2d 1221, 1226-27 (W.D. Wash. 2012).

Courts in this district have dismissed claims under Rule 12(b)(1) when the defendant's evidence showed it was immune from suit. In *Tam*, the court dismissed a claim against the United States Forest Service ("USFS"). There, the plaintiffs alleged that USFS could be sued under the Federal Tort Claims Act ("FTCA"), while USFS claimed it was immune under the FTCA's discretionary function exemption. *Id.* at 1226-29. To decide the issue, the court relied on not only the statutes and regulations that controlled USFS's actions but also its own internal documents relating to the claim. *See id.* at 1229; 1232-33 (discussing exhibits detailing the agency's processes). Because this evidence showed that USFS's actions fell within the FTCA exemption, the court dismissed the claim under 12(b)(1) on immunity grounds. *Id.* at 1235.

NWAUZOR et al. v. THE GEO GROUP, INC.
ECF CASE NO. 3-17-cv-05769
REPLY IN SUPPORT OF GEO'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

1

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

Here, dismissal under *Yearsley* is proper under Rule 12(b)(1) for similar reasons. Plaintiffs' claim turns entirely on GEO's administration of the VWP at NWDC: they claim that they were (or are) participants in that program, that GEO pays $1 per day for such participation, and that GEO violates the MWA by doing so. In its Motion, GEO explained that these allegations attack conduct that is directly authorized by ICE's national policies and its contract for NWDC. Mot., 7-14. Just as the court in *Tam* considered internal agency documents without converting the motion to dismiss into one for summary judgment, so too here: GEO's Motion relies on no disputed facts.

Plaintiffs' argument that this Court cannot decide GEO's motion under Rule 12 because it is "inextricably intertwined" with the merits of the claim is simply wrong. *See* Opp., 6. GEO's *Yearsley* defense does not require it to dispute any of Plaintiffs' factual allegations—though GEO has done so—but only to show that ***its accused actions were validly authorized by ICE***. Mot., 7-14. That proof requires nothing but a consideration of governing law and the plain terms of GEO's contract. And because it is well-settled in Washington—as elsewhere—that contract interpretation is a question of law, *e.g.*, *Paradise Orchards Gen. P'ship v. Fearing*, 94 P.3d 372, 377-78 (Wash. App. 2004), Plaintiffs' claimed "factual disputes" are nothing but legal questions that can be decided under Rule 12(b)(1). *See Cunningham v. Gen. Dynamics Info. Tech.*, 888 F.3d 640, 643 (4th Cir. 2018) (affirming 12(b)(1) dismissal for derivative immunity).

**B.  GEO Is Immune From This Suit Under *Yearsley*.**

GEO is immune from this suit because all of the actions that Plaintiffs allege violate the MWA were validly authorized by ICE. To qualify for immunity under *Yearsley*, a government contractor must show (1) that the accused actions it took were authorized by the federal

NWAUZOR et al. v. THE GEO GROUP, INC.
ECF CASE NO. 3-17-cv-05769
REPLY IN SUPPORT OF GEO'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

2

government, and (2) that such authorization was validly conferred by the federal government. Mot., 6 (citing *Cunningham*, 888 F.3d at 646). A contractor's derivative immunity embodies the simple rule that when a contractor acts with valid authorization, "there is no liability on the part of the contractor who simply performed as the Government directed." *Cunningham*, 888 F.3d at 646 (quoting *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 673 (2016)) (quotations omitted). Instead, a contractor is only liable when it "violates both federal law **and** the Government's explicit instructions." *Id.* at 647 (quoting *Campbell-Ewald*, 136 S. Ct. at 672 (emphasis added).

Here, derivative immunity bars Plaintiffs' claim, and Plaintiffs failed to show otherwise. First, GEO's administration of the VWP at NWDC is expressly authorized by ICE. Under that contract's plain terms, GEO must administer a VWP that complies with the PBNDS. ICE-GEO Contract, ECF 19, 82. The PBNDS dictates that detainees must be paid at least $1 per day for participating. PBNDS 5.8.V.K. GEO complies with these provisions exactly: it offers a VWP to detainees who then receive $1 per day for participating. Declaration of Ryan Kimble, ECF 97, ¶¶ 1.12-1.28 ("Kimble Decl."). ICE regularly reviews GEO's VWP to ensure that GEO is doing just that. Kimble Decl., ¶ 1.27. Consequently, GEO meets the first prong of the *Yearsley* test.

Second, ICE validly conferred authority to administer the VWP on GEO. In 1950, Congress authorized appropriations for INS (now ICE) [1] "***now and hereafter***" for purposes that included "payment of allowances … to aliens, while held in custody under the immigration laws, for work performed." 8 U.S.C. § 1555(d) (emphasis added). While Congress directed that the rate of such allowances "***may be*** specified [by Congress] from time to time in the appropriation

---

[1] ICE inherited all INS functions relating to detention and removal as part of the Homeland Security Act of 2002. *See* 6 U.S.C. §§ 251, 551; *Reorganization Plan Modification For The Dep't Of Homeland Sec.*, H.R. Doc. No. 108-32, at 3 (2003). This plainly covers the appropriations powers granted by 8 U.S.C. § 1555(d).

NWAUZOR et al. v. THE GEO GROUP, INC.
ECF CASE NO. 3-17-cv-05769
REPLY IN SUPPORT OF GEO'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

3

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

1  Act involved," Congress has declined to specify any rate for decades. Congress's decision **not** to
2  specify a new rate does not undercut Section 1555. Indeed, the inclusion of the phrase "specified
3  from time to time" clearly signals that Congress did not intend for the rate to be specified in
4  every appropriation—if a new rate is not specified, it simply carries over.

5  This is exactly how ICE itself has always understood Section 1555. Tracey Valerio, who
6  served as ICE's Executive Associate Director until April of this year, used the $1 rate—
7  Congress's most recent—in drafting budgets. *See generally* Valerio Decl. Congress approved
8  budgets based on this understanding. *Id*. ¶¶ 8-10. Consequently, reading Section 1555(d) to
9  require rate-setting in every appropriation not only renders the phrase "from time to time"
10 superfluous and nullifies "may" entirely, it is also completely incompatible with Congress's
11 approval of ICE's budgets well beyond 1980. Thus, ICE validly conferred authority on GEO to
12 administer the VWP at the rate set by Congress, and *Yearsley's* second prong is satisfied.

13 This result comports exactly with the Fourth Circuit's holding in *Cunningham* just a few
14 months ago. There, as here, the defendant's contract with the federal government authorized it to
15 do something that allegedly violated the law. 888 F.3d at 647. But the Fourth Circuit held that
16 the defendant was immune from suit: the first prong of the *Yearsley* test was satisfied because
17 the defendant's federal contract authorized the very practice that formed the basis of the
18 plaintiff's complaint, and the second prong was satisfied because the federal government was
19 statutorily authorized to communicate the information to people like the plaintiff and could
20 delegate that authority to the defendant. *Id.* Crucially, the Fourth Circuit found it irrelevant that
21 the contractor could have complied with its contract and with federal law by performing its own
22 investigation, since the contract did not require it to do so. *Id.* Instead, the "purpose of *Yearsley*

NWAUZOR et al. v. THE GEO GROUP, INC.
ECF CASE NO. 3-17-cv-05769
REPLY IN SUPPORT OF GEO'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

4

immunity is to prevent a government contractor from facing liability for an alleged violation of law, and thus, it cannot be that an alleged violation of law per se precludes *Yearsley* immunity." *Id.* at 648-49. *Yearsley* applied even if performance of the contract did violate federal law; the crucial fact was that the defendant did not violate **both** federal law **and** its contract. *Id.*

So too here. ICE's contract authorizes GEO to operate a VWP, subject to the condition that detainees are paid at least $1 per day, and the limitation that GEO not pay in excess of $1 per day without ICE approval. ICE's authority to contract for detention services is undisputed, and, as explained above, Section 1555(d) gives DHS/ICE discretion to use its funds to pay allowances to detainees for work performed. ICE has delegated administration of such a program to GEO at NWDC, and detainees are paid for their participation from ICE's federal appropriation through a pass-through trust account. Kimble Decl., ¶ 1.28. Consequently, GEO meets both prongs of the *Yearsley* immunity test, and the Court lacks subject matter jurisdiction.

### 1. Plaintiffs Fail To Show That GEO's Actions Are Unauthorized.

Plaintiffs argue first that GEO's administration of the VWP is not authorized by ICE because ICE did not explicitly dictate that GEO should pay *only* $1 per day. Plaintiffs argue that GEO "attempts to convert the 'reimbursement' rate of $1 per day per worker that ICE agrees to pay GEO into a federal authorization for GEO to pay detained immigrants the same amount." Opp., 8. Plaintiffs also recite their argument that ICE's contract merely sets a minimum VWP payment and does not prevent GEO from paying detainees more than that amount. Opp., 9.

These points are irrelevant because *Yearsley* requires a contractor to prove only that its actions were *authorized* by the federal government. As *Cunningham* makes clear, a federal contractor that complies with the terms of its contract is immune from suit even if it might have

NWAUZOR et al. v. THE GEO GROUP, INC.
ECF CASE NO. 3-17-cv-05769
REPLY IN SUPPORT OF GEO'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

5

avoided an alleged violation of law by some further action. 888 F.3d at 647 (contractor's requirement to "follow applicable laws" did not undercut immunity when it was not directed or expected to take further steps to comply with federal law). GEO is authorized to administer the VWP at NWDC under the precise terms that Plaintiffs allege violates state law. ICE-GEO Contract, 82. Even if that contract merely sets a "floor" and not a ceiling—which it does not— that "floor" nonetheless authorizes GEO to do exactly what it has done: administer a VWP in which detainees receive $1 per day. Valerio Dec. That is all that is needed to satisfy *Yearsley*.

Plaintiffs' argument that ICE's contract subjects the VWP to "applicable state and local labor laws and costs [sic]," Opp., 8, does not change this outcome because it relies on an impossible construction of ICE's contract. The provision Plaintiffs cite is not part of the VWP provision and does thus not establish that any state labor laws **are** applicable to the VWP, and many other terms of the contract make such a conclusion impossible. In the VWP provision itself, ICE distinguishes between VWP participants and employees. ICE-GEO Contract, 82. Since VWP participants are not employees, the MWA is not an "applicable state … labor law[]" with respect ***to detainees***, even if it may be applicable to GEO's employment of corrections officers, wardens, and the like. ICE's contract also expressly incorporates the PBNDS, which subject the VWP only to "state and local ***work safety*** laws and regulations." PBNDS, 5.8.II.5 (emphasis added); *see also id.* at 5.8.V.N (identifying specific laws and regulations). The PBNDS's inclusion of specific codes shows exactly what laws ICE considers to be "applicable" to the VWP, and they do ***not*** include state minimum wage laws. Indeed, the payment of "at least $1 per day" is inconsistent with any state minimum wage anywhere and ICE would have notified GEO it was underpaying if ICE intended minimum wage to apply. *See* Kimble Decl., ¶¶ 1.27.

NWAUZOR et al. v. THE GEO GROUP, INC.
ECF CASE NO. 3-17-cv-05769
REPLY IN SUPPORT OF GEO'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

6

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

ICE's contract not only prohibits GEO from employing unauthorized aliens but also requires GEO's employees to be lawful permanent residents for at least five years. ICE-GEO Contract, 63. That limitation excludes all detainees from being GEO's employees. *See* GEO's Mot. to Deny Class Certification, ECF 69, 3-8, Valerio Decl. Thus, there is no reading of the contract that requires GEO to comply with "state and local labor laws and codes" ***with respect to detainees who participate in the VWP***. Violating ***both*** the contract terms ***and*** the MWA are necessary to avoid *Yearsley* immunity. *See Cunningham*, 888 F.3d at 647. Thus, Plaintiffs' claim is barred.

Plaintiffs' attempts to distinguish *Cunningham* also fail. They argue that GEO is not like the contractor in *Cunningham* because here "the federal government has not set, authorized, or approved a specific rate of pay for GEO to compensate detained immigrants at the NWDC." Opp., 10. This claim is simply untrue. ICE requires GEO to administer a VWP that complies with the PBNDS, which authorizes any pay rate that is "at least $1 per day." PBNDS 5.8.V.K. ICE pays $1 per day in its own facilities, and the cost is linked to ICE's federal appropriation. Valerio Decl. ¶¶ 8-10. Thus, the federal government ***has*** authorized the $1 pay rate at NWDC. Plaintiffs themselves allege that GEO "pays each detainee worker only $1 per day." First Am. Compl., ECF 84, ¶ 4.7. Thus, GEO complies with the federal government's authorization.

Plaintiffs' sole Ninth Circuit case is irrelevant because it predates the Supreme Court's decision in *Campbell-Ewald*. *See* Opp., 10 (citing *Cabalce v. Thomas E. Blanchard & Assocs., Inc.*, 797 F.3d 720 (9th Cir. 2015)). In *Campbell-Ewald*, the Supreme Court criticized the Ninth Circuit's construction of *Yearsley* as too narrow and emphasized that *Yearsley* considers only whether "the contractor's performance [is] in compliance with all federal directions." 136 S. Ct.

NWAUZOR et al. v. THE GEO GROUP, INC.
ECF CASE NO. 3-17-cv-05769
REPLY IN SUPPORT OF GEO'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

7

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

663, 673 n.7. In *Campbell-Ewald*, the Supreme Court agreed that *Yearsley* did not apply because the plaintiff presented evidence that the defendant ***violated*** its federal directions. *Id.* at 673-74. Plaintiffs have not credibly claimed that GEO violated ICE's directions. And Ninth Circuit case law predating *Campbell-Ewald* is not good law to the extent it conflicts with *Campbell-Ewald*.

*Salim v. Mitchell*, 268 F. Supp. 3d 1132 (E.D. Wash. 2017) is easily distinguishable. The plaintiffs asserted tort claims against two independent contractors who had helped design an interrogation program that amounted to torture. *Id.* at 1135-36. The district court found the *Yearsley* the defense could not be settled on summary judgment because the evidence tended to show that the ***defendants*** designed the program and encouraged ***the CIA*** to adopt it. *Id.* at 1149-50. Here, the plain terms of GEO's contract with ICE explicitly authorize—and even require—GEO to administer the VWP in compliance with ICE's own PBNDS. Plaintiffs have never alleged that GEO acts or acted contrary to ICE's direction; their theory is that following ICE's standards violates the MWA. That theory brings their claim squarely within *Yearsley*.

### 2. Plaintiffs Fail To Show That GEO's Authorization Was Invalid.

Like their attack on GEO's authorization to administer the VWP, Plaintiffs' attack on ICE's ability to validly authorize administration of the VWP relies on an impossible reading of federal law. They argue that ICE cannot have "validly conferred" authorization on GEO to administer the VWP because Congress kept for itself "the question of how much to pay [detainees]." Opp., 12-15. They infer that ICE has no discretion to set rate of pay. *Id*. at 13-15.

The statutory language could hardly be clearer: "Appropriations now or hereafter provided for the Immigration and Naturalization Service shall be available for . . . (d) payment of allowances (at such rate as may be specified from time to time in the appropriation Act involved)

NWAUZOR et al. v. THE GEO GROUP, INC.
ECF CASE NO. 3-17-cv-05769
REPLY IN SUPPORT OF GEO'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

8

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

to aliens, while held in custody under the immigration laws, for work performed[.]" 8 U.S.C. § 1555(d). Thus, "now and hereafter," Congress authorizes appropriations to INS (and now ICE) to be available for payment of allowances for detainee work. Congress "***may***" specify a rate "***from time to time***" in its appropriation acts. *Id.* (emphasis added). Thus, ICE may and did use its appropriated to pay allowances to detainees at the most recent rate set by Congress.

Congress's 1980 appropriations bill shows this principle in full force. While Congress specified an allowance rate in its 1979 appropriation, it did not do so in 1980, instead omitting all mention of detainee allowances. *Compare* Dep't of Justice Appropriations Act, 1979, Pub. L. No. 95-431, 92 Stat. 1021, 1027 (Oct. 10, 1978) ( "payment of allowances (at a rate not in excess of $1 per day) to aliens") *with* Dep't of Justice Appropriations Act, 1980, Pub. L. No. 96-68, 93 Stat. 416 (Sept. 24, 1979). Were Plaintiffs correct that Congress's decision to not specify a rate means that ICE has no discretion to spend appropriated funds under Section 1555, then the language allowing ICE to use its appropriations for the purpose of paying allowances would be meaningless: since 1980, INS/ICE had authority to use its appropriations to pay allowances to detainees but could not do so because Congress had not established a rate for them. That is not a plausible reading of Section 1555 or of Congress's appropriations acts. Valerio Decl. ¶¶ 4-10.

The only possible interpretation of these laws is that Congress has the ability to revise the authorized allowance rate at its discretion, which it may exercise "from time to time." Here, that rate is "not in excess of $1 per day." *See* 92 Stat. 1021, 1027. GEO is specifically instructed not to exceed the $1 per day threshold without ICE's consent. ICE-GEO Contract, 16. Thus, ICE has validly conferred on GEO the authority to administer the VWP at a rate of $1 per day.

Finally, to the extent Plaintiffs allege that their claim can survive *Yearsley* because VWP

NWAUZOR et al. v. THE GEO GROUP, INC.
ECF CASE NO. 3-17-cv-05769
REPLY IN SUPPORT OF GEO'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

9

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

payments are different at other facilities, that argument fails.  *See* Opp., 5 n.3, Exhs. A-C. *Yearsley* applies when a defendant's accused conduct complied with the government's direction. *Campbell-Ewald*, 136 S. Ct. at 673 & n.7; *Cunningham*, 888 F.3d at 647 (noting that a contractor is not immune when it "violates both federal law ***and*** the Government's explicit instructions") (emphasis added).  Assuming *arguendo* that Plaintiffs' evidence shows that VWPs may work differently at other facilities, such differences show only that ICE exercises discretion when it authorizes VWPs.  But ICE's decision to authorize other practices at other facilities simply has no bearing on whether GEO is immune from this suit arising from the VWP at NWDC.

## II.    GEO'S REMAINING ARGUMENTS DESERVE CONSIDERATION.

Plaintiffs do not meaningfully respond to any of the remaining arguments GEO raised in its Motion.  *See* Opp., 15-17.  Instead, they argue that the Court's rulings on a superseded complaint are "law of the case" and attempt to incorporate prior briefs.  *Id.*  The first contention is plainly wrong, and the second is inappropriate.  GEO was entitled to move to dismiss on all grounds that apply to this case, and it is entitled to the Court's consideration of each.

### A.    GEO's Defenses Are Not Barred By Law Of The Case.

An amended complaint supersedes the original complaint.  *Barnes v. Sea Hawaii Rafting, LLC*, 889 F.3d 517, 531 (9th Cir. 2018).  Here, this Court has issued no order that the FAC has stated a claim on which relief may be granted.  *See, e.g.*, *Janis v. United States*, 2011 WL 4738315, at *2 (E.D. Cal. Oct. 6, 2011) (amended complaint mooted prior allegations and thus any rulings as to whether a claim had been stated).  Absent an express entry of a final judgment, all orders of a district court are "subject to reopening at the discretion of the district judge."  *Cf. Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983); Fed. R. Civ. P.

NWAUZOR et al. v. THE GEO GROUP, INC.
ECF CASE NO. 3-17-cv-05769
REPLY IN SUPPORT OF GEO'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

10

54(b). The Court's interlocutory orders do not become law of the case, and the Court can decide the novel issues presented here on different grounds. *See, e.g., Rezek v. City of Tustin*, 2014 WL 3347860, at *2 (C.D. Cal. July 3, 2014). GEO's dismissal arguments deserve consideration here.

**B.     Plaintiffs' Claim Is Preempted.**

In its prior Order, this Court held that Plaintiffs' claim could continue because Congress had not occupied the field of detainee *wages*. Order, ECF 28, at 9. The proper field of regulation is detainee *employment*, Mot. 14-16, which Congress regulates. 8 U.S.C. § 1324a. IRCA's regulations show that work authorization terminates when removal proceedings are instituted and that lawful permanent resident status terminates when a final removal order issues. 8 C.F.R. §§ 274a.14, 1001.1(p). Thus, detainees at NWDC are categorically unauthorized to work. That result, coupled with Congress's explicit authorization of allowances—not wages—to detainees, 8 U.S.C. § 1555(d), shows that Congress has occupied the field of detainee *employment* and left no room for state law to establish an employment relationship here.

This Court also held that conflict preemption was premature because it relied on factual determinations regarding detainees' work authorization. Order, 12. However, applying state wage law here would raise an unavoidable conflict with or obstacle to IRCA because detainees are *all* without work authorization. Mot. 16-18. Plaintiffs do not allege or show otherwise .

**C.     Plaintiffs Have Stated No Claim Under The MWA.**

This Court previously held that the MWA can apply to federal immigration detainees because the MWA includes no express exemption that covers them. Order, 13-14. GEO's Motion explains that the MWA's existing exemptions for people detained in state facilities, coupled with the State's failure to take any action to enforce the MWA against GEO regarding

NWAUZOR et al. v. THE GEO GROUP, INC.
ECF CASE NO. 3-17-cv-05769
REPLY IN SUPPORT OF GEO'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

11

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

the VWP, show that the MWA, like the FLSA, was not intended to apply here. Mot. 18-20.

### D. ICE Is Indispensable To This Case.

The Court previously held that ICE was not a required party to this case because the case could "arguably" result in "harmony between GEO's contractual obligation and complying with the MWA." Joinder Order, ECF 67, 3-8. But if this Court finds that detainees at NWDC are GEO's employees, then GEO likely cannot comply with its duty to administer the VWP and its prohibitions on employing detainees or unauthorized aliens. *Compare* ICE-GEO Contract, 82 (VWP required) *with id.* at 63 (employing aliens prohibited).[2] Similarly, GEO's contract mandates that "Detainees shall not be used to perform the responsibilities or duties of an employee of the Contractor." *Id.* at 82. If detainees become GEO's employees by participating in the VWP, compliance with this requirement is rendered impossible. The Court held that this problem "appear[ed] to be beyond the issues raised by the Complaint," Joinder Order, 8, which, respectfully, does not explain how a judgment in Plaintiffs' favor can avoid subjecting GEO to inconsistent obligations. Finally, the Court held that even were ICE a required party, the case could continue justly without joining it. *Id.* at 9-10. But this case is just like *EEOC v. Peabody Western Coal Co.*, 610 F.3d 1070 (9th Cir. 2010), in which the Ninth Circuit dismissed a claim against a private lessee when plaintiffs sought damages for its compliance with a provision in its lease that the federal government had required. Mot. 24. Plaintiffs' claim is no different.

### CONCLUSION

The Court should grant GEO's Motion and dismiss this case with prejudice.

---

[2] This is consistent with the federal prohibition on ICE both from using appropriated funds to pay, and from hiring, non-citizens as federal employees, without granting a specific exception. *See* Exec. Order No. 11935, 41 Fed. Reg. 37,301 (Sept. 2, 1976); DHS Management Directive 3120.2, *Employment of Non-Citizens* (Mar. 22, 2004).

NWAUZOR et al. v. THE GEO GROUP, INC.
ECF CASE NO. 3-17-cv-05769
REPLY IN SUPPORT OF GEO'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

12

| | | |
|---|---|---|
| 1 | Dated: July 20, 2018 | **III BRANCHES LAW, PLLC** |
| 2 | | |
| 3 | | By: _/s/ Joan K. Mell_ |
| 4 | | Joan K. Mell<br>1019 Regents Blvd. Ste. 204 |
| 5 | | Fircrest, WA 98466<br>253-566-2510 (p) |
| 6 | | 281-664-4643 (f)<br>joan@3brancheslaw.com |
| 7 | | |
| 8 | | **NORTON ROSE FULBRIGHT US LLP**<br>Charles A. Deacon |
| 9 | | 300 Convent St.<br>San Antonio, Texas 78205 |
| 10 | | Telephone: (210) 270-7133<br>Facsimile:  (210) 270-7205 |
| 11 | | charlie.deacon@nortonrosefulbright.com |
| 12 | | **NORTON ROSE FULBRIGHT US LLP**<br>Mark Emery |
| 13 | | 799 9th Street NW, Suite 1000<br>Washington, DC  20001-4501 |
| 14 | | Telephone: (202) 662-0210<br>Facsimile: (202) 662-4643 |
| 15 | | mark.emery@nortonrosefulbright.com |
| 16 | | **ATTORNEYS FOR DEFENDANT THE GEO GROUP, INC.** |

NWAUZOR et al. v. THE GEO GROUP, INC.
ECF CASE NO. 3-17-cv-05769
REPLY IN SUPPORT OF GEO'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

13

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

# CERTIFICATE OF SERVICE

I, Joseph Fonseca, hereby certify as follows:

I am over the age of 18, a resident of Pierce County, and not a party to the above action. On July 20, 2018, I electronically filed the above GEO's Reply In Support of Its Motion to Dismiss Plaintiffs' First Amended Complaint, with the Clerk of the Court using the CM/ECF system and served via Email to the following:

| | |
|---|---|
| Schroeter, Goldmark & Bender<br>Adam J. Berger, WSBA No. 20714<br>Lindsay L. Halm, wSBA No. 37141<br>Jamal N. Whitehead, WSBA No. 39818<br>810 Third Avenue, Suite 500<br>Seattle, WA 98104<br>berger@sgb-law.com<br>halm@sgb-law.com<br>whitehead@sgb-law.com | The Law Office of R. Andrew Free<br>Andrew Free<br>P.O. Box 90568<br>Nashville, TN 37209<br>andrew@immigrationcivilrights.com |
| Sunbird Law, PLLC<br>Devin Theriot-Orr<br>1001 Fourth Avenue, Suite 3200<br>Seattle, WA 98154<br>devin@sunbird.law | Norton Rose Fulbright US LLP<br>Charles A. Deacon (Pro Hac Vice)<br>300 Convent St.<br>San Antonio, TX 78205<br>charlie.deacon@nortonrosefulbright.com |
| Norton Rose Fulbright US LLP<br>Mark Emery (Pro Hac Vice)<br>799 9th St. NW, Suite 1000<br>Washington, DC 20001-4501<br>(202)-662-0210<br>mark.emery@nortonrosefulbright.com | Norton Rose Fulbright US LLP<br>Andrea D'Ambra (Pro Hac Vice)<br>1301 Avenue of the Americas<br>New York, NY 10019<br>andrea.dambra@nortonrosefulbright.com |
| | Meena Pallipamu Menter<br>8201 164th Ave. N.E., Suite200<br>Seattle, WA 98052<br>(206)-419-7332<br>meena@meenamenter.com |

I certify under penalty of perjury under the laws of the State of Washington that the above information is true and correct.

DATED this 20th day of July, 2018 at Fircrest, Washington.

Joseph Fonseca, Paralegal

NWAUZOR et al. v. THE GEO GROUP, INC.
ECF CASE NO. 3-17-cv-05769
REPLY IN SUPPORT OF GEO'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

14

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com