The Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UGOCHUKWU GOODLUCK NWAUZOR, FERNANDO AGUIRRE-URBINA, individually and on behalf of all those similarly situated.<br>　　　　　　　　　　Plaintiff,<br>v.<br>THE GEO GROUP, INC.,<br>　　　　　　　　　　Defendant. | Case No. 3:17-cv-05769-RJB<br><br>**DECLARATION OF TRACEY VALERIO** |

NWAUZOR et al. v. THE GEO GROUP, INC.
ECF CASE NO. 3-17-cv-05769-RJB
DECLARATION OF TRACEY VALERIO

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

I, TRACEY VALERIO, state the following under oath subject to the penalty of perjury under the laws of the United States and the State of Washington:

1.0 I am over the age of eighteen and am competent to testify in this case. My testimony is based upon my personal knowledge and my education, training, and experience. I am presently working as an attorney for Frontier Solutions, LLC in Mexico City, Mexico. My most immediate past position was with the United States Department of Homeland Security ("DHS") Immigration and Customs Enforcement ("ICE"), where I was employed from 2009 until 2018. I was the Executive Associate Director of Management and Administration from April 2015 to April 2018. From October 2009 to October 2011, I was a Special Advisor to the Director. From October 2008 to October 2009, I was a Resident Legal Advisor at the U.S. Department of Justice. And from November of 2005 to October of 2008, I was an Assistant United States Attorney for the United States Department of Justice.

2.0 In my role with ICE, I was responsible for integration and coordination of ICE support functions and customer service. I ensured alignment of the management functions to the Director's leadership strategic vision and ongoing dynamic operational requirements. I managed, coordinated, and oversaw over 2,000 employees stationed nationwide arrayed across eight departments, including: Human Resources, Chief Financial Officer, Chief Information Officer, Office of Acquisitions and Office Policy. As relevant to this action, the development and implementation of ICE's budget and all agency contracting was under my purview and supervisory responsibility.

NWAUZOR et al. v. THE GEO GROUP, INC.
ECF CASE NO. 3-17-cv-05769-RJB
DECLARATION OF TRACEY VALERIO - 1

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

3.0   In preparing my declaration, I have reviewed the relevant ICE-GEO contract, ICE PBNDS standards applicable to the Voluntary Work Program ("VWP"), the President's Budget request for fiscal year 2018, the DHS Budget in Brief for Fiscal Year 2018, and the Court's Order Dkt. No. 29, specifically the following portion that I have been asked by GEO to comment on:

"Section 1555(d) authorizes congressional appropriations for "payment of allowances [to detainees]...for work performed," but payment is limited to "such rate as may be specified from time to time in the appropriation Act involved." § 1555(d) (emphasis added). Under this section, Congress arguably speaks to detainee wages when Congress appropriates payment of allowances to detainees for work performed, but although § 1555(d) is still in effect, Congress has not specified any rate for detainee work since fiscal year 1979. At that time, Congress appropriated funds for "payment of allowances (at a rate not in excess of $1 per day)...for work performed." PL 95–431 (HR 12934), PL 95–431, Oct. 10, 1978, 92 Stat 1021 (emphasis added). At least since fiscal year 1979, Congress has abandoned direct appropriations payment of allowances, despite its awareness of how to do so. See, e.g., Consolidated Appropriations Act, 2016, PL 114–113, December 18, 2015, 129 Stat 2242, 2497."

4.0   During my tenure at ICE, ICE authorized a $1.00 per day allowance that ICE paid for detainee participation in a VWP at its Service Processing Centers ("SPC") and at its Contract Detention Facilities ("CDF"), which includes the Northwest Detention Center.

5.0   In its contracting and budget execution, ICE followed the $1 per day rate established by Congress in 1979.

6.0   ICE used this rate in each subsequent budget cycle to set the amount ICE could expend in direct costs for detainee pay.  ICE paid detainees $1.00 per day as an allowance for VWP participation.  ICE did not enroll detainees in the federal competitive civil service nor otherwise consider detainees ICE employees or SPC contractor employees.  Pursuant to Executive Order 11935 and DHS Management Directive 3120.2, ICE could not employ

NWAUZOR et al. v.  THE GEO GROUP, INC.
ECF CASE NO. 3-17-cv-05769-RJB
DECLARATION OF TRACEY VALERIO - 2

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

persons unlawfully present in the United States. And with regard to the relationship between GEO and detainees, if ICE had considered detainees GEO employees then ICE would have conducted suitability background checks for VWP detainee participants. ICE did not conduct these suitability background checks on VWP detainee participants nor did ICE include in its budget the additional costs for extending such background checks to VWP detainee participants because it never intended to conduct them. The costs for these checks to ICE are at least $5,000.00 in administrative overhead. As a practical matter, in many cases it would be impossible to even conduct these checks within the average length of a detainee's stay.

7.0 In my capacity wherein I was responsible for advising and developing the budget for the Director who then advised the DHS Secretary and, in turn, the President on appropriations requests, I relied upon the Congressional rate and did not consider the $1.00 per day rate "abandoned." In fact, ICE consistently formulated its budget using this rate throughout the budget cycles dating back to 1979 and reflected this rate in its detention contracts.

8.0 Detainee pay was a direct cost to ICE, meaning it was treated as a fixed unit expenditure linked to a congressional appropriation based upon the President's Budget.

9.0 I did not make budget recommendations or projections with the expectation that this $1.00 per day rate was merely a reimbursement rate to GEO. It was not just a reimbursement rate because ICE could not expend more than $1.00 a day for detainee wages in a SPC or CDF without Congress setting a higher rate and appropriating the funds needed to pay the higher rate. I made my budget recommendations and Congress

NWAUZOR et al. v. THE GEO GROUP, INC.
ECF CASE NO. 3-17-cv-05769-RJB
DECLARATION OF TRACEY VALERIO - 3

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

appropriated monies to ICE based upon my budget recommendations at $1.00 per day for detainee pay. I understood that this was the set rate for detainee pay authorized by Congress unless and until Congress set a new rate.

10.0   Congress approved continuing the rate at $1.00 per day when it appropriated monies for detainee pay at ICE's projected expenditures for detainee pay calculated at the $1.00 per day rate.

Dated this 20th day of July, 2018 at Huixquilucan, Mexico.

_____
TRACEY VALERIO

NWAUZOR et al. v. THE GEO GROUP, INC.
ECF CASE NO. 3-17-cv-05769-RJB
DECLARATION OF TRACEY VALERIO - 4

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph
joan@3brancheslaw.com

**CERTIFICATE OF SERVICE**

I, Joseph Fonseca, hereby certify as follows:

I am over the age of 18, a resident of Pierce County, and not a party to the above action. On July 20, 2018, I electronically filed the above Declaration of Tracey Valerio, with the Clerk of the Court using the CM/ECF system and served via Email to the following:

| | |
|---|---|
| Schroeter, Goldmark & Bender<br>Adam J. Berger, WSBA No. 20714<br>Lindsay L. Halm, wSBA No. 37141<br>Jamal N. Whitehead, WSBA No. 39818<br>810 Third Avenue, Suite 500<br>Seattle, WA 98104<br>berger@sgb-law.com<br>halm@sgb-law.com<br>whitehead@sgb-law.com | The Law Office of R. Andrew Free<br>Andrew Free<br>P.O. Box 90568<br>Nashville, TN 37209<br>andrew@immigrationcivilrights.com<br><br>Norton Rose Fulbright US LLP<br>Charles A. Deacon (Pro Hac Vice)<br>300 Convent St.<br>San Antonio, TX 78205<br>charlie.deacon@nortonrosefulbright.com |
| Sunbird Law, PLLC<br>Devin Theriot-Orr<br>1001 Fourth Avenue, Suite 3200<br>Seattle, WA 98154<br>devin@sunbird.law | Norton Rose Fulbright US LLP<br>Andrea D'Ambra (Pro Hac Vice)<br>1301 Avenue of the Americas<br>New York, NY 10019<br>andrea.dambra@nortonrosefulbright.com |
| Norton Rose Fulbright US LLP<br>Mark Emery (Pro Hac Vice)<br>799 9th St. NW, Suite 1000<br>Washington, DC 20001-4501<br>(202)-662-0210<br>mark.emery@nortonrosefulbright.com | Meena Pallipamu Menter<br>8201 164th Ave. N.E., Suite200<br>Seattle, WA 98052<br>(206)-419-7332<br>meena@meenamenter.com |

I certify under penalty of perjury under the laws of the State of Washington that the above information is true and correct.

DATED this 20th day of July, 2018 at Fircrest, Washington.

_____
Joseph Fonseca, Paralegal

DECLARATION OF TRACEY VALERIO
3:17-cv-05769-RJB

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph