The Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UGOCHUKWU GOODLUCK NWAUZOR, FERNANDO AGUIRRE-URBINA, individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE GEO GROUP, INC., a Florida corporation,<br><br>Defendant. | No. 17-cv-05769-RJB<br><br>PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER<br><br>Note on Motion Calendar:<br>March 15, 2019 |

## I.   INTRODUCTION

Plaintiffs Ugochukwu Goodluck and Fernando Aguirre-Urbina and Defendant The GEO Group, Inc. have discussed the contours of a proposed protective order for the past several months. The parties have worked hard and in good faith to reach an agreed upon order to submit to the Court and have found common ground on most issues, but are deadlocked on two concerns. First, GEO objects to including a provision within the protective order permitting Plaintiffs to share protected material with the State of Washington

PLTFS.' MOT. FOR PROTECTIVE ORDER
(17-cv-05769-RJB) - 1

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

in its case against GEO (the "State's Case") despite the fact that the Court included a similar provision within the protective order entered in the State's Case allowing it to share with Plaintiffs. As explained more fully below, the Ninth Circuit endorses the practice of sharing information between similar cases, and if Plaintiffs are prevented from doing so here, they will be prejudiced by a siloed approach to discovery because many witnesses within the State's Case are also members of the certified class. Second, GEO seeks to impose heightened security measures for the storage and handling of protected material, and while Plaintiffs agree that protected material should be kept in a secure manner, the schema proposed by GEO outpaces the requirements of the civil rules and is overly burdensome.

Because the parties cannot reach an agreement on these issues, Plaintiffs file this motion for a protective order pursuant to Federal and Local Rule 26(c), and respectfully request that the Court enter Plaintiffs' proposed protective order filed this same day.

## II.    RELEVANT FACTUAL BACKGROUND

The parties have met and conferred in good faith on the terms of the proposed protective order for several months and have made great progress towards entering an agreed-upon order. Declaration of Jamal Whitehead ("Whitehead Decl.") ¶¶ 2, 4. The parties met and conferred by telephone on February 6, 2019, and exchanged an updated draft of a proposed protective order the following day reflecting their mutual agreements. *See* Whitehead Decl. ¶ 2, Ex. 1 (Beer Email and attachment, Feb. 7, 2019). By the end of the month, however, it was clear the parties had hit an impasse on two issues: (1) whether Plaintiffs may share protected material with the State in the State's Case, and (2) whether heightened security measures are warranted for protected material. Whitehead Decl. ¶ 4, Ex. 2 (Whitehead Email, Feb. 27, 2019). Plaintiffs discuss the relevant facts surrounding each

PLTFS.' MOT. FOR PROTECTIVE ORDER
(17-cv-05769-RJB) - 2

issue in the context of the argument that follows below.

### III.   LEGAL ARGUMENT

**A.   Legal Standard.**

Federal Rule of Civil Procedure 26(c) emphasizes the complete control courts have over the discovery process, as the discovery rules generally permit the broadest scope of discovery and "leave it to the enlightened discretion of the district court to decide what restrictions may be necessary in a particular case." 8A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2036 (3d ed.). The parties agree that this case involves confidential, sensitive, proprietary, and private information for which special protection is warranted. Rather than creating a wholly new protective order, Plaintiffs' motion requests a protective order that incorporates all areas of agreement between the parties, but that addresses the two areas of disagreement—paragraphs 4.1 and 11.1—within the last iteration of the proposed protective order exchanged between the parties on February 7, 2019.[1] *See* Whitehead Decl., Ex. 1 and 2.

**B.   Sharing Protected Material with the State.**

Like Plaintiffs, the State of Washington filed suit against GEO alleging the company violated the state's minimum wage law by paying participants in the Voluntary Work Program ("VWP") at the Northwest Detention Center ("NWDC") only $1-a-day. This Court entered a protective order in the State's Case allowing the State to disclose confidential material to Plaintiffs and permitting them to use any such documents in the context of this litigation. *Washington v. The GEO Group,* No. 17-cv-5806-RJB, Dkt. No. 70 (June 26,

---

[1] Pursuant to Local Rules W.D. Wash. LCR 26(c)(2), Plaintiffs have prepared a redlined version of their proposed protective order identifying departures from the Court's model order. Whitehead Decl., Ex. 4.

PLTFS.' MOT. FOR PROTECTIVE ORDER
(17-cv-05769-RJB) - 3

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

2018). In the State's Case, this Court ordered GEO to produce "confidential" information about the identity of detainees participating in the VWP at the NWDC and about GEO's operations and contracts, among other things. *See id.* at Dkt. No. 86 (Jul. 17, 2018).

Initially, GEO suggested including a reciprocal provision within the proposed protective order in this case allowing Plaintiffs to share protected material with the State, but GEO backtracked on its own proposal for reasons that are not entirely clear. Whitehead Decl. ¶ 5.

Plaintiffs' proposed protective order would permit Plaintiffs and the State to share protected materials. Support for such an order is twofold. First, the Ninth Circuit "strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003). "Allowing the fruits of one litigation to facilitate preparation in other cases advances the interests of judicial economy by avoiding the wasteful duplication of discovery." *Id.* A "long line of cases" recognize the propriety of sharing documents and information in collateral cases, holding that it makes little sense to require the respective parties to "reinvent the wheel." 8A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2044.1 n.30 (3d ed.) (collecting cases). Here, documents and information produced by GEO about the VWP or NWDC are plainly relevant to the claims and defenses in both this lawsuit and the State's Case, and are essential to advancing the truth-finding mission in *both* cases. GEO may fear the possibility of improper disclosure or misuse, but any protected materials produced by GEO and shared between the State and Plaintiffs would still be subject to the Court's protective orders restricting access to the materials thus eliminating any risk.

PLTFS.' MOT. FOR PROTECTIVE ORDER
(17-cv-05769-RJB) - 4

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

Second, preventing Plaintiffs and the State from sharing information produced by GEO will prejudice Plaintiffs and the class they represent. GEO underscored this point recently when it requested to depose several people identified as witnesses in the State's Case who are also members of the certified class in this case. Whitehead Decl., Ex. 3 (Ellison Letter, Jan. 30, 2019). These witnesses will offer testimony affecting both cases, and prejudice may result if Plaintiffs are prohibited from discussing protected information about the witnesses with the State before the proposed depositions.

There is good cause to permit Plaintiffs and the State to exchange protected information, and Plaintiffs respectfully request a protective order explicitly permitting an information exchange to occur in the name of furthering discovery in both cases.

**C.    Reasonable Precautions to Safeguard Protected Materials.**

"The model order was drafted and approved by the judges of this district based on their collective experience managing numerous cases with confidential material," *Minnis v. Washington*, C11-5600 BHS, 2013 WL 3189051, at *2 (W.D. Wash. June 20, 2013), and the model protective order instructs parties to store and maintain protected material in "a secure manner that ensures that access is limited to the persons authorized under [the terms of the protective order]." Model Protective Order at ¶ 4.1 (Basic Principles). GEO would substantially deviate from the model protective order, requiring Plaintiffs to adopt the following measures:

(a)    Reasonably preventing unauthorized persons from gaining access to confidential information (physical access control);

(b)    Reasonably preventing confidential information from being used without authorization (logical access control) including, but not limited to, the use of passwords;

(c)    Reasonably ensuring that persons entitled to use confidential information gain access only to such confidential information as they are

PLTFS.' MOT. FOR PROTECTIVE ORDER
(17-cv-05769-RJB) - 5

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

entitled to access in accordance with their access rights, and that, in the course of processing or use and after storage, confidential information cannot be read, copied, modified or deleted without authorization (data access control);

(d)     Reasonably ensuring that confidential information cannot be read, copied, modified or deleted without authorization during electronic transmission, transport or storage on storage media, and that the target entities for any transfer of confidential information by means of data transmission facilities can be established and verified (data transfer control);

(e)     Reasonably ensuring the establishment of an audit trail to document whether and by whom Protected Information have been entered into, modified in, or removed from confidential information processing systems, (entry control); and

(f)     Reasonably ensuring that confidential information is processed solely in accordance with instructions from the receiving party's Counsel or the receiving party (control of instructions).

Whitehead Decl., Ex. 1 at pp. 16-17.

These measures far exceed the requirements of the civil rules and the ethical requirements for attorneys in Washington and would require Class Counsel to make a sizeable investment in their technological infrastructure to meet GEO's demands. *See* Local Rules W.D. Wash. LCR 83.3(a) ("[A]ttorneys appearing in this district shall be familiar with and comply with … [t]he Washington Rules of Professional Conduct…"); *see also* Wash. Rules of Prof'l Conduct R. 1.15A (Safeguarding Property) and 5.3 cmt. 3 (Responsibilities Regarding Nonlawyer Assistants). Plaintiffs will take reasonable precautions to safeguard protected material from misuse or unauthorized access, but the data-control measures proposed by GEO would impose significant burdens on class counsel and should be rejected by the Court.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion for a protective order.

PLTFS.' MOT. FOR PROTECTIVE ORDER
(17-cv-05769-RJB) - 6

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

DATED this 7th day of March, 2019.

SCHROETER GOLDMARK & BENDER

*s/ Jamal N. Whitehead*

Adam J. Berger, WSBA #20714
Lindsay L. Halm, WSBA #37141
Jamal N. Whitehead, WSBA #39818
810 Third Avenue, Suite 500
Seattle, WA 98104
Tel: (206) 622-8000 ~ Fax: (206) 682-2305
berger@sgb-law.com
halm@sgb-law.com
whitehead@sgb-law.com

THE LAW OFFICE OF R. ANDREW FREE
Andrew Free (*Pro Hac Vice*)
P.O. Box 90568
Nashville, TN 37209
Tel: (844) 321-3221 ~ Fax: (615) 829-8959
andrew@immigrantcivilrights.com

SUNBIRD LAW, PLLC
Devin T. Theriot-Orr, WSBA #33995
1001 Fourth Avenue, Suite 3200
Seattle, WA  98154-1003
Tel: (206) 962-5052 ~ Fax: (206) 681-9663
devin@sunbird.law

MENTER IMMIGRATION LAW, PLLC
Meena Menter, WSBA #31870
8201 164th Ave NE, Suite 200
Redmond, WA 98052
Tel: (206) 419-7332
meena@meenamenter.com

*Attorneys for Plaintiff*

PLTFS.' MOT. FOR PROTECTIVE ORDER
(17-cv-05769-RJB) - 7

**CERTIFICATE OF SERVICE**

I hereby certify that on March 7, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Devin T. Theriot-Orr
SUNBIRD LAW, PLLC
1001 Fourth Avenue, Suite 3200
Seattle, WA  98154-1003
devin@sunbird.law
*Attorney for Plaintiff*

R. Andrew Free
THE LAW OFFICE OF R. ANDREW FREE
Admitted *Pro Hac Vice*
PO Box 90568
Nashville, TN 37209
andrew@immigrantcivilrights.com
*Attorney for Plaintiff*

Joan K. Mell
III BRANCHES LAW, PLLC
1019 Regents Boulevard, Suite 204
Fircrest, WA 98466
Tel: (253) 566-2510
joan@3ebrancheslaw.com
*Attorney for Defendant*

Mark Emery
NORTON ROSE FULBRIGHT US LLP
799 – 9th Street, Suite 1000
Washington, D.C. 20001
mark.emery@nortonrosefulbright.com
*Attorney for Defendant*

Andrea D'Ambra
NORTON ROSE FULBRIGHT US LLP
1301 Avenue of the Americas
New York, NY 10019
andrea.dambra@nortonrosefulbright.com
*Attorney for Defendant*

Charles A. Deacon
NORTON ROSE FULBRIGHT US LLP
300 Covent Street
San Antonio, TX 78205
charles.deacon@nortonrosefulbright.com
*Attorney for Defendant*

Michael Pusateri
Greenberg Traurig, LLP
2102 L Street NW, Suite 1000
Washington, D.C. 20037
pusaterim@gtlaw.com
*Attorney for Defendant*

Douglas E. Smith
LITTLER MENDELSON, P.C.
600 University Street, Suite 3200
Seattle, WA 98101.3122
Tel: (206) 623-3300
DESmith@littler.com
*Attorney for Defendant*

Meena Menter
MENTER IMMIGRATION LAW PLLC
8201 – 164th Avenue NE, Suite 200
Redmond, WA 98052
meena@meenamenter.com
*Attorney for Plaintiff*

PLTFS.' MOT. FOR PROTECTIVE ORDER
(17-cv-05769-RJB) - 8

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

DATED at Seattle, Washington this 7th day of March, 2019.

*s/ Sheila Cronan*

Sheila Cronan, Paralegal
Schroeter Goldmark & Bender
810 Third Avenue, Suite 500
Seattle, WA  98104
Tel: (206) 622-8000
Fax: (206) 682-2305
cronan@sgb-law.com

PLTFS.' MOT. FOR PROTECTIVE ORDER
(17-cv-05769-RJB) - 9

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305