The Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UGOCHUKWU GOODLUCK NWAUZOR, FERNANDO AGUIRRE-URBINA, individually and on behalf of all those similarly situated,<br><br>                              Plaintiffs,<br><br>    v.<br><br>THE GEO GROUP, INC., a Florida corporation,<br><br>                              Defendant. | No. 17-cv-05769-RJB<br><br>[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER |

THIS MATTER came before the Court on Plaintiffs' Motion for a Protective Order. The Court has reviewed the motion and all evidence submitted in support of, and in opposition, if any, to the motion, as well as the pleadings on file, and is otherwise fully informed.

IT IS HEREBY ORDERED AS FOLLOWS:

1. Plaintiff's Motion for a Protective Order is hereby GRANTED;

2. A Protective Order shall be issued in the form of Exhibit A attached to this Order.

[PROPOSED] ORDER GRANTING
PLAINTIFFS' MOTION FOR A
PROTECTIVE ORDER. (17-cv-05769-RJB) - 1

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

SO ORDERED, this _____ day of _____, 2019.


_____
The Honorable Robert J. Bryan
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

SCHROETER GOLDMARK & BENDER

s/ *Jamal Whitehead*
Adam J. Berger, WSBA #20714
Lindsay L. Halm, WSBA #37141
Jamal N. Whitehead, WSBA #39818
810 Third Avenue, Suite 500
Seattle, WA 98104
Tel: (206) 622-8000
Fax: (206) 682-2305
berger@sgb-law.com
halm@sgb-law.com
whitehead@sgb-law.com

THE LAW OFFICE OF R. ANDREW FREE
R. Andrew Free (Admitted *Pro Hac Vice*)
PO Box 90568
Nashville, TN 37209
Tel: (844) 321-3221x1
Fax: (615) 829-8959
andrew@immigrantcivilrights.com

SUNBIRD LAW, PLLC
Devin T. Theriot-Orr, WSBA # 33995
1001 Fourth Avenue, Suite 3200
Seattle, WA 98154-1003
Tel: (206) 962-5052
Fax: (206) 681-9663
devin@sunbird.law

MENTER IMMIGRAITON LAW PLLC
Meena Menter, WSBA #31870
MENTER IMMIGRATION LAW PLLC
8201 – 164th Avenue NE, Suite 200
Redmond, WA 98052
meena@meenamenter.com

*Attorneys for Plaintiffs*

[PROPOSED] ORDER GRANTING
PLAINTIFFS' MOTION FOR A
PROTECTIVE ORDER. (17-cv-05769-RJB) - 2

**CERTIFICATE OF SERVICE**

I hereby certify that on March 7, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Devin T. Theriot-Orr
SUNBIRD LAW, PLLC
1001 Fourth Avenue, Suite 3200
Seattle, WA  98154-1003
devin@sunbird.law
*Attorney for Plaintiff*

R. Andrew Free
THE LAW OFFICE OF R. ANDREW FREE
Admitted *Pro  Hac Vice*
PO Box 90568
Nashville, TN 37209
andrew@immigrantcivilrights.com
*Attorney for Plaintiff*

Joan K. Mell
III BRANCHES LAW, PLLC
1019 Regents Boulevard, Suite 204
Fircrest, WA 98466
Tel: (253) 566-2510
joan@3ebrancheslaw.com
*Attorney for Defendant*

Mark Emery
NORTON  ROSE  FULBRIGHT  US  LLP
799 – 9th Street, Suite 1000
Washington, D.C. 20001
mark.emery@nortonrosefulbright.com
*Attorney for Defendant*

Andrea D'Ambra
NORTON ROSE FULBRIGHT US LLP
1301 Avenue of the Americas
New York, NY 10019
andrea.dambra@nortonrosefulbright.com
*Attorney for Defendant*

Charles A. Deacon
NORTON ROSE FULBRIGHT US LLP
300 Covent Street
San Antonio, TX 78205
charles.deacon@nortonrosefulbright.com
*Attorney for Defendant*

Michael Pusateri
Greenberg Traurig, LLP
2102 L Street NW, Suite 1000
Washington, D.C. 20037
pusaterim@gtlaw.com
*Attorney for Defendant*

Douglas E. Smith
LITTLER MENDELSON, P.C.
600 University Street, Suite 3200
Seattle, WA 98101.3122
Tel: (206) 623-3300
DESmith@littler.com
*Attorney for Defendant*

Meena Menter
MENTER IMMIGRATION LAW PLLC
8201 – 164th Avenue NE, Suite 200
Redmond, WA 98052
meena@meenamenter.com
*Attorney for Plaintiff*

[PROPOSED] ORDER GRANTING
PLAINTIFFS' MOTION FOR A
PROTECTIVE ORDER. (17-cv-05769-RJB) - 3

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

DATED at Seattle, Washington this 7th day of March, 2019.

*s/ Sheila Cronan*
Sheila Cronan, Paralegal
Schroeter Goldmark & Bender
810 Third Avenue, Suite 500
Seattle, WA  98104
Tel: (206) 622-8000
Fax: (206) 682-2305
cronan@sgb-law.com

[PROPOSED] ORDER GRANTING
PLAINTIFFS' MOTION FOR A
PROTECTIVE ORDER. (17-cv-05769-RJB) - 4

# EXHIBIT A

The Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UGOCHUKWU GOODLUCK
NWAUZOR AND FERNANDO
AGUIRRE-URBINA, individually and on
behalf of all those similarly situated,

Plaintiff,

v.

THE GEO GROUP, INC., a Florida
corporation,

Defendant.

CASE NO. 17-cv-05769-RJB

**PROTECTIVE ORDER**

1.    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, sensitive, proprietary, or private information for which special protection may be warranted. Accordingly, the Court enters the following Protective Order. It does not confer blanket protection on all disclosures or responses to discovery. The protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal. This Protective Order is an order of the Court pursuant to 5 U.S.C. §

1

552a(b)(11) that allows for the disclosure of documents or information whose disclosure would otherwise be prohibited by the Privacy Act of 1974, 5 U.S.C. § 552a.

2.    "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged:

1.  Personal medical records, including, but not limited to ("including") physical and mental health information;

2.  Personal financial information, including non-public tax information, contracts, expenditure reports, and internal records of payment or cost summaries;

3.  Business financial information, including non-public tax information, contracts, expenditure reports, and internal records of payment or cost summaries that incorporate a) staffing information and compensation, b) security information, or c) proprietary and competitive client and vendor information;

4.  Personal immigration information or status, including Alien registration numbers ("A-Numbers"), Alien or "A-files," and all immigration administrative records and non-public immigration records;

5.  Non-public criminal history and records, including juvenile and victim records, sealed records, and expunged or vacated records;

6.  Personal location, information that may be subject to the Privacy Act of 1974, 5 U.S.C. § 552a, and personally identifiable information ("PII"), including home address, home phone number, cell phone number, email address, passport number, drivers' license number, social security number, and birthdate.

"Highly Confidential-Attorneys' Eyes Only" material shall include the following documents and tangible things produced or otherwise exchanged: highly sensitive information,

2

the disclosure of which could result in compromise of the safety or security of GEO facilities and/or harm or retaliation to individuals, including:

1. GEO safety and security-related policies and procedures and communications, including evacuation, fire safety, security system, staffing, physical plant, and emergency protocol information and non-public depictions of GEO facilities, including facility diagrams or layouts, photos, audio, and CCTV video;

2. Internal communications or reports containing proprietary and competitive information or other information covered by paragraphs 1, 3, 4, 5, and 6 of this definition about the administration of the Northwest Detention Center or any other facility or center operated by the GEO Group, including internal audits, and client and vendor information;

3. Communications with Immigration and Customs Enforcement ("ICE") officials containing sensitive or proprietary information regarding the administration of the Northwest Detention Center or any other facility or center operated by the GEO Group, including staffing information or competitive client and vendor information;

4. "Sensitive information" as defined at 48 C.F.R. § 3052.204-71;

5. "Law enforcement sensitive information," including non-public law enforcement information regarding Government policies, methods, techniques, procedures, and guidelines, intelligence, investigatory, and official Government information;

6. Communications with officials at the American Correctional Association ("ACA") and other accreditation bodies containing sensitive or proprietary information regarding the administration of the Northwest Detention Center or any other facility

3

or center operated by the GEO Group, including staffing information or competitive client and vendor information.

3.   SCOPE

The protections conferred by this Order cover not only Confidential Material or Highly Confidential Material-Attorneys' Eyes Only (as defined above; referred to, collectively, hereinafter as "Protected Material"), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Protected Material.

However, the protections conferred by this Order do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4.   ACCESS TO AND USE OF PROTECTED MATERIAL

4.1   Basic Principles. A receiving party may use Protected Material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material disclosed pursuant to this Order may not be used for any business or competitive purposes or in any other legal proceeding, except for the case presently styled *State of Washington v. The Geo Group*, Case 17-cv-05806 (Western District of Washington), as permitted by order of court, or as agreed by the parties. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. Protected Material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. The obligation to preserve the confidentiality of Protected Material survives the termination of this action.  The Court will retain continuing jurisdiction to enforce the terms of this Protective Order.

4.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a)    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

(c)    persons or firms retained by a party for the purpose of litigation support (*e.g.*, e-discovery vendors/contract review attorneys, trial/jury consultants) or producing graphic or visual aids, as long as these persons or firms sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    experts and consultants and their staff to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)    the court, any appellate courts(s), jurors, alternate jurors, court personnel, and court reporters and their staff;

(f)    any mediators engaged by the parties, and their support staff;

(g)    copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to non-parties and to immediately return all originals and copies of any confidential material;

(h)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be designated confidential on the record at deposition or at any time during the 15 day correction

5

period thereafter, separately bound by the court reporter, and may not be disclosed to anyone except as permitted under this Order;

(i)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(j)    any other person (i) agreed to by the parties, as long as such persons sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A) or (ii) permitted by the Court.

4.3    Disclosure of "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information or Items.    Unless otherwise ordered by the court or permitted in writing by the designating party, information designated as "Highly Confidential – Attorneys' Eyes Only" shall not be disclosed by the receiving party's outside counsel of record to the public or the receiving party, nor disclosed to any other person or entity without Order of the Court.  Unless otherwise ordered by the Court or permitted in writing by the designating party, the receiving party's outside counsel of record may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEY EYES' ONLY" only to:

(a) the receiving party's outside counsel of record's employees and any legal, investigative, technical, administrative, and other support staff of said outside counsel of record to whom it is reasonably necessary to disclose the information for this Action;

(b) experts or independent consultants (and their staff) retained by attorneys for the receiving party to whom disclosure is reasonably necessary for this Action;

(c) the court and its personnel; and

(d) court reporters and their staff.

For any disclosures under 4.3(b) and (d), the person to whom the Highly Confidential-Attorneys' Eyes Only Material is being disclosed, must first, before viewing the material, sign the

6

"Acknowledgment and Agreement to Be Bound" (Exhibit A). Unless otherwise ordered by the Court or permitted in writing by the designating party, the receiving party's outside counsel of record may discuss or show any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEY EYES' ONLY" to the specific detainee to whom the document pertains, only if such disclosure is necessary for the purposes of this litigation, or if the specific detainee authored, originated, received, or otherwise possesses the information. Such discussion or showing of the relevant document(s) shall not include providing the detainee with copies. Pages of transcribed deposition testimony or exhibits to depositions that reveal Highly Confidential Material and are designated as such pursuant this Order may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

4.4    Filing Protected Material. Before filing Protected Material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the "Confidential" or "Highly Confidential-Attorneys' Eyes Only" designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Absent prior agreement of the parties, any party intending to file or use Protected Material in a document filed with the Court ("Pleading") shall file a redacted version of the Pleading that does not include or reference the Protected Material, and serve an unredacted version of the Pleading on the Designating Party so as to allow the Designating Party an opportunity to file a motion to seal under Local Civil Rule 5(g). Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. If no such motion is made by the Designating Party within 10 calendar days of filing of the

7

redacted Pleading, the party filing or using the Protected Material may re-file the Pleading in unredacted form.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this Order must use reasonable care to limit any such designation to specific material that qualifies under the appropriate standards. In the interest of cost containment, parties may, as an initial matter, designate an entire document as confidential if any part of the document contains confidential material. If a party later wishes to use a document in a filing or deposition and believes that only part of the document contains confidential, the parties will meet and confer in good faith and the designating party will provide a revised version of the document with a line by line designation of the confidential information contained within the document. Should a designating party wish to use its own confidential document, it may revise the confidential document's designation without meeting and conferring with the receiving party, so long as it timely provide the receiving party with a revised version of the redesignated document and gives the receiving party 15 days to review and make its own determination if the document, or some portions of the document, require confidentiality protection.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

disclosure or discovery material that qualifies for protection under this Order must be clearly so designated before or when the material is disclosed or produced. In addition to designating information that it has produced, a designating party may designate information or items produced in this litigation by another party or non-party that contains or is derived from the designating party's own protected information by designating for protection those parts or portions of the document that qualify for protection.

(a) Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY," as appropriate, to each page that contains Protected Material. With respect to documents containing Protected Material produced in Native Format, the designating party shall include the appropriate confidentiality designation in the filename.

(b) Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c) Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

(d)    Metadata: with respect to all documents produced that contain Protected Material, the designating party will also include in the Load File the appropriate confidentiality designation.

5.3    Inadvertent Failures to Designate. An inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this Order for such material. If a party provides Protected Material without designating it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY," the party may provide timely written notice to the receiving party to designate the information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY" in accordance with the provisions of this Order. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order. Within ten days of providing written notice that Protected Material was not appropriately designated under this provision, the designating party must provide the receiving party with replacement copies of such documents containing the proper designation. Upon receipt of such replacement copies, the receiving party shall immediately destroy any copies of the unmarked or incorrectly marked documents, things, information, responses, or testimony within their custody or control and that comply with our legal obligations. If a document that has been redesignated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY" has been filed with the court, the designating party bears the burden of moving the court to remove the confidential document and file it under seal. If the document was properly designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY" and was mistakenly filed with the court, the filing party has the burden of moving the court to remove the confidential document and file it under seal.

5.4    Reproduction.  No documents containing Protected Material may be reproduced except as provided for in paragraph 4 and its subparts.  Any copy of a document containing or

10

summarizing Protected Material must be stamped "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY."

6.    NON-PARTIES

6.1    Use of Non-Party Information. If a party seeks discovery from a non-party to this suit, the non-party will be provided with a copy of this Order and may invoke its terms with respect to any Protected Material provided to the parties. If any Protected Material is produced by a person other than a party pursuant to this Order, such person shall be considered a designating party and all parties to this order should be treated as receiving parties.

6.2    Non-Party Disclosure. Nothing contained herein shall be construed to restrict the ability of a non-party from objecting to disclosure of information within its possession, custody, and control pursuant to any applicable federal or state law. These include, but are not limited to, information covered by the Department of Homeland Security's ("DHS") *Touhy* regulations, 6 C.F.R. § 5.41 et seq., which explicitly prohibit DHS employees, including ICE personnel, from producing "any documents or any material acquired as part of the performance of that employee's duties or by virtue of that employee's official status" without authorization from DHS' Office of the General Counsel or its delegee.

6.3    Protective Orders with Non-Parties. Nothing in this Order prohibits a party from negotiating a separate protective order with any non-party, provided that all parties to this litigation are included in the negotiation of such agreement and ultimately agree to the terms of such agreement, and the Party to this litigation seeking the separate protective order moves the Court for such an order. Furthermore, nothing contained herein prohibits a non- party from seeking a separate protective order or other relief from the Court.

6.4    Publicly Available Non-Party Information. Nothing contained herein shall be construed to restrict disclosure and use by the receiving party of any Protected Material of another party should such documents, information, or things become publicly available through no fault or wrongdoing of any receiving party.

11

7.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1    Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2    Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement, and should discuss whether partial designation of portions of the challenged document will resolve the dispute. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

7.3    Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

12

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY," that party must:

(a)    promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Protected Material may be affected.

Once notified, the designating party seeking to maintain the confidentiality of any information shall have the sole responsibility for obtaining any order it believes necessary to prevent disclosure of the information that have been subpoenaed, requested, or ordered. The subpoenaed party will not produce any of the Protected Material while a motion for a protective order brought by the designating party pursuant to this paragraph is pending, or while an appeal from or request for appellate review of such motion is pending, unless a court orders production of materials that are subject to this Order, then production of such materials pursuant to that Court Order shall not be deemed a violation of this Order.

9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL If a receiving party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A. The inadvertent, unintentional, disclosure of Protected Material by

the receiving party will not, under any circumstances, be deemed a waiver, in whole or in part, of any claims of confidentiality.

10. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. Nothing in this section is intended to modify what the parties have stipulated to and submitted to the court as a more detailed Fed. R. 502(d) Order.

11. SECURITY AND DATA BREACH Any person in possession of another Party's Protected Material shall exercise the same care with regard to the storage, custody, or use of such Protected Material as they would apply to their own material of the same or comparable sensitivity.

11.1 Reasonable Precautions. Receiving parties must take reasonable precautions to protect Protected Material from loss, misuse and unauthorized access, disclosure, alteration and destruction.

11.2 Breach Response. If the receiving party discovers a breach of security relating to the Protected Material of another party, the receiving party shall:

(a) provide written notice to the designating party of such breach no later than twenty-four (24) hours of receiving party's discovery of the breach;

(b) investigate and remediate the effects of the breach, and provide the designating party with reasonable assurances that such breach shall not recur; and

14

(c)    provide sufficient information about the breach that the designating party can reasonably ascertain the size and scope of the breach.

If required by any judicial or governmental request, requirement or order to disclose such information, the receiving party shall take all reasonable steps to give the designating party sufficient prior notice in order to contest such request, requirement or order through legal means. The receiving party agrees to provide reasonable cooperation to the designating party or law enforcement in investigating any such security incident. In any event, the receiving party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access as it deems appropriate in its good faith and reasonable judgment.

12.    <u>NON-TERMINATION AND RETURN OF DOCUMENTS</u>

Unless prohibited by law, within 60 days after the termination of this action, including all appeals, each receiving party must return all Protected Material to the producing party, including all copies, extracts and summaries thereof, or may certify to the producing party that they have deleted or destroyed these materials.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Counsel also shall not be required to delete information that may reside on their respective parties' firms' or vendors' electronic disaster recovery systems that are overwritten in the normal course of business, or information that may reside in electronic files which are not reasonably accessible. Should counsel know or have reason to know that Protected Material is to be restored from parties' firms' or vendors' electronic disaster recovery systems or other locations not reasonably accessible, counsel will make reasonable efforts to destroy these materials in good faith. The confidentiality obligations imposed by this Order shall remain in effect until modified, superseded or terminated by order of this Court.

15

13.    NON-WAIVER OF RIGHTS

Neither the agreement of the parties with respect to Protected Material, nor the designation of any information, document, or the like, as Protected Material, nor the failure to make such designation shall be construed as:

(a)    evidence with respect to any issue on the merits in this action;

(b)    waiving or restraining a party or non-party from using or disclosing its own Protected Material as it deems appropriate;

(c)    waiving a party's right to object to any disclosure of Protected Material or production of any documents it deems to contains confidential information on any ground other than confidentiality that it may deem appropriate;

(d)    waiving a party's right to redact from any documents, whether designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY" or not, any information containing privileged material or any other data protected from disclosure by state or federal law;

(e)    allowing a party to argue that review of documents is unnecessary or that a producing party need not cull non-responsive, irrelevant, or other documents before producing to the requesting party.

SO ORDERED, this _____ day of _____, 2019

_____
ROBERT J. BRYAN
United States District Judge

16

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of *Nwauzor v. The GEO Group, Inc.*, Case No. 17-cv-05769-RJB. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

17