The Honorable Robert J. Bryan

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UGOCHUKWU GOODLUCK NWAUZOR,
FERNANDO AGUIRRE-URBINA, individually
and on behalf of all those similarly situated,

            Plaintiffs/Counter Defendants,

       v.

THE GEO GROUP, INC.,

            Defendant/Counter Claimant.

Case No. 3:17-cv-05769-RJB

**OPPOSITION TO MOTION FOR PROTECTIVE ORDER**

**NOTE ON MOTION CALENDAR: MARCH 15, 2019**

**ORAL ARGUMENT REQUESTED**

## INTRODUCTION

Defendant/Counter Claimant The GEO Group, Inc. ("GEO") has good cause to support entry of its own version of the protective order,[1] rather than plaintiffs' proposed protective order, based on serious and legitimate privacy concerns that are not addressed by plaintiffs' proposed order. As plaintiffs describe, the parties have agreed to all but two issues in their competing protective orders: (1) whether plaintiffs can share "Confidential" material disclosed in this litigation with the State of Washington ("State") for use in its related litigation against GEO, *State of Washington v. The GEO Group, Inc.*, Case No. 3:17-cv-05806-RJB ("State Litigation"), which is addressed in paragraph 4.1 of plaintiffs' proposed protective order; and (2) whether plaintiffs can avoid using reasonable anti-

---

[1] GEO attaches a copy of its proposed protective order as Exhibit 1 to the declaration of Kristin Asai filed concurrently with this opposition.

OPPOSITION TO MOTION FOR PROTECTIVE ORDER
(3:17-cv-05769-RJB)- PAGE 1

hacking precautions to protect GEO's "Confidential" information, which is addressed in paragraph 11.1 of GEO's proposed protective order.  Good cause exists to deny both of plaintiffs' proposed modifications and to enter GEO's proposed protective order.

First, plaintiffs should not be allowed to share GEO's "Confidential" information with the State because—unlike plaintiffs here—the State is a public entity subject to Washington's Public Records Act, RCW Ch. 42.56 ("PRA").  Any "Confidential" information provided to the State could potentially be disclosed under the PRA, or at least require GEO to spend additional time and resources litigating whether the State can be enjoined from disclosing those records.

Second, the United States Immigration and Customs Enforcement ("ICE") *requires* that GEO's specified protections against unauthorized access be in place before it produces any "Confidential" information in this litigation.  Moreover, in this era of electronic hacking, GEO's proposed precautionary measures are reasonable and necessary to ensure that "Confidential" information is not inadvertently or surreptitiously released to the public.

## STANDARDS

Under Rule 26, a court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.  Fed. R. Civ. P. 26(c).  The party seeking a protective order bears the burden to show that specific prejudice or harm will result if no protective order is granted.  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003).  For example, good cause exists to protect documents from public disclosure when the information is used as a vehicle for improper purposes, "such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Thoma v. City of Spokane*, No. CV-12-0156-EFS, 2014 WL 12635774, at *1 (E.D. Wash. June 30, 2014) (discussing as part of motion to seal records).

///

///

///

OPPOSITION TO MOTION FOR PROTECTIVE ORDER
(3:17-cv-05769-RJB)- PAGE 2

**ARGUMENT**

**I.       Sharing confidential information with the State will cause prejudice or harm to GEO.**

Plaintiffs should not be allowed to share GEO's confidential information with a public entity that is subject to the PRA.  Plaintiffs admit that this case "involves confidential, sensitive, proprietary, and private information for which special protection is warranted."  (Pls.' Mot. for Protective Order, Dkt. # 148 ("Pls.' Mot."), at p. 3.)  But contrary to that assertion, plaintiffs ask this Court to authorize them to share GEO's confidential information with the State, which is subject to the PRA and could make GEO's information vulnerable to public disclosure.

Under the PRA, any public agency—including the State—must make "public records" available for public inspection unless the record falls within the specific exemptions provided for under the PRA or another statute that prohibits disclosure of certain records.  RCW 42.56.070(1).  The PRA defines "public record" as "any writing containing information relating to the conduct of government or the performance of any governmental or proprietary function prepared, owned, _used, or retained by any state_ or local agency regardless of physical form or characteristics."  RCW 42.56.010(3) (emphasis added).  A public agency's agreement, through a confidentiality agreement or otherwise, to maintain the confidentiality of certain documents does not necessarily shield those records from disclosure under the PRA.  *See Lyft, Inc. v. City of Seattle*, 190 Wn.2d 769, 787 (2018) (noting that City of Seattle's signed confidentiality agreement had no relevance to PRA analysis); *see also Soter v. Cowles Publ'g Co.*, 162 Wn.2d 716, 734 (2007) ("If the documents at issue here are discoverable under CR 26, then they are subject to disclosure under the [PRA].").

Although GEO contends that any documents disclosed pursuant to a protective order in this case do not constitute public records under the PRA, those documents are potentially vulnerable to a PRA request simply by virtue of the State using or retaining those documents.  Indeed, the protective order entered in the State Litigation provides that "[n]othing in this Protective Order shall be construed to require the Civil Rights Unit of the Washington Attorney General's Office . . . to violate the terms of [the PRA]."  (Asai Decl., Ex. 2 at p. 11.)  As such, as part of the protective order in that

OPPOSITION TO MOTION FOR PROTECTIVE ORDER
(3:17-cv-05769-RJB)- PAGE 3

case, the State merely agreed to give GEO notice of a PRA request for its "Confidential" material within 5 business days, and that it would not disclose "Confidential" material if GEO "seeks judicial intervention" prior to the State's deadline to respond to the PRA request. (*Id.*) However, because the State is required to provide a response to the PRA request within 5 business days of receiving the request, the State's agreed notice may not even provide sufficient time for GEO to obtain injunctive relief preventing disclosure of its "Confidential" information.[2] *See* RCW 42.56.520(1) (requiring public agency to respond within 5 business days by providing the records or giving a reasonable estimate of the time to respond). Thus, even if the State signed on to plaintiffs' proposed protective order in this case, granting plaintiffs the ability to share all "Confidential" information with the State puts GEO's information at risk of disclosure under the PRA. And, at the very least, sharing all information with the State will increase the financial and administrative burden on GEO to review any PRA requests seeking its information disclosed in this case, and to file separate litigation to ensure its "Confidential" material is not released. Thus, GEO has good cause to protect plaintiffs from sharing all "Confidential" information with the State.

In addition, plaintiffs cannot justify their proposed sharing arrangement with the State here based on GEO's prior agreement in the State Litigation to allow the State to share "Confidential" information with plaintiffs. (*See* Pls.' Mot. at p. 3.) Plaintiffs here are private individuals who are not subject to the PRA. Thus, in the State Litigation, GEO agreed to information flowing from *the State to plaintiffs* because that arrangement does not implicate the same privacy concerns at issue here.

Further, this litigation will likely involve the disclosure of more information and documents than the State would otherwise be entitled to in the State Litigation. For example, the State Litigation involves claims by the State only, whereas this litigation involves class action allegations on behalf of "[a]ll civil immigration detainees who participated in the Voluntary Work Program at the Northwest

---

[2] GEO intends to work with the State to modify the notice provision in the protective order in the State Litigation or at least reach agreement to ensure GEO obtains sufficient notice prior to disclosure of its "Confidential" information.

OPPOSITION TO MOTION FOR PROTECTIVE ORDER
(3:17-cv-05769-RJB)- PAGE 4

Detention Center at any time between September 26, 2014, and the date of final judgment in this matter." (*See* Order, Dkt. # 114 at p. 4.) As such, plaintiffs likely will obtain "Confidential" information in this case that the State would not receive under the normal course. GEO therefore objects to plaintiffs sharing that additional information with the State, and seeks to prevent more documents from being in the State's control and potentially vulnerable to disclosure under the PRA.

## II. Plaintiffs must abide by reasonable precautions to avoid misuse or disclosure of GEO's confidential information.

Plaintiffs' refusal to agree to specific anti-hacking precautions is unjustified. Plaintiffs have requested that GEO produce several categories of confidential information in this litigation, including personal medical and financial records, proprietary business information, immigration information, and personally identifiable information, as well as highly confidential information, such as safety and security policies, competitive information, ICE information, and other federally-recognized sensitive information. (*See* Dkt. # 148-1 at pp. 7-8.) As a result, GEO requests that plaintiffs agree to reasonable security measures to prevent unauthorized access and misuse of such confidential information. Specifically, in paragraph 11.1 of GEO's proposed protective order, GEO specifies that such reasonable precautions shall include:

(a) Reasonably preventing unauthorized persons from gaining access to confidential information (physical access control);

(b) Reasonably preventing confidential information from being used without authorization (logical access control) including, but not limited to, the use of passwords;

(c) Reasonably ensuring that persons entitled to use confidential information gain access only to such confidential information as they are entitled to access in accordance with their access rights, and that, in the course of processing or use and after storage, confidential information cannot be read, copied, modified or deleted without authorization (data access control);

OPPOSITION TO MOTION FOR PROTECTIVE ORDER
(3:17-cv-05769-RJB)- PAGE 5

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300

(d)  Reasonably ensuring that confidential information cannot be read, copied, modified or deleted without authorization during electronic transmission, transport or storage on storage media, and that the target entities for any transfer of confidential information by means of data transmission facilities can be established and verified (data transfer control);

(e)  Reasonably ensuring the establishment of an audit trail to document whether and by whom Protected Material has been entered into, modified in, or removed from confidential information processing systems, (entry control); and

(f)  Reasonably ensuring that confidential information is processed solely in accordance with instructions from the receiving party's Counsel or the receiving party (control of instructions).

(*See* Asai Decl., Ex. 1 at p. 13.)  Each of these protections is necessary to ensure that GEO's information is not improperly disclosed in violation of the protective order, and plaintiffs provide no legitimate basis for refusing to implement these reasonable precautions.

First, plaintiffs provide no evidence to support their assertion that GEO's proposed measures "would impose significant burdens on class counsel." (*See* Pls.' Mot. at p. 6.)  Plaintiffs never describe the security measures their counsel currently have in place, or what they would need to do to comply with GEO's proposed security measures.  Nor do plaintiffs submit any evidence establishing that they will actually incur substantial costs or time to comply with those proposed measures. Rather, these measures should not impose significant burdens because the parties in other litigation against GEO—including the State—has already agreed to such measures. (Asai Decl., Ex. 2 at p. 12 & Ex. 3 at pp. 13, 26-27.)  Moreover, each of GEO's proposed measures include the term "reasonably" prior to each specified practice, so plaintiffs are only required to take reasonable efforts rather than incur any significant burden. (*See id.*, Ex. 1 at p. 13.)

Second, ICE requires that these specific anti-hacking security measures exist in the parties' protective order before it will disclose its confidential information. (*See* Asai Decl., Ex. 3 at pp. 1-2,

OPPOSITION TO MOTION FOR PROTECTIVE ORDER
(3:17-cv-05769-RJB)- PAGE 6

13, 26-27 (noting that the parties agreed to the additional security measures to obtain information from ICE, and extending data security protocols to all documents).) As such, GEO cannot produce any information pertaining to ICE—including information relevant to class notice—unless plaintiffs agree to abide by the security precautions set forth in GEO's proposed protective order. GEO, therefore, has a legitimate basis to require security measures above the model protective order.

For all of these reasons, GEO respectfully asks this Court to enter its proposed protective order that prohibits sharing with the State and requires plaintiffs to reasonably comply with specific security precautions.

## CONCLUSION

Good cause exists to enter GEO's proposed protective order to avoid the serious harm that would result if GEO's confidential information is vulnerable to disclosure by the State or a third party who improperly accesses that information. Accordingly, GEO respectfully asks this Court to deny plaintiffs' motion for protective order and to instead enter GEO's version of the protective order, which is attached as Exhibit 1 to the declaration of Kristin Asai.

Dated:  March 13, 2019

HOLLAND & KNIGHT LLP

By: _s/ Kristin M. Asai_
    J. Matthew Donohue, WSB # 52455
    Matt.Donohue@hklaw.com
    Shannon Armstrong, WSB # 45947
    Shannon.Armstrong@hklaw.com
    Kristin M. Asai, WSB # 49511
    Kristin.Asai@hklaw.com
    2300 US Bancorp Tower
    111 SW Fifth Avenue
    Portland, OR 97204
    Telephone: 503.243.2300
    Fax: 503.241.8014

    *Attorneys for Defendant/Counter Claimant*

OPPOSITION TO MOTION FOR PROTECTIVE ORDER
(3:17-cv-05769-RJB)- PAGE 7

CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing OPPOSITION TO MOTION FOR PROTECTIVE ORDER to be served on the following person[s]:

Jamal N. Whitehead
Adam J. Berger
Lindsay L. Halm
Schroeter Goldmark & Bender
810 Third Avenue, Suite 500
Seattle, WA 98104
whitehead@sgb-law.com

*Attorneys for Plaintiffs/Counter Defendants*

Devin T Theriot-Orr
Open Sky Law PLLC
20415 72nd Avenue S, Suite 110
Kent, WA 98032
devin@opensky.law

*Attorneys for Plaintiffs/Counter Defendants*

R. Andrew Free
Law Office of R. Andrew Free
P.O. Box 90568
Nashville, TN 37209
andrew@immigrantcivilrights.com

*Attorneys for Plaintiffs/Counter Defendants*

Meena Pallipamu Menter
Menter Immigration Law PLLC
8201 164th Avenue NE, Suite 200
Seattle, WA 98052
meena@meenamenter.com

*Attorneys for Plaintiffs/Counter Defendants*

by causing the document to be delivered by the following indicated method or methods:

☑ by CM/ECF electronically mailed notice from the Court on the date set forth below.

☐ by mailing full, true and correct copies thereof in sealed, first class postage prepaid envelopes, addressed to the parties and/or their attorneys as shown above, to the last-known office addresses of the parties and/or attorneys, and deposited with the United States Postal Service at Portland, Oregon, on the date set forth below.

☐ by causing full, true, and correct copies thereof to be hand-delivered to the parties and/or their attorneys at their last-known office addresses listed above on the date set forth below.

☐ by sending full, true, and correct copies thereof, via overnight courier in sealed, prepaid envelopes, addressed to the parties and/or their attorneys as shown above, to the last-known office addresses of the parties and/or their attorneys, on the date set forth below.

☐ by faxing full, true, and correct copies thereof to the fax machines which are the last-known fax numbers for the parties' and/or attorneys' offices, on the date set forth below.

DATED March 13, 2019.

*s/ Kristin M. Asai*
Kristin M. Asai

**HOLLAND & KNIGHT LLP**
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300

CERTIFICATE OF SERVICE – PAGE 1