UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UGOCHUKWU GOODLUCK NWAUZOR and FERNANDO AGUIRRE-URBINA, individually and on behalf of those similarly situated,

Plaintiffs,

v.

THE GEO GROUP, INC., a Florida corporation,

Defendant.

CASE NO. 3:17-cv-05769-RJB

ORDER ON MOTIONS FOR A PROTECTIVE ORDER

THIS MATTER comes before the Court on the Plaintiffs' Motion for a Protective Order (Dkt. 148) and The GEO Group, Inc.'s ("GEO") Motion for a Protective Order (Dkt. 155). The Court has reviewed the pleadings filed regarding the motion and the remaining file.

On February 5, 2019, the Court approved the parties' proposed Long Form Class Notice by order. Dkt. 142. That order provided, in part:

> Creating the Publication Class Notices contemplated by the Notice Plan will require certain information about the Class Members. Defendant has informed Plaintiffs that certain of the information that Plaintiffs have requested be included must be obtained from ICE, and further that the production of the Class List is subject to government approval of the parties' yet-to-be filed proposed protective order. If the approval from the appropriate government authorities as to the protective order is not received by February 8, 2019, the parties will meet and confer and contact the Court as necessary.

Dkt. 142, at 2. The deadline for the parties to either file the proposed protective order or a status report was extended to March 22, 2019. Dkt. 143. Trial is set to begin September 3, 2019.

On March 7, 2019, the Plaintiffs filed the instant motion, indicating that the parties reached agreement on a proposed protective order, with the exception of two issues: (1) whether the protective order should include a provisions permitting the Plaintiffs to share protected information with the State of Washington in its case against GEO, *State of Washington v. The GEO Group, Inc.,* Western District of Washington case number 3:17-cv-5806 RJB, and (2) whether GEO's "heightened security measures for the storage and handling of protected material" should be included. Dkt. 148.

GEO moves for entry of its own proposed protective order, and opposes the Plaintiffs' motion by arguing that: (1) if shared with the State of Washington, the materials may be subject to a public disclosure request and may allow the state more extensive discovery than it would ordinarily be allowed, and (2) asserts that the United States Immigration and Customs Enforcement ("ICE") "requires that GEO's specified protections against unauthorized access be in place before it produces any 'Confidential' information." Dkt. 155.

In reply, the Plaintiffs argue that: (1) additional language in the "Exhibit A" of the protective order, entitled "Acknowledgment and Agreement to be Bound," could mirror the language in "Section 9" of the protective order entered in *State of Washington v. The GEO Group, Inc.,* Western District of Washington case number 3:17-cv-5806 RJB and would protect against public disclosure requests actually leading to disclosure of the materials; the cases are strikingly similar, considering the broad scope of discovery, information sharing is unlikely to lead to over disclosure with the State, and (2) Plaintiffs' counsel has already taken reasonable precautions to avoid misuse of disclosure of confidential information and GEO's proposals go

too far; additionally they point out that GEO has not provided a declaration from ICE or pointed to any regulation or procedure that would require these additional proposed safety measures. Dkt. 157.

**Standard on Motion for Protective Order**. Fed. R. Civ. P. 26 (c)(1) provides that the Court may grant a motion for protective order for good cause.

**Issue #1: Sharing Material with the State of Washington**. The Plaintiffs have shown good cause for entry of their version of the protective order regarding the sharing of confidential information with the State of Washington and it should be entered. The Ninth Circuit "strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation," *Foltz v. State Farm Mut. Aut. Ins. Co.,* 331 F.3d 1122 1131 (9th Cir. 2003), like the Plaintiffs and the State of Washington, who both have cases against GEO related to its policy of paying workers in the Voluntary Work Program $1-a-day. Considering the similarities in the two cases, and the overall wide scope of discovery generally, the State is unlikely to receive information to which it is not entitled.

Moreover, GEO's concerns regarding the possibility of a public disclosures request will be addressed by inclusion of the Plaintiffs' proposed language in Exhibit A. That language provides:

> Nothing in this Protective Order shall be construed to require the Civil Rights Unit of the Washington Attorney General's Office (hereinafter "CRU") to violate the terms of Washington's Public Records' Act, RCW 42.56, RCW 40.14, which governs preservation and destruction of government records, or any other statute, administrative rule, or court rule. If at any time the CRU receives a request pursuant to the Washington Public Records Act, RCW 42.56, that would compel disclosure of any documents or information designated in this action as "Confidential," the CRU shall give written notice and a copy of the request to the designating party, through its attorney of record, within five (5) business days of receiving the request or determining that the request calls for documents or information designated in this action as "Confidential." If the requesting party seeks to compel CRU to disclose the documents or information designated as

"Confidential" through a proceeding before a court or regulatory body, the CRU shall provide the designating party, through its attorney of record, with notice of the proceeding within five (5) business days of service of such proceeding. The CRU will not produce confidential information or documents subject to such a request unless either authorized by the designating party to do so, or if the designating party seeks judicial intervention within the time allotted for the CRU to respond to the request, ordered to do so by the court.

The Plaintiffs should be ordered to provide a clean copy of their entire proposed protective order, including this additional language, on or before March 22, 2019.

**Issue #2: Required Security Measures in Protective Order.** The Plaintiffs have shown good cause for their version of the protective order regarding the required security measures and so it should be entered. While GEO asserts that ICE will not cooperate unless those provisions are included, at this point, there is no evidence in the record to support this assertion. There is no basis for extra security in this case verses any other case. Counsel on both sides are expected to strictly adhere to the Rules of Professional Conduct regarding confidentiality.

**Decision on Motions for Protective Order**. The parties' have generally shown good cause for entry of a protective order. The Plaintiffs' version, with inclusion of the additional language referenced above regarding public disclosures, should be entered. GEO did not show good cause for the provisions in its' proposed protective order that vary from the Plaintiffs' version. Accordingly, the Plaintiffs' motion (Dkt. 148) should be **GRANTED** and GEO's motion (Dkt. 155) should be **DENIED**. The Plaintiffs should be ordered to provide a clean copy of their entire proposed protective order, including this additional language, on or before **March 22, 2019**.

**Other Matters**. The parties should file a status report regarding the status of the class list and required notices on or before **April 5, 2019.** The other deadlines in the case remain.

**IT IS SO ORDERED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 20th day of March, 2019.

ROBERT J. BRYAN
United States District Judge