The Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UGOCHUKWU GOODLUCK NWAUZOR, FERNANDO AGUIRRE-URBINA, individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE GEO GROUP, INC., a Florida corporation,<br><br>Defendant. | No. 17-cv-05769-RJB<br><br>**PLAINTIFFS' NOTICE REGARDING PROPOSED ORDER IN *STATE OF WASHINGTON V. THE GEO GROUP, INC.*** |

Plaintiffs respectfully submit this Notice on behalf of themselves and the certified class to provide their position regarding the Court's Proposed Order, ECF No. 306-1, in *State of Washington v. The GEO Group, Inc.*, No. C17-5806-RJB. Plaintiffs oppose dismissal of their action based on the Court's unsigned order without a prior opportunity to complete discovery. Briefing on summary judgment has not yet commenced in this action. *See* ECF No. 174 ("All other deadlines remain unchanged."). Discovery remains ongoing. Plaintiffs have not yet had the opportunity to present arguments in response to GEO's intergovernmental immunity defense, and the position of the United States. Consequently, issuing a dispositive ruling in this

PLTFS' NOTICE RE PROPOSED
ORDER IN STATE OF WASHINGTON
V. THE GEO GROUP, INC.
(17-cv-05769-RJB ) - 1

Law Office of R. Andrew Free
P.O. Box 90568
Nashville, TN 37209
(844) 321-3221x1 (615) 829-8969

action without affording Plaintiffs notice and an opportunity to be heard would be improper. *See* Fed. R. Civ. P. 56(f) ("*After giving notice and a reasonable time to respond*, the court may….") (emphasis added). *See also Albino v. Baca*, 747 F.3d 1162, 1176-77 (9th Cir. 2014) (quoting *Buckingham v. United States*, 998 F.2d 735, 742 (9th Cir. 1993) ("Reasonable notice implies adequate opportunity to develop the facts on which the litigant will depend to oppose summary judgment.")).

Upon completion of fact discovery in accordance with this Court's Scheduling Order, ECF No. 146, Plaintiffs will present the Court with additional evidence showing genuine disputes of material fact that foreclose summary judgment on the legal arguments made by GEO and the United States in *Washington v. GEO*. The evidence Plaintiffs anticipate obtaining and submitting in support of their opposition to summary judgment on the basis of intergovernmental immunity will demonstrate that the Statement of Interest of the United States contains *post hoc* rationalizations adopted in the course of litigation after significant lobbying by The GEO Group. This evidence will bear directly on the degree of deference the Court should show to the Statement of Interest in this matter and whether the factual and legal positions adopted at the eleventh hour by DOJ represent a complete and accurate view of the agency's position and are entitled to the presumption of regularity.

Among other evidence, Plaintiffs have already obtained roughly 4,000 pages of federal agency records documenting that GEO and ICE engaged in a "statement of interest initiative" that dates back at least two years, raising questions about why DOJ did not file a Statement of Interest until now, whether the government's position has shifted over that time, and whether there was a rational, relevant basis for the shift in the government's position. *See* Exhibit A,

Email from ICE Associate Legal Advisor, June 20, 2017, ICE Freedom of Information Act ("FOIA") Response 2018-ICLI-00052-3034-36; Ex. B, Email from ICE Associate Legal Advisor dated July 24, 2017, ICE FOIA Response 2018-ICLI-00052-5439; Ex. C, Email from ICE Associate Legal Advisor dated June 6, 2018, ICE FOIA Response 2018-ICLI-00052-2739; Ex. D, Email from ICE Associate Legal Advisor dated September 12, 2018, with attachments "Statements of Government Interest in Wash v. GEO et al. (1.24.18).pdf" and "VWP Factual Background (July 2018).docx", ICE FOIA Response 2018-ICLI-00052-3040.

Relatedly, ICE has repeatedly refused to grant GEO's requests for equitable adjustments to its detention contracts, including the NWDC contract, seeking as much as $20 million in additional payments from ICE to GEO for litigation costs the company incurred that are associated with this and related detainee labor cases. Ex. E, Letter from GEO Executive David Venturella to Acting ICE Director Thomas Homan dated February 14, 2018, ICE FOIA Response 2018-ICLI-00052-2751-55; Ex. F, Email from ICE Associate Legal Advisor dated July 23, 2018 with attachments, ICE FOIA Response 2018-ICLI-00052-6053-61; Ex. G, Letter from GEO CEO George Zoley to ICE Acting Deputy Director Peter Edge dated May 30, 2018, ICE FOIA Response 2018-ICLI-00052-3404; Ex. H, Letter from ICE Acting Deputy Director Peter Edge to GEO CEO George Zoley dated July 9, 2018, ICE FOIA Response 2018-ICLI-00052-6062.

The agency's rationale and legal basis for denying GEO's requests under federal contracting laws bears directly on DOJ's factual assertions regarding the NWDC, the identity of interest between GEO and the federal government, and the comparability of the VWP to the State of Washington's labor programs for civilly detained persons, as well as the amount of

deference, if any, the Court should afford DOJ and its claims concerning intergovernmental immunity.

In sum, evidence exists raising questions as to the procedural regularity, accuracy, and consistency of the representations in DOJ's Statement of Interest. Plaintiffs require additional time to follow that evidence where it leads and secure testimony from ICE about it. As the Supreme Court recently observed:

> We are presented, in other words, with an explanation for agency action that is incongruent with what the record reveals about the agency's priorities and decisionmaking process. . . . The reasoned explanation requirement of administrative law, after all, is meant to ensure that agencies offer genuine justifications for important decisions, reasons that can be scrutinized by courts and the interested public. Accepting contrived reasons would defeat the purpose of the enterprise.

*Department of Commerce v. New York*, --- U.S. ----, Case No. 18-966, Slip Op. at 33 (Jun. 27, 2019). *See also* Note, The Presumption of Regularity in Judicial Review of the Executive Branch, 131 Harv. L. Rev. 2431 (2018), *available at* https://harvardlawreview.org/2018/06/the-presumption-of-regularity-in-judicial-review-of-the-executive-branch/ (last visited Oct. 4, 2019).

Finally, this filing serves as notice of Plaintiffs' intent to seek leave to amend their complaint to include a claim of unjust enrichment. Plaintiffs have informed GEO of their intent to file such motion and will file it no later than October 18, 2019.

DATED this 4th day of October, 2019.

LAW OFFICE OF R. ANDREW FREE

/s/ R. Andrew Free_____
Counsel for Plaintiffs

PLTFS' NOTICE RE PROPOSED ORDER IN STATE OF WASHINGTON V. THE GEO GROUP, INC. (17-cv-05769-RJB ) - 4

Law Office of R. Andrew Free
P.O. Box 90568
Nashville, TN 37209
(844) 321-3221x1 (615) 829-8969

LAW OFFICE OF R. ANDREW FREE
P.O. Box 90568
Nashville, TN 37209
Tel: (844) 321-3221x1 ~ Fax: (615) 829-8959
Andrew@ImmigrantCivilRights.com

SCHROETER GOLDMARK & BENDER
Adam J. Berger, WSBA #20714
Lindsay L. Halm, WSBA #37141
Jamal N. Whitehead, WSBA #39818
810 Third Avenue, Suite 500
Seattle, WA 98104
Tel: (206) 622-8000 ~ Fax: (206) 682-2305
berger@sgb-law.com
halm@sgb-law.com
whitehead@sgb-law.com

SUNBIRD LAW, PLLC
Devin T. Theriot-Orr, WSBA #33995
1001 Fourth Avenue, Suite 3200
Seattle, WA 98154-1003
Tel: (206) 962-5052 ~ Fax: (206) 681-9663
devin@sunbird.law

MENTER IMMIGRATION LAW, PLLC
Meena Menter, WSBA #31870
8201 164th Ave NE, Suite 200
Redmond, WA 98052
Tel: (206) 419-7332
meena@meenamenter.com

*Class Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Devin T. Theriot-Orr<br>OPEN SKY LAW, PLLC<br>20415 – 72nd Avenue South, Suite 110<br>Kent, WA 98032<br>devin@opensky.law<br>*Attorney for Plaintiff* | R. Andrew Free<br>THE LAW OFFICE OF R. ANDREW FREE<br>PO Box 90568<br>Nashville, TN 37209<br>andrew@immigrantcivilrights.com<br>*Attorney for Plaintiff* |
| Meena Menter<br>MENTER IMMIGRATION LAW PLLC<br>8201 – 164th Avenue NE, Suite 200<br>Redmond, WA 98052<br>meena@meenamenter.com<br>*Attorney for Plaintiff* | Joan K. Mell<br>III BRANCHES LAW, PLLC<br>1019 Regents Boulevard, Suite 204<br>Fircrest, WA 98466<br>joan@3ebrancheslaw.com<br>*Attorney for Defendant* |
| Colin L. Barnacle<br>Ashley E. Calhoun<br>Christopher J. Eby<br>AKERMAN LLP<br>1900 Sixteenth Street, Suite 1700<br>Denver, CO 80202<br>colin.barnacle@akerman.com<br>ashley.calhoun@akerman.com<br>christopher.eby@akerman.com<br>*Attorneys for Defendant* | Christopher M. Lynch<br>US DEPARTMENT OF JUSTICE<br>Civil Division, Federal Programs Branch<br>1100 "L" Street NW<br>Washington, D.C. 20005<br>christopher.m.lynch@usdoj.gov<br>*Attorneys for Interested Party* |

DATED: October 4, 2019 at Nashville, Tennessee

/s/ R. Andrew Free
_____
R. Andrew Free

PLTFS' NOTICE RE PROPOSED ORDER IN STATE OF WASHINGTON V. THE GEO GROUP, INC. (17-cv-05769-RJB ) - 6

Law Office of R. Andrew Free
P.O. Box 90568
Nashville, TN 37209
(844) 321-3221x1 (615) 829-8969