UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UGOCHUKWU GOODLUCK NWAUZOR, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>THE GEO GROUP, INC.,<br><br>　　　　　Defendant. | CASE NO. C17-5769RJB<br><br>ORDER ON STATE'S MOTION FOR PROTECTIVE ORDER QUASHING SUBPOENAS FOR DEPOSITION |

This matter comes before the Court on the State of Washington's Motion for Protective Order Quashing Subpoenas for Deposition. Dkt. 195. The Court has considered the pleadings filed regarding the motion, the remaining file and the file in *Washington v. GEO Grp., Inc.*, Western District of Washington Case No. 17-5806 RJB, which is joined with this case for liability purposes.

For the reasons provided below, the non-party State of Washington's motion (Dkt. 195) should be denied, in part, and granted, in part.

**I.　　FACTS RELEVANT TO THE MOTION**

On September 26, 2017, the Plaintiffs filed this class action, alleging that the Defendant, The GEO Group, Inc. ("GEO"), failed to comply with the State of Washington's Minimum

ORDER ON STATE'S MOTION FOR PROTECTIVE ORDER QUASHING SUBPOENAS FOR DEPOSITION - 1

Wage Act ("MWA") regarding work performed by civil detainees at the Northwest Detention Center. Dkt. 1. On August 6, 2018, the undersigned certified a class in this case of "all civil immigration detainees who participated in the Voluntary Work Program [("VWP")]at the Northwest Detention Center from September 26, 2014 and the date of final judgment in this matter." Dkt. 114. The Northwest Detention Center is owned and operated by GEO. Dkt. 1. As is relevant here, in GEO's Answer to Plaintiffs' First Amended Complaint, GEO asserts that it "has immunity from this lawsuit" as one of its affirmative defenses. Dkt. 92.

On September 20, 2017, the State filed a case against GEO, maintaining that GEO failed to pay civil detainees participating in the VWP in accord with MWA. *Washington v. GEO Grp., Inc.,* Western District of Washington Case No. 17-5806 RJB, Dkt. 1. As one of its affirmative defenses in *Washington*, GEO maintains that it is entitled to intergovernmental immunity. *Washington v. GEO Grp., Inc.,* Western District of Washington Case No. 17-5806 RJB, *see e.g.*, Dkt. 162. In December of 2018, the Court denied GEO's motion for summary judgment on its defense of intergovernmental immunity (Dkt. 162) and denied its motion for reconsideration of the denial of the motion for summary judgment (Dkt. 165). *Washington v. GEO Grp., Inc.,* Western District of Washington Case No. 17-5806 RJB. Discovery in *Washington* continued.

On May 28, 2019, this class action case was consolidated with the State case, *Washington v. GEO Grp., Inc.,* Western District of Washington Case No. 17-5806 RJB, for liability purposes only. Dkts. 174 and 175. The Court ordered that the deadlines in the cases would remain unchanged: the discovery deadline in *Washington* was June 21, 2019 and the discovery deadline in this case, *Nwauzor,* was November 6, 2019 (later extended to November 22, 2019). *Id.*

ORDER ON STATE'S MOTION FOR PROTECTIVE ORDER QUASHING SUBPOENAS FOR DEPOSITION - 2

| | |
|---|---|
| 1 | As is relevant to this motion, GEO took three depositions during discovery in *Washington*: the State's Rule 30(b)(6) designees (from the Department of Labor and Industries ("L&I") and the Governor's Office) and the State's expert on unjust enrichment. Dkt. 196, at 2. |
| 4 | After the close of discovery in *Washington* and after giving the parties another opportunity to address the defense of intergovernmental immunity, on October 9, 2019, the Court reaffirmed its prior ruling and denied GEO's motion for summary judgment on that defense. *Washington v. GEO Grp., Inc.,* Western District of Washington Case No. 17-5806 RJB, Dkts. 306 and 322. On October 28, 2019, GEO's motion for reconsideration, or in the alternative, to reopen discovery and move for summary judgment, was denied in *Washington*. *Id.*, Dkt. 326. That order specially provided that "it appear[ed] inappropriate to reopen discovery and motion practice." *Id.* |
| 12 | On October 16, 2019, GEO issued five Fed. R. Civ. P. 45 subpoenas in *Nwauzor*, seeking testimony from L&I's Director, Joel Sacks; L&I's Deputy Director, Elizabeth Smith; L&I's Senior Program Manager, Lezlie Perrin; Washington Department of Health and Human Services ("DSHS") Assistant Secretary, Sean Murphy; and a Rule 30(b)(6) designee. Dkt. 196-1, at 1-20. The State objects to these subpoenas. Dkt. 196. |
| 17 | On October 21, 2019, the undersigned wrote the parties in both cases, setting an early pretrial conference in both *Washington v. GEO* and this case. Dkt. 193. The October 21, 2019 letter to the parties inadvertently stated that the cases "are not now joined for any purpose." Dkt. 193. These cases were joined by the May 28, 2019 Orders (Dkts. 174 and 175) and the letter to the parties was not intended, and did not, operate as an order dissolving the joinder. The Court apologizes for any confusion the letter caused. The May 28, 2019 Orders remain in full effect. The January 10, 2020 preliminary pretrial conference will be held as scheduled. |

ORDER ON STATE'S MOTION FOR PROTECTIVE ORDER QUASHING SUBPOENAS FOR DEPOSITION - 3

After meeting and conferring to attempt to resolve the State's objections to the five October 16, 2019 subpoenas, this motion followed. Dkt. 196.

The State now moves to quash all five subpoenas issued for *Nwauzor,* arguing that they are an improper attempt to reopen discovery in the State case, *Washington*. Dkt. 195. The State maintains that GEO is attempting to "retroactively correct strategic decisions it made" in the *Washington* case and to "circumvent the Court's scheduling orders." *Id.* The State maintains that the subject matters identified as topics for discussion include information regarding GEO's intergovernmental immunity defense. *Id.* The State points out that if permitted to conduct these subpoenas, they would operate as one-way discovery after the discovery cut-off in *Washington*. *Id.* The State maintains that GEO's subpoenas for L&I's Director Sacks and L&I's Deputy Director Smith should be quashed under the "Apex doctrine." *Id.* (See page 7). It moves to quash GEO's subpoena to L&I Senior Program Manager Perrin, arguing that GEO already deposed an L&I designee, that Ms. Perrin has no personal knowledge of the claims brought here, and so, her testimony is not relevant and disproportional to the needs of the case. *Id.* The State moves to quash GEO's subpoena of DSHS Assistant Secretary Murphy, asserting that GEO seeks irrelevant information and Mr. Murphy has no personal knowledge of GEO's practices at the Northwest Detention Center. *Id.* The State also argues that GEO's subpoena for an omnibus Rule 30(b)(6) subpoena should be quashed because all of the questions GEO seeks to ask were either asked or should/could have been asked of the Rule 30(b)(6) deponents in *Washington*. *Id.*

GEO responded and opposes the motion. Dkt. 197. It argues that the depositions are timely under the *Nwauzor* case schedule – discovery doesn't close in that case until November 22, 2019. *Id.* It argues that the State has failed to show that the depositions will cause a specific prejudice and maintains that the information it seeks is relevant. *Id.* GEO asserts that the State

has already prepared deponents in *Washington*, so the time to prepare for these depositions is reduced. *Id.* It argues that the Apex doctrine does not preclude the deposition of either L&I Director Sacks or L&I Deputy Director Smith. *Id.* GEO asserts that L&I Senior Program Manager Perrin's and DSHS Assistant Secretary Murphy's testimony is relevant so their depositions should be permitted to proceed. *Id.* It maintains that it seeks some different information in the Rule 30(b)(6) deposition then it did from the designees in *Washington*. *Id.* GEO argues that the Rule 30(b)(6) designees in *Washington* were "ill prepared to testify to the questions posed about civil detainees, and the subminimum wages paid to them." *Id.* It argues that all depositions should be permitted to proceed. *Id.*

The State replies and argues that GEO's subpoenas are clear attempts to re-open discovery against the State in *Washington*. Dkt. 203. The State points out that GEO does not dispute that it either obtained or should have obtained the discovery during the discovery period in *Washington*. *Id.* It argues that GEO fails to show that this discovery is relevant to the claims and defenses in this case, *Nwauzor,* and acknowledges that it seeks the depositions to supplement discovery in *Washington* that GEO believes was inaccurate or incomplete. *Id.* The State notes that the Court's October 21, 2019 letter did not vacate the prior orders consolidating the cases. *Id.* The State argues that it would be prejudiced by being forced to prepare five or more additional witnesses for deposition. *Id.* It argues that the depositions would result in one-way, burdensome, duplicative, and unduly cumulative discovery against the State. *Id.* The State asserts that the Apex doctrine prohibits depositions of L&I Director Sacks and L&I Deputy Director Smith. *Id.* It argues that GEO's proposed deposition of L&I Senior Program Manager Perrin would be irrelevant and disproportional to the needs of the case in light of her position and lack of knowledge. *Id.* The State maintains that the subpoena for DSHS Assistant Secretary

Murphy should be quashed because GEO agreed in writing to withdraw Mr. Murphy's deposition in *Washington* and the facts related to the Special Commitment Center, about which Mr. Murphy's testimony is sought, are undisputed. *Id.* The State asserts that its Rule 30(b)(6) designees in *Washington* were well prepared. *Id.* It argues that GEO's Rule 30(b)(6) subpoena in this case is unduly duplicative and burdensome. *Id.*

## II. DISCUSSION

### A. DISCOVERY GENERALLY

Fed. R. Civ. P. 26(b)(1) provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

The court should and ordinarily does interpret 'relevant' very broadly to mean matter that is relevant to anything that is or may become an issue in the litigation." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, n.12 (1978)(*quoting* 4 J. Moore, Federal Practice ¶ 26.56 [1], p. 26-131 n. 34 (2d ed. 1976)).

### B. STANDARD FOR QUASHING OR MODIFYING SUBPOENA AND STANDARD FOR PROTECTIVE ORDER

Under Rule 45(d)(3) "Quashing or Modifying a Subpoena, provides in part, "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv).

Pursuant to Fed. R. Civ. P. 26(c)(1), for good cause, the court may "issue an order to protect a party or person from . . . oppression, or undue burden or expense, including . . .

ORDER ON STATE'S MOTION FOR PROTECTIVE ORDER QUASHING SUBPOENAS FOR DEPOSITION - 6

forbidding the disclosure or discovery . . . [or] limiting the scope of disclosure or discovery."
Fed. R. Civ. P. 26(c)(1)(A) and (D). Under Rule 26(b)(2)(C),

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

The State's Motion to Quash (Dkt. 195) should be granted, in part, and denied, in part. The individual subpoenas will be considered in turn.

### 1. Subpoenas for L&I Director Sacks and L&I Deputy Director Smith

As a general rule, under the so-called Apex doctrine (sometimes also referred to as the Morgan doctrine), high-ranking government officials are not subject to deposition absent extraordinary circumstances. *U.S. v. Morgan*, 313 U.S. 409, 421-22 (1941); *Warren v. Washington*, No. C11-5686 BHS/KLS, 2012 WL 2190788, at *1-2 (W.D. Wash. 2012). The purpose of the Apex doctrine is to protect officials' decision-making process. *Id.*; *U.S. v. Sensient Colors, Inc.*, 649 F.Supp.2d 309, 316 (D.N.J. 2009). Without such protection, individuals might be discouraged from public service. *Id.*

Courts first determine whether the Apex doctrine should be extended to the particular high-ranking government official, and if so, the burden shifts to the opposing party to show extraordinary circumstances. *See United States v. Sensient Colors, Inc.*, 649 F.Supp.2d 309, 320 (D.N.J. 2009). To show extraordinary circumstances, the party seeking the deposition must show: (1) the official's testimony is necessary to obtain relevant information that is not available

from another source; (2) the official has first-hand information that cannot reasonably be obtained from other sources; (3) the testimony is essential to the case at hand; (4) the deposition would not significantly interfere with the ability of the official to perform his government duties; and (5) the evidence sought is not available through less burdensome means or alternative sources. *Warren*, at *2 (*citations omitted*). Stated differently, the extraordinary circumstances test may be met when high-ranking officials "have direct personal factual information pertaining to material issues in an action," and the "the information to be gained is not available through any other sources." *Boga v. City of Boston*, 489 F.3d 417, 423 (1st Cir. 2007).

The State's motion to quash the subpoenas for L&I Director Joel Sacks and L&I Deputy Director Elizabeth Smith should granted. Both are high-ranking government officials who are not subject to deposition absent extraordinary circumstances. *See Warren* at 2 (finding prison superintendent a high-ranking official for purposes of Apex doctrine); *Sensient Colors, Inc.*, at 321 (D.N.J. 2009)(finding Regional Administrator for the U.S. Environmental Protection Agency high-ranking governmental official); *Coleman v. Schwarzenegger*, 2008 WL 4300437, *4 (E.D.Cal. Sept. 15, 2008) (finding Chief of Staff to California Governor a high-ranking government official); *Toussie v. County of Suffolk*, 2006 WL 1982687, *1 (E.D.N.Y. July 13, 2006) (finding county executive a high-ranking government official).

GEO has failed to demonstrate that extraordinary circumstances exist here. GEO has failed to show that their testimony is necessary to obtain relevant first-hand information and that the information is not available from other sources. *Warren*, at *2 (*citations omitted*). GEO has not shown that the testimony is essential to this case – *Nwauzor* - or that their depositions would not significantly interfere with their ability to perform their government duties. *Id.* GEO makes no showing that the evidence sought is not available through less burdensome means or

alternative sources.  *Id.*  The subpoenas for L&I Director Joel Sacks and L&I Deputy Director Elizabeth Smith should be quashed.

### 2. Subpoena for L&I Senior Program Manager Lezlie Perrin

The State's motion to quash L&I Senior Program Manager Perrin's deposition (Dkt. 195) should be denied.  While GEO has already deposed L&I in *Washington* and Ms. Perrin's testimony may not be admissible or directly relevant to the claims and defenses in this case, it may be tangentially relevant information.  *See* Fed. R. Civ. P. 26(b)(1)("[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable").  GEO asserts that it "has immunity from this lawsuit" as one of its affirmative defenses in this case.  Dkt. 92.  Whether an immunity defense will be available against the private Plaintiffs in this class action case is unclear.  While the showing on her testimony's proportionality relative to the needs of the case is thin, it is sufficient "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  *Id.*  The subpoena should not be quashed.

### 3. Subpoena for DSHS Assistant Secretary Sean Murphy

The State's motion to quash DSHS Assistant Secretary Murphy's deposition (Dkt. 195) should be denied.  Like Ms. Perrin, Mr. Murphy's testimony may be tangentially relevant.  GEO has also made the showing (while also thin) that his testimony is proportional to the needs of the case "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  *See* Fed. R. Civ. P. 26(b)(1).  The subpoena should not be quashed.

ORDER ON STATE'S MOTION FOR PROTECTIVE ORDER QUASHING SUBPOENAS FOR DEPOSITION - 9

4. <u>Subpoena for Rule 30(b)(6) Designee</u>

Under Fed. R. Civ. P. 30(b)(6), in a subpoena, "a party may name as the deponent a . . . governmental agency . . . and must describe with reasonable particularity the matters for examination."

The State's motion to quash the subpoena for the Rule 30(b)(6) deposition should be granted, in part, and denied, in part. GEO's subpoena for a Rule 30(b)(6) designee identified 19 areas for examination. Dkt. 196-1, at 18-20. Many of the areas of proposed examination were already explored in the Rule 30(b)(6) depositions in *Washington*. Those areas of examination in this subpoena are unreasonably cumulative and duplicative and are unduly burdensome. Pursuant to Fed. R. Civ. P. 26(c)(1), the subpoena's "scope of disclosure or discovery" should be limited to exclude all areas discussed in the prior Rule 30(b)(6) depositions. The areas of examination that have not been discussed may be explored.

**C. TIME LIMITS**

The parties should make every effort to be concise in the depositions which will occur. Due to the potential for the depositions being unduly burdensome, unreasonably cumulative and duplicative, pursuant to Fed. R. Civ. P. 26(c)(1), they should be limited to three and one-half hours each.

**III. ORDER**

It is **ORDERED** that:

- State of Washington's Motion for Protective Order Quashing Subpoenas for Deposition (Dkt. 195) **IS:**

- **GRANTED, IN PART:** the subpoenas issued for Joel Sacks and Elizabeth Smith, and all areas of examination of the subpoena for the Fed. R. Civ. P. 30(b)(6) designee that were

touched on in the prior Fed. R. Civ. P. 30(b)(6) depositions in *Washington,* **ARE QUASHED**; and

- **DENIED, IN PART**: the subpoenas issued for Lezlie Perrin and Sean Murphy, and the remainder of the subpoena for the Rule 30(b)(6) designee **ARE NOT QUASHED;** these depositions **ARE LIMITED** to three and one-half hours each.

The Clerk is directed to send copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 14th day of November, 2019.

ROBERT J. BRYAN
United States District Judge

ORDER ON STATE'S MOTION FOR PROTECTIVE ORDER QUASHING SUBPOENAS FOR DEPOSITION - 11