The Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UGOCHUKWU GOODLUCK NWAUZOR, FERNANDO AGUIRRE-URBINA, individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE GEO GROUP, INC., a Florida corporation,<br><br>Defendant. | No. 3:17-cv-05769-RJB<br><br>**PLAINTIFFS' MOTION TO AMEND NOTICE PLAN**<br><br>NOTE ON MOTION CALENDAR:<br>DECEMBER 27, 2019 |

## I.  INTRODUCTION

The Court previously approved Plaintiffs' preliminary notice plan, which proposed direct mail to class members in the United States and notice by publication abroad. Dkt. No. 138. The Court's Order did not impose a deadline for accomplishing notice because, at the time, Defendant The GEO Group, Inc. had not yet produced a complete class list and professed difficulty in doing so. Since then, GEO has identified all class members, but the sufficiency and accuracy of the contact information produced for many class members is untrustworthy. The parties have worked together cooperatively to gather complete class data, but reliable information cannot be found making two things clear: given the sheer volume of

PLAINTIFFS' MOTION TO AMEND
NOTICE PLAN (3:17-cv-05769-RJB) – 1

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

duplicate and bad addresses, a direct notice campaign is unduly expensive and unlikely to reach the majority of the class members.

For this reason, Plaintiffs move to supplement and amend the previous notice plan, eliminating the direct mail component. Despite acknowledging that "some of the addresses are now outdated or unreliable," GEO does not join in Plaintiffs' motion. But when faced with the identical circumstances in *Menocal et al., v. The GEO Group*—a separate class action against GEO concerning its Colorado immigration detention facility—the company did *not* oppose the plaintiffs' motion seeking to forgo a direct mail campaign, which the trial court granted.

Because the time before trial is growing short, Plaintiffs expect to execute the revised notice plan, if approved, within 14 days of entry of an order on this motion.

## II. FACTUAL BACKGROUND

### A. Procedural Background.

The Court certified this matter as a class action on August 6, 2018, Dkt. No. 114, and approved Plaintiffs' preliminary notice plan on January 9, 2019. Dkt. No. 138. At the time, GEO represented that it could not produce class list information (*i.e.*, identity and contact information for all class members) without U.S. Immigration and Customs Enforcement ("ICE") approval. *Id.* at 4. The plan contemplated the use of a Third-Party Notice Administrator, including the direct mail and publication components. *Id.* at 4-6.

But GEO did not produce class list information until April 12 and April 29, 2019. *See* Dkt. No. 166. GEO's second production came in the form of confidential Excel spreadsheet featuring the name, "Inmate Id," Alien Number, and address information for each class member. The spreadsheet identified approximately 9,131 class members, but over 46,000 rows

PLAINTIFFS' MOTION TO AMEND
NOTICE PLAN (3:17-cv-05769-RJB) – 2

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

of address information. Whitehead Decl., ¶ 4. This meant that virtually all class members had multiple addresses: *hundreds* of class members carried more than *five* addresses while some had as many as 20 addresses listed. *Id*. Others had no address information at all. *Id*. For the majority of the class with multiple addresses, there was no indication which address was the most recent or correct forwarding address. *Id*.

The parties have met and conferred several times in an effort to supplement or "de-duplicate" the class list. *Id*. at ¶ 6. GEO initially directed Plaintiffs to contact ICE—the apparent source of the list—to determine the last, best address for each class member, but the agency could provide no definitive answers. *Id*. Plaintiffs also retained a data scientist as a consulting expert to analyze and cull the list, but his efforts have been limited by the quality of the data available. *Id*. at ¶ 7. The parties conferred again on November 19, and GEO confirmed that there were no further avenues to obtain additional contact information. *Id*. at ¶ 6. GEO acknowledged in a later email that "some of the addresses are now outdated or unreliable." *Id.*

**B.   Given the Imperfect Class List, Mailed Notice Is Ineffective and Unduly Expensive.**

Plaintiffs have contacted three third-party administrators about executing the notice plan, and received estimates ranging from about $20,000 to nearly $900,000. *Id.* at ¶ 9. The quotes for conducting a domestic direct mail campaign, as contemplated by the original notice plan, have ranged from approximately $8,000 to $15,000. *Id*. But these figures contemplate service on a single address, and because the class list contains an average of about 5.1 addresses for each class member, these estimates are likely to double or triple or more if Plaintiffs attempt to serve notice on all of the domestic addresses listed for each class member. *Id*.

PLAINTIFFS' MOTION TO AMEND
NOTICE PLAN (3:17-cv-05769-RJB) – 3

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

Moreover, unlike in many class actions, the dataset lacks Social Security numbers or other unique identifiers that could assist in tracing a change of address. *Id.* at ¶ 5. And many class members have common surnames, further complicating the task of sorting through the data. *Id*. It would take considerable effort and expense to ascertain which of those addresses are viable, making mailed notice within the U.S. impractical. *Id*.

Finally, a substantial number of class members are believed to be in ICE and/or GEO custody. *Id.* at ¶ 8. GEO recently confirmed that 150 class members are still in its custody, which augurs against mailing them notice. *Id.* at ¶ 8. Therefore, Plaintiffs propose distributing notice in the form of Exhibit 1 to the supporting declaration of Jamal Whitehead. As part of the publication process, Plaintiffs propose posting this form in areas of the Northwest Detention Center and other GEO facilities where class members are known to congregate. *Id.* at ¶ 10.

### III.   ARGUMENT

**A.   Legal Standard.**

Class notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950). Far from requiring perfection, notice exists "within the limits of practicability … [and] as is reasonably calculated to reach interested parties." *Id.* at 318. The "best notice practicable," rather than "actual notice," is the proper standard for providing notice to absent class members. *Silber v. Mabon*, 18 F.3d 1449, 1453-54 (9th Cir. 1994).

Class notice must also satisfy Federal Rule of Civil Procedure Rule 23(c)(2)(B), which provides that notice must clearly and concisely state in plain, easily understood language: 1)

PLAINTIFFS' MOTION TO AMEND
NOTICE PLAN (3:17-cv-05769-RJB) – 4

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

the nature of the action; 2) the definition of the certified class; 3) the class claims, issues, or defenses; 4) the right to make an appearance through an attorney; 5) the right to be excluded from the class; 6) the time and manner for opting out; 7) the binding effect of a class judgment.

Consistent with the trends of courts and society to rely on electronic communication rather than traditional first-class mail, Rule 23(c)(2)(B) was recently amended to specify that notice may be had through "electronic means" alone.

### B. Publication Notice is the Best Notice Practicable Under the Circumstances.

Plaintiffs propose altering the approved notice plan to eliminate the direct mail component, relying instead on notice by publication. A notice plan that omits mailed notice in favor of publication may still provide the "best notice practicable under the circumstances." *See Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 593 (1997) (quoting Fed. R. Civ. P. 23(b)(3)). Under these circumstances, the question becomes "whether the class as a whole had notice adequate to flush out whatever objections might reasonably be raised" to the class action, not whether *all* individuals received adequate notice. *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir.1993).

Courts have approved class notice even if it cannot be mailed directly to class members. *See, e.g., DeJulius v. New England Health Care Employees Pension Fund*, 429 F.3d 935, 946 (10th Cir. 2005) (upholding notice plan even though notice was sent to brokerage houses and not directly to class); *Cohorst v. BRE Prop., Inc.,* 2011 WL 7061923, *6 (S.D. Cal. 2011) ("[T]he cost of locating unreliable mailing addresses from telephone numbers would be patently unreasonable in light of the limited benefit this gargantuan task would provide."). Indeed, in *Menocal et al. v. The GEO Group, Inc.,* another case challenging GEO's detainee work programs, the court approved a notice plan without direct mail,

PLAINTIFFS' MOTION TO AMEND
NOTICE PLAN (3:17-cv-05769-RJB) – 5

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

holding, "Plaintiffs' plan to limit notice in this case to publication notice, without a mailed component, is the best notice practicable under the circumstances and is approved." 14-cv-02287-JLK-MEH (D. Colo. June 20, 2019).

Here, publication notice is the best practical plan because even after substantial effort, the parties have had limited success in identifying correct address information for the class members. The majority of the class has multiple addresses while others have no or incomplete address information. Thus, notice by mail would require mailing multiple notices to addresses that are assuredly incorrect with no guarantee that notice will be received. Instead, Plaintiffs' robust publication notice plan is "best notice practicable under the circumstances," and satisfies absent class members' due process rights. *See Amchem*, 521 U.S. at 593; *cf. Torrisi*, 8 F.3d at 1375 ("If an individual shareholder later claims he did not receive adequate notice and therefore should not be bound by the settlement, he can litigate that issue on an individual basis when the settlement is raised as a bar to a lawsuit he has brought.").

The planned digital campaign is expected to reach 15 million impressions[1] over a four week period through targeted banner ads on Facebook.com and Google Display Networks in the United States, Mexico, El Salvador, Guatemala, and Honduras. Whitehead Decl., ¶ 11. And twice daily radio ads in Mexico City, Guadalajara, El Salvador, Guatemala, and Honduras over the course of two weeks will further the reach of the publication campaign. Plaintiffs will also disseminate notice through earned media channels (e.g., press releases) in the United

---

[1] "Impressions" are the total number of opportunities to be exposed to a media vehicle or combination of media vehicles containing a notice. Impressions are a gross or cumulative number that may include the same person more than once. As a result, impressions can and often do exceed the population size.

PLAINTIFFS' MOTION TO AMEND
NOTICE PLAN (3:17-cv-05769-RJB) – 6

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

States, Mexico, El Salvador, Guatemala, Honduras, and India. *Id*.

This is the best practical notice under the circumstances and will reach a substantial portion of the class and at a rate far surpassing direct mail given the incorrect and untrustworthy addresses GEO has provided.

### C. In the Alternative, to the Extent that the Court Requires a Direct Mail Campaign, GEO Should Bear the Cost of Notice.

The default rule is that the party seeking to certify a class (typically the plaintiff) must pay for notice of class certification, but there are times when courts shift these costs to defendants. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350 (1978) (stating that "the district court has some discretion" to shift notice costs). Because GEO has failed to produce a class list identifying for each class member sufficient contact information as the court previously ordered, Dkt. No. 166, it should bear the cost of mailing notice to addresses known or likely to be untrustworthy if the Court requires notice by means of direct mail. *See e.g., Mexican Workers v. Ariz. Citrus Growers,* 641 F. Supp. 259, 264 (D. Ariz. 1986) (ordering defendants to bear the cost of notice and locating class members based on "defendants' intentional failure to properly maintain records" and "because there may be substantial costs involved in locating class members whose whereabouts are unknown[.]").

### IV. CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that the Court modify the Notice Plan to eliminate the mailed component of the notice campaign.

DATED this 12th day of December, 2019.

PLAINTIFFS' MOTION TO AMEND
NOTICE PLAN (3:17-cv-05769-RJB) – 7

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

|  |  |
|---|---|
| 1 | SCHROETER GOLDMARK & BENDER |
| 2 | *s/ Jamal N. Whitehead* |
|  | Adam J. Berger, WSBA #20714 |
| 3 | Lindsay L. Halm, WSBA #37141 |
|  | Jamal N. Whitehead, WSBA #39818 |
| 4 | Rebecca J. Roe, WSBA #7560 |
|  | 810 Third Avenue, Suite 500 |
| 5 | Seattle, WA 98104 |
|  | Tel: (206) 622-8000 |
| 6 | berger@sgb-law.com |
|  | halm@sgb-law.com |
| 7 | whitehead@sgb-law.com |
| 8 | THE LAW OFFICE OF |
|  | R. ANDREW FREE |
| 9 | R. Andrew Free (*Pro Hac Vice*) |
|  | P.O. Box 90568 |
| 10 | Nashville, TN 37209 |
|  | Tel: (844) 321-3221 |
| 11 | andrew@immigrantcivilrights.com |
| 12 | OPEN SKY LAW, PLLC |
|  | Devin T. Theriot-Orr, WSBA # 33995 |
| 13 | 20415 – 72nd Avenue S, Suite 110 |
|  | Kent, WA 98032 |
| 14 | Tel: (206) 962-5052 |
|  | devin@opensky.law |
| 15 |  |
|  | MENTER IMMIGRATION LAW, PLLC |
| 16 | Meena Menter, WSBA # 31870 |
|  | 8201 – 164th Avenue NE, Suite 200 |
| 17 | Redmond, WA 98052 |
|  | Tel: (206) 419-7332 |
| 18 | meena@meenamenter.com |
| 19 | *Class Counsel* |

PLAINTIFFS' MOTION TO AMEND
NOTICE PLAN (3:17-cv-05769-RJB) – 8

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

**CERTIFICATE OF SERVICE**

I hereby certify that on December 12, 2019, I electronically filed the foregoing, together with its supporting pleadings and attachments thereto, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Devin T. Theriot-Orr<br>OPEN SKY LAW, PLLC<br>20415 – 72nd Avenue South, Suite 110<br>Kent, WA 98032<br>devin@opensky.law<br>*Attorney for Plaintiff* | R. Andrew Free<br>THE LAW OFFICE OF R. ANDREW FREE<br>PO Box 90568<br>Nashville, TN 37209<br>andrew@immigrantcivilrights.com<br>*Attorney for Plaintiff* |
| Meena Menter<br>MENTER IMMIGRATION LAW PLLC<br>8201 – 164th Avenue NE, Suite 200<br>Redmond, WA 98052<br>meena@meenamenter.com<br>*Attorney for Plaintiff* | Joan K. Mell<br>III BRANCHES LAW, PLLC<br>1019 Regents Boulevard, Suite 204<br>Fircrest, WA 98466<br>joan@3ebrancheslaw.com<br>*Attorney for Defendant* |
| Colin L. Barnacle<br>Ashley E. Calhoun<br>Christopher J. Eby<br>Adrienne Scheffey<br>Allison N. Angel<br>AKERMAN LLP<br>1900 Sixteenth Street, Suite 1700<br>Denver, CO 80202<br>colin.barnacle@akerman.com<br>ashley.calhoun@akerman.com<br>christopher.eby@akerman.com<br>allison.angel@akerman.com<br>adrienne.scheffey@akerman.com<br>*Attorneys for Defendant* | Christopher M. Lynch<br>US DEPARTMENT OF JUSTICE<br>Civil Division, Federal Programs Branch<br>1100 "L" Street NW<br>Washington, D.C. 20005<br>christopher.m.lynch@usdoj.gov<br>*Attorneys for Interested Party* |

DATED at Seattle, Washington this 12th day of December, 2019.

*s/ Sheila Cronan*
SHEILA CRONAN, Paralegal
Schroeter Goldmark & Bender
810 Third Avenue, Suite 500
Seattle, WA 98104
Tel: (206) 622-8000
cronan@sgb-law.com

PLAINTIFFS' MOTION TO AMEND
NOTICE PLAN (3:17-cv-05769-RJB) – 9

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305