The Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UGOCHUKWU GOODLUCK
NWAUZOR, FERNANDO AGUIRRE-
URBINA, individually and on behalf of all
those similarly situated,

                              Plaintiffs,

        v.

THE GEO GROUP, INC., a Florida
corporation,

                              Defendant.

No.  3:17-cv-05769-RJB

**REPLY IN SUPPORT OF
PLAINTIFFS' MOTION TO
AMEND NOTICE PLAN**

NOTE ON MOTION CALENDAR:
DECEMBER 27, 2019

## I.      INTRODUCTION

        Through its latest counsel (Akerman LLP), GEO makes claims in its opposition that

are at odds with the record in the case, the company's previous actions, and the history of

dealing between the parties. For instance, GEO contends that Plaintiffs did not seek address

information for class members until after the initial notice plan was submitted, but emails

between Plaintiffs and GEO's previous counsel (Greenburg Traurig LLP) reveal that Plaintiffs

sought this information months beforehand and that GEO resisted production, acquiescing only

when Plaintiffs requested judicial relief and when ordered by the Court. Within two days of

receiving GEO's supplemental class list with address information, Plaintiffs contacted GEO's

REPLY IN SUPPORT OF PLTFS.' MOT.
TO AMEND NOTICE PLAN (3:17-cv-
05769-RJB) – 1

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA  98104
Phone (206) 622-8000 • Fax (206) 682-2305

then-current attorneys (Holland & Knight LLP) about the problem presently before the Court: the majority of the address information GEO produced is useless.

GEO does not seriously contest this last fact, arguing instead a version of, "it is, what it is," when confronted with the reality that each class member has five different addresses on average. Or how, setting the average aside, some class members have as many as 20 addresses or no address at all. Under these circumstances, mailing notice to addresses that are dubious at best is unduly expensive and not likely to achieve actual notice.

GEO has already acknowledged as much in *Menocal et al. v. The GEO Group* where the parties were faced with the same issue—bad addresses—and GEO did not oppose forgoing direct mail. GEO makes no attempt to reconcile its divergent positions.

As for GEO's objections to the proposed publication notice, they are easily addressed with a few line edits which Plaintiffs welcome.

## II.   REPLY TO GEO'S STATEMENT OF FACTS

GEO presents an abridged version of the "procedural history," arguing that Plaintiffs did not request class member address information until April 2019. But the parties had discussed the need for a complete class list with "last known addresses" as early as December 2018. 2nd Whitehead Decl., Ex. 2 at 14.[1] The parties discussed the need for addresses into the following month, and Plaintiffs included a provision within an earlier draft of the plan presented to GEO's counsel requiring GEO to produce last known home addresses, countries

---

[1] Local Civil Rule 7(b)(3) contemplates filing "supporting material" with reply briefs, so Plaintiffs have done so here. The materials presented—emails attached to the accompanying second declaration of counsel—evidence the conversations reflected in counsel's first declaration and contextualize the misstatements in GEO's opposition. In this way, the materials do not run afoul of the general rule that new evidence should not be submitted in a reply brief. Exhibit 1 is attached to the first declaration of Jamal Whitehead.

REPLY IN SUPPORT OF PLTFS.' MOT. TO AMEND NOTICE PLAN (3:17-cv-05769-RJB) – 2

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

of citizenship, home country, detention status, and alien numbers. Ex. 2 at 7. GEO, through its then-counsel (Greenberg Trauig), deleted this proposal, not because the information did not exist, but because, GEO claimed, the information was in ICE's custody. *Id.* Plaintiffs presented a preliminary notice plan to the Court acknowledging that additional information was needed from GEO to refine the plan further. Dkt. No. 137. GEO's counsel signed off on the plan. Dkt. No. 137 at 7; Ex. 2 at 2.

The Court requested an update about the status of the class list, Dkt. No. 163, and the parties submitted a joint status report, in which Plaintiffs requested that the Court set a deadline for GEO to produce a class list including: "(1) address prior to detention, (2) forwarding address at the time of release, (3) telephone number, (4) email address, and (5) alien registration number or 'A-number.'" Dkt. No. 165 at 2. The Court granted the relief requested ordering production on April 12 and April 29, 2019, with the latter production to include class member contact information. Dkt. No. 166. Before production, GEO did not express concern to the Court or Plaintiffs about missing or incorrect address information. 2nd Whitehead Decl., ¶ 3.

Two days after receiving the class list with address information, Plaintiffs contacted GEO's new counsel (Holland & Knight) about problems with the addresses provided. Ex. 3. Over the next few months, Plaintiffs worked cooperatively with GEO's then- counsel to refine the list, but they had no better information. *See* Ex. 4, Ex. 5. The parties agreed that GEO would confirm at least who was still in custody before Plaintiffs sought to modify the notice plan. *Id.*, 2nd Whitehead Decl., ¶ 5.

But GEO switched counsel again (to Akerman), and through its new attorneys requested more time to confirm who was still in custody. Ex. 5; Ex. 6.; Ex. 7. In October, Plaintiff broached the subject of amending the notice plan in light of the deficiencies in the

REPLY IN SUPPORT OF PLTFS.' MOT.
TO AMEND NOTICE PLAN (3:17-cv-
05769-RJB) – 3

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

1  class list; GEO did not voice immediate opposition, but came to oppose within a matter of

2  weeks. Ex. 8; 2nd Whitehead Decl., ¶ 8.  When confronted with its conflicting position on the

3  same issue in *Menocal,* GEO offered no explanation. Ex. 9; Ex. 10.

4  ### III.   LEGAL ARGUMENT

5  #### A.   Direct mail is not practicable under the circumstances because the addresses are inaccurate, as acknowledged by GEO.

6  GEO argues that Plaintiffs should have known the "class members are 'transient.'"

7  True, this fact does not come as a surprise to Plaintiffs, which is why the preliminary notice

8  plan contemplated publication in addition to direct mail. But the fact that GEO (and ICE,

9  apparently) cannot state definitively where the immigration detainees in its charge went upon

10 release is almost beyond belief and hamstrings any direct mail campaign. GEO concedes that

11 the "list is not perfect," but argues this problem is overcome by the sheer volume of data it has

12 produced. It is the large number of bad or incomplete addresses, however, that has created the

13 problem. And contrary to GEO's claims, Plaintiffs did not request all or merely any address

14 information associated with the class members, but rather class members' "last known" or

15 "forwarding address" at the time of release. Dkt. No. 165 at 2. GEO is unable to identify the

16 last known or forwarding address, and instead has heaped a mountain of rotten data on

17 Plaintiffs.

18 GEO suggests that the number of addresses can be "easily narrowed" by filtering out

19 the foreign addresses, Opp. at 5:17, but this only demonstrates how little GEO understands

20 about the data it has produced. Indeed, *10,414* of the *46,308* address entries on GEO's class

21 list do not identify a specific country. 2nd Whitehead Decl., ¶ 11. Thus, there is no way even

22 to quickly cull the foreign addresses from the domestic ones, and GEO's suggestion of an

23

24

REPLY IN SUPPORT OF PLTFS.' MOT.
TO AMEND NOTICE PLAN (3:17-cv-
05769-RJB) – 4

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA  98104
Phone (206) 622-8000 • Fax (206) 682-2305

"initial step" falls flat. Under these circumstances, mailing notice would be screaming into the wind.

**B.     GEO does not argue that this case is distinguishable from *Menocal,* in which GEO did not dispute that a direct mail campaign was futile given the bad or inadequate addresses for class members.**

GEO takes care to distinguish the case law cited in Plaintiffs' motion about how direct mail notice is not always practicable, but GEO fails to address, much less distinguish this case from its direct analog—*Menocal et al. v. The GEO Group*—in which GEO did not challenge the futility of a direct mail campaign in light of the bad or incomplete class member addresses. *Menocal et al. v. The GEO Group, Inc.,* 14-cv-02287-JLK-MEH (D. Colo. June 20, 2019) ("Plaintiffs' plan to limit notice in this case to publication notice, without a mailed component, is the best notice practicable under the circumstances and is approved."). This is because this case and *Menocal* are indistinguishable on this issue, and the Court should not tolerate contradictory positions from GEO.

**C.     Publication notice is the best notice practicable under the circumstances, and beyond a few line edits, GEO does not take issue with Plaintiffs' digital and radio notice plan.**

GEO does not challenge the sufficiency of Plaintiffs' digital and radio notice plan. *See* Mot. at 6-7. Instead GEO takes aim at a few sentences on the margin of the plan. To start, GEO argues that posted notice within its facilities may cause confusion, but this problem is solved by a properly drafted notice apprising class members of their rights. Moreover, while GEO raises concerns about *whether* "ICE would permit such a posting," it stops short of saying that ICE *will* prohibit posting. This stands in sharp contrast to GEO's usual tact of representing to Plaintiffs and the Court what ICE will or won't do. Lastly on this point, GEO has identified only 150 class members that are still in custody, *see* Mot. at 4, and while Plaintiffs' plan

endeavors to contact as many class members as possible, "actual notice" of all members is not the applicable standard for providing notice to absent class members. *See Silber v. Mabon*, 18 F.3d 1449, 1453-54 (9th Cir. 1994).

Next, GEO offers several line edits to the proposed publication notice, arguing that the following information should be conveyed:

- informing class members that they can opt-out via mail, email, or fax;
- including a "disclaimer" that "The Court has not decided whether GEO did anything wrong. There is no money available now, and no guarantee there will be. However, your legal rights are affected, and you have a choice to make now";
- Reframing the explanation of the lawsuit to read, "This lawsuit is about whether GEO, as the owner and operator of the Northwest Detention Center, is an 'employer' and whether the Class Members are 'employees' under the Washington Minimum Wage Act. And if so, whether GEO violated the Act by failing to pay Class Members the minimum hourly wage under Washington law for work performed under the $1-a-day Program. GEO denies the allegations made in the lawsuit."

Opp. at 9-10.

GEO offers no other concerns about the sufficiency of the proposed notice, and Plaintiffs accept GEO's proposed changes, as listed above.

## IV.   CONCLUSION

For the foregoing reasons, and those stated in their motion, Plaintiffs respectfully request that the Court modify the Notice Plan to eliminate the mailed component of the notice campaign. To the extent the Court, requires direct mail, GEO should bear the cost of notice.

DATED this 27th day of December, 2019.

REPLY IN SUPPORT OF PLTFS.' MOT. TO AMEND NOTICE PLAN (3:17-cv-05769-RJB) – 6

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA  98104
Phone (206) 622-8000 • Fax (206) 682-2305

SCHROETER GOLDMARK & BENDER

*s/ Jamal N. Whitehead*
Adam J. Berger, WSBA #20714
Lindsay L. Halm, WSBA #37141
Jamal N. Whitehead, WSBA #39818
Rebecca J. Roe, WSBA #7560
810 Third Avenue, Suite 500
Seattle, WA 98104
Tel: (206) 622-8000
berger@sgb-law.com
halm@sgb-law.com
whitehead@sgb-law.com

THE LAW OFFICE OF
R. ANDREW FREE
R. Andrew Free (*Pro Hac Vice*)
P.O. Box 90568
Nashville, TN 37209
Tel: (844) 321-3221
andrew@immigrantcivilrights.com

OPEN SKY LAW, PLLC
Devin T. Theriot-Orr, WSBA # 33995
20415 – 72nd Avenue S, Suite 110
Kent, WA 98032
Tel: (206) 962-5052
devin@opensky.law

MENTER IMMIGRATION LAW, PLLC
Meena Menter, WSBA # 31870
8201 – 164th Avenue NE, Suite 200
Redmond, WA 98052
Tel: (206) 419-7332
meena@meenamenter.com

*Class Counsel*

REPLY IN SUPPORT OF PLTFS.' MOT.
TO AMEND NOTICE PLAN (3:17-cv-
05769-RJB) – 7

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

1

## CERTIFICATE OF SERVICE

2
          I hereby certify that on December 27, 2019, I electronically filed the foregoing, together
with its supporting pleadings and attachments thereto, with the Clerk of the Court using the
3   CM/ECF system, which will send notification of such filing to the following:

4   Devin T. Theriot-Orr                          R. Andrew Free
    OPEN SKY LAW, PLLC                            THE LAW OFFICE OF R. ANDREW FREE
5   20415 – 72nd Avenue South, Suite 110          PO Box 90568
    Kent, WA 98032                                Nashville, TN 37209
6   devin@opensky.law                             andrew@immigrantcivilrights.com
    *Attorney for Plaintiff*                      *Attorney for Plaintiff*
7
    Meena Menter                                  Joan K. Mell
8   MENTER IMMIGRATION LAW PLLC                   III BRANCHES LAW, PLLC
    8201 – 164th Avenue NE, Suite 200             1019 Regents Boulevard, Suite 204
9   Redmond, WA 98052                             Fircrest, WA 98466
    meena@meenamenter.com                         joan@3ebrancheslaw.com
10  *Attorney for Plaintiff*                      *Attorney for Defendant*

11  Colin L. Barnacle                             Christopher M. Lynch
    Ashley E. Calhoun                             US DEPARTMENT OF JUSTICE
12  Christopher J. Eby                            Civil Division, Federal Programs Branch
    Adrienne Scheffey                             1100 "L" Street NW
13  Allison N. Angel                              Washington, D.C.  20005
    AKERMAN LLP                                   christopher.m.lynch@usdoj.gov
14  1900 Sixteenth Street, Suite 1700            *Attorneys for Interested Party*
    Denver, CO 80202
15  colin.barnacle@akerman.com
    ashley.calhoun@akerman.com
16  christopher.eby@akerman.com
    allison.angel@akerman.com
17  adrienne.scheffey@akerman.com
    *Attorneys for Defendant*
18          DATED at Seattle, Washington this 27th day of December, 2019.

19                                                *s/ Sheila Cronan*
                                                  _____
20                                                SHEILA CRONAN, Paralegal
                                                  Schroeter Goldmark & Bender
21                                                810 Third Avenue, Suite 500
                                                  Seattle, WA  98104
22                                                Tel: (206) 622-8000
                                                  cronan@sgb-law.com

23

24
    REPLY IN SUPPORT OF PLTFS.' MOT.             SCHROETER GOLDMARK & BENDER
    TO AMEND NOTICE PLAN (3:17-cv-               500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
    05769-RJB) – 8                               Phone (206) 622-8000 ● Fax (206) 682-2305