The Honorable Robert J. Bryan

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| UGOCHUKWU GOODLUCK NWAUZOR, FERNANDO AGUIRRE-URBINA, individually and on behalf of all those similarly situated, | Case No.: 3:17-cv-05769-RJB |
| Plaintiffs/Counter-Defendants, | **DEFENDANT THE GEO GROUP, INC.'S MOTION TO EXCLUDE EXPERT TESTIMONY OF JEFFREY MUNSON** |
| v. | |
| THE GEO GROUP, INC., | **NOTE ON MOTION CALENDAR:** |
| Defendant/Counter-Claimant. | Date:  January 17, 2020 |

Pursuant to Local Rule 16(b)(4) and Federal Rule of Evidence 702, The GEO Group, Inc. ("GEO") respectfully submits its motion to exclude the expert testimony of Jeffrey Munson.

## INTRODUCTION

In support of their claim for damages, Plaintiffs submit an expert report of Mr. Jeffrey Munson, a Psychologist whose professional focus is research about autism, "serious mental illness", "hallucinations", and "pregnancy in primates." Declaration of Colin Barnacle, Ex. A Munson Dep. 9:1-6; 10:16-24 (hereinafter "Munson Dep."). Plaintiffs provide no justification for why an individual who is trained in Psychology, not mathematical calculations, is qualified to provide expert testimony in the area of damages. And, upon further inquiry at his deposition, Mr. Munson did not provide a suitable basis for his expertise. Put simply, Mr. Munson's background does not establish the requisite expertise to permit him to testify about damages calculations, employment law, or ICE detainee work programs. Moreover, even if his background were

**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  303-260-7712

sufficient, Mr. Munson did not rely upon any commonly accepted methods in reaching his ultimate opinions. *Id.* 20:7-10. Nor did he reach his opinions through reliable factual evidence, but instead, relied upon blind assumptions that were not supported by the documents he considered. *Id.* 43:22-25; 44:1-10. Accordingly, he cannot meet the standards for expert testimony required by Federal Rule of Evidence 702 and his testimony should be excluded.

## LAW

Expert testimony is governed by Federal Rule of Evidence 702, which states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Interpreting Rule 702, in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592 n.10 (1993), the Supreme Court held that in cases where the testimony of a party's expert is challenged, the district court must act as a "gatekeeper" and rule on the admissibility of the expert testimony and the qualification of expert witnesses. In *Kumho Tire*, the Supreme Court extended the *Daubert* and held that Rule 702 applies to all expert testimony, not just "scientific expert testimony." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999). Admissibility is established by satisfying the two-prong test introduced in *Daubert*: expert testimony must be both (1) reliable and (2) relevant to the case. *Id.*; *Daubert*, 509 U.S. at 592 n.10; *Estate of Barabin v. Asten Johnson, Inc.*, 740 F.3d 457, 463–64 (9th Cir. 2014); *Simmons v. Safeway, Inc.*, No. 18-5522 RJB, 2019 WL 2921013, at *1 (W.D. Wash. July 8, 2019) (Bryan, J.). The party seeking admission of expert testimony bears the burden of establishing its admissibility. *Daubert*, 509 U.S. at 592 n. 10.

## ARGUMENT

### A.    Mr. Munson's Testimony is Not Reliable.

In assessing whether an expert's testimony is admissible, Rule 702 serves as a guide. Under Rule 702, an expert's testimony is not reliable unless, "(1) the testimony is based upon

DEFENDANT THE GEO GROUP, INC.'S MOTION TO
EXCLUDE EXPERT TESTIMONY OF JEFFREY MUNSON
(3:17-CV-05769-RJB) – PAGE 2

51242568;3

AKERMAN LLP
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  303-260-7712

1   sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and

2   (3) the witness has applied the principles and methods reliably to the facts of the case." FRE

3   702. If the expert's testimony does not satisfy all three criteria, it should be excluded. Here, Mr.

4   Munson's testimony must be excluded because it is (1) based upon insufficient facts and data;

5   and (2) it is not the product of reliable principles and methods.

6           1.      **Mr. Munson's Psychology Background Does Not Provide a Reliable**
                    **Background For His Opinions.**
7

8           To begin, Mr. Munson seeks to provide testimony that wanders far afield from that which

9   is reasonably within the province of his qualifications. Mr. Munson is a Psychologist by trade,

10  who focuses on Behavioral Sciences. Declaration of Colin Barnacle, Ex. B, Munson Report at

11  13. Mr. Munson has a Ph. D from the University of Washington in Child Clinical Psychology,

12  the focus of which entailed "treatment and assessment of family's and children's mental health

13  issues." Munson Dep. 8:11-12. Since obtaining his degree, he has worked at the University of

14  Washington "[d]oing research. Studying autism primarily." *Id*. at 8:23-25; 9:1-6. He currently

15  focuses his research on "serious mental illness and hallucinations" and "pregnancy in primates."

16  *Id*. 10:16-24.

17          As part of his profession, he also manages data, related to psychological conditions, by

18  organizing it in a database. *Id*. 9:19-20. Mr. Munson has not "been involved in the direct data

19  collection for many years." *Id*. 13:23-25. He does not have any specific certificates, degrees, or

20  other qualifications in data analysis. *Id*. 14:5-13. In fact, he has not taken a course related to data

21  analysis since 1997. *Id*. 16:21. Beyond that, he is "largely self-taught" and has relied upon

22  "querying google many times to try to figure out different things" to form the basis of his so-

23  called expertise. *Id*.  17:8-9. Despite not continuing his formal education, Mr. Munson concedes

24  that "statistical methodology is always changing." *Id*. 17:17.

25          Nothing about this background provides any basis for his purported expertise in

26  economic damages related to alleged lost wages. To be sure, a lack of training in a specific field

27  provides a sufficient basis for a Court to disqualify an expert. *See Samuels v. Holland Am. Line-*

DEFENDANT THE GEO GROUP, INC.'S MOTION TO
EXCLUDE EXPERT TESTIMONY OF JEFFREY MUNSON
(3:17-CV-05769-RJB) – PAGE 3

51242568;3

**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  303-260-7712

1   *USA Inc.*, 656 F.3d 948, 953 (9th Cir.2011) (finding that a proffered travel industry expert was

2   not in the position to testify about the customs of the cruise line business specifically because he

3   never worked in the cruise industry); *Laux v. Mentor Worldwide, LLC*, 295 F. Supp. 3d 1094,

4   1098 (C.D. Cal. 2017), aff'd, 786 F. App'x 84 (9th Cir. 2019); *Neal-Lomax v. Las Vegas Metro.*

5   *Police Dep't*, 574 F. Supp. 2d 1193, 1200 (D. Nev. 2008), aff'd, 371 F. App'x 752 (9th Cir.

6   2010) ("Rhodes, as an electrical engineer, likely could not offer such an opinion that would

7   satisfy Nevada's rule requiring expert medical testimony as to causation."); *Radio Sys. Corp. v.*

8   *Lalor*, No. C10-828RSL, 2014 WL 4626298, at *2 (W.D. Wash. Sept. 12, 2014) (excluding a

9   witness who was well educated but lacked experience in the relevant field); *Kingsbury v. U.S.*

10  *Greenfiber*, LLC, No. CV 08-00151 DSF AGRX, 2013 WL 7018657, at *2 (C.D. Cal. Nov. 5,

11  2013) ("Even if Beardmore is generally aware of disclosure requirements with respect to the sale

12  of real estate, he has no basis to opine on disclosures relating to this particular insulation

13  product"). Thus, Mr. Munson's testimony should be excluded on this basis alone.

14          **2.      Mr. Munson's Opinion is Not the Product of Reliable Principles and**
                    **Methods.**
15

16          Insofar as the Court is inclined to decide that Mr. Munson's background provides a

17  sufficient basis for his testimony in this case, he did not apply reliable principles and methods.

18  *JMJ Enterprises, Inc. v. Via Veneto Italian Ice, Inc.*, No. CIV. A. 97-CV-0652, 1998 WL

19  175888, at *10 (E.D. Pa. Apr. 15, 1998), aff'd, 178 F.3d 1279 (3d Cir. 1999) ("[A]n expert must

20  be able to point to methods that he applied."). Mr. Munson himself conceded that he cannot

21  satisfy the second requirement of Rule 702:

22              Q· ·Do you have a standard methodology for approaching claims
                for back wages or missed meal breaks?
23
                A· ·No.· I implement assumptions provided by the attorneys I'm
24              working with relevant to the case at hand.

25          Munson Dep. 20:7-10. And, even giving Mr. Munson the benefit of all doubts (which

26  this Court need not do), the closest Mr. Munson comes to providing a basis for his expertise, is

27  his prior coursework and experience in "multivariant statistical techniques." *Id.* 14:13. The two

---

DEFENDANT THE GEO GROUP, INC.'S MOTION TO
EXCLUDE EXPERT TESTIMONY OF JEFFREY MUNSON
(3:17-CV-05769-RJB) – PAGE 4

51242568;3

techniques that Mr. Munson typically uses in his work are "linear mixed models" and "structural equation models." *Id.* 14:20; 15:15. Mr. Munson did not apply *either* of those techniques in this case. *Id.* 15:11-14. In fact, Mr. Munson made "no statistical inferences in [his] work in this case." *Id.* 15:15-16; 62:15-16 ("Q. So this analysis is not a statistical analysis? A. That's correct.").

Indeed, if Mr. Munson were to analyze data here, like in his typical work related to children with autism, he would obtain a sample and then generalize that sample to the broader population of all children with autism. *Id.* 16:1-11. Yet, here, he did not do so. He made no inference from a sample to a population. *Id.* That is to say, he did not request sample data for a certain subset of detainees and the number of hours they participated in the VWP—and then apply that to a larger population. Furthermore, in other cases where he has served as an expert, Mr. Munson admitted, he had "detailed information… so the level of detain—the information for that is very different than what I've done thus far for—in this GEO case." *Id.*. 25:8-11. Accordingly, because Mr. Munson's opinion consists of nothing more than the *ipse dixit* of Plaintiffs' counsel, it should be excluded.

### 3.     Mr. Munson's Opinions are Based Upon Insufficient Facts and Data.

In assessing whether an expert is qualified, this Court's role is to ensure that the expert "employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999). In general, the expert's opinion must be based on principles, techniques, or theories that are generally accepted in his or her profession and must reflect something more than subjective belief and/or unsupported speculation. *Daubert*, 509 U.S. at 590; *see also Gen. Elec. Co. v. Joiner*, 522 U.S. 136, (1997) ("Trained experts commonly extrapolate from existing data. But nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the ipse dixit of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered."). The failure to independently verify information

---

DEFENDANT THE GEO GROUP, INC.'S MOTION TO
EXCLUDE EXPERT TESTIMONY OF JEFFREY MUNSON
(3:17-CV-05769-RJB) – PAGE 5

51242568;3

1    that is readily available to an expert is grounds for exclusion. *JMJ Enterprises, Inc.*, 1998 WL

2    175888, at *10. "[E]xpert testimony that ignores existing data and is based on speculation is

3    inadmissible." *Id*. at *6.

4        In his deposition, Mr. Munson conceded that an "implicit part of [his] process, too, is to

5    examine the data." Munson Dep. 11:18-22. Thus, before interpreting data, he would "want to . . .

6    ensure its, you know, validity and accuracy." *Id*.  11:21-22. One thing, for example, that Mr.

7    Munson would typically do, is look "for patterns of missing information." *Id.* 12:7. Mr. Munson

8    did not perform any of these preliminary steps here, but rather relied entirely upon Exhibit 20 to

9    Ryan Kimble's 30(b)(6) deposition without considering the document's purpose or limitations.

10   *See* Declaration of Colin Barnacle, Ex. C, Kimble Dep.

11       Instead, Mr. Munson did not use any of the documents he reviewed to "determine

12   whether or not the information in Exhibit 20 was appropriate or not" *Id.* 40:1-9. Nor did he use

13   the documents he received, including Mr. Kimble's deposition, to understand what Exhibit 20

14   represented. Nor did he do the *basic* task of verifying that the math in Exhibit 20 was accurate,

15   despite his purported ability to perform "simple arithmetic" at an expert level. *Id.* 41:21-25;

16   64:12-13. Mr. Munson testified that his understanding of the document was that it represented

17   the average length of a workers shift. *Id.* 43:2-4. But, Ryan Kimble's deposition made clear that

18   the document represented the maximum number of volunteers that *could* participate at a time—

19   not the average number that actually *did* participate. Declaration of Colin Barnacle, Ex. C

20   Kimble Dep. 153:18-25. Despite stating in his report that he reviewed Mr. Kimble's deposition

21   in creating his report—he admitted at his deposition that he actually had not. Munson Dep.

22   43:16-18; 45:1-4. Nor did he verify whether the methods used to produce it were reliable, have

23   an understanding of the assumptions utilized to create the document, or even find out who

24   created the document. *Id.* 43:22-25; 44:1-10. And, despite using it across all years—2014 to

25   2018, Mr. Munson did not know what time period the document reflected. *Id.* 47:1-17. Nor did

26   he know what an entire column of Exhibit 20 represented, testifying he did not know if the

27   column listing different VWP positions represented different jobs. *Id.* 49:1-6. Despite not

DEFENDANT THE GEO GROUP, INC.'S MOTION TO
EXCLUDE EXPERT TESTIMONY OF JEFFREY MUNSON
(3:17-CV-05769-RJB) – PAGE 6

51242568;3

**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  303-260-7712

1  understanding an entire column of the only document upon which he relied, he made no effort to

2  figure out what the notations therein meant. *Id.* 49:7-9.

3  Indeed, he stated that his supposition that each individual worked an average of 1.72

4  hours per day was merely an "assumption." *Id.* 21:14-19. Because he merely relies upon

5  assumptions, the "opinions I—I offer kinda come with that—that built-in flexibility because I

6  have no opinion about the veracity of the assumption itself." *Id.* 26:16-18. He therefore made no

7  attempt to assess whether Exhibit 20 was reliable. *Id.* 75:24-25; 76:1-6.

8  Additionally, Mr. Munson made assumptions for months in which he did not have data

9  for, meaning that he assumed both the number of VWP participants in a given month *and* the

10  average number of hours each individual worked—relying upon only variables and no actual

11  data. *Id.* 60:23-25; 61:1-3. These assumptions were used for the period of time between March 1,

12  2018 and January, 2019. *Id.* 61:5-11. Mr. Munson provided no testimony or explanation in his

13  report about why the averages would be reliable or why his methodology of calculating averages

14  would be generally accepted by others in his field. Accordingly, his opinions are not admissible.

15  *Tyger Const. Co. Inc. v. Pensacola Const. Co.*, 29 F.3d 137, 142 (4th Cir. 1994) ("An expert's

16  opinion should be excluded when it is based on assumptions which are speculative and are not

17  supported by the record.").

18  Mr. Munson's failure to assess the validity or accuracy of the data undercuts the

19  reliability of his opinion. *Townsend v. Monster Beverage Corp.*, 303 F. Supp. 3d 1010, 1024

20  (C.D. Cal. 2018) (excluding expert testimony based upon unreliable assumptions). Mr. Munson

21  admitted that if there had been only two barbers working in the VWP, that would have changed

22  the number he used to calculate the lost wages in this case. Munson Dep. 50:17-20. And, had he

23  considered Mr. Kimble's testimony about how many barbers there could be at a given time, the

24  overall average of 1.72 would have dropped. *Id.* 51:19-25; 52:1-8. Indeed, Mr. Munson

25  explained that "if there were more people working in longer shift areas, the average would go

26  up.· If there's fewer people in the longer shifts or more people in the shorter shifts, the average

27  would go down." *Id.* 69:4-7. Mr. Munson did not consider any "information about what location

DEFENDANT THE GEO GROUP, INC.'S MOTION TO
EXCLUDE EXPERT TESTIMONY OF JEFFREY MUNSON
(3:17-CV-05769-RJB) – PAGE 7

51242568;3

**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  303-260-7712

[or position] an individual did work in." *Id.* 23:1-3.  There was no reason for Mr. Munson to rely upon inaccurate information. Indeed, he testified that a document, that was in Plaintiffs' possession well before his report was drafted, "appears to contain the specifics with regard to which person in which shift. And in that regard, there would be no estimate required . . ." 69:13-15. But, he was not provided that document to review in his report. *Id.* at 6. Therefore, his opinions are inadmissible because they are based upon an unreliable foundation. *Kingsbury v. U.S. Greenfiber, LLC*, No. CV 08-00151 DSF AGRX, 2013 WL 7018657, at *2 (C.D. Cal. Nov. 5, 2013) ("Nevin offers no support for this assumption; he does not even address this issue. His opinions as to Pulte's profits are therefore not based on a 'reliable foundation' and must be excluded."); *Tyger Const. Co. Inc.*, 29 F.3d at 145 ("This is particularly true, in a situation such as this, when an expert has apparently taken factual data from the specific project in dispute, and formulated estimates of damages. Without accurate factual support, the damages calculations were speculative and the district court abused its discretion in allowing McCoy's testimony").

### 4.    Mr. Munson's Opinion is Not Based Upon Specialized Knowledge.

At his deposition, Mr. Munson testified that his methods were "at the end of the day, just arithmetic … and multiplication." Munson Dep. 36:15-18. Indeed, he explained that the "mathematical operation is—is straightforward and simple. Anyone implementing these assumptions would use those mathematical operations." *Id.* 37:5-8; 63:2-10 ("here I'm simply adding . . ."). And, he did not require specialized knowledge to perform this arithmetic. *Id.* 37:15. Mr. Munson has no specialized background in mathematics. He is not an accountant, economist, or member of any other profession requiring financial expertise. Thus, his mathematical calculations are not based upon any specialized knowledge. Accordingly, they are not expert opinions under Rule 702. *United States v. Vallejo*, 237 F.3d 1008, 1019 (9th Cir. 2001) (holding that expert testimony is not helpful to a jury, and thus not relevant, when it addresses an issue that is within "the common knowledge of the average layman").

///

///

DEFENDANT THE GEO GROUP, INC.'S MOTION TO
EXCLUDE EXPERT TESTIMONY OF JEFFREY MUNSON
(3:17-CV-05769-RJB) – PAGE 8
51242568;3

**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  303-260-7712

**B.      Mr. Munson's Testimony Would Confuse the Jury**.

"In terms of relevancy, the 'central concern' of Rule 702 is whether expert testimony is helpful to the jury." *Dickinson v. City of Kent*, No. C06-1215RSL, 2007 WL 4420931, at *1 (W.D. Wash. Dec. 14, 2007). "'Expert evidence can be both powerful and quite misleading because of the difficulty in evaluating it. Because of this risk, the judge in weighing possible prejudice against probative force under Rule 403 ... exercises more control over experts than over lay witnesses.'" *Daubert*, 509 U.S. at 595 (citations omitted).

At his deposition Mr. Munson made clear—he simply applies the assumptions that the attorneys, for whom he works, ask him to apply—with no independent analysis. Thus, his testimony would serve no other purpose than to amplify Plaintiff's theory of the case to the status of "expert testimony" without any justification for doing so. He did not consider the whole of the evidence, or even a reliable sample. Because they lack a reliable basis, his opinions would certainly confuse the jury. Accordingly, this Court should exercise its gatekeeping functions to exclude Mr. Munson's opinion to avoid misleading the jury. *Tyger Const. Co. Inc.*, 29 F.3d at 144 ("When the assumptions made by an expert are not based on fact, the expert's testimony is likely to mislead a jury, and should be excluded by the district court.").

## CONCLUSION

For the foregoing reasons, this Court should grant GEO's motion to exclude Mr. Munson's testimony.

///

///

///

///

///

///

///

///

DEFENDANT THE GEO GROUP, INC.'S MOTION TO
EXCLUDE EXPERT TESTIMONY OF JEFFREY MUNSON
(3:17-CV-05769-RJB) – PAGE 9

51242568;3

**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  303-260-7712

1

Respectfully submitted, this 2nd day of January, 2020.

2

By: *s/ Colin L. Barnacle*

**AKERMAN LLP**

3

Colin L. Barnacle (Admitted *pro hac vice*)

Christopher J. Eby (Admitted *pro hac vice*)

4

Ashley E. Calhoun (Admitted *pro hac vice*)

Adrienne Scheffey (Admitted *pro hac vice*)

5

Allison N. Angel (Admitted *pro hac vice*)

6

1900 Sixteenth Street, Suite 1700

Denver, Colorado 80202

7

Telephone:  (303) 260-7712

Facsimile:   (303) 260-7714

8

Email:  colin.barnacle@akerman.com

9

Email:  christopher.eby@akerman.com

Email:  ashley.calhoun@akerman.com

10

Email:  adrienne.scheffey@akerman.com

Email:  allison.angel@akerman.com

11

12

By: *s/ Joan K. Mell*

**III BRANCHES LAW, PLLC**

13

Joan K. Mell, WSBA #21319

1019 Regents Boulevard, Suite 204

14

Fircrest, Washington 98466

Telephone:  (253) 566-2510

15

Facsimile:   (281) 664-4643

16

Email:  joan@3brancheslaw.com

17

*Attorneys for Defendant The GEO Group, Inc.*

18

19

20

21

22

23

24

25

26

27

DEFENDANT THE GEO GROUP, INC.'S MOTION TO
EXCLUDE EXPERT TESTIMONY OF JEFFREY MUNSON
(3:17-CV-05769-RJB) – PAGE 10

51242568;3

**AKERMAN LLP**

1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  303-260-7712

**PROOF OF SERVICE**

     I hereby certify on the 2nd day of January, 2020, pursuant to Federal Rule of Civil Procedure 5(b), I electronically filed and served the foregoing **DEFENDANT THE GEO GROUP, INC.'S MOTION TO EXCLUDE EXPERT TESTIMONY OF JEFFREY MUNSON** via the Court's CM/ECF system on the following:

**SCHROETER GOLDMARK & BENDER**
Adam J. Berger, WSBA #20714
Lindsay L. Halm, WSBA #37141
Jamal N. Whitehead, WSBA #39818
Rebecca J. Roe, WSBA #7560
810 Third Avenue, Suite 500
Seattle, Washington 98104
Telephone:  (206) 622-8000
Facsimile:   (206) 682-2305
Email:  hberger@sgb-law.com
Email:  halm@sgb-law.com
Email:  whitehead@sgb-law.com
Email:  roe@sgb-law.com

**THE LAW OFFICE OF R. ANDREW FREE**
Andrew Free (Admitted *Pro Hac Vice*)
P.O. Box 90568
Nashville, Tennessee 37209
Telephone:  (844) 321-3221
Facsimile:  (615) 829-8959
Email:  andrew@immigrantcivilrights.com

**OPEN SKY LAW PLLC**
Devin T. Theriot-Orr, WSBA #33995
20415 72nd Avenue S, Suite 100
Kent, Washington 98032
Telephone:  (206) 962-5052
Facsimile:  (206) 681-9663
Email:  devin@openskylaw.com

**MENTER IMMIGRATION LAW, PLLC**
Meena Menter, WSBA #31870
8201 164th Avenue NE, Suite 200
Redmond, Washington 98052
Telephone:  (206) 419-7332
Email:  meena@meenamenter.com

*Attorneys for Plaintiffs*

              *s/ Nick Mangels*
              Nick Mangels

**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712