The Honorable Robert J. Bryan

1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT TACOMA

9

UGOCHUKWU GOODLUCK NWAUZOR,
FERNANDO AGUIRRE-URBINA,
individually and on behalf of all those
similarly situated,

          Plaintiffs/Counter-Defendants,

v.

THE GEO GROUP, INC.,

          Defendant/Counter-Claimant.

Case No.: 3:17-cv-05769-RJB

**DEFENDANT THE GEO GROUP, INC.'S MOTION TO EXCLUDE EXPERT TESTIMONY OF CHRISTOPHER STRAWN**

**NOTE ON MOTION CALENDAR:**
Date:  January 17, 2020

10
11
12
13
14
15

16      Pursuant to Local Rule 16(b)(4) and Federal Rule of Evidence 702, The GEO Group, Inc.

17  ("GEO") respectfully submits its motion to exclude the expert testimony of Christopher Strawn.

18                                   **INTRODUCTION**

19      Mr. Strawn was retained by Plaintiffs to "provide expert testimony regarding various

20  aspects of the U.S. immigration process." Declaration of Colin Barnacle, Ex. A Expert Report at

21  1. More specifically, Mr. Strawn "was commenting on several different aspects of immigration

22  proceedings as well, for example, how to get bond [and] how cases move through the

23  immigration court system." Dec. of Colin Barnacle, Ex. B Strawn Dep. 18: 17-25 (hereinafter

24  "Strawn Dep."). Exactly what opinions Mr. Strawn rendered, and how they are relevant to this

25  case, is not clear from his report. His report consists of a number of legal opinions based upon

26  his interpretation of various statutes and case law. The report makes no effort to tie the opinions

27  into Plaintiff's allegations in the present case, or otherwise articulate why his opinions would be

DEFENDANT THE GEO GROUP, INC.'S MOTION TO
EXCLUDE EXPERT TESTIMONY OF CHRISTOPHER STRAWN
(3:17-CV-05769-RJB) – PAGE 1

51242283;3

**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  303-260-7712

helpful to a fact finder in this case. Rather, it contains statements that include sweeping generalities about the makeup of the population of the Northwest ICE Processing Center ("NWIPC") which lack any objective factual support. *See e.g.* Ex. A at 3 ("Detainees at the NWDC come from a variety of backgrounds."). And, the data upon which Mr. Strawn relied is not the type of data that would be relied upon by others in his field. Accordingly, Mr. Strawn's opinion should be excluded.

## LAW

Expert testimony is governed by Federal Rule of Evidence 702, which states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Interpreting Rule 702, in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592 n.10 (1993), the Supreme Court held that in cases where the testimony of a party's expert is challenged, the district court must act as a "gatekeeper" and rule on the admissibility of the expert testimony and the qualification of expert witnesses. In *Kumho Tire*, the Supreme Court extended *Daubert* and held that Rule 702 applies to all expert testimony, not just "scientific expert testimony." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999). Admissibility is established by satisfying the two-prong test introduced in *Daubert*: expert testimony must be both (1) reliable and (2) relevant to the case. *Id.*; *Daubert*, 509 U.S. at 592 n.10; *Estate of Barabin v. Asten Johnson, Inc.*, 740 F.3d 457, 463–64 (9th Cir. 2014); *Simmons v. Safeway, Inc.*, No. 18-5522 RJB, 2019 WL 2921013, at *1 (W.D. Wash. July 8, 2019) (Bryan, J.). The party seeking admission of expert testimony bears the burden of establishing its admissibility. *Daubert*, 509 U.S. at 592 n. 10.

## ARGUMENT

### A.    Mr. Strawn's Testimony is Not Relevant.

"In terms of relevancy, the 'central concern' of Rule 702 is whether expert testimony is helpful to the jury." *Dickinson v. City of Kent*, No. C06-1215RSL, 2007 WL 4420931, at *1

DEFENDANT THE GEO GROUP, INC.'S MOTION TO EXCLUDE EXPERT TESTIMONY OF CHRISTOPHER STRAWN (3:17-CV-05769-RJB) – PAGE 2

51242283;3

**AKERMAN LLP**

1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  303-260-7712

(W.D. Wash. Dec. 14, 2007). Relevance focuses on whether the expert testimony "fits" the facts of the trial. *Greenlake Condo. Ass'n v. Allstate Ins. Co.*, No. C14-1860 BJR, 2016 WL 4498251, at *2 (W.D. Wash. Feb. 5, 2016). Here, Mr. Strawn's testimony is irrelevant to the issues that will be before a jury. "[A]n expert's testimony must 'logically advance[ ] a material aspect of the party's case." *Easton v. Asplundh Tree Experts, Co.*, No. C16-1694RSM, 2017 WL 4005833, at *4 (W.D. Wash. Sept. 12, 2017). "Expert testimony which does not relate to any issue in the case is not relevant, and, ergo, non-helpful." *Daubert*, 509 U.S. at 591.

Plaintiffs have brought a single cause of action under the Washington Minimum Wage Act ("WMWA"), alleging that detainees who participate in the Voluntary Work Program ("VWP") at the Northwest Ice Processing Center ("NWIP") should be classified as employees, despite the statutory exemption for detainees in RCW 49.46.010(3)(k). ECF 1. The crux of their case turns on whether detainees are employees under the "economic-dependence test." *Anfinson v. FedEx Ground Package Sys.,* Inc., 174 Wash. 2d 851, 874, 281 P.3d 289, 301 (2012); ECF 15 at n.12.[1] Under the economic dependence test, "[t]he relevant inquiry is whether, as a matter of economic reality, the worker is economically dependent upon the alleged employer or is instead in business for himself." *Anfinson*, 281 P.3d at 299. Here, there is nothing indicating that any of the opinions in Mr. Strawn's report will make it more or less probable that detainees are employees. Nor will the opinions about the immigration system generally make it more or less likely that the detainees are economically dependent upon GEO. Accordingly, Mr. Strawn's opinions are not relevant to this case.

Furthermore, as Plaintiffs have argued, whether or not Plaintiffs could become work authorized is not relevant to the current claims. ECF 15, Plaintiffs' Opposition to GEO's Motion to Dismiss, at 12 ("The MWA carries neither civil nor criminal sanctions relating to the employment of undocumented immigrants. RCW Ch. 49.46. In fact, it provides a remedy for

---

[1] GEO disputes that this test applies to individuals in ICE custody, who reside at the NWIPC. But, for purposes of this motion, GEO addresses Mr. Strawn's opinions assuming *arguendo* that the economic dependence test applies, not the more lenient standards for civil detainees who do not have the goal of earning a living, as expressed in *Calhoun v. State*, 146 Wash. App. 877, 886, 193 P.3d 188, 193 (2008), as amended (Oct. 28, 2008).

DEFENDANT THE GEO GROUP, INC.'S MOTION TO
EXCLUDE EXPERT TESTIMONY OF CHRISTOPHER STRAWN
(3:17-CV-05769-RJB) – PAGE 3

51242283;3

**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  303-260-7712

employees, *without regard to immigration status*, to recover monetary damages from employers who fail to pay the State's minimum wage. RCW 49.46.090.") (emphasis in original). Thus, Plaintiffs' prior representations to this Court make clear that Mr. Strawn's opinions are not relevant to any issues in this case. *Id.* Furthermore, insofar as any of the Plaintiffs *are* work authorized, that fact may come in at trial through their individual testimony or proof, not speculative expert testimony. Indeed, it is not relevant whether some detainees *could*, at a later date apply for work authorization, as described by Mr. Strawn. Plaintiffs have not alleged that their immigration status is in any way tied to their classification as employees. *See generally* ECF 1, Plaintiffs' Complaint. Nor does the WMWA distinguish between immigrants and citizens in defining who is classified as an employee. RCW 49.46.010(3). And, to the contrary, Plaintiffs have stated that federal laws governing whether certain immigrants can be "employees" do not apply here. ECF 15. Therefore, their claims have no relationship to the "immigration process."

Moreover, Mr. Strawn acknowledged in his deposition that the only document related to *this* case, which he reviewed prior to drafting his opinions was Plaintiffs' Complaint. Strawn Dep. 20:22. While the Complaint could have allowed him to tailor his opinions to the issues that may be relevant to this case, he admitted during his deposition that: "I don't believe the complaint impacted my analysis." *Id.* at 22:12. Thus, because his opinions do not "fit" the relevant facts of this case, they are not relevant and should be excluded.

**B.    Mr. Strawn's Testimony is Not Reliable.**

**1.    Mr. Strawn's Testimony Improperly Provides Legal Conclusions.**

"[A]n expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law." *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004). "There is a significant difference between an attorney who states his belief of what law should govern the case and any other expert witness. While other experts may aid a jury by rendering opinions on ultimate issues, our system reserves to the trial judge the role of adjudicating the law for the benefit of the jury. When an attorney is allowed to usurp that

DEFENDANT THE GEO GROUP, INC.'S MOTION TO
EXCLUDE EXPERT TESTIMONY OF CHRISTOPHER STRAWN
(3:17-CV-05769-RJB) – PAGE 4

51242283;3

**AKERMAN LLP**

1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  303-260-7712

1  function, harm is manifest in at least two ways." *Specht v. Jensen*, 853 F.2d 805, 808–09 (10th

2  Cir. 1988).

3  In addition to being irrelevant, Mr. Strawn's opinions largely consist of legal opinions.

4  For example, in his report, Mr. Strawn states that "many detainees at the NWDC who are

5  seeking lasting relief from removal are eligible to apply for an EAD based upon their pending

6  relief application." Ex. A at 4. At his deposition, Mr. Strawn agreed that the issue of whether

7  someone is eligible to obtain a work authorization involves a "legal determination, that is,

8  applying facts to law." Strawn Dep. 19:11-13. Further, he explained that other related opinions

9  rendered are the result of his interpretation of case law. 27:15. This testimony, which renders a

10  legal opinion, and instructs the jury that individuals at the NWIPC could be work-authorized, as

11  a matter of law, is an impermissible legal opinion. Indeed, many of his opinions are couched

12  with qualifiers, such as the one above which relies upon whether an individual is "seeking

13  lasting relief" or not, further demonstrating that they are impermissible for a jury. *See e.g.*

14  *Easton,* 2017 WL 4005833, at \*4 (finding that legal opinion couched with qualifiers was not

15  admissible).

16  **2.    Mr. Strawn's Testimony Relies Upon Undisclosed Facts and Evidence Which GEO Can Neither Review Nor Cross-Examine.**

17

18  It is true that "an expert may base his opinion at trial on inadmissible facts and data of a

19  type reasonably relied upon by experts in his field." *United States v. 0.59 Acres of Land*, 109

20  F.3d 1493, 1496 (9th Cir. 1997). Yet the expert must first establish that the type of information

21  he relied upon is that which is reasonably relied upon by experts in his field. Here, Mr. Strawn

22  relies upon cases that he personally has litigated and information from the Transactional

23  Records Access Clearinghouse ("TRAC"). Mr. Strawn does not assert that this data is

24  reasonably relied upon by other attorneys in the immigration context and there is no evidence

25  that either would be otherwise admissible. Accordingly, because Mr. Strawn impermissibly

26  relies upon evidence that is not typical in his field, nor admissible in this Court, his opinions

27  should be excluded.

DEFENDANT THE GEO GROUP, INC.'S MOTION TO
EXCLUDE EXPERT TESTIMONY OF CHRISTOPHER STRAWN
(3:17-CV-05769-RJB) – PAGE 5

51242283;3

**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  303-260-7712

A large segment of Mr. Strawn's opinions were the direct result of knowledge he obtained from "[r]epresenting people at the detention center." 21:20-22. In fact, when asked in his deposition what the source of his factual representations were, he explained that he based the factual summary upon information obtained from individual clients he represented at the NWIPC. 22:24; 23:3-4. When asked about who those clients were, so that GEO could ascertain their reliability, he explained that he was not "comfortable disclosing their names." 23:6-7.[2] Additionally, Mr. Strawn explained that his assessment of whether individuals were work authorized was not based upon his review of facts in the record, or facts related to an individual plaintiff, but instead the types of cases he reviews as part of his job. 28:24-25; 29:1-5. It is altogether unclear whether these individuals, even if verified,[3] could comprise an adequate sample size given that he represented only three detainees in 2019. 34:9-10. Indeed, Mr. Strawn conceded that he does not know how many detainees reside at the NWIPC in a given year, only that it would be significantly more than three. 34:11-20. Mr. Strawn did not explain whether another attorney in his field, who could qualify as an expert, would also rely upon such a small sample size.

Additionally, Mr. Strawn relied upon the TRAC database to form his opinions. Ex. A at 4. Despite the availability of additional data, Mr. Strawn relied upon limited information from 2019 only, and thereafter extrapolated from that information to the broader class period. Strawn Dep. 26:8-9. There is no evidence that this is the type of data relied upon by attorneys in providing an opinion as to the "immigration process generally." Furthermore, the underlying data from the TRAC database is inadmissible because it was never disclosed in this litigation. And it is unclear that there is any other basis for its admissibility. The TRAC data has significant limitations. As the disclaimer on its website states:

---

[2] This information was never disclosed in the present litigation and it is not clear whether there is any basis for its admissibility.

[3] Insofar as Mr. Strawn based his opinions upon his experiences with individual clients, and those opinions will be admissible at trial, he should be compelled to disclose the identities of those clients and the relevant proceedings which support his conclusions. This information would allow GEO to adequately cross-examine Mr. Strawn at trial—should his opinions be admitted (excluding, of course, privileged conversations or work-product).

DEFENDANT THE GEO GROUP, INC.'S MOTION TO
EXCLUDE EXPERT TESTIMONY OF CHRISTOPHER STRAWN
(3:17-CV-05769-RJB) – PAGE 6

51242283;3

**AKERMAN LLP**

1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  303-260-7712

1
2
3
4
5
6
7
8
9

> The data in this report is derived from a series of Freedom of Information Act (FOIA) requests by TRAC . . . TRAC also requested a large number of other factors about the characteristics of detained individuals as well as where and how they were taken into ICE custody - whether from arrests ICE made in the interior of the country, or from transfers from Customs and Border Protection arrests along the southern or northern border of this country. Unfortunately, ICE withheld all of these details. TRAC has also been seeking data that would allow it to track every detainee from the time the person enters ICE custody, is transferred by ICE to a different detention facility, and is released from ICE custody or deported. TRAC currently has three on-going lawsuits challenging ICE withholding and seeking the release of further information in agency records. The currently available "snapshots" include detainees on only the last day of the month, not the total number of individuals who pass through detention in a month. . . . Despite these many limitations, TRAC's data provides much-needed insight into the quantity and composition of immigrant detention in the U.S.

10  *See* Transactional Records Clearing House, "About the Data" *available at*

11  https://trac.syr.edu/immigration/reports/585/ (last visited January 1, 2020). Mr. Strawn testified

12  at his deposition that he was not aware of these limitations. Strawn Dep. 36:14. The limitations

13  on this data make it inappropriate for judicial notice or admissibility as a government record.

14  Further, it is not clear that an attorney would regularly rely upon this type of data to reach his or

15  her legal opinions. Thus, all of Mr. Strawn's opinions based upon the TRAC database should be

16  excluded.

17      In sum, Mr. Strawn's opinions should be excluded in their entirety because they are not

18  relevant, constitute improper legal opinions, and rely upon inadmissible and unreliable data.

19  Should this Court determine that Mr. Strawn's opinions are admissible, it should exclude any

20  facts provided in his report that are based upon inadmissible evidence, including representations

21  from his specific clients and information gathered from the TRAC database. *United States v.*

22  *W.R. Grace,* 504 F.3d 745, 759 (9th Cir. 2007) ("[I]f the expert relies on facts or data that are

23  otherwise inadmissible, then those facts "shall not be disclosed to the jury").

24                                      **CONCLUSION**

25      For the foregoing reasons, this Court should exclude the testimony of Chris Strawn.

26  ///

27  ///

---

DEFENDANT THE GEO GROUP, INC.'S MOTION TO
EXCLUDE EXPERT TESTIMONY OF CHRISTOPHER STRAWN
(3:17-CV-05769-RJB) – PAGE 7

51242283;3

**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  303-260-7712

1     Respectfully submitted, this 2nd day of January, 2020.

2                                   By: *s/ Colin L. Barnacle*
                                    **AKERMAN LLP**
3                                   Colin L. Barnacle (Admitted *pro hac vice*)
                                    Christopher J. Eby (Admitted *pro hac vice*)
4                                   Ashley E. Calhoun (Admitted *pro hac vice*)
                                    Adrienne Scheffey (Admitted *pro hac vice*)
5                                   Allison N. Angel (Admitted *pro hac vice*)
6                                   1900 Sixteenth Street, Suite 1700
                                    Denver, Colorado 80202
7                                   Telephone:  (303) 260-7712
                                    Facsimile:   (303) 260-7714
8                                   Email:  colin.barnacle@akerman.com
                                    Email:  christopher.eby@akerman.com
9                                   Email:  ashley.calhoun@akerman.com
10                                  Email:  adrienne.scheffey@akerman.com
                                    Email:  allison.angel@akerman.com
11

12                                  By: *s/ Joan K. Mell*
                                    **III BRANCHES LAW, PLLC**
13                                  Joan K. Mell, WSBA #21319
                                    1019 Regents Boulevard, Suite 204
14                                  Fircrest, Washington 98466
                                    Telephone:  (253) 566-2510
15                                  Facsimile:   (281) 664-4643
                                    Email:  joan@3brancheslaw.com
16

17                                  *Attorneys for Defendant The GEO Group, Inc.*

18

19

20

21

22

23

24

25

26

27

---

DEFENDANT THE GEO GROUP, INC.'S MOTION TO
EXCLUDE EXPERT TESTIMONY OF CHRISTOPHER STRAWN
(3:17-CV-05769-RJB) – PAGE 8

51242283;3

**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  303-260-7712

## PROOF OF SERVICE

I hereby certify on the 2nd day of January 2020, pursuant to Federal Rule of Civil Procedure 5(b), I electronically filed and served the foregoing **DEFENDANT THE GEO GROUP, INC.'S MOTION TO EXCLUDE EXPERT TESTIMONY OF CHRISTOPHER STRAWN** via the Court's CM/ECF system on the following:

**SCHROETER GOLDMARK & BENDER**
Adam J. Berger, WSBA #20714
Lindsay L. Halm, WSBA #37141
Jamal N. Whitehead, WSBA #39818
Rebecca J. Roe, WSBA #7560
810 Third Avenue, Suite 500
Seattle, Washington 98104
Telephone:  (206) 622-8000
Facsimile:   (206) 682-2305
Email:  hberger@sgb-law.com
Email:  halm@sgb-law.com
Email:  whitehead@sgb-law.com
Email:  roe@sgb-law.com

**THE LAW OFFICE OF R. ANDREW FREE**
Andrew Free (Admitted *Pro Hac Vice*)
P.O. Box 90568
Nashville, Tennessee 37209
Telephone:  (844) 321-3221
Facsimile:   (615) 829-8959
Email:  andrew@immigrantcivilrights.com

**OPEN SKY LAW PLLC**
Devin T. Theriot-Orr, WSBA #33995
20415 72nd Avenue S, Suite 100
Kent, Washington 98032
Telephone:  (206) 962-5052
Facsimile:   (206) 681-9663
Email:  devin@openskylaw.com

**MENTER IMMIGRATION LAW, PLLC**
Meena Menter, WSBA #31870
8201 164th Avenue NE, Suite 200
Redmond, Washington 98052
Telephone:  (206) 419-7332
Email:  meena@meenamenter.com

*Attorneys for Plaintiffs*

_s/ Nick Mangels_____
Nick Mangels

PROOF OF SERVICE
(3:17-CV-05769-RJB) – PAGE 9

**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  303-260-7712

51242283;3