The Honorable Robert J. Bryan

BEFORE THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UGOCHUKWU GOODLUCK NWAUZOR, FERNANDO AGUIRRE-URBINA, individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE GEO GROUP, INC., a Florida corporation,<br><br>Defendant. | No. 17-cv-05769-RJB<br><br>Plaintiffs' Opposition to Defendant's Motion to Exclude Expert Testimony of Christopher Strawn |

Plaintiffs Ugochukwu Goodluck Nwauzor and Fernando Aguirre-Urbina respond to Defendant The GEO Group Inc.'s Motion to Exclude Expert Testimony of Christopher Strawn as follows:

**INTRODUCTION**

Plaintiffs wish to introduce the testimony of expert Christopher Strawn in order to assist the jury in understanding the complex system of immigration laws, policies, and procedures that has caused them to become detained at Defendant's facility. Mr. Strawn's testimony is both relevant and reliable, and should be admitted under Federal Rule of Evidence 702.

Plaintiffs' Opposition to Defendant's Motion to
Exclude Expert Testimony of Christopher Strawn – 1
No. 17-cv-05769-RJB

Open Sky Law, PLLC
20415 72nd Ave. S., Suite 110
Kent, WA 98032
Ph. (206) 962-5052
Fax (206) 681-9663
www.opensky.law

A.  <u>Mr. Strawn's testimony should be admitted because it is relevant.</u>

When assessing relevance, the ultimate question is whether the testimony will "assist the trier of fact to understand the evidence or to determine a fact in issue." *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 591 (1993) (quoting F.R.E. 702) (internal quotations omitted). "In the Ninth Circuit,'[t]he general test regarding the admissibility of expert testimony is whether the jury can receive 'appreciable help' from such testimony.'" *Easton v. Asplundh Tree Experts, Co.*, No. C16-1694-RSM, 2017 WL 4005833, at *4 (W.D. Wash. Sept. 12, 2017) (quoting *United States v. Gwaltney,* 790 F.2d 1378, 1381 (9th Cir. 1986)).

The Defendant argues that Mr. Strawn's testimony is "irrelevant to the issues that will be before a jury," namely, whether detainees are employees under the Washington Minimum Wage Act. Dkt. #219 at p. 3. Far from being irrelevant, however, Mr. Strawn's testimony is necessary to allow the jury to fully understand the evidence. Immigration law underlies the entire case. Comprehending, for example, why the Plaintiffs are housed at Defendant's facility requires a basic knowledge of the notoriously complex U.S. immigration system. "With only a small degree of hyperbole, the immigration laws have been termed 'second only to the Internal Revenue Code in complexity.' [] A lawyer is often the only person who could thread the labyrinth." *Castro-O'Ryan v. U.S. Dep't of Immigration & Naturalization*, 847 F.2d 1307, 1312 (9th Cir. 1987) (citing E. Hull, *Without Justice For All* 107 (1985)). Mr. Strawn's testimony will provide necessary background information which is outside the scope of the general knowledge and experience of an ordinary layperson. As a result, he will provide "appreciable help" to the jury and his testimony should be admitted.[1]

---

[1]  Plaintiffs note that although Defendant now appears to concede that Plaintiffs' ability to become work authorized is irrelevant, it has previously argued otherwise. In Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint, Dkt. #91, GEO argued for conflict preemption because it said that Washington's Minimum Wage Act conflicts with the

Plaintiffs' Opposition to Defendant's Motion to
Exclude Expert Testimony of Christopher Strawn  – 2
No. 17-cv-05769-RJB



Open Sky Law, PLLC
20415 72nd Ave. S., Suite 110
Kent, WA 98032
Ph. (206) 962-5052
Fax (206) 681-9663
www.opensky.law

B.   **Mr. Strawn's testimony should be admitted because it is reliable.**

Federal Rule of Evidence 702 provides that expert testimony is admissible when the witness is "qualified as an expert by knowledge, skill, experience, training, or education." The rule "expressly contemplates that an expert may be qualified on the basis of experience. In certain fields, experience is the predominant, if not sole, basis for a great deal of reliable expert testimony." FRE 702 advisory committee's note to 2000 amendment. Mr. Strawn graduated from Harvard Law School and has been practicing immigration law for approximately 17 years. In addition to his work as a staff attorney at the Northwest Immigrant Rights Project, Mr. Strawn directs the Immigration Law Clinic at the University of Washington School of Law. Dkt. #220-1 p. 1. Mr. Strawn permissibly bases his testimony in large part on this experience. Strawn Dep. 21:17.

The Defendant argues on the one hand that Mr. Strawn's testimony is completely irrelevant to the issues in this case, while on the other hand it argues that he is impermissibly rendering legal opinions on ultimate issues. Dkt. #219 p. 4. Defendant is wrong on both counts. Mr. Strawn's testimony provides important background information on the laws, policies, and procedures governing the U.S. immigration system. While it may contain some legal conclusions, these conclusions do not tell the jury how it must decide the ultimate issues of the case. Plaintiffs acknowledge that "when the purpose of [expert] testimony is to direct the jury's understanding of the legal standards *upon which their verdict must be based*, the testimony

---

execution of the Immigration Reform and Control Act's "comprehensive prohibition on alien employment." Dkt. #91 at p. 23. GEO states that this prohibition "prevents [it] from employing any detainee who lacks work authorization, which plainly includes many, if not all, detainees at [the Northwest Detention Center]." *Id.* Plaintiffs have no guarantee that the Defendant will not take up such an argument again in the future. Therefore, Mr. Strawn's testimony is relevant.

Plaintiffs' Opposition to Defendant's Motion to
Exclude Expert Testimony of Christopher Strawn  – 3
No. 17-cv-05769-RJB



Open Sky Law, PLLC
20415 72nd Ave. S., Suite 110
Kent, WA 98032
Ph. (206) 962-5052
Fax (206) 681-9663
www.opensky.law

Case 3:17-cv-05769-RJB   Document 236   Filed 01/13/20   Page 4 of 7

1  cannot be allowed. In no instance can a witness be permitted to define *the law of the case*."

2  *Specht v. Jensen*, 853 F.2d 805, 810 (10th Cir. 1988) (emphasis added). Mr. Strawn's testimony

3  does not speak to the legal standards governing Washington's Minimum Wage Act. He does not

4  provide an expert opinion regarding whether the Plaintiffs are employees of GEO. His

5  testimony is instructive rather than prescriptive, and should be permitted to assist the jury.

6        In addition, the legal conclusions reached by Mr. Strawn are permissible because they

7  educate the jury regarding general principles of immigration law. "[A] witness may refer to the

8  law in expressing an opinion without that reference rendering the testimony inadmissible.

9  Indeed, a witness may properly be called upon to aid the jury in understanding the facts in

10 evidence even though reference to those facts is couched in legal terms." *Specht*, 853 F.2d at

11 809. When assessing reliability in the context of "the venerable practice of using expert

12 testimony to educate the factfinder on general principles . . . Rule 702 simply requires that: (1)

13 the expert be qualified; (2) the testimony address a subject matter on which the factfinder can

14 be assisted by an expert; (3) the testimony be reliable; and (4) the testimony 'fit' the facts of the

15 case." FRE 702 advisory committee's note to 2000 amendment. "The expert's testimony must

16 be grounded in an accepted body of learning or experience in the expert's field, and the expert

17 must explain how the conclusion is so grounded." *Id.* (citing American College of Trial

18 Lawyers, *Standards and Procedures for Determining the Admissibility of Expert Testimony*

19 *after Daubert*, 157 F.R.D. 571, 579 (1994)).

20       Transactional Records Access Clearinghouse ("TRAC") data is reasonably relied upon

21 by experts in the field of immigration law. For example, TRAC's data is cited by Circuit Courts

22 in numerous published opinions. *See C.J.L.G. v. Barr*, 923 F.3d 622, 630 (9th Cir. 2019); *Islas -*

23 *Veloz v. Whitaker*, 914 F.3d 1249, 1252 (9th Cir. 2019); *Genego v. Barr*, 922 F.3d 499, 502 n.2

24

Plaintiffs' Opposition to Defendant's Motion to
Exclude Expert Testimony of Christopher Strawn  – 4
No. 17-cv-05769-RJB



Open Sky Law, PLLC
20415 72nd Ave. S., Suite 110
Kent, WA 98032
Ph. (206) 962-5052
Fax (206) 681-9663
www.openskylaw

(2d Cir. 2019); *Hu v. Holder*, 579 F.3d 155, 159 (2d Cir. 2009); *L.D.G. v. Holder*, 744 F.3d 1022, 1032 (7th Cir. 2014); *J. E. F.M. by & through Ekblad v. Whitaker*, 908 F.3d 1157, 1165 n.9 (9th Cir. 2018); *Galarza v. Szalczyk*, 745 F.3d 634, 646 n.1 (3d Cir. 2014); *Enying Li v. Holder*, 738 F.3d 1160, 1171 (9th Cir. 2013); *Guerrero-Sanchez v. Warden York Cty. Prison*, 905 F.3d 208, 226 n.14 (3d Cir. 2018); *United States v. Castro-Verdugo*, 750 F.3d 1065, 1074 (9th Cir. 2014). While the TRAC data may have limitations, just like any other data, this does not make it an inappropriate source for Mr. Strawn to consult in order to provide general information about the immigration system to the jury. Any limitations simply go to the weight that the jury may give his testimony, not to its admissibility.

Finally, GEO will have ample opportunity to cross-examine Mr. Strawn about his knowledge and experience, and he should not be required to disclose the names of the clients from which he has drawn his experience. Such information is both protected, *see* Wash. Rule of Professional Conduct 1.6, and irrelevant to the expertise of the witness.

**CONCLUSION**

Because Mr. Strawn's testimony is both relevant to provide the jury with an overview of U.S. immigration law, and reliable due to his years of experience representing noncitizen clients at the very facility that is the subject of this litigation, this Court should deny Defendant's motion to exclude his expert testimony.

Plaintiffs' Opposition to Defendant's Motion to
Exclude Expert Testimony of Christopher Strawn  – 5
No. 17-cv-05769-RJB



Open Sky Law, PLLC
20415 72nd Ave. S., Suite 110
Kent, WA 98032
Ph. (206) 962-5052
Fax (206) 681-9663
www.opensky.law

Respectfully submitted this 13th day of January, 2020.

OPEN SKY LAW, PLLC

*/s/ Devin T. Theriot-Orr*
Devin T. Theriot-Orr, WSBA 33995

20415 72nd Ave. S., Ste. 110
Kent, WA  98032
Ph. (206) 962-5052
Fax (206) 681-9663
Em. devin@opensky.law

SCHROETER GOLDMARK & BENDER

Adam J. Berger, WSBA #20714
Lindsay L. Halm, WSBA #37141
Jamal N. Whitehead, WSBA #39818
810 Third Avenue, Suite 500
Seattle, WA 98104
Tel: (206) 622-8000
berger@sgb-law.com
halm@sgb-law.com
whitehead@sgb-law.com

THE LAW OFFICE OF R. ANDREW FREE
Andrew Free (*Pro Hac Vice*)
PO Box 90568
Nashville, TN 37209
Tel: (844) 321-3221
Fax: (615) 829-8959
andrew@immigrantcivilrights.com

MENTER IMMIGRATION LAW PLLC
Meena Menter, WSBA #31870
8201 – 164th Avenue NE, Suite 200
Redmond, WA 98052
meena@meenamenter.com

*Class Counsel*

Plaintiffs' Opposition to Defendant's Motion to
Exclude Expert Testimony of Christopher Strawn  – 6
No. 17-cv-05769-RJB



Open Sky Law, PLLC
20415 72nd Ave. S., Suite 110
Kent, WA 98032
Ph. (206) 962-5052
Fax (206) 681-9663
www.opensky.law

**Certificate of Service**

I certify that on January 13, 2020, I electronically filed the foregoing document, together with all attachments, with the Clerk of the Court for the Western District of Washington using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Devin T. Theriot-Orr<br>OPEN SKY LAW, PLLC<br>20415 – 72nd Avenue South, Suite 110<br>Kent, WA 98032<br>devin@opensky.law<br>*Attorney for Plaintiff* | R. Andrew Free<br>THE LAW OFFICE OF R. ANDREW FREE<br>PO Box 90568<br>Nashville, TN 37209<br>andrew@immigrantcivilrights.com<br>*Attorney for Plaintiff* |
| Meena Menter<br>MENTER IMMIGRATION LAW PLLC<br>8201 – 164th Avenue NE, Suite 200<br>Redmond, WA 98052<br>meena@meenamenter.com<br>*Attorney for Plaintiff* | Joan K. Mell<br>III BRANCHES LAW, PLLC<br>1019 Regents Boulevard, Suite 204<br>Fircrest, WA 98466<br>joan@3ebrancheslaw.com<br>*Attorney for Defendant* |
| Colin L. Barnacle<br>Ashley E. Calhoun<br>Christopher J. Eby<br>Adrienne Scheffey<br>Allison N. Angel<br>AKERMAN LLP<br>1900 Sixteenth Street, Suite 1700<br>Denver, CO 80202<br>colin.barnacle@akerman.com<br>ashley.calhoun@akerman.com<br>christopher.eby@akerman.com<br>allison.angel@akerman.com<br>adrienne.scheffey@akerman.com<br>*Attorneys for Defendant* | Christopher M. Lynch<br>US DEPARTMENT OF JUSTICE<br>Civil Division, Federal Programs Branch<br>1100 "L" Street NW<br>Washington, D.C. 20005<br>christopher.m.lynch@usdoj.gov<br>*Attorneys for Interested Party* |

*/s/ Devin T. Theriot-Orr*
Devin T. Theriot-Orr, WSBA 33995

Plaintiffs' Opposition to Defendant's Motion to
Exclude Expert Testimony of Christopher Strawn  – 7
No. 17-cv-05769-RJB



Open Sky Law, PLLC
20415 72nd Ave. S., Suite 110
Kent, WA 98032
Ph. (206) 962-5052
Fax (206) 681-9663
www.opensky.law