The Honorable Robert J. Bryan

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| UGOCHUKWU GOODLUCK NWAUZOR, FERNANDO AGUIRRE-URBINA, individually and on behalf of all those similarly situated,<br><br>Plaintiffs/Counter-Defendants,<br><br>v.<br><br>THE GEO GROUP, INC.,<br><br>Defendant/Counter-Claimant. | Case No. 3:17-cv-05769-RJB<br><br>**DEFENDANT THE GEO GROUP, INC.'S OBJECTIONS TO PLAINTIFFS' PROPOSED AMENDED NOTICE PLAN** |

On January 10, 2020, the Court held a pretrial conference where the parties discussed (1) Plaintiffs' Motion to Amend the Notice Plan; and (2) the timing of the notice in accordance with this Court's Agenda for the Pre-Trial Conference (ECF 232). Pursuant to the proceedings at the January 10, 2020 pretrial conference, and this Court's subsequent Minute Order (ECF 235), GEO hereby submits its opposition and objections to Plaintiffs' newly proposed amended notice plan – filed with the Court via email on Monday, January 13, 2020.

## I. THE NOTICE PLAN

On January 9, 2019, Plaintiffs submitted their initial notice plan, which included a proposal to provide notice by direct mail. ECF 138 at 5. Additionally, the notice plan anticipated a sixty (60) day opt-out period. ECF 138 at 6. The notice also provided that the parties would agree to the identity of the class notice administrator, subject to Court approval. ECF 138 at 3. The order provided that class notice documents "will be translated into Spanish and other



AKERMAN LLP
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

languages corresponding to the countries in which a significant portion of the Class Members reside." In the event that mail was returned as undeliverable, the order instructed the class notice administrator to use the best efforts to obtain corrected addresses and re-mail the class notices. ECF 138 at 5. The notice plan also provided for a myriad of publication notice formats including Google Display Network, Facebook Audience Exchange Ad Network, Instagram, and Twitter—which would be tailored based upon the "make-up of the class list." 138 at 6. Additionally, the notice plan required a dedicated website and a toll-free phone number with live call center support in "appropriate languages that Class Members may call for additional information about this deadline." Finally, the plan detailed a procedure for tracking opt-outs: fifteen (15) days after the opt-out deadline, class counsel was to file a report with the Court about which individuals opted out.

GEO did not oppose a class notice consistent with the plan submitted to the Court, and noted that it reserved any objections it may have in the event that the actual notice as disseminated does not satisfy the requirements of Fed. R. Civ. P. 23(c)(2)(B). Following the oral argument on the Motion to Amend Notice, the Court's advisory order, and Plaintiffs' filing of the Plaintiffs' Amended Notice Plan—GEO now objects that the amended notice, which departs from that agreed upon a year ago, does not satisfy the requirements of Rule 23 nor the constraints of constitutional due process.

## II. PLAINTIFFS' PROPOSED NOTICE PLAN

Plaintiffs now propose reducing the notice period to a period of thirty (30) days, beginning on January 24, 2020 and ending on February 24, 2020. Under the proposed plan, GEO will not know the identity of the opt-outs until trial has begun, and the Court will not have that information until sometime thereafter. Plaintiffs' proposed plan eliminates mailed notice to all individuals other than those who remain detained. Plaintiffs propose publication notice via social media ads, press releases, and radio advertisements. Plaintiffs also propose posting notice in "conspicuous areas" of the Northwest Ice Processing Center ("NWIPC").

Plaintiffs propose providing radio notice as follows:



AKERMAN LLP
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

- 28 spots airing on News-Talk radio in Mexico City, Mexico
- 28 spots airing on News-Talk radio in Guadalajara, Mexico
- 28 spots airing on Ranchero/Entertainment radio in San Salvador, El Salvador
- 28 spots airing on Ranchero/News radio in Guatemala City, Guatemala
- 28 spots airing on News/Information radio in Tegucigalpa, Honduras

As such, radio notice will be limited to less than one radio ad per day on a single radio channel in each identified city. There will be *no* radio notice in the United States or non-Spanish speaking countries. Thus, the radio notice is incapable of being an adequate substitute to the mailed notice in the United States.

The proposed social media notice will "target Spanish-speaking adults" (18-55 years old) in Washington, Mexico, El Salvador, Guatemala, and Honduras, and 10-mile radius of cities along U.S./Mexico border. It will not provide notice broadly to those in the United States nor will it provide notice to non-Spanish speakers. Beyond social media, it is unclear where and when the proposed media notice will be published. What is clear is that it will not be provided in print, and therefore only individuals with access to the internet, and the requisite publications, will receive notice. GEO is unaware whether these publications will be blocked by paywalls.

Plaintiffs propose implementing their plan through JND, a notice administrator unilaterally chosen by Plaintiffs. Plaintiffs do not provide any explanation for how these methods are likely to reach class members, or how they will provide the best notice possible.

## III. OBJECTIONS TO THE ADEQUACY OF THE NOTICE PLAN

> "Given that class action procedures are conceptualized as an exception to the general rule that only parties to a lawsuit are legally bound by a final judgment, and that interested parties normally have a real voice in the strategy and management of the litigation, the procedure can be tolerated, if not completely justified, **only if there is fealty to both the spirit and the letter of the procedural rules, especially those relating to notice. Responsibility for compliance is placed primarily upon the active participants in the lawsuit, especially upon counsel for the class, for, in addition to the normal obligations of an officer of the court, and as counsel to parties to the litigation, class action counsel possess, in a very real sense, fiduciary obligations to those not before the court**. The ultimate responsibility of course is committed to the district court in whom, as the guardian of the rights



AKERMAN LLP
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

> of the absentees, is vested broad administrative, as well as adjudicative, power."

*Greenfield v. Villager Indus., Inc.*, 483 F.2d 824, 831–32 (3d Cir. 1973) (emphasis added).

**A. Notice Should be Mailed**.

Given the importance of notice to ensuring that any judgment is binding upon all class members, GEO believes that it is not appropriate to forego mailed notice in this circumstance. While Plaintiffs characterize the addresses as unworkable, GEO again disagrees. *All* information available was provided to Plaintiffs at their request.[1] As such, the list includes multiple addresses for many individuals. Those addresses consist of the information provided by class members to ICE. Where there are multiple addresses for each individual, the addresses are broken down by type, including, but not limited to, the following categories: Work, Mailing Address, Permanent Residence, Safe House, U.S. Address, Foreign Address, and Institution. Many of the duplicate addresses indicate that the individual is in "DHS Custody," with no street address, or provide the address for the NWIPC. A simple pivot table shows that only 23,704 of the addresses are for the United States, or just over two addresses per class member.[2] *Larson v. AT & T Mobility LLC*, 687 F.3d 109, 124 (3d Cir. 2012) ("[I]ndividual notice must be delivered to class members who can be reasonably identified, and that the costs required to actually deliver notice should not easily cause a court to permit the less satisfactory substitute of notice by publication."). This makes sense as, given the circumstances of their detention, every class member *should* have at least one address indicating where they are (or were) detained. When the "DHS Custody" addresses and NWIPC addresses are removed, the remaining addresses represent those which ICE and GEO has for individuals. GEO is not aware of any reason – other than class counsels' obvious attempt to avoid the costs associated with mailing notice – why these addresses are not sufficient to provide the best notice in the circumstances. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812, 105 S.

---

[1] Had GEO instead been asked to only provide the U.S. addresses of individuals, it would have avoided many of Plaintiffs' perceived deficiencies.

[2] These addresses are for approximately 8,900 different individuals.



**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

Ct. 2965, 2975, 86 L. Ed. 2d 628 (1985) ("[W]here a fully descriptive notice is sent first-class mail to each class member, with an explanation of the right to 'opt out,' satisfies due process."); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 175, 94 S. Ct. 2140, 2151, 40 L. Ed. 2d 732 (1974) (requiring mailed notice where there was "nothing to show that individual notice cannot be mailed to each.").

In its initial opposition to amending the class notice, GEO argued that the best approach would be to work with the class notice administrator to identify whether the list could be narrowed. This step would have, at a minimum, provided a neutral third party's position on the data, as opposed to the parties' diametrically opposed positions. At the time of the hearing, GEO had not received any additional information about whether the class list could be narrowed by the class notice administrator. To GEO's knowledge, Plaintiffs have not worked with a class notice administrator to identify whether the addresses provided by ICE and GEO can be narrowed using the National Change of Address system.[3] Indeed, this approach is regularly used by experienced class counsel and often narrows the number of missing or incomplete addresses. *See e.g.*, *Yue v. Conseco Life Ins. Co.*, No. CV 11-09506 AHM SHX, 2013 WL 5289743, at *5 (C.D. Cal. Mar. 6, 2013) (utilizing National Change of Address in notice process); *Bolton v. U.S. Nursing Corp.*, No. C 12-04466 LB, 2013 WL 2456564, at *5 (N.D. Cal. June 6, 2013) (same); *Sandoval v. Tharaldson Employee Mgmt., Inc.*, No. EDCV 08-482-VAP(OP), 2010 WL 2486346, at *3 (C.D. Cal. June 15, 2010) (utilizing National Change of Address database to narrow the missing or out-of-date addresses). And, GEO has confirmed that that the class notice administrator selected by Plaintiffs, JND, has these capabilities. *See* https://www.jndla.com/notice-program (last visited January 14, 2020) ("JND Class Action Administration can work with data from a variety of sources. We transcribe class member information from physical documents and utilize a variety of research tools to identify the most accurate and up-to-date address information for class members.").

---

[3] The U.S. Postal service maintains the National change of Address database and tracks individuals who have moved. *See* NCOA Processing, Experian, *available at* https://www.edq.com/services/ncoa-processing/.



**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

**B. If Notice is Not Mailed, Plaintiffs' Proposed Notice Should Be Modified.**

Should the Court eliminate mailed notice, GEO has significant concerns about how class notice will reach a significant portion of the class, and believes that whatever plan is ultimately implemented should be provided to GEO and the Court. On January 13, 2019, Plaintiffs provided GEO with the notice plan proposed by JND for the first time. GEO provided Plaintiffs with the proposals below, but Plaintiffs opposed any changes to the breadth or reach of the notice plan described below.

To comply with the commands of due process, each absent member of the class must receive *adequate* notice. This issue is, and should be of great importance to both GEO, Plaintiffs, and the Court. Without adequate notice, absent parties cannot be bound by a decision in favor of *either side*. *Faber v. Ciox Health, LLC*, 944 F.3d 593, 603 (6th Cir. 2019) ("[P]arties are not bound to class action judgments until given a full and fair opportunity to litigate."). Indeed, GEO has significant concerns about whether the proposed notice is adequate. While it does not appear that JND has analyzed the class list, GEO has reviewed the list and identified addresses for 124 different countries, both Spanish speaking and non-Spanish speaking. Of those, just over half are from Mexico, El Salvador, Honduras, and Guatemala (the countries which Plaintiff proposes to focus upon almost exclusively). Dec. of Barnacle, ¶¶ 4,5,8. The remainder includes individuals from Africa, India, China, and myriad of other countries. It appears that under this plan, Plaintiff Nwauzor, who is non-Spanish-speaking, would be excluded from the intended audience. Indeed, Transactional Records Access Clearing House ("TRAC") data, relied upon by Plaintiffs' expert Christopher Strawn, provides a similar snapshot of the demographics of the NWIPC. Dec. of Barnacle, ¶ 10, Exs. A, B, and C. In the class list provided by GEO, a significant number of class members provided United States addresses in addition to foreign addresses—thus mailed notice would have provided a broader reach than the now-proposed publication-only plan. Dec. of Barnacle, ¶ 9. Accordingly, GEO proposes the following modifications to the notice plan.

**C. Publication Notice (Non-Social Media)**

It is GEO's position that if mailed notice is eliminated (which it does not believe should



**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

occur), and the time to opt-out is reduced, publication notice should be effectuated through at least one (1) major United States newspaper to take the place of the previously proposed mailed United States notice. "[I]t is important to keep in mind that a significant portion of class members in certain cases may have limited or no access to email or the Internet." *Rosas v. Sarbanand Farms, LLC*, No. C18-0112-JCC, 2019 WL 859225, at *2 (W.D. Wash. Feb. 22, 2019) (quoting Fed. R. Civ. P. 23(c) Advisory Committee Notes). Because many individuals may not have access to the internet, and because class members identified addresses across the country, GEO believes publication notice should be included in at least one (1) major United States publication. Indeed, many major publications have frequently reported stories about this case.

**D. Publication Notice (Social Media).**

In addition to social media ads in the relevant Spanish-speaking countries, GEO asks that the social media notice (or other digital notice) be geared towards a nationwide audience to compensate for the elimination of mailed notice. This notice should not exclusively focus on Spanish speakers, but should also be directed at demographics likely to reach the non-Spanish speaking half of the class.

**E. Posted Notice.**

Plaintiffs propose posting notice inside the NWIPC. GEO has previously raised concerns about whether ICE will permit this posting. Plaintiffs have not provided any indication that they have cleared this procedure with ICE. Thus, to avoid additional delay stemming from obtaining ICE approval, GEO believes that long-form notice should be mailed to the individuals in the NWIPC.

**F. Opt-out Timing.**

Finally, while this Court has previously upheld a thirty (30) day opt out period, it did so where class members were afforded thirty (30) days to "postmark their opt-out requests." *See e.g., Pierce v. Novastar Mortg., Inc.*, No. C05-5835RJB, 2007 WL 1046914, at *2 (W.D. Wash. Apr. 2, 2007). Here, it is not clear the compressed timeline would provide putative class members thirty (30) days to postmark their opt-outs. Instead, it appears that any individual



**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

wishing to opt-out would need to mail their notice well before the opt-out deadline in order to ensure their notice is received prior to trial. Indeed, no judgment can be entered without specifying and describing those to whom notice was directed, those who did not request exclusion, and those whom the Court finds to be class members. Rule 23(c)(3)(B). Thus, the notice timing raises serious questions about whether it will afford due process, particularly given that the group of putative plaintiffs may be located abroad and mailing may be significantly delayed. GEO maintains that the original sixty (60) day notice period is necessary to ensure the best notice possible, and hence due process, in this case.

## IV. OBJECTIONS TO THE TIMING OF THE NOTICE PLAN

"The purpose of Rule 23(c)(2) is to ensure that the plaintiff class receives notice of the action well before the merits of the case are adjudicated." *Schwarzschild v. Tse*, 69 F.3d 293, 295 (9th Cir. 1995); *Darrington v. Assessment Recovery of Washington, LLC*, No. C13-0286-JCC, 2014 WL 3858363, at *3 (W.D. Wash. Aug. 5, 2014). "[T]he notice requirement for 23(b)(3) class actions is rooted in due process and clearly mandatory under Rule 23(c)(2)(B)", *Brown v. Colegio de Abogados de Puerto Rico*, 613 F.3d 44, 51 (1st Cir. 2010) (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 176 (1974). "Ultimately, class notice should be completed before dispositive motions are decided." *McCurley v. Royal Seas Cruises, Inc.*, No. 17-CV-00986-BAS-AGS, 2019 WL 3817970, at *4 (S.D. Cal. Aug. 14, 2019). As the Ninth Circuit has explained, when Rule 23 was drafted,

> [m]any commentators objected that one-way intervention had the effect of giving collateral estoppel effect to the judgment of liability in a case where the estoppel was not mutual. This was thought to be unfair to the defendant. To meet the point that one-way intervention was unfair to the defendant, the Advisory Committee on the Federal Rules concluded that class members should be brought in prior to the determination of defendant's liability, thus making the estoppel mutual.

*Schwarzschild*, 69 F.3d at 295 (quoting *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 759 (3d Cir. 1974)); *see also* Advisory Committee Notes to 1966 Amendments to Rule 23 ("Under ... subdivision (c)(3), one-way intervention is excluded"). "The doctrine is 'one-way' because a plaintiff would not be bound by a decision that favors the defendant but could decide to benefit



AKERMAN LLP
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

from a decision favoring the class. After amendment, the rule no longer left defendants vulnerable, as the California Supreme Court has vividly analogized, to 'being pecked to death by ducks.'" *Villa v. San Francisco Forty-Niners, Ltd.*, 104 F. Supp. 3d 1017, 1021 (N.D. Cal. 2015) (citations omitted). Without the one-way intervention doctrine, "one plaintiff could sue and lose; another could sue and lose; and another and another until one finally prevailed; then everyone else would ride on that single success." *Id.* Accordingly, the rule stands for the proposition that "a decision rendered by the district court before a class has been properly certified and notified is not binding upon anyone but the named plaintiffs." *Schwarzschild*, 69 F.3d at297 at n.5.

But, this rule is not absolute. Where a defendant moves for and obtains summary judgment before the class has been properly notified, the defendant waives the right to have notice sent to the class and the decision binds only the named plaintiffs. *Id.* This is because where a defendant moves before class certification, the defendant assumes the risk that a judgment will not have the effect of res judicata on the absent class members *Id.* "And Rule 23(b)(3) class certification cannot bind a class without providing adequate notice as required by the Due Process Clause." *Faber v. Ciox Health, LLC*, 944 F.3d 593, 603 (6th Cir. 2019). Furthermore, "class certification remains functionally incomplete until class members receive notice." *Id.* Where a class is certified, summary judgment is later granted, but notice has not been sent out—there is little chance that notice could be effective. *Id.* "Rule 23(C)(2)(B)(iv) requires that the notice inform class members that they "may enter an appearance through an attorney if [they] . . . so desire [] . . . that Rule is largely pointless if a district court grants summary judgment before notifying the class." *Id.* at 604.

Here, notice has not been sent and summary judgment will be briefed before notice is even sent out. This places the parties squarely within the *Faber* circumstances. To be sure, this delay was avoidable. Plaintiffs had a class notice plan in place since early 2019. And, they had the list of addresses needed since April 29, 2019. There is no question that those addresses came *directly from* ICE. Nor was there any question that there was not additional information to gather. At that time, and anytime thereafter, Plaintiffs should have simply effectuated the notice



**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

plan, as ordered by the Court. Or, at a minimum, they could have filed their Motion to Amend the Notice Plan long before the summary judgment deadline.[4] Alternatively, they could have arranged for publication notice, radio notice, and social media notice while the issue of mailed notice was resolved—to ensure all absent parties would have the benefit of due process. They did not do either and their inexplicable delay now poses a serious threat of the significant issues identified herein.

As GEO has not waived its right to have a judgment that is binding upon all absent class members,[5] this rule raises two questions with respect to the timing of the instant motion: First, should this Court reserve ruling upon Plaintiffs' motion for summary judgment until after notice has gone out (but before trial begins) to ensure any judgment is binding upon the entire class? *Bhattacharya v. Capgemini N. Am., Inc.*, 324 F.R.D. 353, 367 (N.D. Ill. 2018) ("the Court defers ruling on the parties' pending cross-motions for summary judgment to allow time for class members to receive notice of the action and to avoid running afoul of the rule against one-way intervention."). And, second, if summary judgment will be fully briefed before notice is sent out, will the notice to plaintiffs meaningfully comply with Rule 23? *Kleiner*, 751 F.2d at 1202 ("[I]ndividual class members are entitled to intervene as of right.") As this Court has broad discretion in managing the class procedures under Rule 23, GEO respectfully requests that the Court clarify whether any ruling on the motions for summary judgment will bind the class or only the current parties to the litigation.

---

[4] Indeed, the original summary judgment deadline was December 15, 2019. The issue of amending the notice plan should have been raised with sufficient time before *that* deadline to allow for a sixty (60) day notice plan and conferral between the parties.

[5] At oral argument, Plaintiffs argued that GEO had filed summary judgment multiple times in this action and therefore had "waived" their right to force Plaintiffs to send notice. GEO did not move for summary judgment multiple times in this case. In fact, Plaintiffs emphasized this fact to their advantage when responding to the Court's proposed Order in the State of Washington case stating that "[b]riefing on summary judgment has not yet commenced in this action." ECF 189 at 1. Further, GEO did not move for summary judgment prior to class a ruling on class certification (although it did do so before notice was sent out to meet the deadlines in this case.). Thus, GEO has not waived its right to notice. In contrast, Plaintiffs have filed a motion for summary judgment in advance of notice going out. Such a procedure carries with it two risks: (1) that the ruling is binding only upon the named Plaintiffs or (2) that their motion should be denied as procedurally improper.



**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

**CONCLUSION**

For the foregoing reasons, Plaintiffs' motion to amend the notice plan should be denied.

Respectfully submitted, this 15th day of January, 2020.

By: *s/ Colin L. Barnacle*
**AKERMAN LLP**
Colin L. Barnacle (Admitted *pro hac vice*)
Ashley E. Calhoun (Admitted *pro hac vice*)
Adrienne Scheffey (Admitted *pro hac vice*)
Allison N. Angel (Admitted *pro hac vice*)
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: (303) 260-7712
Facsimile: (303) 260-7714
Email: colin.barnacle@akerman.com
Email: ashley.calhoun@akerman.com
Email: adrienne.scheffey@akerman.com
Email: allison.angel@akerman.com

By: *s/ Joan K. Mell*
**III BRANCHES LAW, PLLC**
Joan K. Mell, WSBA #21319
1019 Regents Boulevard, Suite 204
Fircrest, Washington 98466
Telephone: (253) 566-2510
Facsimile: (281) 664-4643
Email: joan@3brancheslaw.com

*Attorneys for Defendant The GEO Group, Inc.*

**PROOF OF SERVICE**

I hereby certify on the 15th day of January, 2019, pursuant to Federal Rule of Civil Procedure 5(b), I electronically filed and served the foregoing **DEFENDANT THE GEO GROUP, INC.'S OBJECTIONS TO PLAINTIFFS' PROPOSED AMENDED NOTICE PLAN** via the Court's CM/ECF system on the following:

**SCHROETER GOLDMARK & BENDER**
Adam J. Berger, WSBA #20714
Lindsay L. Halm, WSBA #37141
Jamal N. Whitehead, WSBA #39818
Rebecca J. Roe, WSBA #7560
810 Third Avenue, Suite 500
Seattle, Washington 98104
Telephone: (206) 622-8000
Facsimile: (206) 682-2305
Email: hberger@sgb-law.com
Email: halm@sgb-law.com
Email: whitehead@sgb-law.com
Email: roe@sgb-law.com

**THE LAW OFFICE OF R. ANDREW FREE**
Andrew Free (Admitted *Pro Hac Vice*)
P.O. Box 90568
Nashville, Tennessee 37209
Telephone: (844) 321-3221
Facsimile: (615) 829-8959
Email: andrew@immigrantcivilrights.com

**OPEN SKY LAW PLLC**
Devin T. Theriot-Orr, WSBA #33995
20415 72nd Avenue S, Suite 100
Kent, Washington 98032
Telephone: (206) 962-5052
Facsimile: (206) 681-9663
Email: devin@openskylaw.com

**MENTER IMMIGRATION LAW, PLLC**
Meena Menter, WSBA #31870
8201 164th Avenue NE, Suite 200
Redmond, Washington 98052
Telephone: (206) 419-7332
Email: meena@meenamenter.com

*Attorneys for Plaintiffs*

*s/ Nick Mangels*
Nick Mangels