The Honorable Robert J. Bryan

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA**

| | |
|---|---|
| UGOCHUKWU GOODLUCK NWAUZOR, FERNANDO AGUIRRE-URBINA, individually and on behalf of all those similarly situated,<br><br>　　　Plaintiffs/Counter-Defendants,<br><br>v.<br><br>THE GEO GROUP, INC.,<br><br>　　　Defendant/Counter-Claimant. | Case No.: 3:17-cv-05769-RJB<br><br>**DEFENDANT THE GEO GROUP, INC.'S REPLY IN SUPPORT OF MOTION TO EXCLUDE EXPERT TESTIMONY OF JEFFREY MUNSON**<br><br>**NOTE ON MOTION CALENDAR:**<br>Date:  January 17, 2020 |

DEFENDANT THE GEO GROUP, INC.'S REPLY IN SUPPORT OF MOTION TO EXCLUDE EXPERT TESTIMONY OF JEFFREY MUNSON
(3:17-CV-05769-RJB)

51613607;3

**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  303-260-7712

Pursuant to Local Rule 16(b)(4) and Federal Rule of Evidence 702, The GEO Group, Inc. ("GEO") respectfully submits its reply in support of its motion to exclude the expert testimony of Jeffrey Munson.

## INTRODUCTION

In their response, Plaintiffs provide no authority for their position that an individual who is trained in Psychology, not mathematical calculations, is qualified to provide expert testimony in the area of damages. Thus, on that basis alone Dr. Munson should be excluded. Yet, even if the Court concludes Dr. Munson is qualified, which it should not, his analysis is riddled with flaws which render it inadmissible. Critically, here, whether Dr. Munson's testimony is helpful to the jury turns on whether his methods were reliable. Dr. Munson cannot demonstrate that his methods or calculations are reliable because he did not look critically at the data he utilized, nor did he consider whether it was an adequate foundation for his opinion. Instead, he relied upon the number provided to him by Plaintiffs' counsel (without considering the context of the same), conducted no analysis of the veracity of that number, and then merely executed multiplication. Because he cannot explain the basis for choosing the numbers he did in conducting his calculations and because he did not apply any specialized knowledge in carrying out those calculations, his opinions would not be helpful to the jury. Accordingly, Dr. Munson's testimony should be excluded under Federal Rule of Evidence 702.

## ARGUMENT

**A.     Dr. Munson's Prior Testimony Does not Qualify Him To Be an Expert in this Case.**

This is not the first time Dr. Munson has relied wholesale on the assumptions of counsel, without any independent analysis or scrutiny. Recently, the Western District of Washington aptly described the myriad of deficiencies in Dr. Munson's "expert" opinions, with the following preface: "It is difficult to know where to begin in describing the lack of rigor demonstrated" by Dr. Munson. *Southwell v. Mortg. Inv'rs Corp. of Ohio*, No. C13-1289 MJP, 2014 WL 3956699, at *3 (W.D. Wash. Aug. 12, 2014). In *Southwell*, much like here, Dr. Munson had "no idea what the numbers represent[ed] and no independent opinion on whether

DEFENDANT THE GEO GROUP, INC.'S REPLY IN
SUPPORT OF MOTION TO EXCLUDE EXPERT
TESTIMONY OF JEFFREY MUNSON
(3:17-CV-05769-RJB) – PAGE 1

51613607;3

AKERMAN LLP
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

they [were] accurate representations of what Plaintiffs purport them to mean. (Munson Depo, p. 51.) ('All my work was an assertion I was given by plaintiffs' counsel, so I have no support one way or another for, you know, sort of no legal opinion or assumption about the validity of the assumptions I was provided.')". *Id*. Likewise, "whatever his qualifications as a statistical analyst, Plaintiff's expert had no expertise in the [substantive law]." *Id.* The same concerns expressed by the Court in *Southwell* are present here.

Indeed, Dr. Munson has no expertise in the substantive law here. And, the mere fact that he has testified in other cases is not relevant where he provides discrete opinions in each case. *Bixby v. KBR, Inc.*, No. 3:09-CV-632-PK, 2012 WL 12952722, at *2 (D. Or. Aug. 29, 2012) ("The fact that a witness may be qualified as an expert with respect to one given area of inquiry does not imply that the same witness is qualified as an expert with respect to any other discrete area of inquiry, and qualification as an expert does not authorize the courts to permit a witness to offer expert testimony within any area of inquiry with respect to which the witness is not so qualified."). Instead, what is relevant is whether his background provides any basis for his purported expertise in calculating lost wages. Here, Dr. Munson's lack of training in mathematical methods, employment, minimum wage rates, or any other area relevant to this case provides a sufficient basis for a Court to disqualify him as an expert. *See Samuels v. Holland Am. Line-USA Inc.*, 656 F.3d 948, 953 (9th Cir. 2011) (finding that a proffered travel industry expert was not in the position to testify about the customs of the cruise line business specifically because he never worked in the cruise industry); *see also Lujan v. Cooper Tire & Rubber Co.*, No. CIV. 06-173RHS/KBM, 2008 WL 7489095, at *2 (D.N.M. June 13, 2008) (excluding testimony where the proponent lacked the relevant background to provide expert opinion on certain damages). While Plaintiffs argue that Dr. Munson's experience with "statistical analysis" allows him to testify as an expert in this case (ECF 237 at 1,2, 5), Dr. Munson himself unequivocally stated that he *did not* utilize any statistical analysis in this case. Dec. of Barnacle, Ex, 1, 62:15-16. Indeed, Dr. Munson made clear that he "wasn't commenting about anything statistical" in discussing his analysis. Munson 62:11-13; *see also* Munson 17:17-21 ("My work

---

| DEFENDANT THE GEO GROUP, INC.'S REPLY IN SUPPORT OF MOTION TO EXCLUDE EXPERT TESTIMONY OF JEFFREY MUNSON (3:17-CV-05769-RJB) – PAGE 2 | **AKERMAN LLP** 1900 Sixteenth Street, Suite 1700 Denver, Colorado 80202 Telephone: 303-260-7712 |
|---|---|

51613607;3

as an expert in legal arena . . . [is] not applying statistical methods to draw inferences from that data."). And, despite Plaintiffs' misrepresentations, Dr. Munson also made clear that he *does not* have the ability to compile information from various sources into a single estimate in order to assist the jury. Munson 53:14-17 ("[G]iven the scope of my work, I would never be in a position to -- to independently verify the validity of any estimate and would simply, you know, in my work wish to take the -- the information I'm provided and, you know -- and implement that."). Therefore, because Dr. Munson is not qualified to provide expert testimony *in this case*, any qualifications that allowed him to testify previously are irrelevant.

**B.    Dr. Munson's Failure to Review the Documents in This Case Renders His Testimony Unhelpful and Unreliable.**

Even if a qualified expert's testimony is relevant, such testimony is only admissible to the extent it rests on "sufficient facts or data." Fed. R. Evid. 702(b). The facts and data underlying an expert's opinion are insufficient, and his opinion is inadmissible, where the opinion rests on assumptions unsupported or belied by the facts in the record. *See McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 806–807 (9th Cir. 1988). Here, Dr. Munson's testimony is belied by facts in the record and is therefore inadmissible.

In their opposition, Plaintiffs concede that "Exhibit 20" does not exist in a vacuum, but instead, must be considered in the context of relevant testimony. To that end, Plaintiffs submit the testimony of Michael Heye and Bruce Scott as context for the meaning of "Exhibit 20". Dec. of Whitehead ¶¶ 5,6. Yet, in doing so, Plaintiffs bolster GEO's position. Dr. Munson *never considered* any testimony in this case, let alone that of Heye and Scott. Munson at 41, 44, 52. Had he done so, he would have realized that the testimony undermines his understanding of Exhibit 20—rendering his conclusions inadmissible as they are undermined by the facts in the record. Dec. of Barnacle, Ex. 1 at 47 (testimony of Dr. Munson demonstrating he had no knowledge about what the figures in Exhibit 20 represented). Mr. Heye testified, consistent with Mr. Kimble, that Exhibit 20 represented "how many assignments total there *could be* in each section." Dec. of Whitehead, Ex. 2 at pg. 5. It did not represent how many assignments *on*

DEFENDANT THE GEO GROUP, INC.'S REPLY IN SUPPORT OF MOTION TO EXCLUDE EXPERT TESTIMONY OF JEFFREY MUNSON (3:17-CV-05769-RJB) – PAGE 3

51613607;3

**AKERMAN LLP**

1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

1 *average* there were in the Northwest Ice Processing Center (NWIPC). Instead, Exhibit 20 (as described by the witnesses) represented the *maximum* or *highest* number of participants on any given day *could* have been 470. It did not represent a reliable average number of participants, nor did it represent the number of participants shown in Dr. Munson's calculations.

In direct contrast to Exhibit 20, Dr. Munson's calculations show that in October 2014, there were approximately 365 participants in the VWP each day, over a hundred less than the number he relied upon. Declaration of Barnacle, Ex. 2 at 7 (number reached by dividing 11,306 total participants by 31 days). Likewise, in May 2015, there were approximately 369 participants in the VWP. *Id.* (same methodology). Given the significant deviation from the number Dr. Munson relied upon, there is no basis for his ultimate opinion. Dr. Munson conceded that if there were fewer workers, the "overall average would drop accordingly." Munson 52:7-8. While Dr. Munson acknowledged that if there were fewer workers it would change his mathematical calculations (and his report showed that there were *in fact* fewer workers), Dr. Munson inexplicably made "no attempt to account for that in [his] report." Munson 69:10-12.

Further, Dr. Munson's testimony will not be helpful to the jury because he has no understanding about what the numbers he relies upon represent. As Dr. Munson made clear in his deposition, he is unable to explain the significance of Exhibit 20. Most basically, Dr. Munson did not know if there were different positions in the Voluntary Work Program ("VWP") (a fact that is common knowledge in this lawsuit and *explicitly laid out* in Exhibit 20) or how those positions were reflected in the data upon which he relied.[1] Munson 49:1-9 (testifying that he did not know what notations on the document represented, nor did he make any effort to determine what they meant). Nor did he know anything about the typical length of a VWP shift. GEO testified that "most voluntary work program assignments only last 30

---

[1] Plaintiffs' brief details what each number represented based upon the testimony of various individuals. The fact that Plaintiffs understand the facts does not compensate for Dr.Munson's inability to describe even the most basic details as they relate to Exhibit 20.

DEFENDANT THE GEO GROUP, INC.'S REPLY IN SUPPORT OF MOTION TO EXCLUDE EXPERT TESTIMONY OF JEFFREY MUNSON (3:17-CV-05769-RJB) – PAGE 4

51613607;3

**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

1  minutes." Dec. of Whitehead, Ex. 3 at 5. Additionally, there is ample record evidence about
2  approximately how many individuals participated in each position. With those data points, Dr.
3  Munson could have filled in the gaps in his knowledge. Yet, he did not review any evidence in
4  this case and therefore cannot helpfully summarize the data presented. This inability to describe
5  the underlying data is likely to only confuse and mislead the jury.

6  Dr. Munson's deficiencies cannot be explained away by arguing that he relied upon the
7  best data available to him. Superior data <u>was</u> available to Plaintiffs and Dr. Munson prior to the
8  deadline for the submission of his report.[2] Indeed, Dr. Munson testified that the documents
9  produced prior to his report had specific information for each day for how many detainees
10 worked and in what position. Munson 69:13-15. Dr. Munson conceded that the information in
11 those documents "would be more accurate" than Exhibit 20. Munson 69:24. But, he did not
12 include that in his report.[3] Certainly, a review of voluminous data compiled into an easily
13 digestible report, could have been helpful to the jury. But, Dr. Munson did not do that here.
14 Instead, he relied upon a single number, with no context, and applied that *single* number to the
15 minimum wage without any independent analysis. This is no more helpful than if GEO hired an
16 expert to simply assume every shift was 15 minutes, based upon out-of-context testimony from
17 certain detainees. As here, this hypothetical testimony would not help the jury as it improperly
18 elevates a speculative theory to expert testimony. Thus, Dr. Munson's testimony should be
19 excluded.
20 ///

---

[2] Dr. Munson testified that Exhibit 369, which was produced to Plaintiffs long before the expert deadline, contained specific data about each shift, which, if considered, would have allowed him to perform a damages analysis with "no estimate required." Dec. of Barnacle, Ex. 1 at 39.

[3] Plaintiffs' counsel also attempts to detract from the motion at hand by arguing that certain documents were not timely produced and that, therefore, Dr. Munson intends to supplement his report sometime between now and trial. GEO vigorously disputes Plaintiffs' mischaracterization of the discovery in this case. And, in fact, Dr. Munson admitted during his deposition that documents containing individual data, which had been produced months before his report was due, would have helped his analysis but had not been provided to him by his counsel. Munson 55-57. Thus, any delay in Dr. Munson reviewing the documents was not due to discovery delays by GEO, but rather because Plaintiffs delayed providing the documents to him. As such, GEO would certainly oppose any attempt to now supplement the report after the deadline, but, that issue is not currently before the Court.

DEFENDANT THE GEO GROUP, INC.'S REPLY IN SUPPORT OF MOTION TO EXCLUDE EXPERT TESTIMONY OF JEFFREY MUNSON (3:17-CV-05769-RJB) – PAGE 5

AKERMAN LLP
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

51613607;3

**C.   Dr. Munson's Opinions Do Not Require Specialized Knowledge.**

In their briefing, Plaintiffs concede that they intend to use Dr. Munson as no more than a "human calculator" at trial. ECF 237 at 1. Generally under Rule 702, "expert testimony is helpful to the jury if it concerns matters beyond the common knowledge of the average layperson and is not misleading." *Moses v. Payne*, 555 F.3d 742, 756 (9th Cir. 2009). In other words, expert testimony is admitted when it explains complex or technical evidence that a jury would not be able to otherwise decipher on its own. Here, based on Dr. Munson's testimony, a jury, relying on its common experience is more than capable of calculating whatever damages are ultimately at issue. Therefore, Dr. Munson's testimony is inadmissible under Rule 702.

Dr. Munson further concedes that his analysis "at the end of the day, just arithmetic … and multiplication." Munson Dep. 36:15-18. Indeed, he explained that the "mathematical operation is—is straightforward and simple. Anyone implementing these assumptions would use those mathematical operations." *Id.* 37:5-8; 63:2-10 ("here I'm simply adding . . ."). And, no specialized knowledge is required to perform this arithmetic. *Id.* In the end, all Dr. Munson did was make an ultimate determination about how many hours each VWP participant worked (without context) that the jury will ultimately decide (with context). Because Dr. Munson did not consider the evidence in context, and because he does not offer any analysis based upon his expertise, the decision about how many hours, on average, a detainee works can and should be left to the jury. *United States v. Vallejo*, 237 F.3d 1008, 1019 (9th Cir. 2001) (holding that expert testimony is not helpful to a jury, and thus not relevant, when it addresses an issue that is within "the common knowledge of the average layman.").

## **CONCLUSION**

For the foregoing reasons, this Court should grant GEO's motion to exclude Jeffery Munson's testimony.

///

///

///

DEFENDANT THE GEO GROUP, INC.'S REPLY IN SUPPORT OF MOTION TO EXCLUDE EXPERT TESTIMONY OF JEFFREY MUNSON (3:17-CV-05769-RJB) – PAGE 6

51613607;3

AKERMAN LLP
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

Respectfully submitted, this 16th day of January, 2020.

By: *s/ Colin L. Barnacle*
**AKERMAN LLP**
Colin L. Barnacle (Admitted *pro hac vice*)
Christopher J. Eby (Admitted *pro hac vice*)
Ashley E. Calhoun (Admitted *pro hac vice*)
Adrienne Scheffey (Admitted *pro hac vice*)
Allison N. Angel (Admitted *pro hac vice*)
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  (303) 260-7712
Facsimile:   (303) 260-7714
Email:  colin.barnacle@akerman.com
Email:  christopher.eby@akerman.com
Email:  ashley.calhoun@akerman.com
Email:  adrienne.scheffey@akerman.com
Email:  allison.angel@akerman.com

By: *s/ Joan K. Mell*
**III BRANCHES LAW, PLLC**
Joan K. Mell, WSBA #21319
1019 Regents Boulevard, Suite 204
Fircrest, Washington 98466
Telephone: (253) 566-2510
Facsimile:   (281) 664-4643
Email:  joan@3brancheslaw.com

*Attorneys for Defendant The GEO Group, Inc.*

DEFENDANT THE GEO GROUP, INC.'S REPLY IN SUPPORT OF MOTION TO EXCLUDE EXPERT TESTIMONY OF JEFFREY MUNSON
(3:17-CV-05769-RJB) – PAGE 7

51613607;3

**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  303-260-7712

# PROOF OF SERVICE

I hereby certify on the 16th day of January, 2020, pursuant to Federal Rule of Civil Procedure 5(b), I electronically filed and served the foregoing **DEFENDANT THE GEO GROUP, INC.'S REPLY IN SUPPORT OF MOTION TO EXCLUDE EXPERT TESTIMONY OF JEFFREY MUNSON** via the Court's CM/ECF system on the following:

**SCHROETER GOLDMARK & BENDER**
Adam J. Berger, WSBA #20714
Lindsay L. Halm, WSBA #37141
Jamal N. Whitehead, WSBA #39818
Rebecca J. Roe, WSBA #7560
810 Third Avenue, Suite 500
Seattle, Washington 98104
Telephone: (206) 622-8000
Facsimile:  (206) 682-2305
Email:  hberger@sgb-law.com
Email:  halm@sgb-law.com
Email:  whitehead@sgb-law.com
Email:  roe@sgb-law.com

**THE LAW OFFICE OF R. ANDREW FREE**
Andrew Free (Admitted *Pro Hac Vice*)
P.O. Box 90568
Nashville, Tennessee 37209
Telephone: (844) 321-3221
Facsimile:  (615) 829-8959
Email:  andrew@immigrantcivilrights.com

**OPEN SKY LAW PLLC**
Devin T. Theriot-Orr, WSBA #33995
20415 72nd Avenue S, Suite 100
Kent, Washington 98032
Telephone: (206) 962-5052
Facsimile:  (206) 681-9663
Email:  devin@openskylaw.com

**MENTER IMMIGRATION LAW, PLLC**
Meena Menter, WSBA #31870
8201 164th Avenue NE, Suite 200
Redmond, Washington 98052
Telephone: (206) 419-7332
Email:  meena@meenamenter.com

*Attorneys for Plaintiffs*

                                        *s/ Nick Mangels*
                                        Nick Mangels

PROOF OF SERVICE
(3:17-CV-05769-RJB) – PAGE 8

AKERMAN LLP
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  303-260-7712

51613607;3