The Honorable Robert J. Bryan

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| UGOCHUKWU GOODLUCK NWAUZOR, FERNANDO AGUIRRE-URBINA, individually and on behalf of all those similarly situated,<br><br>Plaintiffs/Counter-Defendants,<br><br>v.<br><br>THE GEO GROUP, INC.,<br><br>Defendant/Counter-Claimant. | Case No.: 3:17-cv-05769-RJB<br><br>**DEFENDANT THE GEO GROUP, INC.'S REPLY IN SUPPORT OF MOTION TO EXCLUDE EXPERT TESTIMONY OF CHRISTOPHER STRAWN**<br><br>**NOTE ON MOTION CALENDAR:**<br>Date: January 17, 2020 |

DEFENDANT THE GEO GROUP, INC.'S REPLY IN SUPPORT OF MOTION TO EXCLUDE EXPERT TESTIMONY OF CHRISTOPHER STRAWN (3:17-CV-05769-RJB)

**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

51659943;2

Pursuant to Local Rule 16(b)(4) and Federal Rule of Evidence 702, The GEO Group, Inc. ("GEO") respectfully submits its reply in support of its motion to exclude the expert testimony of Christopher Strawn.

## INTRODUCTION

In their response, Plaintiffs claim that "[i]mmigration law underlies the entire case." ECF 236 at 2. Yet, Plaintiffs' *only* claim is this case is whether detainees are "employees" under Washington law. RCW 49.46.010; ECF 1. While Plaintiffs argue that "[c]omprehending, for example, why the Plaintiffs are housed at Defendant's facility requires a basic knowledge of the notoriously complex U.S. immigration system," this is clearly not true. ECF 236 at 2. A layperson can easily comprehend that some individuals are detained pending immigration proceedings—without expert testimony. In fact, this is the frequent subject of news articles and other publications addressing immigration policy in this country. And, *why* individuals are detained plays no role whatsoever in whether they are considered employees or not. Plaintiffs' response fails to provide any explanation why this information is relevant at all to their claim under the Washington Minimum Wage Act. Put simply, the intricacies of the U.S. immigration system are not relevant to the issues that will be presented at trial. Accordingly, under Federal Rule of Evidence 702, Mr. Strawn's testimony should be excluded.

## ARGUMENT

### A. Mr. Strawn's Testimony is not Relevant.

"[A]n expert's testimony must 'logically advance[ ] a material aspect of the party's case." *Easton v. Asplundh Tree Experts, Co.*, No. C16-1694RSM, 2017 WL 4005833, at *4 (W.D. Wash. Sept. 12, 2017). "Expert testimony which does not relate to any issue in the case is not relevant, and, ergo, non-helpful." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 591 (1993). Here, Mr. Strawn's summary of the U.S. immigration system is not relevant to whether individuals are "employees" under RCW 49.46.010.

Plaintiffs recently submitted their summary judgment briefing, and in it, they made clear that their only claim for trial is whether detainees are employees. ECF 221. Their motion for

DEFENDANT THE GEO GROUP, INC.'S REPLY IN SUPPORT OF MOTION TO EXCLUDE EXPERT TESTIMONY OF CHRISTOPHER STRAWN (3:17-CV-05769-RJB) – PAGE 1

51659943;2

AKERMAN LLP
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

summary judgment relies upon a number of factors, none of which involve a detainee's immigration status or reason underlying detention. *Id.* Indeed, Mr. Strawn's report is not cited, nor is its subject matter referenced. Furthermore, at the recent pretrial conference, Plaintiffs' counsel explained that, to prove their case, they would introduce testimony of GEO employees and detainees. They did not mention the need for any testimony about the contours of the immigration system. Thus, his testimony is clearly not relevant to Plaintiffs' claim.

Nevertheless, Plaintiffs provide a *single* reason for why they believe Mr. Strawn's opinions are relevant in this case. They argue that Mr. Strawn's testimony is "necessary to allow the jury to fully understand the evidence," including specifically "why the Plaintiffs are housed at Defendant's facility." ECF 236 at 2. Yet, in spite of this contention, Mr. Strawn's opinion does not do anything to explain *why* individuals are detained. Rather, it presupposes that they are, stating that "[d]etained persons at NWDC await legal proceedings to determine whether they will be deported . . ." Dec. of Barnacle, Ex. 1 at 3. Mr. Strawn in no way explains *why* an individual might be detained. *Id.* Likely, Mr. Strawn intentionally omitted this information, as in many cases, the reason for an individual's detention may involve criminal charges or other background information that is not relevant to whether those individuals are "employees," and would serve only to inflame the jury. Thus, Plaintiffs' proffered reason for Mr. Strawn's testimony is unpersuasive. Even if Mr. Strawn provided information about why individuals are detained, it would not be relevant to whether they are employees under the Washington Minimum Wage Act.

In a footnote, Plaintiffs make a conclusory argument that Mr. Strawn's testimony is relevant to whether, as a matter of law, GEO could hire detainees. This misstates Mr. Strawn's testimony. Mr. Strawn provides no opinion about whether detainees are eligible to work for GEO, a federal contractor. Nor does Mr. Strawn offer any opinion about what effect obtaining a work permit would have on a detainee's ability to work while confined. *See* Dec. of Barnacle, Ex. 1, at 6. In fact, Mr. Strawn instead states that "very few detainees ever apply for work authorization while detained because they are not able to work outside the NWDC." *Id.* Indeed,

DEFENDANT THE GEO GROUP, INC.'S REPLY IN SUPPORT OF MOTION TO EXCLUDE EXPERT TESTIMONY OF CHRISTOPHER STRAWN (3:17-CV-05769-RJB) – PAGE 2

51659943;2

AKERMAN LLP

1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

Mr. Strawn's report does not support Plaintiffs' statement that GEO could lawfully hire detainees as employees. *Id.* Thus, Mr. Strawn's report is wholly irrelevant and should be excluded.

### B. Mr. Strawn's Testimony Will Confuse a Jury.

Instructing the jury as to the law is in the "distinct and exclusive province of the Court." *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008); *see also Davis v. Mason County*, 927 F.2d 1473 (9th Cir. 1991). In purporting to be a legal authority on whether immigrants may be "work authorized," Mr. Strawn's testimony is likely to confuse a jury tasked with determining whether detainees are considered "employees" under Washington law. Certainly, testimony from an attorney that various individuals could be work authorized, and therefore an employee generally, is likely to mislead a jury. *Hufnagel v. McGraw-Hill Companies, Inc.*, No. 2:12-CV-0579-SAB, 2014 WL 12527209, at *6 (E.D. Wash. July 24, 2014) ("[T]he district court should exclude otherwise admissible expert testimony if it would confuse or mislead the jury").

Further, Mr. Strawn's analysis is not related at all to Washington law, but instead focuses on federal laws. As federal employment laws have not been raised in this case, the jury will not be instructed on any differences between federal law and Washington law, or on federal law at all. And, providing the jury with expert testimony that various individuals are or could be "work authorized" under federal law will likely confuse the issues. Indeed, a jury could easily interpret "work authorized" to be a synonymous with being an "employee" under Washington law. This is particularly true where, as here, the expert is an attorney who the jury may believe will provide an authoritative interpretation of the law. *Specht v. Jensen*, 853 F.2d 805, 808–09 (10th Cir. 1988) ("While other experts may aid a jury by rendering opinions on ultimate issues, our system reserves to the trial judge the role of adjudicating the law for the benefit of the jury."). Accordingly, Mr. Strawn's opinions should be excluded because they would serve no purpose other than to confuse the jury.

///

///

DEFENDANT THE GEO GROUP, INC.'S REPLY IN SUPPORT OF MOTION TO EXCLUDE EXPERT TESTIMONY OF CHRISTOPHER STRAWN (3:17-CV-05769-RJB) – PAGE 3

51659943;2

**AKERMAN LLP**

1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

**C.     Mr. Strawn Must Produce Facts that Form the Basis for His Opinion.**

In his own words, Mr. Strawn was asked to provide an opinion about "specifically my experiences at the Northwest Detention Center." Dec. of Barnacle, Ex. 1, Strawn 18:13-14. The basis for this testimony was "having represented people throughout my career." *Id.*

Accordingly, insofar as Mr. Strawn based his opinions upon his experiences with individual clients, and those opinions will be admissible at trial, he should be compelled to disclose the identities of those clients and the relevant proceedings which support his conclusions. Fed. R. Civ. P. 26(2)(B)(ii).  GEO does not seek privileged information[1] from Mr. Strawn. Instead, it seeks facts underlying his opinions and credibility. GEO is not aware of any basis, and Plaintiffs have not provided any, for withholding this information. Indeed, because GEO does not seek privileged information, this is no different than asking other experts to list prior projects for which they have worked, prior employment, or other prior experience underlying their purported expertise. Indeed, without this information, GEO will be limited in its ability to cross-examine Mr. Strawn about the underlying basis for his opinions.

## **CONCLUSION**

For the foregoing reasons, this Court should grant GEO's motion to exclude Mr. Strawn's testimony.

///

///

///

///

///

---

[1] GEO notes that there is a question about whether Mr. Strawn is permitted to claim any privilege at all. "Under Washington law, a stipulation that an attorney's testimony may be offered at trial waives the attorney-client privilege with respect to that attorney." *Seattle Nw. Sec. Corp. v. SDG Holding Co.*, 61 Wash. App. 725, 743, 812 P.2d 488, 499 (1991); *see also Kammerer v. W. Gear Corp.*, 96 Wash. 2d 416, 420, 635 P.2d 708, 711 (1981)("[O]ffering an attorney's testimony concerning matters learned in the course of his employment waives the attorney-client privilege."). "[S]uch a waiver cannot be delayed until the trial itself." *Kammerer*, 96 Wash. 2d at 420.

DEFENDANT THE GEO GROUP, INC.'S REPLY IN SUPPORT OF MOTION TO EXCLUDE EXPERT TESTIMONY OF CHRISTOPHER STRAWN (3:17-CV-05769-RJB) – PAGE 4

51659943;2

AKERMAN LLP
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  303-260-7712

Respectfully submitted, this 16th day of January, 2020.

By: *s/ Colin L. Barnacle*
**AKERMAN LLP**
Colin L. Barnacle (Admitted *pro hac vice*)
Christopher J. Eby (Admitted *pro hac vice*)
Ashley E. Calhoun (Admitted *pro hac vice*)
Adrienne Scheffey (Admitted *pro hac vice*)
Allison N. Angel (Admitted *pro hac vice*)
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  (303) 260-7712
Facsimile:   (303) 260-7714
Email:  colin.barnacle@akerman.com
Email:  christopher.eby@akerman.com
Email:  ashley.calhoun@akerman.com
Email:  adrienne.scheffey@akerman.com
Email:  allison.angel@akerman.com

By: *s/ Joan K. Mell*
**III BRANCHES LAW, PLLC**
Joan K. Mell, WSBA #21319
1019 Regents Boulevard, Suite 204
Fircrest, Washington 98466
Telephone: (253) 566-2510
Facsimile:  (281) 664-4643
Email:  joan@3brancheslaw.com

*Attorneys for Defendant The GEO Group, Inc.*

DEFENDANT THE GEO GROUP, INC.'S REPLY IN SUPPORT OF MOTION TO EXCLUDE EXPERT TESTIMONY OF CHRISTOPHER STRAWN (3:17-CV-05769-RJB) – PAGE 5

**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  303-260-7712

51659943;2

**PROOF OF SERVICE**

I hereby certify on the 16th day of January, 2020, pursuant to Federal Rule of Civil Procedure 5(b), I electronically filed and served the foregoing **DEFENDANT THE GEO GROUP, INC.'S REPLY IN SUPPORT OF MOTION TO EXCLUDE EXPERT TESTIMONY OF CHRISTOPHER STRAWN** via the Court's CM/ECF system on the following:

**SCHROETER GOLDMARK & BENDER**
Adam J. Berger, WSBA #20714
Lindsay L. Halm, WSBA #37141
Jamal N. Whitehead, WSBA #39818
Rebecca J. Roe, WSBA #7560
810 Third Avenue, Suite 500
Seattle, Washington 98104
Telephone: (206) 622-8000
Facsimile: (206) 682-2305
Email: hberger@sgb-law.com
Email: halm@sgb-law.com
Email: whitehead@sgb-law.com
Email: roe@sgb-law.com

**THE LAW OFFICE OF R. ANDREW FREE**
Andrew Free (Admitted *Pro Hac Vice*)
P.O. Box 90568
Nashville, Tennessee 37209
Telephone: (844) 321-3221
Facsimile: (615) 829-8959
Email: andrew@immigrantcivilrights.com

**OPEN SKY LAW PLLC**
Devin T. Theriot-Orr, WSBA #33995
20415 72nd Avenue S, Suite 100
Kent, Washington 98032
Telephone: (206) 962-5052
Facsimile: (206) 681-9663
Email: devin@openskylaw.com

**MENTER IMMIGRATION LAW, PLLC**
Meena Menter, WSBA #31870
8201 164th Avenue NE, Suite 200
Redmond, Washington 98052
Telephone: (206) 419-7332
Email: meena@meenamenter.com

*Attorneys for Plaintiffs*

                                    *s/ Nick Mangels*
                                    Nick Mangels

PROOF OF SERVICE
(3:17-CV-05769-RJB) – PAGE 6

**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

51659943;2