The Honorable Robert J. Bryan

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| UGOCHUKWU GOODLUCK NWAUZOR, FERNANDO AGUIRRE-URBINA, individually and on behalf of all those similarly situated, | Case No. 3:17-cv-05769-RJB |
| | **DEFENDANT THE GEO GROUP, INC.'S MOTIONS IN LIMINE** |
| Plaintiffs/Counter-Defendants, | |
| v. | |
| THE GEO GROUP, INC., | |
| Defendant/Counter-Claimant. | **NOTE ON MOTION CALENDAR:** March 27, 2020 |
| | ORAL ARGUMENT REQUESTED |

DEFENDANT THE GEO GROUP, INC.'S
MOTIONS IN LIMINE
(3:17-CV-05769-RJB)

51733264;2

**AKERMAN LLP**

1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  303-260-7712

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**Local Rule 7(d)(4) Certification**

Counsel for The GEO Group, Inc. ("GEO") certifies that they conferred telephonically with counsel for Private Plaintiffs ("Private Plaintiffs") and counsel for the State of Washington (the "State") (collectively, "Plaintiffs") about the motions herein and the parties were unable to resolve the matters herein.

**Relevant Background**

There are three (3) discrete issues before this Court: (1) whether detainees participating in the Voluntary Work Program ("VWP") at the Northwest Ice Processing Center ("NWIPC") are "employees" of GEO under Washington's Minimum Wage Laws, at RCW 49.46.010 *et. seq.* ("MWA"); (2) whether GEO was unjustly enriched by not paying detainees a "fair wage" for their participation in the VWP at the NWIPC; (3) and whether damages should be apportioned if liability is found for either of the preceding issues. The Plaintiffs argue that detainees participating in the VWP at the NWIPC are GEO's employees and will pursue that theory at a trial on minimum wage liability *only*. Sometime thereafter, the State alone will pursue its unjust enrichment theory. The State's unjust enrichment theory is based upon whether detainees participating in the VWP at the NWIPC should be paid a "fair wage," no other theory has been pled. *See* Compl. at 6.5. While the State's complaint does not define or elaborate what is meant by "fair wage," according to the State's expert, Dr. Nickerson, a "fair wage" is equivalent to the payment of the Washington minimum wage or the prevailing wage under the federal Service Contract Act ("SCA"). Dec. of Barnacle, ¶ 3. Dr. Nickerson makes clear in his most recent report that his damages analysis is contingent upon a "determination of liability, and the applicability of the rates … by the trier of fact." Dec. of Barnacle, ¶ 4. Thus, while technically a separate claim, the State's unjust enrichment theory similarly hinges on whether detainees participating in the VWP at the NWIPC are "employees" under the MWA or the SCA. The MWA's definition of employee dictates whether an individual is entitled to the rates under the SCA. *See e.g., Dep't of Labor & Indus. v. Lanier Brugh*, 135 Wash. App. 808, 819 (2006), publication ordered (Nov. 22, 2006). Accordingly, the requests to limit testimony and evidence herein apply to both the State's

DEFENDANT THE GEO GROUP, INC.'S
MOTIONS IN LIMINE
(3:17-CV-05769-RJB)
– PAGE 1

51733264;2

**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  303-260-7712

1  unjust enrichment trial and the joint minimum wage liability trial insofar as relevance of certain

2  evidence that may be used to determine whether detainees are "employees" is germane to both

3  trials. Where a motion relates to one party only, GEO has so indicated.

4  <u>**Law**</u>

5  Parties may file motions in limine before or during trial "to exclude anticipated prejudicial

6  evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n. 2

7  (1984). To decide on the motions in limine, the Court is generally guided by Federal Rules of

8  Evidence 401 and 403. Specifically, the Court considers whether evidence "has any tendency to

9  make a fact more or less probable than it would be without the evidence," and whether "the fact is

10  of consequence in determining the action." FRE 401. However, the Court may exclude relevant

11  evidence if "its probative value is substantially outweighed by a danger of one or more of the

12  following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time,

13  or needlessly presenting cumulative evidence." FRE 403.

14  <u>**Motion in Limine 1: Argument that VWP positions should have or could have been filled by**</u>
<u>**non-detainee Washington citizens or residents.**</u>

15

16  This case is about whether the detainees participating in the VWP at the NWIPC fall

17  within the definition of "employee" under RCW 49.46.010. This case is not about whether GEO

18  should be tasked with remedying unemployment rates in Tacoma, or about the rates of

19  employment more generally in the community. Indeed, the general market factors affecting

20  employment (or unemployment) in Tacoma have no bearing on this case. Accordingly, Plaintiffs

21  in this case should not be able to present evidence of the unemployment rates in Tacoma, the state

22  of the job market in Tacoma, or argument that the VWP positions should have (or would have)

23  been completed by Tacoma residents rather than detainees. While Plaintiffs oppose this motion

24  now, previously the State bound itself to a contrary position. During the 30(b)(6) deposition of the

25  Office of the Attorney General, the AG's designee made clear that as to all of the claims it has

26  brought:

27

DEFENDANT THE GEO GROUP, INC.'S
MOTIONS IN LIMINE
(3:17-CV-05769-RJB)
– PAGE 2

51733264;2

**AKERMAN LLP**

1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  303-260-7712

1
2
3
4
5

> "Attorney General Ferguson, through the Office of the Attorney General in the civil rights unit, has a position that the jobs being done by detainee workers in the facility is work that's compensable to employees under Washington law. The position is not that it should be detainees or that it should not be non-detainees doing the work. We don't have a position on that. The position is the people who do the work in the facility, whoever they are, need to be paid minimum wage for that work." Dec. of Barnacle, Ex. A, Melody, 143:10-19.

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

GEO clarified this point with a follow up question, asking: "[D]oes Attorney General Ferguson have a basis for saying that any number of Washington citizens should be doing the work in the facility?" to which the State responded, "No, because we don't think that it has to be Washington citizens." Dec. of Barnacle, Ex. A, Melody, 143:20-24. Despite this concession, the State now seeks to introduce the testimony of Robbin Gard related to "labor and unemployment in the Tacoma/Pierce County region." The State has indicated that it intends to introduce additional argument in this same vein. Most critically, this testimony and argument has no bearing on whether detainees are "employees" as enumerated in *Anfinson v. FedEx Ground Package Sys. Inc.*, 174 Wash.2d 851, 867, 281 P.3d 289 (2012). Nor would this testimony be even tangentially related to whether the VWP tasks that detainees perform are likely to be considered "employment" under the relevant statutory language or *Anfinson*. Nor is this argument relevant to Plaintiffs' damages analysis, as neither the State or Private Plaintiffs have pled or advanced a theory of damages rooted in Tacoma's lost employment opportunities. Instead, both seek damages for an hourly wage based upon the MWA or the SCA. Put simply, evidence or argument that VWP positions should or could be performed by Washington citizens is irrelevant under FRE 401. Furthermore, such evidence would be likely to confuse or prejudice the jury, without providing any probative value. FRE 403. Thus, any evidence or argument related to Tacoma's labor market, unemployment rates, or other statements that Washington citizens should have held the VWP positions should be excluded.[1]

25
26
27

---

[1] At a minimum, should the Court permit this evidence, which it should not, any testimony should be limited to facts and documentary evidence that were properly disclosed in discovery. As Ms. Gard was not disclosed as an expert, she should not be able to provide any testimony that amounts to specialized or expert testimony.

DEFENDANT THE GEO GROUP, INC.'S
MOTIONS IN LIMINE
(3:17-CV-05769-RJB)
– PAGE 3

51733264;2

**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

**Motion in Limine 2: Argument or evidence that the VWP is a "forced work situation" should be excluded.**

In other cases around the country, GEO is actively litigating claims about whether detainee labor violates various state and federal human trafficking laws, including a separate class action that includes detainees at the NWIPC in the certified class. *See Novoa v. GEO*, Case No. 17-cv-02514, Central District of California. At the core of those cases is whether GEO's practices amount to forced labor because of the threat of solitary confinement or cost of commissary items. GEO is vigorously defending against those claims and denies any and all claims that detainees work under the threat of harm. The cases involving forced labor claims are still in the discovery phases and are not before this Court.

Rather, the *only* issue before this Court is whether detainees participating in the VWP at the NWIPC are "employees," and if so, if GEO is entitled to immunity from suit. Accordingly, Plaintiffs in this case should not raise any argument or evidence that detainees participate in the VWP at the NWIPC under the threat of harm, deprivation of necessities, or threat of legal process. Indeed, neither Private Plaintiffs nor the State made any such allegations in their complaints. Further, an individual's self-described motivation for performing work is not relevant to whether he or she is an employee. *Anfinson*, 174 Wash.2d at 867. By way of example, whether an individual who works in one of Seattle's restaurants preparing meals is an independent contractor or an employee does not turn on whether that individual goes to work to meet his basic needs like food, shelter, and medical care or if he is a millionaire who works for entertainment. Instead, under *Anfinson*, what matters is the nature of the individual's relationship with the restaurant where he works. *Id.*

Despite their current opposition, at the pretrial hearing before this Court in January, Private Plaintiffs and the State made clear that their claims do not involve any evidence of a "forced work situation." In full, the State conceded:

> We are not bringing claims you might have seen reported in some of the cases like in Colorado and other places where there is like a forced

DEFENDANT THE GEO GROUP, INC.'S
MOTIONS IN LIMINE
(3:17-CV-05769-RJB)
– PAGE 4

51733264;2

**AKERMAN LLP**

1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  303-260-7712

1    work situation or other types of claims that I think could be brought in
2    some circumstances. We have not brought those claims.

3    Dec. of Barnacle, Ex. B, Transcript of Pretrial hearing, 17:16-20.

4    The Private Plaintiffs agreed. Dec. of Barnacle, Ex. B, 17:24-25 ("In terms of what we would try

5    to present and prove at trial, that is not the case we intend to bring."). Allowing Plaintiffs to

6    introduce this evidence would serve only to inflame the jury and prejudice GEO in violation of

7    FRE 403. Further, it would blur the lines between the instant case and the case pending in the

8    Central District of California—creating confusion about which jurisdiction's rulings apply at a

9    very late stage in this case. Accordingly, Plaintiffs should be precluded from introducing evidence

10   or argument that detainees at the NWIPC were forced or coerced to work, as these arguments are

11   not relevant to the issues in this case and would serve only to launch this Court down a rabbit hole

12   regarding the boundaries between this case and others around the country.

13   **<u>Motion in Limine 3: Exclusion of evidence related to GEO's legal fees, including any request</u>**
**<u>for compensation for legal fees sent to ICE.</u>**
14

15   GEO's attorneys' fees are not at issue in this case. There is no claim that the jury must

16   assess that relates to the amount of, or the fact of, GEO's attorneys' fees. Thus, GEO's attorneys'

17   fees, projected attorneys' fees, and any request made to ICE for reimbursement of those fees is

18   not relevant to this claim and should be excluded under FRE 401.  Indeed, any evidence of

19   attorneys' fees in this case are likely to only confuse the jury. FRE 403; *see also Brooks v. Cook*,

20   938 F.2d 1048, 1051 (9th Cir. 1991) (holding that evidence of even the fact of attorneys' fees

21   could be prejudicial). And, any request for an award of attorneys' fees is to be decided by the

22   Court following any jury trial and therefore should not be presented to a jury. *Malave v. City of*

23   *Los Angeles*, No. CV1304057SJOPJWX, 2018 WL 5928142, at *4 (C.D. Cal. Apr. 23, 2018)

24   (granting motion in limine as to evidence of attorneys' fees). Thus, evidence of GEO's attorneys'

25   fees, potential attorneys' fees, or requests for reimbursement of attorneys' fees from ICE must be

26

27

DEFENDANT THE GEO GROUP, INC.'S
MOTIONS IN LIMINE
(3:17-CV-05769-RJB)
– PAGE 5
51733264;2

**AKERMAN LLP**

1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  303-260-7712

1 excluded.[2]

2 **Motion in Limine 4: Exclusion of evidence or argument related to GEO's size, profitability,**
**financial status or overall wealth.**

3

4 GEO moves to exclude all evidence or argument related to GEO's size, profitability,

5 financial status, or overall wealth.[3] Courts across the country agree that "evidence of a party's

6 financial condition is generally not relevant and can be unduly prejudicial, as it can distract the

7 jury from the real issues in the case." *In re Homestore.com, Inc.*, No. CV 01-11115 RSWL CWX,

8 2011 WL 291176, at *1 (C.D. Cal. Jan. 25, 2011). This is because argument about a company's

9 size can create a prejudicial "David and Goliath" narrative that has no bearing on the case. *See*

10 *e.g., Util. Trailer Sales of Kansas City, Inc. v. MAC Trailer Mfg., Inc.,* No. 09-2023-JPO, 2010

11 WL 1946625, at *2 (D. Kan. May 14, 2010); FRE 403. Further, whether GEO is a "large and

12 profitable company carries no probative value." *HTC Corp. v. Tech. Properties Ltd.*, No. 5:08-

13 CV-00882-PSG, 2013 WL 4782598, at *6 (N.D. Cal. Sept. 6, 2013). Indeed, GEO's profitability

14 is not relevant to Plaintiffs' damages claims, as is clear from their expert reports. And, this

15 evidence "could be misused by the jury to create unfair prejudice . . .through the suggestion that

16 [GEO] is a big company in comparison to the damages sought." *Id.* Such a use would be

17 improper. Accordingly, the Court should hold that the probative value of evidence related to

18 GEO's size, wealth, or overall profitability is substantially outweighed by the risk of unfair

19 prejudice, confusion of the issues and misleading the jury necessitating its exclusion under Rule

20 403.[4]

21 ///

22 ///

23

24 [2] Should this Court allow Plaintiffs to introduce evidence of attorneys' fees at trial, any such evidence should be limited to the damages trials. As the trial has been bifurcated for damages, any evidence of attorneys' fees (if even tangentially relevant) would not be relevant or appropriate in the liability phase of the trial.

25 [3] To be clear, GEO does <u>not</u> seek to limit Plaintiffs' ability to argue that GEO is a "for profit" company as opposed to a non-profit or a state agency. Rather, GEO seeks to limit arguments or evidence that would serve

26 only to engender prejudice within the jury about GEO size, profitability, and overall financial status.

27 [4] Should this Court allow Plaintiffs to introduce evidence of GEO's Profits at trial, which it should not, any such evidence should be limited to the damages trials and excluded from the liability trials.

DEFENDANT THE GEO GROUP, INC.'S
MOTIONS IN LIMINE
(3:17-CV-05769-RJB)
– PAGE 6

51733264;2

**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  303-260-7712

1
2

## Motion in Limine 5: Exclusion of evidence or argument that GEO is involved in other lawsuits.

3     GEO moves to exclude all evidence or argument about other lawsuits currently pending

4 against it in other jurisdictions, including the detainee-related class actions pending in Colorado

5 and California. The actions to which GEO is currently a party do not have any relevance or

6 bearing on this case. Indeed, none of the other lawsuits involve an interpretation of Washington's

7 Minimum Wage Act. FRE 401. Nor have any of those actions been brought to a final resolution,

8 yet a jury may improperly believe that those actions have bearing upon the merits of the present

9 case. FRE 403. Further, mention of the other lawsuits could encourage the jury to improperly

10 draw negative inferences that because GEO is alleged to have taken certain acts in other litigation,

11 GEO acted in conformance therewith in the present litigation. FRE 404; FRE 403. Indeed, courts

12 routinely exclude argument or testimony about a party's other litigation. *Jacobs v. Wal-Mart*

13 *Stores, Inc.*, No. 3:17-CV-05988-RJB, 2019 WL 3494166, at *2 (W.D. Wash. Feb. 13, 2019)

14 (excluding evidence of other litigation as irrelevant and highly prejudicial); *Equal Employment*

15 *Opportunity Comm'n v. Trans Ocean Seafoods, Inc.*, No. 15-1563-RAJ, 2017 WL 1022781, at *3

16 (W.D. Wash. Mar. 16, 2017) (same); *In re Homestore.com, Inc.*, No. CV 01-11115 RSWL CWX,

17 2011 WL 291176, at *1 (C.D. Cal. Jan. 25, 2011) (same); *Ritten v. Lapeer Regional Medical*

18 *Center*, 2010 WL 374163, *8 (E.D. Mich., Jan. 25, 2010) (same). Because evidence or argument

19 about other lawsuits filed against GEO is irrelevant and highly prejudicial and will invite the jury

20 to speculate and assume facts and outcomes about issues unrelated to the immediate case, it

21 should be excluded. *See* FRE 401, 402, 403, and 404.

## Motion in Limine 6: Exclusion of Mr. Strawn's testimony.

23     This Court previously held that "[i]t is unlikely that the jury will need a complete

24 understanding of 'the complex system of immigration laws, policies, and procedures' as

25 suggested [by] Plaintiffs" ECF 252. The Court stated that the issue of the relevance of Mr.

26 Strawn's testimony would be better addressed closer to trial. *Id.* At the risk belaboring the point,

27 GEO reiterates that Private Plaintiffs' only claim in this case is whether detainees participating in

DEFENDANT THE GEO GROUP, INC.'S
MOTIONS IN LIMINE
(3:17-CV-05769-RJB)
– PAGE 7
51733264;2

AKERMAN LLP
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  303-260-7712

the VWP at the NWIPC are "employees." "[A]n expert's testimony must 'logically advance [ ] a material aspect of the party's case." *Easton v. Asplundh Tree Experts, Co.*, No. C16-1694RSM, 2017 WL 4005833, at *4 (W.D. Wash. Sept. 12, 2017). "Expert testimony which does not relate to any issue in the case is not relevant, and, ergo, non-helpful." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 591 (1993).

Here, Mr. Strawn's summary of the U.S. immigration system is not relevant in any way to whether individuals are "employees" The reasons underlying an individual's detention (e.g., a criminal case pending that impacts the individual's immigration status or a pending asylum case) have no bearing on whether detainees in the VWP should be classified as "employees." And, this is the only remotely plausible relevance of Mr. Strawn's opinion. Mr. Strawn provides no opinion about whether detainees are eligible to work for GEO, a federal contractor. Nor does Mr. Strawn offer any opinion about what effect obtaining a work permit would have on a detainee's ability to work while confined. Furthermore, his opinion is devoid of any explanation about why the named Private Plaintiffs were detained in the NWIPC, or how that changed the length or duration of their stays—information that could theoretically help a jury assess how long individuals spend at the NWIPC. Thus, his testimony is not relevant under FRE 401.

**Motion in Limine 7: Limiting Dr. Munson's testimony to that of a "human calculator," as previously ruled by this Court (Private Plaintiffs' Damages Trial Only).**

Despite the fact that the expert deadline in this case was September 11, 2019 and the rebuttal deadline was October 31, 2019 (the discovery deadline was November 22, 2019 (which was extended by stipulation to December 20, 2019 to incorporate additional depositions)), on February 10, 2020, Private Plaintiffs provided a supplemental expert report drafted by Dr. Munson.[5] Dr. Munson's new report followed this Court's ruling that Dr. Munson "cannot testify,

---

[5] Because of the untimely disclosure of this report, and the substantial prejudice to GEO, it is subject to automatic exclusion at trial. *See Luke v. Family Care & Urgent Med. Clinics*, 323 F. App'x 496, 499 (9th Cir. 2009) ("Plaintiffs disclosed these declarations more than three months after the district court's deadline for initial expert disclosures, and more than two months after the deadline for rebuttal disclosures. Accordingly, these declarations were not timely under Rule 26(a)(2)(C). As Private Plaintiffs provided no justification—let

DEFENDANT THE GEO GROUP, INC.'S
MOTIONS IN LIMINE
(3:17-CV-05769-RJB)
– PAGE 8

51733264;2

**AKERMAN LLP**

1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

as an expert or otherwise as to what the classes' damages are," but rather could only serve as a "human calculator". ECF 251. Plaintiffs' untimely disclosed report should not change this ruling and Dr. Munson should be limited to testimony about the process and results of his mathematical calculations (based upon the jury's findings of fact). GEO asks that this Court make clear that Dr. Munson may not provide testimony beyond that of his exact mathematical equations (which appear to be missing from his most recent report) and the results of those equations. This Court should further make clear that Dr. Munson may not opine on the appropriate measure of damages, relevant evidence, average shift length, or any other issue that reaches beyond his basic mathematical equations.

## **Motion in Limine 8: Exclusion of evidence related to pay rates at other facilities.**

During the parties' conferral, Plaintiffs indicated that they may introduce evidence of the VWP pay rates at other facilities. Plaintiffs did not provide a cognizable reason why such evidence would be relevant. Therefore, GEO asks that this Court exclude evidence of the VWP pay rates at other GEO facilities. Such evidence has no bearing on whether detainees participating in the VWP at the NWIPC are "employees." FRE 401. As the only facility at issue in this litigation is the NWIPC, evidence about what other facilities do or do not do is not relevant to the claims here. FRE 401. Furthermore, facilities that are not located within the State of Washington are not subject to its laws. FRE 401. And, attempting to show different circumstances at different facilities would serve no purpose other than to confuse the jury. FRE 403. Accordingly, evidence of VWP pay rates at other facilities should be excluded.

## **Motion in Limine 9: Exclusion of testimony of Jose Alberto Robles Martinez and Tien Ho.**

In Private Plaintiffs' pretrial statement, they indicated that they seek to introduce the testimony of two (2) individuals who have never before been disclosed: Jose Alberto Robles Martinez and Tien Ho. These individuals are allegedly detained at the NWIPC and presumably

---

alone substantial justification—for the untimely submission, this exception to Rule 37(c)(1) automatic exclusion is inapplicable."); *see also* Fed.R.Civ.P. 37(c) Advisory Committee's note to 1993 Amendments (noting that the exclusion sanction is self-executing and automatic). However, GEO believes that this issue is easily addressed by limiting Dr. Munson's testimony to only that which is consistent with this Court's prior ruling.

DEFENDANT THE GEO GROUP, INC.'S
MOTIONS IN LIMINE
(3:17-CV-05769-RJB)
– PAGE 9

51733264;2

**AKERMAN LLP**

1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  303-260-7712

participated in the VWP. Plaintiffs seek to introduce Martinez and Ho as fact witnesses. Where a party fails to properly disclose a witness under Fed. R. Civ. P. 26, the witness must be excluded unless the failure to disclose was justified or harmless. Fed. R. Civ. P. 37(c)(1); *see also B.T. v. United Sta*tes, No. C13-5166 RBL, 2014 WL 12539668, at *1 (W.D. Wash. July 23, 2014). Here, the failure to disclose Martinez and Ho is neither justified nor harmless. GEO has had no opportunity to conduct discovery as to these witnesses as the *first* time they were disclosed was when the parties exchanged their proposed pretrial statements. Not only did Private Plaintiffs fail to disclose these individuals in their initial disclosures, but also failed to update their response to GEO's Interrogatory No. 10, which sought information about all individuals Private Plaintiffs intended to call at trial. Dec. of Barnacle, Ex. C. This deprived GEO of the opportunity to take their depositions and learn what specific facts they intend to raise in front of the jury. And, these witnesses will speak on behalf of the class, which will likely persuade the jury to place great weight on their testimony. Accordingly, Private Plaintiffs' failure to disclose Martinez and Ho is not harmless and their testimony must be excluded from trial. *Mealing v. City of Ridgefield, Washington*, No. C05-5778FDB, 2007 WL 1367603, at *2 (W.D. Wash. May 8, 2007).

Respectfully submitted, this 12th day of March, 2020.

By: *s/ Colin L. Barnacle*
**AKERMAN LLP**
Colin L. Barnacle (Admitted *pro hac vice*)
Ashley E. Calhoun (Admitted *pro hac vice*)
Adrienne Scheffey (Admitted *pro hac vice*)
Allison N. Angel (Admitted *pro hac vice*)
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  (303) 260-7712
Facsimile:   (303) 260-7714
Email:  colin.barnacle@akerman.com
Email:  ashley.calhoun@akerman.com
Email:  adrienne.scheffey@akerman.com
Email:  allison.angel@akerman.com

DEFENDANT THE GEO GROUP, INC.'S
MOTIONS IN LIMINE
(3:17-CV-05769-RJB)
– PAGE 10
51733264;2

**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  303-260-7712

1

2

3

4

5

By: *s/ Joan K. Mell*

**III BRANCHES LAW, PLLC**
Joan K. Mell, WSBA #21319
1019 Regents Boulevard, Suite 204
Fircrest, Washington 98466
Telephone:  (253) 566-2510
Facsimile:   (281) 664-4643
Email:  joan@3brancheslaw.com

6

7

*Attorneys for Defendant The GEO Group, Inc.*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

DEFENDANT THE GEO GROUP, INC.'S
MOTIONS IN LIMINE
(3:17-CV-05769-RJB)
– PAGE 11

51733264;2

**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  303-260-7712

1

## PROOF OF SERVICE

2

    I hereby certify on the 12th day of March, 2020, pursuant to Federal Rule of Civil

3

Procedure 5(b), I electronically filed and served the foregoing **DEFENDANT THE GEO**

4

**GROUP, INC.'S MOTIONS IN LIMINE** via the Court's CM/ECF system on the following:

5

**SCHROETER GOLDMARK & BENDER**
Adam J. Berger, WSBA #20714

6

Lindsay L. Halm, WSBA #37141
Jamal N. Whitehead, WSBA #39818

7

Rebecca J. Roe, WSBA #7560
810 Third Avenue, Suite 500

8

Seattle, Washington 98104
Telephone: (206) 622-8000

9

Facsimile:  (206) 682-2305
Email:  hberger@sgb-law.com

10

Email:  halm@sgb-law.com
Email:  whitehead@sgb-law.com

11

Email:  roe@sgb-law.com

12

**THE LAW OFFICE OF R. ANDREW FREE**
Andrew Free (Admitted *Pro Hac Vice*)

13

P.O. Box 90568
Nashville, Tennessee 37209

14

Telephone: (844) 321-3221
Facsimile:  (615) 829-8959

15

Email:  andrew@immigrantcivilrights.com

16

**OPEN SKY LAW PLLC**
Devin T. Theriot-Orr, WSBA #33995

17

20415 72nd Avenue S, Suite 100
Kent, Washington 98032

18

Telephone: (206) 962-5052
Facsimile:  (206) 681-9663

19

Email:  devin@openskylaw.com

20

**MENTER IMMIGRATION LAW, PLLC**
Meena Menter, WSBA #31870

21

8201 164th Avenue NE, Suite 200
Redmond, Washington 98052

22

Telephone: (206) 419-7332
Email:  meena@meenamenter.com

23

24

*Attorneys for Plaintiffs*

25

                  *s/ Nick Mangels*

26

                  Nick Mangels

27

PROOF OF SERVICE
(3:17-CV-05769-RJB) – PAGE 12

**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  303-260-7712

51733264;2