# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON AT TACOMA**

|  |  |
|---|---|
| CHAO CHEN, individually and on behalf of all those similarly situated,<br><br>                    Plaintiff,<br><br>v.<br><br>THE GEO GROUP, INC., a Florida corporation,<br><br>                    Defendant. | Case No.: 3:17-cv-05769-RJB<br><br>GEO'S FIRST SET OF INTERROGATORIES, AND REQUESTS FOR PRODUCTION PROPOUNDED TO PLAINTIFF |

**TO:**      CHAO CHEN, Plaintiff.

**AND TO:** Lindsay Halm, Adam Berger, Jamal Whitehead, Andrew Free and Devin Theriot-Orr, Attorneys for the Class.

Pursuant to Federal Rules of Civil Procedure, 26, 33, and 34, you are served with GEO's First Set of Interrogatories and Requests for Production to the Plaintiff.   Return the answers and responses under oath to III Branches Law, PLLC, 1019 Regents Blvd. Suite 204, Fircrest, WA 98466, within thirty (30) days of service.

///

**INSTRUCTIONS**

The following interrogatories and requests for production shall be answered in the space provided.  These interrogatories and requests for production are continuing in nature and you must supplement your answers pursuant to Fed. R. Civ. P. 26(e).  Supplemental responses should follow the same format.  A word version of the document accompanies service to allow Plaintiff to interlineate a complete response as needed.

The requests for production extend beyond documents within Plaintiff's possession to include all documents that Plaintiff constructively possesses.  The documents requested shall be produced in their entirety, including all attachments and enclosures.  Production of electronic stored information should be produced in conformance with a Model ESI Agreement of the court or a modified version agreed upon by the parties.  Any documents no longer in existence or in the possession or control of defendant shall be listed, stating the circumstances surrounding and authorization for the loss, destruction, or disposal of such document.

**DEFINITIONS**

1.     The term you or Chao Chen means Plaintiff and all employees, agents, attorneys, investigators, other representatives and all other persons acting or purporting to act on your behalf.

2.     The terms and and or shall each be construed disjunctively or conjunctively so as to require the broadest possible answer or production in response to any request.

3.     The term each shall mean each, every, any, and all.

4.     The term including shall mean including, but not limited to.

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

5.     The terms <u>relating to,</u> <u>relate to,</u> and <u>related to,</u> mean consisting of, identifying, concerning, referring to, alluding to, responding to, in connection with, commenting on, in response to, about, regarding, explaining, discussing, showing, describing, studying, reflecting, analyzing or constituting.

6.     The word <u>document</u> shall mean the original or any copy of any and all document(s), as the term "document" is defined in Fed. R. Civ. P. 34 and shall include without limitation, any diary, calendar, electronic mail, text, or digital or electronic record, and any and all attachments thereto, book, pamphlet, periodical, letter, memorandum, telegram, report, record, study, handwritten note, map, drawing, working paper, chart, paper, graph, index, tape, data sheet, data processing or other computerized, digital, or electronic record, or any other written, recorded, transcribed, taped, filmed, print screen, print-out or graphic matter, however produced or reproduced, to which you have or have had access.

7.     The term <u>identify</u> or <u>identity</u> used ***in reference to an individual person or business entity*** means to state: 1) the person or entity's full name and present residence or business address; 2) the present or last known telephone number; 3) the present or last known position of employment or business affiliation; and, 4) the position of employment or business affiliation, at all times relevant to the causes of action.

8.     The term <u>identify</u> or <u>identity</u> when used ***in reference to a document*** means to state: 1) the date and author of the document; 2) the type of document, e.g., letter, e-mail, text, memorandum, telegram, chart, etc. (or some other means of identifying it); and, 3) the document's present location or custodian. If any such document was, but is no longer, in your possession or subject to your control, state what disposition was made of the document.

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

"Summarize" used in reference to a document means to state the information contained in the document, including all recommendations and conclusions, in summary form. If any request calls for documents which are not available or which are only partially available, provide whatever documents are available in response to the particular request and append a statement as to the reasons why complete production is not possible.

9.       The term <u>identify</u> used ***in reference to a meeting, conversation or communication*** means to state: 1) the identity of the persons who were present and/or participated in the meeting, conversation or communication; 2) the date on which the meeting, conversation or communication occurred; 3) the place at which the meeting, conversation or communication occurred; and 4) if any record, memorandum, or other writing of the meeting, conversation or communication was made, then to identify that record, memorandum or other writing.

10.      The acronym NWDC means the Immigration and Customs Enforcement processing center commonly referred to as the Northwest Detention Center on "J" Street in Tacoma, Washington.

## OBJECTIONS

These interrogatories and requests do not seek disclosure of attorney-client communications or invasion of any other privileges protected under law. However, in the event you object to answering any interrogatory or producing any documents, in whole or in part, state your objection and the factual and legal reasons supporting the objection with particularity. Any objection necessitating the entry of a confidentiality or protective order shall be communicated to us prior to the thirty (30) day deadline for answering and should not delay

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

your timely responses to these interrogatories or RFP's. If you object to answering only part of an interrogatory or RFP, then specify the part to which you object and answer or produce the remainder. For any document or communication withheld, provide a list for each each detailing 1) a description of the document 2) nature of the privilege asserted or basis of withholding 3) subject matter and date 4) type of communication or document and 5) the author and recipient. ANY OBJECTION THAT IS NOT ASSERTED MAY BE DEEMED TO HAVE BEEN WAIVED.

## **INTERROGATORIES AND REQUESTS FOR PRODUCTION**

INTERROGATORY NO. 1:   Explain what motivated you to claim that GEO should have paid you minimum wages for your participation in the voluntary work program while ICE detained you at the NWDC.

**ANSWER:**

REQUEST FOR PRODUCTION NO. 1:     Produce for inspection and copying any and all documents pertaining to your answer to Interrogatory No. 1.

**RESPONSE:**

INTERROGATORY NO. 2:   Explain the involvement of ICE over the tasks you performed and the payments you received while ICE detained you at the NWDC.

**ANSWER:**

REQUEST FOR PRODUCTION NO. 2:     Produce for inspection and copying any and all documents pertaining to your answer to Interrogatory No. 2.

**RESPONSE:**

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

1

2

3       INTERROGATORY NO. 3:  Describe all of the characteristics of what you did while detained
at the NWDC that entitle you to claim GEO must pay you minimum wages.  Include each and
4       every factor that shows you had an employment relationship with GEO.

5            **ANSWER:**

6

7

8       REQUEST FOR PRODUCTION NO. 3:     Produce for inspection and copying any and all
documents pertaining to your answer to Interrogatory No. 3.
9

10           **RESPONSE:**

11

12

13      INTERROGATORY NO. 4:    Describe all of the factors that show you did not have an
employment relationship with GEO.
14

15           **ANSWER:**

16

17

18      REQUEST FOR PRODUCTION NO. 4:     Produce for inspection and copying any and all
documents pertaining to your answer to Interrogatory No. 4.
19

20           **RESPONSE:**

21

22      INTERROGATORY NO. 5:    Itemize by date and time each and every hour you performed
tasks that you claim entitled you to minimum wage payments.  Include in your itemization a
23      description of each task you performed.  Provide a description or name for each person who
supervised you performing these tasks.
24

25           **ANSWER:**

26

27

28      REQUEST FOR PRODUCTION NO. 5:     Produce for inspection and copying any and all
documents pertaining to your answer to Interrogatory No. 5.
29

30                                                                    III BRANCHES LAW, PLLC
                                                                              Joan K. Mell
31      GEO'S FIRST SET OF INTERROGATORIES AND                      1019 Regents Blvd. Ste. 204
        REQUESTS FOR PRODUCTION PROPOUNDED TO PLAINTIFF - 6 of 18        Fircrest, WA 98466
                                                                          253-566-2510 ph

1

2

3

**RESPONSE:**

4

**INTERROGATORY NO. 6:**   Itemize by date and time each and every hour you performed tasks while detained by ICE in a Bureau of Prisons facility.   Include in your itemization a description of each task you performed and the remuneration you received for performing each task.

5

6

7

**ANSWER:**

8

9

10

**REQUEST FOR PRODUCTION NO. 6:**   Produce for inspection and copying any and all documents pertaining to your answer to Interrogatory No. 6.

11

12

**RESPONSE:**

13

14

15

**INTERROGATORY NO. 7:**   Describe your entire employment history to date to include the name of your employer, the name and contact information for each supervisor, your job title, duration of employment, termination date, pay rate, and compensation received.

16

17

**ANSWER:**

18

19

20

**REQUEST FOR PRODUCTION NO. 7:**   Produce for inspection and copying any and all documents pertaining to your answer to Interrogatory No. 7.

21

22

**RESPONSE:**

23

24

25

**INTERROGATORY NO. 8:**   Itemize all of your expenses while you were detained at the NWDC.  Expenses means any living expenses incurred and paid by you while detained.

26

27

**ANSWER:**

28

29

30

31

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

REQUEST FOR PRODUCTION NO. 8:     Produce for inspection and copying any and all documents pertaining to your answer to Interrogatory No. 8.

**RESPONSE:**

INTERROGATORY NO. 9:  Describe all of you efforts to receive minimum wage payments for your participation in the voluntary work program at the NWDC.   Include in your description the name of the person or agency to whom you made such a request, the date of your request, the response provided, and any follow-up action taken by you.

**ANSWER:**

REQUEST FOR PRODUCTION NO. 9:     Produce for inspection and copying any and all documents pertaining to your answer to Interrogatory No. 9.

**RESPONSE:**

INTERROGATORY NO. 10:    Identify each witness who may have information about this case or whom you intend to call at trial, including the witness's name, address and telephone number, and a summary of the witness's knowledge or testimony.

**ANSWER:**

REQUEST FOR PRODUCTION NO. 10:    Produce for inspection and copying any and all documents pertaining to your answer to Interrogatory No. 10.

**RESPONSE:**

INTERROGATORY NO. 11:  With respect to expert witnesses you intend to call at the time of trial, please identify each person, the subject matter on which the expert is expected to testify, state the substance of the facts and opinions to which the expert is expected to testify, provide a summary of the grounds for each opinion, and list each and every fact, document, or information the expert intends to rely upon to support his or her opinions.

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

**ANSWER:**


REQUEST FOR PRODUCTION NO. 11:   Produce all documents reviewed or relied upon by any expert identified in Interrogatory No. 11.  Produce the expert's file, resume or curriculum vitae, any documents, treatises, or articles your expert relies upon to formulate testimony or opinions in this matter, e-mails and correspondence prepared or received by the expert, billing statements, contract for services, a list of cases wherein the expert has testified, and any writings or prior deposition testimony from any cases the expert relies upon to establish his or her qualifications.

**RESPONSE:**


INTERROGATORY NO. 12: Describe, identify and itemize all damages (both general and special), losses, expenses and costs that Plaintiff claims were and/or will be will be incurred as a result of the allegations described in the Complaint, including but not limited to, any loss of past or future wages.

**ANSWER:**


REQUEST FOR PRODUCTION NO. 12:   Produce for inspection and copying any and all documents pertaining to your answer to Interrogatory No. 12.

**RESPONSE:**


INTERROGATORY NO. 13: Identify each and every conversation you had with anyone, excluding your attorney, concerning any allegation in this lawsuit or claims concerning the tasks you performed at NWDC, including the date, the name, address, and telephone number of the individual, and the substance of the conversation.

**ANSWER:**

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

REQUEST FOR PRODUCTION NO. 13:   Produce for inspection and copying any and all documents pertaining to your answer to Interrogatory No. 13.

**RESPONSE:**

INTERROGATORY NO. 14: Describe the factual basis for your assertion that detainees who participate in the voluntary work program are "employees" under RCW 49.46.010(3).

**ANSWER:**

REQUEST FOR PRODUCTION NO. 14:   Produce for inspection and copying any and all documents pertaining to your answer to Interrogatory No. 14.

**RESPONSE:**

INTERROGATORY NO. 15: Describe the factual basis for your assertion that The GEO Group, Inc. was your "employer" under RCW 49.46.010(4).

**ANSWER:**

REQUEST FOR PRODUCTION NO. 15:   Produce for inspection and copying any and all documents pertaining to your answer to Interrogatory No. 15.

**RESPONSE:**

INTERROGATORY NO. 16: Describe all of your contacts with the Attorney General and any representative from his office regarding the State's minimum wage lawsuit against GEO or this lawsuit.  Include in your answer the date and time of each contact, the name and title of the person contacted, a description of your communications, and any witnesses to the communications.

**ANSWER:**

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

1

2

3

REQUEST FOR PRODUCTION NO. 16:    Produce for inspection and copying any and all documents pertaining to your answer to Interrogatory No. 16.

4

**RESPONSE:**

5

6

7

INTERROGATORY NO. 17: Have you ever been charged, convicted of or pled guilty to a felony?  And, have you ever been charged, convicted or pled guilty to a misdemeanor?  If so, state for each:

8

9

10

    (a)     The name of the crime charged with and the crime convicted of;

11

    (b)     The date of the charge and conviction;

12

13

    (c)     The date and place of the conviction and sentence imposed; and,

14

    (d)     The court and case number.

15

**ANSWER:**

16

17

18

REQUEST FOR PRODUCTION NO. 17:    Produce for inspection and copying any and all documents pertaining to your answer to Interrogatory No. 17.

19

20

**RESPONSE:**

21

22

23

INTERROGATORY NO. 18: Have you made any claims to the Washington State Department of Labor and Industries ("L&I") for benefits, Washington State Employment Security Department ("ESD") for benefits, or to any state or federal program for disability or low income or other public benefits, or to any private insurance carrier for benefits?  If so explain the nature of your claim, when you made it, and the disposition of your request or claim.

24

25

26

27

**ANSWER:**

28

29

30

31

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

REQUEST FOR PRODUCTION NO. 18:    Produce for inspection and copying any and all documents pertaining to your answer to Interrogatory No. 18.

**RESPONSE:**

INTERROGATORY NO. 19: Have you communicated orally or in writing with any current or former detainee who expressed disagreement with the allegations asserted in the Complaint?  If so, identify each such detainee.

**ANSWER:**

REQUEST FOR PRODUCTION NO. 19:    Produce for inspection and copying any and all documents pertaining to your answer to Interrogatory No. 19.

**RESPONSE:**

INTERROGATORY NO. 20:  Since your release from the NWDC, have you communicated orally or in writing with any current or former GEO or ICE employee?  If so, identify with as much specificity as possible each communication, including the identity of the GEO or ICE employee, the time and place of the communication, the purpose of the communication, what you communicated, and what the GEO or ICE employee communicated.

**ANSWER:**

REQUEST FOR PRODUCTION NO. 20:    Produce for inspection and copying any and all documents pertaining to your answer to Interrogatory No. 20.

**RESPONSE:**

INTERROGATORY NO. 21: Identify the user name and email address for all blogs, online forums, and social networking websites or applications the you have belonged to or had membership for the past 10 years.

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

**ANSWER:**

REQUEST FOR PRODUCTION NO. 21:    Produce for inspection and copying any and all documents pertaining to your answer to Interrogatory No. 21.

**RESPONSE:**

INTERROGATORY NO. 22: Identify the user name, registration information, account detail, login information, and any other identifying information for any job search websites for which you are (or were) a member, including but not limited to: Hot Jobs, Career Building, monsterjob.com, salesjobhunter.com, and indeed.com for the past 10 years.

**ANSWER:**

REQUEST FOR PRODUCTION NO. 22:    Produce for inspection and copying any and all documents pertaining to your answer to Interrogatory No. 22.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 23: Produce all documents that show GEO could lawfully employ you while ICE detained you at the NWDC.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 24: Produce any Application for Employment Authorization USCIS Form I-765 you have ever completed and submitted to the Department of Homeland Security or to GEO.

**RESPONSE:**

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

REQUEST FOR PRODUCTION NO. 25:   Any and all complaints, or grievances you or anyone on your behalf have filed with GEO, L&I, ESD, or any other regulator regarding payments to you by GEO that concern the amount you received.

    **RESPONSE:**

REQUEST FOR PRODUCTION NO. 26:   Any and all documentation that shows you communicated to GEO your expectation that you were employed at GEO or that you thought you were entitled to be paid minimum wages from GEO.

    **REPSONSE:**

REQUEST FOR PRODUCTION NO. 27:   Each and every one of your job applications submitted to GEO.

    **RESPONSE:**

REQUEST FOR PRODUCTION NO. 28:   Any resume you submitted to GEO for employment by GEO at the Northwest Detention Center ("NWDC").

    **RESPONSE:**

REQUEST FOR PRODUCTION NO. 29:   Any and all references you submitted to GEO to be employed by GEO.

    **RESPONSE:**

REQUEST FOR PRODUCTION NO. 30:   Any and all performance evaluations of your performance in any employment position you allege you held at NWDC.

    **RESPONSE:**

REQUEST FOR PRODUCTION NO. 31:   Any employee handbook(s) received by you from GEO or from ICE.

**RESPONSE:**


REQUEST FOR PRODUCTION NO. 32:   Copies of any welcome letter(s), letter(s) of retention, or letter(s) documenting your alleged hiring by GEO.

**RESPONSE:**


REQUEST FOR PRODUCTION NO. 33:   Copies of any IRS tax forms completed or other tax designations you made when you were allegedly hired by GEO.

**RESPONSE:**


REQUEST FOR PRODUCTION NO. 34:   All written and electronic communications (including emails, voice messages, text messages, Facebook messages and any other messages sent via social media or other messaging services) between you and any other current and former detainee or GEO or ICE  employee concerning the allegations in this lawsuit.

**RESPONSE:**


REQUEST FOR PRODUCTION NO. 35:   Copies of all your social media postings and communications that make reference to GEO.

**RESPONSE:**


REQUEST FOR PRODUCTION NO. 36:   All of your tax returns and attachments filed with the IRS in the past 10 years.  Include all form W-2s.

**RESPONSE:**

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

1

2

3

REQUEST FOR PRODUCTION NO. 37:     Any and all documents that reference or pertain to a request by you to be paid minimum wages by GEO.   Include any kites or digital messages.

4

5

**RESPONSE:**

6

7

8

REQUEST FOR PRODUCTION NO. 38:     Any and all documents that show you received health insurance or other benefits from GEO or that indicate you are entitled to such benefits.

9

**RESPONSE:**

10

11

12

13

14

REQUEST FOR PRODUCTION NO. 39:     All of the documents mentioned in Plaintiff's Initial Disclosures dated: December 20, 2017.   These documents were described by Plaintiff as "commissary receipts, news clippings, work schedules, property receipts, and various ICE documents."

15

**RESPONSE:**

16

17

18

19

20

REQUEST FOR PRODUCTION NO. 40:     Any document showing promises to you in exchange for acting as the named plaintiff in this lawsuit.   Include any fee agreement you signed.

**RESPONSE:**

21

22

23

24

Dated this 29 day of Dec , 2017 at Fircrest, WA.
III Branches Law, PLLC

25

26

Joan K. Mell, WSBA #21319
Attorney for The GEO Group, Inc.

27

28

29

30

31

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

1

### *CERTIFICATION*

2

3       The undersigned, counsel for Plaintiff, has read the above responses to GEO's First
4  Set of Interrogatories and Requests for Production Propounded to Plaintiff and believes them
   to be in compliance with Fed. R. Civ. P. 26(g).

5       Dated this _____ day of _____, 2017.

6

7                                        **Schroeter, Goldmark & Bender**
                                         Counsel for Plaintiff
8

9                                        BY: _____
10                                             Lindsay Halm, WSBA No. 37141
                                               Adam Berger, WSBA No. 20714
11                                             Jamal Whitehead, WSBA No. 39818

12
   STATE OF WASHINGTON   )
13                                      ) ss
14 COUNTY OF_____)

15       The undersigned, being first duly sworn, upon oath, deposes and says:

16
         I am the _____(title) of _____ (agency), for
17 Defendants in the above-entitled action; that I have read the above and foregoing answers
18 and responses to GEO's First Set of Interrogatories and Requests for Production Propounded
   to Plaintiff; know the contents thereof, and believe the same to be true and correct.
19

20

21                                      _____
                                        (Print Name): _____
22                                      (Title): _____

23
         SIGNED AND SWORN to before me this _____ day of _____,
24 2017.

25

26                                      _____
                                        (Print Name): _____
27                                      NOTARY PUBLIC in and for the State of Washington
                                        residing at _____.
28                                      My appointment expires: _____

29

30                                                          III BRANCHES LAW, PLLC
                                                               Joan K. Mell
31 GEO'S FIRST SET OF INTERROGATORIES AND                  1019 Regents Blvd. Ste. 204
   REQUESTS FOR PRODUCTION PROPOUNDED TO PLAINTIFF - 17 of 18    Fircrest, WA 98466
                                                               253-566-2510 ph

## CERTIFICATE OF SERVICE

I, Joseph A. Fonseca, certify that on December 29, 2017, I caused to be served a true and correct copy of the above GEO's First Set of Interrogatories and Requests For Production Propounded to Plaintiff, via Electronic Mail as follows:

Schroeter, Goldmark & Bender
Adam J. Berger, WSBA No. 20714
Lindsay L. Halm, wSBA No. 37141
Jamal N. Whitehead, WSBA No. 39818
810 Third Avenue, Suite 500
Seattle, WA 98104
berger@sgb-law.com
halm@sgb-law.com
whitehead@sgb-law.com

The Law Office of R. Andrew Free
Andrew Free
P.O. Box 90568
Nashville, TN 37209
andrew@immigrationcivilrights.com

Sunbird Law, PLLC
1001 Fourth Avenue, Suite 3200
Seattle, WA 98154
devin@sunbird.law

I certify under penalty of perjury under the State of Washington that the above information is true and correct.

Dated this 29th day of December 2017, at Fircrest, WA



Joseph A. Fonseca, Paralegal

GEO'S FIRST SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION PROPOUNDED TO PLAINTIFF - 18 of 18

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph