The Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UGOCHUKWU GOODLUCK NWAUZOR, FERNANDO AGUIRRE-URBINA, individually and on behalf of all those similarly situated,<br><br>        Plaintiffs/Counter Defendants,<br><br>    v.<br><br>THE GEO GROUP, INC., a Florida corporation,<br><br>        Defendant/Counter Claimant. | No. 17-cv-05769-RJB<br><br>PLAINTIFFS' MOTIONS IN LIMINE<br><br>Noted on motion calendar: March 27, 2020<br><br>ORAL ARGUMENT REQUESTED |

PLTFS.' MOT. IN LIMINE (17-cv-05769-RJB) - i

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

# **Table of Contents**

I.     **INTRODUCTION** ................................................................................ 1

II.    **STATEMENT OF FACTS** ................................................................. 1

III.   **CERTIFICATION** ............................................................................ 1

IV.    **LEGAL ARGUMENT** ...................................................................... 2

     1.     MOTION IN LIMINE NO. 1: Permitting Plaintiffs to Show Exhibits in Opening Statement so Long as There is a Good Faith Basis for Their Admissibility During Trial. ...................................... 2

     2.     MOTION IN LIMINE NO. 2: Excluding Argument or Evidence Regarding "Voluntariness." .......................................................... 3

     3.     MOTION IN LIMINE NO. 3: Excluding Evidence or Argument that Class Members "Benefit" from Working. ................................ 5

     4.     MOTION IN LIMINE NO. 4: Precluding Evidence that Detainee Workers "Failed" to Request a Raise or the Minimum Wage. ........................................................................................... 6

     5.     MOTION IN LIMINE NO. 5: Permitting Plaintiffs to Control the Presentation of their Case by Calling Adverse Witnesses, Using Leading Questions, and Limiting Defendants' "Cross-Examination" of Defense Witnesses During Plaintiffs' Case in Chief. ............................................................................................. 6

     6.     MOTION IN LIMINE NO. 6: Precluding Evidence and Argument that Plaintiffs and the Class Members Violated Federal Immigration Laws. ............................................................ 7

     7.     MOTION IN LIMINE NO. 7: No Mention of "Illegals." ............... 8

     8.     MOTION IN LIMINE NO. 8: Precluding Evidence and Argument Concerning Plaintiff Aguirre-Urbina's Criminal Convictions. ...................................................................................... 9

     9.     MOTION IN LIMINE NO. 9: Evidence of Mr. Aguirre-Urbina's Medical and Mental Health History Should Be Excluded. ........................... 12

     10.     MOTION IN LIMINE NO. 10: Precluding Evidence of Other Crimes, Wrongs, Other Bad Acts by Plaintiff Nwauzor. ................................ 14

PLTFS.' MOT. IN LIMINE (17-cv-05769-RJB) - i

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

11.    MOTION IN LIMINE NO. 11: Precluding Evidence and Argument About Work Authorization. .......................................................... 15

12.    MOTION IN LIMINE NO. 12: Excluding Argument and Evidence Regarding Intergovernmental Immunity and MWA Exemptions. ................................................................................... 16

V.    **CONCLUSION** ................................................................................ 17

**CERTIFICATE OF SERVICE** ....................... **ERROR! BOOKMARK NOT DEFINED.**

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

# I.   INTRODUCTION

Plaintiffs Ugochukwu Goodluck Nwauzor and Fernando Aguirre-Urbina respectfully move the Court for an order in limine excluding improper arguments and inadmissible evidence. Plaintiffs also seek an advanced ruling on the admissibility and use of other evidence to remove misleading and prejudicial argument during trial and to provide for a smoother presentation of evidence to the jury.[1] Should the Court deny any of Plaintiffs' motions in limine, they seek the Court's acknowledgement that they are relieved from making further objection before the jury.

# II.   STATEMENT OF FACTS

This is a class-action wage-and-hour lawsuit under the Washington Minimum Wage Act (MWA). RCW § 49.46 et seq. The parties have discussed the facts of this case at length in previous briefing to the Court. To avoid unnecessary repetition, Plaintiffs incorporate the statement of facts from their Motion for Summary Judgment. Dkt. No. 221. Facts pertinent to issues on which an in limine ruling is sought are addressed in the course of Plaintiffs' arguments below.

# III.   CERTIFICATION

Before filing this motion, the parties conferred through counsel in an effort to resolve the matters in dispute. Declaration of Jamal N. Whitehead ("Whitehead Decl.") at ¶ 2. The parties agreed on several issues, and expect to submit a stipulation containing those agreements this same day or soon after. *Id.* Issues upon which no agreement could be reached are addressed below, as are the facts pertinent to each issue.

---

[1] In addition, Plaintiffs join all motions in limine filed by the State of Washington in its action against GEO. *State of Washington v. The GEO Group.,* No. 3:17-cv-05806-RJB.

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

## IV.  LEGAL ARGUMENT

Motions in limine rest on "the court's inherent power to manage the course of trials," *Luce v. United States*, 469 U.S. 38, 41, n.4 (1984), and are used to "exclude anticipated prejudicial or irrelevant evidence before it is actually offered at trial." *Id.* at 40, n.2. Motions in limine may also resolve other issues that promote "judicial economy" and "save jury time." *See United States v. Cook*, 608 F.2d 1175, 1186 (9th Cir. 1979), *overruled on other grounds by Luce*, 469 U.S. at 40, n.3. To this end, "[a] party may bring a motion in limine to obtain a ruling on the admissibility of specific evidence to be introduced at trial." *Nelson v. Paulson*, C08-1034-JCC, 2008 WL 11347441, at *1 (W.D. Wash. Dec. 15, 2008) (emphasis in original). Whether to grant a motion in limine is within the trial court's discretion. *See U.S. Fid. & Guar. Co. v. Lee Inv. LLC*, 641 F.3d 1126, 1137 (9th Cir. 2011) (reviewing district court's order on motions in limine for abuse of discretion).

1. **MOTION IN LIMINE NO. 1: Permitting Plaintiffs to Show Exhibits in Opening Statement so long as There is a Good Faith Basis for Their Admissibility During Trial.**

"It is well settled that any party may, in opening statement, refer to admissible evidence expected to be presented at trial. The only requirement is that counsel have a good faith belief that the evidence will be produced at trial." *City of Puyallup v. Spenser*, 192 Wn. App. 728, 731 (2016); *see also United States v. Drummondo-Farias*, No. CR 12-00174 JMS, 2018 WL 2471449, at *11 (D. Haw. June 1, 2018) (opening statements "should be limited to a statement of facts which the [party] intends or in good faith expects to prove." (quoting *Leonard v. United States*, 277 F.2d 834, 841 (9th Cir. 1960))). This rule limits the gamesmanship that can result when a party objects on specious grounds to the admissibility of a proposed exhibit merely to prevent the opposing party from disclosing the document in opening statement.

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

2. **MOTION IN LIMINE NO. 2: Excluding Argument or Evidence Regarding "Voluntariness."**

GEO will argue or attempt to elicit testimony during trial to suggest to the jury that the "voluntary" nature of its work program somehow means the workers cannot be "employees" or that they "waived" their right to minimum wage as a result. For example, GEO may suggest that class members were not forced to work, "knew what they were signing up for," or "volunteered" to work for $1 per day and cannot now be heard to complain. Such argument or evidence is contrary to law, would gravely mislead the jury, and should be excluded in advance of trial for its prejudicial affect.

First, under the MWA, for-profit businesses like GEO are forbidden from using "volunteers" to perform the work of the business. RCW 49.46.010(3)(d) (excluding from the definition of employee "any individual engaged in the activities of an educational, charitable, religious, state or local governmental body or agency, or nonprofit organization," but not for-profit companies, "where the employer-employee relationship does not in fact exist or where the services are rendered to such organizations gratuitously."); Washington Department of Labor & Industries, Minimum Wage Act Applicability, ES.A.1 at ¶ 6(d), p. 9 ("Volunteers are not allowed in a 'for-profit' business.") (Jul. 15, 2014), https://www.lni.wa.gov/workers-rights/_docs/esa1.pdf. Thus, the "volunteer" or "voluntary" label carries no legal weight in the context of this MWA wage-and-hour class action and arguing or inferring otherwise will confuse and mislead the jury. Fed. R. Evid. 403.

Second, the labels an employer ascribes to its workforce—whether "volunteers" or "independent contractors" or "trainees" or something else—are irrelevant in determining minimum wage protection. This is true under both the MWA and the FLSA on which it is modeled. *Anfinson v. FedEx Ground Package Sys., Inc.*, 281 P.3d 289, 297 (2012) (adopting

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

the FLSA's "economic reality" test to determine whether workforce was properly classified as "independent contractors"); *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 729 (1947) (reasoning that a "label does not take the worker from the protection of the [FLSA]"); *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 302 (1985) (holding that drug addicts and other needy individuals labeled "volunteers" were entitled to minimum wage protection); *Reich v. Shiloh True Light Church of Christ*, 895 F. Supp. 799, 819 (W.D.N.C. 1995) (noting that "use of labels…is meaningless" in determining minimum wage protection and holding that "student trainees" enrolled in church-run vocational training program were employees).

Finally, implying that a worker can "volunteer" to work for something less than minimum wage is directly contrary to law. *See* RCW 49.46.090 ("Any agreement between such employee and the employer allowing the employee to receive less than what is due under this chapter shall be no defense to such action."). Indeed, in the *Alamo* decision, the U.S. Supreme Court held that federal minimum wage protections applied even though the workers themselves "vehemently protest[ed]" coverage and wanted to volunteer their time and labor to the organization. 471 U.S. at 302. As the Court noted, if such argument were to prevail, employers could use their "superior bargaining power" to coerce employees into "voluntary" relationships thereby eviscerating the purpose of the Act to prevent unfair competition across all industries.

Other than forced labor, the act of working is always "voluntary" in the sense that it is an act of one's own choice or free will. And while Plaintiffs do not suggest GEO should be precluded from referring to the "Voluntary Work Program" (in full), GEO should not be permitted to argue or elicit evidence that would mislead jurors into thinking that "voluntariness" defeats or is somehow relevant to an employment relationship.

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

### 3.   MOTION IN LIMINE NO. 3: Excluding Evidence or Argument that Class Members "Benefit" from Working.

Whether a worker "benefits" from a particular job has no bearing on whether he is entitled to minimum wage protection. *See Donovan v. New Floridian Hotel, Inc.*, 676 F.2d 468, 470 (11th Cir. 1982) (rejecting as "devoid of merit" company's argument that it gave mental patients tasks to "keep them occupied" as defense to paying minimum wages); *Souder v. Brennan*, 367 F. Supp. 808, 813 (D.D.C. 1973) (same as to mentally-ill and disabled patient-workers who may have received therapeutic benefit from work). As the *Souder* court keenly observed:

> The fallacy of the argument that the work of patient-worker is therapeutic can be seen in extension to its logical extreme, for the work of most people, inside and out of institutions, is therapeutic in the sense that it provides a sense of accomplishment, something to occupy the time, and a means to earn one's way. *Yet that can hardly mean that employers should pay workers less for what they produce for them.*

367 F. Supp. at 813, n.21 (emphasis added). Indeed, even students in vocational training programs can be employees entitled to minimum wage protection. *See Marshall v. Baptist Hosp., Inc.*, 473 F. Supp. 465, 477 (M.D. Tenn. 1979) (holding that X-ray technicians-in-training enrolled in two-year, accredited college program were employees), *rev'd on other grounds*, 668 F.2d 234 (6th Cir. 1981).

Along the same lines as "voluntariness," Plaintiffs anticipate that GEO will argue or attempt to elicit testimony to demonstrate that the work class members perform provides them a benefit, such as a cure for "idleness." This may be true on some level, but whether class members derive an intangible benefit from the Voluntary Work Program is irrelevant here and evidence and argument on this score will confuse the jury and waste time. Fed. R. Evid. 403.

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

Thus, GEO should not be permitted to argue or elicit testimony that suggests that, because class members obtain some "benefit" from working, they are not in reality employees or that GEO may pay them less than the minimum wage.

### 4. MOTION IN LIMINE NO. 4: Precluding Evidence that Detainee Workers "Failed" to Request a Raise or the Minimum Wage.

GEO may argue that the detainee workers "failed" to request a raise. In many cases this argument is factually incorrect, but the Court should preclude any such argument or evidence that the detainee workers did not request a raise because, by law, GEO had an independent, affirmative duty to pay the minimum wage to its employees. This duty existed regardless of whether GEO's employees asked for a raise or not. Even assuming *arguendo* that evidence about the absence of a request for a pay raise was relevant, the risk of unfair prejudice to Plaintiffs and confusion of the issues outweighs any probative value. Fed. R. Evid. 403.

### 5. MOTION IN LIMINE NO. 5: Permitting Plaintiffs to Control the Presentation of their Case by Calling Adverse Witnesses, Using Leading Questions, and Limiting Defendant's "Cross-Examination" of Defense Witnesses During Plaintiffs' Case in Chief.

A plaintiff in an employment case bears the burden of proof and must often present his case through the testimony of his employer, the defendant. Consequently, plaintiffs in employment cases are often burdened with calling adverse witnesses in their case in chief. It is unduly prejudicial to allow defense counsel to proceed with direct examination of their own witnesses during the plaintiff's case in chief merely because the plaintiff must call these witnesses to establish elements of his case. To do so would turn on its head the universal premise that the preferred method of procedure is a party's presentation of its case without interruption.

Therefore, Plaintiffs seeks an in limine order preventing witnesses identified with GEO

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

from expanding their testimony beyond the scope of direct examination. *See* Fed. R. Evid. 611(b). GEO will suffer no prejudice by adhering to the default rule, as there is nothing precluding defense witnesses from returning to court to testify further should GEO wish to offer additional testimony beyond the scope of Plaintiffs' examination in their case in chief.

In addition, Plaintiffs seek an advance ruling permitting them to question current GEO personnel or those witnesses associated with GEO (e.g., former GEO employees) using leading questions. *See* Fed. R. Evid. 611(c) ("[T]he court should allow leading questions . . . when a party calls a hostile witness, an adverse party, or a witness identified with an adverse party.").

In addition, because any "cross-examination" of these defense witnesses is "cross" in name only, Plaintiffs ask that defense counsel be limited to non-leading questions of GEO personnel during Plaintiffs' case in chief. *See* Fed. R. Evid. 611(c)(2) (1972 Advisory Committee Note for subdivision (c)) (noting that the rule continues the traditional view that the suggestive powers of the leading question are as a general proposition undesirable). Courts are afforded discretion to manage witness testimony and determine necessary bases on which to allow leading questions to develop from that testimony. *Richardson v. Mo. Pac. R.R. Co.*, 186 F.3d 1273, 1275-78 (10th Cir. 1999).

### 6. MOTION IN LIMINE NO. 6: Precluding Evidence and Argument that Plaintiffs and the Class Members Violated Federal Immigration Laws.

Plaintiffs move in limine to exclude all testimony, evidence, comment, argument, and questioning at trial that Plaintiffs and members of the class violated immigration laws in coming to the United States. Such evidence is irrelevant, as it fails to make more or less probable the existence of any fact of consequence. *See* Fed. R. Evid. 401 and 402.

Even if Plaintiffs' compliance with federal immigration laws was at issue, such evidence and argument should still be barred under Rule 403, as the dangers of unfair

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

prejudice, issue confusion, undue delay, and waste of time clearly and substantially outweigh any probative value of such evidence. *See* Fed. R. Evid. 403. Evidence such as this offers no probative value, because Plaintiffs' compliance with federal immigration laws does not support or discredit any claim or defense in this case involving the question of whether GEO has already formed an employment relationship with members of the class. Evidence of this type at trial would confuse the issues by likely requiring a "trial within a trial" regarding the details of any alleged violation. Any time spent at trial on these issues will only amount to undue delay and a waste of the Court's time.

Moreover, under Rule 404(b), the Court should specifically exclude the use of such evidence to discredit the character of Plaintiffs or members of the class at trial. *See* Fed. R. Evid. 404(b) ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."). Here, there is no dispute that many members of the class are noncitizens, but the jury's perception of the detainee workers is particularly susceptible to prejudice simply because of the rhetoric surrounding immigration in the current political climate.

In this case, GEO should be precluded from offering any evidence in regards to compliance with federal immigration laws to attack the credibility of Plaintiffs or members of the class.

**7.   MOTION IN LIMINE NO. 7: No Mention of "Illegal Alien," "Illegal Immigrant," "Undocumented," or Any Combination Thereof.**

GEO should be prohibited from using the terms "illegal alien," "illegal immigrant," "undocumented," or any combination thereof, when referencing Plaintiffs, class members, and

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

those similarly situated.[2] These terms are highly prejudicial, designed to play to jurors' prejudices against noncitizens, and likely to bias the jury against Plaintiffs. Fed. R. Evid. 403. The Washington Supreme Court has found evidence of immigration status to "interfere[ ] … with the fact finder's duty to engage in reasoned deliberation" and remains "convinced that the probative value of a plaintiff's undocumented status, by itself, is substantially outweighed by the danger of unfair prejudice." *Salas v. Hi-Tech Erectors,* 230 P.3d 583, 586 (Wash. 2010).

This fact is borne out by research showing that the use of negative labels such as "illegal alien," "illegal immigrant," and "undocumented alien" result in "significantly more prejudice," "significantly more punitive behavioral intentions," and increased support for "more punitive policies towards immigrants." Julian M. Rucker, *et al*., *The immigrant labeling effect: The role of immigrant group labels in prejudice against noncitizens,* GROUP PROCESSES & INTERGROUP REL., Vol. 22(8), 1139, 1146 (2019). In contrast, neutral labels such as "noncitizen" and "immigrant" elicit "significantly less prejudice . . . less punitive behavioral intentions . . . and less punitive policy preferences." *Id.* Because "group labels significantly influence the way that people feel and intend to behave toward unauthorized immigrants," GEO should not be permitted to manipulate the jury in its favor by playing to such bias through its use of negative terms. *Id.* The jury's role as neutral fact finders should be preserved, and the Court should prohibit the use of these negative labels.

### 8. MOTION IN LIMINE NO. 8: Precluding Evidence and Argument Concerning Plaintiff Aguirre-Urbina's Criminal Convictions.

Plaintiffs seek an in limine order precluding GEO from offering evidence or eliciting testimony concerning Plaintiff Fernando Aguirre-Urbina's past criminal charges and

---

[2] The parties have entered a stipulation precluding reference to Plaintiffs and class members as "illegals." Whitehead Decl., ¶ 2.

PLTFS.' MOT. IN LIMINE (17-cv-05769-RJB) - 9

convictions. This evidence has no tendency to make a fact of consequence more or less probable and the risk of unfair prejudice if admitted is real and vast. Fed. R. Evid. 401, 402, and 403.

Rule 609 governs the admissibility of relevant criminal convictions for the purpose of impeaching a witness, and provides that crimes punishable by less than one year of imprisonment should not be admitted for impeachment unless they involved dishonesty or a false statement. Fed. R. Evid. 609(a)(1)(A). Courts look to either the definition of the offense or to the facts of how the crime was committed to determine whether it involves dishonesty or a false statement. *United States v. Glenn*, 667 F.2d 1269, 1273 (9th Cir. 1982). However, when the date of conviction or release from imprisonment, whichever is later, is more than 10 years old, evidence of a conviction is not admissible for impeachment purposes unless specific facts are provided to show that its probative value substantially outweighs its prejudicial effect, and the proponent of the evidence provides reasonable written notice to the adverse party of the intent to use the conviction. Fed. R. Evid. 609(b).

Mr. Aguirre-Urbina's criminal history is as follows:

| Disposition Date | Description | Type | Sentence |
|---|---|---|---|
| 05/31/2012 | Delivery of controlled substance, methamphetamine | Felony Conviction | 12 months + 1 day |
| 05/31/2012 | Possession with intent to deliver, methamphetamine | Felony Conviction | 12 months + 1 day |
| 05/31/2012 | Possession with intent to deliver, marijuana | Felony Conviction | 6 months |
| 01/25/2011 | Theft 3 | Bail Forfeiture | None |
| 06/30/2010 | Obstruction | Misdemeanor Conviction | 365 days, 365 days suspended |

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

| 12/01/2009 | Malicious Mischief | Misdemeanor Conviction | 90 days, with 90 days suspended |
| 03/17/2009 | Possession of marijuana | Misdemeanor Conviction | 90 days, with 89 days suspended |
| 03/17/2009 | False Statements | Misdemeanor Conviction | 90 days, with 89 days suspended |

Whitehead Decl., ¶ 3.

Mr. Aguirre-Urbina's 2009 convictions are over 10 years old, and the sentence was suspended for 89 of the 90 days, so his release from imprisonment also occurred more than 10 years ago. GEO has put forth no specific facts showing the probative value of these convictions substantially outweighs their prejudicial effect, and has failed to provide Plaintiffs with the required written notice of its intent to use these convictions. Fed. R. Evid. 609(b)(2). Even if GEO should attempt do so, the malicious mischief and marijuana convictions have no bearing on the case at hand or Mr. Aguirre-Urbina's credibility. The 2009 false statements conviction arose from Mr. Aguirre-Urbina providing the wrong name to a police officer. To be sure, this was a regrettable act, but its probative value does not substantially outweigh its prejudicial effect. As a result, the convictions should be excluded. Fed. R. Evid. 403.

Similarly, Mr. Aguirre-Urbina's 2010 conviction is almost outside the 10 year window, and as such, the rationale for excluding convictions under 609(b) should apply to this conviction as well.

Mr. Aguirre-Urbina's 2012 convictions should be excluded because they lack any probative value and are unfairly prejudicial. In deciding whether to admit evidence of past convictions under Rule 609(a)(1), this court considers five factors: "(1) the impeachment value of the prior crime, (2) the point in time of the conviction and the witness' subsequent history, (3) the similarity between the past crime and the charged crime, (4) the importance of the

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

defendant's testimony, and (5) the centrality of the credibility issue." *United States v. Cook,* 608 F.2d 1175, 1185 n. 8 (9th Cir. 1979) (en banc), *cert. denied,* 444 U.S. 1034 (1980), *overruled on other grounds, Luce v. United States,* 469 U.S. 38, 40 n. 3 (1984).

The five *Cook* factors weigh heavily in favor of exclusion. Mr. Aguirre-Urbina's 2012 convictions lack impeachment value as they have no relevance to the issues of the instant case and do not speak to his veracity. They are almost eight years old and Mr. Aguirre-Urbina has no criminal history since these convictions. They bear no similarity to the matters to which he would testify. Mr. Aguirre-Urbina's testimony, while important, is not as vital as that of a criminal defendant or sole witness because he is but one representative of a class of individuals who are similarly situated. As such, the case does not succeed or fail on his word alone. Finally, his credibility is not as central an issue as it would be if he were a defendant whose testimony is "pitted against that of the government witness, thereby making the credibility of the defendant an important issue." *U.S. v. Bensimon,* 172 F.3d 1121, 1126 (9th Cir. 1999) (citations omitted).

Further, the prejudicial nature of the 2012 convictions substantially outweighs any probative value. If the 2012 convictions related to controlled substances are admitted for use against him, they will allow GEO to imply to the jury that Mr. Aguirre-Urbina is a criminal alien who cannot be trusted. The convictions have no relation to his work at GEO's facility, and should be excluded.

### 9.   MOTION IN LIMINE NO. 9: Evidence of Mr. Aguirre-Urbina's Medical and Mental Health History Should Be Excluded.

GEO has already and will likely continue to argue that Mr. Aguirre-Urbina is an inadequate class representative because of his mental health history. GEO offered no evidence at the class certification stage, however, or in its pretrial statement to suggest that Mr. Aguirre-

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

Urbina cannot testify competently at trial or continue to represent the interests of the class, as he has done ably thus far.

Plaintiffs anticipate that GEO will use Mr. Aguirre-Urbina's mental health and medical records at trial or seek testimony about his mental health or condition to paint him as incompetent before the jury. Mr. Aguirre-Urbina's mental health and medical records and history are irrelevant and should be excluded at trial because the risk of unfair prejudice is too great. Fed. R. Evid. 401, 403. To start, Mr. Aguirre-Urbina's privacy should be maintained because his records contain no evidence that could be deemed relevant to his claims, and to the extent they could be argued as relevant, any such relevancy is outweighed by the unnecessary invasion of privacy. *See Griswold v. Connecticut*, 381 U.S. 479, 485 (1965); *In re Zuniga*, 714 F.2d 632, 641 (6th Cir. 1983) (recognizing a constitutional right to privacy in medical records).

Next, the admission of personal medical and mental health history and documents at trial would serve no purpose other than to embarrass and humiliate Mr. Aguirre-Urbina by forcing him to discuss personal issues in open court that would likely only be disclosed to a treating physician or mental health professional. This is especially true for those records that reference past drug use because their admission would impermissibly permit GEO to characterize Mr. Aguirre-Urbina as an addict or former addict. *United States v. Ong*, 541 F.2d 331, 340 (2d Cir. 1976) (few subjects are more "potentially inflammatory than narcotics and thus such evidence should usually be excluded in a non-narcotics trial"). And since sobriety is not at issue in the case, admission of the records would be irrelevant and highly prejudicial. Fed. R. Evid. 401, 403.

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

Accordingly, medical and mental health records, or attempts to elicit testimony concerning private medical information, should be excluded at trial as irrelevant under Fed. R. Evid. 401 and 402.

To the extent there are any legitimate concerns about Mr. Aguirre-Urbina's mental state, GEO has suggested, and Plaintiffs agree, that any such questioning should occur outside the presence of the jury. Whitehead Decl., ¶ 4.

### 10. MOTION IN LIMINE NO. 10: Precluding Evidence of Other Crimes, Wrongs, or Other Bad Acts by Plaintiff Nwauzor.

GEO may offer evidence or elicit testimony attempting to prove that Mr. Nwauzor engaged in misconduct while in detention. During his deposition, Mr. Nwauzor testified that he had a misunderstanding with another detained person over a bathroom stall, and that detention officers were called, but no discipline or write-up flowed from the incident. *See* Whitehead Decl., Ex. A (Nwauzor Dep. at 80-82).

As a threshold matter, Mr. Nwauzor denies any misconduct, but for purposes of trial, evidence of this bathroom incident would confuse the issues before the jury requiring a "trial within a trial" about the details of any alleged violation. Time spent at trial on these issues will only amount to undue delay and a waste of the Court's time. Fed. R. Evid. 403. Moreover, evidence about any purported misconduct has no probative value because Mr. Nwauzor's conduct while detained does not support or discredit any claim or defense in this case involving the central inquiry: whether GEO formed an employment relationship with members of the class.

In addition, evidence of other crimes, wrongs, or acts is not admissible to show action in conformity therewith. Fed. R. Evid. 404(b). And while evidence of specific conduct may be introduced when the character of a person is an essential element of a charge, claim, or defense,

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

Mr. Nwauzor's character is not an essential element in a wage and hour class action. Fed. R. Evid. 405(b); *see Zubulake v. UBS Warburg LLC*, 382 F. Supp. 2d 536, 540 (S.D.N.Y. 2005) ("A plaintiff's character is not an essential element of any claim or defense in an employment discrimination case.").

As such, Plaintiffs respectfully request that the Court preclude all evidence and testimony concerning alleged misconduct by Mr. Nwauzor.

### 11. MOTION IN LIMINE NO. 11: Precluding Evidence and Argument About Work Authorization.

GEO will likely offer evidence and seek testimony about whether Plaintiffs and members of the class were authorized to work in the United States, from which it will argue that the absence of work-authorization precludes the formation of an employment relationship. This is wrong as a matter of law where, as is the case here, the work at issue has already been performed. The MWA requires employers to pay the minimum wage to employees for work already performed regardless of the employee's immigration status or work authorization or eligibility. *See* RCW 49.46.010(3) (defining "employee" as "any individual employed by an employer" and making no exceptions based on, or references to, immigration status or citizenship) (emphasis added); RCW 49.46.020 (requiring "every employer" to pay "each of his or her employees" the minimum wage without reference to or exceptions based on immigration or citizenship status); *see also Bailon v. Seok AM No. 1 Corp., No*. C-09-05483-JRC, 2009 WL 4884340, at *2-3 (W.D. Wash. Dec. 9, 2009) (finding immigration status irrelevant to workers' entitlement to protection under the Washington Minimum Wage Act); *Sandoval v. Rizzuti Farms, Ltd.*, No. CV-07-3076-EFS, 2009 WL 2058145 at *2 (E.D. Wash. July 15, 2009) (immigration status is irrelevant to claims for wages owed under Washington state wage laws); *Cf. Rivera v. Nibco, Inc.*, 364 F.3d 1057, 1063-69 (9th Cir. 2004) (employee's

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

immigration status is irrelevant to Title VII claim for back wages); *Madeira v. Affordable Hous. Found., Inc.*, 469 F.3d 219, 237 (2d Cir. 2006) (holding IRCA did not preempt established state workers' compensation law); United States Department of Labor, Wage & Hour Division, Fact Sheet #48: Application of U.S. Labor Laws to Immigrant Workers: Effect of Hoffman Plastics Decision on Laws Enforced by the Wage and Hour Division, (declaring the U.S. Department of Labor will enforce federal minimum wage laws "without regard to whether an employee is documented or undocumented") (July 2008), https://www.dol.gov/sites/dolgov/files/WHD/legacy/files/whdfs48.pdf. To hold otherwise is to create a "perverse incentive [for employers] to ignore immigration laws at the time of hiring but insist upon their enforcement when their employees complain." *Rivera*, 364 F.3d at 1072.

The weight of authority is against GEO, and permitting evidence or argument concerning work authorization will mislead and confuse the jury and play into their worst fears about Plaintiffs and the class members as job-stealing foreigners. Because work authorization is irrelevant to Plaintiffs' case and because of the substantial risk of unfair prejudice, Plaintiffs respectfully request an in limine order precluding all evidence and argument concerning work authorization, including any evidence or argument that federal law would prohibit employment of Plaintiffs or the class members.

### 12.  MOTION IN LIMINE NO. 12: Excluding Argument and Evidence Regarding Intergovernmental Immunity and MWA Exemptions.

GEO argues in its pending summary judgment motion that Plaintiffs' case should be dismissed on the bases of intergovernmental immunity and the "residential" and "detainee" (or "government-owned facility") exemptions to the MWA. Dkt. No. 227 at 6-21. Plaintiffs will address the merits of these arguments in their opposition to GEO's motion, which is due on March 27. Dkt. No. 249. But GEO can avail itself of neither immunity nor the exemptions to

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

save the day. To start, GEO's claim of immunity is predicated upon a false comparison between facilities run by the Federal Government and the State of Washington. The Court previously ruled that "The doctrine of intergovernmental immunity <u>has not been shown</u>, on the motion for summary judgment, to shield Defendant from application of the Minimum Wage Act," and factual discovery since the Court's order demonstrates the inapplicability of the doctrine and the inaptness of GEO's comparison to Washington-run programs. Dkt. No. 322 at 2 (emphasis in original).

As for GEO's claimed MWA exemptions, its arguments fail on their merits and procedurally, as the Court has previously ruled that the detainee exception does not apply, Dkt No. 28 at 13 ("The Northwest Detention Center is a federal detention facility and thus does not fall under the [RCW 49.46.010(3)(k)]), and because GEO failed to plead either exemption as an affirmative defense, thereby waiving them.

To the extent the Court determines that neither intergovernmental immunity nor MWA exemptions apply as a matter of law and undisputed fact, the Court should exclude all argument or evidence about Washington-owned or -run facilities. For example, GEO has identified over a dozen witnesses from various Washington agencies and all but a few of its proposed exhibits relate to Washington correctional facilities and programs. Whitehead Decl., ¶ 6. Evidence or argument about Washington facilities and programs is irrelevant to the question before the jury, and runs a substantial risk of confusing the issues, misleading the jury, wasting time, and needless presentation of cumulative evidence." Fed. R. 403.

## V.   CONCLUSION

For the foregoing reasons, Plaintiffs respectively request that the Court grant their motions in limine.

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

1    DATED this 12th day of March, 2020.

2                                    SCHROETER GOLDMARK & BENDER

3                                    *s/ Jamal N. Whitehead*
                                     _____
                                     Adam J. Berger, WSBA #20714
4                                    Lindsay L. Halm, WSBA #37141
                                     Jamal N. Whitehead, WSBA #39818
5                                    Rebecca J. Roe, WSBA #7560
                                     810 Third Avenue, Suite 500
6                                    Seattle, WA 98104
                                     Tel: (206) 622-8000 ~ Fax: (206) 682-2305
7                                    berger@sgb-law.com
                                     halm@sgb-law.com
8                                    whitehead@sgb-law.com

9                                    THE LAW OFFICE OF R. ANDREW FREE
                                     Andrew Free (*Pro Hac Vice*)
10                                   P.O. Box 90568
                                     Nashville, TN 37209
11                                   Tel: (844) 321-3221 ~ Fax: (615) 829-8959
                                     andrew@immigrantcivilrights.com
12
                                     OPEN SKY LAW PLLC
13                                   Devin T. Theriot-Orr, WSBA #33995
                                     20415 72nd Ave S, Ste. 100
14                                   Kent, WA 98032
                                     Tel: (206) 962-5052 ~ Fax: (206) 681-9663
15                                   devin@openskylaw.com

16                                   MENTER IMMIGRATION LAW, PLLC
                                     Meena Menter, WSBA #31870
17                                   8201 164th Ave NE, Suite 200
                                     Redmond, WA 98052
18                                   Tel: (206) 419-7332
                                     meena@meenamenter.com
19
                                     *Attorneys for Plaintiff*
20

21

22

23

24

SCHROETER GOLDMARK & BENDER
                                                                                              500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
                                                                                              Phone (206) 622-8000 ● Fax (206) 682-2305

1

## **CERTIFICATE OF SERVICE**

2      I hereby certify that on March 12, 2020, I electronically filed the foregoing with the
Clerk of the Court using the CM/ECF system which will send notification of such filing to the
3 following:

4  Devin T. Theriot-Orr                          R. Andrew Free
   OPEN SKY LAW, PLLC                            THE LAW OFFICE OF R. ANDREW FREE
5  20415 – 72nd Avenue South, Suite 110          PO Box 90568
   Kent, WA 98032                                Nashville, TN 37209
6  devin@opensky.law                             andrew@immigrantcivilrights.com
   *Attorney for Plaintiff*                      *Attorney for Plaintiff*
7
   Meena Menter                                  Joan K. Mell
8  MENTER IMMIGRATION LAW PLLC                   III BRANCHES LAW, PLLC
   8201 – 164th Avenue NE, Suite 200             1019 Regents Boulevard, Suite 204
9  Redmond, WA 98052                             Fircrest, WA 98466
   meena@meenamenter.com                         joan@3ebrancheslaw.com
10 *Attorney for Plaintiff*                      *Attorney for Defendant*

11 Colin L. Barnacle
   Ashley E. Calhoun
12 Christopher J. Eby
   Adrienne Scheffey
13 Allison N. Angel
   AKERMAN LLP
14 1900 Sixteenth Street, Suite 1700
   Denver, CO 80202
15 colin.barnacle@akerman.com
   ashley.calhoun@akerman.com
16 christopher.eby@akerman.com
   allison.angel@akerman.com
17 adrienne.scheffey@akerman.com
   *Attorneys for Defendant*
18

19      DATED at Seattle, Washington this 12th day of March, 2020.

20                                              *s/ Virginia Mendoza*
                                                VIRGINIA MENDOZA, Legal Assistant
21                                              SCHROETER GOLDMARK & BENDER
                                                810 Third Avenue, Suite 500
22                                              Seattle, WA  98104
                                                Phone:  (206) 622-8000/Fax: (206) 682-2305
23                                              Email:  mendoza@sgb-law.com

24

SCHROETER GOLDMARK & BENDER
                                                         500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
                                                         Phone (206) 622-8000 ● Fax (206) 682-2305