# EXHIBIT Q



    

2208 North 30th Street, Suite 202, Tacoma, WA 98403 • 253.627.6401 • Toll Free: 800.649.2034 • byersanderson.com

# ONE-WEEK TRANSCRIPT TURNAROUND

Digital Transcripts • Internet Realtime • HD Legal Video • Picture-in-Picture Depositions
Remote Witnesses • Designation Editing • Nationwide Scheduling • HD Videoconferencing

In the Matter of:

NWAUZOR

vs

GEO GROUP

_____

**BYRON EAGLE**

*December 05, 2019*

_____

Thank you for choosing Byers & Anderson for your court reporting, legal video, and videoconferencing needs. For over 35 years it has been our goal to provide you with unmatched service. Our one-week transcript turnaround is an industry leader. If there is anything we can do to assist you, please don't hesitate to let us know.

*Sarah Fitzgibbon, CCR*
Deposition Services Lead Consultant



The Premier Advantage™
PDF transcript bundle contains:

• Full-size and condensed transcripts
• Printable word index
• Hyperlinked selectable word index
• Embedded printable exhibit scans
• Hyperlinked selectable exhibit viewing
• Common file formats: txt, lef, mdb
   accessed via *paperclip* icon

STRATEGY     •     TECHNOLOGY     •     DESIGN     •     DEPOSITIONS

UNITED STATES DISTRICT COURT
for the
WESTERN DISTRICT OF WASHINGTON

_____

NWAUZOR, et al.,                    )
                                    )
            Petitioners,            )
                                    )
        v.                          ) No. 3:17-cv-05769-RBJ
                                    )
THE GEO GROUP, INC.,                )
                                    )
            Respondent.             )
_____

Deposition Upon Oral Examination

of

BYRON EAGLE

_____

Taken at 1019 Regents Boulevard

Fircrest, Washington

DATE:  Thursday, 5 December 2019

REPORTED BY:  Gloria C. Bell, CCR 3261

```
 1                    A P P E A R A N C E S

 2

 3    For the Deponent Eagle:

 4              CRAIG B. MINGAY
                Assistant Attorney General
 5              7141 Cleanwater Drive SW
                Olympia, Washington 98504-0124
 6              360.534.4878
                craigm1@atg.wa.gov
 7

 8    For the State Civil Rights Unit:

 9              ANDREA BRENNEKE
                Assistant Attorney General
10              800 Fifth Avenue
                Suite 2000
11              Seattle, Washington 98104-3188
                206.233.3384
12              andreab3@atg.wa.gov

13

      For the Respondent GEO:
14
                JOAN K. MELL
15              III Branches Law, PLLC
                1019 Regents Boulevard
16              Suite 204
                Fircrest, Washington 98466
17              253.566.2510
                joan@3brancheslaw.com
18

19    Also Present: ROSS PETERSON

20

21

22

23

24

25
```

```
 1                     I N D E X

 2   EXAMINATION BY:                              PAGE

 3   Ms. Mell................................................5

 4   Mr. Mingay.............................................51

 5   Ms. Mell..............................................52

 6

 7                        * * *

 8

 9   EXHIBIT              DESCRIPTION                FOR I.D.

10   Exhibit No. 334      Amended subpoena...................4

11   Exhibit No. 335      Class Action Complaint.............4

12   Exhibit No. 336      Declaration of B.Eagle.............4

13   Exhibit No. 337      Initial filing of Complaint........4

14   Exhibit No. 338      SCC final Report for 10/28/11......4

15   Exhibit No. 339      Engrossed Substitute Senate Bill
                          6052...............................4
16

17

18

19

20

21

22

23

24

25
```

```
 1          FIRCREST, WASHINGTON; THURSDAY, 5 DECEMBER 2019

 2                          1:00 P.M.

 3                          --oOo--

 4                  (Deposition Exhibit Nos. 334-339 was

 5                  marked for identification.)

 6                  (Deposition started at 1:16 p.m.)

 7   BYRON EAGLE,        witness herein, being first duly
                         sworn on oath, was examined and
 8                       testified as follows: examination:

 9              MS. MELL:  For the record the my name is Joan

10       Mell.  I'm appearing on behalf of the GEO,

11       respondents.

12              MS. BRENNEKE:  I'm Andrea Brenneke with the

13       Attorney General's Office and the Civil Rights

14       Division.

15              MS. MELL:  And you're here because?

16              MS. BRENNEKE:  I am here because we have been

17       consolidated for trail with the Nwauzor case, and I

18       am representing the state in the case against GEO.

19              MS. MELL:  Did you mean for discovery?

20              MS. BRENNEKE:  Hmm?

21              MS. MELL:  I don't think we've been

22       consolidated for trial.

23              MS. BRENNEKE:  For the liability portion of

24       the trial.

25              MR. MINGAY:  Craig Mingay with the Attorney
```

 1      General's Office.  I represent the witness.

 2              **THE WITNESS:  Byron Eagle with the Special**

 3      **Commitment Center.**

 4              MR. PETERSON:  Ross Peterson, paralegal with

 5      the Attorney General's Office.

 6                          EXAMINATION

 7   BY MS. MELL:

 8      Q.   Okay.  Did I say state your name?  I did, didn't

 9   I?

10      **A.   Nope.**

11      Q.   State your name.

12      **A.   Byron Eagle.**

13      Q.   And your title?

14      **A.   Chief of secure residential operations.**

15      Q.   All right.  And you have before you -- showing

16   you what's marked as Exhibit 334.  Do you recognize that

17   document?

18      **A.   Yes.**

19      Q.   All right.  You have been designated as a

20   speaking agent on behalf of the State of Washington for

21   topics six through ten as reflected in Exhibit 334.

22      **A.   Yes.**

23      Q.   And you're familiar with the subject matter?

24      **A.   Yes.**

25      Q.   And how did you become familiar with that

1    Q.    Okay.  So the state does not pay minimum wages

2    to Special Commitment Center detainees who are working at

3    the Special Commitment Center?

4    **A.    I'm trying to follow it.  Say it one more time.**

5    **Sorry.**

6    Q.    The state -- the state has Special Commitment

7    Center detainees doing work for it, without paying the

8    minimum wages and without giving them vocational training.

9          MS. BRENNEKE:  Object to the form.  Compound.

10   **A.    So they all participate in the vocational**

11   **program if they're performing work.**

12   Q.    (By Ms. Mell) But they're not getting training,

13   are they?

14   **A.    Training in what?**

15   Q.    Well, it's not really vocational training;

16   correct?  There's no start and stop date?

17         MS. BRENNEKE:  Object to the form.

18   **A.    No.**

19   Q.    (By Ms. Mell) And there's no -- you would agree

20   that people are cleaning the toilets who aren't getting a

21   degree in anything?

22   **A.    Right.  Yes.**

23   Q.    And they're cleaning the toilets at the Special

24   Commitment Center because they're detained by the State of

25   Washington, and they are not paid minimum wages to do so.

1    **A.   Yes.**

2        Q.   And, in fact, most of the participants in the

3    vocational -- well, strike that.

4             The program that you're talking about in your

5    declaration, you refer to it as an RVP; is that correct?

6    **A.   Yes.**

7             MS. BRENNEKE:  Object to the form.

8    **A.   RVP, yes.**

9        Q.   (By Ms. Mell) Okay.  So when I use the term RVP,

10   anybody who's performing work at the Special Commitment

11   Center has a status in the RVP?

12   **A.   Right; yes.**

13       Q.   Okay.  Is there anyone who is a detainee at the

14   Special Commitment Center who performs work but isn't in

15   the RVP?

16   **A.   Not that I'm aware of.**

17       Q.   And is it correct that Mr. Calvin Malone has

18   performed work as clerk for the chaplain at $2.50 per hour

19   and as a recreational clerk at 2.50 per hour for years

20   without receiving any credentials?

21   **A.   Credentials?**

22             MS. BRENNEKE:  Object to the form.

23   **A.   I wouldn't know exactly what credentials he may**

24   **or not have received.**

25       Q.   (By Ms. Mell) Does the Special Commitment Center

1    Q.   The kind of work that the detainees are doing

2    includes janitorial work; is that right?

3    **A.   Yes.**

4    Q.   Is the kind of janitorial work that is necessary

5    to maintain the operational -- to maintain operations at

6    the SCC?

7    **A.   Some of it, yes.**

8    Q.   Does it include food preparation?

9    **A.   Yes.**

10   Q.   And with regard to food preparation, the

11   legislature directed the Special Commitment Center to look

12   into more cost effective means for meal preparation at the

13   facility; isn't that correct?

14   **A.   Yes.**

15   Q.   And I'm showing you what's been marked as

16   Exhibit 338.  Do you recognize that document?  Somehow I

17   got mine mixed up, 339.  Is that the legislation that you

18   looked at in advance of your deposition?  Or at least the

19   portion of -- the SCC portions of the legislation?

20   **A.   Yes.**

21   Q.   All right.  And are you familiar with the

22   direction from the legislature in the Budget Act from 2015

23   directing the Special Commitment Center to review its

24   current food services for the SCC for opportunities to

25   consolidate and centralize, emphasizing opportunities for

C E R T I F I C A T E

STATE OF WASHINGTON   )
                      ) ss.
COUNTY OF THURSTON    )


        I, the undersigned Washington Certified Court
Reporter, pursuant to RCW 5.28.010, authorized to
administer oaths and affirmations in and for the State of
Washington, do hereby certify:  That the foregoing
deposition of the witness named herein was taken
stenographically before me and reduced to a typed format
under my direction;

        That, according to CR 30(e), the witness was
given the opportunity to examine, read, and sign the
deposition after same was transcribed, unless indicated in
the record that the review was waived;

        That I am not a relative or employee of any
attorney or counsel or participant and that I am not
financially or otherwise interested in the action or the
outcome herein;

        That the witness coming before me was duly sworn
or did affirm to tell the truth;

        That the deposition as transcribed is a full,
true and correct transcript of the testimony, including
questions and answers and all objections, motions, and
examinations, and said transcript was prepared pursuant to
the Washington Administrative Code 308-14-135 preparation
guidelines;

        That as a matter of firm policy, the
stenographic notes of this transcript will be destroyed
three years from the date appearing on this transcript,
unless notice is received otherwise from any party or
counsel on or before said date.


_____
GLORIA C. BELL, CCR
State of Washington CCR #3261