UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UGOCHUKWU GOODLUCK NWAUZOR, FERNANDO AGUIRRE-URBINA, individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE GEO GROUP, INC.,<br><br>Defendant. | CASE NO. C17-5769RJB<br><br>ORDER ON MOTION FOR RECONSIDERATION OF ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendant The GEO Group, Inc.'s Motion for Reconsideration of Order on Cross Motions for Summary Judgment (Dkt. 280). Dkt. 288. The Court has considered the pleadings filed regarding the motion, the remaining file and the file in *Washington v. GEO Grp., Inc.,* Western District of Washington Case No. 17-5806 RJB, which is joined with this case for liability purposes.

For the reasons provided below, the motion for reconsideration (Dkt. 288) should be denied.

ORDER ON MOTION FOR RECONSIDERATION OF ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT - 1

# I. FACTS

The facts and procedural history are in the Order on Cross Motions for Summary Judgment ("Prior Order") (Dkt. 280) and are adopted here, by reference. In that Prior Order, GEO's Motion for Summary Judgment was denied. Dkt. 280.

GEO now files a motion for reconsideration of that Prior Order, asserting that (a) the Court disregarded the evidence in the record regarding GEO's defense to the Plaintiffs' Washington Minimum Wage Act ("MWA") claim, (b) it erred in adjudicating GEO's direct regulation intergovernmental immunity defense, (c) the Court did not properly handle GEO's defense of intergovernmental immunity premised on discrimination, and (d) it did not address all of its derivative sovereign immunity arguments. Dkt. 288.

# II. DISCUSSION

Western District of Washington Local Rule (7)(h)(1) provides, "[m]otions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."

### A. GEO'S MWA DEFENSE

GEO moves the Court to reconsider the decision to deny GEO's motion for summary judgment on its defense that the MWA's coverage exemption for "[a]ny individual whose duties require that he or she reside or sleep at the place of his or her employment . . ." applies. Dkt. 288. GEO maintains that the Court overlooked the evidence in the record showing that to participate in the VWP, a person must be a detainee. *Id.*

GEO's motion for reconsideration on this issue should be denied. It has failed to "show manifest error in the prior ruling or a showing of new facts or legal authority which could not

have been brought to [the Court's] attention earlier with reasonable diligence."  The Prior Order considered GEO's assertions and proffered evidence.  That evidence failed to address the critical question.  As stated in the Order,

> GEO fails to acknowledge the key phrase in the exclusion - it applies to individuals "who's **duties** require that he or she reside or sleep at the place of his or her employment."  GEO fails to point to any facts which support the notion that the detainees' **duties** require that they sleep or reside at the NWDC.  All parties agree that the detainees are in the custody of ICE and are not permitted to leave the facility until the detainees are ordered released or deported.  It is their detention which leads to the requirement that they "reside or sleep" at the NWDC.  Their participation in the program does not lead to the requirement that they "reside or sleep" at the NWDC.

Dkt. 280 (*emphasis added*).  The Prior Order should be affirmed.

### B. GEO'S DEFENSE OF INTERGOVERNMENTAL IMMUNITY – DIRECT REGULATION

GEO moves for reconsideration of the decision denying its motion for summary judgment on intergovernmental immunity based on direct regulation of the federal government by the state. Dkt. 288.  GEO argues that the Court erred in two statements.  GEO points to the following:

> [The Order] stated that "[t]here are, at least, material issues of fact on whether GEO should be considered 'the federal government itself' for immunity purposes," and it appears to have done so out of concern that "GEO's claim would mean that no State or local laws would apply to it."

Dkt. 288 (*quoting* Dkt. 280).  GEO argues that under the "direct regulation doctrine" a federal contractor is treated as the federal government as a matter of law.  Dkt. 288.

GEO's motion for reconsideration on this issue should be denied.  It has failed to show that there was a "manifest error" in the Prior Order or "new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence."  The statements to which GEO refers should be considered in context of the entire paragraph:

ORDER ON MOTION FOR RECONSIDERATION OF ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT - 3

>GEO's assertion that, because it runs a federal immigration detention center it should be "treated the same as the federal government itself for purposes of intergovernmental immunity," is unpersuasive. Dkt. 227, at 17, n.6 (*citing* [*United States v.*] *California,* 921 F.3d [865,] 882 n.7 [(9th Cir 2019)]). GEO attempts to extend the reach of the doctrine too far. The case that GEO cites for that provision, *California,* did not make such a sweeping ruling. There, the Ninth Circuit found that some of the California laws relating to the immigration facility at issue there did not violate the doctrine. *California,* at 884 (*holding* that only those provisions of the California law that "impose an additional economic burden exclusively on the federal government are invalid under the doctrine of intergovernmental immunity"). Further, GEO's claim would mean that no State or local laws would apply to it, contrary to the provisions in its contract with ICE. There are, at least, material issues of fact on whether GEO should be considered "the federal government itself" for immunity purposes.

Dkt. 280. As stated in the Prior Order, GEO has failed to show that application of the MWA here "directly interferes with the functions of the federal government." *Boeing Co. v. Movassaghi*, 768 F.3d 832, 840 (9th Cir. 2014). It has not demonstrated that the private Plaintiffs' enforcement of the MWA violates the doctrine of intergovernmental immunity because GEO has not shown that it directly interferes with the functions of the federal government. The Prior Order was not in error and should be affirmed.

### C. GEO'S DEFENSE OF INTERGOVERNMENTAL IMMUNITY – DISCRIMINATION

GEO moves for reconsideration of the portion of the Order denying its motion for summary judgment based on intergovernmental immunity premised on discrimination. Dkt. 288. "A state or local law discriminates against the federal government if it treats someone else better than it treats the government." *Boeing Co. v. Movassaghi*, 768 F.3d 832, 842 (9th Cir. 2014). The Ninth Circuit recently noted that:

>The doctrine [of intergovernmental immunity] has been invoked . . . "to prevent a state from imposing more onerous clean-up standards on a federal hazardous waste site than a non-federal project, . . . to preclude cities from banning only the U.S. military and its agents from recruiting minors, . . . and to foreclose a state from taxing the lessees of federal property while exempting from the tax lessees

ORDER ON MOTION FOR RECONSIDERATION OF ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT - 4

        of state property . . . Those cases dealt with laws that directly or indirectly affected the operation of a federal program or contract.

*United States v. California*, 921 F.3d 865, 880 (9th Cir. 2019)(*citing Boeing,* at 842-43; *United States v. City of Arcata*, 629 F.3d 986, 988, 990–92 (9th Cir. 2010); and *Phillips Chem. Co. v. Dumas Indep. Sch. Dist*., 361 U.S. 376, 381–82, 387 (1960)).

        The prior Order held that "GEO has not shown it is entitled to summary judgment based on a violation of the doctrine of intergovernmental immunity premised on discrimination. It has not demonstrated that there are no issues of fact as to whether application of the MWA here treats State contractors better than it treats the federal government's contractor GEO." Dkt. 280.

        In its motion for reconsideration, GEO argues that the proper comparators are determined by the legislature under U.S. Supreme Court precedent. Dkt. 288 (*citing Dawson v. Steager,* 139 S.Ct. 698, 705 (2019)). In *Dawson,* a dispute over whether the State of West Virginia's tax break to retired state law enforcement officers impermissibly discriminated against Dawson, a retired federal marshal, the Court noted that "whether a State treats similarly situated state and federal employees differently depends on how the State has defined the favored class." *Dawson*, at 705. GEO then asserts that the state statute at issue here is the MWA's exemption found at RCW §49.46.010(3)(k), which excludes from the definition of "employee" "[a]ny resident, inmate, or patient of a state, county, or municipal correctional, detention, treatment or rehabilitative institution." Dkt. 288. GEO concludes that the Court erred in looking at how the State treats State contractors as the proper comparators and argues that the proper comparators are the NWDC detainees and "all Washington State detainees, regardless of contractor involvement." Dkt. 288.

        GEO's motion for reconsideration regarding its discrimination intergovernmental immunity defense should be denied. It has failed to show that there was a "manifest error" in the

ORDER ON MOTION FOR RECONSIDERATION OF ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT - 5

prior Order or "new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence."  GEO's rehashes its argument that the proper comparators are federal NWDC detainees and Washington detainees independent of whether the detainees are held by a private contractor.  Taken to its conclusion, GEO's supposition, that the proper comparators are the treatment of federal detainees and state detainees, could potentially yield the inverse results that GEO intends.  Indeed, GEO argues that if the MWA is enforced against it, it will suffer harm.  It does not point to evidence that the NWDC detainees would be harmed or treated less favorably.  The issue is whether the state law treats those who deal with the federal government less favorably than it treats those who deal with the State.  The prior Order's holding that there are issues of fact as to that issue should be affirmed.

### D.  GEO'S DEFENSE OF DERIVATIVE SOVEREIGN IMMUNITY

GEO moves for reconsideration of the portion of the Order denying its motion for summary judgment based on derivative sovereign immunity.  Dkt. 288

As stated in the prior Order, "government contractors obtain certain immunity in connection with work which they do pursuant to their contractual undertakings with the United States." *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 672 (2016), *as revised* (Feb. 9, 2016). This immunity is not absolute.  *Id*.  A contractor is entitled to immunity when it performs work "authorized and directed by the Government of the United States."  *Id*., at 673.  "[D]erivative sovereign immunity . . . is limited to cases in which a contractor had no discretion in the design process and completely followed government specifications."  *Cabalce v. Thomas E. Blanchard & Associates, Inc*., 797 F.3d 720, 732 (9th Cir. 2015).

GEO's motion for reconsideration of the order denying its motion for summary judgment, based on derivative sovereign immunity should be denied.  GEO asserts that the Court

did not address its arguments that GEO's contract with ICE requires that it run the VWP, the contract states that detainees can't be employees, and "forecloses detainees from becoming employees by requiring certifications that would be impossible for any detainee to complete. Dkt. 288. It reasons that "[t]here is no discretion in the contract for detainees to be employees, yet Plaintiffs' argument would *require* GEO to make detainees employees since only employees are entitled to minimum wage." *Id.* (*emphasis in original*).

GEO's motion for reconsideration on this issue should be denied. It has failed to show that there was a "manifest error" in the prior Order or "new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." While the Court did not directly address each of the arguments, it considered them and rejected them in finding that "GEO has not shown that it was directed by the government to pay participants in the VWP only $1 per day. GEO has not shown that it had 'no discretion in the design process and completely followed government specifications.'" Dkt. 280 (*citing Cabalce*, at 732). The Prior Order should be affirmed.

### III.   ORDER

It is **ORDERED** that:

- The GEO Group, Inc.'s Motion for Reconsideration of Order on Cross Motions for Summary Judgment (Dkt. 288) **IS DENIED**.

The Clerk is directed to send copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 23rd day of April, 2020.

ROBERT J. BRYAN
United States District Judge

ORDER ON MOTION FOR RECONSIDERATION OF ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT - 7