The Honorable Robert J. Bryan

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION**

| | |
|---|---|
| STATE OF WASHINGTON, | CIVIL ACTION NO. 3:17-cv-05806-RJB |
| Plaintiff, | |
| v. | |
| THE GEO GROUP, INC., | |
| Defendant. | |
| UGOCHUKWU GOODLUCK NWAUZOR, FERNANDO AGUIRRE-URBINA, individually and on behalf of all those similarly situated, | CIVIL ACTION NO. 17-cv-05769-RJB |
| Plaintiffs, | FINAL PRETRIAL ORDER |
| v. | |
| THE GEO GROUP, INC., a Florida corporation, | |
| Defendant | |

Pursuant to Federal Rule of Civil Procedure 16 and Local Civil Rule 16(h), Plaintiff State of Washington ("Washington"), and Plaintiffs Ugochukwu Goodluck Nwauzor and Fernando Aguirre-Urbina (the "Private Plaintiffs"), and the Defendant The GEO Group, Inc. ("GEO"),

FINAL PRETRIAL ORDER (17-cv-05806/5769-RJB)

1

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 442-4492

provide the following Pretrial Statement. Since the above cases are partially consolidated and partially bifurcated, see State's Dkt. No. 353 and Nwazour's Dkts. No. 249, Plaintiffs have indicated the portions of the Pretrial Statement that are relevant to only the State proceedings, or the Nwauzor proceedings, respectively. If not stated otherwise, this Pretrial Statement applies to both cases. The Northwest Detention Center (NWDC) has recently been renamed the Northwest ICE Processing Center (NWIPC). The parties and witnesses may refer to the facility interchangeably as either the NWDC or the NWIPC.

## I.   JURISDICTION

**Washington's Position:** The Court correctly recognized that Washington has *parens patriae* authority over all of the claims asserted in this matter. Washington ECF. No. 29. The Court asserted jurisdiction over this matter pursuant to the federal officer removal statute, 28 U.S.C. § 1442, on the basis that Defendant The GEO Group, Inc. (GEO) operates the NWDC/NWIPC under a contract with U.S. Immigration and Customs Enforcement (ICE).[1] Washington ECF No. 32. The work performed by detainee-workers occurs at the NWDC/NWIPC, which is located in Pierce County, Washington, and this matter arises from Defendant's business conducted there.

**Private Class Action Plaintiffs' Position:** Private Plaintiffs filed a Class Action Complaint for Damages on September 26, 2017, and jurisdiction is vested in this Court under 28 U.S.C. § 1332(d). *See* Nwauzor ECF No. 84 (First Am. Compl.).

**Defendant's Position:** Defendant agrees with Private Plaintiffs' jurisdictional statement. As to Washington's position, Defendant agrees with the Court's denial of the State's motion for remand and that jurisdiction is proper before the Court. Defendant further states that this Court has jurisdiction over the State's Washington Minimum Wage Act Claims, as the State has

---

[1] Washington first filed this action in Pierce County Superior Court and timely sought remand after GEO removed the action to federal court. *See* Washington ECF No. 15. Although the Court denied Washington's motion for remand, *see* Washington ECF No. 32. Washington preserves its objections to the Court's assertion of jurisdiction.

FINAL PRETRIAL ORDER (17-cv-05806/5769-RJB)

2

brought those claims as *parens patriae* and this Court has ruled that because the State seeks declaratory and injunctive relief that would be unavailable to the Private Class Action Plaintiffs, the State has standing to bring those claims. However, GEO is not aware of any legal basis under which the State may assert that it has standing to bring its stand-alone unjust enrichment claims.

## II.    CLAIMS AND DEFENSES

### Washington's Enforcement Action

Washington will pursue the following claim during the joint proceeding before a jury: Violation of Washington's Minimum Wage Act (MWA), Washington Revised Code § 49.46.020. Washington seeks declaratory relief requiring GEO, a private for-profit employer operating in Tacoma, to comply with and pay Washington's hourly minimum wage to detainee-workers who perform work for GEO at the NWDC/NWIPC. If Washington prevails in the joint proceeding, Washington will request injunctive relief to enjoin GEO from violate MWA in the future.

Washington's position is that any affirmative defense or claim GEO may seek to present regarding the MWA claim should be presented to the jury after completion of the joint State and Private Plaintiff's case.

Washington will pursue the following claim during the State proceeding before the bench:  Unjust enrichment. Washington seeks equitable relief under Washington's common law requiring GEO to disgorge the amount by which it has been unjustly enriched from 2005 to the present, as a result of its practice of paying detainee-workers at the NWDC/NWIPC $1 per day for work performed, when it should have paid workers, whether detained or not, a fair wage.

Neither intergovernmental immunity nor derivative sovereign immunity render GEO immune from liability. Washington's claims are generally-applicable laws and do not treat GEO different based on its status as a federal contractor. *See North Dakota v. United States*, 495 U.S. 423, 434-38 (1990). *United States v. California*, 921 F.3d 865 (9th Cir. 2019), does not stand for the proposition that GEO cannot be subject to neutral laws or that it "steps into the shoes of the

FINAL PRETRIAL ORDER (17-cv-05806/5769-RJB)

3

federal government." *See Nwauzor*, ECF No. 280 at 16-17. Additionally, GEO's decision to pay detained workers only $1 per day was not made at the direction of the federal government. *Cabalce v. Thomas E. Blanchard & Assocs., Inc.*, 797 F.3d 720, 732 (9th Cir. 2015).

### Private Class Action

Private Plaintiffs will pursue the following claim during the joint proceeding before a jury:  That GEO employs Plaintiffs and members of the class under the MWA and that GEO failed to pay the minimum wage for hours worked within the Voluntary Work Program at the NWDC/NWIPC.

If the Private Plaintiffs prevail in the joint proceeding, Private Plaintiffs will seek to recover back wages from GEO under the MWA for hours previously worked, during the *Nwauzor* only damages proceeding before the jury.

Neither intergovernmental immunity nor derivative sovereign immunity render GEO immune from liability. Private Plaintiff's claims are generally-applicable laws and do not treat GEO different based on its status as a federal contractor. *See North Dakota v. United States*, 495 U.S. 423, 434-38 (1990). *United States v. California*, 921 F.3d 865 (9th Cir. 2019), does not stand for the proposition that GEO cannot be subject to neutral laws or that it "steps into the shoes of the federal government."  *See Nwauzor*, ECF No. 280 at 16-17. Additionally, GEO's decision to pay detained workers only $1 per day was not made at the direction of the federal government.  *Cabalce v. Thomas E. Blanchard & Assocs., Inc.*, 797 F.3d 720, 732 (9th Cir. 2015).

### GEO's Claims and/or Affirmative Defenses

### Trial Phase 1: Joint Minimum Wage Liability Trial (State +Private Plaintiffs):

GEO has brought a counterclaim alleging that the MWA does not apply to detainees in the NWDC/NWIPC and seeking a declaration that the MWA is inapplicable to detainees. *See* Dkt. No. 34. GEO believes that the easiest way for it to present its affirmative case is in connection with its defenses to the State and Private Plaintiffs' case. But, Private Plaintiffs have

FINAL PRETRIAL ORDER (17-cv-05806/5769-RJB)

4

indicated that they have concerns about GEO proving its case on cross-examination. Thus, if GEO's cross-examination will be limited, as per Private Plaintiffs' requests, GEO seeks the opportunity to present its MWA claim separate and apart from its defenses, prior to the State and Private Plaintiffs' case so that it has the same opportunity that Private Plaintiffs and the State would have to move for a directed verdict as to its evidence.

GEO will pursue the following claims and/or affirmative defenses during the joint liability trial on the MWA trial:

1. Intergovernmental Immunity on the basis that (i) the MWA impermissibly directly regulates the federal government; and (ii) the MWA impermissibly discriminates against the federal government. GEO steps into the shoes of the federal government for the purposes of Intergovernmental Immunity. *See United States v. California*, 921 F.3d 865, 882 (9th Cir. 2019) ("for purposes of intergovernmental immunity, federal contractors are treated the same as the federal government itself"); *Boeing Co. v. Movassaghi*, 768 F.3d 832, 842 (9th Cir. 2014);

2. Detainees participating in the Voluntary Work Program (VWP) at the NWDC/NWIPC are not "employees" under the MWA because they:
   a. Sleep and reside at their place of work and therefore fall under the Resident Exception enumerated in RCW § 49.46.020;

3. Derivative Sovereign Immunity on the basis that GEO's contract with ICE for the operation of the NWDC/NWIPC specifically states that GEO may not employ detainees at the NWDC/NWIPC.

**Trial Phase 2: Private Plaintiffs Damages Trial and GEO's Unjust Enrichment Claim:**

Should Private Plaintiffs and the State prevail on liability, the trial will progress to Phase 2, where the same jury will decide Private Plaintiffs' damages. At that time, GEO will present its affirmative claim for unjust enrichment and its offset defense. In order to streamline

FINAL PRETRIAL ORDER (17-cv-05806/5769-RJB)

5

the trial process, GEO and Private Plaintiffs have agreed that GEO's presentation of GEO's affirmative unjust enrichment claim, and affirmative defense of offset, will be heard during the Private Plaintiffs' damages trial so as not to create confusion surrounding the dismissal of GEO's unjust enrichment claim as to the State. Neither GEO's affirmative unjust enrichment claim nor its offset defense will be presented in any part of the State's case.

**Trial Phase 3: Washington' Enforcement Action for Unjust Enrichment:**

GEO will pursue the following defenses in the State's unjust enrichment action:

    1.    Intergovernmental Immunity, as described above in Phase 1.

    2.    Derivative Sovereign Immunity, as described above in Phase 1.

## III.    ADMITTED FACTS

The following facts are admitted by the parties:

1.    GEO owns and operates the Northwest ICE Processing Center ("NWIPC"), which was known from 2005 to 2019 as the Northwest Detention Center ("NWDC"). It is located at 1623 East J Street, Tacoma, Washington.

2.    Since October of 2005, GEO has contracted with U.S. Customs and Immigration Enforcement (ICE) within the U.S. Department of Homeland Security (DHS) to provide civil immigration detention management services at the NWDC/NWIPC for adults held in administrative custody as they await immigration status review by ICE and the federal judiciary.

3.    GEO has expanded the capacity of the NWDC/NWIPC twice. The NWDC/NWIPC initially had the capacity to house between 500 to 800 individuals. In July 2006, GEO expanded the NWDC/NWIPC to house up to 1,000 individuals. In October 2009, GEO expanded the NWDC/NWIPC a second time so that it now has the capacity to house up to 1,575 individuals.

4.    Pursuant to the NWIPC contract between GEO and ICE, GEO provides detention services to ICE including, but not limited to: the building, management and administration,

FINAL PRETRIAL ORDER (17-cv-05806/5769-RJB)

6

security, clean and vermin free facilities, food service with three nutritious meals per day, clean uniforms and bedding, and barbershop/grooming services.

5.    Pursuant to the NWIPC contract between GEO and ICE, GEO is required to "perform in accordance with" specific "statutory, regulatory, policy, and operational" constraints, including the ICE/DHS Performance Based National Detention Standards ("PBNDS") as well as "all applicable federal, state, and local laws."

6.    The PBNDS, and its predecessor the National Detention Standards, is a set of standards developed by ICE to ensure that all entities it contracts with provide safe and secure facilities.

7.    PBNDS 5.8 requires that GEO offer detained persons an opportunity to work in a "Voluntary Work Program" (VWP).

8.    Since October of 2005, GEO has offered detainees positions in its VWP.

9.    On a given day, there could be as many as 470 positions for detainees in the VWP at the NWDC/NWIPC.

10.   While detained, detainees do not have the opportunity to leave the NWDC/NWIPC or work outside of the NWDC/NWIPC, unless explicitly authorized by ICE.

11.   GEO does not review whether detainee-workers have work authorization when reviewing their requests/applications for positions in the VWP.

12.   GEO maintains job descriptions for VWP positions.

13.   Positions that are available to detainees in the VWP are varied, including in the kitchen, in the laundry room, cleaning of common areas, and cutting hair in the barbershop.

14.   GEO provides detainees in VWP positions with all equipment, materials, supplies, uniforms, and personal protective equipment necessary to their VWP position.

15.   GEO has never paid detainees in VWP positions the state minimum wage.

16.   GEO has paid and continues to pay detainees in VWP positions $1 per day.

FINAL PRETRIAL ORDER (17-cv-05806/5769-RJB)

7

17.     The 2011 PBNDS 5.8 states:  "Detainees shall receive monetary compensation for work completed in accordance with the facility's standard policy. The compensation is at least $1.00 (USD) per day."

18.     GEO employs non-detainee employees, including two or three janitors at the NWDC/NWIPC.

19.     Washington's hourly minimum wage from 2005 to the present year was as follows:

| January 1, 2020 | $13.50 |
|---|---|
| January 1, 2019 | $12.00 |
| January 1, 2018 | $11.50 |
| January 1, 2017 | $11.00 |
| January 1, 2016 | $9.47 |
| January 1, 2015 | $9.47 |
| January 1, 2014 | $9.32 |
| January 1, 2013 | $9.19 |
| January 1, 2012 | $9.04 |
| January 1, 2011 | $8.67 |
| January 1, 2010 | $8.55 |
| January 1, 2009 | $8.55 |
| January 1, 2008 | $8.07 |
| January 1, 2007 | $7.93 |
| January 1, 2006 | $7.63 |
| January 1, 2005 | $7.35 |

20.     Mr. Nwauzor is a citizen of Nigeria, and was granted asylum in the United States in January 2017.

21.     Mr. Nwauzor was held at NWDC/NWIPC as a civil immigration detainee from approximately June 2016 until January 2017.

22.     Mr. Nwauzor held a VWP position during his detention at NWDC/NWIPC.

23.      Mr. Nwauzor obtained lawful permanent residence status, commonly known as a "green card," in July 2018.

24.     Mr. Aguirre-Urbina was born in Mexico.

FINAL PRETRIAL ORDER (17-cv-05806/5769-RJB)

8

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 442-4492

25.     Mr. Aguirre-Urbina was held at NWDC/NWIPC as a civil immigration detainee beginning in September 2012.

26.     Mr. Aguirre-Urbina held a VWP position during his detention at NWDC/NWIPC.

### IV.     ISSUES OF LAW

**Washington's Enforcement Action**

The following are issues of mixed law and fact to be determined in the joint proceeding:

1.     Is GEO required to pay Washington's hourly minimum wage to detainees in the VWP at the NWDC/NWIPC?

    a.     Are the detainees in the VWP at the NWDC/NWIPC "employees" as defined by Washington Revised Code § 49.46.010(3), including under all applicable exceptions?

    b.     Is GEO an "employer" of detainees who participate in the VWP at the NWIPC as defined by Washington Revised Code § 49.46.010(4)?

2.     Does intergovernmental immunity render GEO immune from liability under the MWA because the MWA either directly regulates the federal government or impermissibly discriminates against the federal government?

3.     Does derivative sovereign immunity render GEO immune from liability under the MWA?

The following are the issues of law to be determined in the State only unjust enrichment proceeding before the bench[2]:

**Washington's Position**

1.     Has GEO been unjustly enriched by paying individuals $1 per day for their participation in the VWP at the NWDC/NWIPC?

---

[2] Since the parties disagree as to the formulation of the unjust enrichment issue of law and the impact of the Court's order regarding unjust enrichment in ECF No. 29, the parties have respectfully submitted both positions.

FINAL PRETRIAL ORDER (17-cv-05806/5769-RJB)

9

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 442-4492

a.   Did the detained workers confer a benefit upon GEO through the VWP at the NWDC/NWIPC?

b.   Did GEO have knowledge of the benefit received at the detained workers' expense?

c.   Do the circumstances make it unjust for GEO to retain the benefit conferred by the detained workers?

d.   What is the amount GEO must disgorge to remedy its unjust enrichment?

**GEO's Position**

1.   Has GEO been unjustly enriched by administering the Voluntary Work Program?

a.   Did the State of Washington, (including by and through its residents), confer a benefit upon GEO through the VWP at the NWIPC?

b.   Did GEO obtain and appreciate that benefit at the State of Washington's expense?

c.   Do the circumstances make it unjust for GEO to retain the benefit conferred by the State of Washington without paying its value to the State of Washington?

d.   What is the amount of damages due to the State of Washington under its theory of unjust enrichment?

2.   Shall Washington be awarded reasonable attorneys' fees and costs incurred in connection with this action?

**Private Class Action**

The following are the issues of law to be determined in the joint proceeding:

1.   Is GEO required to pay Washington's hourly minimum wage to detainees in VWP positions at the NWDC/NWIPC?

FINAL PRETRIAL ORDER (17-cv-05806/5769-RJB)

10

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 442-4492

a. Are the detainees who participate in the VWP at the NWDC/NWIPC "employees" as defined by Washington Revised Code § 49.46.010(3) , including under all applicable exceptions?

b. Is GEO an "employer" of detainees in VWP positions at the NWDC/NWIPC as defined by Washington Revised Code § 49.46.010(4)?

2.   Does intergovernmental immunity render GEO immune from liability under the MWA because the MWA directly regulates the federal government or impermissibly discriminates against the federal government?

3.   Does Derivative Sovereign Immunity render GEO immune from liability under the MWA?

If the State and Private Plaintiffs prevail in the joint MWA proceeding, the following are the issues of law to be determined in the Phase 2 *Nwauzor* only proceeding:

1.   What are the back wages owed to Private Plaintiffs?

2.    What amount is due to GEO under its affirmative unjust enrichment claim?

3.   Shall Private Plaintiffs be awarded reasonable attorneys' fees and costs incurred in connection with this action?

4.   Shall GEO be awarded reasonable attorneys' fees and costs incurred in connection its affirmative minimum wage and unjust enrichment claim?

### V.   EXPERT WITNESSES

The names and addresses of the expert witnesses to be used by each party at trial and the issue upon which each will testify, and the proceeding at which their testimony will be taken is:

**On behalf of Plaintiff Washington:**

**1. Peter Nickerson, Ph.D**. **(in the joint and state proceedings)**
Nickerson & Associates, LLC
520 Pike St., Suite 1200
Seattle, WA 98101

FINAL PRETRIAL ORDER (17-cv-05806/5769-RJB)

11

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 442-4492

Washington *will call* Dr. Nickerson, an economics expert, to testify to : (1) Fair Wage: analysis of the "fair wage" for work performed by detainees at the NWDC/NWIPC, including: his analysis of the payroll records maintained by GEO; GEO's compensation to detainee workers over time for their work; the minimum wage paid by employers over time; the categorization of work done by detainees at the NWDC/NWIPC, and the prevailing wages paid by employers in the Tacoma area for those categories of work; the value of the detainee labor calculated based on Washington's minimum wage as well as the prevailing wages; and GEO's business model, pricing structure, and profits at the NWDC/NWIPC; and (2) Unjust Enrichment: the value by which GEO has benefited or profited by paying detainees one dollar per day and not a fair wage for work performed at the NWDC/NWIPC from 2005 to the present.

### On behalf of Private Plaintiffs:

1. **Christopher Strawn (in the joint proceeding)**
   Northwest Immigrant Rights Project
   615 Second Ave, Suite 400
   Seattle, Washington  98104

Mr. Strawn is an attorney at the Northwest Justice Project and the Director of the Immigration Law Clinic at the University of Washington School of Law. Private Plaintiffs *will call* Mr. Strawn to provide testimony regarding various aspects of the U.S. Immigration process, including removal and asylum proceedings, lawful permanent resident status, the naturalization process, and relevant data regarding each aspect.

2. **Jeffrey A. Munson, Ph.D (in the *Nwauzor* proceeding)**
   Department of Psychiatry and Behavioral Sciences
   University of Washington, Box 357920
   Seattle, Washington  98195

Dr. Munson is a professor at the University of Washington and is an expert in database management and statistical analysis. Private Plaintiffs *will call* Dr. Munson to testify about his analysis of GEO's compensation and other records and his calculation of damages owed to the Class in aggregate and to the individual Class Members.

FINAL PRETRIAL ORDER (17-cv-05806/5769-RJB)

12

**On behalf of Defendant GEO:**

1. **Serena Morones (in the *Nwauzor* proceeding)**
   Morones Analytics, LLC
   625 SW Broadway, Suite 200
   Portland, Oregon 97205

Ms. Morones is a forensic economist with a CPA, ABV, and CFE. Should the trial reach the damages phase, GEO *will call* Ms.Morones to testify about her analysis of the value of the work performed by detainees at the NWDC/NWIPC as it relates to Private Plaintiffs' claims.

2. **William Brandt (in the State proceeding)**
   P.O Box 10187
   Bainbridge Island, WA 98110

Mr. Brandt is a forensic economist with a CPA, ABV, CFF and MBA. Should the trial reach the damages phase, GEO *will call* Mr. Brandt to testify about his analysis of the economic losses claimed by Washington based upon detainee work.

## VI.    OTHER WITNESSES

The names and addresses of witnesses, other than experts, to be used by each party at the and joint proceedings the general nature of the testimony of each are:

**On behalf of Plaintiff Washington**:

1. **Ryan Kimble – will testify** (in personal capacity and as GEO's Rule 30(b)(6) designee)
   III Branches Law
   1019 Regents Blvd., Suite 204
   Fircrest, WA 98466

Assistant Warden for Finances at the NWDC/NWIPC, Mr. Kimble will testify to the NWDC/NWIPC's operations and finances, staffing model and detainee work in the VWP at NWDC, including the terms and conditions of detainee work, hours, and pay, and GEO's compliance with state and local laws. In addition, Mr. Kimble will testify to GEO's payroll practices regarding detainee-workers, and invoicing for reimbursements from ICE.

FINAL PRETRIAL ORDER (17-cv-05806/5769-RJB)

13

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

**2. Charles Hill – will testify** (as GEO's Rule 30(b)(6) designee on finances)
III Branches Law
1019 Regents Blvd., Suite 204
Fircrest, WA 98466

This 30(b)(6) designee will testify to the operations, finances and profits of GEO, the NWDC/NWIPC, and its VWP.

**3. Bruce Scott – will testify** (in personal capacity and as GEO's Rule 30(b)(6) designee)
III Branches Law
1019 Regents Blvd., Suite 204
Fircrest, WA 98466

Associate Warden at the NWDC, Mr. Scott will testify to his roles at the NWDC/NWIPC, including as Fire and Safety Manager, Chief of Security, Compliance Officer, and Assistant Warden, and his involvement with or supervision of the VWP in each position. In addition, Mr. Scott will testify about GEO's policies, practices, and operations at NWDC/NWIPC as GEO's speaking agent.

**4. Alisha Singleton – may testify**
III Branches Law
1019 Regents Blvd., Suite 204
Fircrest, WA 98466

Classification Officer at the NWDC/NWIPC, Ms. Singleton may testify to the role of the Classification Department in managing the VWP, including but not limited to assigning detainee-workers to jobs, detainee-worker pay rates, maintenance of detainee-worker rosters, and tracking of disciplinary sanctions.

**5. Michael Heye – may testify**
III Branches Law
1019 Regents Blvd., Suite 204
Fircrest, WA 98466

Classification Officer at the NWDC/NWIPC, Mr. Heye may testify to the role of the Classification Department in managing the VWP, including but not limited to assigning

FINAL PRETRIAL ORDER (17-cv-05806/5769-RJB)

14

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

detainee-workers to jobs, detainee-worker pay rates, maintenance of detainee-worker rosters, and tracking of disciplinary sanctions.

**6. Bertha Henderson – will testify**
III Branches Law
1019 Regents Blvd., Suite 204
Fircrest, WA 98466

Food Service Manager at the NWDC/NWIPC since 2007, Ms. Henderson will testify to all aspects of the operations of the NWDC/NWIPC and its VWP including, without limitation, the NWDC/NWIPC food service program and its staffing with GEO employee and detainee-workers staffing, the importance and benefits of detainee work to GEO, and the terms and conditions of detainee work.

**7. Edwin de la Cruz – will testify**
III Branches Law
1019 Regents Blvd., Suite 204
Fircrest, WA 98466

Assistant Food Service Manager at the NWDC/NWIPC, Mr. de la Cruz will testify to all aspects of the operations of the NWDC/NWIPC food service program, its staffing with GEO employee and detainee-workers, the importance and the benefits of detainee work to GEO, and the terms and conditions of detainee work.

**8. Bill McHatton – will testify**
III Branches Law
1019 Regents Blvd., Suite 204
Fircrest, WA 98466

Former Associate Warden of the NWDC/NWIPC, Mr. McHatton will testify to the history of the NWDC/NWIPC and the VWP as well as his supervision and involvement with the VWP.

**9. Iolani Menza – will testify**
III Branches Law
1019 Regents Blvd., Suite 204
Fircrest, WA 98466

FINAL PRETRIAL ORDER (17-cv-05806/5769-RJB)

15

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 442-4492

Mr. Menza will testify to his responsibilities and job duties as a detention officer for NWDC/NWIPC, including his supervision of detainee-workers in the VWP as a property officer, intake officer, laundry officer, law library officer and pod officer.

**10. David Tracy – may testify**
III Branches Law
1019 Regents Blvd., Suite 204
Fircrest, WA 98466

Mr. Tracy may testify to his responsibilities and job duties as a detention officer and former Sergeant for GEO at the NWDC/NWIPC, including his supervision of detainee-workers in the VWP, staffing of the VWP, work performed by detainee-workers, and the operation of the NWDC/NWIPC and VWP.

**11. Marc Johnson – may testify**
III Branches Law
1019 Regents Blvd., Suite 204
Fircrest, WA 98466

Mr. Johnson may testify to his responsibilities and job duties as a detention officer and former Lieutenant for GEO at NWDC/NWIPC, including his supervision of detainee-workers in the VWP, staffing of the VWP, work performed by detainee-workers, and the operation of the NWDC/NWIPC and VWP.

**12. Leroy Jaramillo – may testify**
III Branches Law
1019 Regents Blvd., Suite 204
Fircrest, WA 98466

Mr. Jaramillo may testify to his responsibilities and job duties as a detention officer and Chief of Security at the NWDC/NWIPC, including his supervision of detainee-workers in the VWP, staffing of the VWP, work performed by detainee-workers, and the operation of the NWDC/NWIPC and VWP.

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 442-4492

**13. John Patrick Griffin – will testify**
   628 S. State Street
   Tacoma, WA 98405

Former Food Services Supervisor at the NWDC/NWIPC from 2009-2012, Mr. Griffin will testify to all aspects of the operations of the NWDC/NWIPC food service program, its staffing with GEO employee and detainee workers, the importance and the benefits of detainee work to GEO, and the terms and conditions of detainee work.

**14. Sean McCreery – may testify**
   30605 38th Ave S
   Auburn, WA 98001

Former Food Services Supervisor at the NWDC/NWIPC from 2012-2014, Mr. McCreery may testify to all aspects of the operations of the NWDC/NWIPC food service program, its staffing with GEO employee and detainee-workers, the importance and the benefits of detainee work to GEO, and the terms and conditions of detainee work.

**15. Brian Strong – may testify**
   3511 Ave. W
   University Place, WA 98466

Mr. Strong may testify to his responsibilities and job duties as a former detention officer for GEO at the NWDC/NWIPC, including his supervision of detainee-workers in the VWP, VWP staffing, work performed by detainee-workers at NWDC/NWIPC, and the operation of the NWDC/NWIPC and GEO's VWP.

**16. Orlando Marquez – will testify**
   9009 W Mall Drive, Apt 411
   Everett, WA 98208

Former detainee-worker at the NWDC/NWIPC, Mr. Marquez was detained at the NWDC/NWIPC, worked for GEO there as part of the VWP, and will testify to the terms and conditions of the work he and others performed for GEO at the NWDC/NWIPC, the benefit provided, and the pay received.

**17. Jesus Lopez Paez – will testify**
1623 East J Street
Tacoma, WA 98421

Detainee-worker at the NWDC/NWIPC, Mr. Paez is detained at the NWDC, works for GEO as part of the VWP, and will testify to the terms and conditions of the work he and others perform for GEO at the NWDC/NWIPC, the benefit provided, and the pay received.

**18. Noe Baltazar Noe – may testify**
Specific Address Unknown

Former detainee-worker at the NWDC/NWIPC, Mr. Noe was detained at the NWDC/NWIPC, worked for GEO there as part of the VWP, and will testify to the terms and conditions of the work he and others performed for GEO at the NWDC/NWIPC, the benefit provided, and the pay received.

**19. Judith Chavez Ortiz – may testify**
(presently in Mexico, specific address unknown)

Former detainee-worker at the NWDC/NWIPC, Ms. Ortiz was detained at the NWDC/NWIPC, worked for GEO there as part of the VWP, and will testify to the terms and conditions of the work she and others performed for GEO at the NWDC/NWIPC, the benefit provided, and the pay received.

**20. Manuel Riveron Pina – may testify**
4020 Bledsoe Ave, Apt I 8
Bremerton, WA 98310
(presently in Cuba, specific address unknown)

Former detainee-worker at the NWDC/NWIPC, Mr. Pina was detained at the NWDC/NWIPC, worked for GEO there as part of the VWP, and will testify to the terms and conditions of the work he and others performed for GEO at the NWDC/NWIPC, the benefit provided, and the pay received.

FINAL PRETRIAL ORDER (17-cv-05806/5769-RJB)

18

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

**21. Karla Gomez Soto – will  testify**
c/o Camila Maturana
Northwest Immigrant Rights Project
1119 Pacific Ave., Suite 1400
Tacoma WA 98402

Former detainee-worker at the NWDC/NWIPC, Ms. Soto was detained at the NWDC/NWIPC, worked for GEO there as part of the VWP, and will testify to the terms and conditions of the work she and others performed for GEO at the NWDC/NWIPC, the benefit provided, and the pay received.

**22. Robbin Gard – will testify**
WorkSource Supervisor
Employment Security Department
C/O Eric Peterson, Division Chief for Licensing & Administrative Law
Washington State Attorney General's Office
PO Box 40110
Olympia, WA 98504

WorkSource Supervisor, Mr. Gard has knowledge of, and will testify to, labor and unemployment in the Tacoma/Pierce County region and individuals in the Tacoma/Pierce County region who were seeking jobs like those performed by detainee-workers at the NWDC/NWIPC.

**23. Daniel Sheehan – may testify**
Daniel Sheehan Photography
6536 3rd AVE NW
Seattle, WA 98117

Mr. Sheehan may testify to his role in Plaintiffs' inspection of the NWDC/NWIPC and the authenticity of the photographs he took there.

FINAL PRETRIAL ORDER (17-cv-05806/5769-RJB)

19

**24. Alma Poletti - may testify**
AGO Investigator/Analyst
C/O Marsha Chien
800 Fifth Avenue, Suite 2000
Seattle, WA 98104

Ms. Poletti is an Investigator/Analyst with the Attorney General's Office. She may testify about the State's investigation in this matter, including documents obtained and witnesses interviewed.

**On behalf of Private Plaintiffs:**

In addition to the witnesses identified by the State, Private Plaintiffs will or may call the following witnesses at the joint proceeding:

1. **Fernand Aguirre-Urbina – may testify**
   Schroeter Goldmark & Bender
   810 Third Avenue, Suite 500
   Seattle, WA 98104
   Tel: (206) 622-8000

Mr. Aguirre-Urbina has information about his claims against GEO and damages.

2. **Goodluck Ugochuwu Nwauzor – will testify**
   Schroeter Goldmark & Bender
   810 Third Avenue, Suite 500
   Seattle, WA 98104
   Tel: (206) 622-8000

Mr. Nwauzor has information about his claims against GEO and damages.

3. **Jose Medina-Lara – may testify**
   Schroeter Goldmark & Bender
   810 Third Avenue, Suite 500
   Seattle WA 98104
   Tel: (206) 622-8000

Mr. Medina-Lara was a civil immigration detainee at NWDC and has information about GEO's operations and the VWP.

FINAL PRETRIAL ORDER (17-cv-05806/5769-RJB)

20

**On behalf of Defendant:**

**Joshua Grice—will testify**
Washington State Department of Labor and Industries
7273 Linderson Way SW
Tumwater, WA 98501-5414

OR

Washington Attorney General's Office
800 Fifth Avenue, Ste. 2000
Seattle, WA 98104
(206) 464-5342

Mr. Grice has knowledge of, and will testify to, whether any complaints were ever made by detainees at the NWDC/NWIPC. He will also provide testimony about the State's enforcement of the MWA at the NWDC/NWIPC. Further, Mr. Grice may act as the speaking agent for the Washington State Department of L&I.

**Tammy Fellin—will testify**
Washington State Department of Labor and Industries
7273 Linderson Way SW
Tumwater, WA 98501-5414

OR

Washington Attorney General's Office
800 Fifth Avenue, Ste. 2000
Seattle, WA 98104
(206) 464-5342

Tammy Fellin has knowledge of, and will testify to, the State's historical enforcement and interpretation of, the MWA.

FINAL PRETRIAL ORDER (17-cv-05806/5769-RJB)

21

**Lynne Buchannan—will testify**
Washington State Department of Labor and Industries
7273 Linderson Way SW
Tumwater, WA 98501-5414
OR

Washington Attorney General's Office
800 Fifth Avenue, Ste. 2000
Seattle, WA 98104
(206) 464-5342

Lynne Buchannan has knowledge of, and will testify to, the State's historical enforcement and interpretation of, the MWA.

1.  **Taylor Wonhoff—may testify**
    Office of Jay Inslee
    Washington State Capitol Building
    416 Sid Snyder Avenue, Suite 200
    Olympia, WA 98504
    (360) 902-4132

Mr. Wonhoff has knowledge of work programs in state detention facilities where payment is less than minimum wage. He has knowledge of the purposes of those programs. He also will serve as the speaking agent for the Governor's office.

2.  **Colleen Melody—will testify**
    Washington Attorney General's Office
    800 Fifth Avenue, Ste. 2000
    Seattle Washington 98104
    (206) 464-5342

Ms. Melody has knowledge of the nature of the relationship between detainees and the NWDC/NWIPC. Further, she has knowledge of the difference between the enforcement of the MWA as to state detention facilities as contrasted with the enforcement of the MWA for federal facilities. Further, Ms. Melody is a speaking agent of the Washington Attorney General's Office.

FINAL PRETRIAL ORDER (17-cv-05806/5769-RJB)

22

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

**3. Byron Eagle—will testify**
Chief of Secure Residential Operations
Chief of Secure Residential Operations, Washington State Department of Social and Health Services c/o Craig B. Mingay
Assisstant Attorney General
7141 Cleanwater Drive SW
Olympia, WA 98504

Mr. Eagle has knowledge of, and will testify about, the subminimum wage work program at the Special Commitment Center. Further, Mr. Eagle is a speaking agent of the State.

**4. Sean Murphy—will testify**
Assistant Secretary
Washington State Department of Social and Health Services
Highway and Licenses Building
1125 Washington Street SE
Olympia, WA 98504

OR

Washington Attorney General's Office
800 Fifth Avenue, Ste. 2000
Seattle, WA 98104
(206) 464-5342

Mr. Murphy has knowledge of, and will testify about, a subminimum wage work program for individuals who are held in civil custody of the State. Further, Mr. Murphy is a speaking agent of the State.

FINAL PRETRIAL ORDER (17-cv-05806/5769-RJB)

23

**5. Sarah Sytsma—may testify**
Director of Correctional Industries
801 88th Avenue SE
Tumwater, WA 98501

OR

Washington Attorney General's Office
800 Fifth Avenue, Ste. 2000
Seattle, WA 98104
(206) 464-5342

Ms. Sytsma has knowledge of individuals in the State of Washington who work for less than minimum wage while detained. Further, Ms. Sytsma is a speaking agent of Correctional Industries.

**6. Debra Eisen—will testify**
Contracts Administrator for Washington State Department of Corrections (DOC)
Contracts Administrator
Washington State Department of Corrections (DOC)
7345 Linderson Way SW
Tumwater, WA 98501-6504

OR

Washington Attorney General's Office
800 Fifth Avenue, Ste. 2000
Seattle, WA 98104
(206) 464-5342

Ms. Eisen has knowledge of the Washington Department of Corrections contracts with private contractors for the detention of Washington inmates. She further has knowledge of the authorized subminimum wage work programs.

FINAL PRETRIAL ORDER (17-cv-
05806/5769-RJB)

24

7. **Christina Wells—will testify**
   Residential Rehabilitation Center Program Manager
   Tumwater AGO Building
   7141 Cleanwater Drive SW
   Tumwater, WA 98501-0121

   OR

   Washington Attorney General's Office
   800 Fifth Avenue, Ste. 2000
   Seattle, WA 98104
   (206) 464-5342

   Ms. Wells has knowledge of the Cedar Creek and Ranier Facility work programs which pay subminimum wages and contract with private companies. She is also a speaking agent on behalf of the State.

8. **Leslie Perrin—may testify**
   Senior Program Manager
   Washington State Department of Labor and Industries
   7273 Linderson Way SW
   Tumwater, WA 98501-5414

   OR

   Washington Attorney General's Office
   800 Fifth Avenue, Ste. 2000
   Seattle, WA 98104
   (206) 464-5342

   Ms. Perrin has knowledge of the Washington Department of Correction's use of detainee labor to remove asbestos from the State facility. She is also a speaking agent on behalf of the State.

FINAL PRETRIAL ORDER (17-cv-05806/5769-RJB)

25

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

9. **David Johnson—may testify**
   Washington State Department of Labor and Industries
   7273 Linderson Way SW
   Tumwater, WA 98501-5414

   OR

   Washington Attorney General's Office
   800 Fifth Avenue, Ste. 2000
   Seattle, WA 98104
   (206) 464-5342

Mr. Johnson has knowledge of the Department of L&I's application of the MWA to detainees at the NWDC/NWIPC. He also is the author of a number of emails that GEO seeks to introduce into evidence.

10. **Bruce Scott—will testify**
    Akerman LLP
    1900 16th Street
    Denver, CO 80203

Mr. Scott has knowledge of the NWDC/NWIPC facility, the tasks performed by detainees participating in the VWP, and the operations of the facility.

11. **Erwin Delacruz—will testify**
    Akerman LLP
    1900 16th Street
    Denver, CO 80203

Mr. Delacruz has knowledge of the NWDC/NWIPC facility and the tasks performed by detainees participating in kitchen-related VWP assignments.

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

**12. David Tracy—will testify**
    Akerman LLP
    1900 16th Street
    Denver, CO 80203

Mr. Tracy has knowledge of the NWDC/NWIPC facility, the tasks performed by

detainees participating in the VWP, and the operations of the facility.

**13. Goodluck Ugochuwu Nwauzor – will testify**
    Schroeter Goldmark & Bender
    810 Third Avenue, Suite 500
    Seattle, WA 98104
    Tel: (206) 622-8000

Mr. Nwauzor has knowledge about the types of tasks performed by detainees

participating in the VWP at the NWDC/NWIPC and his own personal experiences.

**14. Fernando Aguirre-Urbina – will testify**
    Schroeter Goldmark & Bender
    810 Third Avenue, Suite 500
    Seattle, WA 98104
    Tel: (206) 622-8000

Mr. Aguirre-Urbina knowledge about the types of tasks performed by detainees

participating in the VWP at the NWDC/NWIPC and his own personal experiences.

**15. Michael Heye – will testify**
    Akerman LLP
    1900 16th Street
    Denver, CO 80203

Mr. Heye has information about the tasks completed by detainees participating in the

VWP at the NWIPC and the operations at the NWDC/NWIPC.

FINAL PRETRIAL ORDER (17-cv-
05806/5769-RJB)

27

**16. Leroy Jaramillo – will testify**
521 W. Pine Street
Shelton, WA 98584

Mr. Jaramillo has information about the tasks completed by detainees participating in the VWP at the NWDC/NWIPC and the operations at the NWDC/NWIPC.

**17. Dan Ragsdale – may testify (subject to ability of Plaintiffs to depose him prior to trial)**
Akerman LLP
1900 16th Street
Denver, CO 80203

Mr. Ragsdale has information about the NWDC/NWIPC's contracts and operations.

**18. Iolani Menza – will testify**
Akerman LLP
1900 16th Street
Denver, CO 80203

Mr. Menza will testify to his responsibilities and job duties as a detention officer for NWDC/NWIPC, including his experience working in the laundry facility.

**19. Charles Hill – will testify**
Akerman LLP
1900 16th Street
Denver, CO 80203

Mr. Hill has information about the NWDC/NWIPC's finances and accounting.

**20. Amber Martin – may testify**
Akerman LLP
1900 16th Street
Denver, CO 80203

Ms. Martin has information about the NWDC/NWIPC's contracts and operations.

FINAL PRETRIAL ORDER (17-cv-05806/5769-RJB)

28

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

**21. David Ventruella—may testify**
Akerman LLP
1900 16th Street
Denver, CO 80203

Mr. Ventruella has information about the NWDC/NWIPC's contracts and operations.

**22. James Black—may testify**
Akerman LLP
1900 16th Street
Denver, CO 80203

Mr. Black has information about the NWDC/NWIPC's contracts and operations.

**23. Ryan Kimble—may testify**
Akerman LLP
1900 16th Street
Denver, CO 80203


Mr. Kimble has information about the NWDC/NWIPC's operations, finances, and transactions with ICE.

**24. Brian Evans – may testify (subject to ability of Plaintiffs to depose him prior to trial)**
Akerman LLP
1900 16th Street
Denver, CO 80203

Mr. Evans has information about the NWDC/NWIPC's finances and accounting.

### VII. REASONABLY ANTICIPATED REBUTTAL WITNESSES

Washington reserves the right to call all of the witnesses listed by the parties above as rebuttal witnesses. In addition, if GEO is permitted to introduce evidence of practices within Washington's state and local governmental institutions, which is subject to objections, Washington identifies the following reasonably anticipated rebuttal witnesses: Josh Grice, Tammy Fellin, Lezlie Perrin, Sean Murphy, Byron Eagle, David Holt, Mark Kettner, Christina Wells, Sarah Pendleton, Debra Eisen, Sarah Sytsma, Theodore Lewis, and Greg Oliver.

FINAL PRETRIAL ORDER (17-cv-
05806/5769-RJB)

29

Washington also objects to Brian Evans and Dan Ragsdale as rebuttal witnesses, as neither were ever disclosed by GEO.

GEO reserves the right to call Bertha Henderson (listed above), Bruce Scott (listed above), Brian Evans (listed above), James Black (listed above), Dan Ragsdale (listed above) or any other witnesses who are former or current GEO employees who are listed on Washington and/or the Private Plaintiffs' witness list as rebuttal witnesses.

## VIII.   EXHIBITS

Exhibit lists are attached to the Proposed Joint Pretrial Order (Dkt. 377) and are not re-attached to this Final Pretrial Order.

## IX.   DEPOSITION DESIGNATIONS

Washington and Private Plaintiffs may use portions of deposition transcripts at the joint proceeding or in the separate proceedings.  The parties have exchanged deposition designations pursuant to Local Rule 32(e). Video depositions are available upon request for certain depositions. GEO's deposition designations explicitly include the video depositions of Plaintiffs Nwuauzor and Agurrie-Urbina. Service of trial subpoenas is in process. The parties reserve the right to supplement their deposition designations in the event that service of trial subpoenas cannot be achieved.

## ACTION BY THE COURT

(a)      The trial has been continued indefinitely due to concerns about the spread of COVID-19, but the outline of trial remains the same. The first phase of the trial will consider GEO's liability as to the State and Private Plaintiffs' minimum wage claim. During the first phase, GEO will present its affirmative defenses. If the State and Private Plaintiffs prevail, the second phase will consider the backpay and attorneys' fees owed to Private Plaintiffs, using the same jury as the first phase. In addition, GEO will present its unjust enrichment claim. After the second phase, if any, a third phase of trial, to be presented before the bench, will

FINAL PRETRIAL ORDER (17-cv-05806/5769-RJB)

30

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 442-4492

consider the State's unjust enrichment claim. The evidence introduced in the first phase of trial will also be admitted for purposes of the second and third phases of trial.

(b)    Each Plaintiff may make separate: presentation of cases in chief; inquiries on voir dire; opening statements; examination of witnesses and arguments to the jury. Peremptory challenges by Plaintiffs, however, will be jointly made.

(c)    GEO designated certain documents produced during discovery, and excerpts of the testimony of many of its witnesses, as "confidential." In the parties' Joint Pretrial Order, GEO continues to assert a "confidentiality" objection to the admissibility of a small number of exhibits at trial, unless some limiting instruction is issued to prevent jurors or attendees of the trial from disseminating the confidential information **outside** of the trial. Plaintiffs respond that, in general, the trial should be open and that there should be no unnecessary restriction or interruption in the presentation of trial evidence for claims of "confidentiality." Plaintiffs further request that if GEO seeks a limiting or cautionary jury instruction, or intends to request that the Court take any more extraordinary measures to close the courtroom or control the publication of exhibits, that GEO bears the burden of individually establishing the confidentiality of the particular exhibits and identify, with particularity, the areas of testimony that it seeks to remain "confidential." Plaintiffs further request that GEO be required to address all issues of confidentiality, and its request for relief, in advance of trial, to provide Plaintiffs an opportunity to respond and the Court an opportunity to fashion appropriate safeguards and relief.

(d)    Proposed exhibits should not be shown to the jury during opening statements unless agreed to by all counsel or ordered by the Court. "Demonstratives," such as Power Point presentations, should be shared with all counsel before being used in opening statements.

(e)    Admissibility of offered testimony by Dr. Nickerson or other expert witnesses will be determined at trial.

FINAL PRETRIAL ORDER (17-cv-05806/5769-RJB)

31

(f)      The Court does not have available resources to pay for interpreters under FRCP 43(d). The responsibility to arrange for, and pay for, interpreters lies with the party calling the witness. The Court recommends using English-Spanish interpreters on the Court's list of approved interpreters. That list is available through the Clerk' Office

(g)      The Court shall direct the U.S. Court Marshals to cooperate with ICE officials to transport witnesses currently detained at the NWDC/NWIPC to the courthouse so they may testify at trial. Plans for such transport and security should be made well in advance.

(h)      There will be a jury of nine (9). Defendant shall have a maximum of one hour of voir dire, and each Plaintiff shall have one-half hour maximum of voir dire. Counsel's voir dire shall be subject to the provisions of the "Voir Dire Purpose" ground rules as attached.

(i)      Trial Setting. These cases have been unduly delayed, most recently by the coronavirus pandemic. It will be the first civil jury case to be called for trial after we are able to select juries again. The Court will give maximum possible advance notice to counsel when a firm date can be determined.

This order shall control the subsequent course of the action unless modified by a subsequent order. This order shall not be amended except by order of the court pursuant to the agreement of the parties or to prevent manifest injustice.

Dated this 6th day of May, 2020.

ROBERT J. BRYAN
United States District Judge

FINAL PRETRIAL ORDER (17-cv-05806/5769-RJB)

32

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 442-4492

FORM APPROVED


ROBERT W. FERGUSON
Attorney General of Washington

s/ Marsha Chien
MARSHA CHIEN, WSBA No. 47020
ANDREA BRENNEKE, WSBA No. 22027
LANE POLOZOLA, WSBA No. 50138
PATRICIO A. MARQUEZ, WSBA No. 47693
Assistant Attorneys General
Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744
marsha.chien@atg.wa.gov
andrea.brenneke@atg.wa.gov
lane.polozola@atg.wa.gov
patricio.marquez@atg.wa.gov


Attorneys for Plaintiff State of Washington


AKERMAN LLP

s/ Adrienne Scheffey
COLIN L. BARNACLE
CHRISTOPHER J. EBY
ASHLEY E. CALHOUN
ADRIENNE SCHEFFEY
1900 Sixteenth Street, Suite 1700
Denver, CO 80202
Telephone: (303) 260-7712
Fax: (303) 260-7714
colin.barnacle@akerman.com
christopher.eby@akerman.com
ashley.calhoun@akerman.com
adrienne.scheffey@akerman.com


III BRANCHES LAW, PLLC

s/ Joan K. Mell

s/ Jamal N. Whitehead
SCHROETER GOLDMARK & BENDER
Adam J. Berger, WSBA #20714
Lindsay L. Halm, WSBA #37141
Jamal N. Whitehead, WSBA #39818
Rebecca J. Roe, WSBA #7560
810 Third Avenue, Suite 500
Seattle, WA 98104
Tel: (206) 622-8000
berger@sgb-law.com
halm@sgb-law.com
whitehead@sgb-law.com

THE LAW OFFICE OF
R. ANDREW FREE
R. Andrew Free (Pro Hac Vice)
P.O. Box 90568
Nashville, TN 37209
Tel: (844) 321-3221
andrew@immigrantcivilrights.com

OPEN SKY LAW, PLLC
Devin T. Theriot-Orr, WSBA # 33995
20415 – 72nd Avenue S, Suite 110
Kent, WA 98032
Tel: (206) 962-5052
devin@opensky.law

MENTER IMMIGRATION LAW, PLLC
Meena Menter, WSBA # 31870
8201 – 164th Avenue NE, Suite 200
Redmond, WA 98052
Tel: (206) 419-7332
meena@meenamenter.com

Attorneys for Private Plaintiffs

FINAL PRETRIAL ORDER (17-cv-05806/5769-RJB)

33

VOIR DIRE
PURPOSE


"A voir dire examination shall be conducted for the purpose of discovering any basis for challenge for cause and for the purpose of gaining knowledge to enable an intelligent exercise of peremptory challenges. (Washington State CrR 6.4; see also Trial by Jury, ABA Standards 15-2.4).

The ground rules of jury voir dire are as follows:

(1) Judge will first explain nature of case and burden of proof and will give some preliminary instructions to the jury;

(2) Judge will then conduct general voir dire covering knowledge of case, acquaintance with participants, importance of following court's instructions on law, impartiality in general, questions submitted by counsel, etc.

(3) Counsel may ask questions of a general nature to the prospective jurors as a group, and may ask questions of individual prospective jurors.

(4) THE JUDGE WILL NOT ALLOW QUESTIONS WHICH
    (a) have already been asked;
    (b) anticipate instructions on law which have not been given;
    (c) ask a juror to speculate on the juror's verdict if certain facts are proved;
    (d) solicit a juror's opinion as to laws or legal terms;
    (e) are clearly irrelevant or seek to establish rapport with a juror;
    (f) questions that are in substance arguments of the case;
    (g) questions that are unfair or embarrassing to the juror; and
    (h) questions where the average juror cannot possibly know the answer.

(5) The judge will not wait for opposing counsel to object but will interrupt counsel to rule out questions which violate any of the foregoing ground rules.