UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UGOCHUCKWU GOODLUCK NWAUZOR, individually and on behalf of all those similarly situated, and FERNANDO AGUIRRE-URBINA, individually,<br><br>     Plaintiffs,<br> v.<br><br>THE GEO GROUP, INC., a Florida corporation,<br><br>     Defendant. | CASE NO. C17-5769RJB<br><br>ORDER GRANTING IN PART PLAINTIFFS' MOTION TO DISMISS FERNANDO AGUIRRE-URBINA AS A NAMED PLAINTIFF AND CLASS REPRESENTATIVE |

  This matter comes before the Court on Plaintiff's Motion to Dismiss Fernando Aguirre-Urbina as a Named Plaintiff and Class Representative (Dkt. 332). The Court is familiar with the documents filed in support of, and in opposition to, the motion and is fully advised.

  It is clear from the record that Fernando Aguirre-Urbina is unable to perform the duties of a class representative due to illness, and he must be removed as a class representative. Plaintiffs' Motion should be granted to that extent only.

ORDER GRANTING IN PART PLAINTIFFS' MOTION TO DISMISS FERNANDO AGUIRRE-URBINA AS A NAMED PLAINTIFF AND CLASS REPRESENTATIVE - 1

Plaintiffs have made a strong showing of Mr. Aguirre-Urbina's incompetence. To act further regarding his status without representation of a guardian *ad litem* appears premature. He should remain a party plaintiff, individually only. His status as a potential witness does not change, and if he is unable to testify or to respond to a subpoena, due to his illness, the Federal Rules of Civil Procedure and the Federal Evidence Rules will guide the Court and counsel.

It will probably be appropriate, if Mr. Aguirre-Urbina's deposition is offered in lieu of his live testimony, for the Court to advise the jury that Mr. Aguirre-Urbina was a representative of the class along with Mr. Nwauzor, but was removed by the Court because illness prevented him from acting as a class representative.

Defendant raises a number of objections, none of which have merit. Although an earlier notice of Mr. Aguirre-Urbina's condition would have been better, Defendant had over a month before trial to consider the events triggered by this motion, and have long been aware that Mr. Aguirre-Urbina had mental health issues. Defendant requests a trial continuance, but its showing does not justify a continuance.

Whether a new, additional class representative is required, and whether the class definition should be adjusted, is not properly before the Court at this time, and should be brought, if necessary, by separate motion, to be determined before the second phase of trial, should a second phase be necessary.

Defendant asks for further positive relief in the nature of a motion *in limine*, urging that certain items be admitted at trial. Those matters, however, are covered by the Federal Rules of Civil Procedure and the Federal Evidence Rules, and do not require a pretrial ruling by the Court.

ORDER GRANTING IN PART PLAINTIFFS' MOTION TO DISMISS FERNANDO AGUIRRE-URBINA AS A NAMED PLAINTIFF AND CLASS REPRESENTATIVEORDER GRANTING IN PART PLAINTIFFS' MOTION TO DISMISS FERNANDO AGUIRRE-URBINA AS A NAMED PLAINTIFF AND CLASS REPRESENTATIVE - 2

The caption of the case should be changed as follows:

> UGOCHUCKWU GOODLUCK NWAUZOR, individually and on behalf of all those similarly situated, and FERNANDO AGUIRRE-URBINA, individually,
>
> Plaintiffs,
>
> v.
>
> THE GEO GROUP, INC., a Florida corporation,
>
> Defendant.

For the foregoing reasons, **IT IS SO ORDERED.**

The Clerk is directed to send copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 17th day of May, 2021.

*[signature]*

ROBERT J. BRYAN
United States District Judge