The Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UGOCHUKWU GOODLUCK NWAUZOR, FERNANDO AGUIRRE-URBINA, individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE GEO GROUP, INC., a Florida corporation,<br><br>Defendant. | No. 3:17-cv-05769-RJB<br><br>PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR MISTRIAL |

The *Nwauzor* Plaintiffs respectfully request that the Court deny The GEO Group's Motion for Mistrial. Plaintiffs expressly join and adopt the arguments and authorities set forth in the State of Washington's opposition to the motion, and add the following with respect to the authority cited by GEO in its motion.

GEO's reliance on both *Jazzabi v. Allstate Ins. Co.*, 278 F.3d 979, 984 (9th Cir. 2002) and *United States v. Southwell,* 432 F.3d 1050, 1055 (9th Cir. 2005), is misplaced. Neither case stands for the proposition that a jury cannot reach a unanimous and binding decision on one question in a special verdict form even if they cannot reach a unanimous decision in another.

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR MISTRIAL- 1

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

1  Instead, the issue in both cases is that the trial courts permitted ultimate findings of liability
2  even though the jury did not reach a unanimous verdict on an affirmative defense that would
3  have defeated liability. Here, however, Plaintiffs do not contend that a unanimous "Yes"
4  decision on Question No. 1 would establish GEO's liability, permitting the jury to proceed to
5  damages. Rather, the analytically and factually distinct question of whether the Washington
6  Minimum Wage Act unfairly discriminates against GEO because it is a federal government
7  contractor would remain for retrial if the jury cannot reach a unanimous verdict on that
8  question.

9  In *Jazzabi*, the jury was presented with a single liability question – whether the
10 plaintiff-insured had set fire to his own home. Because this question related solely to
11 defendant-Allstate's affirmative defense, and the parties had stipulated to the facts underlying
12 plaintiff's affirmative breach of contract claim, the trial court incorrectly concluded that the
13 absence of an affirmative verdict on that question meant that Allstate had failed to carry its
14 burden and that it could be held liable. That error is what prompted the Ninth Circuit's
15 statement that "Liability cannot be established until after the jurors unanimously agree that the
16 elements are satisfied and they unanimously reject the affirmative defenses." 278 F.3d at 984.
17 However, that holding is inapposite to the instant case, where no one contends that GEO's
18 liability would be established in the absence of a unanimous verdict on the intergovernmental
19 immunity defense. That does not mean that the jury is or should be precluded from entering a
20 unanimous verdict on the distinct question of whether the detained workers were employees
21 under the Minimum Wage Act.

22 Similarly, in *Southwell*, the trial court permitted the jury in a criminal trial to reach a
23 "guilty" verdict even though it appeared that the jury might be deadlocked on the affirmative

24

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION FOR MISTRIAL- 2

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

"insanity" defense. The Ninth Circuit concluded this was error, because a guilty verdict required a unanimous conclusion that the defendant was guilty of the elements of the crime and was sane.

The analogous situation here would be if Plaintiffs were arguing that GEO's liability would be established by a unanimous "yes" verdict on Question No. 1 and a deadlocked verdict on Question No. 2, because the latter would constitute a failure of proof on GEO's affirmative defense. But Plaintiffs are not arguing that. Plaintiffs are merely stating that the jury can permissibly reach a unanimous conclusion on one of two distinct questions.

Finally, there can be no reasonable dispute that the questions are factually and legally distinct. The first question asks only if the detainee workers were employed by GEO within the definitions of the Minimum Wage Act. The answer to this question hinges solely on the relationship between the detainee workers and GEO. The second question asks, *if* the detainee workers are employees, whether the Minimum Wage Act unfairly discriminates against GEO because of its status as a federal contractor. The answer to that question hinges on a different set of considerations – namely a consideration of the RCW 49.46.010(3)(k) exemption and a comparison of GEO and its work program to the State and its various inmate work programs. The jury can readily reach a unanimous verdict on the first question without considering or reaching consensus on the facts relevant to the second, and it should be permitted to do so.

GEO's motion for a mistrial should be denied.

DATED this 17th day of June, 2021.

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION FOR MISTRIAL- 3

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

SCHROETER GOLDMARK & BENDER

*s/ Adam J. Berger*
Adam J. Berger, WSBA #20714
Lindsay L. Halm, WSBA #37141
Jamal N. Whitehead, WSBA #39818
Rebecca J. Roe, WSBA #7560
810 Third Avenue, Suite 500
Seattle, WA 98104
Tel: (206) 622-8000
berger@sgb-law.com
halm@sgb-law.com
whitehead@sgb-law.com

THE LAW OFFICE OF
R. ANDREW FREE
R. Andrew Free (*Pro Hac Vice*)
P.O. Box 90568
Nashville, TN 37209
Tel: (844) 321-3221
andrew@immigrantcivilrights.com

OPEN SKY LAW, PLLC
Devin T. Theriot-Orr, WSBA # 33995
20415 – 72nd Avenue S, Suite 110
Kent, WA 98032
Tel: (206) 962-5052
devin@opensky.law

MENTER IMMIGRATION LAW, PLLC
Meena Menter, WSBA # 31870
8201 – 164th Avenue NE, Suite 200
Redmond, WA 98052
Tel: (206) 419-7332
meena@meenamenter.com

*Class Counsel*

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION FOR MISTRIAL - 4

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

# **CERTIFICATE OF SERVICE**

I hereby certify that on June 17, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Devin T. Theriot-Orr<br>OPEN SKY LAW, PLLC<br>20415 – 72nd Avenue South, Suite 110<br>Kent, WA 98032<br>devin@opensky.law<br>*Attorney for Plaintiff* | R. Andrew Free<br>THE LAW OFFICE OF R. ANDREW FREE<br>PO Box 90568<br>Nashville, TN 37209<br>andrew@immigrantcivilrights.com<br>*Attorney for Plaintiff* |
| Meena Menter<br>MENTER IMMIGRATION LAW PLLC<br>8201 – 164th Avenue NE, Suite 200<br>Redmond, WA 98052<br>meena@meenamenter.com<br>*Attorney for Plaintiff* | Joan K. Mell<br>III BRANCHES LAW, PLLC<br>1019 Regents Boulevard, Suite 204<br>Fircrest, WA 98466<br>joan@3brancheslaw.com<br>*Attorney for Defendant* |

Adrienne Scheffey
Lawrence D. Silverman
AKERMAN LLP
1900 Sixteenth Street, Suite 1700
Denver, CO 80202
adrienne.scheffey@akerman.com
lawrence.silverman@akerman.com
*Attorneys for Defendant*

DATED at Seattle, Washington this 17th day of June, 2021.

*s/ Virginia Mendoza*
Virginia Mendoza, Legal Assistant
Schroeter Goldmark & Bender
810 Third Avenue, Suite 500
Seattle, WA 98104
Tel: (206) 622-8000
mendoza@sgb-law.com

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION FOR MISTRIAL- 5

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305