The Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UGOCHUKWU GOODLUCK NWAUZOR, FERNANDO AGUIRRE-URBINA, individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE GEO GROUP, INC., a Florida corporation,<br><br>Defendant. | No. 3:17-cv-05769-RJB<br><br>PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DECERTIFY CLASS |

## I. INTRODUCTION

On the first day of trial, Defendant GEO Group, Inc. moved to decertify the class, arguing that Ugochukwu Goodluck Nwauzor's experiences in the Voluntary Work Program ("VWP") were so distinct from the experiences of the other class members that he is unable to serve as their representative.

While GEO identifies some mundane variations between Mr. Nwauzor's job duties as a shower cleaner and those of other job classifications, it fails to explain *how* those distinctions make any legal difference within the context of this case. Indeed, there is no dispute that GEO's

OPPOSITION TO DEFENDANT'S MOTION TO DECERTIFY CLASS - 1

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

practice of paying detainee workers $1 per day applies to all job classifications in the VWP, including the position held by Mr. Nwauzor. And, despite its protests, GEO fails to explain how the minor variations in job duties make a difference to the legal standard for determining employee status under Washington law. Moreover, GEO does not and cannot articulate how differences in job duties create a conflict of interest between Mr. Nwauzor and the absent class members, or how they otherwise impact his ability or motivation to diligently pursue these claims on behalf of the class as a whole. Indeed, as this Court has seen firsthand, Mr. Nwauzor has participated diligently in this litigation, most recently offering trial testimony in support of this class action.

Simply put, because GEO has failed to put forth any legally relevant argument or evidence that Mr. Nwauzor is an inadequate representative, its motion to decertify must fail.

## II.   FACTS

On August 6, 2018, the Court entered an order certifying the class in this matter. Dkt. 114. The Court defined the class as "[a]ll civil immigration detainees who participated in the Voluntary Work Program at the Northwest Detention Center at any time between September 26, 2014, and the date of final judgment in this matter." *Id.* at 4. The Court appointed Plaintiffs Nwauzor and Fernando Aguirre-Urbina as the class representatives. *Id.*

The Court concluded that Mr. Nwauzor and Mr. Aguirre-Urbina were adequate class representatives because "there are no conflicts with the other members of the proposed class and they appear willing and able to prosecute this case vigorously on behalf of the class." *Id.* at 3. The Court also held that the named Plaintiffs' claims were typical of those of the class because "the claims arise from evidence pointing to a common course of conduct, that is,

OPPOSITION TO DEFENDANT'S
MOTION TO DECERTIFY CLASS - 2

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

1  participation in the VWP at the Northwest Detention Center, and the same alleged injury, that

2  is, compensation at $1 per day of work, an amount not commensurate with the MWA." *Id.*

3        On April 26, 2021, Plaintiffs moved to voluntarily dismiss Mr. Aguirre-Urbina as a

4  class representative because of his deteriorated mental health condition. Dkt. 332. The Court

5  granted Plaintiffs' motion on May 17, 2021, leaving Mr. Nwauzor as the remaining class

6  representative. Dkt. 345.

7        On June 1, 2021—the first day of trial—GEO moved to decertify the class, claiming

8  that because Mr. Nwauzor held just one position in the VWP and participated in the program

9  for only three months, his claims are not typical of the class, and consequently that he cannot

10 adequately serve as class representative. Dkt. 354.

11       Because Mr. Nwauzor's injuries stem from the same conduct that injured the class

12 members, his claims are typical of the class claims. Any differences between Mr. Nwauzor's

13 experiences and those of the class vis-à-vis his job title and tenure do not change this. Nor do

14 those differences create conflicts of interest or otherwise impact his willingness or ability to

15 pursue these claims on behalf of the entire class. As such, the Court should deny GEO's motion

16 to decertify.

17       **III.   LEGAL ARGUMENT**

18   **A.   Legal Standard**

19       **1.   GEO Must Prove That New Circumstances Warrant Reconsideration Of The Court's Prior Order.**

20       A court that has previously granted class certification may, at its discretion, alter or

21 amend that decision at any time before it enters final judgment. Fed. R. Civ. P. 23(c)(1)(C);

22 *Gonzales v. Arrow Fin. Servs. LLC*, 489 F.Supp.2d 1140, 1153 (S.D. Cal. 2007); *General Tel.*

23 *Co. of SW v. Falcon*, 457 U.S. 147, 160 (1982). But to obtain decertification, a defendant must

24

OPPOSITION TO DEFENDANT'S
MOTION TO DECERTIFY CLASS - 3

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

establish that "subsequent developments in the litigation" warrant the court revisiting its prior order. *See Falcon*, 457 U.S. at 160; *In re Korean Ramen Antitrust Litig.*, No. 13-cb-04115-WHO, 2018 WL 1456618 at *2 (N.D. Cal. March 23, 2018).

The types of developments sufficient to warrant decertification may be legal or factual, but above all else they must implicate the merits of the court's order certifying the class. *Korean Ramen Antitrust Litig.*, 2018 WL 1456618 at *2; *Brown v Wal-Mart Stores, Inc.*, No. 09-cv-03339-EJD, 2018 WL 1993434 at *2 (N.D. Cal. Apr. 27, 2018) ("Nevertheless, the defendant seeking decertification must make a showing that the change is sufficient to warrant reconsidering the certification decision."). A defendant's burden[1] in this regard is "heavy," and "doubts regarding the propriety of class certification should be resolved in favor of certification." *Gonzales*, 489 F.Supp.2d at 1154 (internal quotation marks omitted).

### 2. The Adequacy And Typicality Requirements Ensure That The Interests Of The Representative And The Class Are Aligned.

To obtain—or maintain—class certification, the court must be satisfied, *inter alia*, that the typicality and adequacy requirements of Fed. R. Civ. P. 23 are met. Typicality requires a showing that the claims of the representative are typical of the claims of the class members. Fed. R. Civ. P. 23(a)(3). To establish adequacy, the class representative must show they will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).

---

[1] Courts apparently differ over which party bears the burden of proof on a motion to decertify. *Compare Marlo v. United Parcel Service, Inc.*, 639 F.3d 942, 947 (9th Cir. 2011) *with Chavez v. Lumber Liquidators, Inc.*, No. CV-09-4812 SC, 2012 WL 6115611 at *3, (N.D. Cal. Dec. 10, 2012). Courts in this circuit and leading commentators have advised, however, that at a minimum the burden of showing why the court should reconsider its prior decertification order "falls squarely on the shoulders of defendants." *Korean Ramen Antitrust Litigation*, 2018 WL 1456618 at *2; *see also* 3 William B. Rubenstein, *Newberg on Class Actions* § 7:39 (5th ed. 2021) (defendants seeking to disturb court's prior order should be required to "make some showing of changed circumstances or law, which would then trigger a plaintiffs' obligation to defend certification").

OPPORTUNITY TO DEFENDANT'S
MOTION TO DECERTIFY CLASS - 4

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

While Rule 23's adequacy and typicality requirements are nominally distinct, they often overlap analytically. *See Woods v. Vector Marketing Corp.*, No. C-14-0264 EMC, 2015 WL 5188682 at *12 (N.D. Cal. Sept. 4, 2015) ("[T]he typicality and adequacy inquiries tend to significantly overlap."). This is so because both requirements seek to ensure that the class representative will diligently and fairly prosecute the matter on behalf of the class. The adequacy requirement "ensures that the interests of absent class members are adequately protected," and focuses on "the qualification of counsel for the representatives, an absence of antagonism, a sharing of interests between representatives and absentees, and the unlikelihood that the suit is collusive." *Walters v. Reno*, 145 F.3d 1032,1046 (9th Cir. 1998); *Welling v. Alexy*, 155 F.R.D. 654, 657 (N.D. Cal. 1994). Similarly, the typicality requirement "serves to ensure that the interest of the named representative aligns with the interests of the class." *Ruiz Torres v. Mercer Canyon Inc.*, 835 F.3d 1125, 1141 (9th Cir. 2016) (quotation marks omitted). Typicality achieves this by confirming that the class representatives and the class members are on the same team; if the representative is motivated to pursue his own claims, his efforts will benefit the group as a whole. *Cf.*, *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1083 (6th Cir. 1996) (in the absence of typicality, the class representative has no incentive to pursue claims on behalf of the other class members).

To fulfill the typicality requirement, the claims of the class representative must be "reasonably coextensive" with those of the absent class members, but "they need not be substantially identical." *Ruiz Torres*, 835 F.3d at 1141 (quotation marks omitted). As such, typicality is usually met where the class representative possesses "the same interest and suffer[s] the same injury as the class members," even if the circumstances giving rise to the injuries and interests are not identical. *Falcon*, 457 U.S. at 156. Stated another way, typicality

OPPOSITION TO DEFENDANT'S
MOTION TO DECERTIFY CLASS - 5

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

lies where the named plaintiff is subjected to the same unlawful conduct as the class, even where the circumstances under which he sustained his injuries are unique. *See, e.g., Ruiz Torres*, 835 F.3d at 1141; *Smith v. Univ. of Wash. Law Sch.*, 2 F.Supp.2d 1324, 1342 (W.D. Wash. 1998) ("When it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class . . . the typicality requirement is usually satisfied irrespective of varying fact patterns which underlie the individual claims."); *Ramirez v. TransUnion*, 951 F.3d 1008, 1033 (9th Cir. 2020).

### B. Mr. Nwauzor Continues To Be An Adequate Class Representative.

#### 1. The Variations In Mr. Nwauzor's Job Duties Are Legally Insignificant.

GEO asks the Court to decertify the class because Mr. Nwauzor participated in the VWP for a relatively short time and held only one position—shower cleaner—while working in the program. *See* Dkt. 354 at 7. To be clear, GEO does not dispute that Mr. Nwauzor participated in the VWP or that he was subjected to GEO's policy and practice of paying detainees $1 per day for their labor. Instead, GEO argues that the length of time he worked in the program and the characteristics of the job he held make his claims atypical of the class and that therefore he is an inadequate representative. Because neither his tenure nor his title implicates his typicality or his ability and willingness to pursue this case on behalf of the class, this argument fails.

GEO has not—and cannot—show that the distinctions between Mr. Nwauzor's experiences in the VWP and those of the class members are so material that Mr. Nwauzor's interests have diverged from that of the class. Indeed, even when Mr. Aguirre-Urbina was a class representative, not every work position within the VWP was represented, and the Court was still satisfied that the requirements of CR 23 were met. Moreover, evidence of Mr.

OPPOSITION TO DEFENDANT'S
MOTION TO DECERTIFY CLASS - 6

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

Nwauzor's ongoing dedication to this cause can be seen in his efforts to prosecute the lawsuit, including the extensive trial testimony he offered on behalf of the class.

In arguing that Mr. Nwauzor is an inadequate representative, GEO first claims that "there are significant differences between shower cleaners and other VWP positions which bear on the test for employment which the jury will decide," but does not explain *how* those alleged differences are relevant to the employment test under the Washington Minimum Wage Act. *See* Dkt. 354 at 7. Indeed, the testimony of every witness in the case confirms that all VWP workers, regardless of position, were subject to the same policies and practices with respect to the setting of wages; payroll processing; supervision and training by GEO staff; provision of equipment and supplies; hiring and termination; integrality to GEO's business; and dependence on GEO for earned income. Moreover, the jury was not charged with determining whether GEO employs detainees on a position-by-position basis – nor did GEO ask for any such instruction; rather, the jury was asked to decide whether GEO employs detainees who participate in the VWP, broadly. *See* Dkt. 340 at 53.[2] And there is no indication that differences among the VWP work positions affected the deliberations at all. The alleged differences in job responsibilities are irrelevant to the ultimate question the jury was asked answer.

GEO also asserts that the shower cleaner position is unique from other jobs in the VWP because it does not have a set shift schedule, and because the length of each shift is variable: it claims that Mr. Nwauzor "chose for himself whether to work quickly or slowly, and whether to scrub every inch of the walls or give them a quick wipedown." Dkt. 354 at 7. GEO also

---

[2] The verdict form asked the jury: "Under the Washington State Minimum Wage Act, did GEO employ detainees workers in the Voluntary Work Program at the Northwest ICE Processing?" Dkt. 381. GEO did not take exception to this formulation.

OPPOSITION TO DEFENDANT'S
MOTION TO DECERTIFY CLASS - 7

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

asserts that the shower cleaner classification is different because it was originally a single position but was later split into multiple posts "to give more detainees an opportunity to participate in the VWP." *Id.* at 8. But the fact that Mr. Nwauzor may have worked different or somewhat unpredictable hours does not change that he was subjected to the same injury as the class members, i.e., systematic deprivation of minimum wages by GEO, or that he was subject to the same pertinent employment policies and practices as all other class members. And any variability in the amount of hours he worked, or the duration of his participation in the VWP, impacts only the measure of his damages; it does not render his claim atypical of the class. *See Levya v. Medline Indus., Inc.*, 716 F.3d 510, 513 (9th Cir. 2013); *Vaquero v. Ashley Furniture Indus., Inc.*, 824 F.3d 1150, 1155 (9th Cir. 2016) ("We have repeatedly confirmed . . . that the need for individualized findings on damages cannot, itself, defeat class certification under Rule 23(b)(3).").[3] Indeed, GEO elicited testimony at trial that the average length of stay at the NWDC was about three months, undermining their contention that Mr. Nwauzor's three-month stint in the VWP was atypical.

Moreover, to the extent GEO argues that Mr. Nwauzor's schedule as a shower cleaner indicates that GEO did not control his working conditions, this argument fails. Even if Mr. Nwauzor exercised some limited flexibility in how and when he performed the job, it is unquestioned that GEO controlled every meaningful aspect of his job performance, including supervising, directing, and assessing the quality of his work and determining his pay.

---

[3] Similarly, GEO's division of the shower cleaner position into three positions may reduce the time spent and damages owed to each person working in that role, but the division does not affect the integrality of the role or any other aspect relevant to the determination of employee status.

OPPOSITION TO DEFENDANT'S
MOTION TO DECERTIFY CLASS - 8

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

GEO argues further that Mr. Nwauzor is an inadequate class representative because he never changed positions within the VWP and therefore cannot "provide adequate representation" for those who held numerous positions, and because he lacks knowledge of the VWP before he participated in the program. These arguments fail as well. First, the fact that Mr. Nwauzor never changed positions is irrelevant: GEO failed to pay *any* category of detainee worker in the VWP a minimum wage. Thus, his claims still arise from the same course of conduct as the class members' claims, and the typicality prong has been satisfied.

Additionally, GEO's argument about Mr. Nwauzor's lack of knowledge of the VWP prior to his arrival is a red herring. Typicality does not require that the class representative have knowledge of the defendant's unlawful conduct for the entirety of the class period; it only mandates that his claims arise from the same unlawful conduct that caused the class members' injuries. *See Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010). In *Hoffman v. Blattner Energy, Inc.*, for example, the court held that the class representative's meal break claims were typical of the class even though he worked for the defendant employer for approximately one month out of a class period that spanned more than five years. 315 F.R.D. 324, 338 (C.D. Cal. 2016) (finding typicality where the named plaintiff worked for the defendant "during the relevant class period, and claims he was denied [meal breaks] as a result of [defendant's] unofficial policy"). So too here. Mr. Nwauzor participated in the VWP during the relevant class period and claims injuries stemming from GEO's policy of paying detainee workers $1 per day. And there has been no evidence that GEO's policies and practices with respect to the VWP varied in any meaningful way over the course of the class period.

While GEO spills much ink identifying perceived variations in Mr. Nwauzor's job duties, these differences are legally insignificant: they do not change the fact that he was

OPPOSITION TO DEFENDANT'S
MOTION TO DECERTIFY CLASS - 9

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

subject to the same policies, practices, and course of unlawful conduct as the class. Moreover, because these distinctions do not implicate his motivation or ability to dutifully prosecute claims on behalf of the class, Mr. Nwauzor remains an adequate class representative.

### 2. Differences In Job Duties Alone Are Not Enough To Defeat Class Certification.

GEO argues that the Court should decertify the class because class certification is "often inappropriate" where "class members hold different jobs with different duties." Dkt. 354 at 5. But the cases it cites for this proposition are inapposite.

For example, *Senne v. Kansas City Royals Baseball Corp.* involved a class action brought on behalf of minor league baseball players alleging wage-and-hour violations in various states where they played or practiced. 315 F.R.D. 523 (N.D. Cal. 2016). The court found that the named plaintiffs for some of the state-specific classes were inadequate representatives, not because their job duties differed from the class, but because they could not prove that they suffered injuries in the state they sought to represent or because their claims were barred by the statutes of limitations. *Id.* at 568-69. There is no question that Mr. Nwauzor has standing to bring MWA claims against GEO. *Senne* is therefore inapposite.

In *Friend v. Hertz Corp.*—also cited by GEO—the court held that class certification was inappropriate for a group of employees who alleged that their employer misclassified them as overtime exempt. No. C-07-5222 MMC, 2011 WL 750741 (N.D. Cal. Feb. 24, 2011). The court denied certification because the plaintiffs could not show "uniformity of work duties and experience." *Id.* at *5. This failure was fatal because the central question in the case–whether the employees were properly classified as exempt—depended exclusively on the particulars of their job duties. Because the plaintiffs could not show a "centralized practice or policy requiring [the employees] to perform particular duties for particular lengths of time,"

OPPOSITION TO DEFENDANT'S
MOTION TO DECERTIFY CLASS - 10

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

1  individual issues predominated over common ones. *Id.* at *8. The opposite is true here: Mr.
2  Nwauzor's and the class members' claims emanate from a singular, uniform set of practices
3  applicable to all detainees participating in the VWP, and the particulars of their work duties
4  are irrelevant to the applicable legal test for employee status. This case, too, misses the mark.

5  Likewise, GEO's reliance on *Vaughn v. Document Grp., Inc.*, 250 F.Supp.3d 236 (S.D.
6  Tex. 2017), and *Ryan v. Staff Care, Inc.*, 497 F.Supp.2d 820 (N.D. Tex. 2007), is misplaced
7  because those cases involved overtime exemptions dependent on the specific job duties of the
8  employees, and moreover were decided on the standards applicable to Fair Labor Standards
9  Act collective actions rather than the Rule 23 standards applicable to the MWA class claim
10 here. *See* Dkt. 354 at 5-6, 9.

11 Accordingly, GEO's argument that typicality is defeated by differences in job titles or
12 duties—standing alone—is erroneous. *See Scholtisek v. Eldre Corp.*, 229 F.R.D. 381, 392
13 (W.D.N.Y. 2005) ("All the proposed class members were allegedly subject to the same types
14 of unlawful deductions, *regardless of their job titles or duties,* and it appears that plaintiff's
15 claims are typical of the other class members'") (emphasis added; internal citations omitted);
16 *Vasquez v. Leprino Foods Co.*, No. 1:17-cv-00796-AWI-BAM, 2020 WL 1527922, at *16
17 (E.D. Cal. Mar. 31, 2020) (granting certification of meal and rest break claims for "all hourly
18 workers" at a food-processing plant, from maintenance workers to administrative employees,
19 where company policies applied similarly to all employees).

20  **C.    The Court Should Not Alter The Scope Of The Class.**

21 GEO argues that if the Court declines to decertify, it should limit the scope of the class
22 to include just those workers who participated in the VWP as shower cleaners. Dkt. 354 at 8.
23 Because such a remedy is unwarranted here, the Court should reject this request.

24

OPPOSITION TO DEFENDANT'S
MOTION TO DECERTIFY CLASS - 11

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

The crux of GEO's decertification motion is that Mr. Nwauzor cannot serve as a class representative for all detainee workers because *something* about his experience as a shower cleaner distinguishes his injuries from those of the class, and that distinction is somehow legally significant. But even assuming for argument's sake that this is true, GEO does not deny that it maintains a policy of paying detainee workers $1 per day, and that it applies this policy and other VWP-related policies equally to all detainee workers regardless of work assignment.

In other words, even if Mr. Nwauzor is adequate only to represent the shower cleaners, GEO has made no showing that class certification would be inappropriate for *non-shower cleaners* if afforded adequate representatives. GEO's proposal to sever those claims from Mr. Nwauzor's is to effectively toss the baby out with the bathwater. Instead, if the Court concludes that Mr. Nwauzor is unable to represent the entire class, it should grant Plaintiffs leave to join additional representatives who worked in other job positions, such as Mr. Marquez and Ms. Sotelo, both of whom testified at trial. *See In re Telectronics Pacing Sys., Inc.*, 172 F.R.D. 271, 283 (S.D. Ohio 1997) (noting that Rule 23 "does not explicitly require that a class representative must be a named plaintiff in the action"); *Peterson v. Alaska Commc'ns Sys. Grp., Inc.*, 328 F.R.D. 255, 268 (D. Alaska 2018) (holding that non-named plaintiffs may be added as additional class representatives without amending the pleadings). For these reasons, GEO's alternative request for relief should also be denied.

## IV.   CONCLUSION

For the reasons set forth above, the Court should deny GEO's motion to decertify the class.

DATED this 21st day of June, 2021.

OPPOSITION TO DEFENDANT'S
MOTION TO DECERTIFY CLASS - 12

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

SCHROETER GOLDMARK & BENDER

*s/ Jamal N. Whitehead*
_____
Adam J. Berger, WSBA #20714
Lindsay L. Halm, WSBA #37141
Jamal N. Whitehead, WSBA #39818
Rebecca J. Roe, WSBA #7560
810 Third Avenue, Suite 500
Seattle, WA 98104
Tel: (206) 622-8000
berger@sgb-law.com
halm@sgb-law.com
whitehead@sgb-law.com

THE LAW OFFICE OF
R. ANDREW FREE
R. Andrew Free (*Pro Hac Vice*)
P.O. Box 90568
Nashville, TN 37209
Tel: (844) 321-3221
andrew@immigrantcivilrights.com

OPEN SKY LAW, PLLC
Devin T. Theriot-Orr, WSBA # 33995
20415 – 72nd Avenue S, Suite 110
Kent, WA 98032
Tel: (206) 962-5052
devin@opensky.law

MENTER IMMIGRATION LAW, PLLC
Meena Menter, WSBA # 31870
8201 – 164th Avenue NE, Suite 200
Redmond, WA 98052
Tel: (206) 419-7332
meena@meenamenter.com

*Class Counsel*

OPPOSITION TO DEFENDANT'S
MOTION TO DECERTIFY CLASS - 13

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

# CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Devin T. Theriot-Orr<br>OPEN SKY LAW, PLLC<br>20415 – 72nd Avenue South, Suite 110<br>Kent, WA 98032<br>devin@opensky.law<br>*Attorney for Plaintiff* | R. Andrew Free<br>THE LAW OFFICE OF R. ANDREW FREE<br>PO Box 90568<br>Nashville, TN 37209<br>andrew@immigrantcivilrights.com<br>*Attorney for Plaintiff* |
| Meena Menter<br>MENTER IMMIGRATION LAW PLLC<br>8201 – 164th Avenue NE, Suite 200<br>Redmond, WA 98052<br>meena@meenamenter.com<br>*Attorney for Plaintiff* | Joan K. Mell<br>III BRANCHES LAW, PLLC<br>1019 Regents Boulevard, Suite 204<br>Fircrest, WA 98466<br>joan@3brancheslaw.com<br>*Attorney for Defendant* |

Adrienne Scheffey
Lawrence D. Silverman
AKERMAN LLP
1900 Sixteenth Street, Suite 1700
Denver, CO 80202
adrienne.scheffey@akerman.com
lawrence.silverman@akerman.com
*Attorneys for Defendant*

DATED at Seattle, Washington this 21st day of June, 2021

    *s/ Virginia Mendoza*
Virginia Mendoza, Legal Assistant
Schroeter Goldmark & Bender
810 Third Avenue, Suite 500
Seattle, WA 98104
Tel: (206) 622-8000
mendoza@sgb-law.com

OPPOSITION TO DEFENDANT'S
MOTION TO DECERTIFY CLASS - 14

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305