The Honorable Robert J. Bryan

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| UGOCHUKWU GOODLUCK NWAUZOR, FERNANDO AGUIRRE-URBINA, individually and on behalf of all those similarly situated,<br><br>Plaintiffs/Counter-Defendants,<br><br>v.<br><br>THE GEO GROUP, INC.,<br><br>Defendant/Counter-Claimant. | Case No. 3:17-cv-05769-RJB<br><br>**THE GEO GROUP, INC.'S REPLY IN SUPPORT OF MOTION FOR DECERTIFICATION OF CLASS OR NARROWING THE CLASS DEFINITION (ECF NO. 354)**<br><br>**NOTE ON MOTION CALENDAR:**<br>Date: June 25, 2021 |

The GEO Group, Inc. ("GEO"), by and through its undersigned counsel, hereby replies in support of its Motion for Decertification of Class or Narrowing the Class Definition (ECF No. 354) (the "Motion").

**A.     The Court Has a Continuing Duty to Ensure Compliance with Class Requirements.**

As Plaintiffs acknowledge, the court has discretion to alter or amend its class certification decision in light of subsequent developments in the litigation. *See Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982); *see also* Fed. R. Civ. P. 23(c)(1)(C). This is not a "reconsideration" of the prior certification order, but a determination of whether the requirements for class certification continue to be met under the changed circumstances. Here the removal of one of the two class representatives on May 17, 2021, based on his counsel's assertion that the former class representative lacked mental competency was a significant

DEFENDANT THE GEO GROUP, INC.'S REPLY IN SUPPORT OF MOTION FOR DECERTIFICATION OF CLASS OR NARROWING THE CLASS DEFINITION (ECF NO. 354) (3:17-CV-05769-RJB) – PAGE 1

AKERMAN LLP
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

58725890;5

1  development in the litigation.  In fact, the Court invited consideration of whether the class
2  definition should be adjusted or an additional class representative added in its Order granting the
3  removal.  *Nwauzor* ECF 345.

4  **B.    The Court Should Decertify the Class.**

5      **1.    Mr. Nwauzor's Claim to be an Employee is Not Typical.**

6  Much of the Plaintiffs' argument is focused on a red herring.  The question is not whether
7  Mr. Nwauzor suffered the same alleged injury as other class members; it is undisputed that none
8  of the putative class members were paid minimum wage.  The actual issue is whether there was
9  <u>any</u> injury and that depends on whether Mr. Nwauzor and other detainees were GEO's
10 employees and therefore entitled to be paid minimum wage.  Plaintiffs wish to characterize the
11 VWP as a monolith of identical policies and procedures.  The facts show the opposite is true.  In
12 that regard, Mr. Nwauzor's experience in the Voluntary Work Program as a pod shower cleaner
13 was not typical of that of other VWP participants – and demonstrates the lack of uniform
14 procedures giving rise to a common experience - in at least these ways:

- <u>Time required for the task.</u>  The testimony at trial established that pod cleaning tasks including shower cleaning generally take between 15-30 minutes, depending on the speed with which the individual works. In contrast, VWP positions in the kitchen, laundry, and barbershop took as much as four hours – eight times as long.

- <u>Schedule</u>.  The unrebutted testimony of several officers was that shower cleaning could be done at a range of times, depending on when a particular detainee was ready to start working.  In contrast VWP positions outside the pod (including kitchen and laundry positions), had set start and end times because detainees could only move in the hallways at certain times because of security issues.

- <u>Uniforms</u>.  Detainees doing kitchen tasks wear a white uniform, hair and beard nets, and boots.  Detainees who participated in pod tasks, including Mr. Nwauzor, do not have a separate VWP uniform.

- <u>Training.</u>  Witnesses including Ms. Singleton and Ms. Henderson testified

DEFENDANT THE GEO GROUP, INC.'S REPLY IN SUPPORT OF MOTION FOR DECERTIFICATION OF CLASS OR NARROWING THE CLASS DEFINITION (ECF NO. 354) (3:17-CV-05769-RJB) – PAGE 2

**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

58725890;5

|   |   |
|---|---|
| 1 | regarding the multi-page documents outlining training for kitchen positions which |
| 2 | includes health and safety information and specific training on various equipment |
| 3 | in the kitchen. Officer DeLaCruz explained how on-the-job training in the kitchen |
| 4 | is a daily occurrence because detainees are constantly being shown what is |
| 5 | required.  Likewise, Officer Menza explained the training in the laundry to use the |
| 6 | washers and dryers.  In contrast, training to clean the shower involves showing |
| 7 | the VWP worker where the spray cleaner and tools are in the supply closet and |
| 8 | perhaps a minute or two of demonstration.  Indeed, Mr. Nwauzor did not describe |
| 9 | any training for shower cleaning in his testimony. |

- Nature of task.  Cleaning in the pod is a chore to maintain the detainee's own living space.  This is distinctly different from cleaning the hallways, visitation, intake, law library, or medical area.  It is also different from assisting with the laundry or food for the facility.  To the extent that the parties argued that detainees were doing "the business of GEO" pod cleaning is distinctly different from kitchen or laundry tasks or cleaning other areas of the facility.

- Placement:  Kitchen tasks required medical clearance to perform and only certain levels of detainees could participate. VWP pod tasks did not require medical clearance and all levels of detainees could participate.

- Non-financial benefits.  During trial there was considerable testimony regarding the benefit of getting out of the pod.  Volunteers in the kitchen could have second helpings when there were leftovers that would otherwise be thrown away.  In the laundry, detainees listen to the radio together.   Former GEO officer Griffin acknowledged the camaraderie among VWP participants in the kitchen which the detainees enjoyed.  None of these non-financial benefits of the VWP were factors for tasks inside the pod.

Mr. Nwauzor could not speak to any of these aspects of the VWP for the class as a whole. He never did any VWP task except shower cleaning, and so has no experience with which to

DEFENDANT THE GEO GROUP, INC.'S REPLY IN SUPPORT OF MOTION FOR DECERTIFICATION OF CLASS OR NARROWING THE CLASS DEFINITION (ECF NO. 354) (3:17-CV-05769-RJB) – PAGE 3

58725890;5

**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

represent detainees who worked in the kitchen, laundry, barber shop, cleaning halls, intake, visitation or medical. He also lacked any experience with tasks done by female detainees in their pods, including folding laundry. Likewise, he was housed in only one pod and so has no knowledge of how tasks differed in other types of housing within the NWIPC. Because the detainees' experiences differed in many important respects, there was no single, common experience among the various VWP positions.

**2. The Factual Differences in Mr. Nwauzor's Claim Are Legally Significantly To His Claim to be an Employee.**

These factual differences go far beyond the job title or description of the tasks; they are legally significant components of the broad test for "employee" considered by the jury. During the charge conference on June 14, 2021, the Court explained its thinking in giving the jury a simplified instruction on the meaning of "employee" as follows:

> Let me point out to you that in not listing considerations the jury should consider in determining whether there is an employment relationship, I have left open for you to argue all of those elements that have been covered by the evidence in the case. This is not a case where there is a decent definition of employment and employer and employee. … I think it would be a mistake for me to try to list those things that the jury should consider, because they can consider everything in the evidence.

Exhibit A (Rough Trial Tr. Jun. 14, 2021, 89:14-25).[1]

Each of the many factual differences between Mr. Nwauzor's experience as a shower cleaner and other positions is significant. Indeed, it shows that there were different policies for different positions, rather than uniform classwide conditions establishing commonality with respect to the indicia of employment. Mr. Nwauzor's VWP position required between 20 and 60 minutes (according to different witnesses), involved at most five minutes of training, could be done at almost any time within a broad time frame, did not require a uniform, was not closely supervised, and did not take Mr. Nwauzor out of the pod. In contrast, a detainee with a VWP

---

[1] For the Court's convenience, GEO is including a copy of the relevant portion of the rough transcript. At this time final certified transcripts are not yet available.

DEFENDANT THE GEO GROUP, INC.'S REPLY IN SUPPORT OF MOTION FOR DECERTIFICATION OF CLASS OR NARROWING THE CLASS DEFINITION (ECF NO. 354) (3:17-CV-05769-RJB) – PAGE 4

AKERMAN LLP
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

58725890;5

1  position in the kitchen travels to his shift at a set time, changes into a uniform, has documented
2  initial training and daily on-the-job instruction, works alongside GEO employees who constantly
3  supervise him, and works for perhaps four hours including breaks.  Whether Mr. Nwauzor was
4  an "employee" would not necessarily determine whether someone in the kitchen is an
5  "employee" because they have different indicia of employment and visa versa.  Jurors might well
6  consider these factual differences to fall on opposite sides of the "employee" definition.[2]

7  When the experiences of the class representatives differ on matters relevant to the legal
8  issue in the case, it is not sufficient to argue that they also had some similar experiences.
9  Plaintiffs have no response to *DeRosa v. Mass. Bay Commuter Rail Co*. 694 F.Supp.2d 87, 103
10 (D. Mass. 2010) or the principle it stands for: "typicality is not proven for the putative class …
11 because the named plaintiffs do not represent an adequate cross-section of the claims
12 [potentially] asserted by the rest of the class."  The *DeRosa* putative class representatives sought
13 certification of a class of all of the Defendant's Black and Hispanic employees who applied for
14 and were denied promotions, allegedly because of disparate racial treatment or policies with
15 disparate impacts.  All but one of the named class representatives in *DeRosa* held the position of
16 "coach-cleaner." Although they all worked for the same defendant, under the same company
17 regulations, and the same allegedly discriminatory testing polices, the district court found that
18 the proposed class representatives were inadequate because the claims of coach-cleaners were
19 not typical of those in other positions within the company.

20 Here where the test for whether a detainee VWP participant in an employee includes
21 numerous, broad-ranging factors, the class cannot be adequately represented by a single shower
22 cleaner whose position varied significantly from that of other class members.  In *DeRosa* the fact
23 that every member of the putative class was required by company policy to undergo the same
24 drug screen and take the same skills tests did not create typicality where the named plaintiffs

---

[2] Plaintiffs are correct that the verdict form did not distinguish between types of VWP positions. We cannot know how this may have factored into the jury's thinking and their inability to agree on answer to the question of whether all VWP participants were employees.

DEFENDANT THE GEO GROUP, INC.'S REPLY IN SUPPORT OF MOTION FOR DECERTIFICATION OF CLASS OR NARROWING THE CLASS DEFINITION (ECF NO. 354) (3:17-CV-05769-RJB) – PAGE 5

AKERMAN LLP
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

58725890;5

held a single job position. So too here, the fact that Mr. Nwauzor shared some experiences with the class, does not make his claim typical or his representation adequate when he held only one position that differed in legally important respects from those held by other class members.[3]

**C.  Alternatively, the Court Should Narrow the Class to Individuals Whose Employment Claims Mirror Mr. Nwauzor's Claim.**

As set forth in GEO's Motion, the Court can determine in the alternative, that Mr. Nwauzor's claims are typical of a narrow class of shower cleaners in the pods. The Court can and should revise the class definition to ensure typicality on the legally important employment factors.

Finally, although Plaintiffs mention in passing the testimony of other class members, they have not filed a motion to add additional class representatives. If they desire such relief, they must seek it in a separate motion.

**CONCLUSION**

For the foregoing reasons, GEO respectfully asks the Court to grant its Motion to Decertify.

Respectfully submitted, this 25th day of June, 2021.

By: *s/ Adrienne Scheffey*
**AKERMAN LLP**
Adrienne Scheffey (Admitted *pro hac vice*)
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: (303) 260-7712
Facsimile: (303) 260-7714
Email: adrienne.scheffey@akerman.com

---

[3] Likewise the many legally significant variations in the indicia of employment demonstrate that common questions do not predominate and the class does not meet the requirements of Rule 23(b)(3). As the Ninth Circuit explained in *In re Wells Fargo Home Mtg. Overtime Pay Litig.*, 571 F.3d 953, 959 (9th Cir. 2009), a legal test that "requires a fact-intensive inquiry into each potential plaintiff's employment situation" militates against certification. *See also Friend v. Hertz Corp.*, C-07-5222 MMC, 2011 WL 750741 *5 (N.D. Cal. Feb. 24, 2011).

DEFENDANT THE GEO GROUP, INC.'S REPLY IN SUPPORT OF MOTION FOR DECERTIFICATION OF CLASS OR NARROWING THE CLASS DEFINITION (ECF NO. 354) (3:17-CV-05769-RJB) – PAGE 6

58725890;5

AKERMAN LLP
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

By: *s/ Lawrence D. Silverman*
**AKERMAN LLP**
Lawrence D. Silverman (Admitted *pro hac vice*)
98 Southeast Seventh Street, Suite 1100
Miami, Florida 33161
Telephone: (305) 982-5666
Facsimile:  (305) 374-5905
Email: lawrence.silverman@akerman.com

By: *s/ Joan K. Mell*
**III BRANCHES LAW, PLLC**
Joan K. Mell, WSBA #21319
1019 Regents Boulevard, Suite 204
Fircrest, Washington 98466
Telephone: (253) 566-2510
Facsimile:  (281) 664-4643
Email: joan@3brancheslaw.com

*Attorneys for Defendant The GEO Group, Inc.*

DEFENDANT THE GEO GROUP, INC.'S REPLY IN SUPPORT OF MOTION FOR DECERTIFICATION OF CLASS OR NARROWING THE CLASS DEFINITION (ECF NO. 354) (3:17-CV-05769-RJB) – PAGE 7

**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

58725890;5

**PROOF OF SERVICE**

I hereby certify on the 25th day of June, 2021, pursuant to Federal Rule of Civil Procedure 5(b), I electronically filed and served the foregoing **DEFENDANT GEO GROUP, INC.'S REPLY IN SUPPORT OF MOTION FOR DECERTIFICATION OF CLASS OR NARROWING THE CLASS DEFINITION (ECF NO. 354)** via the Court's CM/ECF system on the following:

**SCHROETER GOLDMARK & BENDER**
Adam J. Berger, WSBA #20714
Lindsay L. Halm, WSBA #37141
Jamal N. Whitehead, WSBA #39818
Rebecca J. Roe, WSBA #7560
810 Third Avenue, Suite 500
Seattle, Washington 98104
Telephone:  (206) 622-8000
Facsimile:   (206) 682-2305
Email: hberger@sgb-law.com
Email: halm@sgb-law.com
Email: whitehead@sgb-law.com
Email: roe@sgb-law.com

**THE LAW OFFICE OF R. ANDREW FREE**
Andrew Free (Admitted *Pro Hac Vice*)
P.O. Box 90568
Nashville, Tennessee 37209
Telephone:  (844) 321-3221
Facsimile:   (615) 829-8959
Email: andrew@immigrantcivilrights.com

**OPEN SKY LAW PLLC**
Devin T. Theriot-Orr, WSBA #33995
20415 72nd Avenue S, Suite 100
Kent, Washington 98032
Telephone:  (206) 962-5052
Facsimile:   (206) 681-9663
Email: devin@openskylaw.com

**MENTER IMMIGRATION LAW, PLLC**
Meena Menter, WSBA #31870
8201 164th Avenue NE, Suite 200
Redmond, Washington 98052
Telephone:  (206) 419-7332
Email: meena@meenamenter.com

*Attorneys for Plaintiffs*

                                *s/ Nick Mangels*
                                Nick Mangels

PROOF OF SERVICE
(3:17-CV-05769-RJB) – PAGE 8

AKERMAN LLP
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

58725890;5