UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UGOCHUKWU GOODLUCK NWAUZOR individually and on behalf of those similarly situated, and FERNANDO AGUIRRE-URBINA, individually,<br><br>Plaintiffs,<br><br>v.<br><br>THE GEO GROUP, INC., a Florida corporation,<br><br>Defendant. | CASE NO. 3:17-cv-05769-RJB<br><br>ORDER DENYING MOTION FOR DECERTIFICATION OF CLASS OR NARROWING CLASS DEFINITION |

THIS MATTER comes before the Court on Defendant The GEO Group, Inc.'s ("GEO") Motion for Decertification of Class or Narrowing the Class Definition. Dkt. 354. The Court has considered the pleadings filed regarding the motion, testimony heard during the 11-day trial, and the remaining record.

These consolidated cases arise from GEO's failure to pay immigration detainee workers in its Voluntary Work Program minimum wage at its Northwest Detention Center, now renamed Northwest ICE Processing Center. One of the cases is a class action. *Nwauzor v. GEO Group, Inc.,* U.S. District Court for the Western District of Washington case number 17-5769.

On August 6, 2018, the class was certified and the class defined as "[a]ll civil immigration detainees who participated in the Voluntary Work Program at the Northwest

Detention Center at any time between September 26, 2014, and the date of final judgment in this matter." Dkt. 114, at 4. Plaintiffs Ugochuk Goodluck Nwauzor and Fernando Aguirre-Urbina were appointed as class representatives. *Id.* As is relevant here, their claims were found to be typical of the claims of the class and Mr. Nwauzor and Mr. Aguirre-Urbina were found to fairly and adequately protect the interests of the class. *Id.* On May 17, 2021, the Plaintiff's motion to dismiss Mr. Aguirre as a class representative due to illness was granted. Dkt. 345.

On June 1, 2021, trial began. GEO filed this motion to decertify the class or narrow the class definition that same day. Dkt. 354. The motion was noted for consideration for June 25, 2021. *Id*. After an 11-day trial, jury deliberations over part of three days, and a declaration of the jury that they could not agree on a verdict, a mistrial was declared on June 17, 2021. Dkt. 376.

**GEO's Motion to Decertify the Class**. Pursuant to Fed. R. Civ. P. 23(c)(1)(C), "[a]n order that grants or denies class certification may be altered or amended before final judgment." As stated in the August 6, 2018, order, Rule 23(a) contains the requirements of class certification: numerosity, commonality, typicality, and adequacy of representation. Dkt. 114.

GEO argues that the class should be decertified because Mr. Nwauzor's claims are not typical of the class and he is not an adequate class representative. Dkts. 354 and 384. The class opposes the motion. Dkt. 382.

GEO's motion to decertify the class (Dkt. 354) should be denied. GEO identifies differences in Mr. Nwauzor's duties as a shower cleaner and the duration of his time in the Voluntary Work Program as grounds to argue that his claims are not typical of those of the class. GEO's assertions are unpersuasive. "[R]epresentative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical."

*Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1042 (9th Cir. 2012). The testimony at trial indicates that Mr. Nwauzor's claimed injury arose from GEO's failure to pay him minimum wage for the work he performed. Each of the other class members claim the same injury from the same conduct. Differences in his job duties or the time he spent in the program are not relevant. His claims remain typical of the class.

GEO further argues that Mr. Nwauzor is not an adequate class representative because he worked only a single job that of shower cleaner for a short duration. To determine whether named plaintiffs will adequately represent a class, two questions must be resolved: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011). The differences between Mr. Nwauzor's job and the other jobs in the facility and the length of time he was in the program are not a basis to conclude that he or his counsel has any conflict of interest with other class members. Further, Mr. Nwauzor and his counsel have been vigorously pursuing the case on behalf of the class. Mr. Nwauzor remains an adequate class representative.

**Motion to Narrow the Class Definition.** GEO's motion to narrow the class definition to include only shower cleaners (Dkt. 354) should be denied. There are no legally sufficient grounds to narrow the class.

**IT IS SO ORDERED**.

///

///

///

///

ORDER DENYING MOTION FOR DECERTIFICATION
OF CLASS OR NARROWING CLASS DEFINITION - 3

1    The Clerk is directed to send uncertified copies of this Order to all counsel of record and
2 to any party appearing *pro se* at said party's last known address.
3    Dated this 28th day of June, 2021.

_____
ROBERT J. BRYAN
United States District Judge