UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>THE GEO GROUP, INC., a Florida corporation,<br><br>Defendant. | C17-5806RJB |
| UGOCHUKWU GOODLUCK NWAUZOR, on behalf of all those similarly situated, and FERNANDO AGUIRRE-URBINA, individually,<br><br>Plaintiffs,<br><br>v.<br><br>THE GEO GROUP, INC., a Florida corporation,<br><br>Defendant. | C17-5769 RJB<br><br>ORDER ON MOTIONS *IN LIMINE* |

ORDER ON MOTIONS *IN LIMINE*  - 1

Preliminary matters. First, the Federal Rules of Evidence govern admissibility of evidence.  The court will do its best to follow those rules in ruling on these motions and in conducting the trial.  The parties should be aware that the court cannot accurately rule on all evidentiary issues in advance.  Many rulings are based on the events of the trial, and many issues can best be resolved at trial rather than preliminarily.

Second, the denial of a motion *in limine* does not mean that the subject evidence will be admissible. It simply means that the court cannot rule on the issue in advance.

Third, the granting of a motion *in limine* that excludes evidence often requires a re-examination of the issue due to the events of the trial.

**Plaintiffs' Motion *in Limine* to Exclude the Testimony of Dan Ragsdale and Tae Johnson from the October 12, 2021 retrial (C17-5769RJB, Dkt. 433).**

It appears to the Court that is should deny the motion insofar as it is based on *Touhy* authorization.  That is a complex matter, best left to counsel and the witnesses.  Certainly, no witnesses should be asked to testify to matters prohibited by *Touhy* concerns, and it is fair inquiry to clarify those matters as preliminary to substantive testimony.  What is, perhaps, more interesting is the question of what these witnesses have to offer in the way of relevant testimony in regard to the issues in this case.  For example testimony about what GEO pays detainees under a Voluntary Work Program in other jurisdictions is likely not relevant.  Such issues can better be resolved at trial.  For those reasons, Plaintiffs' Motion *in Limine* to Exclude the Testimony of Dan Ragsdale and Tae Johnson from the October 12, 2021 retrial (C17-5769RJB, Dkt. 433) should be DENIED.

ORDER ON MOTIONS *IN LIMINE* - 2

**State of Washington's Additional Motions *in Limine* in Advance of October 12 Retrial (C17-5806RJB, Dkt. 545).**

1) Exclude All Evidence of Work Programs at State and Local Government Facilities.  It is clear that the defense of intergovernmental immunity is out of the case. (C17-5806RJB, Dkt. 531).  With that ruling, comparison of the Voluntary Work Program operated by GEO with the State of Washington's voluntary work programs, for immunity comparison, is also out of the case.  To that extent, the State's motion should be GRANTED.  Like other issues in this case, implementation of this ruling can better be handled at trial.

2) Exclude All Witnesses and Argument Related to L & I's History of MWA Enforcement at the NWDC.   During the first trial, considerable time and effort was spent on admissibility of inadmissible (for various reasons) documents purporting to show, but never showing, that the Department of Labor and Industries made a finding, binding on the State, that the Minimum Wage Act did not apply to the Voluntary Work Program at the Ice Processing Center.  The most that could be said, from the exhibits presented, was that the Department of Labor and Industries looked at the program and never started an enforcement action.  If the Court's recollection is correct, even that was not supported by admissible exhibits.  We should not go through that wasteful exercise again, particularly because what the Department of Labor and Industries did or failed to do is not relevant to the question now raised by the State in this enforcement action.  There is no defense there.  However, it is perhaps relevant, to create argument, in very brief evidence that the Department of Labor and Industries or the Attorney General's Office, could start a Minimum Wage Act enforcement, and neither did so, until now.  This motion *in limine* should be GRANTED to the foregoing extent.

ORDER ON MOTIONS *IN LIMINE*  - 3

3.  Exclude All Evidence and Arguments Regarding L & I's Administrative Policy Guidance ES.A.1.  The Department of Labor and Industries administrative policy is confusing as applied to this case, and proves nothing.  It should be excluded and Plaintiff's motion *in limine* granted.  My grandfather, a long-time lawyer, used to say that a lawyer should keep his (or her) eye on the rabbit.  The rabbit here is whether the Voluntary Work Program detainees are employees under the State of Washington Minimum Wage Act.  The non-binding Department of Labor and Industries' Policy Guidance found in ES.A.1 (Exhibits A308 & A321) are not near the rabbit, and can only cause the shooter to miss.  It is side information unrelated to the target, and should be excluded.  This motion *in limine* should be GRANTED.

4.  Exclude All Witnesses Not Previously Disclosed.  This motion appears to only address a Dr. George Foley, author of Exhibit 365A.  In so far as it may relate to other, unnamed, witnesses not previously disclosed, those matters will be dealt with when and if such unnamed witnesses are called at trial.

As to Dr. Foley, the following ruling appears fair and within the scope of the rules:  If Exhibit 365A is offered, or discussed, at trial, Dr. Foley may be called to testify only about that exhibit.  Late disclosure to that extent appears to be harmless to Plaintiffs.

Dr. Foley may not be called to testify about any other matters, specifically "the mission, goals, and contracting principles of GEO."  To now allow such testimony from a witness not properly disclosed is neither substantially justified nor harmless to Plaintiffs.  *See* FRCP 37(c)(1).  To that extent, this motion *in limine* should be GRANTED, in part.

ORDER ON MOTIONS *IN LIMINE*  - 4

**Defendant The GEO Group Inc.'s Supplemental Motions *in Limine* (C17-5769RJB, Dkt. 436 & C17-5806RJB, Dkt. 548).**

A.  Exclusion of all evidence or argument related to GEO's size, profitability, financial status or overall wealth.  The motion relating to national "profitability, financial status and overall wealth" should be GRANTED and excluded from testimony.  However, some brief evidence of GEO's size is relevant as introduction, and local finances are relevant to the impact on GEO of the way Voluntary Work Programs detainees are used at the Center, and may be offered.  This motion should be GRANTED IN PART to the foregoing extent only.

B.  Exclusion of Argument that the WMWA was "applicable" to detainees at the time GEO signed its contract with ICE.  This motion *in limine* presents a legal question not properly resolved by an order *in limine*.  The Court recalls no evidence about discussion of Minimum Wage Act applicability at the time of contracting.  The contract speaks for itself.  This motion *in limine* should be DENIED.

C.  Exclude Argument Related to Detainees' Immigration Backstories.  Reasonable backstories of witnesses on both sides will be allowed and was not overdone in the first trial.  Beside general introduction information, detainees are, unfortunately and unfairly, lumped in with prisoners who are detained in other institutions for criminal acts.  It is appropriate to show that they are in a different category.  This motion *in limine* should be DENIED.

D.  Exclude Argument About Other GEO Facilities.  Generally, testimony about other GEO facilities is only relevant to show GEO pays more than $1.00 per day on occasion and is not limited to paying $1.00 per day.  This motion *in limine* should be DENIED.

ORDER ON MOTIONS *IN LIMINE*  - 5

E.  Exclude Testimony of John Patrick Griffin Regarding Food Quality and Any Other Derogatory Statements about Food at the Center.  This motion *in limine* should be DENIED.

F.  Exclude Argument of Robin Gard that VWP positions should have or could have been filled by non-detainee Washington Citizens or Residents.  This motion *in limine* should be DENIED.  Mr. Gard's testimony is responsive to the continuing attack on the State's motives in bringing this case.

G.  Exclude Any Pejorative and Degrading Remarks by Counsel as to GEO's Character or Malign Intent or Motivation Not to Pay Persons What the Law Requires Them to be Paid.  This motion *in limine* should be DENIED.  All counsel should avoid remarks and argument not supported by the evidence or lack of evidence.  For example it is not OK to say that a party "works to prey upon the sympathies of the jurors by turning the case into a narrative of extortion . . . ."  (Dkt. 556 at page 1).  Extortion is a crime.  Extortion indeed!

H.  To Exclude Extraneous Financial Information.  Extraneous financial information should not be admitted.  The evidence referenced from the first trial was not extraneous.  This motion *in limine* should be DENIED.

I.  To Admit GEO's Previously Disclosed Security Videos at Trial as a Business Record Pursuant to FRE 803(6).  This motion *in limine* should be DENIED for the reasons stated by the Court at the first trial. (*See*  Plaintiff's response at C17-5806RJB, Dkt. 554 at page 17).

**IT IS SO ORDERED.**

ORDER ON MOTIONS *IN LIMINE*  - 6

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 28th day of September, 2021.

ROBERT J. BRYAN
United States District Judge

ORDER ON MOTIONS *IN LIMINE*  - 7