The Honorable Robert J. Bryan

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### TACOMA DIVISION

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>THE GEO GROUP, INC.,<br><br>Defendant. | CIVIL ACTION NO. 3:17-cv-05806-RJB |
| UGOCHUKWU GOODLUCK NWAUZOR, FERNANDO AGUIRRE-URBINA, individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE GEO GROUP, INC., a Florida corporation,<br><br>Defendant. | CIVIL ACTION NO. 17-cv-05769-RJB<br><br>PRETRIAL ORDER<br>FOR SECOND TRIAL |

Pursuant to Federal Rule of Civil Procedure 16 and Local Civil Rule 16(h), Plaintiff State

of Washington ("Washington"), and Plaintiffs Ugochukwu Goodluck Nwauzor and Fernando

PRETRIAL ORDER FOR SECOND
TRIAL
Case No.3:17-cv-05806-RJB

1

59882467;2

Aguirre-Urbina (the "Private Plaintiffs"), and the Defendant The GEO Group, Inc. ("GEO"), provide the following Pretrial Statement. Since the above cases are partially consolidated and partially bifurcated, *see* State's ECF. No. 353 and Nwazour's ECF. No. 249, Plaintiffs have indicated the portions of the Pretrial Statement that are relevant to only the State proceedings, or the Nwauzor proceedings, respectively. If not stated otherwise, this Pretrial Statement applies to both cases. The Northwest Detention Center ("NWDC") has recently been renamed the Northwest ICE Processing Center ("NWIPC"). The parties and witnesses may refer to the facility interchangeably as either the NWDC or the NWIPC.

## I.    JURISDICTION

**Washington's Position:** The Court correctly recognized that Washington has *parens patriae* authority over all of the claims asserted in this matter. Washington ECF. No. 29. The Court asserted jurisdiction over this matter pursuant to the federal officer removal statute, 28 U.S.C. § 1442, on the basis that Defendant The GEO Group, Inc. ("GEO") operates the NWDC/NWIPC under a contract with U.S. Immigration and Customs Enforcement ("ICE").[1] Washington ECF No. 32. The work performed by detainee-workers occurs at the NWDC/NWIPC, which is located in Pierce County, Washington, and this matter arises from Defendant's business conducted there.

**Private Class Action Plaintiffs' Position:** Private Plaintiffs filed a Class Action Complaint for Damages on September 26, 2017, and jurisdiction is vested in this Court under 28 U.S.C. § 1332(d). *See* Nwauzor ECF No. 84 (First Am. Compl.).

**Defendant's Position:** Defendant agrees with Private Plaintiffs' jurisdictional statement. As to Washington's position, Defendant agrees with the Court's denial of the State's motion for remand and that jurisdiction is proper before the Court.  Defendant further states that this Court

---

[1] Washington first filed this action in Pierce County Superior Court and timely sought remand after GEO removed the action to federal court. *See* Washington ECF No. 15. Although the Court denied Washington's motion for remand, *see* Washington ECF No. 32. Washington preserves its objections to the Court's assertion of jurisdiction.

PRETRIAL ORDER FOR SECOND TRIAL
Case No.3:17-cv-05806-RJB

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 442-4492

59882467;2

has jurisdiction over the State's Washington Minimum Wage Act Claims, as the State has brought those claims as *parens patriae* and this Court has ruled that because the State seeks declaratory and injunctive relief that would be unavailable to the Private Class Action Plaintiffs, the State has standing to bring those claims. However, GEO is not aware of any legal basis under which the State may assert that it has standing to bring its stand-alone unjust enrichment claims.

**The Court's Finding:**  The Court will retain jurisdiction over the State case, C17-5806RJB, under 28 U.S.C. § 1444, and also has diversity jurisdiction under 20 U.S.C. § 1322 over that case.

## II.    CLAIMS AND DEFENSES

### Washington's Enforcement Action

Washington will pursue the following claim during the joint proceeding before a jury: Violation of Washington's Minimum Wage Act ("MWA"), Washington Revised Code § 49.46.020. Washington seeks declaratory relief requiring GEO, a private for-profit employer operating in Tacoma, to comply with and pay Washington's hourly minimum wage to detainee-workers who perform work for GEO at the NWDC/NWIPC. If Washington prevails in the joint proceeding, Washington will request injunctive relief to enjoin GEO from violating MWA in the future.

Washington will pursue the following claim during the State proceeding before the bench in Phase 3 of the trial:  Unjust enrichment. Washington seeks equitable relief under Washington's common law requiring GEO to disgorge the amount by which it has been unjustly enriched from 2005 to the present, as a result of its practice of paying detainee-workers at the NWDC/NWIPC $1 per day for work performed, when it should have paid workers, whether detained or not, a fair wage.

PRETRIAL ORDER FOR SECOND TRIAL
Case No.3:17-cv-05806-RJB

3

59882467;2

The Court has now ruled that neither intergovernmental immunity nor derivative sovereign immunity render GEO immune from liability nor does any MWA statutory exemption apply to GEO. *See* ECF No. 531.

### Private Class Action

Private Plaintiffs will pursue the following claim during the joint proceeding before a jury: That GEO employs Plaintiffs and members of the class under the MWA and that GEO failed to pay the minimum wage for hours worked within the Voluntary Work Program at the NWDC/NWIPC.

If the Private Plaintiffs prevail in the joint proceeding, Private Plaintiffs will seek to recover back wages from GEO under the MWA for hours previously worked, during the *Nwauzor* only damages proceeding before the jury in Phase 2 of the trial.

The Court has now ruled that neither intergovernmental immunity nor derivative sovereign immunity render GEO immune from liability nor does any MWA statutory exemption apply to GEO. *See* ECF No. 531.

### GEO's Claims and/or Affirmative Defenses

### Trial Phase 1: Joint Minimum Wage Liability Trial (State +Private Plaintiffs):

GEO will pursue the following claims and/or affirmative defenses during the joint liability trial on the MWA trial:

1. GEO sought to present an Intergovernmental Immunity defense in this case on the basis that (i) the MWA impermissibly directly regulates the federal government; (ii) the MWA impermissibly discriminates against the federal government, and by extension, against GEO, who steps into the shoes of the federal government for the purposes of Intergovernmental Immunity; *See United States v. California*, 921 F.3d 865, 882 (9th Cir. 2019) ("for purposes of intergovernmental immunity, federal contractors are treated the same as the federal government itself"); *Boeing Co. v. Movassaghi*, 768 F.3d 832, 842 (9th

PRETRIAL ORDER FOR SECOND TRIAL
Case No.3:17-cv-05806-RJB

4

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 442-4492

59882467;2

Cir. 2014); and that (iii) the claimed application of the MWA to federal detainees participating in the Voluntary Work Program ("VWP") discriminates against GEO by treating similarly situated state institutions more favorably than GEO. This Intergovernmental Immunity defense was disallowed by the Court following the initial trial which resulted in a hung jury, will not be directly argued at the retrial of this case, but will form a basis for appeal should there be a finding of liability against GEO.

2. Detainees participating in the VWP at the NWDC/NWIPC are not "employees" under the MWA because:

    a. GEO does not "permit them to work" in the VWP;

    b. The WMWA is not applicable to detainees as set forth below:

        i. Detainees sleep and reside at their place of work and therefore fall under the Resident Exception set forth in RCW § 49.46.020 (3)(j);

        ii. Detainees are residents of a federal detention institution and therefore fall under the Institution Exception set forth in RCW § 49.46.020 (3)(k) as conceded by the State in its Renewed Motion for Judgment as a Matter of Law;

    c. The VWP detainees do not meet the criteria to be classified as an employee under controlling factors expressed in *Matherly v. Andrews*, 859 F.3d 264, 278 (4th Cir. 2017) and reaffirmed in *Ndambi v. CoreCivic, Inc.*, 990 F.3d 369, 374 (4th Cir. 2021), which provides that detainees are not employees where the following factors are established:

(1) the detainees' work is part of a program designed to benefit them while confined, not a program designed to sell goods and services to the free market at a profit;

PRETRIAL ORDER FOR SECOND TRIAL
Case No.3:17-cv-05806-RJB

5

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 442-4492

59882467;2

(2) the relationship does not consist of a "bargained-for exchange of labor for mutual economic gain that occurs in a true employer-employee relationship"; and

(3) the detainees do not have a need to maintain a "standard of living necessary for health, efficiency, and general well-being" because they "have no such needs" as the place of their detention "provides them with the food, shelter, and clothing that employees would have to purchase in a true employment situation."

These factors are also consistent with the Washington Supreme Court's directive in *Anfinson v. FedEx Ground Package Sys., Inc.*, 174 Wash. 2d 851, 868 (2012), that a multi-factored economic realities test should be applied. The test above satisfies this requirement.

    d.  GEO is entitled to derivative sovereign immunity because:

      i.  GEO complied with its contract with ICE in all material respects.

      ii.  Detainees do not meet the requirements set forth in GEO's contract with ICE to qualify as employees.

      iii.  GEO and ICE's contract did not anticipate that the WMWA would be "applicable" to detainees.

3. Derivative Sovereign Immunity precludes the VWP detainees from being employees under the MWA on the basis that GEO's contract with ICE for the operation of the NWDC/NWIPC specifically states that GEO may not employ detainees at the NWDC/NWIPC in any capacity. GEO does not agree with the State's position that this defense was conclusively resolved at the first trial.

**The Court's Finding:**  All affirmative defenses have been definitively eliminated from the case by Court rulings with the exception of derivative sovereign immunity.  The Court did

PRETRIAL ORDER FOR SECOND
TRIAL
Case No.3:17-cv-05806-RJB

6

59882467;2

rule that sufficient evidence supporting that defense had not been presented in the first trial, and refused Defendant's Proposed Jury Instruction #18. Nevertheless, no ruling specifically eliminated the defense for all purposes, and it is an available affirmative defense, if proven.

**Trial Phase 2: Private Plaintiffs Damages Trial and GEO's Unjust Enrichment Claim:**

Should Private Plaintiffs and the State prevail on liability, the trial will progress to Phase 2, where the same jury will decide damages for the Certified Class. At that time, GEO will present its affirmative claim for unjust enrichment and its offset defense. In order to streamline the trial process, GEO and Private Plaintiffs have agreed that GEO's presentation of GEO's affirmative unjust enrichment claim, and affirmative defense of offset, will be heard during the Private Plaintiffs' damages trial so as not to create confusion surrounding the dismissal of GEO's unjust enrichment claim as to the State. Neither GEO's affirmative unjust enrichment claim nor its offset defense will be presented in any part of the State's case.

**Trial Phase 3: Washington's Enforcement Action for Unjust Enrichment:**

**State of Washington's Position**

The Court has dismissed GEO's remaining affirmative defenses to the State's unjust enrichment action. *See* ECF No. 531.

**GEO's Position**

GEO will pursue the following defenses in the State's unjust enrichment action:

1. GEO reiterates its position regarding its Intergovernmental Immunity defense, as described above in Phase 1.

2. Derivative Sovereign Immunity, as described above in Phase 1.

PRETRIAL ORDER FOR SECOND TRIAL
Case No.3:17-cv-05806-RJB

7

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 442-4492

59882467;2

### III.    ADMITTED FACTS

The following facts are admitted by the parties:

1.    GEO owns and operates the Northwest ICE Processing Center ("NWIPC"), which was known from 2005 to 2019 as the Northwest Detention Center ("NWDC"). It is located at 1623 East J Street, Tacoma, Washington.

2.    Since October of 2005, GEO has contracted with U.S. Customs and Immigration Enforcement ("ICE") within the U.S. Department of Homeland Security ("DHS") to provide civil immigration detention management services at the Center for adults held in administrative custody as they await immigration status review by ICE and the federal judiciary.

3.    GEO has expanded the capacity of the Center twice. The Center initially had the capacity to house between 500 to 800 individuals. In July 2006, GEO expanded the Center to house up to 1,000 individuals. In October 2009, GEO expanded the Center a second time so that it now has the capacity to house up to 1,575 individuals.

4.    Pursuant to the Center contract between GEO and ICE, GEO provides detention services to ICE including, but not limited to: the building, management and administration, security, clean and vermin free facilities, food service with three nutritious meals per day, clean uniforms and bedding, and barbershop/grooming services.

5.    Pursuant to the Center contract between GEO and ICE, GEO is required to "perform in accordance with" specific "statutory, regulatory, policy, and operational" constraints, including the ICE/DHS Performance Based National Detention Standards as well as "all applicable federal, state, and local laws."

6.    The Performance Based National Detention Standards, and its predecessor the National Detention Standards, is a set of standards developed by ICE to ensure that all entities it contracts with provide safe and secure facilities.

7.    Performance Based National Detention Standard 5.8 requires that GEO offer detained persons an opportunity to work in a Voluntary Work Program.

PRETRIAL ORDER FOR SECOND
TRIAL
Case No.3:17-cv-05806-RJB

8

59882467;2

8.      Since October of 2005, GEO has offered detainees positions in its Voluntary Work Program.

9.       On any given day, there could be as many as 470 positions for detainees in the Voluntary Work Program at the Center.

10.      While detained, detainees do not have the opportunity to leave the Center or work outside of the Center, unless explicitly authorized by ICE.

11.      GEO does not review whether detainee-workers have work authorization when reviewing their requests/applications to positions in the Voluntary Work Program.

12.      GEO maintains job descriptions for Voluntary Work Program positions.

13.       Positions that are available to detainees in the Voluntary Work Program are varied, including in the kitchen, in the laundry room, cleaning of common areas, and cutting hair in the barbershop.

14.      GEO provides detainees in Voluntary Work Program positions with all equipment, materials, supplies, uniforms, and personal protective equipment necessary to their Voluntary Work Program position.

15.      GEO has the option to pay more than $1/day to detainee-workers for work performed in the VWP at the Center.

16.      GEO has never paid detainees in the Voluntary Work Program the state minimum wage.

17.      GEO has paid and continues to pay detainees in VWP positions $1 per day.

18.      The Performance Based National Detention Standard 5.8 states: "Detainees shall receive monetary compensation for work completed in accordance with the facility's standard policy. The compensation is at least $1.00 (USD) per day."

19.      GEO employs non-detainee employees, including two or three janitors, at the Center.

PRETRIAL ORDER FOR SECOND TRIAL
Case No.3:17-cv-05806-RJB

9

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 442-4492

59882467;2

20.    Washington's hourly minimum wage from 2005 to the present year has gone from $7.35 on January 1, 2005 to $13.69 on January 1, 2021.

21.    The Minimum Wage Act applies to all employment relationships that are not covered by a statutory exemption regardless of the profitability of the employer.

22.    Mr. Nwauzor is a citizen of Nigeria, and was granted asylum in the United States in January 2017.

23.    Mr. Nwauzor was held at the Center as a civil immigration detainee from approximately June 2016 until January 2017.

24.    Mr. Nwauzor held a Voluntary Work Program position during his detention at the Center.

25.    Mr. Nwauzor obtained lawful permanent residence status, commonly known as a "green card," in July 2018.

### IV.    ISSUES OF LAW

### Washington's Enforcement Action

The following are issues of mixed law and fact to be determined in the joint proceeding:

1.    Is GEO required to pay Washington's hourly minimum wage to detainees in the VWP at the NWDC/NWIPC?

    a.    Are the detainees in the VWP at the NWDC/NWIPC "employees" as defined by Washington Revised Code § 49.46.010(3), including under all applicable exceptions?

    b.    Is GEO an "employer" of detainees who participate in the VWP at the NWIPC as defined by Washington Revised Code § 49.46.010(4)?

PRETRIAL ORDER FOR SECOND TRIAL
Case No.3:17-cv-05806-RJB

10

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 442-4492

59882467;2

The following are the issues of law to be determined in the State only unjust enrichment proceeding before the bench[2]:

**Washington's Position**

1. Has GEO been unjustly enriched by paying individuals $1 per day for their participation in the VWP at the NWDC/NWIPC?

    a.    Did the detained workers confer a benefit upon GEO through the VWP at the NWDC/NWIPC?

    b.    Did GEO have knowledge of the benefit received at the detained workers' expense?

    c.    Do the circumstances make it unjust for GEO to retain the benefit conferred by the detained workers?

    d.    What is the amount GEO must disgorge to remedy its unjust enrichment?

**GEO's Position**

1. Has GEO been unjustly enriched by administering the Voluntary Work Program?

    a.    Did the State of Washington, (including by and through its residents), confer a benefit upon GEO through the VWP at the NWIPC?

    b.    Did GEO obtain and appreciate that benefit at the State of Washington's expense?

    c.    Do the circumstances make it unjust for GEO to retain the benefit that may have been conferred by the State of Washington without paying its value to the State of Washington?

    d.    What is the amount of damages, if any, due to the State of Washington under its theory of unjust enrichment?

---

[2] Since the parties disagree as to the formulation of the unjust enrichment issue of law and the impact of the Court's order regarding unjust enrichment in ECF No. 29, the parties have respectfully submitted both positions.

PRETRIAL ORDER FOR SECOND TRIAL
Case No.3:17-cv-05806-RJB

11

59882467;2

2. Should Washington be awarded reasonable attorneys' fees and costs incurred in connection with this action?

### Private Class Action

The following are the issues of law to be determined in the joint proceeding:

1. Is GEO required to pay Washington's hourly minimum wage to detainees in VWP positions at the NWDC/NWIPC?

   a. Are the detainees who participate in the VWP at the NWDC/NWIPC "employees" as defined by Washington Revised Code § 49.46.010(3), including under all applicable exceptions?

   b. Is GEO an "employer" of detainees in VWP positions at the NWDC/NWIPC as defined by Washington Revised Code § 49.46.010(4)?

If the State and Private Plaintiffs prevail in the joint MWA proceeding, the following are the issues of law to be determined in the Phase 2 *Nwauzor* only proceeding:

1. What are the back wages owed to the Certified Class?

2. What amount is due to GEO under its affirmative unjust enrichment claim?

3. Shall Private Plaintiffs be awarded reasonable attorneys' fees and costs incurred in connection with this action?

4. Shall GEO be awarded reasonable attorneys' fees and costs incurred in connection its affirmative minimum wage and unjust enrichment claim?

### V.   EXPERT WITNESSES

The names and addresses of the expert witnesses to be used by each party at trial and the issue upon which each will testify, and the proceeding at which their testimony will be taken is:

### On behalf of Plaintiff Washington:

1. **Peter Nickerson, Ph.D**. **(in the joint and state proceedings)**
   Nickerson & Associates, LLC
   520 Pike St., Suite 1200
   Seattle, WA 98101

PRETRIAL ORDER FOR SECOND TRIAL
Case No.3:17-cv-05806-RJB

12

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 442-4492

59882467;2

Washington *will call* Dr. Nickerson, an economics expert, to testify to : (1) Fair Wage: analysis of the "fair wage" for work performed by detainees at the NWDC/NWIPC, including: his analysis of the payroll records maintained by GEO; GEO's compensation to detainee workers over time for their work; the minimum wage paid by employers over time; the categorization of work done by detainees at the NWDC/NWIPC, and the prevailing wages paid by employers in the Tacoma area for those categories of work; the value of the detainee labor calculated based on Washington's minimum wage as well as the prevailing wages; and GEO's business model, pricing structure, and profits at the NWDC/NWIPC; and (2) Unjust Enrichment: the value by which GEO has benefited or profited by paying detainees one dollar per day and not a fair wage for work performed at the NWDC/NWIPC from 2005 to the present.

**On behalf of Private Plaintiffs:**

1. **Christopher Strawn (in the joint proceeding)**
   Northwest Immigrant Rights Project
   615 Second Ave, Suite 400
   Seattle, Washington  98104

Mr. Strawn is an attorney at the Northwest Justice Project and the Director of the Immigration Law Clinic at the University of Washington School of Law. Private Plaintiffs *will call* Mr. Strawn to provide testimony regarding various aspects of the U.S. Immigration process, including removal and asylum proceedings, lawful permanent resident status, the naturalization process, and relevant data regarding each aspect.

2. **Jeffrey A. Munson, Ph.D (in the *Nwauzor* proceeding)**
   Department of Psychiatry and Behavioral Sciences
   University of Washington, Box 357920
   Seattle, Washington  98195

Dr. Munson is a professor at the University of Washington and is an expert in database management and statistical analysis. Private Plaintiffs *will call* Dr. Munson to testify about his analysis of GEO's compensation and other records and his calculation of damages owed to the Class in aggregate and to the individual Class Members.

PRETRIAL ORDER FOR SECOND
TRIAL
Case No.3:17-cv-05806-RJB

13

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 442-4492

59882467;2

**On behalf of Defendant GEO:**

1. **Serena Morones may testify (in the *Nwauzor* proceeding)**
   Morones Analytics, LLC
   625 SW Broadway, Suite 200
   Portland, Oregon 97205

Ms. Morones is a forensic economist with a CPA, ABV, and CFE. Should the trial reach the damages phase, GEO *will call* Ms. Morones to testify about her analysis of the value of the work performed by detainees at the NWDC/NWIPC as it relates to Private Plaintiffs' claims.

2. **William Brandt may testify (in the State proceeding)**
   P.O Box 10187
   Bainbridge Island, WA 98110

Mr. Brandt is a forensic economist with a CPA, ABV, CFF and MBA. Should the trial reach the damages phase, GEO *will call* Mr. Brandt to testify about his analysis of the economic losses claimed by Plaintiff Washington based upon detainee work.

## VI.    OTHER WITNESSES

The names and addresses of witnesses, other than experts, to be used by each party at the and joint proceedings the general nature of the testimony of each are:

**On behalf of Plaintiff Washington**:

1. **Ryan Kimble – will testify** (in personal capacity and as GEO's Rule 30(b)(6) designee)
   Akerman LLP
   1900 Sixteenth Street, Suite 950
   Denver, CO

Assistant Warden for Finances at the NWDC/NWIPC, Mr. Kimble will testify to the NWDC/NWIPC's operations and finances, staffing model and detainee work in the VWP at NWDC, including the terms and conditions of detainee work, hours, and pay, and GEO's compliance with state and local laws. In addition, Mr. Kimble will testify to GEO's payroll practices regarding detainee-workers, and invoicing for reimbursements from ICE.

PRETRIAL ORDER FOR SECOND
TRIAL
Case No.3:17-cv-05806-RJB

14

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 442-4492

59882467;2

2. **Charles Hill – will testify** (as GEO's Rule 30(b)(6) designee on finances)
   Akerman LLP
   1900 Sixteenth Street, Suite 950
   Denver, CO

This 30(b)(6) designee will testify to the operations, finances and profits of GEO, the NWDC/NWIPC, and its VWP.

3. **Bruce Scott – will testify** (in personal capacity and as GEO's Rule 30(b)(6) designee)
   Akerman LLP
   1900 Sixteenth Street, Suite 950
   Denver, CO

Associate Warden at the NWDC, Mr. Scott will testify to his roles at the NWDC/NWIPC, including as Fire and Safety Manager, Chief of Security, Compliance Officer, and Assistant Warden, and his involvement with or supervision of the VWP in each position. In addition, Mr. Scott will testify about GEO's policies, practices, and operations at NWDC/NWIPC as GEO's speaking agent.

4. **Alisha Singleton – may testify**
   19517 137th Street East
   Bonney Lake, WA 98391

Classification Officer at the NWDC/NWIPC, Ms. Singleton may testify to the role of the Classification Department in managing the VWP, including but not limited to assigning detainee-workers to jobs, detainee-worker pay rates, maintenance of detainee-worker rosters, and tracking of disciplinary sanctions.

5. **Michael Heye – may testify**
   Akerman LLP
   1900 Sixteenth Street, Suite 950
   Denver, CO

Classification Officer at the NWDC/NWIPC, Mr. Heye may testify to the role of the Classification Department in managing the VWP, including but not limited to assigning

PRETRIAL ORDER FOR SECOND
TRIAL
Case No.3:17-cv-05806-RJB

15

59882467;2

detainee-workers to jobs, detainee-worker pay rates, maintenance of detainee-worker rosters, and tracking of disciplinary sanctions.

6. **Bertha Henderson – will testify**
   Akerman LLP
   1900 Sixteenth Street, Suite 950
   Denver, CO

Food Service Manager at the NWDC/NWIPC since 2007, Ms. Henderson will testify to all aspects of the operations of the NWDC/NWIPC and its VWP including, without limitation, the NWDC/NWIPC food service program and its staffing with GEO employee and detainee-workers staffing, the importance and benefits of detainee work to GEO, and the terms and conditions of detainee work.

7. **Edwin de la Cruz – will testify**
   Akerman LLP
   1900 Sixteenth Street, Suite 950
   Denver, CO

Assistant Food Service Manager at the NWDC/NWIPC, Mr. de la Cruz will testify to all aspects of the operations of the NWDC/NWIPC food service program, its staffing with GEO employee and detainee-workers, the importance and the benefits of detainee work to GEO, and the terms and conditions of detainee work.

8. **Bill McHatton – will testify**
   III Branches Law
   1019 Regents Blvd., Suite 204
   Fircrest, WA 98466

Former Associate Warden of the NWDC/NWIPC, Mr. McHatton will testify to the history of the NWDC/NWIPC and the VWP as well as his supervision and involvement with the VWP.

9. **Iolani Menza – will testify**
   Akerman LLP
   1900 Sixteenth Street, Suite 950
   Denver, CO

PRETRIAL ORDER FOR SECOND TRIAL
Case No.3:17-cv-05806-RJB

16

59882467;2

Mr. Menza will testify to his responsibilities and job duties as a detention officer for NWDC/NWIPC, including his supervision of detainee-workers in the VWP as a property officer, intake officer, laundry officer, law library officer and pod officer.

10. **David Tracy – may testify**
    Akerman LLP
    1900 Sixteenth Street, Suite 950
    Denver, CO

Mr. Tracy may testify to his responsibilities and job duties as a detention officer and former Sergeant for GEO at the NWDC/NWIPC, including his supervision of detainee-workers in the VWP, staffing of the VWP, work performed by detainee-workers, and the operation of the NWDC/NWIPC and VWP.

11. **Marc Johnson – may testify**
    Akerman LLP
    1900 Sixteenth Street, Suite 950
    Denver, CO

Mr. Johnson may testify to his responsibilities and job duties as a detention officer and former Lieutenant for GEO at NWDC/NWIPC, including his supervision of detainee-workers in the VWP, staffing of the VWP, work performed by detainee-workers, and the operation of the NWDC/NWIPC and VWP.

12. **Leroy Jaramillo – may testify**
    Akerman LLP
    1900 Sixteenth Street, Suite 950
    Denver, CO

Mr. Jaramillo may testify to his responsibilities and job duties as a detention officer and Chief of Security at the NWDC/NWIPC, including his supervision of detainee-workers in the VWP, staffing of the VWP, work performed by detainee-workers, and the operation of the NWDC/NWIPC and VWP.

PRETRIAL ORDER FOR SECOND
TRIAL
Case No.3:17-cv-05806-RJB

17

59882467;2

13. **John Patrick Griffin – will testify**
628 S. State Street
Tacoma, WA 98405

Former Food Services Supervisor at the NWDC/NWIPC from 2009-2012, Mr. Griffin will testify to all aspects of the operations of the NWDC/NWIPC food service program, its staffing with GEO employee and detainee workers, the importance and the benefits of detainee work to GEO, and the terms and conditions of detainee work.

14. **Sean McCreery – may testify**
30605 38th Ave S
Auburn, WA 98001

Former Food Services Supervisor at the NWDC/NWIPC from 2012-2014, Mr. McCreery may testify to all aspects of the operations of the NWDC/NWIPC food service program, its staffing with GEO employee and detainee-workers, the importance and the benefits of detainee work to GEO, and the terms and conditions of detainee work.

15. **Brian Strong – may testify**
3511 Ave. W
University Place, WA 98466

Mr. Strong may testify to his responsibilities and job duties as a former detention officer for GEO at the NWDC/NWIPC, including his supervision of detainee-workers in the VWP, VWP staffing, work performed by detainee-workers at NWDC/NWIPC, and the operation of the NWDC/NWIPC and GEO's VWP.

16. **Orlando Marquez – will testify**
445 Chukar Lane
Burbank WA 99323

Former detainee-worker at the NWDC/NWIPC, Mr. Marquez was detained at the NWDC/NWIPC, worked for GEO there as part of the VWP, and will testify to the terms and conditions of the work he and others performed for GEO at the NWDC/NWIPC, the benefit provided, and the pay received.

17. **Karla Gomez Soto – will testify**
c/o Camila Maturana
Northwest Immigrant Rights Project

PRETRIAL ORDER FOR SECOND TRIAL
Case No.3:17-cv-05806-RJB

18

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

59882467;2

1119 Pacific Ave., Suite 1400
Tacoma WA 98402

Former detainee-worker at the NWDC/NWIPC, Ms. Soto was detained at the NWDC/NWIPC, worked for GEO there as part of the VWP, and will testify to the terms and conditions of the work she and others performed for GEO at the NWDC/NWIPC, the benefit provided, and the pay received.

18. **Robbin Gard – will testify**
    WorkSource Supervisor
    Employment Security Department
    C/O Eric Peterson, Division Chief for Licensing & Administrative Law
    Washington State Attorney General's Office
    PO Box 40110
    Olympia, WA 98504

WorkSource Supervisor, Mr. Gard has knowledge of, and will testify to, labor and unemployment in the Tacoma/Pierce County region and individuals in the Tacoma/Pierce County region who were seeking jobs like those performed by detainee-workers at the NWDC/NWIPC.

19. **Daniel Sheehan – may testify**
    Daniel Sheehan Photography
    6536 3rd AVE NW
    Seattle, WA 98117

Mr. Sheehan may testify to his role in Plaintiffs' inspection of the NWDC/NWIPC and the authenticity of the photographs he took there.

20. **Alma Poletti - may testify**
    AGO Investigator/Analyst
    C/O Marsha Chien
    800 Fifth Avenue, Suite 2000
    Seattle, WA 98104

Ms. Poletti is an Investigator/Analyst with the Attorney General's Office. She may testify about the State's investigation in this matter, including documents obtained and witnesses interviewed.

PRETRIAL ORDER FOR SECOND TRIAL
Case No.3:17-cv-05806-RJB

19

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 442-4492

59882467;2

21. **Brian Evans – will testify**
Akerman LLP
1900 Sixteenth Street, Suite 950
Denver, CO 80203

Mr. Evans, CFO, will testify to the operations, finances and profits of GEO, the NWDC/NWIPC, and its VWP as well as GEO's communications and requests regarding the NWDC/NWIPC contract with ICE.

## On behalf of Private Plaintiffs:

In addition to the witnesses identified by the State, Private Plaintiffs will or may call the following witnesses at the joint proceeding:

1. **Goodluck Ugochuwu Nwauzor – will testify**
Schroeter Goldmark & Bender
810 Third Avenue, Suite 500
Seattle, WA 98104
Tel: (206) 622-8000

Mr. Nwauzor has information about his claims against GEO and damages.

2. **Jose Medina-Lara – may testify**
Schroeter Goldmark & Bender
810 Third Avenue, Suite 500
Seattle WA 98104
Tel: (206) 622-8000

Mr. Medina-Lara was a civil immigration detainee at NWDC and has information about GEO's operations and the VWP.

## On behalf of Defendant:

**Joshua Grice—will testify**
Washington State Department of Labor and Industries

PRETRIAL ORDER FOR SECOND TRIAL
Case No.3:17-cv-05806-RJB

20

59882467;2

7273 Linderson Way SW
Tumwater, WA 98501-5414

OR

Washington Attorney General's Office
800 Fifth Avenue, Ste. 2000
Seattle, WA 98104
(206) 464-5342

Mr. Grice has knowledge of, and will testify to, whether any complaints were ever made by detainees at the NWDC/NWIPC. He will also provide testimony about the State's enforcement of the MWA at the NWDC/NWIPC which is relevant to the jury's understanding of the applicable law at the time GEO entered into its most recent contract with ICE. Further, Mr. Grice may act as the speaking agent for the Washington State Department of L&I.

**Tammy Fellin—may testify**
Washington State Department of Labor and Industries
7273 Linderson Way SW
Tumwater, WA 98501-5414

OR

Washington Attorney General's Office
800 Fifth Avenue, Ste. 2000
Seattle, WA 98104
(206) 464-5342

Tammy Fellin has knowledge of, and will testify to, the State's historical enforcement and interpretation of, the MWA which is relevant to the jury's understanding of the applicable law at the time GEO entered into its most recent contract with ICE

**Lynne Buchannan—may testify**
Washington State Department of Labor and Industries

PRETRIAL ORDER FOR SECOND
TRIAL
Case No.3:17-cv-05806-RJB

21

59882467;2

7273 Linderson Way SW
Tumwater, WA 98501-5414
OR

Washington Attorney General's Office
800 Fifth Avenue, Ste. 2000
Seattle, WA 98104
(206) 464-5342

Lynne Buchannan has knowledge of, and will testify to, the State's historical enforcement and interpretation of, the MWA which is relevant to the jury's understanding of the applicable law at the time GEO entered into its most recent contract with ICE

1. **Taylor Wonhoff—may testify**
   Office of Jay Inslee
   Washington State Capitol Building
   416 Sid Snyder Avenue, Suite 200
   Olympia, WA 98504
   (360) 902-4132

Mr. Wonhoff has knowledge of work programs in state detention facilities where payment is less than minimum wage. He has knowledge of the purposes of those programs. He also will serve as the speaking agent for the Governor's office.

2. **Colleen Melody—may testify**
   Washington Attorney General's Office
   800 Fifth Avenue, Ste. 2000
   Seattle Washington 98104
   (206) 464-5342

Ms. Melody is a speaking agent of the Washington Attorney General's Office and will be called upon to testify about various documents produced in discovery.

3. **David Johnson—may testify**

PRETRIAL ORDER FOR SECOND TRIAL
Case No.3:17-cv-05806-RJB

22

59882467;2

Washington State Department of Labor and Industries
7273 Linderson Way SW
Tumwater, WA 98501-5414

OR

Washington Attorney General's Office
800 Fifth Avenue, Ste. 2000
Seattle, WA 98104
(206) 464-5342

Mr. Johnson has knowledge of the Department of L&I's application of the MWA to detainees at the NWDC/NWIPC. He also is the author of a number of emails that GEO seeks to introduce into evidence.

4. **Bruce Scott—will testify**

Akerman LLP
1900 Sixteenth Street, Suite 950
Denver, CO

Mr. Scott has knowledge of the NWDC/NWIPC facility, the tasks performed by detainees participating in the VWP, and the operations of the facility.

5. **Erwin Delacruz—will testify**

Akerman LLP
1900 16th Street
Denver, CO 80203

Mr. Delacruz has knowledge of the NWDC/NWIPC facility and the tasks performed by detainees participating in kitchen-related VWP assignments.

PRETRIAL ORDER FOR SECOND
TRIAL
Case No.3:17-cv-05806-RJB

23

59882467;2

6. **David Tracy—will testify**

Akerman LLP
1900 16th Street
Denver, CO 80203

Mr. Tracy has knowledge of the NWDC/NWIPC facility, the tasks performed by detainees participating in the VWP, and the operations of the facility.

7. **Goodluck Ugochuwu Nwauzor – may testify**
Schroeter Goldmark & Bender
810 Third Avenue, Suite 500
Seattle, WA 98104
Tel: (206) 622-8000

Mr. Nwauzor has knowledge about the types of tasks performed by detainees participating in the VWP at the NWDC/NWIPC and his own personal experiences.

8. **Fernando Aguirre-Urbina – may testify**
Schroeter Goldmark & Bender
810 Third Avenue, Suite 500
Seattle, WA 98104
Tel: (206) 622-8000

Mr. Aguirre-Urbina knowledge about the types of tasks performed by detainees participating in the VWP at the NWDC/NWIPC and his own personal experiences.

9. **Michael Heye – will testify**

Akerman LLP
1900 16th Street
Denver, CO 80203

Mr. Heye has information about the tasks completed by detainees participating in the VWP at the NWIPC and the operations at the NWDC/NWIPC.

PRETRIAL ORDER FOR SECOND
TRIAL
Case No.3:17-cv-05806-RJB

24

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 442-4492

59882467;2

10. **Leroy Jaramillo – may testify**
521 W. Pine Street
Shelton, WA 98584

Mr. Jaramillo has information about the tasks completed by detainees participating in the VWP at the NWDC/NWIPC and the operations at the NWDC/NWIPC.

11. **Dan Ragsdale – will testify**
Akerman LLP
1900 16th Street
Denver, CO 80203

Mr. Ragsdale has information about the NWDC/NWIPC's contracts and operations.

12. **Iolani Menza – will testify**
Akerman LLP
1900 16th Street
Denver, CO 80203

Mr. Menza will testify to his responsibilities and job duties as a detention officer for NWDC/NWIPC, including his experience working in the laundry facility.

13. **Charles Hill – may testify**
Akerman LLP
1900 16th Street
Denver, CO 80203

Mr. Hill has information about the NWDC/NWIPC's finances and accounting.

12. **Amber Martin – may testify**

Akerman LLP
1900 16th Street
Denver, CO 80203

Ms. Martin has information about the NWDC/NWIPC's contracts and operations.

PRETRIAL ORDER FOR SECOND TRIAL
Case No.3:17-cv-05806-RJB

25

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 442-4492

59882467;2

**13. David Venturella—may testify**

> Akerman LLP
> 1900 16th Street
> Denver, CO 80203

Mr. Venturella has information about the NWDC/NWIPC's contracts and operations.

**14. James Black—may testify**

> Akerman LLP
> 1900 16th Street
> Denver, CO 80203

Mr. Black has information about the NWDC/NWIPC's contracts and operations.

**15. Ryan Kimble—may testify**

> Akerman LLP
> 1900 16th Street
> Denver, CO 80203

Mr. Kimble has information about the NWDC/NWIPC's operations, finances, and transactions with ICE.

**16. Brian Evans – may testify**

> Akerman LLP
> 1900 16th Street
> Denver, CO 80203

Mr. Evans has information about the NWDC/NWIPC's finances and accounting.

**17. George Zoley—may testify**

> Akerman LLP
> 1900 Sixteenth Street, Suite 950
> Denver, CO

PRETRIAL ORDER FOR SECOND TRIAL
Case No.3:17-cv-05806-RJB

26

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 442-4492

59882467;2

Mr. Zoley has knowledge about the GEO-ICE contract for the NWDC/NWIPC and its provisions related to the VWP. Mr. Zoley also has knowledge of bidding, contract development, and pricing.

**18. Tae Johnson—may testify**

c/o Government Information Law Division
Office of the Principal Legal Advisor
U.S. Immigration and Customs Enforcement

Mr. Johnson has information about the operation of the NWIPC, the purpose of the VWP, and ICE's expectations for the VWP. Mr. Johnson also has knowledge about whether the program was intended  and whether ICE intended for detainees who participate in the VWP to be GEO employees under the WMWA.

## VII. REASONABLY ANTICIPATED REBUTTAL WITNESSES

Plaintiffs reserve the right to call all of the witnesses listed by the parties above or any other witness as rebuttal witnesses.

GEO reserves the right to call all of the witnesses listed by the parties above as well as the right to call George Zoley, Tae Johnson, as rebuttal witnesses.

## VIII.   EXHIBITS

The parties will meet and confer based on the recent Rule 50(b) order and propose a new streamlined joint exhibit list by September 24, 2021.

## IX.    DEPOSITION DESIGNATIONS

GEO, Washington, and Private Plaintiffs may use portions of deposition transcripts at the joint proceeding or in the separate proceedings.  The parties have exchanged deposition designations pursuant to Local Rule 32(e). Video depositions are available upon request for certain depositions. GEO's deposition designations explicitly include the video depositions of Plaintiffs Nwuauzor and Agurrie-Urbina. Service of trial subpoenas is in process. The parties

PRETRIAL ORDER FOR SECOND TRIAL
Case No.3:17-cv-05806-RJB

27

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 442-4492

59882467;2

reserve the right to supplement their deposition designations in the event that service of trial subpoenas cannot be achieved.

## X. ACTION BY THE COURT

(a) The trial had been continued indefinitely due to concerns about the spread of COVID-19, then was tried via Zoom (resulting in a mistrial), and is set for trial on October 12, 2021. The outline of trial remains the same. The first phase of the trial will consider GEO's liability as to the State and Private Plaintiffs' minimum wage claim. If the State and Private Plaintiffs prevail, the second phase will consider the backpay and attorneys' fees owed to Private Plaintiffs and the Certified Class, using the same jury as the first phase. In addition, GEO will present its unjust enrichment claim. After the second phase, if any, a third phase of trial, to be presented before the bench, will consider the State's unjust enrichment claim. The evidence introduced in the first phase of trial will also be admitted for purposes of the second and third phases of trial.

(b)     Each plaintiff may present its own opening statement to the jury, its own closing, and cross-examination and direct examinations.

(c)     Plaintiffs request an order giving effect to the Court's Rule 50(b) order, dismissing GEO's intergovernmental immunity defense. **Washington and Private Class Action position**: Plaintiffs request the Court's Instructions to the Jury, ECF No. 492, be revised for retrial to reflect the dismissal of GEO's intergovernmental immunity affirmative defense by removing: Instruction No. 17 at page 19, Supplemental Instruction No. 1 at page 23, and the second question on the verdict form at page 25. The Court's Case Introduction to All Jurors will similarly require updates on counsel for GEO and removal of references to GEO's intergovernmental immunity defense. **GEO's position:** GEO has briefed this issue in its pending motion for an interlocutory appeal and restates that the issue should be reviewed by the Ninth Circuit before the defense is eliminated at a retrial.

PRETRIAL ORDER FOR SECOND
TRIAL
Case No.3:17-cv-05806-RJB

28

59882467;2

(d)     The case will proceed from phase to phase without substantial breaks between phases.

(e)     The court will do its best to secure completed case-specific prior questionnaires for voir dire.

(f)     All depositions taken in the cases are hereby ordered opened and published and available for use at the trial.

(g)     The preliminary jury instructions will include the Agreed Facts set forth int his Order, and copies will be given to each juror.

(h)     The two Plaintiffs – the Class and the State – are distinct and have some common and some individual issues.  Each will be treated separately throughout the trial, except as otherwise stated herein.

(i)     Changes to jury instructions from the first trial to reflect the Court's rulings will be dealt with when we get to preparing final jury instructions.  If a separate order to "give effect" to the Court's Order on Motions for Judgment as a Matter of Law (C17-5806RJB, Dkt. 531 & C17-5769RJB, Dkt. 419) is necessary, counsel should submit a proposed order forthwith.

(j)     If Plaintiffs prevail on the first issues presented to the jury, the Court will proceed directly to the second and third phases.  Hopefully the length of the first phase will be predictable, and, further, brief recesses may be considered, depending on the circumstances then existing.

(k)     Juror questionnaire matters are being separately dealt with.

PRETRIAL ORDER FOR SECOND TRIAL
Case No.3:17-cv-05806-RJB

29

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 442-4492

59882467;2

(l)    Juror selection will be on the Zoom platform.  Trial will be conducted in person. Courtroom social distancing will be observed, and masks will be worn in the courtroom at all times except when counsel or a witness – or the Court – is speaking.  We will select a jury of eight persons.

(m)    Counsel should advise opposing counsel as far in advance as possible of their planned order of proof, and at the end of each trial day, on request, they should advise opposing counsel of their planned order of proof for the next day.

(n)    The duration of the first phase of the trial will be limited as follows:  the clock will be running against a party when that party's counsel is conducting witness examination, including deposition testimony, or arguing issues to the Court.  Non-speaking objections (objections with grounds stated but no argument) do not count against a party.  Each side (here, Plaintiffs must join in the time allocation) will be allowed 25 hours for presentation of evidence and cross examination.

Counsel for each party will be allowed 45 minutes to supplement the Court's voir dire, subject to the limitations found in the Court's "Voir Dire – Purpose" document (attached).

There will be no time limit on opening statements.  The Court will consider time limits on closing arguments after conclusion of the evidence.

The Clerk will be the timekeeper.

(o)    This Order shall control the subsequent course of the action unless modified by a subsequent order. This Order shall not be amended except by order of the court pursuant to the agreement of the parities or to prevent manifest injustice.

PRETRIAL ORDER FOR SECOND TRIAL
Case No.3:17-cv-05806-RJB

30

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 442-4492

59882467;2

DATED this 5th day of October, 2021.

ROBERT J. BRYAN
United States District Judge

PRETRIAL ORDER FOR SECOND
TRIAL
Case No.3:17-cv-05806-RJB

31

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 442-4492

59882467;2