UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UGOCHUKWU GOODLUCK NWAUZOR, individually and on behalf of all those similarly situated, and FERNANDO AGUIRRE-URBINA, individually,<br><br>Plaintiffs,<br><br>v.<br><br>THE GEO GROUP, INC., a Florida corporation,<br><br>Defendant. | C17-5769 RJB<br><br>COURT'S ADDITIONAL JURY INSTRUCTIONS FOR PHASE 2 |

Dated this 28 day of October, 2021.

Robert J. Bryan
United States District Judge

COURT'S ADDITIONAL JURY INSTRUCTIONS FOR PHASE 2

INSTRUCTON NO. 1

This is a class action, and it was filed on September 26, 2017. The class consists of ~~approximately 10,184~~ detainees who worked in the Voluntary Work Program at the Northwest ICE Processing Center between September 26, 2014 and the present. The term "plaintiffs" in these instructions refers to this group of persons. The term "class period" in these instructions refers to the time period during which back-pay damages are sought by plaintiffs. The "class period" in this case is from September 26, 2014 to the present.

COURT'S ADDITIONAL JURY INSTRUCTIONS FOR PHASE 2

INSTRUCTON NO. 2

You have heard testimony from Jeffrey Munson, Ph.D., who testified to opinions and the reasons for his opinions. This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

INSTRUCTON NO. 3

Certain charts and summaries have been admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

COURT'S ADDITIONAL JURY INSTRUCTIONS FOR PHASE 2

INSTRUCTON NO. 4

It is the duty of the Court to instruct you about the measure of damages.

You must determine the private plaintiff's total damages. The total damages would be payment of the Washington minimum wage for all work by the detainees who participated in the Voluntary Work Program since September 26, 2014. The private plaintiffs have the burden of proving damages by a preponderance of the evidence. In calculating the damages, you should consider that the State of Washington minimum wage during the applicable period was:

In 2014, the State minimum wage was $9.32 per hour.

In 2015, the State minimum wage was $9.47 per hour.

In 2016, the State minimum wage was $9.47 per hour.

In 2017, the State minimum wage was $11.00 per hour.

In 2018, the State minimum wage was $11.50 per hour.

In 2019, the State minimum wage was $12.00 per hour.

In 2020, the State minimum wage was $13.50 per hour.

In 2021, the State minimum wage is $13.69 per hour.

It is for you to determine what damages have been proved.

In calculating the damages, you should deduct the $1.00 per day that was paid to the detainees who participated in the voluntary work program.

In determining the amount of damages, you may not include or add to the damages any sum for the purpose of punishing GEO.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

COURT'S ADDITIONAL JURY INSTRUCTIONS FOR PHASE 2

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT TACOMA

| | |
|---|---|
| UGOCHUKWU GOODLUCK NWAUZOR, individually and on behalf of all those similarly situated, and FERNANDO AGUIRRE-URBINA, individually,<br><br>     Plaintiffs,<br><br> v.<br><br>THE GEO GROUP, INC., a Florida corporation,<br><br>     Defendant. | C17-5769 RJB<br><br>ADDITIONAL JURY INSTRUCTION |

Dated this 28th day of October, 2021.

*Robert J. Bryan*
Robert J. Bryan
United States District Judge

COURT'S ADDITIONAL JURY INSTRUCTIONS FOR PHASE 2

INSTRUCTON NO. 5

Washington law requires a ten-minute paid break for every four hours of work. All other breaks are unpaid if the worker is completely relieved from duty.

COURT'S ADDITIONAL JURY INSTRUCTIONS FOR PHASE 2