The Honorable Robert J. Bryan

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| UGOCHUKWU GOODLUCK NWAUZOR, FERNANDO AGUIRRE-URBINA, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE GEO GROUP, INC., a Florida corporation,<br><br>Defendant. | Case No.: 3:17-cv-05769-RJB<br><br>**THE GEO GROUP, INC.'S MOTION FOR REMITTITUR**<br><br>NOTE ON MOTION CALENDAR:<br>Date: November 26, 2021 |

Pursuant to Fed. R. Civ. P. 59(e), Defendant The GEO Group, Inc. ("GEO") respectfully moves that the Court grant a new trial on damages unless Plaintiffs agree to reduction of the award to no more than $13,646,928.32.

## I. BACKGROUND

On October 27, 2021, the jury returned a verdict finding for Plaintiffs regarding GEO's liability under the Washington Minimum Wage Act. Dkt. 508. Only two days later, on October 29, 2021, the jury returned a verdict finding the class Plaintiffs' damages to be $17,287,063.05. Dkt. 519. On November 2, 2021, the Court entered judgment in favor of the class Plaintiffs and against GEO in the amount determined by the jury. Dkt. 522.

DEFENDANT THE GEO GROUP, INC.'S MOTION FOR REMITTITUR
(3:17-CV-05769-RJB)
PAGE 1

AKERMAN LLP
1900 Sixteenth Street, Suite 950
Denver, Colorado 80202
Telephone: 303-260-7712

60747660;3

## II.    ARGUMENT

It is a fundamental judicial responsibility to ensure that jury verdicts do not cause a miscarriage of justice. *Murphy v. City of Long Beach*, 914 F.2d 183, 187 (9th Cir. 1990). Accordingly, a court must not enforce an excessive damages verdict that is "clearly not supported by the evidence," *In re First All. Mortg. Co.*, 471 F.3d 977, 1001 (9th Cir. 2006)–i.e., "outside the range of substantial evidence in the record," *Coogan v. Borg-Warner Morse Tec Inc.*, 197 Wash. 2d 790, 811, 490 P.3d 200 (2021); *Lee v. DWP Gen. Contracting, Inc.*, 13 Wash. App. 2d 1104, 2020 WL 3248290 (June 16, 2020) (unpublished)—or that is "based only on speculation or guesswork," *First All. Mortg.*, 471 F.3d at 1001; *accord McNabb v. Metro. Prop. & Cas. Ins. Co.*, 9 Wash. App. 2d 1002, 2019 WL 2285482, at *1 (May 28, 2019) (unpublished) ("And although mathematical exactness is not required to calculate damages, the plaintiff must prove damages with reasonable certainty to avoid speculation."). In this case, the jury was charged with determining the difference between (A) what the class of detainee participants in the Voluntary Work Program would have been paid under the Washington Minimum Wage Act from September 2014 to the date of judgment, and (B) what they actually were paid. *See* Trial Tr., Oct. 28, 2021, 73:5–8; *see also id.* at 8:8–12. The calculation required the jury to determine the approximate number of detainees who participated in the program, the time period they participated in the program, and the applicable wage rate to apply to the hours worked for each year. To aid the jury in their task, the parties each presented their own calculations and evidence. Despite the fact that Plaintiffs' counsel himself conceded that the math involved in calculating the damages in this case was simply "too long for the pencil and paper method" of calculating damages, the jury did not adopt either of the proposed damages calculations. Trial Tr., Oct. 28, 2021, at pg. 9, 23-24. Instead, they speculated as to what the calculations could be and attempted to recreate the math themselves—something they conceded was hard to do without mathematical software. *See* Jury Question 3 and Trial Tr. Oct. 29, 2021. As a result, the damages verdict delivered could only be based on speculation or guesswork, not substantial evidence.

DEFENDANT THE GEO GROUP, INC.'S MOTION
FOR REMITTITUR
(3:17-CV-05769-RJB)
PAGE 2

AKERMAN LLP
1900 Sixteenth Street, Suite 950
Denver, Colorado 80202
Telephone: 303-260-7712

60747660;3

1    The only potentially relevant evidence supporting Plaintiffs' case consists almost entirely
2    of the testimony of their purported expert Jeffrey Munson.[1] Most of that testimony was based on
3    data from the electronic banking system that GEO uses to track detainee finances (the "Keefe
4    banking data"). Munson testified that his analysis of the Keefe banking data for September 2014
5    through March 31, 2021, led him to conclude that damages during that period totaled
6    $12,847,470.40. *Id.* at 34:3–5, 24–25. Munson added, however, that three months of the period
7    from September 2014 through March 2021 lacked Keefe banking data. *Id.* at 36:21–22. For this
8    three-month period, Munson used GEO invoices and Keefe banking data from other months to
9    estimate that the damages equaled $467,742.34. *Id.* at 36:21–38:3. Thus, according to Munson, the
10   full measure of damages to the Plaintiffs between September 2014 and March 31, 2021, was
11   $13,315,212.74. Supporting exhibits presented by the Plaintiffs provided the same figure.[2]

12   Plaintiffs next offered evidence on which to base damages for the period between April 1,
13   2021, and the day of testimony, a period for which Keefe banking data was unavailable. To start,
14   Munson testified there were roughly seven months (211 days) between April 1 and the day of
15   testimony—and that the damages for the month immediately preceding this period (March 2021)
16   amounted to $47,387.94. *Id.* at 40:2–21. Then, Plaintiffs called Michael Heye to testify that work
17   assignments available to detainee workers had not changed between March 2021 and the day of
18   testimony. *Id.* at 49:8–14. In closing argument, Plaintiffs' counsel argued that the damages for

---

[1] For the reasons stated in GEO's motion to exclude Munson's testimony, Dkt. 217 (Jan. 2, 2020), that testimony is not reliable.

[2] Exhibit 617 is a chart recording, in its first columns, what Munson deemed to be the total number of inmates who had worked in various locations at the NWIPC, and for how long. The next columns record Munson's figures for the total shift-hours in each location and for the amount remaining to be paid to reach payment for total shift hours at the minimum-wage rate in each location. Ultimately, Exhibit 617 provides a grand total of alleged damages matching what Munson concluded to be the damages for September 2014 through March 31, 2021: $12,847,470.40.

This figure appears again in Exhibit 618, which also records the $467,742.34 figure that Munson deemed to be the damages for the three months lacking Keefe system data. Finally, Exhibit 618 presents Munson's estimate for damages in March 2021 alone, which Plaintiffs used to project damages for April-October 2021. *Id.* at 40:2–21.

DEFENDANT THE GEO GROUP, INC.'S MOTION FOR REMITTITUR
(3:17-CV-05769-RJB)
PAGE 3

AKERMAN LLP
1900 Sixteenth Street, Suite 950
Denver, Colorado 80202
Telephone: 303-260-7712

60747660;3

1   March 2021 could be multiplied by seven to account for damages during the roughly seven months
2   between March and the day of testimony. *Id.* at 78:20–78:6. The product of that proposed
3   calculation is $331,715.58.

4   Even assuming that Dr. Munson's calculations were not based upon speculation or
5   guesswork, taking into account all of the damages alleged by Plaintiffs—$12,847,470.40,
6   $467,742.34, and $331,715.58—the maximum award that this evidence might support is a matter
7   of mathematics: $13,646,928.32. Thus, no verdict beyond that can be supported by *any* evidence.
8   Rather, it is purely speculation.

9   To be clear, GEO maintains that Dr. Munson's calculations are an *improper* measurement
10  of damages: as GEO established through examination of Munson and Heye, there are significant
11  flaws in Plaintiffs' analysis, particularly in its overestimation of shift length. *See, e.g.*, *id.* at 44:9–
12  46:10 (Munson testifying that he did not independently analyze shift lengths, but simply used
13  figures that were provided to him). Indeed, as shown in Exhibit A-358, the proper damages award
14  (assuming GEO is liable under the WMWA, which it is not) is much lower than Plaintiffs argued,
15  equaling only $7,351,308.78. Still, there is at least *some* foundation—Munson's testimony—for
16  the conclusion that damages should total just over $13.6 million. By contrast, there is *no* credible
17  evidence to go beyond that amount to a damages award that would thereby necessarily fall outside
18  the range of substantial evidence in the record.

19  This Court has previously considered a damages award exceeding the amount urged by the
20  awardee's witness and by that same party's attorney in closing argument. That was precisely the
21  situation in *Weyerhaeuser Co. v. Accurate Recycling Corp.*, 247 F.R.D. 636, 637–38 (W.D. Wash.
22  2008), where the Court remitted a damages award exceeding the evidence by $26,000. Like
23  *Weyerhaeuser*, this case's record does not justify departing from Plaintiffs' evidence and even
24  from their argument—but the departure here dwarfs that in *Weyerhaeuser*. The damages award
25  here exceeded the furthest potential limit of the evidence by almost *$4 million dollars*. That is a
26  full quintile above the maximum supportable award, which itself well more than doubles the best
27  estimate of damages. Nothing but speculation or guesswork could explain the jury's massive

DEFENDANT THE GEO GROUP, INC.'S MOTION
FOR REMITTITUR
(3:17-CV-05769-RJB)
PAGE 4

AKERMAN LLP
1900 Sixteenth Street, Suite 950
Denver, Colorado 80202
Telephone: 303-260-7712

60747660;3

1  upward departure, not only from the $7.3 million award that the evidence best supports, but even

2  far beyond the figure that Plaintiffs requested. Courts do not go hunting for evidence that might

3  conceivably support a jury's guesswork, *see McNabb*, 2019 WL 2285482, at *7; rather, speculation

4  is simply not enforced. *E.g.*, *id.*; *In re First All. Mortg. Co.*, 471 F.3d at 1001; *Coogan*, 197 Wash.

5  2d at 811.

## III.   CONCLUSION

In sum, the Court should grant a new trial or reduce the jury's award to Plaintiffs to no more than $13,646,928.32.

Respectfully submitted, this 11th day of November, 2021.

**AKERMAN LLP**

By: *s/ Adrienne Scheffey*
Adrienne Scheffey (Admitted *pro hac vice*)
1900 Sixteenth Street, Suite 950
Denver, Colorado 80202
Telephone: (303) 260-7712
Facsimile: (303) 260-7714
Email: adrienne.scheffey@akerman.com

By: *s/ Jacqueline M. Arango*
Jacqueline M. Arango (Admitted *Pro Hac Vice*)
98 Southeast Seventh Street, Suite 1100
Miami, Florida 33131
Telephone: (305) 374-5600
Facsimile: (305) 374-5095
Email: jacqueline.arango@akerman.com

**FOX ROTHSCHILD LLP**

By: *s/ Al Roundtree*
Al Roundtree, #54851
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154
Telephone: (206) 624-3600
Facsimile: (206) 389-1708
Email: aroundtree@foxrothschild.com

DEFENDANT THE GEO GROUP, INC.'S MOTION FOR REMITTITUR
(3:17-CV-05769-RJB)
PAGE 5

AKERMAN LLP
1900 Sixteenth Street, Suite 950
Denver, Colorado 80202
Telephone: 303-260-7712

60747660;3

**THE GEO GROUP, INC.**

By: *s/ Wayne H. Calabrese*
Wayne H. Calabrese (Admitted *Pro Hac Vice*)
Joseph Negron Jr. (Admitted *Pro Hac Vice*)
4955 Technology Way
Boca Raton, Florida 33431
Telephone:  (561) 999-7344
Telephone:  (561) 999-7535
Email: wcalabrese@geogroup.com
Email: jnegron@geogroup.com

*Attorneys for Defendant The GEO Group, Inc.*

DEFENDANT THE GEO GROUP, INC.'S MOTION
FOR REMITTITUR
(3:17-CV-05769-RJB)
PAGE 6

60747660;3

AKERMAN LLP
1900 Sixteenth Street, Suite 950
Denver, Colorado 80202
Telephone: 303-260-7712

## PROOF OF SERVICE

I hereby certify on the 11th day of November, 2021, pursuant to Federal Rule of Civil Procedure 5(b), I electronically filed and served the foregoing **THE GEO GROUP, INC.'S MOTION FOR REMITTITUR** via the Court's CM/ECF system on the following:

**SCHROETER GOLDMARK & BENDER**
Adam J. Berger, WSBA #20714
Lindsay L. Halm, WSBA #37141
Jamal N. Whitehead, WSBA #39818
Rebecca J. Roe, WSBA #7560
401 Union Street, Suite 3400
Seattle, Washington 98101
Telephone: (206) 622-8000
Facsimile: (206) 682-2305
Email: hberger@sgb-law.com
Email: halm@sgb-law.com
Email: whitehead@sgb-law.com
Email: roe@sgb-law.com

**THE LAW OFFICE OF R. ANDREW FREE**
Andrew Free (Admitted *Pro Hac Vice*)
P.O. Box 90568
Nashville, Tennessee 37209
Telephone: (844) 321-3221
Facsimile: (615) 829-8959
Email: andrew@immigrantcivilrights.com

**OPEN SKY LAW PLLC**
Devin T. Theriot-Orr, WSBA #33995
20415 72nd Avenue S, Suite 100
Kent, Washington 98032
Telephone: (206) 962-5052
Facsimile: (206) 681-9663
Email: devin@opensky.law

**MENTER IMMIGRATION LAW, PLLC**
Meena Menter, WSBA #31870
8201 164th Avenue NE, Suite 200
Redmond, Washington 98052
Telephone: (206) 419-7332
Email: meena@meenamenter.com

*Attorneys for Plaintiffs Ugochukwu Nwauzor, et al.*

                              *s/ Nick Mangels*
                              Nick Mangels

PROOF OF SERVICE
(3:17-CV-05769-RJB)
PAGE 7

AKERMAN LLP
1900 Sixteenth Street, Suite 950
Denver, Colorado 80202
Telephone: 303-260-7712

60747660;3