UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UGOCHUKWU GOODLUCK NWAUZOR individually and on behalf of those similarly situated, and FERNANDO AGUIRRE-URBINA, individually,<br><br>Plaintiffs,<br><br>v.<br><br>THE GEO GROUP, INC., a Florida corporation,<br><br>Defendant. | CASE NO. C17-5769RJB<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR PRE-JUDGMENT AND POST-JUDGMENT INTEREST |

THIS MATTER comes before the Court on Plaintiffs' Motion for Pre-Judgment and Post-Judgment Interest. Dkt. 525. The Court has considered the pleadings filed regarding the motion, evidence heard during the trial, and the remaining record. No party has requested oral argument pursuant to Local Rule W.D. Wash. 7(b)(4).

On October 29, 2021, the jury awarded Plaintiffs back damages under the Washington Minimum Wage Act ("MWA"). Dkt. 519. The verdict form was a single sentence: "[w]e, the jury, find the class Plaintiffs damages to be: $17,297,063.05." *Id.* Plaintiffs now move for an award of (1) pre-judgment interest to be added to the back wages owed, and (2) post-judgment interest pursuant to 28 U.S.C. § 1961(a). *Id.* The Defendant, GEO Group, Inc. ("GEO") does not oppose the motion for an award of post-judgment interest. Dkt. 533. Further analysis on that

ORDER GRANTING PLAINTIFFS' MOTION FOR PRE-JUDGMENT AND POST-JUDGMENT INTEREST - 1

issue is unnecessary and the Plaintiffs' motion for post-judgment interest (Dkt. 525) should be granted.  GEO opposes an award of pre-judgment interest, arguing that the damages awarded in this case were not for a liquidated claim.  Dkt. 533.  It maintains that under Washington law no pre-judgment award is warranted.  *Id*.  For the reasons provided below, the Plaintiffs' motion for an award of pre-judgment interest should be granted.

## DISCUSSION

State law applies to a Plaintiff's claim for prejudgment interest for claims brought under state law, as is the case here.  *In re Exxon Valdez*, 484 F.3d 1098, 1101 (9th Cir. 2007).  The MWA does not explicitly provide for an award of prejudgment interest.

In Washington, in the absence of an express statutory provision, the availability of prejudgment interest depends on whether the claim is liquidated.  *Hill v. Garda CL Nw., Inc.*, 191 Wn.2d 553, 573–74 (2018).  "A claim is liquidated for purposes of triggering prejudgment interest where the evidence furnishes data which, if believed, makes it possible to compute the amount with exactness, without reliance on opinion or discretion."  *Hill*, at 573-74 (*internal quotation marks and citations omitted*).  "A claim is unliquidated, for instance, if the amount must be arrived at by a determination of reasonableness."  *McConnell v. Mothers Work, Inc.*, 131 Wn. App. 525, 536 (2006).  The first issue to be considered is whether the Plaintiffs' claim is liquidated.

The evidence at trial permitted the jury to compute the amount of Plaintiffs' damages "with exactness, without reliance on opinion or discretion."  *Hill*, at 573-74.  The evidence showed that GEO recorded the days each detainee worked and provided the minimum wage in Washington for the relevant years.  That there is not a precise record of the hours worked is a result of GEO's failure to comply with the MWA, despite GEO's agreement in the contract with

the federal government to follow state labor laws. (The MWA requires employers to keep time records on the number of hours employees work. *See* RCW 49.46.070.) In any event, there was evidence in the record about the number of unpaid hours worked. Even though the number of hours worked was disputed, the necessary information to make that decision was set out in the record. In Instruction No. 4, which is attached to this opinion, the jury was instructed that the class had the burden of proving damages and it was charged that its "award must be based upon the evidence and not upon speculation, guesswork or conjecture." Dkt. 520, at 5. Once the jury made the factual finding of the number of hours worked, the amount owed was computed with precision: the number of hours worked x the applicable minimum wage – the $1/day already paid to the detainees = $17,297,063.05.

The jury did not need to make a "reasonableness" finding; it did not award damages based on what GEO reasonably should have paid the detainee workers. It was not asked to decide a claim in equity, like unjust enrichment, as the Court was asked to do in Phase III of the trial. Accordingly, the undersigned's findings and conclusions on the State's unjust enrichment claim in Phase III are limited to that claim.

GEO points to *Washington State Nurses Association v. Community Health Systems, Inc.*, 196 Wash.2d 409 (2020) to support its assertion that the Plaintiffs are not entitled to pre-judgment interest. In *Washington State Nurses Association* ("*WSNA*"), the Washington Supreme Court's held that a nurses' labor union did not have associational standing to bring a claim for damages for its members. *Id.* The Court there found that testimony from some of the nurses as to the hours they worked and breaks they missed combined with expert testimony was not sufficiently certain, easily ascertainable, or within the knowledge of the employer such that speculation by the trier of fact was necessary. *Id.* It found that allowing the nurses' union

associational standing was an error. *Id.* The Court noted that the requirements for associational standing must be strict – associational standing to bring claims for damages in Washington comes without the procedural and substantive protections provided for class action litigants. *Id.*

GEO fails to demonstrate that *WSNA* governs the result here. The *WSNA* Court did not address pre-judgment interest under the MWA. It did not address whether a class, who by its nature, would rely on representative class members and expert testimony to establish damages, could receive pre-judgment interest. *WSNA* does not apply. GEO also points to *Rekhter v. State, Dep't of Soc. & Health Servs.,* 180 Wn.2d 102, 125 (2014). *Rekhter,* a breach of contract case, is equally unhelpful.

There is no showing that the Plaintiffs waived their right to seek prejudgment interest. The Plaintiffs requested a special verdict form and took exception to the Court's use of the general form. The Plaintiffs' lawyers' statements to the press do not change the analysis. The Plaintiffs' MWA damages claims are liquidated. They are entitled to an award of pre-judgment interest.

The next issue to be considered is the amount of pre-judgment interest to be awarded.

In Washington, if an MWA claim is liquidated, the prejudgment interest is determined as provided in RCW 19.52.020(1). *Stevens v. Brink's Home Sec., Inc.*, 162 Wn.2d 42, 51 (2007). Under RCW 19.52.020(1), pre-judgment interest is either 12% per annum or "four percentage points above the equivalent coupon issue yield (as published by the Board of Governors of the Federal Reserve System) of the average bill rate for twenty-six week treasury bills . . ." Pre-judgment interest on an MWA claim is assessed at 12%. *Stevens,* at 51 (holding that trial court did not err in awarding 12% per year in pre-judgment interest on MWA claim). The Plaintiffs'

expert Dr. Jeffrey Munson's opinion, using 12% and computing the amount of pre-judgment, interest is credible.

Accordingly, the Plaintiffs' motion for an award of pre-judgment interest in the amount of $8,087,663.57 (Dkt. 525) should be granted.

### ORDER

**IT IS ORDERED:**

- The Plaintiffs' Motion for Pre-Judgement and Post-Judgment Interest (Dkt. 525) **IS GRANTED**; The Plaintiffs are awarded:
    - Pre-judgment interest in the amount of $8,087,663.57, a supplemental judgment should be entered in that amount; and
    - Post-judgment interest dating from November 2, 2021 until the judgment is satisfied, pursuant to 28 U.S.C. § 1961, at the statutory rate of 0.14%.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 8th day of December, 2021.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge