UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UGOCHUKWU GOODLUCK NWAUZOR individually and on behalf of those similarly situated, and FERNANDO AGUIRRE-URBINA, individually,<br><br>Plaintiffs,<br><br>v.<br><br>THE GEO GROUP, INC., a Florida corporation,<br><br>Defendant. | CASE NO. 3:17-cv-05769-RJB<br><br>ORDER ON PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS |

THIS MATTER comes before the Court on the Plaintiffs' Motion for Attorneys' Fees and Costs. Dkt. 537. The Court has considered all documents filed regarding the motion and is fully advised. Neither party has requested oral argument pursuant to Local Rule W.D. Wash. 7(b)(4).

On October 29, 2021, the jury awarded Plaintiffs in this class action damages of $17,297,063.05 in back wages under the Washington Minimum Wage Act ("MWA"). Dkt. 519. This was the second trial, the first having ended in a hung jury and mistrial. Plaintiffs now move for an award of attorneys' fees and costs pursuant to RCW 49.46.090, RCW 49.48.030, and Fed. R. Civ. P. 54(d)(2). Dkt. 537. For the reasons provided below, their motion (Dkt. 537) should

be granted, in part, and denied, in part. The Plaintiffs should be awarded $1,418,671.43 in attorneys' fees and $177,849.44 in costs.

## DISCUSSION

As the prevailing parties, the Plaintiffs are entitled to recover reasonable attorneys' fees and costs in this case. The MWA provides that "[a]ny employer who pays any employee less than the amounts to which such employee is entitled under or by virtue of this chapter, shall be liable … for costs and such reasonable attorney's fees as may be allowed by the court." RCW 49.46.090(1). Washington law also permits recovery of attorneys' fees when plaintiffs are successful in recovering a judgment for back wages as is the case here. RCW 49.48.030 provides, "[i]n any action in which any person is successful in recovering judgment for wages or salary owed to him or her, reasonable attorney's fees, in an amount to be determined by the court, shall be assessed against said employer or former employer."

GEO does not dispute that the Plaintiffs are entitled to an award of attorneys' fees and costs; it asserts that the Plaintiffs' requested amounts are unreasonable.

### A. REASONABLE ATTORNEYS' FEE STANDARD

In determining what attorney's fee is reasonable in a particular case, the court arrives at the "lodestar amount," that is, multiplying the number of hours reasonably expended by a reasonable hourly rate. *Jordan v. Multnomah County*, 799 F.2d 1262, 1265 (9th Cir. 1986) (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "While in most cases the lodestar figure is presumptively reasonable, in rare cases, a district court may make upward or downward adjustments to the presumptively reasonable lodestar on the basis of those factors set out in *Kerr v. Screen Extras Guild, Inc.*, 526, F.2d 67, 69–70 (9th Cir.1975), that have not been subsumed in the lodestar calculation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 982 (9th Cir. 2008)

(*internal and quotations citations omitted*).

Under *Kerr,* the court considers the following factors: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir.1975), *cert. denied*, 425 U.S. 951 (1976). These considerations are consistent with Washington Rules of Professional Conduct 1.5.

The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked. *Gates v. Gomez*, 60 F.3d 525, 534-35 (9th Cir. 1995)." *Id.* The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits. *Id*.

**B. LODESTAR**

In determining hourly rates, the Court must look to the "prevailing market rates in the relevant community." *Bell v. Clackamas County,* 341 F.3d 858, 868 (9th Cir. 2003). The rates of comparable attorneys in the forum district are usually used. *See Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992). In making its calculation, the Court should consider the experience, skill, and reputation of the attorneys requesting fees. *Schwarz v. Sec'y of Health &*

*Human Serv.,* 73 F.3d 895, 906 (9th Cir. 1995). The Court is further allowed to rely on its own knowledge and familiarity with the legal market in setting a reasonable hourly rate. *Ingram v. Oroudjiam,* 647 F.3d 955, 928 (9th Cir. 2011).

The Plaintiffs request that the Court approve a lodestar amount of $1,289,701.30. The Plaintiffs were represented by four separate law firms:

- Schroeter Goldmark & Bender ("SGB"), claiming: $1,033,941.20 + 13,980 (post-trial motions) = 1,047,921.20,
- The Law Offices of R. Andrew Free, claiming $147, 012.50,
- Menter Immigration Law PLLC, claiming $33,355.00, and
- Open Sky Law, PLLC, claiming $61,412.60.

The Plaintiffs' individual attorneys and their hourly rates are:

<u>SGB Lawyers</u>:

Adam Berger, who is a partner at SGB and served as trial counsel for the Plaintiffs, requests $550 per hour. Dkt. 538. Mr. Berger has practiced law for over 30 years. *Id.*

Jamal Whitehead, who is also a partner at SGB and served as trial counsel for the Plaintiffs requests $500 per hour. Dkt. 538. He has 14 years of experience. *Id.*

Lindsay Halm, a shareholder at SGB, who has around 16 years of experience, requests $500 per hour. Dkt. 538.

Rebecca J. Roe, a shareholder at SGB with over 40 years of experience, requests $625 per hour. Dkt. 538.

Carson Phillips-Spotts, an associate with SGB and with under five years of experience requests $325 per hour. Dkt. 538.

Page Ulrey, who was working as an attorney at SGB during portions of this case, with over 20 years of experience, requests $400 per hour. Dkt. 538.

Kelli Carson, who was who was working as an attorney at SGB during portions of this case, with six years of experience, requests $300 per hour. Dkt. 538.

SGB paralegals Sheila Cronan, Virginia Mendoza, Mary Dardeau who each request $170 per hour. Dkt. 538.

The Law Offices of R. Andrew Free:

R. Andrew Free is a Nashville, TN based lawyer with 10 years of experience. Dkt. 539. He requests $475 per hour. *Id.*

Menter Immigration Law PLLC:

Meena Menter of Menter Immigration Law PLLC has practiced for 20 years. Dkt. 540. She requests $350.00 per hour. *Id.*

Open Sky Law, PPLC:

Devin Theriot-Orr has almost 20 years of experience and requests $450.00 per hour. Dkt. 541.

These rates are reasonable for the community and should be used to calculate fees. *See e.g.* Dkt. 542 (attorney rates in the Western District of Washington ("WAWD") range from $625 to $275, depending on experience and $170 per hour for paralegals); Dkt. 543 (hourly rates in WAWD range from $650 to $290 for lawyers, depending on experience); Dkt. 544 (attorney rates in WAWD range from $550 to $275, depending on experience, and $175 per hour for paralegals). GEO maintains that the claimed rates for the attorneys and paralegals are too high, particularly considering the variation among those with similar experience. Dkt. 551. The variation in rate is to be expected. Some lawyers and paralegals choose to charge less than those

with similar experience. The rates claimed by the Plaintiffs' lawyers are within the range of what is reasonable in the Western District of Washington at Tacoma. This opinion will now turn to the number of hours billed by the lawyers.

In the Ninth Circuit, "[t]he number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). A district court should exclude hours that are "excessive, redundant, or otherwise unnecessary." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013)(*citing McCown v. City of Fontana,* 565 F.3d 1097, 1102 (9th Cir.2008)).

The hours claimed by the Plaintiffs' lawyers are reasonable. In light of the circumstances here, "the time could reasonably have been billed to a private client." *Moreno,* at 1111. GEO complains that it was unreasonable for the Plaintiffs' lawyers to bill for time for strategy conferences with the State of Washington's lawyers. Dkt. 551. Plaintiffs properly point out that the case was tried jointly with the State and that coordination was critical. Plaintiffs' applied a 20% reduction in hours for conferences with the State. Plaintiffs' claims for the hours spent in conferences with the State are reasonable. GEO's assertion that Plaintiffs' counsel "block billed" (Dkt. 551) is unwarranted. The Plaintiffs' counsel adequately explained how they spent their time. GEO argues that the Plaintiffs' lawyers are not entitled to recover attorneys' fees and costs for the two focus groups the Plaintiffs used, arguing that they were excessive. Dkt. 551. The Plaintiffs seek attorneys' fees and costs for only one of the groups. Plaintiffs' claim for attorneys' fees for the focus group is reasonable (costs will be addressed below). *See e.g. United Steelworkers of Am. V. Phelps Dodge Corp.,* 896 F2d. 403, 407(9th Cir. 1990)(allowing hours to be claimed for time spent on moot court and jury consultation). GEO contends that Plaintiffs are

not entitled to any fees or costs expended on the mistrial. Dkt. 551 (*citing Goldstine v. FedEx Freight Inc.,* Western Dist. Wash. case number 18-1164 MJP, 2021 WL 952325 (W.D. Wash. March 12, 2021). In *Goldstine,* the court *sua sponte* declared a mistrial noting that both sides were responsible for the unreadiness of the case for trial. That is not the case here. Neither side caused the mistrial. It was necessary for all counsel to continue, seamlessly, with the litigation. The preparation for, and conducting, the first trial cannot reasonably be separated out from the whole litigation effort that finally led to the resulting jury verdict. Plaintiffs should be awarded the time their lawyers spent on the first trial. Overall, the hours claimed are not "excessive, redundant, or otherwise unnecessary." *Gonzalez,* at 1203.

Based on a review of the time records submitted, the lodestar amount of $1,289,701.30 is a reasonable lodestar amount for attorneys' fees in this case. The Plaintiffs argue that a 1.5 multiplier should be applied to their claim for attorneys' fees.

**C. MULTIPLIER**

After making the lodestar computation, the court must assess whether it is necessary to adjust the presumptively reasonable lodestar figure on the factors announced in *Kerr*. *Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006). "Only in rare circumstances should a court adjust the lodestar figure, as this figure is the presumptively accurate measure of reasonable fees." *Id*. Likewise, in Washington, an adjustment to the lodestar amount is "considered under two broad categories: the contingent nature of success and the quality of the work performed." *Bowers v. Transamerica Title Ins. Co*., 100 Wash.2d 581, 598 (1983). These categories are considered in the *Kerr* factors and the *Kerr* analysis applies to the *Bowers* considerations. Each of the *Kerr* factors (along with *Bowers* considerations) will be addressed below.

1. The Time and Labor Required. The Court has commented on the time and labor required in determining reasonable hours. The time required was extraordinary. No further analysis is warranted.

2. Novelty and Difficulty of Questions. Many of the issues in this case were somewhat novel, complex and difficult; some involved a straightforward application of the MWA. Plaintiffs prevailed on most of the critical issues, and the ultimate issue decision marked the first time such an issue was decided in a plaintiff's favor. This factor favors an addition to the lodestar amount.

3. Requisite Skill, Quality of Work (*Bowers Consideration)*, and Preclusion of Other Employment. This case required skill to perform the legal services properly. The quality of representation was good. The requisite skill and quality of representation are reflected in the hourly rates charged, which, although reasonable in the community, are on the high end. The case precluded other employment by these attorneys more than other cases would, due to the length of the litigation. These factors favor an addition to the lodestar amount.

4. Customary Fee, Whether the Fee is Fixed or Contingent (both a *Kerr* and *Bowers* consideration), and Time Limits. The customary fee in wage cases is basically the lodestar amount. Enhancements are not customary. This was a contingent fee case, and was a substantial risk to counsel. There is no evidence that any unusual time limits were placed on counsel, either by the client or by the circumstances except regarding the mistrial and retrial. These factors favor an addition to the lodestar amount.

5. Amount Involved and Results Obtained. The substantial amount involved and the excellent results obtained warrant an adjustment in the lodestar amount. The verdict was a total victory for Plaintiffs after long (from 2017) and torturous litigation.

6. Experience, Reputation and Ability of Attorneys, Undesirability of Case and Relationship with Clients. The consideration of the experience, reputation, and ability of these attorneys is addressed above in the lodestar and no further consideration is required. The undesirability and risks of the case provides a basis to increase fees here. The nature and length of the professional relationship with the clients do not favor an enhancement or reduction of the lodestar.

7. Awards in Similar Cases. Other cases support an enhancement from the lodestar calculation. *Bowers,* at 598*; Hill v. Garda CL NW., Inc.,* 394 p.3d 390, 412 (Wash. Ct. App. 2017); *Kingston v. Int'l Bus. Machines Corp*., C19-1488 MJP, 2021 WL 2662219, at *5 (W.D. Wash. June 29, 2021).

8. Conclusion on the Multiplier. The Plaintiffs' motion for a 1.5 multiplier to be applied to their motion for attorneys' fees should be granted, in part. The Plaintiffs should be awarded a multiplier of 10% over the lodestar amount; that is, an additional $128,970.13.

**D. PLAINTIFFS' MOTION FOR NON-TAXABLE COSTS**

As stated above, the MWA permits recovery of non-taxable costs (expenses of litigation) "as may be allowed by the court." RCW 49.46.090(1). Plaintiffs have also filed a motion with the Clerk of the Court for taxable costs. Dkt. 535. In the instant motion, the Plaintiffs claim non-taxable costs in the amount of $183,916.67. Dkts. 537 and 555. (In their reply, the Plaintiffs claim costs in the amount of $3,433.15 for expenses that were left out of their original request inadvertently. Dkt. 555).

The MWA is a remedial statute and so it is construed "liberally to a achieve the legislature's broad public policy objectives." *McConnell v. Mothers Work, Inc*., 131 Wn. App. 525, 532 (2006). Accordingly, the MWA allows for "costs for expert witnesses; depositions and

transcripts not used at trial; travel expenses; mediation fees; ordinary office expenses such as postage, phone, fax, copying, and so forth; and parking." *Id.*

The Plaintiffs' motion for an award of non-taxable cost should be granted, in part. Contrary to GEO's assertions, the Plaintiffs' claimed costs are sufficiently documented. GEO argues that the Plaintiffs should not be awarded non-taxable costs for the focus group. Dkt. 551. As stated above, the use of a single focus group is not excessive. The Plaintiffs are entitled to attorneys' costs associated with that focus group. GEO argues that Plaintiffs should not be awarded costs associated with video editing or synching. Dkt. 551. The Plaintiffs have sufficiently established these expenses as necessary to their success at trial. GEO asserts that the Plaintiffs should not be awarded costs associated with the mistrial and that Plaintiffs' claim for $6,067.23 for Zoom costs for the first trial should also be denied. *Id.* The Plaintiffs are entitled to recover most of the costs associated with the first trial. The first unsuccessful trial was a necessary part of the litigation required here. However, they are not entitled to the Zoom costs that they claim. A review of the cost bill indicates that these expenses are for a laptop, stands, microphone, webcam, lights, cables, etc. These are expenses that are presumedly being used extensively for other cases and are not unique to this case. The Plaintiffs' claimed costs of $183,916.67 should be reduced by $6,067.23. Accordingly, the Plaintiffs should be awarded $177,849.44 in non-taxable costs, which includes Plaintiffs' expenses. Taxable costs will be determined by the Clerk of the Court.

## ORDER

It is **ORDERED** that:

(1) The Plaintiffs' Motion for Attorneys' Fees (Dkt. 537) **IS GRANTED, IN PART, AND DENIED, IN PART**:

- The Plaintiffs are awarded **$1,418, 671.43** in attorneys' fees; and

(2) The Plaintiff's Motion for Costs (Dkt. 573) **IS GRANTED, IN PART, AND DENIED, IN PART:**

- The Plaintiffs are awarded **$177,849.44** in non-taxable costs.

The Clerk is directed to enter a supplemental judgment for these amounts.

The Clerk is further directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 14th day of December, 2021.

ROBERT J. BRYAN
United States District Judge